No. 25-5592

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JEFFREY RYAN FENTON,

Plaintiff-Appellant,

v.

VIRGINIA LEE STORY, individually; KATHRYN LYNN YARBROUGH, individually; MARY ELIZABETH MANEY AUSBROOKS, individually; ALEXANDER SERGEY KOVAL, individually; THOMAS E. ANDERSON, individually; ROY PATRICK MARLIN, individually; SAMUEL FORREST ANDERSON, individually; MICHAEL WEIMAR BINKLEY, individually and in their official capacities; ELAINE BEATY BEELER, individually and in their official capacities; HENRY EDWAERD HILDEBRAND, III, individually and in their official capacities; CHARLES M. WALKER, individually and in their official capacities; JAMES MICHAEL HIVNER, individually and in their official capacities; JOHN BRANDON COKE, individually and in their official capacities; SANDRA JANE LEACH GARRETT, individually and in their official capacities; FRANK GOAD CLEMENT JR., individually and in their official capacities; ANDY DWANE BENNETT, in their official capacities; WILLIAM NEAL MCBRAYER, in their official capacities; STORY AND ABERNATHY, PLLP; ROTHSCHILD & AUSBROOKS, PLLC; BANKERS TITLE & ESCROW CORPORATION; HOSTETTLER, NEUHOFF & DAVIS, LLC; MCARTHUR SANDERS REAL ESTATE, INC.; SPRAGINS, BARNETT & COBB, PLC; RUBIN LUBLIN TN, PLLC; BANK OF AMERICA, N.A.; CADENCE BANK; STATE OF TENNESSEE; COUNTY OF WILLIAMSON TENNESSEE; WILLIAMSON COUNTY SHERIFF'S OFFICE; CHANCERY COURT FOR WILLIAMSON COUNTY

61233080.2

TENNESSEE; TENNESSEE COURT OF APPEALS MIDDLE DIVISION; SUPREME COURT OF THE STATE OF TENNESSEE; BOARD OF PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE; TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS,

Defendants-Appellees.

---

On Appeal from the United States District Court
for the Middle District of Tennessee
Case No. 3:24-cv-01282, Hon. Patricia A. Gaughan

---

# MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION BY DEFENDANTS-APPELLEES ROY PATRICK MARLIN AND MCARTHUR SANDERS REAL ESTATE, INC.

Defendants-Appellees Roy Patrick Marlin and McArthur Sanders Real Estate, Inc., by and through their undersigned counsel, and pursuant to Rule 27 of the Federal Rules of Appellate Procedure and United States Court of Appeals for the Sixth Circuit Rule 27(d), file with the Court their Motion to Dismiss Appeal for Lack of Jurisdiction as follows:

1. This appeal stems from a civil action brought by *pro se* Plaintiff-Appellant Jeffrey Fenton, who named 34 Defendants, including lawyers, law firms, judges, the State of Tennessee, state agencies and courts, and financial institutions, all arising from a divorce proceeding initiated in 2019 by his ex-

61233080.2

wife in Tennessee and a related bankruptcy proceeding. (R.E. 66, "Amended Complaint for Tortious Conduct & Injunctive Relief").

2.  The United States District Court for the Middle District of Tennessee issued a Memorandum of Opinion and Order on March 26, 2025 dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) and certifying that "an appeal of this decision could not be taken in good faith." (R.E. 236).

3.  Plaintiff subsequently filed an "Objection" to the district court's Memorandum of Opinion and Order and a Rule 59 motion to alter judgment or for a new trial, which was denied via Order issued on May 19, 2025. (R.E. 238, 245). Again, the district court certified, pursuant to 28 U.S.C. § 1915(a)(3), "that an appeal from this decision could not be taken in good faith." (*Id.*).

4.  Pursuant to 4(a)(1)(A) of the Federal Rules of Appellate Procedure, "the notice of appeal required…must be <u>*filed*</u> with the district court within 30 days after entry of the judgment or order appealed from." [emphasis added]. Plaintiff-Appellant thus had thirty (30) days from May 19, 2025 to file a notice of appeal with the district court. Thus, Plaintiff-Appellant's notice of appeal was required to be filed by June 18, 2025.

5.  Plaintiff-Appellant did not file a notice of appeal with the district court by June 18, 2025. As indicated on the Certificate of Service of Plaintiff-

61233080.2

Appellant's Notice of Appeal, Plaintiff-Appellant stated that he "sent" (or deposited) the notice of appeal to the district court via mail on June 17, 2025. (R.E. 246).

6. The clerk of the district court received Plaintiff-Appellant's notice of appeal on June 20, 2025 – two days after the June 18, 2025 deadline. (R.E. 246). The notice of appeal was thus filed on June 20, 2025.

7. Plaintiff-Appellant's appeal was untimely. Per Fed. R. App. P. 4(a)(1)(A) and 28 U.S.C. § 2107(a), a notice of appeal must be ***filed*** within 30 days after the judgment or order appealed from is entered.

8. Sixth Circuit case law is clear that "[e]xcept for appeals filed by pro se prisoners, a notice of appeal is not considered filed until it is received by the clerk, not when it is deposited in the mail." *VanHooser v. Grundy County, TN*, at *1, 2024 WL 5165064 (6th Cir. Aug. 19, 2024) (Order) (**Exhibit A**) (internal citation omitted). Plaintiff-Appellant is not a prisoner and thus any exception for pro se prisoners is inapplicable.

9. In *Kahler-Ellis Co. v. Ohio Tpk. Comm'n*, 225 F.2d 922, 922 (6th Cir. 1955), this Court dismissed an appeal for lack of jurisdiction because the notice of appeal was untimely where the notice of appeal was due on July 2, 2025, but the notice, although placed in the mail timely, was not received until July 5, 2025. As this Court explained: "Here, only the act of depositing the

notice in the mails occurred within thirty days. This is not a filing; only when the clerk acquires custody has it been filed." *Id*. at 922.

10. In this case, the district court did not acquire custody of Plaintiff-Appellant's notice of appeal until June 20, 2025 – two days after the June 18, 2025 deadline. His act of depositing the notice in the mail on June 17, 2025 did not constitute a filing. *VanHooser*, *supra*; *Kahler-Ellis*, *supra*. And there was no impediment to Plaintiff-Appellant placing his notice of appeal in the mail with sufficient time for it to be timely received and filed by the court by June 18, 2025.[1]

11. Since the notice of appeal is jurisdictional, this Court must grant Defendants' motion to dismiss the appeal. *VanHooser*, *supra*; *Kahler-Ellis*, *supra*, at 922, citing *Marten v. Hess*, 176 F.2d 834 (1949); *Bowles v. Russell*, 551 U.S. 205, 215 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

WHEREFORE, Defendants-Appellees respectfully request that this Court grant the instant Motion and that Plaintiff's appeal be dismissed for lack of jurisdiction due to the untimely filing of the notice of appeal. Defendants

---

[1] The only known date that there was no U.S. Mail Delivery in June 2025 was on June 19, 2025 – which was *after* Plaintiff-Appellant's notice of appeal was due and thus had no impact on the timely filing of his notice.

61233080.2

further request any other relief in their favor this Court deems proper in law and equity.

                                                     Respectfully submitted,

                                                     PLUNKETT COONEY

                                                   By:     */s/Hilary A. Ballentine*
                                                              HILARY A. BALLENTINE (P69979)
                                                              Attorney for Defendant L'Anse Creuse Public Schools
                                                              38505 Woodward Avenue, Suite100
                                                              Bloomfield Hills, MI 48304
                                                              (313) 983-4419

Date: September 9, 2025                      hballentine@plunkettcooney.com

**MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION BY DEFENDANTS APPELLEES ROY PATRICK MARLIN AND MCARTHUR SANDERS REAL ESTATE, INC.**

# EXHIBIT A

2024 WL 5165064
Only the Westlaw citation is currently available.
United States Court of Appeals, Sixth Circuit.

Tara VANHOOSER, Plaintiff-Appellant,
v.
GRUNDY COUNTY, TN, Defendant,
and
Clint Shrum, individually and in his official capacity as Sheriff of Grundy County, TN, et al., Defendants-Appellees.

No. 24-5567
|
FILED August 19, 2024

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

**Attorneys and Law Firms**

Tara VanHooser, Altamont, TN, Pro Se.

Ben Thomas Hickey, Jr., Spicer Rudstrom, Chattanooga, TN, for Defendants-Appellees.

Before: GRIFFIN, LARSEN, and NALBANDIAN, Circuit Judges.

ORDER

*1 This matter is before the court upon a motion to dismiss by the appellees.

Generally, in a civil case where the United States, a United States agency, or a United States officer or employee is not a party, a notice of appeal must be filed within 30 days after the judgment or order appealed from is entered. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

The district court entered its judgment denying Tara VanHooser's civil action on April 24, 2024. Absent any authorized extension of time, a notice of appeal from the judgment was due to be filed on or before May 24, 2024. See 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), 26(a). Except for appeals filed by pro se prisoners, see Houston v. Lack, 487 U.S. 266, 276 (1988), a notice of appeal is not considered filed until it is received by the clerk, not when it is deposited in the mail. Pryor v. Marshall, 711 F.2d 63, 65 (6th Cir. 1983); Kahler-Ellis Co. v. Ohio Tpk. Comm'n, 225 F.2d 922, 922 (6th Cir. 1955); see also Berry v. Specialized Loan Servicing, LLC, 2020 WL 9171223, at *1 (6th Cir. Dec. 1, 2020) (order) ("Depositing the notice in the mail, even with a reasonable expectation of timely delivery, is not the same as filing it."). Although VanHooser mailed her notice of appeal on May 24, 2024 (the filing deadline), that notice was not received—and thus not filed—until June 14, 2024. (R. 57, PageID 436; R. 57-1, PageID 437.) On June 7, 2024, she mailed a motion for extension of time to file her notice of appeal, which was received and filed on June 10, 2024. (R. 55, PageID 399; R. 55-1, PageID 434.)

The district court concluded that VanHooser was not eligible for an extension because she failed to demonstrate excusable neglect or good cause. (R. 61, Order, PageID 466–69.) See 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5)(A). Even with no delays in delivery, her notice of appeal was scheduled to arrive after the deadline, and she failed to demonstrate that circumstances beyond her control prevented timely filing. (R. 61, PageID 467–69.) Accordingly, the district court denied her motion for an extension. (Id. at PageID 469.) In light of the district court's denial, the appellees move to dismiss the appeal for lack of jurisdiction. (Dkt. 8.) VanHooser responds, reasserting that she mailed her notice of appeal on the filing deadline. (Dkt. 9 at 5.)

VanHooser's failure to file a timely notice of appeal deprives this court of jurisdiction. Compliance with the statutory deadline in § 2107(a) is a jurisdictional prerequisite that this court may not waive. Bowles v. Russell, 551 U.S. 205, 214 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); see also Hamer v. Neighborhood Hous. Servs. of Chi., 583 U.S. 17, 19–20 (2017) (explaining that "[i]f a time prescription governing the transfer of adjudicatory authority from one Article III court to another appears in a statute, the limitation is jurisdictional").

We therefore **GRANT** the motion to dismiss and **DISMISS** the appeal.

**All Citations**

Not Reported in Fed. Rptr., 2024 WL 5165064

Case: 25-5592     Document: 37     Filed: 09/09/2025     Page: 9

**VanHooser v. Grundy County, TN, Not Reported in Fed. Rptr. (2024)**
2024 WL 5165064

---

**End of Document**                                                        © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**VanHooser v. Grundy County, TN, Not Reported in Fed. Rptr. (2024)**
2024 WL 5165064

Case: 25-5592     Document: 37     Filed: 09/09/2025     Page: 9

**WESTLAW**  © 2025 Thomson Reuters. No claim to original U.S. Government Works.     2

## CERTIFICATE OF SERVICE

    HILARY A. BALLENTINE, attorney with the law firm of Plunkett Cooney, hereby certifies that on the 9TH day of September, 2025, she caused a copy of this document to be served upon all parties of record, and that such service was made electronically upon each counsel of record so registered with the United States Court of Appeals for the Sixth Circuit and via U.S. Mail to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the U.S. Mail.

                        PLUNKETT COONEY

                        By:    */s/Hilary A. Ballentine*
                                 HILARY A. BALLENTINE (P69979)

61233080.2