RECEIVED
07/27/2026
KELLY L. STEPHENS, Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT[1]

**JEFFREY RYAN FENTON,**

PLAINTIFF-APPELLANT

V.

**CASE NO. 25-5592**

**VIRGINIA LEE STORY ET AL.,**

DEFENDANTS-APPELLEES

## APPELLANT'S COMBINED MOTION FOR RECONSIDERATION AND PANEL REVIEW OF DOCKET ENTRIES 31-1 AND 42-1, THRESHOLD ACCESS REVIEW, STAY AND MODIFICATION OF BRIEFING, AND EXPEDITED CONSIDERATION

Jeffrey Ryan Fenton, proceeding without counsel, moves under Federal Rules of

Appellate Procedure 2, 26(b), 27(b)–(c), and 32(e), and Sixth Circuit Rules 2, 27(g),

and 45(c). This single filing presents two distinct requests: reconsideration and

---

[1] This action was filed in the Western District of Michigan ("MIWD") on October 13, 2023, as No. 1:23-cv-01097, and transferred on October 25, 2024, under MIWD ECF 127 to the Middle District of Tennessee ("TNMD") as No. 3:24-cv-01282. MIWD uses "ECF No." and TNMD uses "Document"; both use "PageID" in their electronic file stamps. These are abbreviated ECF, DOC, and PID. Upon appeal, this case was docketed in the Sixth Circuit ("6th Cir.") as No. 25-5592. Internal citations to this lawsuit begin with the court—MIWD, TNMD, or 6th Cir.—omit the case name and number, and then identify the starting ECF or DOC number followed by the full PID range (may span multiple ECFs). Because the 6th Cir. does not use PageID in its file stamps, citations use "6th Cir. Doc." followed by the docket-entry number and standard page abbreviations where applicable. The Notice of Electronic Filing for the transfer to Tennessee is recorded in TNMD DOC 131, at which point the ECF/DOC sequence continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

judicial review of the clerk's order at 6th Cir. Doc. 31-1[2], and reconsideration and panel review of the single-judge order at 6th Cir. Doc. 42-1[3]. It also seeks clarification concerning the remaining unresolved requests in 6th Cir. Doc. 46[4] and the scope and effect of 6th Cir. Doc. 47[5], together with a finite briefing structure that will permit a claim-, defendant-, and ground-specific opening brief.

This combined motion is filed by the July 27, 2026, due date identified in 6th Cir. Doc. 47. The substantive requests concerning 6th Cir. Docs. 31-1 and 42-1 are presented under the reconsideration and review procedures identified below, and Appellant asks the Court to construe the filing according to its substance.

## RELIEF REQUESTED

Appellant asks the Court to:

1. Treat this filing as one combined request while separately analyzing 6th Cir. Doc. 31-1 as a clerk's order and 6th Cir. Doc. 42-1 as a single-judge order;

2. Construe each request according to its substance under the procedural vehicle the Court determines applies, and grant leave for delayed review to the extent leave is required;

---

[2] https://rico.fentonvstory.com/25-5592/doc/31-1.pdf
[3] https://rico.fentonvstory.com/25-5592/doc/42-1.pdf
[4] https://rico.fentonvstory.com/25-5592/doc/46.pdf
[5] https://rico.fentonvstory.com/25-5592/doc/47.pdf

3. Review the treatment of 6th Cir. Doc. 24[6] reflected in 6th Cir. Doc. 31-1; reconsider, vacate, or modify the continuing filing and access restrictions or denials, with judicial review and, wherever permitted by the Court's rules, panel review;

4. Reconsider 6th Cir. Doc. 42-1, submit it for panel review, and vacate or modify its no-good-faith determination, or clarify that the determination neither decides nor narrows the merits of the appeal;

5. Clarify which material requests in 6th Cir. Doc. 46 remain unresolved and address this combined filing as seeking review of both 6th Cir. Docs. 31-1 and 42-1;

6. Clarify whether all digital-media, audio, video, sealed, redacted, paper-only, and other nonstandard exhibits filed in MIWD and TNMD have been transmitted and are available to this Court; direct transmission of any omitted record materials necessary for appellate review; and provide instructions concerning any designation or supplementation required;

7. Authorize one opening brief of up to 34,000 words;

8. Appellant emphasizes that 34,000 words is not a substitute for threshold review or meaningful narrowing. Even at that length, briefing the full undifferentiated judgment across a record approaching 8,000 pages, while managing

---

[6] https://rico.fentonvstory.com/25-5592/doc/24.pdf

his documented cognitive and communication limitations, would remain extraordinarily difficult and would improperly shift unresolved trial-court functions into a single appellate brief.

9.      Stay the August 17, 2026, opening-brief deadline[7] until a three-judge panel reviews Appellant's documented access barriers[8] and the unresolved threshold[9] matters that determine whether meaningful merits briefing is possible, including electronic and remote access[10], disability-related structure[11], service[12] and nonappearance[13] disputes, truth-certification and record-integrity requests[14], and the scope of the issues requiring briefing[15]; and thereafter provide at least 30 days to prepare the opening brief under the structure authorized by the panel;

---

[7]  https://rico.fentonvstory.com/25-5592/doc/49.pdf

[8]  https://rico.fentonvstory.com/25-5592/doc/24.pdf

[9]  https://rico.fentonvstory.com/25-5592/doc/46.pdf

[10]  https://rico.fentonvstory.com/1-23-cv-01097/ecf/5.pdf
      https://rico.fentonvstory.com/3-24-cv-01282/197.htm

[11]  https://rico.fentonvstory.com/1-23-cv-01097/ecf/32.pdf

[12]  https://rico.fentonvstory.com/3-24-cv-01282/177.htm
      https://rico.fentonvstory.com/3-24-cv-01282/224.htm

[13]  https://rico.fentonvstory.com/3-24-cv-01282/221.htm
      https://rico.fentonvstory.com/3-24-cv-01282/223.htm

[14]  https://rico.fentonvstory.com/1-23-cv-01097/99.htm
      https://rico.fentonvstory.com/1-23-cv-01097/100.htm
      https://rico.fentonvstory.com/1-23-cv-01097/101.htm

[15]  https://rico.fentonvstory.com/3-24-cv-01282/doc/236.pdf

10.    Decide this motion on an expedited, not emergency, basis.

If the Court declines the primary word request, Appellant asks, in descending order, for: (a) two coordinated principal-brief parts totaling no more than 34,000 words; (b) a 25,000-word opening brief plus an expressly authorized supplemental brief of up to 9,000 words; (c) no less than 20,000 words together with sufficient expressly authorized staged or supplemental treatment to prevent omission solely for lack of space; or (d) another administratively preferable structure providing substantially equivalent capacity.

Appellant expressly represents that the ordinary 13,000-word limit is drastically insufficient and would likely require material omission or narrowing of issues not eliminated by any appellate order identified to date, unless the Court authorizes staged briefing, grouped, issue-based briefing, or a substantially similar briefing accommodation.

Appellant requests an immediate temporary stay of the August 17, 2026 briefing deadline pending disposition of this motion, followed by the broader stay or modified briefing schedule requested herein. Filing this motion alone does not suspend the deadline; absent an order, the deadline remains in effect. Because meaningful compliance is no longer realistically possible without court-authorized

https://rico.fentonvstory.com/3-24-cv-01282/doc/237.pdf
https://rico.fentonvstory.com/3-24-cv-01282/doc/245.pdf

narrowing, staging, or additional time, Appellant respectfully requests prompt action.

## TIME-SENSITIVE PROCEDURAL BACKGROUND

6th Cir. Doc. 31-1, filed August 4, 2025, denied without prejudice a ninety-day abeyance; denied direct CM/ECF filing privileges while identifying the designated pro se email and paper alternatives; denied public-access relief without prejudice; and referred requests for substantive relief to the ultimate merits panel. 6th Cir. Doc. 31-1, pp. 1–2. The order is signed by the Clerk and states that it was entered under Sixth Circuit Rule 45(a). 6th Cir. Doc. 31-1, p. 2. Appellant therefore treats it as a clerk's order, not a panel or judicial decision.

Appellant further preserves that 6th Cir. Doc. 24 was not limited to an abeyance request; it also provided notice of substantial documented misconduct recurring across every court involved to date, debilitating access barriers, caption and record concerns, and the need for threshold review before merits briefing. It is therefore critical that Appellant receive meaningful threshold relief before merits briefing—the precise reason he filed 6th Cir. Doc. 24 on the same day he notified the Court of his appeal.

6th Cir. Doc. 42-1, filed April 2, 2026, identifies one circuit judge and denies leave to proceed in forma pauperis after stating that the record presented no good-faith ground for an appeal. 6th Cir. Doc. 42-1, pp. 1–2. It is a single-judge order.

Appellant paid the $605 appellate fee; 6th Cir. Doc. 43[16] is the receipt, and 6th Cir. Doc. 44 records the fee status as paid. Appellant does not request another IFP determination or repayment of the fee.

In 6th Cir. Doc. 46, Appellant sought, among other relief, delayed reconsideration of 6th Cir. Docs. 31-1 and 42-1, panel review, access and caption relief, staged or issue-focused briefing, enlargement of the ordinary limit, and additional preparation time. 6th Cir. Doc. 46, pp. 1–4, 6, 15–16. 6th Cir. Doc. 47 advised that "the court" granted an extension through July 27, 2026, to file a petition for rehearing. 6th Cir. Doc. 47, p. 1. 6th Cir. Doc. 48-1[17] made specified caption changes. 6th Cir. Doc. 48-1, p. 1. 6th Cir. Doc. 49[18] reset the opening-brief deadline to August 17, 2026, retained the ordinary 30-page or 13,000-word limit, and set the response brief for September 16, 2026. 6th Cir. Doc. 49, pp. 1–2.

On July 22, 2026, Clerk's Office staff advised Appellant by telephone, in substance, that 6th Cir. Docs. 31-1 and 42-1 could be addressed in one combined filing and that, because Appellant is pro se, the Court would consider the filing's substance rather than reject it solely for an incorrect procedural label or citation. Fenton Decl. ¶¶ 24–26. Appellant reports that guidance only as a procedural

---

[16] https://rico.fentonvstory.com/25-5592/doc/43.pdf

[17] https://rico.fentonvstory.com/25-5592/doc/48-1.pdf

[18] https://rico.fentonvstory.com/25-5592/doc/49.pdf

communication and does not characterize it as an order, merits ruling, binding extension, or legal authority.

The authenticated appellate docket current through 6th Cir. Doc. 49 contains no identified order narrowing the claims, defendants, grounds, or issues to be addressed in the opening brief. The existing opening-brief deadline remains August 17, 2026, unless changed by court order. Fenton Decl. ¶¶ 11, 16.

## REVIEW OF THE CLERK'S ORDER AT 6TH CIR. DOC. 31-1

The public-access ruling directed Appellant back to the district court without acknowledging his extensive prior efforts in both district courts, the unresolved two-court history presented in 6th Cir. Doc. 24, or the additional burden he had expressly identified from repeatedly reconstructing matters already documented. Fenton Decl. ¶ 7.

The order also stated that grounds for an abeyance had not been shown, without identifying or addressing the extensive sworn factual showing, supporting citations, documented misconduct examples, access barriers, and specific pre-briefing purposes presented throughout 6th Cir. Doc. 24.

FRAP 27(b) permits a party adversely affected by procedural action of the Court or Clerk to move to reconsider, vacate, or modify that action. Sixth Circuit Rule 45(c) provides that a party adversely affected by a clerk's order may move for reconsideration by a judge or judges and that "[t]he motion must be filed within 14

days of service of notice of entry of the order." Sixth Circuit Rule 27(g) likewise permits reconsideration of action by the Clerk and panel review of that action.

Appellant acknowledges that the fourteen-day period prescribed by Rule 45(c) expired before he sought review. The delay did not result from abandonment, disregard of the Court, or a tactical decision to withhold an objection. From the beginning of this litigation and appeal, Appellant repeatedly informed the courts that fourteen-day[19] response periods are not meaningfully accessible for objections and other substantial filings because his documented disability-related limitations make legal research, organization, task-switching, drafting, revision, and completion exceptionally slow. He expressly told this Court that fourteen days may be consumed merely determining what must be filed before meaningful research and drafting can begin. 6th Cir. Doc. 46, p. 3 ¶ 11, p. 73 ¶¶ 8–9. Earlier, he requested a minimum thirty-day notice because fourteen days caused panic and did not permit him to learn and respond adequately, and he separately explained that he could not research and understand what he was required to answer within fourteen days. MIWD ECF 16, PID 2261; MIWD ECF 11, PID 2123. His sworn disability declaration[20] and his

---

[19]   https://rico.fentonvstory.com/1-23-cv-01097/ecf/11.pdf → PID 2123
       https://rico.fentonvstory.com/1-23-cv-01097/ecf/15.pdf → PID 2232
       https://rico.fentonvstory.com/1-23-cv-01097/ecf/16.pdf → PID 2261
       https://rico.fentonvstory.com/3-24-cv-01282/doc/222.pdf → PID 1198–1199
[20]   https://rico.fentonvstory.com/1-23-cv-01097/ecf/32.pdf

mother's corroborating declaration[21] further document impaired multitasking, repeated restarting after interruption, fragmented concentration under deadlines, and unusually prolonged legal-writing work. MIWD ECF 32, PID 3297–3299; MIWD ECF 1-2, PID 51–52.

Appellant nevertheless attempted to proceed respectfully and in good faith without reflexively objecting to every statement or docket entry, particularly where he did not understand that a separate request for review was procedurally required. When earlier access and procedural requests were narrowed, deferred, or remained unresolved, he was required to devote additional time and resources to preserving and restating matters already presented. The longer delay also resulted from Appellant's reasonable understanding that the appeal would remain effectively paused while his IFP motion was pending. Based on his communications with the assigned clerk, he understood that briefing would not proceed until the Court resolved that motion. That understanding was reinforced by 6th Cir. Doc. 31-1's statement that "no briefing schedule will issue unless and until" the IFP issue was resolved or the appellate fee was paid, together with its immediate denial or deferral of Appellant's access and substantive requests. Appellant understood those actions to mean that no further meaningful relief or participation was then available in this Court until the IFP motion was decided, and he did not realize that separate review

---

[21] https://rico.fentonvstory.com/1-23-cv-01097/ecf/1-2.pdf

of the clerk's order was available or subject to a fourteen-day deadline. Fenton Decl. ¶ 8.

During that period, he remained fully engaged in pursuing relief: after a brief period away from the litigation following years of continuous work, he resumed extensive legal research, investigated alternative remedies, and devoted substantial time beginning in October 2025 to documenting recurring misconduct and related record concerns. The delay therefore reflected his continued pursuit of relief elsewhere, not abandonment or tactical withholding.

He therefore requests leave, for good cause under FRAP 26(b) and Sixth Circuit Rule 2, to permit delayed review.

The present request is narrower than the ninety-day abeyance originally sought but requires judicial review rather than another fixed extension alone. Appellant asks that a three-judge panel review the documented access barriers and unresolved threshold posture before merits briefing is required. Those matters include access and disability-related structure, unresolved service and nonappearance issues, truth certifications, record integrity, and the scope and format of the opening brief. See 6th Cir. Doc. 46, pp. 72–74 ¶¶ 5–12, pp. 81–87 ¶¶ 45–70; Fenton Decl. ¶¶ 2–6, 15–16, 23, 29.

## PANEL REVIEW OF THE SINGLE-JUDGE ORDER
## AT 6TH CIR. DOC. 42-1

This request is analytically separate. FRAP 27(c) provides that a circuit judge may act alone on a motion but may not dismiss or otherwise determine an appeal or other proceeding, and that the Court may review a single judge's action. Sixth Circuit Rule 27(g) permits reconsideration and panel review of a single judge's action; the reviewing panel may not include the judge whose action is under review.

The practical fee condition in 6th Cir. Doc. 42-1 has been satisfied, but the order also states a no-good-faith determination after a summary account of the district court's grounds. 6th Cir. Doc. 42-1, pp. 1–2. The appealed judgment is materially broader than that summary: it relied on several alternative grounds and granted ten enumerated defense motions to the extent they sought dismissal under Rule 12(b)(6). TNMD DOC 236, PID 1491–1503. Appellant seeks panel review so that the single-judge screening determination does not operate as an unstated merits limitation or continuing access barrier. He asks the panel to vacate or modify the no-good-faith determination or, at minimum, clarify that it did not decide the appeal, eliminate any claim or defendant, or reduce the issues available for briefing. This motion does not ask the Court to decide the merits of the approximately 30 claims or legal theories identified in Appellant's preparation inventory.

Before the district court certified that an appeal could not be taken in good faith, and before 6th Cir. Doc. 42-1 stated that the record presented no good-faith

ground for appeal, Appellant had already filed sworn, citation-supported objections identifying specific allegedly false or materially misleading factual premises and explaining the federal bankruptcy, property, notice, hearing, fraud-on-the-court, and record-integrity issues omitted from the courts' framing. Appellant later expressly cited the principle that knowingly making materially false or fraudulent representations is inconsistent with good faith. Those factual corrections were not identified or resolved before either adverse good-faith conclusion, and the later-filed good-faith argument was not identified or resolved before 6th Cir. Doc. 42-1. See TNMD DOC 238[22], PID 1509–1550; 6th Cir. Doc. 24, pp. 15–18.

Sixth Circuit Rule 27(g), rather than FRAP 40, directly addresses reconsideration and panel review of a nonjudgment action by a single judge. FRAP 40 concerns rehearing of a panel decision and does not supply the substantive vehicle requested here. If the Court determines another label or vehicle applies, Appellant asks for substance-based treatment under that vehicle.

**CLARIFICATION CONCERNING 6TH CIR. DOCS. 46 AND 47**

6th Cir. Docs. 48-1 and 49 resolved parts of 6th Cir. Doc. 46 by changing portions of the caption and extending the briefing schedule. 6th Cir. Doc. 48-1, p. 1; 6th Cir. Doc. 49, pp. 1–2. The docket through 6th Cir. Doc. 49 does not identify a

---

[22] https://rico.fentonvstory.com/3-24-cv-01282/238.htm

disposition of the requests for combined review of 6th Cir. Docs. 31-1 and 42-1, clarification and narrowing of the record and issues requiring merits treatment, enlarged or staged briefing, a disposition-tied preparation period, or modified filing- and service-confirmation procedures. 6th Cir. Doc. 47 states only that the time to file a rehearing petition was extended through July 27, 2026. 6th Cir. Doc. 47, p. 1. Appellant does not assert that 6th Cir. Doc. 47 is a separate merits decision.

Appellant asks the Court to clarify that this July 27 filing seeks review of both 6th Cir. Docs. 31-1 and 42-1; to identify which material portions of 6th Cir. Doc. 46 remain unresolved; and to treat each component according to its substance. The Supreme Court has repeatedly instructed that a pro se document is liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Appellant does not invoke that principle to avoid deadlines or substantive requirements, but to support substance-over-label treatment where the filing expressly identifies both orders, their different decisionmakers, the requested relief, and the governing alternatives.

### THE APPEAL'S SCOPE HAS NOT BEEN NARROWED

The district court dismissed a verified amended complaint naming 34 defendants. Its order relied on Rule 12(b)(1), Rule 12(b)(6), Apple v. Glenn, Rooker-Feldman, res judicata, multiple forms of immunity, limitations, and "additional reasons stated by Defendants," and granted ten enumerated motions insofar as they sought Rule 12(b)(6) dismissal. TNMD DOC 236, PID 1491–1503. Before

judgment, Appellant requested that dispositive-motion responses await service and threshold rulings[23]. TNMD DOC 224, PID 1321–1324. His Rule 59 filing disputed that he had fully answered the motions and reproduced his reservation of motion-specific responses. TNMD DOC 238, PID 1513–1516. The dismissal order itself stated that Appellant's opposition briefs "do not specifically respond to or rebut the legal arguments made by the moving Defendants." TNMD DOC 236, PID 1495. That statement corroborates Appellant's preserved position that he had not yet submitted point-by-point responses; it does not establish that those responses had been completed, waived, or adjudicated. The Rule 59 order denied relief in general terms and relied in part on defendants' opposition papers, which were largely generic boilerplate. TNMD DOC 245, PID 1824–1825.

Before dismissal and again under Rule 59, Appellant specifically disputed the court's statements that his complaint was "virtually impossible to parse," that his filings were "convoluted and unclear" or "virtually incomprehensible," that he had responded to the dispositive motions, and that the source of his injury was clearly state-court rulings. He identified the federal bankruptcy petition, lack of notice and

---

[23] https://rico.fentonvstory.com/1-23-cv-01097/ecf/109.pdf
https://rico.fentonvstory.com/3-24-cv-01282/177.htm
https://rico.fentonvstory.com/3-24-cv-01282/197.htm
https://rico.fentonvstory.com/3-24-cv-01282/223.htm
https://rico.fentonvstory.com/3-24-cv-01282/224.htm

hearing, property ownership, fraud-on-the-court allegations, and defendant-specific claims omitted from those descriptions. TNMD DOC 238, PID 1509–1550. He also objected that requiring him to repeatedly reconstruct the case while disputed factual assumptions and adverse characterizations remained uncorrected was fundamentally unfair. The later adverse framing was entered without identifying or resolving those corrections.

Indeed, the dismissal order[24] itself stated that Appellant's opposition briefs "do not specifically respond to or rebut the legal arguments made by the moving Defendants." TNMD DOC 236, PID 1495. That statement confirms the limited and preliminary nature of those filings rather than establishing that Appellant had completed—or forfeited—motion-specific responses. Before dismissal, Appellant had expressly explained that he had not yet responded to the defendants' motions on a point-by-point basis[25], requested resolution of service and threshold matters first, and reserved the right to provide complete motion-specific responses afterward. TNMD DOC 224, PID 1321–1324; TNMD DOC 238, PID 1513–1516. The court therefore dismissed the entire action while simultaneously recognizing that the moving defendants' legal arguments had not yet received specific responses.

---

[24] https://rico.fentonvstory.com/3-24-cv-01282/doc/236.pdf

[25] https://rico.fentonvstory.com/3-24-cv-01282/224.htm
https://rico.fentonvstory.com/3-24-cv-01282/238.htm

The persistence of a false Massachusetts framing[26], first introduced by Magistrate Judge Ray Kent in MIWD ECF 8, is especially troubling because it began with four defendants being assigned the same South Dartmouth address[27] in the original complaint—an address-template remnant, not the residence of any actual Massachusetts defendant—continued after Appellant supplied updated addresses[28] and stated that the corrected summons information should control[29], and was repeated even after the record expressly noted that no summonses were being served in Massachusetts. MIWD ECF 16, PID 2265; MIWD ECF 55, PID 4382–4383. Yet the same obsolete description was carried forward by Maloney[30], Gaughan[31], and ultimately the Sixth Circuit[32] as a lawsuit involving Tennessee and Massachusetts defendants. MIWD ECF 72, PID 5046; TNMD DOC 236, PID 1491; 6th Cir. Doc. 31-1, p. 1. This occurred before any defendant had been compelled to appear and before any evidentiary hearing on the merits.

---

[26] https://rico.fentonvstory.com/1-23-cv-01097/ecf/8.pdf

[27] https://rico.fentonvstory.com/1-23-cv-01097/ecf/1.pdf

[28] https://rico.fentonvstory.com/1-23-cv-01097/ecf/16-1.pdf

[29] https://rico.fentonvstory.com/1-23-cv-01097/ecf/16.pdf

[30] https://rico.fentonvstory.com/1-23-cv-01097/ecf/55.pdf
https://rico.fentonvstory.com/1-23-cv-01097/ecf/72.pdf

[31] https://rico.fentonvstory.com/3-24-cv-01282/doc/236.pdf

[32] https://rico.fentonvstory.com/25-5592/doc/31-1.pdf

Appellant repeatedly told the district court that the allegations were true despite appearing difficult to believe, invited the court to test any doubt at an in-person hearing[33] in Lansing, and offered to demonstrate the merits before asking only for protection and a fair path to litigate the case. MIWD ECF 15, PID 2213–2218; MIWD ECF 16, PID 2262. The repeated use of a known, correctable address defect as a defining description of the action created a prejudicial threshold narrative that discredited the case before its substantive allegations were heard. Whether deliberate or not, the practical effect was to substitute an inherited geographic caricature for the actual federal bankruptcy, property, notice, hearing, fraud-on-the-court, and constitutional claims presented in the record[34].

Appellant's completed preparation inventory estimates approximately 30 claims or legal theories, 34 defendants, and roughly 580 claim-defendant combinations, and currently identifies about 20 express or incorporated dismissal-ground categories, around 80 preservation issues, and roughly 200 record-source instances. Fenton Decl. ¶¶ 17–18. These figures describe Appellant's structured preparation work; they are not new allegations or judicial findings. No identified

---

[33] https://rico.fentonvstory.com/1-23-cv-01097/ecf/15.pdf

[34] https://rico.fentonvstory.com/1-23-cv-01097/1.htm
https://rico.fentonvstory.com/1-23-cv-01097/ecf/25.pdf
https://rico.fentonvstory.com/1-23-cv-01097/66.htm

appellate order through 6th Cir. Doc. 49 has narrowed the scope reflected in that preparation inventory.

The request is not permission to add claims, defendants, facts, or evidence. It seeks adequate capacity to address the existing judgment and the grounds already before the Court.

### THE ORDINARY BRIEFING LIMIT IS INADEQUATE

FRAP 32(a)(7)(B) ordinarily permits a 13,000-word principal brief but FRAP 32(e) permits a case-specific order accepting a document outside the ordinary limit. Appellant recognizes that excess-length briefs are seldom permitted. 6 Cir. I.O.P. 28(a). The record-specific problem is that an opening brief must challenge independently sustaining grounds with developed argument and must do so claim by claim and defendant by defendant where the governing rules differ.

In City of Taylor General Employees Retirement System v. Astec Industries, Inc., 29 F.4th 802, 822–23 (6th Cir. 2022) (official slip op. 14–15), this Court held that an unchallenged alternative and independent dismissal basis stood for purposes of the appeal and that skeletal mention did not develop an argument. Island Creek Coal Co. v. Wilkerson, 910 F.3d 254, 256–57 (6th Cir. 2018) (official slip op. 2–4), treats an issue omitted from the opening brief as forfeited even when a party attempted to preserve it earlier. Appellant cites these decisions only to show the concrete omission risk, not to argue any underlying merits issue.

The completed word-budget analysis indicated that a 13,000-word brief would likely require material abandonment or narrowing and that a 20,000-word brief would likely remain inadequate without expressly authorized staging or supplementation. The finite 34,000-word plan appeared capable of providing explicit full, conditional, protective, or exclusion treatment for every target and the dismissal-ground categories currently identified, without intentional duplication. Fenton Decl. ¶¶ 19–20. The Court may, of course, disregard irrelevant or duplicative matter; the request is for capacity, not license to include it.

## DISABILITY-RELATED NEED FOR MODIFIED BRIEFING STRUCTURE

Appellant has documented cognitive disabilities[35] affecting communication, concentration, organization, sequencing, compression of long written work, task switching, and work under short deadlines. MIWD ECF 32, PID 3297–3299. A corroborating filed declaration describes the practical effects of interruption and multitasking. MIWD ECF 1-2[36], PID 49–53. 6th Cir. Doc. 46[37] again requested one-issue-at-a-time or staged preparation. 6th Cir. Doc. 46, pp. 2–4, 6.

The requested modification is tailored to those functions. Additional but finite words—or expressly authorized coordinated parts—allow one issue to be

---

[35] https://rico.fentonvstory.com/1-23-cv-01097/ecf/32.pdf

[36] https://rico.fentonvstory.com/1-23-cv-01097/ecf/1-2.pdf

[37] https://rico.fentonvstory.com/25-5592/doc/46.pdf

researched, recorded, and completed at a time. A deadline measured from disposition prevents the preparation period from being consumed while the governing structure remains unknown. The modification changes filing mechanics and organization, not the merits or standard of review.

FRAP 2, 26(b), and 32(e) give the Court authority to tailor procedure for good cause. Appellant does not assert that Title II of the ADA or § 504 of the Rehabilitation Act governs the federal judiciary. He requests reasonable disability-related access measures under Judicial Conference policy, this Court's procedural and case-management authority, and the documented functional record. He cites Tennessee v. Lane, 541 U.S. 509, 531–34 (2004), only for the recognized importance of meaningful access to judicial services and reasonable accommodation in administering justice—not as a separate claim in this motion.

## REQUESTED PANEL REVIEW AND BRIEFING RELIEF

Appellant's primary request is not additional time or additional words in isolation. He first requests a three-judge panel review of the unresolved access barriers, record-integrity issues, service and nonappearance disputes, and threshold dismissal grounds that determine whether meaningful merits briefing is possible and what issues actually remain for appeal. That review should include, for purposes of defining the scope of merits briefing, whether the district court's jurisdictional and plausibility conclusions, Rooker-Feldman analysis, res judicata analysis, immunity

rulings, and incorporated defense grounds remain operative in light of Appellant's preserved objections and the federal bankruptcy, notice, hearing, property, and fraud-on-the-court claims presented in the record.

MIWD ECF 59[38] and its corresponding three-minute video[39] were specifically prepared and filed in anticipation of the predictable Rule 12(b)(6) argument that Appellant's pro se complaint failed to state any claim. They presented, clearly and concisely, at least one federal claim: that Appellant held a recorded ownership interest in his home[40], that bankruptcy-related[41] relief was sought and obtained affecting that property[42], and that he was deprived of that interest without notice[43], an adversarial proceeding, or a meaningful opportunity to be heard. MIWD ECF 59, PID 4723–4735. Accepted as true and liberally construed, those allegations present at least one facially plausible federal claim arising under federal constitutional and

---

[38] https://fentonvstory.com/e/fenton-v-story-wilco-rico-video-declaration.pdf

[39] https://fentonvstory.com/e/fenton-v-story-wilco-rico-deed-fraud-intro.mp4
https://www.youtube.com/watch?v=sZJmZqxKmZ8

[40] https://fentonvstory.com/e/2011-04-29_sunnyside-premarital-assets-invested.pdf
https://fentonvstory.com/e/2011-04-29_sunnyside-home-deed-brentwood-tn.pdf
https://fentonvstory.com/e/2011-04-29_sunnyside-home-tenancy-by-entirety.pdf
https://fentonvstory.com/e/sunnyside-property-improvement-highlights.pdf
https://fentonvstory.com/e/sunnyside-property-taxes-brentwood-tn.pdf
https://fentonvstory.com/e/2021-01-26_bk-final-account-distribution-report.pdf

[41] https://fentonvstory.com/e/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf

[42] https://fentonvstory.com/e/2026-06-17_925k-resale-of-fenton-brentwood-home.pdf

[43] https://fentonvstory.com/e/2022-03-15_ustp-bk-fraud-referral-no-notice.pdf

bankruptcy law. The entire action therefore could not properly be characterized as lacking legal plausibility without a claim-specific explanation addressing that theory and the record materials filed specifically to support it.

Appellant further contends that the record presents facially substantial federal issues[44] concerning the sale of his property through bankruptcy-related proceedings[45] without notice or a meaningful opportunity to be heard; false or materially misleading representations[46] affecting that process; fraud on the court[47] by officers of the court; record-integrity defects; and constitutional claims arising from the asserted deprivation of property[48] and court access. Appellant does not ask the Court to decide those merits in this motion. He asks the panel to clarify, for briefing purposes, which threshold grounds remain operative, which claims and defendants require treatment in the opening brief, and whether any grounds have already been sufficiently answered, narrowed, or rendered inapplicable.

Appellant previously requested clarification whether digital-media, audio, video, sealed, redacted, paper-only, and other nonstandard exhibits filed in MIWD and TNMD were transmitted and made available to this Court. 6th Cir. Doc. 46, pp.

---

[44] https://fentonvstory.com/e/2019-04-26_bankruptcy-crimes-rules-laws-violated.pdf

[45] https://fentonvstory.com/e/2024-03-13_irrefutable-proof-criminal-conspiracy.pdf

[46] https://fentonvstory.com/e/2019-04-26_fraudulent-bankruptcy-petition.pdf

[47] https://fentonvstory.com/e/2019-09-27_bk-order-to-sell-real-property.pdf

[48] https://fentonvstory.com/e/2019-10-29_deed-fraud-ada-financial-exploitation.pdf

84–85 ¶¶ 63–64. Because no appellate order has narrowed the claims, defendants, dismissal grounds, or preservation issues, those materials may remain necessary to review the pleaded claims, preserved objections, and grounds supporting dismissal. Appellant therefore requests confirmation that those materials are available to the panel, transmission of any omitted materials, and instructions concerning any designation or supplementation required.

Appellant has already been required to preserve and defend the entire action without any defendant having filed an answer addressing the operative complaint on the merits. The defendants instead proceeded through technical dispositive motions that substantially repeated threshold defenses, while Appellant's requests for truth certification, completion of service, compelled appearances, and staged treatment remained unresolved or were terminated without substantive rulings. Appellant does not ask the panel to prejudge the merits. He asks the panel to clarify, for briefing purposes, which dismissal grounds remain operative, whether any have been sufficiently answered, narrowed, or rendered inapplicable, which claims and defendants require treatment in the opening brief, and whether his preserved objections have narrowed the issues that must be addressed.

Only after that threshold review can the necessary scope of the opening brief be determined. If the Court does not materially narrow the claims, defendants, dismissal grounds, and preservation issues, Appellant requests permission to file one

opening brief of no more than 34,000 words, with all otherwise applicable formatting and citation rules unchanged. The opening-brief deadline should remain stayed until the panel enters an order establishing meaningful access and identifying the issues and structure governing merits briefing, followed by at least 30 days to prepare the authorized brief.

## ALTERNATIVE RELIEF

If one 34,000-word brief is administratively disfavored, Appellant requests two coordinated principal-brief parts with a combined ceiling of 34,000 words and no duplication. If that is denied, he requests a 25,000-word opening brief plus an expressly authorized supplemental brief of up to 9,000 words, with the order specifying scope and timing. If that is denied, he requests no less than 20,000 words plus enough expressly authorized staged or supplemental treatment to prevent space alone from forcing abandonment. Finally, he requests any other structure the Court considers preferable that provides substantially equivalent capacity. No supplement or second part will be filed unless expressly authorized.

## EXPEDITED CONSIDERATION

Good cause exists for expedited consideration of this motion. The opening brief is due August 17, 2026. 6th Cir. Doc. 49, p. 2. Appellant needs the authorized length and format before he can complete the brief; the proposed structures are not

interchangeable near the end of drafting. Uncertainty consumes the limited preparation period, particularly given the documented need for sequential work.

Appellant requests expedited, not emergency, consideration. He does not seek delay for its own sake. He has already performed extensive factual, preservation, target-selection, and ground-mapping work. Fenton Decl. ¶¶ 16–20. The requested 30 days begins when the Court resolves the structure, permitting that work to be converted into one compliant filing.

**CONCLUSION**

Appellant respectfully requests combined but analytically separate review of 6th Cir. Docs. 31-1 and 42-1; clarification concerning 6th Cir. Docs. 46 and 47; confirmation and completion of transmission of the district-court digital-media and other nonstandard record materials; substance-over-label construction; expedited consideration; one opening brief of up to 34,000 words or the descending alternatives stated above; and a stay of the August 17, 2026, opening-brief deadline until a three-judge panel reviews Appellant's documented access barriers and unresolved threshold matters and enters an order establishing an accessible path for merits briefing, followed by an opening-brief deadline at least 30 days after entry of that order.

## CERTIFICATION AND DECLARATION

By signing below, I certify that this motion is submitted in good faith and in the honest pursuit of justice. Consistent with the standards of factual responsibility reflected in Federal Rule of Civil Procedure 11(b), I certify that the factual contentions stated herein have evidentiary support and that this filing is not presented for any improper purpose.

On information and belief, according to Microsoft Word, this motion contains 5,109 words and is within the 5,200-word type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A). This motion was prepared in 14-point Times New Roman, a proportionally spaced serif typeface.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

I expressly reserve all rights, objections, and arguments concerning venue, transfer, jurisdiction, forum access, preservation of claims, and all available remedies.

Executed on July 27, 2026.

**JEFFREY RYAN FENTON**

PRO SE PLAINTIFF-APPELLANT

SIXTH CIRCUIT NO. 25-5592

P.O. BOX 400, LINDEN, MI 48451-0400

NOTICE@FENTONVSTORY.COM

HTTPS://FENTONVSTORY.COM

(P) 615.837.1300

#TNINJUSTICE

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT[1]

<table>
<tr><td>

**JEFFREY RYAN FENTON,**

      PLAINTIFF-APPELLANT

V.

**VIRGINIA LEE STORY** ET AL.,

      DEFENDANTS-APPELLEES

</td><td>

**CASE NO. 25-5592**

</td></tr>
</table>

## DECLARATION OF JEFFREY RYAN FENTON IN SUPPORT OF APPELLANT'S COMBINED MOTION FOR RECONSIDERATION AND PANEL REVIEW, THRESHOLD ACCESS RELIEF, STAY AND MODIFICATION OF BRIEFING, AND EXPEDITED CONSIDERATION

I, Jeffrey Ryan Fenton, declare under penalty of perjury as follows:

1. I am the Plaintiff-Appellant and am proceeding without counsel. I have personal knowledge of the facts stated in this declaration.

---

[1] This action was filed in the Western District of Michigan ("MIWD") on October 13, 2023, as No. 1:23-cv-01097, and transferred on October 25, 2024, under MIWD ECF 127 to the Middle District of Tennessee ("TNMD") as No. 3:24-cv-01282. MIWD uses "ECF No." and TNMD uses "Document"; both use "PageID" in their electronic file stamps. These are abbreviated ECF, DOC, and PID. Upon appeal, this case was docketed in the Sixth Circuit ("6th Cir.") as No. 25-5592. Internal citations to this lawsuit begin with the court—MIWD, TNMD, or 6th Cir.—omit the case name and number, and then identify the starting ECF or DOC number followed by the full PID range (may span multiple ECFs). Because the 6th Cir. does not use PageID in its file stamps, citations use "6th Cir. Doc." followed by the docket-entry number and standard page abbreviations where applicable. The Notice of Electronic Filing for the transfer to Tennessee is recorded in TNMD DOC 131, at which point the ECF/DOC sequence continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

2.      I have repeatedly informed the district courts and this Court that fourteen-day response periods[2] are not meaningfully accessible[3] to me for substantial filings because of my documented disability-related limitations[4], including difficulty with task-switching, organization, concentration, legal research, drafting, revision, and completion under compressed deadlines. I previously explained that fourteen days may be consumed merely determining what must be filed before I can meaningfully research, organize the record, draft, revise, cite, format, and submit a proper response. See 6th Cir. Doc. 46, p. 3 ¶ 11, p. 73 ¶¶ 8–9; MIWD ECF 16, PID 2261; MIWD ECF 32, PID 3297–3299.

3.      I have also repeatedly requested access measures, accommodations, and procedural structure at the outset of proceedings, including additional time, electronic filing access, remote participation[5] by telephone or video for any hearing, conference, oral argument, or other proceeding requiring my appearance, threshold-first consideration[6], and an opportunity to address substantial matters sequentially rather than simultaneously. See TNMD DOC 197, PID 462–463; 6th Cir. Doc. 24, pp. 6, 31; 6th Cir. Doc. 46, pp. 2, 13–15, 84–85.

---

[2]   https://rico.fentonvstory.com/25-5592/doc/46.pdf
[3]   https://rico.fentonvstory.com/1-23-cv-01097/ecf/16.pdf
[4]   https://rico.fentonvstory.com/1-23-cv-01097/ecf/32.pdf
[5]   https://rico.fentonvstory.com/3-24-cv-01282/197.htm
[6]   https://rico.fentonvstory.com/25-5592/doc/24.pdf

4. When those requests have been narrowed, deferred, or remained unresolved, I have been required to devote additional time and effort to restating, preserving, and clarifying matters already presented to the courts.

5. I am currently working on my opening brief while continuing to seek meaningful access to the Court and a fair opportunity to present the issues before they are adjudicated or otherwise materially resolved.

6. My prior requests for access, accommodations, and procedural structure remain relevant to the present motion. They include the requests filed at 6th Cir. Doc. 24 and renewed or further explained at 6th Cir. Doc. 46. I incorporate those prior factual statements and requests by reference so that the Court may consider the present request together with the access limitations and procedural needs already placed before it. In the Tennessee proceedings, I remained actively engaged after being displaced from my home and forced to obtain emergency shelter and support from my elderly mother in Michigan. I filed extensive sworn testimony, responsive pleadings, objections, and requests for disability-related access; objected that material rulings did not accurately reflect the hearings or my filed responses; promptly attempted to correct the record; and later sought modification, supplementation, and correction of the appellate record. I repeatedly explained that I could not prepare a meaningful appellate brief until the courts addressed the disputed record, reported misconduct, missing or mischaracterized evidence, and

access barriers that determined what I was required to brief. Instead, I was required to proceed through the appeal while those threshold matters remained unresolved. I now face the same practical barrier: being required to brief the merits before receiving a workable ruling on the access, record-integrity, and procedural issues necessary to identify and fairly present the actual case.

7. Before 6th Cir. Doc. 31-1, I had already spent months seeking unsealing, reduced redaction, and meaningful public access in both district courts[7]. TNMD DOCS 217–219 were filed under seal and are unavailable for public linking; see also TNMD DOC 222, PID 1164–1214; TNMD DOC 238-2, PID 1707–1750; MIWD ECF 139–141. In 6th Cir. Doc. 24, I expressly explained[8] that the courts' failure to acknowledge or respond to the bulk of my filings "forces me to devote significant time, resources, and page count to restating the truth again, in hopes of preventing another manifest injustice." 6th Cir. Doc. 24, p. 5 n.12. I had therefore already shown the Court extensive factual grounds for the requested abeyance, including documented misconduct examples, supporting citations, access barriers, and specific reasons for seeking relief before merits briefing. I presented that

---

[7] https://rico.fentonvstory.com/3-24-cv-01282/doc/222.pdf
https://rico.fentonvstory.com/3-24-cv-01282/doc/238-2.pdf
https://rico.fentonvstory.com/1-23-cv-01097/139.htm
https://rico.fentonvstory.com/1-23-cv-01097/140.htm
https://rico.fentonvstory.com/1-23-cv-01097/141.htm

[8] https://rico.fentonvstory.com/25-5592/doc/24.pdf

unresolved two-court history to this Court, yet Doc. 31-1 directed me back to the district court and stated that grounds for an abeyance had not been shown, without identifying or addressing those prior efforts or the factual showing presented in Doc. 24.

8.    I understood from 6th Cir. Doc. 31-1's statement that "no briefing schedule will issue unless and until" the IFP issue was resolved or the fee was paid, together with my separate communications with case manager Ryan Orme concerning whether I needed to take any action to transfer the district-court record or satisfy other preliminary appellate obligations, that I was waiting for the IFP decision and that no additional action was then required of me. As I recall, I was advised in substance that the district-court record would transfer automatically, that no additional action was required from me at that time, and that indigent IFP requests were substantially delayed. Because I had no prior experience with clerk-signed orders, I did not understand that I needed to seek separate review promptly to preserve my rights. My understanding was that I had completed what was then required of me and that the appeal was awaiting resolution of the IFP motion.

9.    At that point, I believed the Clerk's treatment of 6th Cir. Doc. 31-1 raised additional professional-misconduct concerns, compounding the substantial misconduct I had already documented throughout the Michigan and Tennessee federal records without meaningful acknowledgment or resolution. I brought those

concerns to this Court at the very inception of my appeal in an effort to obtain oversight and accountability before merits briefing began, but 6th Cir. Doc. 31-1 narrowed the treatment of my filing, omitted language about misconduct from the title, referred substantive matters to the merits panel, and otherwise largely denied my requests. Believing that no further action was then available or required in this Court, I redirected my time and energy toward the Circuit Executive's Office and other accountability channels while awaiting the IFP decision. I did not understand that there was anything further I could or should do in the Sixth Circuit until the IFP motion was resolved.

10.     6th Cir. Doc. 45 established the ordinary limit[9] of 30 pages or 13,000 words for my opening brief.

11.     6th Cir. Doc. 49 later reset the deadline[10] for that brief to August 17, 2026, without enlarging the ordinary limit.

12.     I have documented functional limitations affecting communication, concentration, organization, sequencing, compression of long written work, switching among demanding tasks, and work under short deadlines. My prior declaration at MIWD ECF 32, PID 3297–3299 accurately describes those limitations and their effect on research and drafting.

---

[9]  https://rico.fentonvstory.com/25-5592/doc/45.pdf

[10]  https://rico.fentonvstory.com/25-5592/doc/49.pdf

13. These limitations make substantial legal research and drafting exceptionally slow. When excessive compression is required, I may repeatedly rewrite, lose the organizing sequence, or omit material needed to explain an issue. A filed declaration from my mother[11] also described that interruptions can require me to restart written work and that multitasking is difficult. MIWD ECF 1-2, PID 49–53.

14. I have previously stated under penalty of perjury that, by March 2025, I had invested well over six thousand hours of work[12] into this lawsuit, often working at least ten hours per day and at least six days per week. TNMD DOC 224, PID 1350; TNMD DOC 238, PID 1513. I have also explained that misconduct-related responses caused the loss of hundreds of additional hours[13] and that this litigation has consumed years of painstaking work and borrowed money. TNMD DOC 238, PID 1522, 1561–1562. The requested modification is intended to reduce further avoidable loss by allowing me to work sequentially and limiting repeated rewriting. I do not claim a specific amount of lost income in this declaration.

15. Before dismissal, I requested that responses to dispositive motions await service and threshold rulings and explained that I needed those rulings before

---

[11] https://rico.fentonvstory.com/1-23-cv-01097/ecf/1-2.pdf

[12] https://rico.fentonvstory.com/3-24-cv-01282/224.htm

[13] https://rico.fentonvstory.com/3-24-cv-01282/238.htm

responding to each motion. TNMD DOC 224, PID 1321–1324. After judgment, I disputed the conclusion that I had fully responded and reproduced my reservation to provide more complete motion-specific responses. TNMD DOC 238, PID 1513–1516.

16. I have completed extensive preparation work organizing the federal record, the claims and defendants, the dismissal grounds, preservation, and the issues that may require treatment in the opening brief. No order that I have identified through 6th Cir. Doc. 49 has narrowed that scope.

17. My completed preparation inventory estimates approximately 30 distinct claims or legal theories, 34 defendants, and roughly 580 claim-defendant combinations in the operative pleading.

18. That work currently identifies about 20 express or incorporated dismissal-ground categories, around 80 preservation issues, and roughly 200 record-source instances. These figures describe my structured preparation work; they are not judicial findings.

19. I prepared and reviewed four word-budget models based on the claims, defendants, dismissal grounds, and preservation issues identified during my preparation. The modeling indicated that a 13,000-word brief would require material omission or narrowing. It indicated that a 20,000-word brief would also require material narrowing unless the Court authorizes sufficient staged or supplemental

treatment, and that a 25,000-word brief would remain incomplete unless paired with an authorized supplement of up to 9,000 words. Of the models I reviewed, the 34,000-word model appeared to be the smallest that could provide at least some treatment for every target and dismissal-ground category currently identified.

20. The 34,000-word model does not allocate extensive argument to every claim-defendant combination. It appears to permit each selected, conditional, protective, or legally excluded target to receive explicit treatment while addressing the dismissal-ground categories currently identified without intentional duplication.

21. I therefore request permission to file an opening brief containing no more than 34,000 words. I do not seek unlimited briefing, permission to add claims or facts, or any relaxation of the substantive standards governing the appeal.

22. If the Court prefers another structure, I can organize the same aggregate material in two coordinated principal parts or in a 25,000-word opening brief followed by an authorized supplemental brief of up to 9,000 words. I understand that I may not file a second part or supplemental brief unless the Court expressly authorizes it.

23. These structures are not interchangeable near the end of preparation. Each requires different issue selection, ordering, record organization, and citation work. Preparing several incompatible versions simultaneously is not practical for me. More fundamentally, I cannot meaningfully complete merits briefing until a

three-judge panel reviews my documented access barriers and the unresolved threshold matters that determine what must be briefed and whether I have a fair means to do so.

24.     On July 22, 2026, I spoke by telephone with Ryan Orme, the Sixth Circuit case manager[14] identified in 6th Cir. Doc. 1. Mr. Orme explained, in substance, that 6th Cir. Doc. 31-1 was a clerk's order[15] and 6th Cir. Doc. 42-1 was a single-judge order[16].

25.     Mr. Orme further explained, in substance, that I could request review of both entries in one combined filing rather than filing separate documents for each entry.

26.     Mr. Orme also explained, in substance, that, because I am proceeding pro se, the Court would consider the substance of my filing rather than reject it solely because I used an incorrect procedural label or rule citation. I understood these statements as procedural guidance, not as a judicial order, legal ruling, or extension of time.

27.     I possess the Court's instructions authorizing pro se submissions through its designated email address, which Mr. Orme reviewed with me again

---

[14] https://rico.fentonvstory.com/25-5592/doc/1.pdf

[15] https://rico.fentonvstory.com/25-5592/doc/31-1.pdf

[16] https://rico.fentonvstory.com/25-5592/doc/42-1.pdf

during my July 22, 2026, call with him. That method permits me to transmit my wet-signed filings by email, without direct access to CM/ECF.

28.     Mr. Orme explained, in substance, that, when the Court files my emailed submissions, the Court's electronic filing system will notify counsel who have entered appearances in this appeal, so I do not need to manually serve them. He further clarified that I remain responsible for serving any unrepresented appellees and any appellees for whom counsel has not entered an appearance in this appeal.

29.     I therefore request that the existing opening-brief deadline be stayed until a three-judge panel reviews my documented access barriers and the unresolved threshold matters affecting meaningful participation. Those matters include disability-related access and procedural structure, electronic and remote participation, service and nonappearance disputes, record integrity, caption accuracy, and the scope and format of the opening brief. After that review and entry of an order establishing an accessible path forward, I request at least thirty days to prepare the brief authorized by the panel.

30.     The service and nonappearance matters remain material to the structure of this appeal. I previously informed the courts that defendants and bankruptcy-related actors remained unserved[17], disputed service[18] despite repeated notice or

---

[17] https://rico.fentonvstory.com/3-24-cv-01282/177.htm

[18] https://rico.fentonvstory.com/3-24-cv-01282/221.htm

service efforts, or failed to appear[19], and I requested assistance, cure instructions, alternative service, and compelled participation. See TNMD DOC 177, PID 234–250; TNMD DOC 221, PID 1129–1163; TNMD DOC 223, PID 1215–1320; 6th Cir. Doc. 46, pp. 81–82 ¶¶ 45–48. Those requests were not substantively resolved before dismissal. I am concerned that requiring merits briefing before panel review of that posture could permit later arguments that I had a fair opportunity to proceed while leaving unresolved whether all necessary parties received notice, appeared, or were afforded an opportunity to participate.

31.     Attached as Exhibit A is a chronological inventory of numerous filed requests for meaningful court access, disability-related accommodations, electronic filing and service, remote participation, additional time, service assistance, staged or sequential treatment, record access, and related procedural structure. The exhibit identifies the filing date, requested relief, ruling date where one exists, time outstanding, and result or current status.

32.     Attached as Exhibit B is a chronological narrative of filings and related court responses concerning significant attorney misconduct, judicial misconduct, false or materially inaccurate statements, fraud, record-integrity problems, access interference, and related constitutional violations. The narrative identifies where those matters were presented and whether the authenticated record shows that they

---

[19] https://rico.fentonvstory.com/3-24-cv-01282/223.htm

were substantively addressed. It is included so that the Court may consider the present request together with the prior notices already placed in the record without requiring me to reproduce their full contents again.

## CERTIFICATION AND DECLARATION

By signing below, I certify that this declaration is submitted in good faith and in the honest pursuit of justice. Consistent with the standards of factual responsibility reflected in Federal Rule of Civil Procedure 11(b), I certify that the factual contentions stated herein have evidentiary support and that this filing is not presented for any improper purpose.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 27, 2026.

JEFFREY RYAN FENTON
PRO SE PLAINTIFF-APPELLANT
SIXTH CIRCUIT NO. 25-5592
P.O. BOX 400, LINDEN, MI 48451-0400
NOTICE@FENTONVSTORY.COM
HTTPS://FENTONVSTORY.COM
(P) 615.837.1300
#TNINJUSTICE

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**JEFFREY RYAN FENTON,**
**Plaintiff-Appellant,**

**CASE NO. 25-5592**

v.

**VIRGINIA LEE STORY ET AL.,**
**Defendants-Appellees.**

# APPENDIX OF SUPPORTING EXHIBITS

# TO APPELLANT'S COMBINED MOTION FOR RECONSIDERATION AND PANEL REVIEW

**Filing-package note:** The signed motion and signed supporting declaration are filed as the principal documents. They are not assigned exhibit letters. The exhibits below follow the declaration and are grouped by court, then ordered by docket-entry number.

## SUPPORTING SUMMARIES

| EXHIBIT | DOCUMENT |
|---------|----------|
| A | Fenton Federal Access and Accommodation Requests |
| B | Chronological Narrative of Federal Misconduct, Record-Integrity, Access, and Related Corrective Filings |

## WESTERN DISTRICT OF MICHIGAN — CASE NO. 1:23-cv-01097

| EXHIBIT | DOCUMENT |
|---------|----------|
| C | MIWD ECF 99 — Amended Motion for Sanctions |
| D | MIWD ECF 100 and 100-1 — Amended Motion to Require Truth and Rule 11(b) Certification, with Service-Attempt Exhibit |
| E | MIWD ECF 101 — Amended Counter-Affidavit Correcting Story's Allegedly False Claims |
| F | MIWD ECF 109 — Motion to Stay All Dispositive Motions Until Service and Threshold Matters Were Resolved |
| G | MIWD ECF 141-1 — First Amendment Right-of-Access Objection, Motion, and Declaration |

## MIDDLE DISTRICT OF TENNESSEE — CASE NO. 3:24-cv-01282

| EXHIBIT | DOCUMENT |
|---------|----------|
| H | TNMD DOC 177 — Motion for Alternative Service |
| I | TNMD DOC 197 — Motion to File Electronically and for Remote Participation |
| J | TNMD DOC 212 — Declaration and Motion to Correct or Remove Redactions and Unseal Records |
| K | TNMD DOC 212-1 — Communications with Assistant U.S. Attorneys Ryan Cobb and Anica Jones Concerning Redactions |
| L | TNMD DOC 222 — Second Objection to Dispositive Motions and Declaration Concerning Judicial Misconduct in Michigan |

| M | TNMD DOC 223 — Second Motion to Extend Time and Assist with Perfecting Service |
|---|---|
| N | TNMD DOC 223-1 — Service and Notice Evidence Concerning Elaine Beeler |
| O | TNMD DOC 224 — Second Motion to Stay Dispositive Motions and Obtain Threshold-First Treatment |
| P | TNMD DOC 236 — Memorandum of Opinion and Order Dismissing the Action |
| Q | TNMD DOC 237 — Judgment Entry |
| R | TNMD DOC 238 — Rule 59 Objection, Declaration, and Motion to Alter Judgment or for a New Trial |
| S | TNMD DOC 238-2 — First Amendment Right-of-Access Filing and Included Supporting Materials |
| T | TNMD DOC 245 — Order Denying Rule 59 Relief |

## UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT — CASE NO. 25-5592

| EXHIBIT | DOCUMENT |
|---|---|
| U | 6th Cir. Doc. 14 — Motion for Pauper Status and Supporting Financial Affidavit |
| V | 6th Cir. Doc. 24 — Motion for Continuance and Notice of Judicial and Professional Misconduct |
| W | 6th Cir. Doc. 31-1 — Clerk's Order |
| X | 6th Cir. Doc. 42-1 — Single-Judge Order Denying Pauper Status |

# EXHIBIT A

**FENTON FEDERAL ACCESS AND ACCOMMODATION REQUESTS**

———————————————————————————

# 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 1-A

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| Date Filed | ECF | Filing Title | Date Ruled | Days Pending | Outcome |
|---|---|---|---|---|---|
| 10/13/2023 | M: 1-2 | Affidavit of Marsha Ann Fenton | — | N/A | — |
| 10/13/2023 | M: 1-38 | Request for Modification - ADA Accessibility | — | 530 | NO RULING |
| 10/18/2023 | M: 5 | Pro Se Application for Electronic Filing and Service | 12/13/2023 | 56 | DENIED |
| 10/20/2023 | M: 7 | Motion to Maintain Venue | 01/25/2024 | 97 | DENIED |
| 12/29/2023 | M: 10 | Motion for Extension of Time to File Objection to Report and Recommendation | 01/02/2024 | 4 | GRANTED |
| 12/29/2023 | M: 11 | Declaration [1] in Support of Objection to 12/13/2023 Report and Recommendation | — | N/A | — |
| 01/19/2024 | M: 14 | Objection to This Court's "Report and Recommendation" | 01/25/2024 | 6 | GRANTED IN PART |

# 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 1-B

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| ECF | Relief Requested | Notes |
|---|---|---|
| M: 1-2 | Supporting sworn evidence of disability-related limitations affecting concentration, multitasking, interruption recovery, writing speed, and completion. | Legal writing is exceptionally difficult, requiring numerous rewrites and frequent all-night work for days on end; even a simple letter can take him seven hours or more, while legal work can remain incomplete despite extraordinary efforts. |
| M: 1-38 | Additional time and patience, electronic court communications, and procedural flexibility based on documented disabilities. | Carried into the federal record; later partially renewed in ECF 16, expanded in ECF 32, and repeatedly requested in subsequent filings. |
| M: 5 | Direct CM/ECF filing access and electronic service. | The electronic-filing request was later renewed as disability-related access relief in ECF 16 and repeatedly thereafter. |
| M: 7 | Retain the case in Michigan for geographic accessibility or, if transferred, provide remote participation and electronic access. | Denied without prejudice; the geographic, remote-participation, and electronic-access concerns were materially expanded in ECF 102 and renewed in TNMD DOC 197. |
| M: 10 | Extension of time to complete and file an objection to the Report and Recommendation. | Handwritten filing prepared at court after the mailed R&R arrived only two days before the deadline; the extension was granted by ECF 13. |
| M: 11 | Electronic notice and sufficient time beyond fourteen days to research, organize, and prepare a meaningful objection. | First objection-support declaration, later revised by ECF 15; its electronic-notice and fourteen-day access requests were not expressly decided in ECF 31 and were later repeated in TNMD DOC 222 and presented to the Sixth Circuit in Doc. 46. |
| M: 14 | Reject the recommendation and permit the federal action to proceed rather than be dismissed; consider the access and disability circumstances documented in ECF 15. | ECF 31 rejected the recommended improper-venue dismissal but did not grant all requested relief. |

# 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 2-A

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| Date Filed | ECF | Filing Title | Date Ruled | Days Pending | Outcome |
|---|---|---|---|---|---|
| 01/19/2024 | M: 15 | Declaration [2] in Support of Objection to 12/13/2023 Report and Recommendation (Rev. 1/19/24) | — | N/A | — |
| 01/19/2024 | M: 16 | Motion for 45-Day Extension to Serve Parties ... Motion for Prepayment of Service Fees-Service by U.S. Marshals; Motion for ADA Accommodations; Request for Clarification | 07/08/2024 | 171 | GRANTED IN PART |
| 01/19/2024 | M: 17 | Motion for a Protective Order | 07/08/2024 | 171 | DENIED |
| 01/19/2024 | M: 18 | Declaration of Marsha Ann Fenton Regarding Son Jeffrey Ryan Fenton and Tennessee Legal Proceedings | — | N/A | — |
| 03/25/2024 | M: 32 | Fenton Declaration of Disabilities | — | 366 | NO RULING |
| 03/25/2024 | M: 35 | Declaration Regarding Service Fees | — | N/A | — |
| 03/25/2024 | M: 36 | Motion for Prepayment of Service Fees | 07/08/2024 | 105 | DENIED |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 2-B

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| ECF | Relief Requested | Notes |
|---|---|---|
| M: 15 | Honor the filed modification request and provide disability-related consideration for communication, multitasking, and concurrent-workload limitations. | Revised declaration replacing ECF 11 and supporting ECF 14; ECF 31 considered the objection but did not expressly decide the accommodation request, including the repeated fourteen-day limitation. |
| M: 16 | Forty-five additional service days; court-funded or USMS-assisted service; ECF access as an accommodation; clarification; and relief from simultaneous procedural demands. | The forty-five-day extension was granted; ECF access, USMS or prepaid service, clarification, and relief from simultaneous procedural demands were not granted. |
| M: 17 | Enjoin new protective/restraining orders and restrict additional litigation outside this matter while the case proceeded. | No timing, sequential-treatment, or comparable protective substitute appears in the order. |
| M: 18 | Third-party support for disability-related time, sequential treatment, impaired multitasking, and relief from simultaneous legal demands. | Later relied upon as third-party support in access, stay, and sequential-treatment requests. |
| M: 32 | Disability-related consideration for exceptionally slow drafting, document compression, multitasking, and deadline limitations, including flexibility to communicate substantial matters through multiple shorter declarations. | Although titled a declaration, ECF 32 expressly requested relief; its documented limitations and requested accommodations were later incorporated into MIWD, TNMD, and Sixth Circuit access filings. |
| M: 35 | Supporting financial evidence that Plaintiff could not prepay service costs and required assisted-service alternatives. | Later service motions sought alternatives and USMS assistance. |
| M: 36 | Court prepayment or USMS-assisted service, with reimbursement after a favorable outcome. | Alternative-service and assisted-service requests continued in TNMD. |

# 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 3-A

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| Date Filed | ECF | Filing Title | Date Ruled | Days Pending | Outcome |
|---|---|---|---|---|---|
| 08/19/2024 | M: 60 | Motion to Recuse Magistrate Judge Ray Kent | 09/12/2024 | 24 | DISMISSED AS MOOT / NO MERITS RULING |
| 08/19/2024 | M: 61 | Motion to Extend Service Deadline | — | 219 | NO RULING |
| 08/19/2024 | M: 62 | Objection to This Court's "Order Regarding Service" | 09/12/2024 | 24 | DENIED |
| 09/25/2024 | M: 89 | Notice, Declaration, and Motion Regarding the Naming and Address of Defendant Thomas Anderson in This Lawsuit | — | 182 | NO RULING |
| 09/27/2024 | M: 90 | Notice, Declaration, and Motion Regarding the Naming and Address of Defendant Bank of America in This Lawsuit | — | 180 | NO RULING |
| 10/10/2024 | M: 99 | Amended Motion for Sanctions | — | 167 | NO RULING |
| 10/10/2024 | M: 100 | Amended Motion to Require All Filings to Include a Certification Stating Their Contents Are Factually True and Compliant with F.R.C.P. Rule 11(b), Sworn to Under the Penalty of Perjury | — | 167 | NO RULING |

# 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 3-B

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| ECF | Relief Requested | Notes |
|---|---|---|
| M: 60 | Recuse Magistrate Judge Kent, remove him from further participation, and protect Plaintiff from continued prejudice affecting service, access, and case administration. | The district judge vacated the referral to Magistrate Judge Kent but expressly dismissed the recusal motion without considering its merits or remedying the substantial harm already caused. |
| M: 61 | Thirty additional days to complete service because equipment failure prevented timely printing. | Remained unresolved through dismissal and was renewed through the TNMD service-relief chain. |
| M: 62 | Review ECF 55, grant a hearing before dismissal, and reconsider denied service, ECF, timing, and access relief. | DOC 222 later explained inability to complete the objection within fourteen days. |
| M: 89 | Correct Thomas Anderson's name and address to support accurate party identification, service, and case administration. | Remained unresolved through dismissal despite directly affecting party identity and service. |
| M: 90 | Correct Bank of America's name and address to identify the intended defendant accurately and support service and case administration. | Remained unresolved through dismissal despite directly affecting party identity and service. |
| M: 99 | Sanctions and corrective action concerning allegedly false filings by Story and counsel, so Plaintiff would not be required to continue expending limited time, resources, and briefing capacity before record-integrity issues were addressed. | Part of the same unresolved threshold-access chain as ECF 100 and ECF 101; later incorporated into the requested threshold-first structure in ECF 109 and TNMD DOC 224. |
| M: 100 | Require factual-truth and Rule 11(b) certification, under penalty of perjury, and an expedited ruling before further responsive work. | Intended to protect record integrity and reduce the time, expense, and briefing capacity consumed responding to allegedly false or misleading filings; later incorporated into ECF 109 and TNMD DOC 224 as a threshold-first request. |

# 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 4-A

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| Date Filed | ECF | Filing Title | Date Ruled | Days Pending | Outcome |
|---|---|---|---|---|---|
| 10/10/2024 | M: 101 | Counter-Affidavit Correcting Story's Allegedly False Claims | — | 167 | NO RULING |
| 10/10/2024 | M: 102 | Amended Declaration Voicing Plaintiff's Concerns About Transferring This Action to Tennessee | 10/25/2024 | 15 | EFFECTIVELY DENIED |
| 10/21/2024 | M: 109 | Motion to Stay All Dispositive Motions Until Service Is Complete, a Ruling Is Made on [ECF 100], and This Case Is Transferred to the Correct Venue | — | 156 | NO RULING |
| 10/21/2024 | M: 110 | Objection to "The Tennessee Defendants' Motion to Dismiss ..." | — | 156 | NO RULING |
| 10/21/2024 | M: 111 | Objection to Defendants Virginia Lee Story and Story and Abernathy, PLLP's Motion to Dismiss ... | — | 156 | NO RULING |
| 11/25/2024 | T: 177 | Motion for Alternative Service | — | 121 | NO RULING |
| 01/21/2025 | T: 197 | Motion to File Electronically and for Remote Participation | — | 64 | NO RULING |
| 02/25/2025 | T: 211 | First Objection to All Motions to Dismiss, for Summary Judgment, and Motions/Orders to Redact and Seal Documents | — | 29 | NO RULING |

# 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 4-B

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| ECF | Relief Requested | Notes |
|---|---|---|
| M: 101 | Correct and rebut Story's allegedly false affidavit so the court would not rely on disputed factual assertions without addressing Plaintiff's sworn counter-evidence. | Core to the same access and record-integrity chain as ECF 99 and ECF 100; Plaintiff sought a reliable factual record before expending limited time, resources, and briefing capacity responding to disputed defense filings. |
| M: 102 | Retain or transfer the case to an accessible location or, if outside Michigan, provide remote participation and direct ECF access. | The case was transferred without granting remote participation or ECF access; TNMD DOC 197 renewed both requests. |
| M: 109 | Stay dispositive motions until service was completed, the truth-certification request was decided, and transfer was resolved, reducing simultaneous burdens. | Renewed and expanded in TNMD DOC 224 as part of a threshold-first, sequential case-management request. |
| M: 110 | Allow time to complete service and respond to one dismissal motion at a time. | DOC 224 expressly requested one-motion-at-a-time scheduling based on disability. |
| M: 111 | Preserve the objection and notify the court that the requested service extension in ECF 61 remained undecided. | Direct evidence that a requested service extension remained outstanding at transfer. |
| T: 177 | Permit alternative service by email or USMS at court expense to overcome service-cost and access barriers. | Renewed in DOC 223. |
| T: 197 | Provide direct electronic filing and remote participation by telephone or video for all relevant pretrial matters, based on disability and cost barriers. | Renewed in DOC 224 and DOC 238 and presented to the Sixth Circuit in Doc. 46. |
| T: 211 | Provide public access and sufficient time to respond after threshold truth-certification and sanctions issues were addressed. | Linked public access and additional response time to prior resolution of the sanctions and truth-certification issues; followed by more specific redaction relief in DOC 212 and scheduling relief in DOC 224. |

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| Date Filed | ECF | Filing Title | Date Ruled | Days Pending | Outcome |
|---|---|---|---|---|---|
| 02/26/2025 | T: 212 | Declaration and Motion to Correct and Minimize or Strike and Remove Redactions, While Unsealing All Records | — | 28 | NO RULING |
| 02/27/2025 | T: 214 | Declaration Regarding Finances, Marital Roles, Property, Education, Earning Capacity, Spousal Support, and Fraud (Amended) | — | N/A | — |
| 02/28/2025 | T: 217-219 | Declaration and Motion to File Under Seal Regarding Defendant Walker's Claimed Privacy Concerns | — | 26 | NO RULING |
| 03/04/2025 | T: 220 | Notice Regarding Future Filing Notices for the Defendants | — | 22 | NO RULING |
| 03/04/2025 | T: 221 | Notice, Declaration, and Motion to Amend the Naming of Defendant "Spragins, Barnett & Cobb, PLC" and to Compel Them to Make an Appearance in This Matter | — | 22 | NO RULING |
| 03/07/2025 | T: 222 | Second Objection to All Dispositive Motions, Redacted and Sealed Filings, with Declaration About Judicial Misconduct in Michigan Causing Substantial Delays in Service | — | 19 | NO RULING |
| 03/07/2025 | T: 223 | Second Motion to Extend Time and Assist with Perfecting Service | — | 19 | NO RULING |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 5-B

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| ECF | Relief Requested | Notes |
|---|---|---|
| T: 212 | Unseal filings and replace document-level restrictions with narrow, line-specific redactions. | Incorporated in DOC 238 and described as a threshold public-access issue in Sixth Circuit Doc. 46. |
| T: 214 | Sworn support concerning disability, finances, document-compression burden, and the need for accommodation and access relief. | Repeated and expanded sworn limitations previously stated in MIWD ECF 32 and later relied upon in access and stay requests. |
| T: 217-219 | Permit filing under seal of materials addressing Defendant Walker's claimed privacy and safety concerns while preserving the evidence and record. | Filed as a three-document series and remained unresolved through dismissal. |
| T: 220 | Permit email notices while the ECF request remained pending because repeated physical notice was unaffordable and burdensome. | No ruling was entered before dismissal; the filing documented the financial and logistical burden of continuing physical notice while the ECF-access request remained unresolved. |
| T: 221 | Deem service perfected or identify defects; extend time to cure; permit USMS or alternative re-service; and compel appearance. | Incorporated into the service plan in DOC 223. |
| T: 222 | Preserve and obtain review of access and timing objections, including why fourteen-day periods, paper filing, and unresolved ECF and service barriers were not meaningfully usable. | Repeated prior federal notice that fourteen-day deadlines, paper filing, and unresolved access barriers were not meaningfully usable; later presented directly to the Sixth Circuit in Doc. 46. |
| T: 223 | Extend service until service motions were decided; grant DOC 177; inspect and identify service defects; permit cure or USMS re-service; and defer substantive matters until service was resolved. | Held in abeyance on March 11, 2025 pending pro se initial review; DOC 236 later terminated it without deciding the requested service extension, cure instructions, or service assistance on the merits. |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 6-A

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| Date Filed | ECF | Filing Title | Date Ruled | Days Pending | Outcome |
|---|---|---|---|---|---|
| 03/12/2025 | T: 224 | Second Motion to Stay All Dispositive Motions Until Service Is Completed and the Court Has Ruled on Plaintiff's Outstanding Expedited Motions, with Clarifications About How to Proceed | — | 14 | NO RULING |
| 04/23/2025 | T: 238 | Objection to Memorandum of Opinion and Order, and Judgment Entry, with Declaration and Rule 59 Motion to Alter Judgment or for a New Trial | 05/19/2025 | 26 | DENIED |
| 04/23/2025 | T: 238-3 | Declaration of Unconstitutional Destruction and Oppression with ADA Interference, Coercion, Intimidation, and Retaliation / (in Support of Rule 59 Motion) | — | N/A | — |
| 05/02/2025 | M: 141-1 | First Amendment Right of Access: Objection, Motion, and Declaration ... to Correct & Minimize or Remove Redactions | 05/02/2025 | — | REJECTED / NO MERITS RULING |
| 07/23/2025 | 6: 14 | Motion for Pauper Status | 04/02/2026 | 253 | DENIED |
| 07/23/2025 | 6: 24 | Motion for Continuance to Prepare Criminal and Ethics Filings, with Notice of Judicial and Professional Misconduct, and Failure to / Enforce Codes of Conduct as Required, / to Maintain a Fair and Impartial Tribunal | 08/04/2025 | 12 | GRANTED IN PART |

# 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 6-B

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| ECF | Relief Requested | Notes |
|---|---|---|
| T: 224 | Decide threshold motions first; complete service; narrow the matters requiring response; issue a clear schedule; and allow sufficient time to address one dispositive motion at a time, accounting for mailing, disability, ECF, and remote-participation needs. | No staged, sequential, threshold-first, mailing-adjusted, ECF, or remote-participation structure was provided before dismissal. |
| T: 238 | Alter judgment; narrow the case; grant ECF and remote participation; appoint counsel; provide additional time; and preserve the right to answer each dispositive motion fully. | The Rule 59 motion renewed ECF, remote-participation, narrowing, counsel, additional-time, and motion-specific response requests. DOC 238-2 incorporated the public-access filing, and DOC 238-3 supplied sworn disability support; the order denied DOC 238 without separate treatment of those access requests. |
| T: 238-3 | Supply sworn evidence of exceptionally slow drafting, impaired multitasking, disability-related access interference, and the need for ECF, remote participation, and additional preparation time in support of DOC 238. | Reproduced in substance in Sixth Circuit Doc. 46, pp. 17-63, as sworn support for continuing access and briefing-structure requests. |
| M: 141-1 | Correct or minimize redactions and restore public and record access. | Rejected because the MIWD action had already been transferred; the access request was not adjudicated on the merits. The same document had already been incorporated in TNMD as DOC 238-2. |
| 6: 14 | Waive the appellate filing fee through in forma pauperis status. | Fee was later paid; the no-good-faith/IFP issue was raised again in Doc. 46. |
| 6: 24 | Grant a ninety-day continuance before briefing; provide remote participation, direct CM/ECF access, and public access or unsealing relief. | Pro se email submission was allowed; direct CM/ECF access was denied; abeyance and public-access relief were denied without prejudice; substantive requests were referred to the merits panel. |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 7-A

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| Date Filed | ECF | Filing Title | Date Ruled | Days Pending | Outcome |
|---|---|---|---|---|---|
| 06/17/2026 | 6: 46 | Emergency Motion to Stay or Extend Appellant Brief Deadline; for Leave to File Delayed Objections and Reconsideration of Doc. 31-1 and Doc. 42-1; for Panel Review; and for Threshold ... Relief Before Merits Briefing*; includes pp. 71-87 sworn declaration | 06/26/2026 | 9 to first relief; 29 to briefing reset; 34+ unresolved | GRANTED IN PART |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 7-B

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| ECF | Relief Requested | Notes |
|---|---|---|
| 6: 46 | Stay or extend briefing; permit delayed review of Docs. 31-1 and 42-1; obtain panel review; resolve access, service, record-integrity, truth-certification, and threshold matters before merits briefing; authorize staged, one-issue-at-a-time, or enlarged briefing; and provide sufficient preparation time. | Docs. 47 and 49 provided timing relief, but delayed review, panel review, threshold-first treatment, staged or one-issue briefing, enlarged briefing limits, and related access and record-integrity requests remained unresolved through the latest authenticated docket. |

# EXHIBIT B

## CHRONOLOGICAL NARRATIVE OF FEDERAL MISCONDUCT, RECORD-INTEGRITY, ACCESS, AND RELATED CORRECTIVE FILINGS

_____

# EXHIBIT B

## CHRONOLOGICAL NARRATIVE OF FEDERAL MISCONDUCT, RECORD-INTEGRITY, ACCESS, AND RELATED CORRECTIVE FILINGS

> Scope note. This exhibit identifies what Plaintiff reported, asserted, or requested in the cited filings, where those matters appear in the federal record, and the disposition reflected in the available docket. It does not represent that every reported concern was adjudicated or independently established by a court.

### Purpose and Record Context

1. Throughout the federal litigation, Plaintiff filed sworn notices, objections, motions, and supporting declarations reporting alleged attorney misconduct, alleged judicial misconduct, false or materially misleading factual assertions, record-integrity concerns, service interference, public-access restrictions, disability-related access barriers, and failures to address previously reported concerns.

2. The entries below are arranged chronologically so that each filing's identity, record location, reported concern, requested corrective action, and record treatment remain together.

3. The chronology is offered to establish notice, preservation, sequence, and procedural context. It distinguishes matters Plaintiff reported from matters expressly resolved by an order.

### Chronological Filing Narrative

### January 19, 2024 — MIWD ECF 14 — Objection to Report and Recommendation

**Record:** MIWD ECF 14, PID 2181–2187.
**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/14.htm

Plaintiff objected to the recommendation that the federal action be dismissed and placed before the district court concerns about the treatment of his pro se pleadings, access limitations, and failure to address the substance of his claims.

The district court later rejected the recommended improper-venue dismissal, while other access and misconduct concerns were raised more specifically in later filings.

**Record treatment: Objection granted in part as to the recommended disposition; no separate merits ruling on the broader misconduct and access concerns identified here.**

**August 19, 2024 — MIWD ECF 60 — Motion to Recuse Magistrate Judge Ray Kent**

**Record:** MIWD ECF 60, PID 4736–4739.

**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/ecf/60.pdf

Plaintiff requested recusal and removal of Magistrate Judge Ray Kent from further participation, asserting that delay, service rulings, access determinations, and record characterizations had caused substantial prejudice.

The district judge later vacated the referral to Magistrate Judge Kent but dismissed the recusal motion as moot rather than adjudicating the asserted grounds for recusal.

**Record treatment: Referral vacated; recusal motion dismissed as moot without a merits determination.**

**August 19, 2024 — MIWD ECF 62 — Objection to Order Regarding Service**

**Record:** MIWD ECF 62, PID 4744–4760.

**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/ecf/62.pdf

Plaintiff objected to the service order and reported that delay and handling of summonses had materially impaired service. He also renewed concerns concerning electronic filing access, timing, disability-related limitations, and the effect of prior rulings.

Plaintiff later repeatedly explained that fourteen-day response periods were not meaningfully usable for substantial objections and that the underlying concerns had not been substantively reconciled.

**Record treatment: Objection denied as untimely; the order did not separately adjudicate the asserted misconduct and access concerns.**

**October 4, 2024 — MIWD ECF 96, 96-1, 96-2, and 97 — Initial Truth-Certification, Supporting Exhibit, Counter-Affidavit, and Sanctions Filings**

**Record:** MIWD ECF 96, PID 5259–5261; ECF 96-1, PID 5265–5285; ECF 96-2, PID 5286–5291; ECF 97, PID 5295–5298.

**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/96.htm

ECF 96 requested that filings include a certification that their contents were factually true and compliant with Federal Rule of Civil Procedure 11(b), sworn under penalty of perjury. ECF 96-1 documented service attempts to date. ECF 96-2 presented a counter-affidavit disputing factual assertions attributed to Virginia Lee Story. ECF 97 requested sanctions and corrective action concerning allegedly false or misleading assertions.

Plaintiff presented these filings as related safeguards intended to correct the record and prevent further expenditure of time and resources responding to disputed assertions before the requested corrective issues were addressed.

**Record treatment: No separate ruling identified on these initial filings before they were superseded or renewed by the amended filings below.**

## October 10, 2024 — MIWD ECF 99, 100, and 101 — Amended Sanctions, Truth-Certification, and Counter-Affidavit Filings

**Record:** MIWD ECF 99, PID 5328–5333; ECF 100, PID 5343–5350; ECF 101, PID 5375–5390, with supporting attachments.

**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/99.htm

Plaintiff refiled the related sanctions motion, truth-certification motion, and counter-affidavit with the certification language he sought to apply to filings. He asserted that Virginia Lee Story and counsel had made false or materially misleading factual assertions and asked the court to correct the record before requiring further responsive work.

ECF 101 supplied sworn counter-evidence and supporting materials; ECF 99 and ECF 100 requested sanctions, Rule 11(b)-based factual responsibility, and expedited corrective action.

**Record treatment: No separate merits ruling identified before transfer or dismissal.**

## November 25, 2024 — TNMD DOC 176 — Reply Supporting Amended Motion for Sanctions

**Record:** TNMD DOC 176, PID 225–233.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/doc/176.pdf

After transfer, Plaintiff replied concerning the unresolved sanctions and record-integrity issues previously presented in Michigan.

The filing preserved Plaintiff's position that alleged litigation misconduct and disputed factual assertions required judicial supervision and corrective treatment.

**Record treatment: No separate merits ruling identified.**

## November 25, 2024 — TNMD DOC 177 — Reply Concerning Sanctions and Motion for Alternative Service

**Record:** TNMD DOC 177, PID 234–250.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/177.htm

Plaintiff linked the unresolved sanctions and record-integrity concerns to service difficulties and requested alternative service. He explained that cost, disputed service, and procedural obstacles were preventing completion of service.

The filing requested judicial assistance rather than dismissal or dispositive treatment before service problems were resolved.

**Record treatment: No separate merits ruling identified before dismissal.**

## January 21, 2025 — TNMD DOC 197 — Motion to File Electronically and for Remote Participation

**Record:** TNMD DOC 197, PID 458–469.
**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/197.htm

Plaintiff requested direct electronic filing and remote participation by telephone or video, citing disability, travel, cost, and communication barriers.

The filing also explained that simultaneous physical-filing and litigation demands impaired Plaintiff's ability to address substantial matters and preserve the record.

**Record treatment: No separate ruling identified before dismissal.**

## February 6, 2025 — TNMD DOC 207 — Declaration Explaining Plaintiff's Pursuit of Justice

**Record:** TNMD DOC 207, PID 583–685.
**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/207.htm

Plaintiff filed an extensive sworn declaration explaining the purpose of the litigation, the time and resources invested, the misconduct he believed had affected the underlying matters and federal proceedings, and the practical harm caused by continued nonresponse.

The declaration provided context for later objections, access requests, misconduct notices, and requests for threshold-first consideration.

**Record treatment: No separate ruling identified.**

## February 24, 2025 — MIWD ECF 139-1 (Post-Transfer) — First Objection to Dispositive, Redacted, and Sealed Filings

**Record:** MIWD ECF 139-1, PID 5739–5887.
**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/139.htm

Plaintiff attempted to file an objection addressing dispositive motions, sealing, redaction, access, and related record-integrity concerns in the transferor court after the case had been transferred.

The filing is relevant to notice and preservation but was not accepted as a merits filing in Michigan.

**Record treatment: Rejected for filing after transfer; no merits ruling.**

## February 25, 2025 — TNMD DOC 211 — First Objection to Dispositive, Redacted, and Sealed Filings

**Record:** TNMD DOC 211, PID 689–723.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/211.htm

Plaintiff objected to dispositive motions and restricted filings before receiving rulings on threshold matters. He asserted that several defense filings relied on technical defenses, mischaracterized his pleadings, or failed to address the merits and reported misconduct.

The objection renewed the position that record integrity, public access, Rule 11(b)-related concerns, and adequate time should be addressed before dispositive adjudication.

**Record treatment: No separate merits ruling identified before dismissal.**

## February 26, 2025 — TNMD DOC 212 — Motion to Correct or Remove Redactions and Unseal Records

**Record:** TNMD DOC 212, PID 730–907.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/212.htm

Plaintiff requested that broad restrictions be replaced with narrow, line-specific redactions and that public access be restored to the remaining record.

He linked public access to record integrity, public scrutiny, and the ability to evaluate the factual basis for later rulings.

**Record treatment: No separate ruling identified before dismissal.**

## February 27, 2025 — MIWD ECF 140-1 (Post-Transfer) — Declaration and Motion to File Under Seal Regarding Defendant Walker

**Record:** MIWD ECF 140-1, PID 5949–5988.

**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/140.htm

Plaintiff attempted to preserve and respond to materials concerning Defendant Walker's asserted privacy and safety concerns while proposing sealed treatment for sensitive material.

The filing is relevant to preservation and Plaintiff's attempt to address secrecy-related assertions without eliminating the underlying evidence.

**Record treatment: Rejected for filing after transfer; no merits ruling.**

## February 28, 2025 — TNMD DOC 216 — Notice Concerning Professional and Judicial Reporting Duties

**Record:** TNMD DOC 216, PID 984–1015.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/doc/216.pdf

Plaintiff served notice identifying record materials that he asserted documented attorney and judicial misconduct and invoked professional and judicial reporting duties.

He asked bar members and court actors to review, address, correct, discipline, or report the alleged misconduct rather than ignore or repeat it.

**Record treatment: No separate ruling identified.**

### February 28, 2025 — TNMD DOCS 217–219 — Walker Privacy and Sealing Filings

**Record:** TNMD DOCS 217–219, filed under seal; related material begins at PID 1058.

Plaintiff filed a declaration and related motions addressing Defendant Walker's asserted privacy and safety concerns. He sought to preserve the evidence while responding to what he described as incomplete or misleading claims supporting secrecy.

These sealed filings were relevant to public access and to Plaintiff's broader position that untested defense assertions were being credited without equivalent consideration of his sworn evidence.

**Record treatment: No separate ruling identified before dismissal; sealed documents are not publicly linked.**

### March 7, 2025 — TNMD DOC 222 — Second Objection and Declaration Concerning Judicial Misconduct in Michigan

**Record:** TNMD DOC 222, PID 1164–1214.
**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/doc/222.pdf

Plaintiff filed a focused objection describing delay, service prejudice, electronic-filing denial, fourteen-day response barriers, and disputed record characterizations associated with the Michigan proceedings.

He requested review and correction of the continuing effects of those matters rather than allowing them to shape the transferred case without substantive examination.

**Record treatment: No separate merits ruling identified before dismissal.**

### March 7, 2025 — TNMD DOC 223 — Second Motion to Extend Time and Assist with Perfecting Service

**Record:** TNMD DOC 223, PID 1215–1320.
**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/223.htm

Plaintiff requested additional time, inspection and identification of asserted service defects, cure instructions, alternative service, or United States Marshals Service assistance.

He also requested that substantive proceedings be deferred until service questions were resolved.

**Record treatment: Held in abeyance pending pro se review; later terminated with the case without a separate merits ruling on the requested service assistance.**

### March 12, 2025 — TNMD DOC 224 — Second Motion to Stay Dispositive Motions

**Record:** TNMD DOC 224, PID 1321–1423.
**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/224.htm

Plaintiff requested a threshold-first sequence requiring the court to address service, outstanding expedited motions, record-integrity concerns, access requests, and case-management expectations before requiring complete responses to each dispositive motion.

He expressly objected to dismissal or release of defendants before those matters were addressed and reserved the opportunity to provide complete motion-specific responses.

**Record treatment: No staged or threshold-first structure was entered before dismissal.**

### March 26, 2025 — TNMD DOC 236 and DOC 237 — Dismissal and Good-Faith Certification

**Record:** TNMD DOC 236, PID 1491–1503; TNMD DOC 237, PID 1504.
**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/doc/236.pdf

The district court dismissed the action and separately certified that an appeal could not be taken in good faith.

Plaintiff's position is that the dismissal occurred without separate substantive rulings on the sanctions motion, truth-certification motion, sworn counter-affidavit, public-access motions, service requests, misconduct notices, or requested staged response process.

**Record treatment: Action dismissed; good-faith certification entered; multiple component requests were not separately adjudicated.**

### April 23, 2025 — TNMD DOC 238, 238-2, and 238-3 — Rule 59 Objection, Public-Access Materials, and Supporting Declaration

**Record:** TNMD DOC 238, PID 1505–1568; DOC 238-2, PID 1707–1752; DOC 238-3, PID 1753–1798.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/238.htm

Plaintiff moved to alter the judgment or obtain a new trial, challenged factual and legal statements in the dismissal order, renewed public-access and accommodation requests, and supplied sworn evidence concerning the cumulative impact of the proceedings.

The filings reiterated that the action had been dismissed before the court addressed alleged misconduct, record integrity, service, access, and Plaintiff's reserved opportunity to provide complete motion-specific responses.

**Record treatment: Rule 59 relief denied in DOC 245; the component misconduct and access issues were not separately resolved.**

### May 2, 2025 — MIWD ECF 141-1 (Post-Transfer) — First Amendment Right-of-Access Objection, Motion, and Declaration

**Record:** MIWD ECF 141-1, PID 5991–6096.
**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/141.htm

Plaintiff attempted to file a detailed public-access objection and motion asking the Michigan court to correct, minimize, or remove redactions and address the handling of restricted material.

The filing is relevant to preservation of the public-access history later presented to the Sixth Circuit.

**Record treatment: Rejected for filing after transfer; no merits ruling.**

### May 19, 2025 — TNMD DOC 245 — Order Denying Rule 59 Relief

**Record:** TNMD DOC 245, PID 1824–1825.
**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/doc/245.pdf

The court denied Rule 59 relief, described the filing as virtually incomprehensible, and relied in part on defendants' opposition papers.

Plaintiff disputes that characterization and asserts that the order did not identify or resolve the specific factual corrections, misconduct notices, threshold motions, or sworn evidence incorporated into DOC 238.

**Record treatment: Rule 59 relief denied; the order again certified that an appeal could not be taken in good faith.**

### July 23, 2025 — Sixth Circuit Doc. 24 — Motion for Continuance and Notice of Judicial and Professional Misconduct

**Record:** 6th Cir. Doc. 24, pp. 1–33, with additional caption materials docketed with the filing.
**Public link:** https://rico.fentonvstory.com/25-5592/doc/24.pdf

At the outset of the appeal, Appellant requested a ninety-day continuance or abeyance to prepare criminal and ethics filings and gave notice of alleged judicial and professional misconduct, access barriers, caption concerns, public-access problems, and the need for threshold review before merits briefing.

Appellant also explained that repeated nonacknowledgment of prior filings required substantial additional time, resources, and page count to restate matters already placed in the record.

**Record treatment: Sixth Circuit Doc. 31-1 denied the abeyance and certain access requests without prejudice, identified pro se filing alternatives, and referred substantive matters to the ultimate merits panel.**

**Concise Pattern Summary**

4. The chronology reflects repeated notice to both district courts and the Sixth Circuit of alleged attorney misconduct, alleged judicial misconduct, disputed factual assertions, record-integrity concerns, unresolved service barriers, public-access restrictions, disability-related access barriers, and requests for active judicial supervision.

5. Principal corrective filings included the sanctions and truth-certification sequence at MIWD ECF 96–101, the public-access filings, TNMD DOC 216 and DOC 222, the service and threshold-first requests at TNMD DOC 223–224, the Rule 59 materials at TNMD DOC 238, and Sixth Circuit Doc. 24.

6. The dismissal and Rule 59 orders resolved the action against Plaintiff but did not separately adjudicate most of those component requests or explain why the requested corrective and supervisory relief was unnecessary.

7. Plaintiff offers this chronology to establish notice, preservation, sequence, and the procedural consequences of entering dispositive orders before the cited matters were substantively addressed.

# EXHIBIT C

## MIWD ECF 99 — AMENDED MOTION FOR SANCTIONS

_____

## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MICHIGAN

**FILED - LN**
October 10, 2024 1:41 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __jlg /_____   SCANNED BY /10/11/24

JEFFREY RYAN FENTON,

Plaintiff

v.

VIRGINIA LEE STORY et al.,

Defendants

CASE NO. 1:23-cv-01097

### AMENDED[1] MOTION FOR SANCTIONS[2]

Plaintiff brings this motion pursuant to F.R.Civ.P. 11(c)(2) for the following reasons.  That rule

specifically states: "A motion for sanctions must be made separately from any other motion and

must describe the specific conduct that allegedly violates Rule 11(b)."  F.R.Civ.P. 11(b) states:

> "By presenting to the court a pleading, written motion, or other paper—whether by
> signing, filing, submitting, or later advocating it—an attorney or unrepresented party
> certifies that to the best of the person's knowledge, information, and belief, formed after an
> inquiry reasonable under the circumstances:
>> (1) it is not being presented for any improper purpose, such as to harass, cause
>> unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by
>> a nonfrivolous argument for extending, modifying, or reversing existing law or for
>> establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will
>> likely have evidentiary support after a reasonable opportunity for further investigation
>> or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so
>> identified, are reasonably based on belief or a lack of information."

---

[1]   Plaintiff filed a motion substantially similar to this titled MOTION FOR SANCTIONS on October 4, 2024, in ECF 97, PID.5295-5301, of which this document is the amended version replacing the previous motion in its entirety.  The original motion overlooked including a certification which complied with a motion concurrently filed by Plaintiff titled MOTION FOR ALL FILINGS TO BE SUBMITTED UNDER PENALTY OF PERJURY.  This motion corrects that oversight.

[2]   Citations to the court record in this lawsuit will be notated without the case name or number, using the starting ECF Number, followed by both the beginning and ending Page ID, which is abbreviated as "PID."

Initials:

Defendant Story in her affidavit[3] lists provisions in fourteen paragraphs.  Of the only four with real significance to this matter, paragraphs eleven through fourteen, three (75 percent) are false as testified to by Plaintiff in his COUNTER-AFFIDAVIT[4] filed in ECF 96-2, PID.5286-5294, on October 4, 2024.  As such, defendants Story and Story and Abernathy, PLLP, (hereinafter "SA") and/or their counsel have violated F.R.Civ.P. 11(b)(3) that "factual contentions have evidentiary support."  In fact, the evidentiary support shows the exact opposite: that Story's paragraphs 11, 12, and 14 have been proved false in Plaintiff's COUNTER-AFFIDAVIT.[5]  One can only presume that the reason for such deceptive and untruthful filings is to take advantage of a disadvantaged plaintiff who has disabilities.[6]  Also, filing anything with the court in order "to harass [such a plaintiff], cause unnecessary delay, or needlessly increase the cost of litigation" is a violation of F.R.Civ.P. 11(b)(1).

Several defendants—but Story in particular—have amassed a mountain of lies[7] in this and precipitating actions.  Just because a member of the bar "being duly sworn deposes and states" in a filing that certain events are "facts" does not make this so.  Nowhere in her "AFFIDAVIT[8]"

---

[3]  ECF 76-1, PID.5076-5079 | https://rico.jefffenton.com/evidence/2024-09-16_affidavit-of-virginia-lee-story.pdf

[4]  An amended version of this COUNTER-AFFIDAVIT is being filed concurrently with this AMENDED MOTION and is available online at: https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf

[5]  ECF 96-2, PID.5286-5294

[6]  ECF 1-38, PID.2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf
ECF 32, PID.3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf

[7]  ECF 22, PID.2818-2862 | https://rico.jefffenton.com/evidence/2019-08-01_chancery-hearing-transcript.pdf
ECF 19-6, PID.2669-2672 | https://rico.jefffenton.com/evidence/2019-08-01_chancery-court-order-with-counsel.pdf
ECF 33, PID.3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf
ECF 23, PID.2863-2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-transcript-audio-markers.pdf
ECF 23-4, PID.2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-audio-recording.mp3
ECF 19-7, PID.2674-2677 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-court-order-once-pro-se.pdf
ECF 68, PID.5009-5029 | https://rico.jefffenton.com/evidence/2024-08-22_memorandum-of-law-about-void-tn-court-orders.pdf

[8]  ECF 76-1, PID.5076-5079 | https://rico.jefffenton.com/evidence/2024-09-16_affidavit-of-virginia-lee-story.pdf

Initials:

does she sign under penalty of perjury. As it stands, there are no repercussions for her falsely making statements in court documents. This must stop.

Because of the fraud, deception, and deliberate violations of local, state, and federal law, litigation has multiplied. Nobody is taking or has taken remedial action on the part of Plaintiff—neither state defendants[9] nor oversight boards[10] in Tennessee. This inaction has compounded Plaintiff's damages.[11] Accordingly, there has to be substantial compensation. Moreover, fraud and the other acts listed at the beginning of this paragraph are what caused this complaint to be filed in the first place. Indeed, that is the reason for this very action! Plaintiff's workload has also multiplied. He has worked a minimum of six days per week, usually seven, no less than ten hours per day for roughly the last year. He would not have needed to do so if not for the aforesaid nefarious actions of the defendants.

Counsel for defendants Story and SA had not only the ability but also the duty to verify their claims that they "never conducted any activity in Michigan." Plaintiff was wrongly evicted from his home on September 3, 2019.[12] Two letters[13] from Story and SA to Plaintiff are shown on pages A4-5[14] and A4-6[15] in the complaint as being dated *after* September 3, 2019. Defendant Story knew Plaintiff would be "be moving to Michigan."[16] In fact, even with the redaction, the letter on

---

[9] ECF 1-29, PID.1665-1681 | https://rico.jefffenton.com/evidence/2021-01-19_reported-misconduct-sought-help-tnsc-aoc-bpr.pdf

[10] ECF 57-1, PID.4551-4557 | https://rico.jefffenton.com/evidence/2020-12-29_tnsc-bpr-complaint-against-story-binkley-etc.pdf

[11] ECF 1-28, PID.1658 | https://rico.jefffenton.com/evidence/2021-01-19_tnsc-immunity-disorder-strike-expunge-op.pdf

[12] ECF 19-7, PID.2675

[13] ECF 19-8, PID.2679 | https://rico.jefffenton.com/evidence/2019-09-16_story-letter-demanding-two-grand-for-storage.pdf
ECF 19-8, PID.2680-2681 | https://rico.jefffenton.com/evidence/2019-09-26_story-letter-demanding-thirty-five-hundred.pdf

[14] See attached exhibit 'A'.

[15] See attached exhibit 'B'.

[16] ECF 23, PID.2887 | https://rico.jefffenton.com/evidence/2019-09-16_story-letter-demanding-two-grand.pdf

Initials:

page A4-5[17] shows it being clearly addressed to Marsha Fenton who Story knew lived in Michigan.[18]

Moreover, 84 percent of the litigation in which defendants Story and SA were involved occurred while Plaintiff was living in Michigan as pointed out in his COUNTER-AFFIDAVIT.[19]



Rather than following the Rules of Professional Conduct, counsel decided to rubber-stamp defendant Story's and SA's lies. This is not how lawyers are supposed to operate. When clients do not behave lawfully or ethically, counsel is supposed to decline or terminate representation. Counsel and defendants Story and SA—in just one affidavit—have already violated rules 1.2(c), 1.16(a), and 3.3(a)(1) of the Rules of Professional Conduct, possibly others.[20]

---

[17] See attached exhibit 'A'.

[18] ECF 23, PID.2867 | https://rico.jefffenton.com/evidence/2019-09-26_story-letter-demanding-thirty-five-hundred-now.pdf

[19] ECF 96-2, PID.5286-5294 | An amended version of this COUNTER-AFFIDAVIT is being filed concurrently with this AMENDED MOTION and is available online at: https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf

[20] https://www.courts.michigan.gov/498ad6/siteassets/rules-instructions-administrative-orders/rules-of-professional-conduct/michigan-rules-of-professional-conduct.pdf

Initials:

Because of the magnitude of work defendants have created for Plaintiff, he has no choice but to ask the court to sanction them a minimum of $100,000 to cover legal expenses that he will undoubtedly incur hiring an attorney—or, more likely, a team of attorneys—which he will need in order to counter the frivolous and false filings by defendants and to continue to untangle the mess defendants have created and continue to create.  The purpose of the law is not to protect organized crime.  It is to protect citizens *from* organized crime.  Lastly, members of the bar cannot get a "free pass" to testify falsely while creating extra work for the opposing party.

## CONCLUSION

Without disincentivizing defendants, specifically Story and SA, individually or through counsel, from unceasingly filing falsified documents, they will continue to file such untruthful documents with the court, thereby causing the plaintiff—with disabilities—to redirect his already limited resources towards deflecting false allegations and thus cause him not to be able to properly prosecute this case on its merits or to meet all deadlines imposed by rule, law, or the court.  As such Plaintiff seeks $100,000 in sanctions or, in the alternative, that defendants Story and SA and/or their counsel pay attorney fees that Plaintiff will incur since he will otherwise need to hire counsel in order to fight not only the defendants but their frivolous filings as well.

Initials:

## CERTIFICATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Executed on October 8, 2024

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

Page **6** of **6**



**Story Abernathy & Campbell**
PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story*
virginia@tnlaw.org

Joanie L. Abernathy
joanie@tnlaw.org

Neil Campbell*
neil@tnlaw.org

Kathryn L. Yarbrough
kyarbrough@tnlaw.org

Of Counsel:
James E. Story,*
Attorney at Law

Marissa L. Walters
Paralegal/Associate Attorney
marissa@tnlaw.org

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN 37064

OFFICE (615) 790-1778
FAX (615) 790-7468

*Licensed in Kentucky

September 16, 2019

*Via Email*
Mr. Jeffrey Fenton
Email: Jeff@meticulous.tech

*Via First Class Mail*
Ms. Marsha Fenton

Re:  *Fawn ▮▮▮ Fenton vs. Jeffrey Ryan Fenton*
   *Williamson County Chancery Court No. 48419B*

Dear Mr. Fenton:

My client was at the house over the weekend and has indicated that you left the house in a mess despite you having known since August 1, 2019 that the property would be auctioned. The costs for cleaning out the house and moving the items that you have tagged per the Court Order to storage will be in excess of $2,000. Please send a check payable to Fawn Fenton noted for moving and clean up to my office address. I will provide you with each invoice so you have an accounting of actual costs.

If I do not receive a check from you in the amount of $2,000 by **Friday, September 20, 2019**, we will have to sell the remaining items in the house and then dispose of the items that cannot be sold. Any proceeds from items sold will be deposited into the Clerk's office for distribution after payment of the costs.

As for the items you have tagged and for which you will send the $2,000 advance by **Friday, September 20, 2019** for the movers and clean up, please make the arrangements for a storage unit. This will need to be done by **Thursday, September 26, 2019**. Send me the name of the storage location and unit number with verification that the amount has been paid in advance so that when the movers arrive there are no snags.

Finally, we did not locate any guns in the house. Please advise where they are located with the contact information or whether you have taken them with you to Michigan. If you have any guns in your possession, please provide an itemized list of all types, manufacturers, and models.

Sincerely,

Virginia Lee Story
Attorney at Law

cc: Ms. Fawn Fenton

williamsoncountyattorneys.com                *Rule 31 Family Law Mediator*


**PLAINTIFF'S EXHIBIT A**

A4-5



**Story Abernathy & Campbell**
PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story +
virginia@tnlaw.org

Joanie L. Abernathy
joanie@tnlaw.org

Neil Campbell +
neil@tnlaw.org

Kathryn L. Yarbrough
kyarbrough@tnlaw.org

Of Counsel:
James E. Story,*
Attorney at Law

Marissa L. Walters
Paralegal/Associate Attorney
marissa@tnlaw.org

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN  37064

OFFICE (615) 790-1778
FAX (615) 790-7468

*Licensed in Kentucky

September 16, 2019

**_Via Email_**
Mr. Jeffrey Fenton
**Email**: Jeff@meticulous.tech

**_Via First Class Mail_**
Ms. Marsha Fenton

Linden, MI  48451

>   Re:   **_Fawn_** ██████ **_Fenton vs. Jeffrey Ryan Fenton_**
>   **_Williamson County Chancery Court No. 48419B_**

Dear Mr. Fenton:

My client was at the house over the weekend and has indicated that you left the house in a mess despite you having known since August 1, 2019 that the property would be auctioned.  The costs for cleaning out the house and moving the items that you have tagged per the Court Order to storage will be in excess of $2,000.  Please send a check payable to Fawn Fenton noted for moving and clean up to my office address.  I will provide you with each invoice so you have an accounting of actual costs.

If I do not receive a check from you in the amount of $2,000 by **Friday, September 20, 2019**, we will have to sell the remaining items in the house and then dispose of the items that cannot be sold.  Any proceeds from items sold will be deposited into the Clerk's office for distribution after payment of the costs.

As for the items you have tagged and for which you will send the $2,000 advance by **Friday, September 20, 2019** for the movers and clean up, please make the arrangements for a storage unit.  This will need to be done by **Thursday, September 26, 2019**.  Send me the name of the storage location and unit number with verification that the amount has been paid in advance so that when the movers arrive there are no snags.

Finally, we did not locate any guns in the house.  Please advise where they are located with the contact information or whether you have taken them with you to Michigan.  If you have any guns in your possession, please provide an itemized list of all types, manufacturers, and models.

Sincerely,

Virginia Lee Story
Attorney at Law

cc:  Ms. Fawn Fenton

PLAINTIFF'S
EXHIBIT
A-2

**The scanned version of this document represents an exact copy of the original as submitted to the Clerk's Office. The original has not been retained.**



**Story Abernathy & Campbell**

PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story
virginia@mlaw.org

Joanie L. Abernathy
joanie@mlaw.org

Neil Campbell
neil@mlaw.org

Kathryn L. Yarbrough
kyarbrough@mlaw.org

Of Counsel:
James E. Story,
Attorney at Law

Marissa L. Walters
marissa@mlaw.org

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN 37064

OFFICE (615) 790-1778
FAX (615) 791-0468

*Licensed in Kentucky*

September 26, 2019

**Via First Class Mail and E-Mail**

Mr. Jeffrey Fenton



Jeff@meticulous-tech

> **Re:** **Fawn ████ Fenton vs. Jeffrey Ryan Fenton**
> **Williamson County Chancery Court No. 48419B**

Dear Mr. Fenton:

To follow up on correspondence sent to you on September 16, 2019, we never received any information on a storage unit you would like to use to store the extensive list of items you wish to retain from the Sunnyside residence. Therefore, Ms. Fenton took it upon herself to obtain a quote from Fox Moving and Storing to have these items packed, moved and stored. **The quote is attached hereto.** As you can see, the cost for packing only your personal items (i.e. remaining clothing, photos, etc.) is $639.00. The cost for moving the larger items and your personal items is $2,895.00. This would include moving the items to Fox's storage facility in Nashville. The cost to store these items in their storage facility would be approximately $495.00 per month. Finally, to have all of these items packed and moved to Michigan, the cost would be over $6,000.00.

At this point, it is our position that moving the items to Michigan is not financially responsible but that is up to you if you want to use any proceeds you received to have your items shipped. It is our position and that of Mr. Anderson's that the entire value of the remaining contents of the home is only approximately $3,000.00, therefore the cost to move and store these items far outweighs their worth. However, if you would like for the items to be packed and stored in the Fox storage facility in Nashville then you will need to send a check to my office in the amount of $3,534.00 no later than next Wednesday, October 2, 2019, made payable to Fawn Fenton and she will schedule the movers and the storage facility for one month until you decide if you want to have the items moved to Michigan. The only other option is to have the remaining property sold and any proceeds will be placed in the Clerk & Masters office for distribution at a later date. We will go ahead and file a Motion with the Court to sell or otherwise get rid of all remaining items in the home in the event that you do not agree to pay the cost for packing, moving and storing the items that you wish to retain.

williamsoncountyattorneys.com



PLAINTIFF'S EXHIBIT

**B**

A4-6

https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

https://rico.jefffenton.com/evidence/2024-10-08_motion-for-sanctions-against-story-for-lying.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Jeffrey Fenton
September 26, 2019
Page 2

Finally, you still have not disclosed where all of your guns are located.  Please advise where they are located with the contact information or whether you have taken them with you to Michigan.  If you have any guns in your possession, please provide an itemized list of all guns that you removed, manufacturers, and models.

I thank you in advance for your prompt response to these time sensitive matters.

Sincerely,

Virginia Lee Story
Attorney at Law

Enclosure
cc:  Ms. Fawn Fenton

williamsoncountyattorneys.com                    Rule 31 Family Law Mediator



A4-7



**Story Abernathy & Campbell**
PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story
virginia@tnlaw.org

Joanie L. Abernathy
joanie@tnlaw.org

Neil Campbell
neil@tnlaw.org

Kathryn L. Yarbrough
kyarbrough@tnlaw.org

Of Counsel:
James E. Story,
Attorney at Law

Marissa L. Walters
marissa@tnlaw.org

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN 37064

OFFICE (615) 790-1778
FAX (615) 790-7468

*Licensed in Kentucky

September 26, 2019

***Via First Class Mail and E-Mail***

Mr. Jeffrey Fenton
17195 Silver Parkway, #150
Fenton, MI 48430
Jeff@meticulous.tech

> **Re:** ***Fawn ███████ Fenton vs. Jeffrey Ryan Fenton***
> ***Williamson County Chancery Court No. 48419B***

Dear Mr. Fenton:

To follow up on correspondence sent to you on September 16, 2019, we never received any information on a storage unit you would like to use to store the extensive list of items you wish to retain from the Sunnyside residence. Therefore, Ms. Fenton took it upon herself to obtain a quote from Fox Moving and Storing to have these items packed, moved and stored. **The quote is attached hereto.** As you can see, the cost for packing only your personal items (i.e. remaining clothing, photos, etc.) is $639.00. The cost for moving the larger items and your personal items is $2,895.00. This would include moving the items to Fox's storage facility in Nashville. The cost to store these items in their storage facility would be approximately $495.00 per month. Finally, to have all of these items packed and moved to Michigan, the cost would be over $6,000.00.

At this point, it is our position that moving the items to Michigan is not financially responsible but that is up to you if you want to use any proceeds you received to have your items shipped. It is our position and that of Mr. Anderson's that the entire value of the remaining contents of the home is only approximately $3,000.00, therefore the cost to move and store these items far outweighs their worth. However, if you would like for the items to be packed and stored in the Fox storage facility in Nashville then you will need to send a check to my office in the amount of $3,534.00 no later than next Wednesday, October 2, 2019, made payable to Fawn Fenton and she will schedule the movers and the storage facility for one month until you decide if you want to have the items moved to Michigan. The only other option is to have the remaining property sold and any proceeds will be placed in the Clerk & Masters office for distribution at a later date. We will go ahead and file a Motion with the Court to sell or otherwise get rid of all remaining items in the home in the event that you do not agree to pay the cost for packing, moving and storing the items that you wish to retain.



PLAINTIFF'S EXHIBIT
B-3

williamsoncountyattorneys.com

*Rule 31 Family Law Mediator*

https://rico.jefffenton.com/evidence/2019-09-26_story-letter-demanding-thirty-five-hundred-now.pdf  Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

https://rico.jefffenton.com/evidence/2024-10-08_motion-for-sanctions-against-story-for-lying.pdf  Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Jeffrey Fenton
September 26, 2019
Page 2

     Finally, you still have not disclosed where all of your guns are located. Please advise where they are located with the contact information or whether you have taken them with you to Michigan. If you have any guns in your possession, please provide an itemized list of all guns that you removed, manufacturers, and models.

     I thank you in advance for your prompt response to these time sensitive matters.

                Sincerely,

                Virginia Lee Story
                Attorney at Law

Enclosure
cc: Ms. Fawn Fenton



williamsoncountyattorneys.com          Rule 31 Family Law Mediator

# EXHIBIT D

## MIWD ECF 100 AND 100-1 — AMENDED MOTION TO REQUIRE TRUTH AND RULE 11(B) CERTIFICATION, WITH SERVICE-ATTEMPT EXHIBIT

_____

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

**FILED - LN**
October 10, 2024 1:41 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:__jlg /_____   SCANNED BY___/___ 10/11/24

JEFFREY RYAN FENTON,

Plaintiff

v.

VIRGINIA LEE STORY ET AL.,

Defendants

CASE NO. 1:23-CV-01097

**AMENDED[1] MOTION TO REQUIRE ALL FILINGS TO INCLUDE A CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF PERJURY[2] (EXPEDITED CONSIDERATION REQUESTED)**

Plaintiff brings this motion pursuant to F.R.Civ.P. 11(b)[3] and Article III, Section 1 of the U.S. Constitution, inherent powers of the court.   Article III's grant of inherent authority is conventionally understood as permitting a federal court to regulate its own proceedings.   Here, litigation is in danger of being multiplied yet again because of the actions of certain defendants. Plaintiff has filed nearly everything signed under penalty of perjury because he has nothing to hide and truly seeks justice.

Defendant Story—and seemingly others—on the other hand, are seeking to thwart justice. This has become evident in the fact that of the fifteen bar individuals served process, *not one* of them has actually signed the return receipt[4] as required by certified U.S. mail with restricted delivery,

---

[1]   Plaintiff filed a motion substantially similar to this titled MOTION FOR ALL FILINGS TO BE SUBMITTED UNDER PENALTY OF PERJURY on October 4, 2024, in ECF 96, PID.5259-5264, of which this document is the amended version replacing the previous motion in its entirety.   The original motion overlooked including a certification which complied with the requests therein, hence creating a confusing paradox if granted.   This motion corrects that oversight.

[2]   Citations to the court record in this lawsuit will be notated without the case name or number, using the starting ECF Number, followed by both the beginning and ending Page ID, which is abbreviated as "PID."

[3]   https://www.law.cornell.edu/rules/frcp/rule_11

[4]   See attached exhibit 'A'.

Page **1** of 8

Initials: _____

likely using their knowledge of the rules and procedures combined with local influence over the populace—including postal carriers—in an attempt to stymie and confound Plaintiff.....and justice. It has also become evident in the fact that nearly everything defendant Story filed in the Tennessee courts contained factually false or materially misleading information[5].  This is one of the reasons why she is a defendant in this matter.    To allow her to continue would be preposterous.

---

[5]   ECF 19, PID.2617-2716 | https://rico.jefffenton.com/evidence/2019_tn-court-motions-in-chronological-order.pdf

ECF 38, PID.3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf

ECF 22, PID.2818-2862 | https://rico.jefffenton.com/evidence/2019-08-01_chancery-hearing-transcript.pdf

ECF 33, PID.3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf

ECF 18-7, PID.2526-2589 | https://rico.jefffenton.com/evidence/2019-08-29_husbands-one-and-done-answer-to-all.pdf

ECF 57-1, PID.4394-4404 | https://rico.jefffenton.com/evidence/2019-08-30_emergency-attempt-to-correct-court-order.pdf

ECF 57-1, PID.4405-4413 | https://rico.jefffenton.com/evidence/2019-08-30_notified-story-beeler-false-claims-in-court-order.pdf

ECF 57-1, PID.4459 | https://rico.jefffenton.com/evidence/2019-08-30_story-lied-when-notified-false-claims-in-order.pdf

ECF 57-1, PID.4463-4475 | https://rico.jefffenton.com/evidence/2019-09-26_motion-to-sell-contents-of-marital-residence.pdf

ECF 57-1, PID.4478-4480 | https://rico.jefffenton.com/evidence/2019-10-10_notified-bankers-title-sale-illegal-unauthorized.pdf

ECF 1-31, PID.1794-1873 | https://rico.jefffenton.com/evidence/2019-10-21_order-of-protection-as-illegal-prior-restraint.pdf

ECF 1-12, PID.479-596 | https://rico.jefffenton.com/evidence/2019-10-29_tn-wilco-deed-fraud-ada-financial-exploitation.pdf

ECF 49, PID.4030-4035 | https://rico.jefffenton.com/evidence/2019-11-12_settlement-offer-mitigate-losses-story-refused.pdf

ECF 49, PID.4036-4041 | https://rico.jefffenton.com/evidence/2019-11-12_proof-story-received-my-settlement-offer.pdf

ECF 57-1, PID.4486-4501 | https://rico.jefffenton.com/evidence/2019-tn-wilco-48419b-tech-record-v3-pages-387-402-iied.pdf

ECF 49, PID.4046-4067 | https://rico.jefffenton.com/evidence/2020-05-05_notified-story-about-her-fraudulent-affidavit.pdf

ECF 28, PID.3276-3288 | https://rico.jefffenton.com/evidence/2020-07-02_bk-trustee-john-mclemore-call-declaration.pdf

ECF 54-1, PID.4367 | https://rico.jefffenton.com/evidence/2020-07-02_bk-trustee-john-mclemore-recorded-call.mp3

ECF 1-31, PID.1794-1873 | https://rico.jefffenton.com/evidence/2020-09-24_5yr-op-ext-retaliation-no-notice-motion-hearing.pdf

ECF 57-1, PID.4528-4535 | https://rico.jefffenton.com/evidence/2020-10-05_report-ada-abuse-misconduct-to-coke-hivner.pdf

ECF 50, PID.4082-4086 | https://rico.jefffenton.com/evidence/2020-10-16_coa-emergency-motion-reporting-misconduct.pdf

ECF 51, PID.4088-4135 | https://rico.jefffenton.com/evidence/2020-10-28_motion-to-supplement-and-correct-the-record.pdf

ECF 51, PID.4136-4138 | https://rico.jefffenton.com/evidence/2020-10-30_storys-objection-to-correcting-the-court-record.pdf

ECF 1-29, PID.1665-1681 | https://rico.jefffenton.com/evidence/2021-01-19_reported-misconduct-sought-help-tnsc-aoc-bpr.pdf

ECF 1-28, PID.1658 | https://rico.jefffenton.com/evidence/2021-01-19_tnsc-immunity-disorder-strike-expunge-op.pdf

ECF 57-1, PID.4558-4560 | https://rico.jefffenton.com/evidence/2021-04-09_tn-court-of-appeals-case-closed-summary.pdf

ECF 54-1, PID.4371 | https://rico.jefffenton.com/evidence/2021-12-02_fbi-mark-shafer-binkley-story-corruption.mp3

ECF 52, PID.4225-4228 | https://rico.jefffenton.com/evidence/2023-12-13_wcso-racketeering-official-oppression.pdf

ECF 53, PID.4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf

ECF 68, PID.5009-5029 | https://rico.jefffenton.com/evidence/2024-08-22_memorandum-of-law-about-void-tn-court-orders.pdf

Initials:

In her very first filing, she has already done so[6].  This has been proved by Plaintiff's COUNTER-AFFIDAVIT[7] filed on October 4, 2024, in ECF 96-2, PID.5286-5294.

In the interests of justice, truth, and the most productive use of time and resources by all involved, including the court, Plaintiff is asking this court to require all parties filing any "pleading, written motion, or other paper" that s/he "certifies that to the best of the person's knowledge" the content of each document is in fact true, sworn to under the penalty of perjury, pursuant to 28 U.S. Code § 1746 while also certifying the contents of each document are in compliance with F.R.Civ.P. 11(b) that:

> "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

This should reduce future filings in the case because Plaintiff will not have to waste time, energy, and other resources countering many of the false documents that have been filed and are still yet to be filed.  It should therefore not only somewhat unburden Plaintiff, but also the court by reducing the potential docket size by perhaps a factor of two or something close.  It should also be another step towards justice, not *away* from it.

Should any party not sign any filed document pursuant to 28 U.S. Code § 1746 stating that the contents are true and in compliance with F.R.Civ.P. 11(b), that document should be

---

[6]   ECF 76-1, PID.5076-5079 | https://rico.jefffenton.com/evidence/2024-09-16_affidavit-of-virginia-lee-story.pdf

[7]   An amended version of this COUNTER-AFFIDAVIT is being filed concurrently with this AMENDED MOTION and is available online at: https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf

Initials:

automatically struck, or otherwise, not require a response from Plaintiff, and the court would not give it any merit. Lastly, Plaintiff is asking the court to make its order retroactive to the date of the court's "NOTICE OF INTENT TO TRANSFER ACTION"[8] so that any motion to dismiss will also be subject to this order.

## EQUITABLE CONSIDERATION

This lawsuit is against five judges, ten attorneys, five law firms, two real estate firms, two real estate brokers, two banks, three courts, and five government entities in the State of Tennessee who are so far represented by five more law firms. Plaintiff, who is a *pro se* litigant, has only a high school education and multiple disabilities,[9] which further diminish his capacity to litigate and protect his interests.

At the absolute least, this court should require all parties to proceed honestly, in good faith, and in the pursuit of justice[10] in accordance with the federal rules and swear under the penalty of perjury they are doing so as Plaintiff has largely done throughout. Otherwise, Plaintiff should not be burdened with responding to any paper they file, nor should the court give them any consideration.

---

Society's commitment to institutional justice <u>requires that judges be solicitous of the rights of persons</u> who come before the court. *Geiler v. Commission on Judicial Qualifications,* (1973) 10 Cal.3d 270, 286 (emphasis added).

---

[8] ECF 72, PID.5046-5050 | https://rico.jefffenton.com/evidence/2024-09-12_wdm-notice-of-intent-to-transfer-action.pdf

[9] ECF 32, PID.3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf
ECF 1-38, PID.2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

[10] How they are required to proceed per the federal rules in the first place, but they haven't while so far there has been no active oversight, discipline, or penalty for their outrageous misconduct.

Initials:

## PROCESS VERSUS MERITS AND CONDUCT

In the matters underlying this cause of action, the defendants have held *process* over merits and conduct, when merits are supposed to rule and conduct is not supposed to be optional. This is especially true when a *pro se* litigant[11] who has acted honestly and in good faith[12] and has never failed to plead[13]. It is clear from Plaintiff's pleadings that he has both wanted and earnestly attempted to defend himself in the preceding actions. He has never acted to thwart the judicial proceedings or with reckless disregard for the effect of his conduct on the proceedings[14].

> "*Pro se* pleadings are to be considered without regard to technicality; *pro se* litigants' pleadings are not to be held to the same high standards of perfection as lawyers." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959); *Picking v. Pennsylvania R. Co.,* 151 Fed 2nd 240; *Pucket v. Cox,* 456 2nd 233 (emphasis added).

> "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a **just** judgment." *Maty v. Grasselli Chemical Co.,* 303 U.S. 197 (1938) (emphasis added).

If this court denies Plaintiff's motion to require the defendants to essentially *obey* the court's rules of conduct, some of these defendants will undoubtedly[15] keep using the same "game plan" they used in Tennessee: ignoring misconduct and the primary merits of the matters before the court while *overwhelming* Plaintiff with *process* which realistically exceeds his ability to satisfy.

---

[11] *Dessault Systemes S. A. v. Childress*, 663 F. 3d 832, 844 (6th Cir. 2011)(Citing *Shepard Claims Serv., Inc. v. William Darrah and Associates*, 796 F. 2d 190, 194 (6th Cir. 1986).

[12] ECF 43, PID.3705-3709 | https://rico.jefffenton.com/evidence/2017-04-10_usdc-tnmd-fisher-v-gates-pro-se-report.pdf

[13] ECF 51, PID.4088-4135 | https://rico.jefffenton.com/evidence/2020-10-28_motion-to-supplement-and-correct-the-record.pdf

[14] *See Childress*, 663 F. 3d at 841

[15] As defendant Story has just exhibited, in her September 16, 2024, affidavit filed with this court in ECF 76-1, PID.5076-5079.

Initials:

This cannot be allowed, nor can Plaintiff be expected to police every word written and to call out every lie—lest it all be taken as truth by the court—without the court demanding the multitude of court officials supporting the opposition to *obey* the court's rules of both judicial and professional conduct. Similarly, when Plaintiff must divert his valuable time from proving the merits of his case to calling out obvious misconduct and motioning the court to act in the interests of justice, the court must take substantial action to dissuade similar misconduct from reoccurring, or no justice will be found as a result of these proceedings.

> "Following the simple guide of rule 8(f) that <u>all pleadings shall be so construed as to do substantial justice</u>"… "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and <u>accept the principle that the purpose of pleading is to facilitate a proper decision on the merits</u>." *Conley v. Gibson,* 355 U.S. 41 at 48 (1957) (emphasis added).

By sheer size and strength, Plaintiff doesn't have a chance in this case—*regardless of the merits*—unless the court strictly adheres to its rules of professional and judicial conduct while prioritizing the merits of this case and the conduct of the defendants, both in the preceding actions and in this current action, over technical rules of court processes and procedures. Yet Plaintiff is expected and required to comply with these processes and procedures in order to proceed with this litigation and have any chance at obtaining a remedy.

> "Where rights secured by the Constitution are involved, <u>there can be no 'rule making' or legislation which would abrogate them</u>." *Miranda v. Arizona,* 384 U.S. 426, 491; 86 S. Ct. 1603 (emphasis added).
>
> "The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury." *Owen v. City of Independence*

Initials:

## CONCLUSION

For the foregoing reasons, this court should require language in all filings to specifically certify pursuant to 28 U.S. Code § 1746 that their contents are factually true and have been submitted in compliance with F.R.Civ.P. Rule 11(b) and to make its order retroactive to the date of September 12, 2024, when this court issued the NOTICE OF INTENT TO TRANSFER ACTION[16] prior to any defendant making an appearance in this case.

Plaintiff requests a ruling by October 11, 2024, so that he has sufficient time to reply to DEFENDANTS' VIRGINIA LEE STORY AND STORY AND ABERNATHY, PLLP'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)(2)(3)(4) & (5) if not mooted by granting this motion.

Plaintiff filed a motion substantially similar to this titled MOTION FOR ALL FILINGS TO BE SUBMITTED UNDER PENALTY OF PERJURY on October 4, 2024, in ECF 96, PID.5259-5264, of which this document is the amended version replacing the previous motion in its entirety.  The original motion overlooked including a certification which complied with the requests therein, hence creating a confusing paradox if granted.  This motion corrects that oversight.

---

[16]   ECF 72, PID.5046-5050 | https://rico.jefffenton.com/evidence/2024-09-12_wdm-notice-of-intent-to-transfer-action.pdf

Initials:

## CERTIFICATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 8, 2024

_____

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

Page **8** of **8**

# EXHIBIT -A



DEFENDANT: MICHAEL W. BINKLEY

RECEIVED SERVICE: 8/26/2024



**UNITED STATES POSTAL SERVICE.**

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777

08/23/2024                          02:51 PM
----------------------------------------
Product          Qty    Unit      Price
                        Price
----------------------------------------
Priority Mail®     1              $14.25
    Franklin, TN 37069
    Weight: 3 lb 10.60 oz
    Expected Delivery Date
        Mon 08/26/2024
    Insurance                     $0.00
    Up to $100.00 included
Restricted Del                   $12.75
    Recipient name
        MICHAEL W BINKLEY
    Tracking #:
        70203160000230014711
    Return Receipt               $4.10
    Tracking #:
        9590 9402 8627 3244 0685 03
Total                            $31.10

----------------------------------------
Grand Total:                     $31.10
----------------------------------------
Credit Card Remit                $31.10
    Card Name: VISA
    Account #: XXXXXXXXXXXXX8359
    Approval #: 313215
    Transaction #: 660
    AID: A0000000031010    Chip
    AL: VISA CREDIT
    PIN: Not Required
----------------------------------------

UFN: 255460-0451
Receipt #: 840-54930036-1-5521667-2
Clerk: 6

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Franklin, TN 37069     OFFICIAL

| | |
|---|---|
| Certified Mail Fee | $4.10 |
| $ | |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $ | $0.00 |
| ☒ Return Receipt (electronic) $ | $12.75 |
| ☒ Certified Mail Restricted Delivery $ | $0.00 |
| ☐ Adult Signature Required $ | $0.00 |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage | $14.25 |
| $ | |
| Total Postage and Fees | |
| $31.10 | |

LINDEN MI 48451
0451
6
AUG 23 2024 Postmark Here
08/23/2024
USPS

**MICHAEL W. BINKLEY**
▮▮▮▮▮▮▮▮
**FRANKLIN, TN 37069-**▮▮▮

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

---

COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**MICHAEL W. BINKLEY**
▮▮▮▮▮▮▮▮
**FRANKLIN, TN 37069-**▮

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 8627 3244 0685 03

2. Article Number (Transfer from service label)
7020 3160 0002 3001 4711

PS Form **3811**, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                              ☐ Agent
                               ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

**This USPS Return Receipt Mysteriously Disappeared, Was Never Returned Even After Successful Delivery.**

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

DEFENDANT: ELAINE B. BEELER | RECEIVED SERVICE: 8/26/2024



**UNITED STATES POSTAL SERVICE.**

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777

08/24/2024                                11:25 AM

| Product | Qty | Unit Price | Price |
|---|---|---|---|

Priority Mail®        1                    $14.25
    Franklin, TN 37064
    Weight: 3 lb 10.80 oz
    Expected Delivery Date
    Mon 08/26/2024
    Insurance                              $0.00
        Up to $100.00 included
    Restricted Del                        $12.75
        Recipient name
            ELAINE B BEELER
        Tracking #:
            70203160000230014704
    Return Receipt                         $4.10
        Tracking #:
            9590 9402 8627 3244 0684 97
Total                                     $31.10

Grand Total:                             $147.60

Credit Card Remit                        $147.60
    Card Name: VISA
    Account #: XXXXXXXXXXXXX8359
    Approval #: 014252
    Transaction #: 185
    AID: A0000000031010        Chip
    AL: VISA CREDIT
    PIN: Not Required

UFN: 255460-0451
Receipt #: 840-54930036-3-6753461-2
Clerk: 06



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Franklin, TN 37064                          OFFICIAL USE

| Certified Mail Fee | $ $4.10 | 0451 06 |
|---|---|---|
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☒ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $12.75 | Postmark Here |
| ☒ Certified Mail Restricted Delivery | $ $0.00 | |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |

Postage          $14.25

Total Postage and Fees   $31.10

LINDEN, MI 48451    AUG 24 2024    08/24/2024

Sent: **ELAINE B. BEELER**
Street
City, **FRANKLIN, TN 37064-■■■**

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions



USPS TRACKING #

NASHVILLE TN 370
25 AUG 2024 PM 2 L

9590 9402 8627 3244 0684 97

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

**17195 SILVER PKWY**
**PMB #150**
**FENTON, MI    48430-3426**

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**ELAINE B. BEELER**

**FRANKLIN, TN 37064-■■■**

9590 9402 8627 3244 0684 97

2. Article Number *(Transfer from service label)*
7020 3160 0002 3001 4704

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                          ☐ Agent
                           ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

**This USPS Return Receipt**
**Was Mysteriously Missing**
**A Signature and Any**
**Information About Delivery**

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

DEFENDANT: VIRGINIA LEE STORY                                                    RECEIVED SERVICE: 8/26/2024



```
UNITED STATES
POSTAL SERVICE.

              LINDEN
          215 S MAIN ST
       LINDEN, MI 48451-9998
          (800)275-8777
08/24/2024                    11:25 AM

Product        Qty   Unit    Price
                     Price
------------------------------------------

Priority Mail®    1           $14.25
  Franklin, TN 37064
  Weight: 3 lb 10.60 oz
  Expected Delivery Date
    Mon 08/26/2024
  Insurance                    $0.00
    Up to $100.00 included
  Restricted Del              $12.75
    Recipient name
      VIRGINIA L STORY
    Tracking #:
      70203160000230014919
  Return Receipt               $4.10
    Tracking #:
      9590 9402 8627 3244 0682 20
  Total                       $31.10
------------------------------------------
Grand Total:                 $147.60

Credit Card Remit            $147.60
  Card Name: VISA
  Account #: XXXXXXXXXXXX8359
  Approval #: 014252
  Transaction #: 185
  AID: A0000000031010      Chip
  AL: VISA CREDIT
  PIN: Not Required
------------------------------------------

UFN: 255460-0451
Receipt #: 840-54930036-3-6753461-2
Clerk: 06
```



**"Restricted Delivery" but not signed by DEFENDANT as required.**



RICO SERVICE: SHIPPED via USPS on 8/24/2024 at 11:25 AM          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

DEFENDANT: KATHRYN YARBROUGH   SECOND SERVICE ATTEMPT   RECEIVED SERVICE: 9/06/2024

**UNITED STATES POSTAL SERVICE.**

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777

09/04/2024                          01:45 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|

Priority Mail®          1                        $14.25
   Thompsons Station, TN 37179
   Weight: 3 lb 12.00 oz
   Expected Delivery Date
      Fri 09/06/2024
   Insurance                                       $0.00
      Up to $100.00 included
   Restricted Del                                 $12.75
      Recipient name
         KATHRYN L. YARBROUGH
      Tracking #:
         70203160000230014698
   Return Receipt                                  $4.10
      Tracking #:
         9590 9402 8627 3244 0684 80
Total                                             $31.10

Grand Total:                                      $85.40

Credit Card Remit                                 $85.40
   Card Name: VISA
   Account #: XXXXXXXXXXXX8359
   Approval #: 214054
   Transaction #: 241
   AID: A0000000031010        Chip
   AL: VISA CREDIT
   PIN: Not Required

UFN: 255460-0451
Receipt #: 840-54930036-3-6764826-2
Clerk: 06

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Thompsons Station, TN 37179

OFFICIAL USE

| Certified Mail Fee | | |
| $ | $4.10 | |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☒ Return Receipt (hardcopy) | $ | $0.00 |
| ☐ Return Receipt (electronic) | $ | $12.75 |
| ☒ Certified Mail Restricted Delivery | $ | $0.00 |
| ☐ Adult Signature Required | $ | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | | |
| $ | $14.25 | |
| Total Postage and Fees | | |
| $ | $31.10 | |

Postmark Here
SEP 04 2024
09/04/2024

Sender

Street

City

KATHRYN YARBROUGH

THOMPSONS STATION, TN 37179-

PS Form 3800, April 2015 PSN 7530-02-000-9047       See Reverse for Instructions

**USPS TRACKING #**

9590 9402 8627 3244 0684 80

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**17195 SILVER PKWY
PMB #150
FENTON, MI    48430-3426**

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**KATHRYN YARBROUGH**

THOMPSONS STATION, TN 37179-

9590 9402 8627 3244 0684 80

2. Article Number (Transfer from service label)
7020 3160 0002 3001 4698

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

**RESTRICTED DELIVERY**

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☒ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                    Domestic Return Receipt

RICO SERVICE: SHIPPED via USPS on 09/04/2024 at 1:45 PM       Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

DEFENDANT: MARY BETH AUSBROOKS

RECEIVED SERVICE: 8/26/2024







**"Restricted Delivery" but <u>not</u> signed by DEFENDANT as required.**



RICO SERVICE: SHIPPED via USPS on 8/24/2024 at 11:25 AM

Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

DEFENDANT: ALEXANDER S. KOVAL





**This USPS Return Receipt
Mysteriously Disappeared
It was Never Returned After
The Successful Delivery**

DEFENDANT: HENRY EDWARD HILDEBRAND III



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

Nashville, TN 3720?

OFFICIAL USE

Certified Mail Fee
$                                    $4.10

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required         $ $0.00
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

LINDEN, MI 48451 04

AUG 24 2024
08/24/2024

Postage                            $14.25
$

Total Postage and Fees
$                                  $31.10

**HENRY HILDEBRAND III**

**NASHVILLE, TN  37205-**

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

**This USPS Return Receipt
Mysteriously Disappeared
It was Never Returned After
The Successful Delivery**

DEFENDANT: CHARLES M. WALKER



**UNITED STATES POSTAL SERVICE.**

FENTON
210 S LEROY ST
FENTON, MI 48430-9998
(800)275-8777

08/24/2024                        02:06 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Priority Mail® | 1 | | $14.25 |

Nashville, TN 37215
Weight: 3 lb 10.90 oz
Expected Delivery Date
   Mon 08/26/2024
Insurance                          $0.00
   Up to $100.00 included
Restricted Del                    $12.75
   Recipient name
      CHARLES M WALKER
   Tracking #:
      → 70203160000230014889
Return Receipt                     $4.10
   Tracking #:
      9590 9402 8627 3244 0681 83
Total                             $31.10

Grand Total:                     $200.20

Credit Card Remit                $200.20
   Card Name: VISA
   Account #: XXXXXXXXXXXX8359
   Approval #: 314260
   Transaction #: 188
   AID: A0000000031010
   AL: VISA CREDIT          Chip
   PIN: Not Required

UFN: 253200-0431
Receipt #: 840-54930020-3-6269723-1
Clerk: 05

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Nashville TN 37215

Certified Mail Fee      $4.10
Extra Services & Fees (check box, add fee as appropriate)
[X] Return Receipt (hardcopy)      $0.00
[ ] Return Receipt (electronic)    $12.75
[X] Certified Mail Restricted Delivery  $0.00
[ ] Adult Signature Required       $0.00
[ ] Adult Signature Restricted Delivery $
Postage     $14.25
Total Postage and Fees    $31.10

Postmark Here

**CHARLES M. WALKER**

**NASHVILLE, TN   37215-**

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

**USPS TRACKING #**
NASHVILLE TN 370
24 AUG 2024 PM 2 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 8627 3244 0681 83

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**17195 SILVER PKWY
PMB #150
FENTON, MI   48430-3426**

"Restricted Delivery" but **not** signed by DEFENDANT as required.

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**CHARLES M. WALKER**

**NASHVILLE, TN   37215-**

9590 9402 8627 3244 0681 83

2. Article Number (Transfer from service label)
7020 3160 0002 3001 4889

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Suluntuea16_          [ ] Agent
                          [ ] Addressee
B. Received by (Printed Name)   C. Date of Delivery
Shleena walker

D. Is delivery address different from item 1?  [ ] Yes
If YES, enter delivery address below:          [ ] No

3. Service Type
[ ] Adult Signature
[ ] Adult Signature Restricted Delivery
[ ] Certified Mail®
[X] Certified Mail Restricted Delivery
[ ] Collect on Delivery
[ ] Collect on Delivery Restricted Delivery
[ ] Insured Mail
[ ] Insured Mail Restricted Delivery (over $500)
[ ] Priority Mail Express®
[ ] Registered Mail™
[ ] Registered Mail Restricted Delivery
[ ] Signature Confirmation™
[ ] Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

DEFENDANT: SAMUEL F. ANDERSON                    RECEIVED SERVICE: 8/26/2024



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Nashville, TN 37215          OFFICIAL USE

Certified Mail Fee
$                                    $4.10

Extra Services & Fees *(check box, add fee as appropriate)*
☑ Return Receipt (hardcopy)        $ 10.00
☐ Return Receipt (electronic)       $ 1.75
☑ Certified Mail Restricted Delivery $ 10.00
☐ Adult Signature Required          $ 0.00
☐ Adult Signature Restricted Delivery $

Postage
$                                    $14.25

Total Postage and Fees
$ 31.10

Postmark Here   AUG 24 2024   08/24/2024

**SAMUEL F. ANDERSON**

**NASHVILLE, TN   37215-**

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**Linden**
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777

08/24/2024                        10:59 AM

| Product | Qty | Unit Price | Price |
|---|---|---|---|

Priority Mail®        1                    $14.25
  Nashville, TN 37215
  Weight: 3 lb 10.70 oz
  Expected Delivery Date
    Mon 08/26/2024
  Insurance                              $0.00
    Up to $100.00 included
  Restricted Del                        $12.75
    Recipient name
      SAMUEL F ANDERSON
    Tracking #:
      70203160000230014759
  Return Receipt                         $4.10
    Tracking #:
      9590 9402 8627 3244 0684 42
Total                                    $31.10

Grand Total:                            $120.30

Credit Card Remit                       $120.30
  Card Name: VISA
  Account #: XXXXXXXXXXXX8359
  Approval #: 904295
  Transaction #: 184
  AID: A0000000031010          Chip
  AL: VISA CREDIT
  PIN: Not Required

UFN: 255460-0451
Receipt #: 840-54930036-3-6753228-2
Clerk: 06

---

**COMPLETE THIS SECTION ON DELIVERY**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by *(Printed Name)*       C. Date of Delivery

1. Article Addressed to:

**SAMUEL F. ANDERSON**

**NASHVILLE, TN   37215-**

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

**This USPS Return Receipt Mysteriously Disappeared It was Never Returned After The Successful Delivery**

9590 9402 8627 3244 0684 42

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☑ Certified Mail Restricted Delivery  ☐ Signature Confirmation™
☐ Collect on Delivery                ☐ Signature Confirmation Restricted Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

2. Article Number *(Transfer from service label)*


7020 3160 0002 3001 4759

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

---

RICO SERVICE: SHIPPED via USPS on 8/24/2024 at 10:59 AM                    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

DEFENDANT: JAMES MICHAEL HIVNER

RECEIVED SERVICE: 8/27/2024



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Memphis, TN 38133
**OFFICIAL USE**

| Certified Mail Fee | |
| --- | --- |
| $ $4.10 | 0431 |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☒ Return Receipt (hardcopy)  $ $0.00 | |
| ☐ Return Receipt (electronic)  $ $12.75 | Postmark |
| ☒ Certified Mail Restricted Delivery  $ $0.00 | Here |
| ☐ Adult Signature Required  $ $0.00 | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage | |
| $ $16.95 | |
| Total Postage and Fees | |
| $ $33.80 | |

**JAMES MICHAEL HIVNER**
▓▓▓▓▓▓▓▓▓
**BARTLETT, TN    38133-**▓▓

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

**This USPS Return Receipt
Mysteriously Disappeared
It was Never Returned After
The Successful Delivery**

DEFENDANT: ANDY DWANE BENNETT                                                                      RECEIVED SERVICE: 9/3/2024



**UNITED STATES POSTAL SERVICE.**

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777

08/28/2024                                04:09 PM
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
Product               Qty   Unit      Price
                                Price
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
Priority Mail®         1                $14.25
    Hermitage, TN 37076
    Weight: 3 lb 11.20 oz
    Expected Delivery Date
        Fri 08/30/2024
    Insurance                            $0.00
        Up to $100.00 included
    Restricted Del                      $12.75
        Recipient name
            ANDY D BENNETT
        Tracking #:
            70202450000036715150
    Return Receipt                       $4.10
        Tracking #:
            9590 9402 8627 3244 0682 99
Total                                    $31.10
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
Grand Total:                            $303.60
- - - - - - - - - - - - - - - - - - - - - - - - - - - -
Credit Card Remit                       $303.60
    Card Name: VISA
    Account #: XXXXXXXXXXXXX8359
    Approval #: 518290
    Transaction #: 717
    AID: A0000000031010        Chip
    AL: VISA CREDIT
    PIN: Not Required

UFN: 255460-0451
Receipt #: 840-54930036-1-5531338-2
Clerk: 6

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

Hermitage, TN 37076

**OFFICIAL USE**

Certified Mail Fee
$                                                 $4.10
Extra Services & Fees *(check box, add fee as appropriate)*
☒ Return Receipt (hardcopy)         $    $0.00
☐ Return Receipt (electronic)       $    $12.75
☒ Certified Mail Restricted Delivery $    $0.00
☐ Adult Signature Required          $    $0.00
☐ Adult Signature Restricted Delivery $
Postage                                           $14.25
$
Total Postage and Fees
$                                                 $31.10

LINDEN, MI 1946
Postmark
(Here)
AUG 28 2024
08/28/2024
USPS

**ANDY DWANE BENNETT**

**HERMITAGE, TN   37076-**

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

**COMPLETE THIS SECTION** | **COMPLETE THIS SECTION ON DELIVERY**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**ANDY DWANE BENNETT**

**HERMITAGE, TN   37076-**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 8627 3244 0682 99

2. Article Number *(Transfer from service label)*
7020 2450 0000 3671 5150

A. Signature
X                                           ☐ Agent
                                            ☐ Addressee
B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

**This USPS Return Receipt Mysteriously Disappeared It was Never Returned After The Successful Delivery**

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053            Domestic Return Receipt



RICO SERVICE: SHIPPED via USPS on 8/28/2024 at 4:09PM                    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

DEFENDANT: FRANK GOAD CLEMENT JR.                                    RECEIVED SERVICE: 8/30/2024



**UNITED STATES POSTAL SERVICE.**

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777

08/28/2024                          04:09 PM

Product          Qty    Unit      Price
                         Price

Priority Mail®     1              $14.25
  Nashville, TN 37205
  Weight: 3 lb 11.40 oz
  Expected Delivery Date
    Fri 08/30/2024
  Insurance                        $0.00
    Up to $100.00 included
  Restricted Del                  $12.75
    Recipient name
      FRANK G CLEMENT
    Tracking #:
      7020245000000367115167
  Return Receipt                   $4.10
    Tracking #:
      9590 9402 8627 3244 0682 82
Total                             $31.10

Grand Total:                      $303.60

Credit Card Remit                 $303.60
  Card Name: VISA
  Account #: XXXXXXXXXXXXX8359
  Approval #: 518290
  Transaction #: 717
  AID: A0000000031010        Chip
  AL: VISA CREDIT
  PIN: Not Required

UFN: 255460-0451
Receipt #: 840-54930036-1-5531338-2
Clerk: 6

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$                                 $4.10
Extra Services & Fees (check box, add fee as appropriate)
☒ Return Receipt (hardcopy)      $_____
☐ Return Receipt (electronic)    $12.75
☒ Certified Mail Restricted Delivery $1.00
☐ Adult Signature Required       $0.00
☐ Adult Signature Restricted Delivery $
Postage
$                                 $14.25
Total Postage and Fees
$                                 $31.10

LINDEN
Postmark Here
AUG 28 2024
08/28/2024
USPS

**FRANK GOAD CLEMENT JR.**

**NASHVILLE, TN    37205-**

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**FRANK GOAD CLEMENT JR.**

**NASHVILLE, TN    37205-**

9590 9402 8627 3244 0682 82

2. Article Number *(Transfer from service label)*

7020 2450 0000 3671 5167

PS Form 3811, July 2020 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                              ☐ Agent
                               ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

**This USPS Return Receipt Mysteriously Disappeared It was Never Returned After The Successful Delivery**

3. Service Type                 ☐ Priority Mail Express®
☐ Adult Signature               ☐ Registered Mail™
☐ Adult Signature Restricted Delivery  ☐ Registered Mail Restricted Delivery
☐ Certified Mail®               ☐ Signature Confirmation™
☒ Certified Mail Restricted Delivery  ☐ Signature Confirmation Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

Domestic Return Receipt



DEFENDANT: WILLIAM NEAL MCBRAYER

RECEIVED SERVICE: 8/31/2024



**UNITED STATES POSTAL SERVICE.**

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777

08/28/2024                          04:09 PM
-----------------------------------------------
Product           Qty    Unit      Price
                          Price
-----------------------------------------------
Priority Mail®      1                $14.25
    Brentwood, TN 37027
    Weight: 3 lb 11.00 oz
    Expected Delivery Date
        Fri 08/30/2024
    Insurance                        $0.00
        Up to $100.00 included
    Restricted Del                  $12.75
        Recipient name
        WILLIAM N MCBRAYER
        Tracking #:
        70202450000036715136
    Return Receipt                   $4.10
        Tracking #:
        9590 9402 8627 3244 0682 75
Total                               $31.10
-----------------------------------------------
Grand Total:                       $303.60

Credit Card Remit                  $303.60
    Card Name: VISA
    Account #: XXXXXXXXXXXXX8359
    Approval #: 518290
    Transaction #: 717
    AID: A0000000031010        Chip
    AL: VISA CREDIT
    PIN: Not Required
-----------------------------------------------
UFN: 255460-0451
Receipt #: 840-54930036-1-5531338-2
Clerk: 6

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

OFFICIAL USE

| Certified Mail Fee | |
| $ | $4.10 |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☒ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $12.75 |
| ☒ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage | $14.25 |
| Total Postage and Fees | |
| $ | $31.10 |

Postmark
Here
AUG 28 2024

7020 2450 0000 3671 5136

**WILLIAM NEAL MCBRAYER**

**BRENTWOOD, TN  37027-**

PS Form 3800   Instructions

---

SENDER: *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**WILLIAM NEAL MCBRAYER**

**BRENTWOOD, TN  37027-**



9590 9402 8627 3244 0682 75

2. Article Number *(Transfer from service label)*

7020 2450 0000 3671 5136

COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____   ☐ Agent
                          ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

**This USPS Return Receipt Mysteriously Disappeared It was Never Returned After The Successful Delivery**

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☒ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt

---

RICO SERVICE: SHIPPED via USPS on 8/28/2024 at 4:09PM

Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

DEFENDANT: TENNESSEE SUPREME COURT | JUSTICE SHARON G. LEE | RECEIVED SERVICE: 9/12/2024



**UNITED STATES POSTAL SERVICE.**

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777

09/18/2024                     09:10 AM
------------------------------------------
Product          Qty    Unit      Price
                        Price
------------------------------------------

Priority Mail®    1              $14.25
    Brentwood, TN 37027
    Weight: 3 lb 14.90 oz
    Expected Delivery Date
        Fri 09/20/2024
    Insurance                    $0.00
        Up to $100.00 included
    Restricted Del               $12.75
        Recipient name
            SANDRA J GARRETT
        Tracking #:
            70202450000036716232
    Return Receipt               $4.10
        Tracking #:
            9590 9402 8627 3244 0676 12
Total                            $31.10
------------------------------------------
Grand Total:                     $142.60
------------------------------------------
Credit Card Remit                $142.60
    Card Name: VISA
    Account #: XXXXXXXXXXXX8359
    Approval #: 808101
    Transaction #: 341
    AID: A0000000031010      Chip
    AL: VISA CREDIT
    PIN: Not Required
------------------------------------------

UFN: 255460-0451
Receipt #: 840-54930036-3-6780830-2
Clerk: 06



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Brentwood, TN 34017      **OFFICIAL USE**

| Certified Mail Fee | | 0451 |
| $ | $4.25 | 06 |

Extra Services & Fees *(check box, add fee as appropriate)*
☒ Return Receipt (hardcopy)     $  $12.75
☐ Return Receipt (electronic)   $
☒ Certified Mail Restricted Delivery  $  $0.00
☐ Adult Signature Required      $  $0.00
☐ Adult Signature Restricted Delivery  $

Postmark Here
LINDEN, MI 48451
SEP 18 2024
09/18/2024

Postage          $14.25
$

Total Postage and Fees
$          $31.10

**SANDRA GARRETT**
**10 CADILLAC DR STE 220**
**BRENTWOOD, TN 37027-5078**

Instructions

---

**USPS TRACKING #**
NASHVILLE TN 370
28 SEP 2024 PM 6 L

9590 9402 8627 3244 0676 12

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**17195 SILVER PKWY**
**PMB #150**
**FENTON, MI    48430-3426**

---

**"Restricted Delivery" but <u>not</u> signed by DEFENDANT as required.**

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**SANDRA GARRETT**
**10 CADILLAC DR STE 220**
**BRENTWOOD, TN 37027-5078**

9590 9402 8627 3244 0676 12

2. Article Number *(Transfer from service label)*
7020 2450 0000 3671 6232

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Molly Levis*          ☐ Agent
                         ☐ Addressee
B. Received by *(Printed Name)*     C. Date of Delivery
*Molly Leins*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

DEFENDANT: COUNTY OF WILLIAMSON TENNESSEE    D.A. STACEY EDMONSON    RECEIVED SERVICE: 9/07/2024

**UNITED STATES POSTAL SERVICE.**

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777

09/05/2024                      04:25 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Priority Mail® | 1 | | $14.25 |

Franklin, TN 37064
Weight: 3 lb 14.10 oz
Expected Delivery Date
  Sat 09/07/2024
Insurance                           $0.00
  Up to $100.00 included
Certified Mail®                     $4.85
  Tracking #:
    70202450000036716126
Return Receipt                      $4.10
  Tracking #:
    9590 9402 8627 3244 0675 13
Total                              $23.20

Grand Total:                      $142.05

Credit Card Remit                 $142.05
  Card Name: VISA
  Account #: XXXXXXXXXXXX8359
  Approval #: 515052
  Transaction #: 785
  AID: A0000000031010        Chip
  AL: VISA CREDIT
  PIN: Not Required

UFN: 255460-0451
Receipt #: 840-54930036-1-5542496-2
Clerk: 6



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee  $4.85
$                              $4.10
Extra Services & Fees *(check box, add fee as appropriate)*
☒ Return Receipt (hardcopy)        $0.00
☐ Return Receipt (electronic)      $0.00
☒ Certified Mail Restricted Delivery  $0.00
☐ Adult Signature Required         $0.00
☐ Adult Signature Restricted Delivery  $
Postage                           $14.25
$
Total Postage and Fees
$23.20

Postmark Here   SEP - 5 2024   LINDEN, MI 48451   09/05/2024   USPS

**D.A. STACEY EDMONSON**
**1441 NEW HIGHWAY 96 W STE 2**
**FRANKLIN, TN    37064-4831**

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**USPS TRACKING #**

NASHVILLE TN 370
11 SEP 2024 PM 6 L

9590 9402 8627 3244 0675 13

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

**17195 SILVER PKWY**
**PMB #150**
**FENTON, MI    48430-3426**

---



**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**D.A. STACEY EDMONSON**
**1441 NEW HIGHWAY 96 W STE 2**
**FRANKLIN, TN    37064-4831**

9590 9402 8627 3244 0675 13

7020 2450 0000 3671 6126

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                              ☐ Agent
                               ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

**This USPS Return Receipt Was Mysteriously Missing A Signature and Any Information About Delivery**

3. Service Type
☒ Adult Signature                ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery  ☐ Registered Mail™
☒ Certified Mail®                ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery  ☐ Signature Confirmation™
☐ Collect on Delivery            ☐ Signature Confirmation Restricted Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

PS Form 3811, July 2020 PSN 7530-02-000-9053        Domestic Return Receipt

---

RICO SERVICE: SHIPPED via USPS on 9/05/2024 at 4:25 PM        Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

DEFENDANT: COUNTY OF WILLIAMSON TENNESSEE  JEFF WHIDBY (CLERK)  RECEIVED SERVICE: 9/09/2024

**UNITED STATES POSTAL SERVICE.**

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777

09/05/2024                          04:25 PM
----------------------------------------
Product              Qty   Unit    Price
                            Price
----------------------------------------
Priority Mail®        1            $14.25
    Franklin, TN 37064
    Weight: 3 lb 14.60 oz
    Expected Delivery Date
    Sat 09/07/2024
    Insurance                      $0.00
        Up to $100.00 included
    Certified Mail®                $4.85
        Tracking #:
        70202450000036716133
    Return Receipt                 $4.10
        Tracking #:
        9590 9402 8418 3156 9889 62
Total                             $23.20
----------------------------------------
Grand Total:                     $142.05

Credit Card Remit                $142.05
    Card Name: VISA
    Account #: XXXXXXXXXXXXX8359
    Approval #: 515052
    Transaction #: 785
    AID: A0000000031010        Chip
    AL: VISA CREDIT
    PIN: Not Required
----------------------------------------
UFN: 255460-0451
Receipt #: 840-54930036-1-5542496-2
Clerk: 6

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee   $4.85
$                              $4.10
Extra Services & Fees *(check box, add fee as appropriate)*
☒ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $    $0.00
☒ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required       $ $0.00
☐ Adult Signature Restricted Delivery $
Postage              $14.25
$
Total Postage and Fees
$23.20

LINDEN, MI 48451
Postmark Here
SEP -5 2024
09/05/2024
USPS

**JEFF WHIDBY**
**WILLIAMSON COUNTY CLERK**
**1320 W MAIN ST STE 125**
**FRANKLIN, TN 37064-3700**

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instruction

---

**USPS TRACKING #**

NASHVILLE TN 370
7 SEP 2024 PM 4 L

9590 9402 8418 3156 9889 62

United States Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

**17195 SILVER PKWY**
**PMB #150**
**FENTON, MI    48430-3426**

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**JEFF WHIDBY**
**WILLIAMSON COUNTY CLERK**
**1320 W MAIN ST STE 125**
**FRANKLIN, TN    37064-3700**

9590 9402 8418 3156 9889 62

7020 2450 0000 3671 6133

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                          ☐ Agent
                           ☐ Addressee
B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

**This USPS Return Receipt Was Mysteriously Missing A Signature and Any Information About Delivery**

3. Service Type
☒ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt



**UNITED STATES POSTAL SERVICE.**

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777

09/05/2024                    04:25 PM

---

Product          Qty   Unit    Price
                        Price

---

Priority Mail®    1            $15.20
  Nashville, TN 37243
  Weight: 4 lb 1.40 oz
  Expected Delivery Date
    Sat 09/07/2024
  Insurance                    $0.00
    Up to $100.00 included
  Certified Mail®              $4.85
    Tracking #:
      70203160000230017279
  Return Receipt               $4.10
    Tracking #:
      9590 9402 8627 3244 0675 44
Total                          $24.15

---

Grand Total:                  $142.05

---

Credit Card Remit             $142.05
  Card Name: VISA
  Account #: XXXXXXXXXXXXX8359
  Approval #: 515052
  Transaction #: 785
  AID: A0000000031010        Chip
  AL: VISA CREDIT
  PIN: Not Required

---

UFN: 255460-0451
Receipt #: 840-54930036-1-5542496-2
Clerk: 6

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

No. 7020 3160 0002 3001 7279

| Certified Mail Fee | $4.85 | |
| $ | | $4.10 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☒Return Receipt (hardcopy) | $ | $0.00 |
| ☐ Return Receipt (electronic) | $ | $0.00 |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 |
| ☒ Adult Signature Required | $ | $0.00 |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $15.20 | |
| $ | | |
| Total Postage and Fees | | |
| $ $24.15 | | |

LINDEN, MI 48451
SEP 5 2024
Postmark Here
09/05/2024
USPS

**TREASURER DAVID H. LILLARD, JR.**
**TENNESSEE STATE CAPITOL**
**600 MARTIN LUTHER KING JR. BLVD.**
**NASHVILLE, TN  37243-0225**

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**TREASURER DAVID H. LILLARD, JR.**
**TENNESSEE STATE CAPITOL**
**600 MARTIN LUTHER KING JR. BLVD.**
**NASHVILLE, TN  37243-0225**

9590 9402 8627 3244 0675 44

2. Article Number *(Transfer from service label)*
7020 3160 0002 3001 7279

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                        ☐ Agent
                         ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

**This USPS Return Receipt Mysteriously Disappeared It was Never Returned After The Successful Delivery**

3. Service Type
☒ Adult Signature              ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery    ☐ Registered Mail™
☒ Certified Mail®              ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery   ☐ Signature Confirmation™
☐ Collect on Delivery          ☐ Signature Confirmation Restricted Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

Domestic Return Receipt

| | DATE MAILED | TRACKING NUMBER | DATE DELIVERED | RETURN RECEIPT TRACKING NUMBER | GREEN CARD RETURNED | GREEN CARD SIGNED | GREEN CARD SIGNED BY NAMED DEFENDANT |
|---|---|---|---|---|---|---|---|
| **STORY AND ABERNATHY, PLLP** | 8/24/2024 at 11:25 AM | 70203160000230011758 | 8/26/2024 at 11:09 AM | 9590940286273244068244 | ☑ | ☑ | ☑ |
| » VIRGINIA LEE STORY | 8/24/2024 at 11:25 AM | 70203160000230014919 | 8/26/2024 at 11:08 AM | 9590940286273244068220 | ☑ | ☑ | ☐ |
| » KATHRYN LYNN YARBROUGH | 8/24/2024 at 11:25 AM | 70203160000230014902 | | 9590940286273244068213 | ☐ | ☐ | ☐ |
| — KATHRYN YARBROUGH (2ND ATTEMPT @ HOME) | 9/04/2024 at 1:45 PM | 70203160000230014698 | 9/06/2024 at 11:28 AM | 9590940286273244068480 | ☑ | ☑ | ☐ |
| **CHANCERY COURT FOR WILLIAMSON COUNTY TN** | 8/28/2024 at 4:09 PM | 70202450000036715105 | 9/03/2024 at 11:13 AM | 9590940286273244068350 | ☑ | ☑ | ☑ |
| » MICHAEL WEIMAR BINKLEY | 8/23/2024 at 2:51 PM | 70203160000230014711 | 8/26/2024 at 12:39 PM | 9590940286273244068503 | ☐ | ☐ | ☐ |
| » ELAINE BEATY BEELER | 8/24/2024 at 11:25 AM | 70203160000230014704 | 8/26/2024 at 2:30 PM | 9590940286273244068497 | ☑ | ☐ | ☐ |
| WILLIAMSON COUNTY SHERIFF'S OFFICE | 8/28/2024 at 4:09 PM | 70202450000036715112 | 8/30/2024 at 10:13 AM | 9590940286273244068367 | ☑ | ☑ | ☑ |
| **ROTHSCHILD & AUSBROOKS, PLLC** | 8/24/2024 at 11:14 AM | 70202450000036715211 | 8/26/2024 at 2:19 PM | 9590940286273244067865 | ☑ | ☑ | ☑ |
| » MARY ELIZABETH MANEY AUSBROOKS | 8/24/2024 at 11:25 AM | 70202450000036715204 | 8/26/2024 at 2:19 PM | 9590940286273244067810 | ☑ | ☑ | ☐ |
| » ALEXANDER SERGEY KOVAL | 8/24/2024 at 10:59 AM | 70203160000230014728 | 8/26/2024 at 11:29 AM | 9590940286273244068473 | ☐ | ☐ | ☐ |
| **HOSTETTLER, NEUHOFF & DAVIS, LLC** | 8/24/2024 at 2:06 PM | 70203160000230014933 | 8/26/2024 at 10:26 AM | 9590940286273244068190 | ☑ | ☑ | ☑ |
| » THOMAS E. ANDERSON | 8/23/2024 at 4:29 PM | 70203160000230014896 | 8/26/2024 at 2:16 PM | 9590940286273244068206 | ☑ | ☑ | ☑ |
| **MCARTHUR SANDERS REAL ESTATE** | 8/24/2024 at 2:06 PM | 70202450000036715198 | 8/26/2024 at 3:25 PM | 9590940286273244068268 | ☐ | ☐ | ☐ |
| » ROY PATRICK MARLIN | 8/24/2024 at 10:59 AM | 70203160000230014780 | 8/26/2024 (unknown) | 9590940286273244068411 | ☑ | ☑ | ☑ |
| — ROY PATRICK MARLIN (2ND ATTEMPT @ WORK) | 9/04/2024 at 1:45 PM | 70203160000230017330 | 9/06/2024 at 10:40 AM | 9590940286273244067551 | ☑ | ☑ | ☑ |
| **BANKERS TITLE & ESCROW CORPORATION** | 8/24/2024 at 2:06 PM | 70202450000036715945 | 8/27/2024 at 1:55 PM | 9590940286273244068374 | ☐ | ☐ | ☐ |
| » SAMUEL FORREST ANDERSON | 8/24/2024 at 10:59 AM | 70203160000230014759 | 8/26/2024 at 11:40 AM | 9590940286273244068442 | ☐ | ☐ | ☐ |
| BK: HENRY EDWARD HILDEBRAND III, | 8/24/2024 at 10:59 AM | 70203160000230014803 | 8/26/2024 at 2:59 PM | 9590940286273244068398 | ☐ | ☐ | ☐ |
| BK: CHARLES M. WALKER | 8/24/2024 at 2:06 PM | 70203160000230014889 | 8/26/2024 at 1:20 PM | 9590940286273244068183 | ☑ | ☑ | ☐ |
| **BANK OF AMERICA N.A.** | 9/18/2024 at 9:10 AM | 70202450000036716195 | 9/23/2024 at 10:43 AM | 9590940286273244067575 | ☐ | ☐ | ☐ |
| » RUBIN LUBLIN TN, PLLC | 9/04/2024 at 10:06 AM | 70203160000230017262 | 9/09/2024 at 4:31 PM | 9590940286273244067742 | ☐ | ☐ | ☐ |
| — RUBIN LUBLIN TN, PLLC  (RA: Northwest Reg Agt) | 9/04/2024 at 10:06 AM | 70202450000036715129 | 9/05/2024 at 10:27 AM | 9590940286273244068305 | ☑ | ☑ | ☑ |
| **CADENCE BANK** | 9/03/2024 at 2:20 PM | 70203160000230014957 | 9/06/2024 at 12:58 PM | 9590940286273244067797 | ☑ | ☑ | ☑ |
| » CADENCE BANK (RA: CT Corporation System) | 9/03/2024 at 2:20 PM | 70203160000230014940 | 9/05/2024 at 10:15 AM | 9590940286273244067780 | ☑ | ☑ | ☑ |
| » SPRAGINS, BARNETT, & COBB PLC | 8/28/2024 at 4:09 PM | 70202450000036715143 | 9/03/2024 at 1:21 PM | 9590940286273244068312 | ☑ | ☑ | ☑ |
| **TENNESSEE COURT OF APPEALS MIDDLE DIVISION** | 9/05/2024 at 4:25 PM | 70202450000036716157 | 9/07/2024 at 10:49 AM | 9590940284183156988917 | ☑ | ☑ | ☑ |
| » JAMES MICHAEL HIVNER | 8/24/2024 at 2:06 PM | 70203160000230014834 | 8/27/2024 at 1:43 PM | 9590940286273244068381 | ☐ | ☐ | ☐ |
| » FRANK GOAD CLEMENT JR. | 8/28/2024 at 4:09 PM | 70202450000036715167 | 8/30/2024 at 2:41 PM | 9590940286273244068282 | ☐ | ☐ | ☐ |
| » ANDY DWANE BENNETT | 8/28/2024 at 4:09 PM | 70202450000036715150 | 9/03/2024 at 10:05 AM | 9590940286273244068299 | ☐ | ☐ | ☐ |
| » WILLIAM NEAL MCBRAYER | 8/28/2024 at 4:09 PM | 70202450000036715136 | 8/31/2024 at 12:35 PM | 9590940286273244068275 | ☐ | ☐ | ☐ |
| SUPREME COURT OF THE STATE OF TENNESSEE | 8/28/2024 at 4:09 PM | 70202450000036715082 | 8/30/2024 at 9:25 AM | 9590940286273244067827 | ☑ | ☑ | ☑ |
| **TNSC - ADMINISTRATIVE OFFICE OF THE COURTS** | 8/28/2024 at 4:09 PM | 70202450000036715075 | 8/30/2024 at 12:25 PM | 9590940286273244067834 | ☑ | ☑ | ☑ |
| » JOHN BRANDON COKE | 8/24/2024 at 2:06 PM | 70202450000036715181 | | 9590940286273244068251 | ☐ | ☐ | ☐ |
| — JOHN BRANDON COKE (2ND ATTEMPT @ WORK) | 9/04/2024 at 10:06 AM | 70202450000036715846 | 9/07/2024 at 12:35 PM | 9590940286273244067766 | ☑ | ☑ | ☑ |
| **TNSC - BOARD OF PROFESSIONAL RESPONSIBILITY** | 9/04/2024 at 10:06 AM | 70203160000230017163 | 9/09/2027 at 1:01 PM | 9590940286273244067759 | ☑ | ☑ | ☑ |
| SANDRA JANE LEACH GARRETT | 8/23/2024 at 4:29 PM | 70203160000230014797 | | 9590940286273244068404 | ☐ | ☐ | ☐ |
| — SANDRA GARRETT (2ND ATTEMPT @ WORK) | 9/18/2024 at 9:10 AM | 70202450000036716232 | 9/20/2024 at 11:30 AM | 9590940286273244067612 | ☑ | ☑ | ☐ |

| STATE OF TENNESSEE (OFFICIALS SERVED BELOW): | | | | | | | |
|---|---|---|---|---|---|---|---|
| » TN - GOVERNOR BILL LEE | 8/28/2024 at 4:09 PM | 70202450000036715099 | 9/11/2024 at 1:34 PM | 9590940286273244068343 | ☑ | ☑ | ☑ |
| — TN - GOVERNOR BILL LEE (ALL TN SUMMONSES) | 9/18/2024 at 9:10 AM | 70202450000036716201 | 9/20/2024 at 3:43 PM | 9590940286273244067582 | ☐ | ☐ | ☐ |
| » TN - ATTORNEY GENERAL JONATHAN SKRMETTI | 9/03/2024 at 2:20 PM | 70202450000036715853 | 9/06/2024 at 7:37 AM | 9590940286273244067773 | ☑ | ☑ | ☑ |
| — TN - JONATHAN SKRMETTI (ALL TN SUMMONSES) | 9/18/2024 at 9:10 AM | 70202450000036716218 | 9/20/2024 at 7:14 AM | 9590940286273244067599 | ☑ | ☑ | ☑ |
| » TN - SECRETARY TRE HARGETT | 9/05/2024 at 4:25 PM | 70202450000036716119 | 9/09/2024 at 12:40 PM | 9590940286273244067537 | ☑ | ☑ | ☑ |
| » TN - TREASURER DAVID LILLARD | 9/05/2024 at 4:25 PM | 70203160000230017279 | 9/09/2024 at 12:40 PM | 9590940286273244067544 | ☐ | ☐ | ☐ |
| » TN - SENATOR RICHARD BRIGGS | 8/28/2024 at 4:09 PM | 70203160000230014988 | 8/29/2024 at 11:48 PM | 9590940286273244068169 | ☐ | ☐ | ☐ |
| » TN - JUSTICE SHARON G. LEE | 9/10/2024 at 2:07 PM | 70202450000036716188 | 9/12/2024 at 2:41 PM | 9590940284183156988887 | ☐ | ☐ | ☐ |
| COUNTY OF WILLIAMSON TENNESSEE (OFF BELOW): | | | | | ☐ | ☐ | ☐ |
| » WC - ROGERS ANDERSON (MAYOR) | 8/28/2024 at 4:09 PM | 70203160000230014971 | 8/30/2024 at 10:52 AM | 9590940286273244067841 | ☑ | ☑ | ☑ |
| — WC - ROGERS ANDERSON (ALL WC SUMMONSES) | 9/18/2024 at 9:10 AM | 70202450000036716225 | 9/20/2024 at 11:47 AM | 9590940286273244067605 | ☐ | ☐ | ☐ |
| » WC - JEFF WHIDBY (COUNTY CLERK) | 9/05/2024 at 4:25 PM | 70202450000036716133 | 9/09/2024 at 2:38 PM | 9590940284183156988962 | ☑ | ☐ | ☐ |
| » WC - STACEY EDMONSON (DISTRICT ATTORNEY) | 9/05/2024 at 4:25 PM | 70202450000036716126 | 9/07/2024 at 12:01 PM | 9590940286273244067513 | ☑ | ☐ | ☐ |
| » WC - SHERRY ANDERSON (REGISTER OF DEEDS) | 9/05/2024 at 4:25 PM | 70202450000036716140 | 9/09/2024 at 2:35 PM | 9590940284183156988955 | ☑ | ☑ | ☑ |
| » WC - LISA CARSON (COUNTY ATTORNEY) | 9/18/2024 at 9:10 AM | 70202450000036716249 | 9/20/2024 at 12:28 PM | 9590940286273244067629 | ☑ | ☑ | ☑ |

49— LAWSUIT SERVICES PACKAGES PRODUCED & MAILED

For a list of documents & media in each lawsuit service package, please see https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

# EXHIBIT E

## MIWD ECF 101 — AMENDED COUNTER-AFFIDAVIT CORRECTING STORY'S ALLEGEDLY FALSE CLAIMS

_____

UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF MICHIGAN

JEFFREY RYAN FENTON,

Plaintiff

v.

VIRGINIA LEE STORY et al.,

Defendants

FILED - LN

October 10, 2024 1:41 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:__jlg_/_____    SCANNED BY ⅍ 10/11/24

CASE NO. 1:23-cv-01097

AMENDED[1] COUNTER-AFFIDAVIT TO "AFFIDAVIT OF VIRGINIA LEE STORY"[2]

Plaintiff brings this testimony pursuant to 28 U.S. Code § 1746.

I, Jeffrey Ryan Fenton, declare under oath as follows:

1.       I am the plaintiff in this federal lawsuit.

2.       I am a citizen of the United States of America.

3.       I am domiciled in Genesee County, Michigan.

4.       Throughout this declaration, when I refer to defendant Story's law firm, "Story and Abernathy, PLLP" (hereinafter "SA"), that will include any prior firms with her as a member operating out of the same office building located at 136 4th Avenue South, Franklin, TN, 37064, regardless of the partnership structure or naming variant used for their law firm during different seasons.

---

[1]   I filed a declaration substantially similar to this titled COUNTER-AFFIDAVIT TO "AFFIDAVIT OF VIRGINIA LEE STORY" on October 4, 2024, in ECF 96-2, PID.5286-5294, of which this document is the amended version replacing the previous declaration in its entirety.  The original declaration overlooked including a certification which complied with a motion concurrently filed by Plaintiff titled MOTION FOR ALL FILINGS TO BE SUBMITTED UNDER PENALTY OF PERJURY.  This declaration corrects that oversight.

[2]   Citations to the court record in this lawsuit will be notated without the case name or number, using the starting ECF Number, followed by both the beginning and ending Page ID, which is abbreviated as "PID."

Initials: _____

5.      In paragraph 11 of defendant Story's affidavit referenced in the title, she falsely stated, "I have never conducted any activity in Michigan related to Plaintiff."[3]

6.      She similarly falsely stated in paragraph 12 of that same affidavit, "Story and Abernathy, PLLP has never conducted any activity in Michigan related to Plaintiff." This is also contrary to the interactions she and her company have had with me since I've lived in Michigan.

7.      While it may be true that she or her firm or any of its members have never *physically* been located in the State or Michigan or *personally* conducted any business there, they still "conducted [much] activity in Michigan related to Plaintiff."

8.      The absolutely false aspect of those statements is that from a physical base inside Tennessee, her company and the courts in Tennessee unlawfully committed a plethora of state and federal felonies against me and my family. This was done under the fictitious *color of law*, without even having lawful jurisdiction over the matters they "adjudicated," nor having lawful jurisdiction over my person after they wrongfully evicted me from my home, clearly knowing in advance that would cause me to become geographically dislocated from the State of Tennessee to the State of Michigan where I could have emergency replacement shelter[4] and provisions from my elderly mother who lives in Genessee County Michigan.

9.      After dislocating me, defendants Story, SA, Yarbrough, and the Williamson County Chancery Court continued to file fraudulent papers[5] in the court and—with the help of

---

[3]   ECF 76-1, PID.5078-5079 | https://rico.jefffenton.com/evidence/2024-09-16_affidavit-of-virginia-lee-story.pdf

[4]   ECF 52, PID.4218-4221 | https://rico.jefffenton.com/evidence/2023-04-19_mi-department-of-health-shelter-verification.pdf

[5]   ECF 57-1, PID.4394-4404 | https://rico.jefffenton.com/evidence/2019-08-30_emergency-attempt-to-correct-court-order.pdf
      ECF 57-1, PID.4405-4413 | https://rico.jefffenton.com/evidence/2019-08-30_notified-story-beeler-false-claims-in-court-order.pdf
      ECF 57-1, PID.4459 | https://rico.jefffenton.com/evidence/2019-08-30_story-lied-when-notified-false-claims-in-order.pdf
      ECF 57-1, PID.4463-4475 | https://rico.jefffenton.com/evidence/2019-09-26_motion-to-sell-contents-of-marital-residence.pdf

Initials:

defendants Binkley, Beeler, and Chancery Court—proceeded to terrorize[6] me and my family[7]

under the bad faith fraudulent *color of law* as the evidence on record shows.

10.     Two letters from defendants Story and SA sent to me *in Michigan* are shown on

pages A4-5[8] and A4-6[9] in the complaint as being dated *after* September 3, 2019, the day I was

wrongly evicted from his home.[10]  Defendant Story knew I would be "be moving to Michigan."[11]

In fact, even with the redaction, the letter on page A4-5[12] shows it being clearly addressed to

Marsha Fenton[13] who Story knew lived in Michigan.[14]

11.     The preceding paragraph proves on its own that defendants Story and SA had

conducted "activity in Michigan" and clearly shows their affidavit to be falsified.

12.     Defendant Story doesn't appear to be denying a single merit of this lawsuit in her

affidavit, despite how horrifically it accurately portrays her.  She merely seems to imply that it is

---

ECF 76-1, PID.5076-5079 | https://rico.jefffenton.com/evidence/2024-09-16_affidavit-of-virginia-lee-story.pdf

[6]  ECF 19-8, PID.2679 | https://rico.jefffenton.com/evidence/2019-09-16_story-letter-demanding-two-grand-for-storage.pdf
ECF 19-8, PID.2680-2681 | https://rico.jefffenton.com/evidence/2019-09-26_story-letter-demanding-thirty-five-hundred.pdf
ECF 57-1, PID.4486-4501 | https://rico.jefffenton.com/evidence/2019-tn-wilco-48419b-tech-record-v3-pages-387-402-iied.pdf
ECF 1-31, PID.1794-1873 | https://rico.jefffenton.com/evidence/2019-10-21_order-of-protection-as-illegal-prior-restraint.pdf
ECF 49, PID.4030-4035 | https://rico.jefffenton.com/evidence/2019-11-12_settlement-offer-mitigate-losses-story-refused.pdf
ECF 1-31, PID.1794-1873 | https://rico.jefffenton.com/evidence/2020-09-24_5yr-op-ext-retaliation-no-notice-motion-hearing.pdf

[7]  ECF 1-2, PID.48-63 | https://rico.jefffenton.com/evidence/2020-10-13_affidavit-of-mother-marsha-ann-fenton.pdf
ECF 18, PID.2417-2616 | https://rico.jefffenton.com/evidence/2024-01-16_marsha-fenton-sons-tn-legal-proceedings.pdf

[8]  See attached exhibit 'A'.

[9]  See attached exhibit 'B'.

[10]  ECF 19-7, PID.2675

[11]  ECF 23, PID.2887

[12]  See attached exhibit 'A'.

[13]  https://rico.jefffenton.com/evidence/2019-09-16_story-letter-demanding-two-grand.pdf

[14]  ECF 23, PID.2867

Initials:

https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

none of the state court or federal court of Michigan's business, despite me living in Michigan[15], it and its courts having a duty to provide me with equal protection under the law, and her and defendant SA injuring me and causing me damages while I was living in Michigan.

13.     Defendants Story and SA did in fact "conducted [much] activity in Michigan related to [me]."

14.     "Activity" originated from and/or was primarily caused by, related to, conducted through, or subsequent to the actions of defendants Story and SA after I was no longer a resident of Tennessee.

15.     Forgetting for the moment that paragraphs 11 and 12 of defendant Story's affidavit are false, even if paragraphs 11, 12, and 13 were all true, one could not logically deduce that "the substantial part of the events giving rise to the [c]omplaint did not occur in Michigan." Moreover, the crime and corruption arising from the "divorce proceeding" are only a portion of the foundation of the complaint.  The crime and corruption born of the bankruptcy comprise the other portion to which defendants Story and SA were certainly connected.

16.     Taking this one step further, even if defendant Story had not prevaricated and everything in the affidavit could be taken as true, she is still implying that federal courts in Michigan do not have personal jurisdiction over her or her firm.  Such flawed reasoning, if instead true, would negate nearly half of all federal cases brought under diversity of citizenship. The whole purpose of diversity—under which the instant case was brought—is to litigate cases in which no plaintiffs are residents of any of the states of the defendants.

---

[15]   Depending upon both Michigan Medicaid and Michigan's Food Assistance Programs due to my poverty, caused by the cruel, careless, and wanton actions of the defendants, without equal or due process of law, in a "fixed" Tennessee case between friends.

Initials:

17.     To clarify based upon time calculations related to defendant Story's and SA's claim, I only lived in Tennessee from June 6, 2019, when defendant Story filed a divorce complaint, through September 3, 2019, when I was wrongfully evicted from my home by four officers of the Williamson County Sheriff's Office.

18.     The period in which I lived in Tennessee impacted by the "activity" of defendants Story and SA is from June 6 through September 3, 2019, which is merely 90 days.

19.     The period in which I remained in litigation with defendants Story and SA after I began living in Michigan was from September 7, 2019, through April 4, 2021, when the case was closed by the Tennessee Court of Appeals[16].  This is a total of 576 days in litigation.

20.     That means I was in litigation with defendants Story and SA 486 days longer while living in Michigan than while living in Tennessee.

21.     The computation also means that I only lived in Tennessee for less than 16 percent of the duration during which I actively attempted to defend myself against the malicious and illegal practices of defendants Story and SA with more than 84 percent of the time being while I lived in Michigan.

22.     Therefore, "the substantial part of the events giving rise to the [c]omplaint did not occur in Michigan," in paragraph 14 of defendant Story's affidavit is another factually untrue statement.

---

[16]   ECF 57-1, PID.4558-4560 | https://rico.jefffenton.com/evidence/2021-04-09_tn-court-of-appeals-case-closed-summary.pdf

Initials:

23.    According to the Tennessee Supreme Court's Rules of Professional Conduct for attorneys, in Tenn. R. Sup. Ct. 1.0 Rule 1.0 - TERMINOLOGY[17], they define "Fraud" or "Fraudulent" as follows:

> ➤ (d) "Fraud" or "fraudulent" denotes an intentionally false or misleading statement of material fact, an intentional omission from a statement of fact of such additional information as would be necessary to make the statements made not materially misleading, and such other conduct by a person intended to deceive a person or tribunal with respect to a material issue in a proceeding or other matter.

24.    In my experience, this is defendant Story's *signature* move in literally almost every document filed by her[18] and SA during the preceding matters in Tennessee.....and thus far 100 percent of the time in this matter.

25.    If merely a fraction of what I have sworn to *under the penalty of perjury* in my complaint[19] is true, the Department of Justice should be leading an investigation into underlying matters for felony criminal charges against several of the defendants.

---

[17]   ECF 41, PID.3572

[18]   ECF 19, PID.2617-2716 | https://rico.jefffenton.com/evidence/2019_tn-court-motions-in-chronological-order.pdf

[19]   ECF 52, PID.4225-4228 | https://rico.jefffenton.com/evidence/2023-12-13_wcso-racketeering-official-oppression.pdf
ECF 38, PID.3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf
ECF 37, PID.3398-3443 | https://rico.jefffenton.com/evidence/fenton-family-finances-property-education-experience.pdf
ECF 33, PID.3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf
ECF 1-12, PID.479-596 | https://rico.jefffenton.com/evidence/2019-10-29_tn-wilco-deed-fraud-ada-financial-exploitation.pdf
ECF 1-38, PID.2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf
ECF 53, PID.4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf
ECF 68, PID.5009-5029 | https://rico.jefffenton.com/evidence/2024-08-22_memorandum-of-law-about-void-tn-court-orders.pdf

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 8, 2024

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300



| | | | |
|---|---|---|---|
| **Story Abernathy & Campbell** PLLP I AN ASSOCIATION OF ATTORNEYS | Virginia Lee Story* virginia@tnlaw.org | Kathryn L. Yarbrough kyarbrough@tnlaw.org | HISTORIC DOWNTOWN FRANKLIN, TENNESSEE 136 Fourth Avenue South Franklin, TN  37064 |
| | Joanie L. Abernathy joanie@tnlaw.org | Of Counsel: James E. Story,* Attorney at Law | OFFICE (615) 790-1778 FAX (615) 790-7468 |
| | Neil Campbell* neil@tnlaw.org | Marissa L. Walters Paralegal/Associate Attorney marissa@tnlaw.org | *Licensed in Kentucky |

September 16, 2019

*Via Email*
Mr. Jeffrey Fenton
**Email**: Jeff@meticulous.tech

*Via First Class Mail*
Ms. Marsha Fenton
█████████████████
█████████████████

Re:     *Fawn* ████ *Fenton vs. Jeffrey Ryan Fenton*
        *Williamson County Chancery Court No. 48419B*

Dear Mr. Fenton:

My client was at the house over the weekend and has indicated that you left the house in a mess despite you having known since August 1, 2019 that the property would be auctioned.  The costs for cleaning out the house and moving the items that you have tagged per the Court Order to storage will be in excess of $2,000.  Please send a check payable to Fawn Fenton noted for moving and clean up to my office address.  I will provide you with each invoice so you have an accounting of actual costs.

If I do not receive a check from you in the amount of $2,000 by **Friday, September 20, 2019**, we will have to sell the remaining items in the house and then dispose of the items that cannot be sold.  Any proceeds from items sold will be deposited into the Clerk's office for distribution after payment of the costs.

As for the items you have tagged and for which you will send the $2,000 advance by **Friday, September 20, 2019** for the movers and clean up, please make the arrangements for a storage unit.  This will need to be done by **Thursday, September 26, 2019**.  Send me the name of the storage location and unit number with verification that the amount has been paid in advance so that when the movers arrive there are no snags.

Finally, we did not locate any guns in the house.  Please advise where they are located with the contact information or whether you have taken them with you to Michigan.  If you have any guns in your possession, please provide an itemized list of all types, manufacturers, and models.

Sincerely,

Virginia Lee Story
Attorney at Law

cc:  Ms. Fawn Fenton

williamsoncountyattorneys.com                            * Rule 31 Family Law Mediator



A4-5

https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf        Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf        Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)



**Story Abernathy & Campbell**
PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story +
virginia@tnlaw.org

Joanie L. Abernathy
joanie@tnlaw.org

Neil Campbell +
neil@tnlaw.org

Kathryn L. Yarbrough
kyarbrough@tnlaw.org

Of Counsel:
James E. Story,*
Attorney at Law

Marissa L. Walters
Paralegal/Associate Attorney
marissa@tnlaw.org

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN  37064

OFFICE (615) 790-1778
FAX (615) 790-7468

*Licensed in Kentucky

September 16, 2019

*Via Email*
Mr. Jeffrey Fenton
**Email**: Jeff@meticulous.tech

*Via First Class Mail*
Ms. Marsha Fenton
███████████████████
Linden, MI  48451

Re:   *Fawn* ███ *Fenton vs. Jeffrey Ryan Fenton*
       *Williamson County Chancery Court No. 48419B*

Dear Mr. Fenton:

My client was at the house over the weekend and has indicated that you left the house in a mess despite you having known since August 1, 2019 that the property would be auctioned. The costs for cleaning out the house and moving the items that you have tagged per the Court Order to storage will be in excess of $2,000. Please send a check payable to Fawn Fenton noted for moving and clean up to my office address. I will provide you with each invoice so you have an accounting of actual costs.

If I do not receive a check from you in the amount of $2,000 by **Friday, September 20, 2019**, we will have to sell the remaining items in the house and then dispose of the items that cannot be sold. Any proceeds from items sold will be deposited into the Clerk's office for distribution after payment of the costs.

As for the items you have tagged and for which you will send the $2,000 advance by **Friday, September 20, 2019** for the movers and clean up, please make the arrangements for a storage unit. This will need to be done by **Thursday, September 26, 2019**. Send me the name of the storage location and unit number with verification that the amount has been paid in advance so that when the movers arrive there are no snags.

Finally, we did not locate any guns in the house. Please advise where they are located with the contact information or whether you have taken them with you to Michigan. If you have any guns in your possession, please provide an itemized list of all types, manufacturers, and models.

Sincerely,

Virginia Lee Story
Attorney at Law

**PLAINTIFF'S EXHIBIT**
**A-2**

cc:  Ms. Fawn Fenton

williamsoncountyattorneys.com

+ *Rule 31 Family Law Mediator*

**The scanned version of this document represents an exact copy of the original as submitted to the Clerk's Office. The original has not been retained.**



**Story Abernathy & Campbell**

PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story
virginia@tnlaw.org

Joanie L. Abernathy
joanie@tnlaw.org

Neil Campbell
neil@tnlaw.org

Kathryn L. Yarbrough
kyarbrough@tnlaw.org

Of Counsel:
James E. Story,
Attorney at Law

Marissa L. Walters
marissa@tnlaw.org

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN 37064

OFFICE (615) 790-1778
FAX (615) 791-0468

*Licensed in Kentucky

September 26, 2019

<u>*Via First Class Mail and E-Mail*</u>

Mr. Jeffrey Fenton
███████████████
Jeff@meticulous.tech



Re:  <u>*Fawn ████ Fenton vs. Jeffrey Ryan Fenton*</u>
<u>*Williamson County Chancery Court No. 48419B*</u>

Dear Mr. Fenton:

To follow up on correspondence sent to you on September 16, 2019, we never received any information on a storage unit you would like to use to store the extensive list of items you wish to retain from the Sunnyside residence. Therefore, Ms. Fenton took it upon herself to obtain a quote from Fox Moving and Storing to have these items packed, moved and stored. **The quote is attached hereto.** As you can see, the cost for packing only your personal items (i.e. remaining clothing, photos, etc.) is $639.00. The cost for moving the larger items and your personal items is $2,895.00. This would include moving the items to Fox's storage facility in Nashville. The cost to store these items in their storage facility would be approximately $495.00 per month. Finally, to have all of these items packed and moved to Michigan, the cost would be over $6,000.00.

At this point, it is our position that moving the items to Michigan is not financially responsible but that is up to you if you want to use any proceeds you received to have your items shipped. It is our position and that of Mr. Anderson's that the entire value of the remaining contents of the home is only approximately $3,000.00, therefore the cost to move and store these items far outweighs their worth. However, if you would like for the items to be packed and stored in the Fox storage facility in Nashville then you will need to send a check to my office in the amount of $3,534.00 no later than next Wednesday, October 2, 2019, made payable to Fawn Fenton and she will schedule the movers and the storage facility for one month until you decide if you want to have the items moved to Michigan. The only other option is to have the remaining property sold and any proceeds will be placed in the Clerk & Masters office for distribution at a later date. We will go ahead and file a Motion with the Court to sell or otherwise get rid of all remaining items in the home in the event that you do not agree to pay the cost for packing, moving and storing the items that you wish to retain.

williamsoncountyattorneys.com



PLAINTIFF'S EXHIBIT

**B**

A4-6

Jeffrey Fenton
September 26, 2019
Page 2

Finally, you still have not disclosed where all of your guns are located.  Please advise where they are located with the contact information or whether you have taken them with you to Michigan.  If you have any guns in your possession, please provide an itemized list of all guns that you removed, manufacturers, and models.

I thank you in advance for your prompt response to these time sensitive matters.

Sincerely,

Virginia Lee Story
Attorney at Law

Enclosure
cc:  Ms. Fawn Fenton

williamsoncountyattorneys.com          Rule 31 Family Law Mediator



A4-7

https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)



**Story Abernathy & Campbell**
PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story *
virginia@tnlaw.org

Joanie L. Abernathy
joanie@tnlaw.org

Neil Campbell *
neil@tnlaw.org

Kathryn L. Yarbrough
kyarbrough@tnlaw.org

Of Counsel:
James E. Story, *
Attorney at Law

Marissa L. Walters
marissa@tnlaw.org

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN 37064

OFFICE (615) 790-1778
FAX (615) 790-7468

*Licensed in Kentucky

September 26, 2019

***Via First Class Mail and E-Mail***

Mr. Jeffrey Fenton
17195 Silver Parkway, #150
Fenton, MI 48430
Jeff@meticulous.tech

> Re:   ***Fawn ████████ Fenton vs. Jeffrey Ryan Fenton***
> ***Williamson County Chancery Court No. 48419B***

Dear Mr. Fenton:

To follow up on correspondence sent to you on September 16, 2019, we never received any information on a storage unit you would like to use to store the extensive list of items you wish to retain from the Sunnyside residence. Therefore, Ms. Fenton took it upon herself to obtain a quote from Fox Moving and Storing to have these items packed, moved and stored. **The quote is attached hereto.** As you can see, the cost for packing only your personal items (i.e. remaining clothing, photos, etc.) is $639.00. The cost for moving the larger items and your personal items is $2,895.00. This would include moving the items to Fox's storage facility in Nashville. The cost to store these items in their storage facility would be approximately $495.00 per month. Finally, to have all of these items packed and moved to Michigan, the cost would be over $6,000.00.

At this point, it is our position that moving the items to Michigan is not financially responsible but that is up to you if you want to use any proceeds you received to have your items shipped. It is our position and that of Mr. Anderson's that the entire value of the remaining contents of the home is only approximately $3,000.00, therefore the cost to move and store these items far outweighs their worth. However, if you would like for the items to be packed and stored in the Fox storage facility in Nashville then you will need to send a check to my office in the amount of $3,534.00 no later than next Wednesday, October 2, 2019, made payable to Fawn Fenton and she will schedule the movers and the storage facility for one month until you decide if you want to have the items moved to Michigan. The only other option is to have the remaining property sold and any proceeds will be placed in the Clerk & Masters office for distribution at a later date. We will go ahead and file a Motion with the Court to sell or otherwise get rid of all remaining items in the home in the event that you do not agree to pay the cost for packing, moving and storing the items that you wish to retain.



PLAINTIFF'S EXHIBIT
**B-3**

williamsoncountyattorneys.com

*Rule 31 Family Law Mediator*

https://rico.jefffenton.com/evidence/2019-09-26_story-letter-demanding-thirty-five-hundred-now.pdf     Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf     Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Jeffrey Fenton
September 26, 2019
Page 2

Finally, you still have not disclosed where all of your guns are located. Please advise where they are located with the contact information or whether you have taken them with you to Michigan. If you have any guns in your possession, please provide an itemized list of all guns that you removed, manufacturers, and models.

I thank you in advance for your prompt response to these time sensitive matters.

Sincerely,

Virginia Lee Story
Attorney at Law

Enclosure
cc: Ms. Fawn Fenton



williamsoncountyattorneys.com                    Rule 31 Family Law Mediator

https://rico.jefffenton.com/evidence/2019-09-26_story-letter-demanding-thirty-five-hundred-now.pdf     Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf     Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

# EXHIBIT F

## MIWD ECF 109 — MOTION TO STAY ALL DISPOSITIVE MOTIONS UNTIL SERVICE AND THRESHOLD MATTERS WERE RESOLVED

_____

**FILED - LN**

October 21, 2024 4:17 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: pjw / _____ SCANNED BY: _____

JEFFREY RYAN FENTON,

Plaintiff

v.

VIRGINIA LEE STORY et al.,

Defendants

CASE NO. 1:23-CV-01097

**MOTION TO STAY ALL DISPOSITIVE MOTIONS[1]
UNTIL SERVICE IS COMPLETE, A RULING IS MADE ON PLAINTIFF'S
"AMENDED MOTION TO REQUIRE ALL FILINGS TO INCLUDE A
CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND
COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF
PERJURY", AND THIS CASE IS TRANSFERRED TO THE CORRECT VENUE
(EXPEDITED CONSIDERATION REQUESTED)**

The pace of this case currently is a threat to public safety and my health, because I don't physically have enough hours in the day to meet all the demands to protect my lawsuit from being wrongfully dismissed, despite the critical constitutional interests at stake.

I am still trying to serve my lawsuit to several of the defendants who have been actively dodging service, just like several of the state actors were until counsel was hired for all of them collectively, while some state actors still continued to reject and even **mail back** service up to two weeks **after** counsel made an appearance in this matter on their behalf[2]. While still claiming they were improperly served, and seeking to have the lawsuit thrown out due to no fault of my own.

---

[1]   Citations to the court record in this lawsuit will be notated without the case name or number, using the starting ECF Number, followed by both the beginning and ending Page ID, which is abbreviated as "PID."

[2]   See defendants Beeler, Coke, and Garrett, then check their credentials to see if their behavior is "reasonable".

At some point, somebody needs to take an interest in *justice*, not just thwarting justice at all costs.

I am hereby providing notice to all parties that they are putting my life and my safety in literal danger, while I run myself ragged, staying awake for days, needing to drive sleep deprived back and forth to Lansing, to defend myself against absolutely frivolous claims.

It was the same way in Tennessee too… sometimes necessitating that I stay awake for three or four days straight at a time, on multiple occasions, as I told the court, simply in an attempt to defend myself against fraudulent criminal misconduct, by defendants Story, Binkley, and their friends, when never should Binkley have heard a case by Story, and never should a Williamson County litigant been required to submit their lives, their fortunes, their family, and their freedom to the two under the pretense of anything lawful, honest, or impartial taking place.

The evidence in this case redundantly proves that beyond any plausible margin of "error", I'm willing to halt the entire lawsuit and hold a trial immediately on just that, if justice is interested in quickly uncovering the truth.

It's almost 3:00 on 10/21/2024, the court closes in an hour and a half, and it is well over a one-hour drive with construction.

I've been awake for so long, that it is not safe for me to drive, but I don't have a choice. Everyone is waiting to dismiss this case for a slew of different reasons, none of which are remotely lawful, equitable, or fair.

I need time to write a brief to substantiate why I'm asking for this motion to stay all dispositive motions, but I don't have time to write it today.

Tomorrow I must print, label, and mail 15 copies of what I'm filing in court today, so I

won't have time to drive to the court tomorrow to file my brief, I won't even have time to write it by then.

I don't have ECF, so I can't file it electronically, while the court doesn't accept faxes, so regardless of justice, I'm out of luck.

I will do my best to write a brief to support this on Wednesday, and mail it on Thursday, so the court will have more to substantiate my motion with.

I physically can't do anymore today, while still having any chance of making it to the court to file this before it closes.

I'm out of time. The court must protect the honest interests of justice, and whether I like it or not, I have no chance outside the court freely choosing to do so.

**CONCLUSION**

Dismissing a case with significant merit such as this one would not serve the interests of true justice at this point. Some defendants are responsible for deliberate wrongdoing—and even deliberate criminal acts. Others are either accessories to nefarious conduct or active participants in it. Allowing these culpable parties to escape justice because of political ties or improper influence or because of minor technicalities—some of which are at least partly the fault of the defendants—is not serving justice; it is serving *in*justice. Plaintiff's constitutional rights require that he have his day in court, which has yet to happen and thus necessitated this very action. For all of the preceding reasons, this matter cannot be dismissed against the defendants *if justice is to be really served*. Finally, should this court seriously entertain any motion to dismiss at this juncture, Plaintiff demands an evidentiary hearing prior to any related decision, and he is filing a separate motion accordingly.

Initials:

## CERTIFICATION & DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

All rights reserved.

Executed on October 21, 2024 @ 3:00 PM

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I am filing the foregoing papers in person, in the United States District Court in the Western District of Michigan, located in Lansing Michigan. I further certify that on October 22, 2024, I am serving these same documents to the defendants or their counsel, by first class mail, at the addresses below. If for any reason beyond my control, I am unable to complete either, I will do so on the very next business day.

U.S.D.C. WESTERN DISTRICT OF MICHIGAN
113 FEDERAL BLDG
315 W ALLEGAN ST RM 113
LANSING, MI    48933-1514

VALERIE HENNING MOCK
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
17197 N LAUREL PARK DR STE 201
LIVONIA, MI 48152-7901

BRIAN JOSEPH GALLAGHER
LENNON MILLER PLC
151 S ROSE ST STE 900
KALAMAZOO, MI 49007-4719

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

MICHAEL L. GUTIERREZ
BUTZEL LONG PC
300 OTTAWA AVE NW STE 620
GRAND RAPIDS, MI 49503-2308

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

LAURA C. BAUCUS
DYKEMA GOSSETT PLLC
39577 WOODWARD AVE STE 300
BLOOMFIELD HILLS, MI 48304-5086

MARY BETH AUSBROOKS
ROTHSCHILD & AUSBROOKS, PLLC
110 GLANCY ST STE 109
GOODLETTSVILLE, TN 37072-2314

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

CARL A NEUHOFF, JR.
HOSTETTLER, NEUHOFF & DAVIS, LLC
421 E IRIS DR STE 300
NASHVILLE, TN 37204-3140

KATHRYN LYNN YARBROUGH
408 PREAKNESS DR
THOMPSONS STATION, TN 37179-5238

ALEXANDER SERGEY KOVAL
281 PARAGON MILLS RD
NASHVILLE, TN 37211-4034

HENRY EDWARD HILDEBRAND III
217 LAUDERDALE RD
NASHVILLE, TN 37205-1821

CHARLES M. WALKER
1925B WARFIELD DR
NASHVILLE, TN 37215-3422

THOMAS E. ANDERSON
215 GLENSTONE CIR
BRENTWOOD, TN 37027-3916

## ELECTRONIC SERVICE OPTIONS

This document will also be available on the Internet, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 21, 2024

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

---

[1]   https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2]   https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

FENTON v. STORY et al.                Page **3** of **3**                Case 1:23-cv-01097-PLM-RSK

Case 3:24-cv-01282     Document 109     Filed 10/21/24     Page 7 of 7 PageID #: 5583

# EXHIBIT G

## MIWD ECF 141-1 — FIRST AMENDMENT RIGHT-OF-ACCESS OBJECTION, MOTION, AND DECLARATION

———————————————————————

**UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF MICHIGAN**

**RECEIVED - LN**
April 11, 2025 10:10 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_____jkg_____

JEFFREY RYAN FENTON,

PLAINTIFF

v.

VIRGINIA LEE STORY ET AL.,

DEFENDANTS

**CASE NO. 1:23-CV-01097**

**FIRST AMENDMENT RIGHT OF ACCESS: OBJECTION, MOTION,
AND DECLARATION FOR DISTRICT JUDGE PAUL L. MALONEY
TO CORRECT & MINIMIZE OR REMOVE REDACTIONS[1]**
(NOT FOR CONSIDERATION BY A MAGISTRATE JUDGE)

Plaintiff brings this objection, motion, and declaration pursuant to 28 U.S. Code § 1746;

Michigan Code of Judicial Conduct, Canons 1, 2, and 3; U.S. Const. amend. I, V, IX, and XIVI;

Case Law (6th Cir.); and 18 U.S. Code § 4 - Misprision of felony.

1. I am the Plaintiff in this lawsuit, domiciled in Genesee County, Michigan.

2. I understand that there is no longer an open case in this court.

3. This document is being specifically filed regarding the **local court records** held by

the **Western District of Michigan**, not the ongoing lawsuit after it was transferred to Tennessee.

---

[1] This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (hereinafter "MIWD") as case no. 1:23-cv-01097. On October 25, 2024, MIWD transferred this lawsuit as ordered in ECF 127 to the United States District Court for the Middle District of Tennessee (hereinafter "TNMD") as case no. 3:24-cv-01282. The language used in the file stamps of each page filed is slightly different between the two courts. MIWD uses the term "ECF No." (which I abbreviate as "ECF"), while in place of that, TNMD uses the term "Document" (which I abbreviate as "DOC"). Both courts use the term "PageID" (which I abbreviate as "PID"). Citations to the court record in this lawsuit will be notated without the case name or number, using the starting DOC/ECF number, followed by both the beginning and ending PID. The Notice of Electronic Filing for this transfer is recorded in TNMD DOC 131, at which point the DOC/ECF number from MIWD was retained and continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

Page **1** of **21**

Initials:

4.      This document, along with those filed with this court during February of 2025, were/are intended to **correct the court record** in this closed Michigan docket (case #1:23-CV-01097) in the United States District Court for the Western District of Michigan.   These documents were **not** filed with this court in an effort to impact the ongoing active litigation in the matters transferred to Tennessee, as was wrongfully presumed by Magistrate Judge Ray Kent (hereinafter "Magistrate Judge").

5.      The MIWD Magistrate Judge filed an ORDER REJECTING PLEADING on February 24, 2025, in ECF 139, PID 5738, and another on February 27, 2025, in ECF 140, PID 5948, both including the following language:

> "The case was transferred to the Middle District of Tennessee on October 25, 2024. All further questions/inquiries should be directed to said Court."

6.      Unfortunately, this order was neither an accurate nor appropriate response to my filings, since I was **not** attempting to impact any matter in the active case which was transferred to the Middle District of Tennessee, through my filings in ECF 139 & 140 in MIWD,  but rather how the court records had been redacted by the Western District of Michigan on October 28, 2024, subsequent to a MIWD court order in ECF 137, PID 5736,  **after** this lawsuit was transferred to the Middle District of Tennessee on October 25, 2024, in ECF 127, PID 5706-5710.

7.      The Middle District of Tennessee has no jurisdiction, authority, or control over the court records **held by the Western District of Michigan** in case #1:23-CV-01097.  Those requests must be made directly to the United States District Court for the Western District of Michigan, as I had correctly filed them.  (Though there may have been some confusion, which I will explain.)

Initials:

8.      Some of the language in the documents filed in February may have been broader than the scope of simply correcting the court records in Michigan, but that was in an attempt to quickly address substantial misconduct occurring in both courts, by filing nearly identical documents in both courts and cases, for each court to address in matters relevant to and within the jurisdiction of each court.

9.      Any language, objections, or requests within the jurisdiction of either court, was intended to be addressed by whichever court has the lawful jurisdiction and authority to make those corrections **while ignoring that which is beyond their jurisdiction and authority**, to hopefully be addressed separately by the other court, in response to filings I made directly with them.

10.     I can see how that might have been confusing with how I filed the documents since I tried to bundle my pleadings together, in an effort to expedite addressing so many material issues simultaneously, by bad actors sabotaging my lawsuit and usurping my time and resources in two different federal courts concurrently.  For that, I apologize and respectfully resubmit those filings along with this clarification, for direct consideration and action by District Judge Paul L. Maloney (hereinafter "District Judge").

11.     Regardless of any language in the documents attached, I am **not** seeking any action by this court that is outside this court's authority or jurisdiction.

12.     This document and the prior filings attached are intended for action by the United States District Court for the Western District of Michigan, **only in relation to the records held by that court in case 1:23-cv-01097.**

13.     I am not seeking any action by the Western District of Michigan in the ongoing matters in Tennessee or related to case 3:24-cv-01282.

Initials:

**DOCUMENTS NEEDING CONSIDERATION BY JUDGE PAUL L. MALONEY**
(REGARDING UNREDACTING MY AMENDED COMPLAINT IN MIWD COURT RECORDS)

14.    FIRST OBJECTION TO ALL MOTIONS TO DISMISS, FOR SUMMARY JUDGEMENT, AND MOTIONS/ORDERS TO REDACT AND SEAL DOCUMENTS[2].

15.    DECLARATION AND MOTION TO CORRECT AND MINIMIZE OR STRIKE AND REMOVE REDACTIONS, WHILE UNSEALING ALL RECORDS[3].

16.    DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER′S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS[4].

17.    SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE[5].

**OBSTRUCTION OF JUSTICE, JUDICIAL BIAS, AND MISPRISION OF FELONY
BY MAGISTRATE JUDGE RAY KENT AND OTHER FEDERAL ACTORS**

18.    Upon information and belief, I have suffered judicial bias, obstruction of justice, and misconduct by Magistrate Judge Ray Kent, fraudulent and deceptive misconduct by Nashville Bankruptcy Judge Charles M. Walker and his counsel by the United States Attorney's Offices in both Michigan and Tennessee.

19.    Nashville Bankruptcy Judge Charles M. Walker's **home address** is clearly and openly listed on the **public record** and was never "private" as falsely claimed.

---

[2]    ECF 139-1, PID 5739-5770 | https://rico.jefffenton.com/1-23-cv-01097/ecf/139-1.pdf

[3]    ECF 139-1, PID 5771-5887 | https://rico.jefffenton.com/1-23-cv-01097/ecf/139-1.pdf

[4]    ECF 140-1, PID 5949-5988

[5]    3:24-cv-01282, DOC 222, PID 1164-1214 | https://rico.jefffenton.com/3-24-cv-01282/doc/222.pdf

Initials:

20.     I have suffered hundreds of hours in damages and a substantial amount of money due to misconduct by court staff and officers in both Michigan and Tennessee.

21.     I have acted in good faith and filed documents under seal with both courts to quickly and easily prove this, without compromising defendant Walker or anyone else's privacy.

## BACKGROUND

22.     This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (MIWD) in case# 1:23-cv-01097.

23.     On October 18, 2023, in MIWD, District Judge Jane M. Beckering filed an ORDER OF RECUSAL[6] in ECF 3, PID 2092.

24.     On October 18, 2023, in MIWD, the CLERK OF COURT (E. Siskind) filed a NOTICE REGARDING REASSIGNMENT OF CASE[7] in ECF 4, PID 2093, stating as follows:

> "NOTICE is hereby given that this case has been reassigned to
>
> District Judge Paul L. Maloney for all further proceedings pursuant to
>
> Order (3). Judge Jane M. Beckering is no longer assigned to the case."

25.     On October 19, 2023, in MIWD, an ORDER OF REFERENCE[8] was filed by the District Judge to Magistrate Judge Ray Kent in ECF 6, PID 2096.

---

6     ECF 3, PID 2092 | https://rico.jefffenton.com/1-23-cv-01097/ecf/3.pdf

7     ECF 4, PID 2093 | https://rico.jefffenton.com/1-23-cv-01097/ecf/4.pdf

8     ECF 6, PID 2096 | https://rico.jefffenton.com/3-24-cv-01282/doc/6.pdf

Initials:

26.    On August 19, 2024, in MIWD, I filed a MOTION TO RECUSE[9] the Magistrate Judge for judicial misconduct and bias in ECF 60, PID 4736-4739.

27.    On August 19, 2024, in MIWD, I also filed a MOTION TO EXTEND SERVICE DEADLINE[10] in ECF 61 & 61-1, PID 4740-4743.

28.    On August 19, 2024, in MIWD, I also filed an OBJECTION TO THIS COURT'S "ORDER REGARDING SERVICE[11]" in ECF 62, PID 4744-4760.

29.    On September 12, 2024, the MIWD District Judge filed an ORDER VACATING ORDER OF REFERRAL AND DISMISSING MOTION FOR RECUSAL[12] in DOC 71, PID 5045, stating in substantial part as follows:

> "Shortly after Plaintiff Fenton filed this lawsuit, the Court issued an
> order referring the action to Magistrate Judge Kent (ECF No. 6)…
> Plaintiff disagreed with the manner in which Magistrate Judge Kent
> has proceeded and filed a motion for recusal (ECF No. 60) in which
> he accuses the Magistrate Judge of a lack of impartiality. Without
> any consideration of the merits of the pending motion for recusal,
> the Court VACATES the order of referral (ECF No. 6). And,
> because the Court vacates the order of referral, the Court
> DISMISSES Plaintiff's motion for recusal as moot (ECF No. 60).
> IT IS SO ORDERED."

---

[9]    ECF 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf

[10]    ECF 61, PID 4740-4743 | https://rico.jefffenton.com/1-23-cv-01097/ecf/61.pdf | https://rico.jefffenton.com/1-23-cv-01097/ecf/61-1.pdf

[11]    ECF 62, PID 4744-4760 | https://rico.jefffenton.com/evidence/2024-08-09_objection-to-wdm-order-regarding-service.pdf

[12]    ECF 71, PID 5045 | https://rico.jefffenton.com/3-24-cv-01282/doc/71.pdf

Initials:

30.    Upon information and belief, this appears to have been a way for the court to remove the Magistrate Judge, in response to my substantive concerns about his bias and misconduct, while "saving face" and not needing to reach a determination about the merits of my motion.

31.    Upon information and belief, unfortunately since the court refused to address the **merits** of my MOTION TO RECUSE[13], the court did not provide me with any **consideration** to compensate me for the damages wrongfully caused by the Magistrate Judge.

### FEBRUARY FILINGS WERE INTENDED FOR THE DISTRICT JUDGE

32.    Every document I filed with MIWD after District Judge Paul L. Maloney's September 12, 2024, ORDER VACATING ORDER OF REFERRAL AND DISMISSING MOTION FOR RECUSAL[14] in DOC 71, PID 5045, I filed to be heard, considered, and acted upon **directly by District Judge Paul L. Maloney**, since he remains the **only judge assigned** to this matter in the Western District of Michigan, subsequent to his September 12, 2024 order.

33.    It, therefore, seems *extremely* **inappropriate** to find the Magistrate Judge *interfering* in this case again, obstructing my rights, hiding crimes and corruption in the court records by the defendants, wasting significant amounts of my time and money, rejecting my filings in this matter, when his involvement in this case was **vacated** by the District Judge, and I can see no honest, ethical, or lawful reason or authority by which he is involved in this case any longer.  Especially not without addressing the substantial **merits** of my MOTION TO RECUSE[15] and providing me with **consideration** to compensate for the damages he and the court have improperly caused me.

34.    Upon information and belief, I further believe that any involvement in this case by the Magistrate Judge after the date of **September 12, 2024**, has escalated **beyond** judicial bias and

---

[13]   ECF 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf

[14]   ECF 71, PID 5045 | https://rico.jefffenton.com/3-24-cv-01282/doc/71.pdf

[15]   ECF 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf

Initials:

misconduct (including violations of Canons 1, 2, and 3 from Michigan's Code of Judicial Conduct), to **criminal** obstruction of justice, violations of my first, fifth, ninth, and fourteenth amendment civil rights, and misprision of felony.

### THE REAL NEED (IF EVER ONE EXISTED)

35.     All that needed to be redacted from my complaint, was the following **four words** containing defendant Walker's:                                    Example:

| | | |
|---|---|---|
| (1) **House Number** | \| | 1234 |
| (2) **Street Name** | \| | Defendant Drive |
| (3) **City** | \| | Nashville |
| (4) **+4 Code** (last four) | \| | 0000 |

36.     That's it!  Just _**four words**_, in _one sentence_, on only _one page_ of my complaint!

37.     According to Microsoft Word, my amended complaint[16] contains:

➢ one hundred and thirty-eight pages (138)

➢ six hundred and ninety-one paragraphs (691)

➢ two thousand five hundred and sixty-seven lines (2,567)

➢ thirty-one thousand and fifteen words (31,015)

38.     **All** of which has been completely redacted or sealed from the public, for the alleged purpose of concealing those **four words** in defendant Walker's address, despite being **public record** for anyone to easily find (with interactive maps, pictures, and a floorplan of his home), available on the county's website, by any rudimentary Internet search.

39.     I do not believe that is a reasonable, responsible, or lawful action, by any party involved.

---

[16]   DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf



40.     Above are the results from serving Judge Walker via email, using alternative service[17].  As of December 13, 2024, this email had been viewed by Judge Walker and forwarded repeatedly throughout Washington DC (government channels I'm assuming), Virginia, New York, Tennessee, Ohio, Michigan, and other states, while being viewed at least **336 times**!

---

[17]    DOC 177, PID 234-250 | https://rico.jefffenton.com/evidence/2024-11-18_fenton-motion-for-alternative-service.pdf

Initials:

**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**[18]
**OPEN COURTS COMPENDIUM (6ᵀᴴ CIRCUIT)**

**THE ROOT OF ACCESS RIGHTS**[19]

"Generally, the Sixth Circuit adheres "to a policy of openness in judicial proceedings."  Applications of Nat'l Broad. Co., 828 F.2d 340, 343 (6th Cir. 1987) (citing Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1176–81 (6th Cir. 1983)).  "Openness in judicial proceedings promotes public confidence in the courts." Id. at 347."

"The Sixth Circuit has traced the roots of the rights of access back to the 19th Century when the D.C. Circuit explained that "[a]ny attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access."  In re Knoxville News-Sentinel Co., 723 F.2d 470, (6th Cir. 1983) (quoting Ex Parte Drawbaugh, 2 App. D.C. 404, 407 (1894))."

"Similarly, "[t]hroughout our history, the open courtroom has been a fundamental feature of the American judicial system."  Brown & Williamson, 710 F.2d at 1177.  "Openness in judicial proceedings promotes public confidence in courts." Applications of NBC, 828 F.2d at 347.  The same principles that support access to court rooms also supports access to court records because "court records often provide important, sometimes the only, bases or explanations for a court's decisions."  Brown & Williamson, 710 F.2d at 1177."

---

[18]   https://www.rcfp.org/open-courts-compendium/6th-circuit/

[19]   https://www.rcfp.org/open-courts-compendium/6th-circuit/

Initials: _____

"[T]he First Amendment right of access to criminal proceedings is grounded generally in a 'purpose of assuring freedom of communication on matters relating to the functioning of government.'" Indianapolis Star v. United States, 692 F.3d 424, 429 (6th Cir. 2012) (quoting Richmond Newspapers v. Virginia, 448 U.S. 555, 575 (1980)). This right of access extends to more than just a criminal trial, but also generally applies to other criminal proceedings, criminal records, civil proceedings, and civil records. Id. 429–30; Detroit Free Press v. Ashcroft, 303 F.3d 695 n.11 (6th Cir. 2002) (explaining that the Sixth Circuit and all other circuit courts that have addressed the issue have "agreed that the press and public have a First Amendment right to attend civil proceedings…"); Applications of NBC, 828 F.2d at 347 ("the importance of some pretrial proceedings dictates that the rule of openness not be confined to the actual trial"); Brown & Williamson, 710 F.2d at 1177–78 ("The Supreme Court's analysis of the justifications for access to the criminal courtroom apply as well to the civil trial" and the same justifications require that access to judicial records also be subject to the First Amendment right of access)."

"The test for deciding if the First Amendment right of access applies to a particular proceeding or record is the "experience and logic" test: "if (1) that proceeding [or record] has 'historically been open to the press and the general public' and (2) 'public access plays a significant positive role in the function of the particular process in question.'" Indianapolis Star, 692 F.3d at 429 (quoting Press-Enterprise Co. v. Superior Court, 478 US. 1, 8 (1986)). Once the First Amendment right of access attaches, it can only be overcome "where a party can show a compelling reason why

Page **11** of **21**

Initials:

certain documents or portions thereof should be sealed [and] the seal itself [is] narrowly tailored to serve that reason."  Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509–11 (1984))."

"In contrast to the First Amendment right of access that applies when the "experience and logic" test is met, "[a] common law right of access generally applies to all public records and documents, including judicial records and documents."  In re Morning Song Bird Food Litig., 831 F.3d 765, 777–78 (6th Cir. 2016) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)).  The common law right of access "may be curtailed if, in the exercise of the court's sound discretion, [the court] determines that non-disclosure is warranted."  United States v. Dejournett, 817 F.3d 479, 485 (6th Cir. 2016).  This discretion "does not, however, imply that the District Court operates without standards."  Id. (quoting Brown & Williamson, 710 F.2d at 1177).  This discretion must "be exercised in light of the relevant facts and circumstances of the particular case," and must identify the ""relevant facts and circumstances' justifying non-disclosure…" in the case.  Id. (quoting Brown & Williamson, 710 F.2d at 1177).  For example, the common law right of access "does not reach materials properly submitted to the court under seal or otherwise kept confidential for important policy reasons."  In re Morning Song Bird Food Litig., 831 F.3d at 778 (citations omitted)."

Page **12** of **21**

Initials:

## OVERCOMING A PRESUMPTION OF OPENNESS[20]

"Whether access is sought under the First Amendment or the common law right of access, the party opposing disclosure bears the burden of showing compelling reasons to support confidentiality.  In re Morning Song Bird Food Litig., 831 F.3d 765, 772 (6th Cir. 2016) (citations omitted).   When the First Amendment right of access applies, the burden on a party seeking closure "is a heavy one: '[o]nly the most compelling reasons can justify non-disclosure of judicial records.'"  Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (quoting In re Knoxville News-Sentinel Co., 723 F.2d 470, 476 (6th Cir. 1983)).  "[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. Id. at 305 (citing Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1179 (6th Cir. 1983)).  The asserted interest in closure may not be based on platitudes, speculation or conjecture, but instead must be identified with specificity. Id. at 307–08.  "The proponent of sealing … must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'"  Id. at 305–06 (quoting Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544 548 (7th Cir. 2002))."

"The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Application of Nat'l Broad. Co., 828 F.2d 340, 343 (6th Cir. 1987) (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510

---

[20]   https://www.rcfp.org/open-courts-compendium/6th-circuit/

Initials:

(1984)); see also Rudd Equip. Co. v. John Deere Constr. & Forestry Co., 834 F.3d 589, 593 (6th Cir. 2016) (holding that court records should only be sealed when "there is a compelling reason why certain documents or portions … should be sealed … [and] the seal itself must be narrowly tailored to serve that reason").  In the context of sealed court records, the Sixth Circuit has identified a limited category of interests that may be compelling enough to overcome the presumption of openness: (1) national security; (2) trade secrets; (3) fair trial rights of criminal defendants; (4) privacy rights of participants and third parties, especially innocent third parties; (5) privileged information; and (6) "information required by statute to be maintained in confidence." Id. at 308 (citations omitted); Brown & Williamson, 710 F.2d at 1179."

"The burden is not as great when it is the common law right of access that is being analyzed.  The common law right of access "may be curtailed if, in the exercise of the court's sound discretion, [the court] determines that non-disclosure is warranted."  United States v. Dejournett, 817 F.3d 479, 485 (6th Cir. 2016).  This discretion "does not, however, imply that the District Court operates without standards." Id. (quoting Brown & Williamson, 710 F.2d at 1177).  This discretion must "be exercised in light of the relevant facts and circumstances of the particular case," and must identify the "'relevant facts and circumstances' justifying non-disclosure…" in the case.  Id. (quoting Brown & Williamson, 710 F.2d at 1177).  Moreover, the common law right of access "does not reach materials properly submitted to the court under seal or otherwise kept confidential for important policy reasons."  In re Morning Song Bird Food Litig., 831 F.3d 765, 778 (6th Cir. 2016) (citations omitted)."

Initials:

## ORIGINAL VERSUS AMENDED COMPLAINT

41.     In a NOTICE OF INTENT TO TRANSFER ACTION[21], filed in MIWD in ECF 72, PID 5046-5050 on September 12, 2024, District Judge Paul L. Maloney, stated in part:

> "Plaintiff Jeffrey Fenton filed this lawsuit without the benefit of counsel. The initial complaint named almost 30 defendants located in Florida, Massachusetts and Tennessee. The Magistrate Judge issued a report recommending, in part, that the Court dismiss the lawsuit for improper venue. While authority for that course of action exists when a plaintiff proceeds under the in forma pauperis statute, 28 U.S.C. § 1915, Plaintiff had paid the filing fee. Therefore, the undersigned rejected that portion of the report and recommendation."

> "Plaintiff recently filed an amended complaint. In the amended complaint, Plaintiff named 35 defendants, all but two of which are located in Tennessee. Plaintiff named Bank of America as a defendant and Plaintiff contends Bank of America is located in Tampa, Florida. Plaintiff also named Cadance Bank as a defendant, which Plaintiff asserts is located Case 1:23-cv-01097-PLM-RSK ECF No. 72, PageID.5046 Filed 09/12/24 Page 1 of 52 in Tupelo, Mississippi. Plaintiff resides in Fenton, Michigan, in Genessee County. Genessee County is located in the United States District Court for the Eastern District of Michigan. Plaintiff continues his efforts to serve the defendants and no defendant has made an appearance in this lawsuit."

---

[21]   ECF 72, PID 5046-5050 | https://rico.jefffenton.com/1-23-cv-01097/ecf/72.pdf

Initials: _[signature]_

On pages 24 and 25 of my SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE[22], filed in TNMD on March 7, 2025, in DOC 222, PID 1164-1214, the following was stated:

"This lawsuit is against five judges, ten attorneys, five law firms, two real estate firms, two real estate brokers, two banks, three courts, one county, and five state government entities in Tennessee, many of whom have strong relationships rippling through the political, legal, and economic fabric of the Mid-State, with some having connections and influence which exceeds any lawful office of the courts or the state.[23]"

"**PLEASE NOTE:** I never had concerns that the honest interests of justice in my lawsuit would not stand up to any legitimate and honestly impartial screening process."

"I was concerned that the natural and almost inevitable prejudice of the court, or any collective of professionals in a common trade, would grant the *benefit of the doubt* to their peers before I would have enough time to shore up my lawsuit with robust facts, sworn testimony, and evidence, while working the kinks out of my complaint and improving it to the best of my ability with the help and resources within my reach, **to where my lawsuit could stand on its own**, and survive any legitimate, honest, and impartial screening."

---

[22]    DOC 222, PID 1164-1214 | https://rico.jefffenton.com/3-24-cv-01282/doc/222.pdf

[23]    DOC 102, PID 5440 | https://rico.jefffenton.com/evidence/2024-10-09_concerns-about-transferring-to-tennessee.pdf

Initials:

"That goal was reached when I was able to file my FAC[24], which was my hope from the very beginning, as communicated with the court[25], and why I did not bring summonses for the court to execute in Lansing, the day I filed my lawsuit on October 13, 2023."

### THE IMPORTANCE OF SUBSTANTIVE FACTS AND FILINGS IN MY FIRST AMENDED COMPLAINT[26] TO OUR "FIRST AMENDMENT RIGHT OF ACCESS"

42.      The public's right to know how the federal courts prioritize and allocate resources for the benefit of different socioeconomic demographics in our country, such as indigent and disabled litigants in this case, far exceeds any legitimate privacy concerns by the defendants, which **the court could easily compensate** for by using **single line-level redactions** to conceal any home addresses without the need to redact any section, full page, or document in this lawsuit.

43.      For a better understanding of the challenges I have and continue to face in the Federal Courts and in Tennessee's state courts prior, the level of impropriety by the defendants and their counsel, acting contrary to the honest interests of justice in this matter and others, please read both my DECLARATION EXPLAINING MY PURSUIT OF JUSTICE[27], filed in TNMD on February 6, 2025, in DOC 207, PID 583-619, as well as my NOTICE TO ALL BAR MEMBERS[28] filed in TNMD February 27, 2025, in DOC 216, PID 984-1015.

---

[24]   DOC 66, PID 4870-4972 | https://rico.jefffenton.com/3-24-cv-01282/doc/66.pdf

[25]   DOC 54-1, PID 4375 | https://rico.jefffenton.com/evidence/2023-10-11_usdc-wdm-emily-can-file-in-lansing.mp3
DOC 10, PID 2109-2114 | https://rico.jefffenton.com/3-24-cv-01282/doc/10.pdf

[26]   DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

[27]   DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

[28]   DOC 216, PID 984-1015 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

Initials:

## 18 U.S. CODE § 4 - MISPRISION OF FELONY[29]

"Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both."

(June 25, 1948, ch. 645, 62 Stat. 684; Pub. L. 103–322, title XXXIII, §330016(1)(G), Sept. 13, 1994, 108 Stat. 2147.)

## CONCLUSION

44.     It is critical that the public, justice advocates, court reform advocates, indigent and *pro se* rights advocates, court watchers, court oversight boards, government and court watchdogs, as well as people involved in numerous state and federal "equal access to justice[30]" programs, along with segments of society interacting with all different tiers of our justice system, have full unfettered access to the filings in this lawsuit. **A government "for the people by the people" cannot fix problems which are <u>hidden</u> from them.**

45.     EXPERIENCE AND LOGIC TEST: "The test for deciding **if** the First Amendment right of access applies to a particular proceeding or record is the "experience and logic" test: "if…

    (1)     that proceeding [or record] has 'historically been open to the press and the general public' and

---

[29]   https://www.law.cornell.edu/uscode/text/18/4

[30]   https://www.acus.gov/ | https://eaja.acus.gov/?action=list&entity=CaseRecord

Initials:

(2)     'public access plays a significant positive role in the function of the particular process in question.'"  Indianapolis Star, 692 F.3d at 429 (quoting Press-Enterprise Co. v. Superior Court, 478 US. 1, 8 (1986)).  Once the First Amendment right of access attaches, it can only be overcome **"where a party can show a compelling reason why certain documents or portions thereof should be sealed [and] the seal itself [is] narrowly tailored to serve that reason."**  Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509–11 (1984)) (emphasis added).

46.    Per the **first prong** of the court's "experience and logic" test (above), **amended complaints** in federal civil rights lawsuits **have** 'historically been open to the press and the general public'.

47.    Per the **second prong** of the court's "experience and logic" test (above), **public access** and **transparency** in court proceedings and government operations is **essential** to promoting honest, ethical, fair, and lawful dealings amongst the people.

> "Where transparency and accountability are stifled, corruption inevitably thrives." — Jeffrey Ryan Fenton

48.    On October 28, 2024, an order was entered by District Judge Maloney in ECF 137, PID 5736, ordering **broad redactions** of entire substantive documents in my lawsuit, including my **First Amended Complaint**[31], instead of yielding to case law by the Sixth Circuit Court of Appeals, stating, **"where a party can show a compelling reason why certain documents or portions**

---

[31]   DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

Initials: ⟨signature⟩

thereof should be sealed [and] the seal itself [is] <u>narrowly tailored to serve that reason.</u>**"**
Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing
Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509–11 (1984)) (emphasis added).

49.     Everything I have filed, which has been sealed or redacted in this lawsuit to date, in
both MIWD and TNMD should be made publicly available again, **except for word-level or
line-level redactions which the court can effectuate to address any real privacy concerns**,
without redacting, sealing, or restricting from the public any more than is "absolutely necessary".

50.     I know of no **honest** compelling reason for redacting **any** document in this lawsuit,
but in the event the court found it reasonable to conceal any (or all) of the defendant's home
addresses, they could easily do so with **word-level or line-level redactions,** without redacting,
sealing, or restricting a substantial portion of any document in this lawsuit.

51.     To repeat, "Once the First Amendment right of access attaches, it can only be
overcome "where a party can show a compelling reason why certain documents or portions thereof
should be sealed [and] the seal itself **[is] narrowly tailored to serve that reason.**"  Shane Grp.,
Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enterprise
Co. v. Superior Court, 464 U.S. 501, 509–11 (1984)) (emphasis added)."

52.     This document has been filed in an attempt to persuade MIWD to correct this
oversight, error, or injustice; to be in compliance with the Sixth Circuit case law cited in the
previous paragraph.

Initials: _[signature]_

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

All rights reserved.

Executed on April 8, 2025.

**JEFFREY RYAN FENTON, PRO SE**
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

*I'm a natural man, not a corporation or property.  Please treat my case accordingly.*

<u>**DOCUMENTS REGARDING**</u> (CASE: 1:23-CV-01097):

1. FIRST AMENDMENT RIGHT OF ACCESS: OBJECTION, MOTION, AND DECLARATION FOR DISTRICT
   JUDGE PAUL L. MALONEY TO CORRECT & MINIMIZE OR REMOVE REDACTIONS (NOT FOR
   CONSIDERATION BY A MAGISTRATE JUDGE)
   https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf

2. SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH
   DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN
   SERVICE (3:24-cv-01282 [2025] DOC 222)
   https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

3. NOTICE TO ALL BAR MEMBERS (3:24-cv-01282 [2025] DOC 216)
   https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, I mailed the foregoing or above-named papers to the

United States District Court for the Western District of Michigan, at their address below, for filing

in case number 1:23-cv-01097.

I further certify that on or before April 15, 2025, I am serving these same documents to the

defendants or their counsel by first class or priority mail with postage prepaid at the addresses

listed below.  If for any reason beyond my control, I am unable to complete either on the date

specified, I will do so on the very next business day.

U.S.D.C. WESTERN DISTRICT OF MICHIGAN
113 FEDERAL BLDG
315 W ALLEGAN ST RM 113
LANSING, MI    48933-1514

RYAN D. COBB
UNITED STATES ATTORNEY'S OFFICE
330 IONIA AVE NW
GRAND RAPIDS MI 49503-2549

FENTON v. STORY et al.          Page **1** of **2**          Case 1:23-cv-01097-PLM-RSK

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

All rights reserved.

Executed on April 8, 2025.

**JEFFREY RYAN FENTON, PRO SE**
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

---

FENTON v. STORY et al.                Page **2** of **2**                Case 1:23-cv-01097-PLM-RSK

# EXHIBIT H

## TNMD DOC 177 — MOTION FOR ALTERNATIVE SERVICE

_____

RECEIVED

NOV 2 5 2024

U.S. District Court
~~Middle District of TN~~

**JEFFREY RYAN FENTON,**

PLAINTIFF

v.

**VIRGINIA LEE STORY ET AL.,**

DEFENDANTS

**CASE NO. 3:24-cv-01282**

## MOTION FOR ALTERNATIVE SERVICE[1]

Plaintiff brings this motion pursuant to F.R.Civ.P. 4(f)(3) and existing case law in this circuit.

Applying Rule 4(f)(3) and its predecessor, trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, e-mail. See *SEC v. Tome*, 833 F.2d 1086, 1094 (2nd Cir.1987) (publication); *Smith v. Islamic Emirate*, 2001 WL 1658211 (S.D.N.Y. Dec.26, 2001) (publication); *Levin v. Ruby Trading Corp.*, 248 F.Supp. 537, 541-44 (S.D.N.Y.1965) (ordinary mail); *International Controls Corp. v. Vesco*, 593 F.2d 166, 176-78 (2nd Cir.1979) (mail to last known address); *Forum Fin. Group LLC v. President & Fellows*, 199 F.R.D. 22, 23-24 (D.Me.2001) (service to defendant's attorney); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.*, 495 F.Supp. 73, 80 (S.D.N.Y.1980) (telex); *Broadfoot v. Diaz*, 245 B.R. 713, 719-20 (Bankr.N.D.Ga.2000) (e-mail); and in the adjacent district: *Popular Enterprises, LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560 (E.D. Tenn. 2004) (e-mail).

---

[1] Citations to the court record in this lawsuit will be notated without the case name or number, using the starting ECF Number, followed by both the beginning and ending Page ID, which is abbreviated as "PID."

Page **1** of **9**

Initials: ___

Case 3:24-cv-01282     Document 177     Filed 11/25/24     Page 1 of 10 PageID #: 234

https://rico.jefffenton.com/evidence/2024-11-18_fenton-motion-for-alternative-service.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

Plaintiff has been trying to serve certain defendants in this matter for months.  Based upon gamesmanship exhibited by most of the defendants, it is clear that the holdouts are avoiding service.  Plaintiff has tried numerous times—at *significant* financial expenditure each time—to inform the remaining renegades by certified and/or registered mail, as the case may be.  As of now, he can not only prove that certain emails to defendants informing them about the case have not bounced but they have, in fact, *been opened and read*.  Numerous software tools exist today to track when emails have been read.  False positives are not possible; false negatives are.  What this means is that if an email tracking program reveals that a particular email has been read, it has been read.  If that program does *not* reveal that the email has been read, it could still have been read.  The science behind this behavior is beyond the scope of this motion.  The above cited cases do not go to this length of ensuring reception *and opening* of the email containing the summons and complaint—indeed, no settled law yet may.

Plaintiff therefore requests that email with tracking software be used to serve the remaining defendants, and—as part of the proof-of-service affidavit—evidence will be submitted that the emails have in fact been read.  Of these holdouts, *all* are associated with the bankruptcy matter that was "litigated" in this state.  Of those defendants, only *one* has made an appearance in this action, that being defendant Charles M. Walker.  Plaintiff suspects that the reason he has done so is that he is a federal judge who most likely will try to claim immunity and thus be released as a defendant despite Plaintiff seeking no damages from him, thereby making such a claim legally meritless.

Plaintiff also suspects that the defense knows that without key players from the bankruptcy side of the crime ring, he will have an extremely difficult time connecting the dots

Initials:

https://rico.jefffenton.com/evidence/2024-11-18_fenton-motion-for-alternative-service.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

and proving part of his case. These remaining holdouts—Hildebrand, Ausbrooks, Koval, Rothschild & Ausbrooks, Bankers Title, and Spragins, Barnett, & Cobb—are all associated with the "bankruptcy" in this state. It is crucial that everyone responsible for the massive financial and psychological damage done to Plaintiff be held accountable. In order for this to happen, the unserved defendants must either make an entry in this matter or risk a substantial default judgment, which would need to be ordered in a manner making it difficult for them to later have it set aside, by their friends and associates throughout Tennessee's courts.

As an alternative to email, Plaintiff suggests that U.S. marshals effect service on the remaining defendants but that the court order the service as it would a *pro se* plaintiff acting *in forma pauperis.* Plaintiff has expended more than $10,000 thus far in this matter. He cannot sustain financial expenditures without proper reimbursement from the defendants to pay attorney fees and/or other legal expenses because the defendants have stolen all his money, assets, and property.

### DIGITAL SERVICE PACKAGE FOR LAWSUIT

Plaintiff built a section of his website specifically to host the files necessary to effectuate *digital service* of this lawsuit, upon the court's approval, by multiple means of alternative service. With the court's permission, all that needs to be done is to provide the outstanding defendants a simple letter or notice by mail, email, publication, or the U.S. marshals service, that they have been *officially served* and need to make an *appearance* in this matter. It could be as simple as a letter mailed to them by the court, notifying them that they can download the digital files from Plaintiff's *lawsuit service package* online, at **service.jefffenton.com**. (See attached exhibits[2] A-1 through A-5.)

---

[2]    https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-v-story-digital-service-package.pdf

Initials:

https://rico.jefffenton.com/evidence/2024-11-18_fenton-motion-for-alternative-service.pdf          M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

Plaintiff also created a page[3] on his website devoted to his filings, which took place after the creation of his *lawsuit service package*, in order to quickly apprise and orient the defendants of important filings which have occurred since. (See attached exhibits[4] B-1 and B-2.)

If the court approves, neither the U.S. marshals service nor the court need expend any resources on significant printing costs. They merely need to serve the outstanding defendants with a single page letter or notice (which is suitable to the court) stating they are defendants in this lawsuit and have *now* been *officially served*. At the same time, the court could inform them that digital copies of every summons, the AMENDED COMPLAINT FOR TORTIOUS CONDUCT AND INJUNCTIVE RELIEF[5] filed in ECF 66, along with every other document in Plaintiff's *lawsuit service package*[6], as itemized in ECF 69 and 69-1, are conveniently available online, from a single webpage, at **service.jefffenton.com**. Should they like to receive a copy of the lawsuit service package in printed media, that webpage has simple instructions for ordering a copy free of charge for any defendant in this lawsuit.

The truth is that *every* outstanding defendant in this lawsuit has already physically received Plaintiff's *lawsuit service package* with printed media at *least* once (unless they blatantly refused after knowing its contents). Some have received service multiple times, but one way or another they have obfuscated, defeated or deprived Plaintiff of the *confirmation of service* required by court rules, without which his mother cannot swear the service was successful under the penalty of perjury.

---

[3]   https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[4]   https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-v-story-filings-since-service.pdf

[5]   ECF 66, PID.4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

[6]   ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

https://rico.jefffenton.com/evidence/2024-11-18_fenton-motion-for-alternative-service.pdf     M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

Unfortunately, the realistic "risk" of the outstanding defendants receiving a "default judgment," which they can't later get set aside (one way or another), does not appear to compel several of the bad actors (directly involved with the fraudulent bankruptcy scheme) to "risk" not making an appearance in this matter.

Short of the court requiring the outstanding defendants to make an appearance, it is doubtful there is anything Plaintiff can do to compel them to do so, to face and try to defend their actions based upon the real, honest merits of this lawsuit.

Unfortunately appeals don't use juries, so it is believed that several of the outstanding defendants would rather *risk* trying to get a default judgment set aside later by an appellate court (or file bankruptcy), than *risk* making an appearance in this matter; when there is no conceivable, good faith, lawful justification for their actions in the preceding matters, which Plaintiff has near exhaustively proven, already on court record.

## STATE DEFENDANTS RUNNING INTERFERENCE FOR THE BANKRUPTCY FRAUD TEAM

It is also believed that certain defendants who have already made an appearance in this matter, who could not have realistically evaded service for long themselves, are working to frustrate and stymie justice by coaching and helping to conceal certain remaining renegades, while advocating for their interests, and notifying them of any serious developments which might justify them making a sudden appearance in this matter.

For example, by filing multiple frivolous motions to dismiss while claiming defective service and that the deadline for service had expired, in an attempt to "outperform" Plaintiff to have this lawsuit dismissed before the rest of the defendants are forced to make an appearance, contrary to the honest interests of justice, without due care and consideration for the critical

Initials:

https://rico.jefffenton.com/evidence/2024-11-18_fenton-motion-for-alternative-service.pdf     M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

constitutional liberty and property interests involved.

The fact is that most defendants—if not every one of them—in this lawsuit, are in significantly less danger of being held fully and justly accountable for their roles in this criminal enterprise and undertaking if only the state actors involved in Plaintiff's divorce make an appearance. Holding back those who laid the foundation for the RICO scam by coaching his ex-wife into filing a secret fraudulent bankruptcy action, while specifically motioning for the sale of their marital residence in the filing, which Plaintiff was lawfully in possession of, without notifying him or providing him an opportunity to participate in the bankruptcy or an adversarial proceeding, denied him adequate protection as was required by the Federal Rules of Bankruptcy Procedure and multiple bankruptcy laws.

### BANKRUPTCY FRAUD COMMITTED BY THE BANKRUPTCY COURT

It's important to note, this wasn't just a scam set up and executed by Plaintiff's ex-wife's counsel. The crimes which took place in the United States Bankruptcy Court for the Middle District of Tennessee against Plaintiff's multiple federally protected property interests were not *reasonably possible* without the willful criminal complicity, participation, and/or extreme negligence by both the Chapter 13 bankruptcy trustee and the bankruptcy judge who presided over the case.

These are significant charges against powerful people who are trusted to behave according to law. Plaintiff has made clear significant dangers[7] to the public health and safety of residents throughout Williamson County Tennessee, sworn to under the penalty of perjury. These claims must be honestly and responsibly heard, while considering not just what harm they

---

[7]  ECF 102, PID.5391-5468 | https://rico.jefffenton.com/evidence/2024-10-09_concerns-about-transferring-to-tennessee.pdf

Initials:

https://rico.jefffenton.com/evidence/2024-11-18_fenton-motion-for-alternative-service.pdf       M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

have already caused, but the potential ongoing harm which they can continue to cause, each and every day certain defendants remain actively licensed BAR members who have not been disciplined or held accountable for their actions. The potential for future damages to exceed the county and state's ability to provide a timely cure, demands this not be ignored, postponed, or dismissed for anything less than actual innocence, as determined by a jury of Plaintiff's peers.

### THE TRUTH IS OBVIOUS IN THIS COURT'S RECORD

Any honest and impartial review of Plaintiff's evidence in this case, will clearly reveal that Plaintiff has and is continuing to act honestly in good faith, at tremendous expense to himself, while doing everything reasonably within his power to hold the bad actors accountable, despite the power they wield.

Plaintiff brought this action and wrestled a court for nearly a year who sought to proactively dismiss his lawsuit before he could even get it served. Plaintiff's honest goal is to help improve the judicial integrity[8] throughout Middle Tennessee while protecting litigants from experiencing the injustice which seized and destroyed his life almost instantly. He is doing this for the common benefit of both the state and the people, while seeking a remedy which will restore his freedom to live his life again and enjoy it, along with all our natural freedoms bestowed by our creator and guaranteed/protected by our government, through the rule of law.

This court has a duty to *sua sponte* act in the real interests of justice in this matter. It begins by ordering all the defendants to quit playing games and make an appearance in this case thusputting this cat and mouse game of dodging service behind us so we can begin to focus on what really matters, which can't be done without requiring the defendants to quit wasting the

---

[8] The actual honest judicial integrity, not the misplaced appearances which refuse to honestly question or admit defects.

Page **7** of **9**

Initials:

Case 3:24-cv-01282     Document 177     Filed 11/25/24     Page 7 of 10 PageID #: 240
https://rico.jefffenton.com/evidence/2024-11-18_fenton-motion-for-alternative-service.pdf     M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

court's time with frivolous motions and arguments about extraneous issues.  It is time to answer

the complaint based upon the merits, with all testimony sworn to under the penalty of perjury.

## TECHNICAL GAMES ARE A WASTE OF TIME AND RESOURCES

The defendants need to quit searching for a technical escape hatch.  This is a *pro se* complaint

involving serious constitutional issues and criminal activities wherein technicalities should not be

allowed to rule over substantive merits.  It is time to address *why* this lawsuit has been filed and

by what acts of *cruelty* every attempt to mitigate Plaintiff's damages has been repeatedly denied[9]

while causing damages to compound each and every day that Plaintiff has been deprived of his

property, his freedom, and justice.

## CONCLUSION

Plaintiff requests that his motion be granted, i.e., service of the remaining defendants be allowed

by alternative service, using email or the U.S. Marshals Service via court order and expense *if*

*justice is to be really served*.

---

[9]  https://rico.jefffenton.com/evidence/2024-11-08_fenton-reply-to-storys-opposition-to-sanctions.pdf

Initials: _[signature]_

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

# CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b). I further swear that no part of this action is motivated by a desire to cause any party financial harm, and that I have done everything physically within my means, with the resources and knowledge at my disposal, to reach a cure as quickly as possible and mitigate losses for all parties, yet the defendants have unreasonably refused my every effort and attempt.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

Executed on November 18, 2024

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

https://rico.jefffenton.com/evidence/2024-11-18_fenton-motion-for-alternative-service.pdf          M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

 

CERTIFIED MAIL

PRESS FIRMLY TO SEAL

7020 3160 0002 3001 3592

LY TO SEAL

*Retail*

U.S. POSTAGE PAID
PM
LINDEN, MI 48451
NOV 19, 2024

37203

RDC 03

**$17.92**

S2324P501513-03

 **UNITED POSTAL**

- Expected delivery date spe
- Domestic shipments includ
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

## TRACKED ■ INSURED

PS00001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

FROM:

**17195 SILVER PKWY**
**PMB #150**
**FENTON, MI    48430-3426**

RECEIVED

NOV 2 5 2024

U.S. District Court
Middle District of TN

TO:

**UNITED STATES DISTRICT COURT**
**ATTN: CLERK OF THE COURT**
**719 CHURCH ST**
**NASHVILLE, TN    37203-6940**

This package is made from post-consumer waste. Please recycle - again.

https://jefffenton.com/digital-service-package-for-lawsuit/

**SHORTCUT to my Lawsuit Service Package: https://service.jefffenton.com**

# FENTON v. STORY et al.

Federal Civil Rights, Conspiracy, Fraud, and Racketeering Lawsuit (Case 3:24-cv-01282)



PLAINTIFF'S EXHIBIT
**A-1**

Home     Intro Video ⌄     Lawsuit Service Package     Filings Since Service     Court Docket ⌄     Blog     Evidence     Exhibit Index     Discovery ⌄



# Digital Service Package for Lawsuit

Each of the Defendants were Served the Following Documents on Paper Media, via USPS Certified Mail with Restricted Delivery (the complete digital service package is available at the links below):



Brief Video Video Introduction to the Cause of Action in this Lawsuit



**PLAINTIFF'S EXHIBIT**

**A-2**

1. Summons from the United States District Court for the Western District of Michigan

2. Video Introduction to this Lawsuit on DVD, along with DECLARATION CERTIFYING TESTIMONY IN VIDEO IS ACCURATE AND TRUE

3. DECLARATION OF IRREFUTABLE PROOF OF A CRIMINAL CONSPIRACY SPANNING STATE AND FEDERAL COURTS (Rev. 3/13/24)

4. AMENDED COMPLAINT FOR TORTIOUS CONDUCT AND INJUNCTIVE RELIEF

5. "PLAINTIFF FLASH DRIVE-1" INFORMATION

6. INDEX OF DOCUMENTS FILED IN THIS FEDERAL LAWSUIT

7. 8/1/2019 CHANCERY COURT HEARING PACKAGE

8. DECLARATION ABOUT PROFESSIONAL AND JUDICIAL MISCONDUCT DURING MY 8/1/2019 HEARING IN CHANCERY COURT

9. 8/29/2019 CHANCERY COURT HEARING PACKAGE

10. MEMORANDUM OF LAW REGARDING VOID TENNESSEE COURT ORDERS

11. FLASH DRIVE (30gb Zip Download) | More than needed, either package below will suffice.

12. DIRECTLY DOWNLOAD THIS ENTIRE LAWSUIT(3gb Zip Download) | All documents filed in this case as of August 21, 2024, when the court issued the summonses, without the digital media exhibits.

13. DIRECTLY DOWNLOAD THIS ENTIRE LAWSUIT WITH DIGITAL MEDIA EXHIBITS (18gb Zip Download) | Everything filed in this case as of August 21, 2024, when the court issued the summonses, including the digital media exhibits.

14. LAWSUIT SERVICE PACKAGE DETAILS (Declaration)

15. FENTON FILINGS SINCE SERVICE



SECURE ACCESS: Web Docket Instructional Video for Defendants in this Lawsuit

If you are a party to this lawsuit who did not physically receive service of this *lawsuit service package* (as detailed above), and would like a copy, please send an email to contact@jefffenton.com with your name, request, and the address which you would like to receive it at, and one will be mailed to you by certified mail, within the next week. Please ensure that someone will be available to sign for receipt of the package.

Also to ensure that your message is timely received, please follow-up by leaving a quick voice mail at (615) 837-1300, to let me know that you sent the email, so I can ensure that it doesn't get caught by my spam filter, causing a delay.

Producing, printing, binding, and serving this lawsuit has been an exhausting, expensive, and unrewarding experience to date. It has consumed my every waking moment for the past couple of months, while costing me over $5,000 in raw materials and shipping expenses so far. Over half the defendants in this case are *playing games* while *dodging service*, like one might expect from *criminals*, more so than by *attorneys* and *judges*.

I have produced and released over **forty lawsuit service packages** so far, while doubling the cost of shipping to have each sent via *certified mail* with *return receipts*. Those which are sent to individual defendants at their homes, have additionally included *"restricted delivery"*, to ensure that the correct party receives notice per the court's rules.

With over half of those packages shipped, the hard copy *"return receipt"* (green card) showing that the package was delivered and accepted, has either *mysteriously disappeared* or been returned *without a signature*, name of the recipient, or date of delivery, in violation of both USPS and court rules.

The postal carrier isn't even *allowed* to release these packages without obtaining a *signature*, while they are even required to verify the recipient's *ID* for the *"restricted delivery"* packages, yet these defendants have enough local influence they appear to be able to *persuade* their postal carriers to ignore and violate the rules for their own jobs, to *hide* the fact that they ever *received service*. So that I must spend more money and effort to attempt to serve them yet again, while some of these bastillions of injustice are on our *third* and *fourth attempts*.

Many of the people receiving these packages are or have been high ranking public officials throughout Middle Tennessee, employed by the taxpayers, who have enjoyed privileged positions and offices of public trust. This absolute refusal to *"play by the rules"* and submit themselves to the same *process of service* and *rules of law* which they daily demand of others is nothing short of giving the *middle finger* to the good people of Tennessee, while refusing to be held *accountable* for their own *criminal* actions.

**That is unacceptable.**

It is unacceptable for powerful Middle Tennessee attorneys, judges, clerks, disciplinary counsel, administrators, along with other elected and appointed officials to *leverage the law* and the power of *government offices*, while using the mail for *service of process* to *lord over the lives of others*, without being *honorable* enough to submit to that same *process of service*, the court's *rules of conduct*, and the *rule of law* which they demand of everyone else.

Most of the *"officers of the court"* named in this lawsuit, including those employed by the Tennessee Supreme Court, who oversee the *practice of law* throughout the state of Tennessee, are *dodging service* currently and *playing childish games* refusing to sign for their mail, like a bunch of lawless reprobates, gangsters, and goofballs.

I will soon present to the public the *evidence* of the *games played* by these people to unreasonably *dodge service*, while never would they tolerate such *negligent* and *dishonorable* behavior inside their courts. These people are **not above the law,** they just act as if they are, while it is almost impossible to find a division of government who is *willing* to hold them *accountable*.

It's time for that to change! I'm *not* going to give up. Each day they delay is *on them* not me. I have been at this for nearly *five years* now, trying to find a judge who will *force* the *state judges* in Middle Tennessee to *obey the law*. **I will show the public and the courts the truth** about their *games* and *misconduct*. All they are doing is *proving my point*, over and over, and over again. None of which is *reasonable*. You can't *exercise power* while refusing to *submit* to the *lawful limits* of that power.

**PLAINTIFF'S EXHIBIT**

**A-3**

"No man in this country is so high that he is *above the law*. No officer of the law may set that law at *defiance*, with *impunity*. **All the officers of the government, from the highest to the lowest, are creatures of the law are bound to obey it.**" "It is the only *supreme power* in our system of government, and *every man* who, by *accepting office* participates in its functions, is only the more strongly **bound to submit to that supremacy, and to observe the limitations which it imposes on the exercise of the authority** which it gives." *U.S. v. Lee*, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L. Ed 171 (1882)

As stated in the Constitution of the State of Tennessee in Article I, Section 2: "That government being instituted for the *common benefit*, [actions by the judiciary as exhibited throughout this case, while also *dodging service*, proves the exercise of] *arbitrary* power and *oppression* [which] is *absurd*, *slavish*, and *destructive* of the *good* and *happiness* of mankind."

For this reason I am forced to serve this lawsuit publicly, by *alternate service*, using email notices, public notices, printed and internet publications, by whatever means are realistically within my reach.

---

"I do not understand the government to contend that it is any less bound by the obligation than a private individual would be…" "It is not the function of our government to keep the citizen from falling into error; **it is the function of the citizen to keep the government from falling into error.**" *Perry v. United States*, 204 U.S. 330, 358

"Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act *beyond* that authority, and certainly in *contravention* of it, their judgements and orders are regarded as **nullities**; they are not voidable, *but simply void*, and this **even prior to reversal.**" *WILLIAMSON v. BERRY*, 8 HOW. 945, 540 12 L. Ed. 1170, 1189 (1850).

"No judicial process, whatever form it may assume, can have any *lawful authority* outside of the *limits of the jurisdiction* of the court or judge by whom it is issued; and an attempt to *enforce* it beyond these boundaries **is nothing less than lawless violence.**" *Ableman v. Booth*, 21 Howard 506 (1859)

---

"Where *rights* **secured** by the *Constitution* are involved, **there can be no 'rule making' or legislation which would abrogate them.**" *Miranda v. Arizona*, 384 U.S. 426, 491; 86 S. Ct. 1603.

The United States Supreme Court has ruled and has reaffirmed the principle that **"justice must satisfy the appearance of justice"**, *Levine v. United States*, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954).

Society's commitment to institutional justice *requires* that **judges be solicitous of the rights of persons who come before the court.** *\*Geiler v. Commission on Judicial Qualifications*, (1973) 10 Cal.3d 270, 286.

---

"The innocent individual who is *harmed* by an *abuse* of *governmental authority* **is assured that he will be compensated for his injury.**" *Owen v. City of Independence*



PLAINTIFF'S EXHIBIT

A-4

## FENTON v. STORY et al.

**Tennessee Court Docket**
**Michigan Court Docket**
» Blog about Lawsuit

Federal Civil Rights, Conspiracy, Fraud, and Racketeering Lawsuit (Case 3:24-cv-01282, previously 1:23-cv-01097)



## My Sites & YouTube

Tennessee Injustice

YouTube @TennesseeInjustice

YouTube @OurTennesseeHome

How Courts were Designed to Produce Justice, Why they Frequently Fail, and How We as a Society Can Restore Justice

## Resources by Friends

The Brady List

DEFALCATION PROJECTS

Exposing the Court Racket

Citizen's Public Safety Network

Investigate Judge Michael W. Binkley

Association of Certified Fraud Examiners

## Blogs by Friends

Stop Probate Fraud

Motion for Justice—I Rest My Case

U.S. Legal System Blog by STLOIYF

WHISTLEBLOWER NETWORK NEWS

Dismantling Family Court Corruption

Tennessee Family Law – Family Forward

Copyright © 2024 | JeffFenton.com | All Rights Reserved





# FENTON v. STORY et al.

Federal Civil Rights, Conspiracy, Fraud, and Racketeering Lawsuit (Case 3:24-cv-01282)

Home    Intro Video ⌄    Lawsuit Service Package    Filings Since Service    Court Docket ⌄    Blog    Evidence    Exhibit Index    Discovery ⌄

## Fenton Filings Since Service



PLAINTIFF'S EXHIBIT

**B-1**

- 2024-08-20 AMENDED COMPLAINT FOR TORTIOUS CONDUCT AND INJUNCTIVE RELIEF

- 2024-08-22 MEMORANDUM OF LAW REGARDING VOID TENNESSEE COURT ORDERS

- 2024-09-09 LAWSUIT SERVICE PACKAGE DETAILS

- 2024-09-14 NOTICE, DECLARATION, AND MOTION REGARDING THE NAMING AND ADDRESS OF DEFENDANT BANK OF AMERICA IN THIS LAWSUIT

- 2024-09-23 NOTICE, DECLARATION, AND MOTION REGARDING THE NAMING AND ADDRESS OF DEFENDANT THOMAS ANDERSON IN THIS LAWSUIT

- 2024-10-08 COUNTER-AFFIDAVIT TO "AFFIDAVIT OF VIRGINIA LEE STORY"

- 2024-10-08 MOTION TO REQUIRE ALL FILINGS TO INCLUDE A CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF PERJURY

- 2024-10-08 MOTION FOR SANCTIONS

- 2024-10-09 DECLARATION VOICING PLAINTIFF'S CONCERNS ABOUT TRANSFERRING THIS ACTION TO TENNESSEE

- 2024-11-08 PLAINTIFF'S REPLY TO "DEFENDANTS' VIRGINIA LEE STORY AND STORY AND ABERNATHY, PLLP'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS"

## FENTON v. STORY et al.

**Tennessee Court Docket**
**Michigan Court Docket**
» Blog about Lawsuit

Federal Civil Rights, Conspiracy, Fraud, and Racketeering Lawsuit (Case 3:24-cv-01282, previously 1:23-cv-01097)

 

## My Sites & YouTube

Tennessee Injustice

YouTube @TennesseeInjustice

YouTube @OurTennesseeHome

How Courts were Designed to Produce Justice, Why they Frequently Fail, and How We as a Society Can Restore Justice

## Resources by Friends

The Brady List

DEFALCATION PROJECTS

Exposing the Court Racket

Citizen's Public Safety Network

Investigate Judge Michael W. Binkley

Association of Certified Fraud Examiners

## Blogs by Friends

Stop Probate Fraud

Motion for Justice—I Rest My Case

U.S. Legal System Blog by STLOIYF

WHISTLEBLOWER NETWORK NEWS

Dismantling Family Court Corruption

Tennessee Family Law – Family Forward

Copyright © 2024 | JeffFenton.com | All Rights Reserved



# EXHIBIT I

## TNMD DOC 197 — MOTION TO FILE ELECTRONICALLY AND FOR REMOTE PARTICIPATION

_____

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

RECEIVED
JAN 21 2025
US DISTRICT COURT
MID DIST TENN

JEFFREY RYAN FENTON,

Plaintiff

v.

VIRGINIA LEE STORY et al.,

Defendants

CASE NO. 3:24-cv-01282

**MOTION TO FILE ELECTRONICALLY AND FOR REMOTE PARTICIPATION[1]
(EXPEDITED CONSIDERATION REQUESTED)**

Plaintiff brings the electronic filing (hereinafter "CM/ECF") portion of this motion pursuant to

F.R.Civ.P. 5(d)(3)(B) and Administrative Order 167-1, Administrative Practices and Procedures

for Electronic Case Filing, along with M.D. Tenn[2]. LR5.02 and M.D. Tenn. ECF Procs. § 7.

He brings these facts and testimony pursuant to 28 U.S. Code § 1746. He brings the remote

participation portion pursuant to the due process clause of the U.S. Constitution.

Plaintiff brings this motion due to his forced geographic displacement and critical

economic need, under the circumstances, at no fault of his own. To have a realistic chance at

litigating for a desperately needed remedy in a court which he has no physical access to (located

---

[1]   This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (hereinafter "MIWD") as case no. 1:23-cv-01097. On October 25, 2024, MIWD transferred this lawsuit as ordered in ECF 127 to the United States District Court for the Middle District of Tennessee (hereinafter "TNMD") as case no. 3:24-cv-01282. The language used in the file stamps of each page filed is slightly different between the two courts. MIWD uses the term "ECF No." (which Plaintiff abbreviates as "ECF"), while in place of that, TNMD uses the term "Document" (which Plaintiff abbreviates as "DOC"). Both courts use the term "PageID" (which Plaintiff abbreviates as "PID"). Citations to the court record in this lawsuit will be notated without the case name or number, using the starting DOC/ECF number, followed by both the beginning and ending PID. The Notice of Electronic Filing for this transfer is recorded in TNMD DOC 131, at which point the DOC/ECF number from MIWD was retained and continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

[2]   https://www.tnmd.uscourts.gov/court-info/local-rules-and-orders/local-rules

Initials:

562 miles away); absent extraordinary circumstances requiring long-distance travel and lodging, further complicated by debilitating handicaps[3], making long-distance travel much more difficult, time consuming, occasionally implausible without advance notice[4], and expensive—without any funding, income, or savings required for travel or lodging of any kind.  As a direct result of crimes committed against Plaintiff by the defendants in this lawsuit[5].

## FACTS AND BACKGROUND

1.      Plaintiff has absolutely no income, savings, or real property, after having been forcibly rendered homeless, from a comfortable middle-class lifestyle, almost instantly and driven into poverty, by the cruel and illegal actions[6] by the defendants in this lawsuit spanning state and federal courts in Middle Tennessee[7].

2.      Plaintiff remains financially destroyed today, with no realistic means or path toward recovery, short of an intervention or some just remedy ordered by the court.

---

[3]     DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf

DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

[4]     DOC 1-38, PID 2039 | Such as severe weather or any threat of tornadoes along the route between Michigan and Tennessee, during which Plaintiff will not travel, and at times has almost no notice in advance so he can make alternate plans.

[5]     https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf

[6]     DOC 53, PID 4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf

DOC 38, PID 3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf

[7]     See Plaintiff's "DECLARATION OF FACTS ABOUT FENTON FAMILY FINANCIAL STRUCTURE AND ROLES DURING MARIAGE, ENTIRETY PROPERTY, EDUCATION, VOCATIONAL EXPERIENCE, AND FINANCIAL CAPACITY"

DOC 37, PID 3398-3443 | https://rico.jefffenton.com/evidence/fenton-family-finances-property-education-experience.pdf

See Plaintiff's "DECLARATION REGARDING FINANCES, MARITAL ROLES, PROPERTY, EDUCATION, EARNING CAPACITY, SPOUSAL SUPPORT, AND FRAUD (AMENDED)" planned to be filed soon (hopefully before a judge is assigned to this matter by the Sixth Circuit Court of Appeals.)  This will be available at the URL below upon completion.

https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf

**DEFENDANTS HAVE REFUSED TO RELEASE THEIR LAWLESS OPPRESSION**

3.        Plaintiff has sought a remedy and advocated for relief repeatedly, even relief which was believed not to cost the defendants a dollar[8], by having their fraudulent "order of protection" removed from his person and pre-employment background checks—so that he could move forward, obtain critically needed employment[9], and survive without becoming a financial liability and burden to his elderly mother and the State of Michigan.

4.        Unreasonably, several of the defendants in this lawsuit refused to vacate or set aside the bad faith, biased and ultimately void order, executed without notice or hearing.  While many more have failed or refused to intervene, help the injured party, report, correct, or discipline egregiously fraudulent and deceptive attorney and judicial misconduct, performed by defendants Story, Yarbrough, Binkley, Beeler, and the Chancery Court, as is *required* by the State of Tennessee's Rules of Judicial and Professional Conduct[10].

**CARELESS, WILLFUL, AND WANTON DISREGARD**
**FOR PLAINTIFF'S LIFE & LIBERTY**

5.        Many of the defendants have exhibited reckless, willful, and wanton disregard for the impact of this fraudulent "order of protection" upon Plaintiff's life and liberty—while cruelly, irresponsibly, and negligently failing to prioritize Plaintiff's most basic need and natural right to be able to qualify for and obtain suitable employment[11] under the circumstances.  That being the best employment which Plaintiff's education, skills, and experience will

---

[8]    DOC 176, PID 227-231 | https://rico.jefffenton.com/evidence/2024-11-08_fenton-reply-to-storys-opposition-to-sanctions.pdf

[9]    DOC 1-2, PID 48-63 | https://rico.jefffenton.com/evidence/2020-10-13_affidavit-of-mother-marsha-ann-fenton.pdf

[10]   DOC 41, PID 3570-3608 | https://rico.jefffenton.com/evidence/tennessee-rules-of-judicial-and-professional-conduct.pdf

[11]   DOC 1-28, PID 1658 | https://rico.jefffenton.com/evidence/2021-01-19_tnsc-immunity-disorder-strike-expunge-op.pdf

support—unmolested; so that Plaintiff might have a realistic chance of being physically capable of surviving their lawless, depriving, and oppressive orders against him.

### PUBLIC HEALTH AND SAFETY DURING COVID-19

6.     Despite a global pandemic, the likes of which had never been seen before in our lifetime, where throughout the country many non-violent prisoners had their prison sentences commuted with early releases in the name of public health and safety due to COVID-19, still the State of Tennessee refused to remove their fraudulent, bad faith, "order of protection" from a non-violent individual with no criminal history whatsoever.  Wrongfully interfering with and damaging Plaintiff's vocational potential for over five years, for absolutely no just cause, despite him being a danger to no one, while living almost 600 miles away.

7.     Even more egregiously, this bad faith order was levied against Plaintiff after he had been wrongfully evicted from his Brentwood home and essentially driven out of the state, after which the court and counsel falsified the court records to appear as if Plaintiff had voluntarily chosen to relocate to Michigan, sell his home for absolutely nothing in return, and then decided that he no longer wished to defend himself in any way, shape, or form, as the court cast harsh, punitive, default judgments against Plaintiff without motion, notice, or hearing.  The defendants even went so far as to disregard hundreds of pages of Plaintiff's sworn testimony, evidence, and pleadings already filed on court record before he left Tennessee, proving the entire fiasco was an act of horrific misconduct by one of the presiding judge's closest personal friends.

8.     The State of Tennessee ignored the repeatedly reported, fraud on the court coupled with clear judicial and attorney misconduct, by defendants Binkley and Story, along with Plaintiff's honest critical need and *most basic human right* to be able to qualify for and obtain the

best employment his skills would support, from almost six hundred miles away.

9.      Still, that is the need which exists today, with cruel, careless, and inhumane chancery court orders, which have been, always will be, and lawfully can be nothing other than void[12].  Needing to be vacated by this court, as a matter of law, and remedied with post-haste, since everyday Plaintiff's damages continue to exponentially increase, when there was never an honest, lawful, or ethical basis for these orders in the first place.

### WRONGFULLY EVICTED FROM HIS BRENTWOOD TENNESSEE HOME DESPITE RENDERING HIS LIFE UNSUSTAINABLE THEREAFTER

10.      Except for during a short period of State and Federally funded financial relief (around the time of COVID-19), Plaintiff has not been able to afford his own shelter, utilities, or even essential toiletries like soap, shampoo, toothpaste or toilet paper since being forcefully rendered homeless from his Brentwood residence, shortly after 12:00 noon on **September 3, 2019**, by the Williamson County Sheriff's Office, during his wrongful eviction[13].

11.       This wrongful eviction was caused by excessive fraud on the court, including false claims of both fact and law in open court by defendant Story[14], while defendant Binkley played along with her misconduct and joined in instead of correcting, disciplining, or reporting Story's misconduct, as the State of Tennessee's Rules of Judicial Conduct *require*.

---

[12]    DOC 68, PID 5009-5029 | https://rico.jefffenton.com/evidence/2024-08-22_memorandum-of-law-about-void-tn-court-orders.pdf

DOC 33, PID 3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf

[13]    See Plaintiff's "DECLARATION OF UNCONSTITUTIONAL DESTRUCTION AND OPPRESSION, WITH ADA INTERFERENCE, COERCION, INTIMIDATION, AND RETALIATION" planned to be filed soon (hopefully before a judge is assigned to this matter by the Sixth Circuit Court of Appeals.)  This will be available at the URL below upon completion.

https://rico.jefffenton.com/evidence/declaration-of-destruction-oppression-ada-interference.pdf

[14]    DOC 33, PID 3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf

**DEPRIVING PLAINTIFF OF HIS HOME AND ONLY STREAM OF INCOME**

12.     Instead, defendant Binkley issued *illegal* court orders[15], wrongfully depriving

Plaintiff of **both** his only steam of *income*[16], along with his extremely valuable and critically needed

Brentwood *property* interests, without the lawful jurisdiction to hear or dispose of either matter[17],

while depriving him of equal and due process of law, and notice by which he could save, mitigate

his losses in, or redeem his most essential property interests, as is ***constitutionally guaranteed***.

**PLAINTIFF HAS GEPHYROPHOBIA**

13.     In addition to not having money to travel back and forth to Tennessee, to litigate

for a remedy in this lawsuit, Plaintiff also suffers significantly from a condition known as

gephyrophobia[18] (the fear of going over bridges[19]), which requires Xanax (brand name) or

Alprazolam (generic) to treat, in order for him to be able to safely drive over the John A. Roebling

Bridge in Cincinnati Ohio.

**HEALTHCARE DIFFERENCES BETWEEN TENNESSEE AND MICHIGAN**

14.     On information and belief, there are some significantly different worldviews in

governance and healthcare between Tennessee and Michigan.  In Plaintiff's experience

Tennessee is far less restrictive in the use of prescription medications to help patients achieve the

---

[15]   DOC 19-6, PID 2669-2672 | https://rico.jefffenton.com/evidence/2019-08-01_chancery-court-order-with-counsel.pdf
       DOC 19-7, PID 2674-2677 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-court-order-once-pro-se.pdf
       DOC 19-13, PID 2706-2709 | https://rico.jefffenton.com/evidence/2019-10-21_chancery-final-decree-of-divorce.pdf
       DOC 1-31, PID 1794-1873 | https://rico.jefffenton.com/evidence/2019-10-21_order-of-protection-as-illegal-prior-restraint.pdf
       DOC 1-31, PID 1794-1873 | https://rico.jefffenton.com/evidence/2020-09-24_5yr-op-ext-retaliation-no-notice-motion-hearing.pdf

[16]   DOC 45, PID 3800-3807 | https://rico.jefffenton.com/evidence/2019-03-26_fenton-sunnyside-roommate-lease-merriman.pdf
       DOC 45, PID 3808-3813 | https://rico.jefffenton.com/evidence/2019-04-09_fenton-sunnyside-roommate-lease-garcia.pdf

[17]   DOC 53, PID 4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf

[18]   Plaintiff has gephyrophobia as explained in the MOTION TO MAINTAIN VENUE filed on 10/20/2023 in DOC 7, PID 2097.

[19]   DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

best quality of life which is reasonably sustainable given their health. Michigan is far more restrictive in the use of prescription medications, especially controlled substances. In stark contrast, recreational marijuana is legal in Michigan and far easier to obtain than prescription medications which aren't even habit forming or prone to abuse, such as anti-depressants.

15. On information and belief, Tennessee and Michigan simply have different worldviews, about what is good and bad for society, while the laws of each state are structured in favor of their viewpoint. Unfortunately, Michigan's viewpoint has never allowed Plaintiff to return to the regimen of medications which worked best for him, for many years, in Tennessee.

## MICHIGAN AUTOMATED PRESCRIPTION SYSTEM (MAPS)

16. On information and belief, Michigan uses a system known as the Michigan Automated Prescription System (hereinafter "MAPS"), to closely monitor the prescribing and usage of controlled substances throughout the state, which places the medical license of prescribing practitioners in jeopardy when they exceed the prescribing tolerances established with the MAPS system.

17. On information and belief, Plaintiff was told that due to the high score assigned in MAPS to his ADHD drug (Vyvanse), the score for that one drug alone is so high, it automatically pushes him over the recommended tolerance per patient, harming the prescribing practitioner's average. Therefore, as long as Plaintiff wants to continue taking Vyvanse to help his brain focus, so that he can write, litigate, and try to articulate complicated matters (to the best of his ability), then they will prescribe him no other controlled substances, for any reason. (Not because of the impact on his health, good or bad, but because of the risk to the prescribing practitioners medical license using the MAPS system.)

18.     Therefore, Plaintiff no longer has access to Xanax/Alprazolam.  As a result, Plaintiff currently can't do certain activities which required Xanax/Alprazolam for him to safely perform, such as driving over the John A. Roebling Bridge in Cincinnati Ohio, since he has gephyrophobia[20].

## CHANCERY COURT KNEW THIS IN ADVANCE, THREW CAUTION TO THE WIND, AND WRONGFULLY EVICTED PLAINTIFF FROM HIS HOME

19.     Plaintiff swears that defendants Chancery Court, Story, and Binkley knew[21] prior to their unlawful August 29, 2019, order[22] wrongfully evicting him from his Brentwood home[23] (and subsequently the state of Tennessee), that Plaintiff has gephyrophobia and can't drive over the Cincinnati Bridge[24] without help[25].  They also knew that as a direct result of the eviction they ordered, he would be displaced to the State of Michigan, to stay with family.  They also knew that once he was on the east side of the John A. Roebling Bridge in Cincinnati (the side leading to Michigan), that he didn't have the resources or ability to be physically present in Tennessee's courts thereafter, or to travel back and forth so that he could be physically present to defend himself in Tennessee's courts.  This was all well known by the court and counsel prior to them wrongfully evicting Plaintiff from his Brentwood home and forcing him to the east side of the John A. Roebling Bridge in Cincinnati, Ohio, in a desperate attempt to survive their cruel and careless crimes against Plaintiff and his family.

---

[20]   Plaintiff has gephyrophobia as explained in the MOTION TO MAINTAIN VENUE filed on 10/20/2023 in DOC 7, PID 2097.

[21]   DOC 23-4, PID 2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-audio-recording.mp3
       DOC 23, PID 2863-2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-transcript-audio-markers.pdf

[22]   DOC 19-7, PID 2674-2677 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-court-order-once-pro-se.pdf

[23]   DOC 1-12, PID 479-596 | https://rico.jefffenton.com/evidence/2019-10-29_tn-wilco-deed-fraud-ada-financial-exploitation.pdf

[24]   Officially called the "John A. Roebling Bridge", referred to at times as the "Cincinnati Bridge".

[25]   DOC 23-4, PID 2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-audio-recording.mp3
       DOC 23, PID 2863-2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-transcript-audio-markers.pdf

## PLAINTIFF DID NOT CHOOSE TO RELOCATE
## THE DEFENDANTS FORCED HIM

20.     Plaintiff was wrongfully displaced hundreds of miles away from his home in Tennessee, against his will and strong protest, strictly due to the unlawful and criminal acts of the defendants.  They should not gain the added advantage of being able to force Plaintiff to litigate in a court which he does not reasonably have access to (562 miles away), where he cannot be actively present (in person or remotely), to fully participate in every phase of this lawsuit.

## DEFENDANTS OBJECTED TO JURISDICTION IN MICHIGAN

21.     Furthermore, the defendants have strongly objected to MIWD having jurisdiction to hear this matter, while that court is reasonably and practically within Plaintiff's reach.

## PLAINTIFF NEEDS ELECTRONIC ACCOMMODATIONS TO PARTICIPATE

22.     Therefore, it is only fair that TNMD provide Plaintiff with the accommodations necessary for him to have as much access to that court (remotely via ECF, Zoom, Etc…) as the defendants have to that court, or as is realistically possible given the circumstances.

23.     Furthermore, is the issue of cost, for Plaintiff to mail notice of each and every filing of his to the many defendants in this lawsuit.  To date Plaintiff and his mother have paid well over *two thousand dollars* directly to the United States Postal Service for postage alone in this lawsuit, both for the purpose of filing documents with the court by mail, as well as to serve notices to the defendants, as required by the court's rules.

**PLAINTIFF CAN'T AFFORD TO NOTICE THE DEFENDANTS WITHOUT ECF**

24.     On 10/05/2024 Plaintiff spent **$124.48** on postage for mailing notices for DOC 96, 97, and 98 to the defendants or their counsel, at fifteen different addresses, without ECF filing privileges.  This also required a full day of labor to create mailing labels, certified mail receipts, to print, collate, staple, stuff envelopes, and prepare for mailing.   (See attached "Plaintiff's Exhibit A".)

25.     On 10/10/2024 Plaintiff spent **$153.14** on postage for mailing notices for DOC 99, 100, 101, and 102 to the defendants or their counsel, at fifteen different addresses, without ECF filing privileges.  This also required a full day of labor to create mailing labels, certified mail receipts, to print, collate, staple, stuff envelopes, and prepare for mailing.  (See attached "Plaintiff's Exhibit B".)

26.     On 10/22/2024 Plaintiff spent **$107.40** on postage for mailing notices for DOC 109, 110, and 111 to the defendants or their counsel, at fifteen different addresses, without ECF filing privileges.  This also required a full day of labor to create mailing labels, certified mail receipts, to print, collate, staple, stuff envelopes, and prepare for mailing.  (See attached "Plaintiff's Exhibit C".)

27.     As stated in paragraph #1, "Plaintiff has absolutely no income, savings, or real property, after having been forcibly rendered homeless, from a comfortable middle-class lifestyle, almost instantly and driven into poverty, by the cruel and illegal actions[26] by the defendants in

---

[26]   DOC 53, PID 4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf
    DOC 38, PID 3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf

this lawsuit spanning state and federal courts in Middle Tennessee[27]."

28.     Without ECF, Plaintiff cannot afford to respond to the many outstanding motions against him, which is why expedited consideration is needed in this matter.

29.     Many if not all of these motions are frivolous on some level, contain misstated facts and claims, while requesting relief which is **contrary** to the honest "interests of justice".

30.     It is extremely unfair to force Plaintiff to borrow and pay roughly a *hundred and fifty dollars* in postage, to respond to *each* frivolous motion to dismiss, by a defendant who has terribly harmed Plaintiff and still to date failed or refused to even *answer his complaint* based on the merits.  Instead, many of the defendants are wasting the courts time while further burdening Plaintiff, seeking to overwhelm and defeat him *procedurally*, by needing to correct their false and contorted claims, which they seem to continuously color the court record with.  Forcing Plaintiff to repeatedly argue that the merits of the case are significant, constitutional in nature, and contain evidence of egregious court misconduct and multiple felony crimes committed by a group of powerful and influential attorneys, clerks, and judges in Middle Tennessee.  Those crimes include in part, real estate deed fraud, civil rights intimidation, falsifying government records, official oppression, ADA interference, coercion, extortion, retaliation, and racketeering by people trusted and sworn to behave far better.

---

[27]   See Plaintiff's "DECLARATION OF FACTS ABOUT FENTON FAMILY FINANCIAL STRUCTURE AND ROLES DURING MARIAGE, ENTIRETY PROPERTY, EDUCATION, VOCATIONAL EXPERIENCE, AND FINANCIAL CAPACITY" DOC 37, PID 3398-3443 | https://rico.jefffenton.com/evidence/fenton-family-finances-property-education-experience.pdf

See Plaintiff's "DECLARATION REGARDING FINANCES, MARITAL ROLES, PROPERTY, EDUCATION, EARNING CAPACITY, SPOUSAL SUPPORT, AND FRAUD (AMENDED)" planned to be filed soon (hopefully before a judge is assigned to this matter by the Sixth Circuit Court of Appeals.)  This will be available at the URL below upon completion.

https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf

**ADHD/OCPD[28] POOR MULTI-TASKING & EXTREME DIFFICULTY FINISHING**

**SYMPTOMS AND SIGNS OF OCPD — FROM MERCK MANUALS[29]**

"In patients with obsessive-compulsive personality disorder, preoccupation with order, perfectionism, and control of themselves and situations interferes with flexibility, effectiveness, and openness. Rigid and stubborn in their activities, these patients insist that everything be done in specific ways."

"To maintain a sense of control, patients focus on rules, minute details, procedures, schedules, and lists. As a result, the main point of a project or activity is lost. **These patients repeatedly check for mistakes and pay extraordinary attention to detail.** They do not make good use of their time, often leaving the most important tasks until the end. **Their preoccupation with the details and making sure everything is perfect can <u>endlessly</u> delay completion.** They are unaware of how their behavior affects their coworkers. **When focused on one task, these patients may neglect all other aspects of their life.**"

### ECF IS NECESSARY FOR PLAINTIFF TO BE ABLE TO WORK IN "REAL TIME" WITH THE COURT

32.     Due to the costs of mailing notices, Plaintiff must postpone service to the defendants, until he is able to send multiple notices simultaneously, to save on postage costs.

33.     This diminishes Plaintiff's ability to timely file papers with the court, as well as his ability to respond to motions and objections by the defendants, in a timely manner.

---

[28]   DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf
       DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

[29]   Obsessive-Compulsive Personality Disorder (OCPD) - Psychiatric Disorders - Merck Manuals Professional Edition
       DOC 52, PID 4254-4257 | https://rico.jefffenton.com/evidence/tn-ada-disabilities-exploited-for-advantage-ocpd-merck.pdf

34.     Not having ECF privileges prevents Plaintiff from being able to work in "real time" with the court, addressing each issue independently in a timely and cost-efficient manner.

35.     Plaintiff's need to group together filings to save money on postage, both when mailing filings to the court (costing about $25-$50 in postage) as well as noticing the defendants (costing about $125 in postage), which makes this task multiple times more difficult for Plaintiff, due to him having ADHD and OCPD[30].

36.     To date Plaintiff owes his elderly mother a little over *forty-one thousand dollars* in in legal fees, professional subscriptions, technical tools, printing and postage costs, mailbox dues, personal utilities (phone/internet/websites), personal hygiene and toiletries, clothes, veterinarian bills, healthcare costs (not covered by Michigan Medicaid), pharmaceutical expenses (not covered by Michigan Medicaid), food costs (not covered by Michigan's Food Assistance Program), moving expenses, storage costs, automotive consumables, maintenance, registration, insurance, etc… before assessing any cost to Plaintiff for five-years-worth of housing/shelter, shared electricity, water, and gas in his mother's tiny two bedroom, one bathroom, approximately seven hundred and eighty square foot home, which has an assessed value of under $60,000.

37.     Prior to this, Plaintiff had **never** needed financial assistance from either the government or extended family.  This was the direct result of cruel and unconscionable Tennessee court orders, combined with ADA interference, coercion, extortion, and retaliation. (Which still outrageously remains uncured.)

---

[30]   DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf
       DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf
       DOC 52, PID 4254-4257 | https://rico.jefffenton.com/evidence/tn-ada-disabilities-exploited-for-advantage-ocpd-merck.pdf

38.    Since **finishing** tasks, like drafting documents and filing them with the court in a timely manner, is one of Plaintiff's **most significant challenges** (caused by his disabilities and the massive scope of this case), when he must worry about finishing and filing **multiple** documents at once, ideally related, which he can bundle together for filing and mailing notices to the defendants, this task becomes multiple times more **difficult.**  This significantly increases the odds of Plaintiff getting sidetracked, possibly for weeks or longer, while also increasing the odds of him failing to timely finish and file the documents with the court.  In which case Plaintiff's failure would have nothing to do with the merits of this case or the honest interests of justice, but rather the overwhelming scope and complexity of his tasks, while trying to communicate with the court and the defendants.

39.    Not being able to work in "real time" with the court, worsens Plaintiff's disabilities, making it exponentially more difficult for Plaintiff to complete filings.

40.    The improvement to judicial economy and efficiency by Plaintiff being able to file most documents independently, in real time with the court, instead of needing to wait and group together several filings for more economical shipping costs, should be obvious.  Reviewing the filings by Plaintiff in this matter should expose the benefit to the court of Plaintiff no longer needing to file five hundred to a thousand pages at once but instead being able to file each document on its own as soon as it is finished.

41.    This motion is honestly in the best interest of all involved and should be granted.

## TECHNICAL FACTS

42.     Plaintiff is tech savvy and well versed in the use of electronic documents, including the daily use of both Microsoft Word and Adobe Acrobat Pro.

43.     Plaintiff has maintained a primarily paperless office, document server, and workflow for most of the past decade.

44.     Plaintiff has a PACER account and has downloaded every ECF filing in this case, both from the Western District of Michigan as well as filed to date currently in the Middle District of Tennessee.  These documents are stored digitally on Plaintiff's document server, along with his "digitally created PDFs", which he daily works with.

45.     Plaintiff spent much of his career running massive commercial printing presses, while also having daily duties in graphic arts and pre-press.  In later years, Plaintiff owned a small web development and marketing company.

46.     Plaintiff has extensive experience working with all sorts of PDF files, converting headings to bookmarks, creating and using both static and dynamic tables of contents, listed by page numbers and hyperlinked, along with multiple, web-hosted, document and content management systems.

47.     Most of Plaintiff's filings are "digitally created PDFs", with optical character recognition enabled, fonts embedded, with headings converted into bookmarks, featuring robust search capabilities.  Unfortunately, when Plaintiff is not allowed to file these digitally created PDFs with the court *electronically*, all of the smart features and digital benefits of these documents is lost, by converting them into flat scanned images, which is the technical equivalent of "dumb PDF files", without most of the benefits of "true" digitally created PDFs.

48.     Some of Plaintiff's larger documents, such as his AMENDED COMPLAINT[31], also include a hyperlinked table of contents, to make navigation of those documents far more efficient, quick, and easy.  Unfortunately, again, unless the court allows Plaintiff to file these documents *electronically*, these digital features are of absolutely no benefit to the court or any of the defendants, making them far less efficient to work with.

49.     Plaintiff is willing to perform any remote training recommended or required by the court for the use of their ECF filing system.

50.     Plaintiff has friends who are experienced with the ECF filing system used by the federal courts, should he require any assistance.

51.     By definition, allowing Plaintiff to file documents *electronically* with the court would *significantly* improve the *efficiency* and cost effectiveness of the action, for **all** involved. Nearly every document filed by Plaintiff would be easier to navigate and more efficient to work with, by the court and every interested party, by an order of magnitude.  Saving the court the cost of timely scanning each page, the Plaintiff the costs of printing and postage, at the same time benefitting each defendant who works with the digitally created and delivered files.

---

[31]   DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

Initials:

## AUTHORITIES

"The purpose of the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The rules were first adopted by order of the Supreme Court on December 20, 1937, transmitted to Congress on January 3, 1938, and effective September 16, 1938. The Civil Rules were last amended in 2023[32]."

"Efficiently handled electronic filing works to the advantage of all parties and the court[33]."

## THE FEDERAL COURTS' "ELECTRONIC FILING BY PRO SE LITIGANTS" (PAGE 41) FEDERAL JUDICIAL CENTER, 2022[34]

"Electronic filing is governed by the court's Rule 5.02 and the court's Administrative Practices and Procedures: Electronic Case Filing [hereinafter ECF Procs.]. "A party to an action who is not represented by an attorney may, with the Court's permission, register as a [CM/ECF] Filing User solely for purposes of that action." M.D. Tenn. ECF Procs. § 7. The request is made by formal motion to the presiding judge."

"The court does not accept filings by email or fax. There is a drop box outside the building that is available at all hours. Submissions are retrieved first thing in the morning and time stamped for the previous work day."

---

[32]  https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure

[33]  https://www.law.cornell.edu/rules/frcp/rule_5

[34]  https://www.fjc.gov/sites/default/files/materials/20/FederalCourtProSeECF.pdf

""In order for a document to be considered timely filed on a deadline date, the filing must be completed on the deadline date before midnight (local time at the Court's location)." M.D. Tenn. ECF Procs. § 6."

### ARGUMENT

The first reason Plaintiff should be allowed CM/ECF is that he is fighting multiple defendants (with counsel) who are filing multiple documents against ***one*** person who—precisely because of their nefarious conduct—has been forced to proceed *pro se*. He should not be penalized and/or disadvantaged because of ***their*** misconduct. Currently, this is essentially a minimum of a sixty-eight-against-one fight, which is clearly lopsided.

Another reason for Plaintiff to have CM/ECF access is that it is not even remotely fair with regard to how things stand now. Defendants can take advantage of filing just before midnight on any given due date. Plaintiff, however, must file at least seven hours before midnight on any similar day by either U.S. mail or in person at the courthouse, the latter of which is unrealistic since he has been forced out of state and more than 500 miles away by the defendants. Before the case was transferred to Tennessee, he could somewhat reasonably drive to the courthouse to deliver papers. This is no longer true.

On November 19, 2024, Plaintiff mailed a package of documents by Priority Mail from Michigan to TNMD, which was stamped received by the United States District Court for the Middle District of Tennessee six days later, on November 25, 2024. (Please see attached "Plaintiff's Exhibit D".) Mail between Tennessee and Michigan often takes up to five days or more. This would be a tremendous disadvantage for any party, let alone a *pro se* party who has significant communication and time management disabilities, as Plaintiff does.

Yet a third reason to allow Plaintiff CM/ECF access is one of judicial economy. Clerks have spent countless hours scanning documents he has filed. With electronic filing capabilities, clerks could then better spend their time on other tasks. It was nonsensical for the Michigan court to proscribe Plaintiff from CM/ECF filing. Moreover, Plaintiff has been forced to spend well over $5,000 on printing and mailing costs alone so far. It is outrageous for an indigent plaintiff to have to spend significantly more on printing and mailing than well-financed defendants who have spent closer to zero!

Still another reason to provide Plaintiff with CM/ECF access is that he is a disadvantaged/disabled litigant[35]. He suffers from several cognitive/mental disorders as already pointed out in his complaint and other court filings. To further burden a plaintiff who requires more time[36] than the average *pro se* litigant to process anything or meet any deadline by robbing him of time as stated two paragraphs above flies in the face of equity, justice, and due process.

Plaintiff also requires the ability to participate in all pretrial activities via phone or Internet, using teleconferencing or video conferencing. This includes, but is not limited to, depositions, meetings, conferences, or any other type of event that would normally require face-to-face interaction. Plaintiff has been dislocated from Tennessee strictly due to the unlawful and criminal acts of the defendants. They should not gain the added advantage of being able to stymie Plaintiff by preventing him to fully litigate this matter by basically blocking his in-person appearance where it would otherwise be required.

---

[35]   DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf
       DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf
[36]   DOC 52, PID 4254-4257 | https://rico.jefffenton.com/evidence/tn-ada-disabilities-exploited-for-advantage-ocpd-merck.pdf

Case law from across the nation makes perfectly clear that litigants should not benefit from their own misconduct. "'[Equitable estoppel] is wholly independent of the limitations period itself and takes its life, not from the language of the statute, but from the equitable principle that *no man will be permitted to profit from his own wrongdoing* in a court of justice.' (*Battuello*, 64 Cal. App. 4th 842, 847-848, 75 Cal. Rptr. 2d 548 quoting *Bomba v. W.L. Belvidere, Inc.* (7th Cir. 1978) 579 F.2d 1067, 1070.)" *Lantzy v. Centex Homes*, 73 P. 3d 517 (Cal. 2003) (strongest emphasis added).

## CONCLUSION

Plaintiff requests that his motion be granted, i.e., allowing him to file electronically and to participate remotely via phone and/or video conferencing for all relevant matters before and excluding trial *if justice is to be really served*.

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

All rights reserved.

Executed on January 10, 2025     _____

**JEFFREY RYAN FENTON, PRO SE**
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

Page **20** of **20**

*I'm a human being, not a corporation or property. Please treat me accordingly.*

---

**DOCUMENTS REGARDING** (CASE: 3:24-CV-01282):

1. MOTION TO FILE ELECTRONICALLY AND FOR REMOTE PARTICIPATION (with Exhibits A-D)
   ➢ Attached
   ➢ https://rico.jefffenton.com/evidence/2025-01-10_motion-for-ecf-and-remote-participation.pdf

---

## CERTIFICATE OF SERVICE

I hereby certify that on January 15 or 16, 2025, I mailed the foregoing or above-named papers to the United States District Court for the Middle District of Tennessee, at their address below, for filing in case number 3:24-cv-01282.

I further certify that on January 15 or 16, 2025, I am serving these same documents to the defendants or their counsel by first class or priority mail with postage prepaid at the addresses listed below. If for any reason beyond my control, I am unable to complete either on the date specified, I will do so on the very next business day.

UNITED STATES DISTRICT COURT (TNMD)
719 CHURCH ST
NASHVILLE, TN  37203-6940

MEGAN CALME & SARAH MATHEWS
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVE STE 400
NASHVILLE, TN 37203-1623

---

FENTON v. STORY et al.                    Page 1 of 4                    CASE NO. 3:24-cv-01282

PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
PO BOX 20207
NASHVILLE, TN 37202-4015

LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIR STE 100
FRANKLIN, TN 37064-8039

KATHRYN LYNN YARBROUGH
223 TOWN CENTER PKWY UNIT 1897
SPRING HILL, TN 37174-3040
MARY BETH AUSBROOKS AND

JAMES EMBREY & MARCUS SHUTE, JR
GORDON & REES SCULLY MANSUKHANI, LLP
4031 ASPEN GROVE DR STE 290
FRANKLIN, TN 37067-2951

ALEXANDER SERGEY KOVAL
CLARK & WASHINGTON, P.C.
1321 MURFREESBORO PIKE STE 320
NASHVILLE, TN 37217-2858

ANTHONY NOEL & LARUA BASSETT
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN, PLLC
750 OLD HICKORY BLVD STE 200
BRENTWOOD TN 37027-4567

ANICA CLARISSA JONES
U.S. ATTORNEY'S OFFICE
719 CHURCH ST STE 3300
NASHVILLE, TN 37203-7155

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

THOMAS E. ANDERSON
1187 OLD HICKORY BLVD STE 125
BRENTWOOD, TN 37027-4248

FENTON v. STORY et al.     Page 2 of 4     CASE NO. 3:24-cv-01282

Case 3:24-cv-01282    Document 197    Filed 01/21/25    Page 22 of 29 PageID #: 466

https://rico.jefffenton.com/evidence/2025-01-10_motion-for-ecf-and-remote-participation.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

GREGORY BROWN & WILLIAM HICKERSON
LOWE YEAGER & BROWN, PLLC
920 VOLUNTEER LANDING LN STE 200
KNOXVILLE, TN 37915-2584

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

B. GOLDAMMER & D. SUEDEKUM
KAY GRIFFIN, PLLC
222 2ND AVE N STE 340M
NASHVILLE, TN 37201-1649

G. CATE & K. INGRAM-HOGAN
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

ERIK HALVORSON
BRADLEY ARANT BOULT CUMMINGS
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

FENTON v. STORY et al.          Page 3 of 4          CASE NO. 3:24-cv-01282

Case 3:24-cv-01282     Document 197     Filed 01/21/25     Page 23 of 29 PageID #: 467

https://rico.jefffenton.com/evidence/2025-01-10_motion-for-ecf-and-remote-participation.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

## ELECTRONIC SERVICE OPTIONS

These documents should also be available on the Internet, within the next few days, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15, 2025

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

---

[1]    https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2]    https://jefffenton.com/digital-service-package-for-lawsuit/

ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

FENTON v. STORY et al.                  Page 4 of 4                  CASE NO. 3:24-cv-01282

Case 3:24-cv-01282    Document 197    Filed 01/21/25    Page 24 of 29 PageID #: 468

**$124.48** postage receipt from mailing notices for ECF 96, 97, and 98 to the defendants or their counsel, at fifteen different addresses, without ECF filing privileges.  This also required a full day of labor to create mailing labels, certified mail receipts, to print, collate, staple, stuff envelopes, and prep for mailing.

**UNITED STATES POSTAL SERVICE.**

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777

10/05/2024                              11:24 AM
------------------------------------------------
Product             Qty    Unit     Price
                           Price
------------------------------------------------
First-Class Mail®    1             $3.43
Large Envelope
    Kalamazoo, MI 49007
    Weight: 0 lb 7.90 oz
    Estimated Delivery Date
        Tue 10/08/2024
    Certified Mail®                $4.85
        Tracking #:
        70172680000086094026
Total                              $8.28

First-Class Mail®    1             $3.71
Large Envelope
    Livonia, MI 48152
    Weight: 0 lb 8.90 oz
    Estimated Delivery Date
        Mon 10/07/2024
    Certified Mail®                $4.85
        Tracking #:
        70172680000086094019
Total                              $8.56

First-Class Mail®    1             $3.43
Large Envelope
    Jackson, TN 38301
    Weight: 0 lb 7.80 oz
    Estimated Delivery Date
        Tue 10/08/2024
    Certified Mail®                $4.85
        Tracking #:
        70172680000086093999
Total                              $8.28

First-Class Mail®    1             $3.43
Large Envelope
    Tampa, FL 33634
    Weight: 0 lb 7.90 oz
    Estimated Delivery Date
        Wed 10/09/2024
    Certified Mail®                $4.85
        Tracking #:
        70172680000086094002
Total                              $8.28

First-Class Mail®    1             $3.43
Large Envelope
    Goodlettsville, TN 37072
    Weight: 0 lb 7.90 oz
    Estimated Delivery Date
        Tue 10/08/2024
    Certified Mail®                $4.85
        Tracking #:
        70172680000086093951
Total                              $8.28

First-Class Mail®    1             $3.43
Large Envelope
    Nashville, TN 37203
    Weight: 0 lb 7.90 oz
    Estimated Delivery Date
        Tue 10/08/2024
    Certified Mail®                $4.85
        Tracking #:
        70202450000036716294
Total                              $8.28

First-Class Mail®    1             $3.43
Large Envelope
    Nashville, TN 37204
    Weight: 0 lb 7.90 oz
    Estimated Delivery Date
        Tue 10/08/2024
    Certified Mail®                $4.85
        Tracking #:
        70202450000036716461
Total                              $8.28

First-Class Mail®    1             $3.43
Large Envelope
    Thompsons Station, TN 37179
    Weight: 0 lb 7.90 oz
    Estimated Delivery Date
        Tue 10/08/2024
    Certified Mail®                $4.85
        Tracking #:
        70202450000036716454
Total                              $8.28

First-Class Mail®    1             $3.43
Large Envelope
    Nashville, TN 37211
    Weight: 0 lb 7.90 oz
    Estimated Delivery Date
        Tue 10/08/2024
    Certified Mail®                $4.85
        Tracking #:
        70202450000036716447
Total                              $8.28

First-Class Mail®    1             $3.43
Large Envelope
    Nashville, TN 37215
    Weight: 0 lb 7.90 oz
    Estimated Delivery Date
        Tue 10/08/2024
    Certified Mail®                $4.85
        Tracking #:
        70202450000036716423
Total                              $8.28

First-Class Mail®    1             $3.43
Large Envelope
    Nashville, TN 37205
    Weight: 0 lb 7.90 oz
    Estimated Delivery Date
        Tue 10/08/2024
    Certified Mail®                $4.85
        Tracking #:
        70202450000036716430
Total                              $8.28

First-Class Mail®    1             $3.43
Large Envelope
    Brentwood, TN 37027
    Weight: 0 lb 8.00 oz
    Estimated Delivery Date
        Tue 10/08/2024
    Certified Mail®                $4.85
        Tracking #:
        70202450000036716416
Total                              $8.28

First-Class Mail®    1             $3.43
Large Envelope
    Grand Rapids, MI 49504
    Weight: 0 lb 8.00 oz
    Estimated Delivery Date
        Tue 10/08/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230014384
Total                              $8.28

First-Class Mail®    1             $3.43
Large Envelope
    Norcross, GA 30071
    Weight: 0 lb 7.90 oz
    Estimated Delivery Date
        Tue 10/08/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230014391
Total                              $8.28

First-Class Mail®    1             $3.43
Large Envelope
    Grand Rapids, MI 49503
    Weight: 0 lb 8.00 oz
    Estimated Delivery Date
        Tue 10/08/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230014407
Total                              $8.28

------------------------------------------------
Grand Total:                       $124.48
------------------------------------------------
Credit Card Remit                  $124.48
    Card Name: VISA
    Account #: XXXXXXXXXXXX8359
    Approval #: 015042
    Transaction #: 009
    AID: A0000000031010          Chip
    AL: VISA CREDIT
    PIN: Not Required
------------------------------------------------

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
         1-800-222-1811.

         Preview your Mail
        Track your Packages
        Sign up for FREE @
    https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
        Thank you for your business.

    Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,

        or call 1-800-410-7420.
------------------------------------------------
UFN: 255460-0451
Receipt #: 840-54930036-1-5582221-2
Clerk: 6

**PLAINTIFF'S EXHIBIT**

**A**

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2024, I am mailing the foregoing papers to the defendants or their counsel, by first class mail, at the addresses below.  If for any reason, beyond my control, I am unable to complete this on the date specified, I will mail them on the very next mailing day.

VALERIE HENNING MOCK
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
17197 N LAUREL PARK DR STE 201
LIVONIA, MI 48152-7901

BRIAN JOSEPH GALLAGHER
LENNON MILLER PLC
151 S ROSE ST STE 900
KALAMAZOO, MI 49007-4719

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

MICHAEL L. GUTIERREZ
BUTZEL LONG PC
300 OTTAWA AVE NW STE 620
GRAND RAPIDS, MI 49503-2308

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BANK OF AMERICA, N.A.
ATTN: OFFICER, MANAGER, OR AGENT
4909 SAVARESE CIR
TAMPA, FL 33634-2413

MARY BETH AUSBROOKS
ROTHSCHILD & AUSBROOKS, PLLC
110 GLANCY ST STE 109
GOODLETTSVILLE, TN 37072-2314

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

CARL A NEUHOFF, JR.
HOSTETTLER, NEUHOFF & DAVIS, LLC
421 E IRIS DR STE 300
NASHVILLE, TN  37204-3140

KATHRYN LYNN YARBROUGH

THOMPSONS STATION, TN 37179-

ALEXANDER SERGEY KOVAL

NASHVILLE, TN 37211-

HENRY EDWARD HILDEBRAND III

NASHVILLE, TN 37205-

CHARLES M. WALKER

NASHVILLE, TN 37215-

THOMAS E. ANDERSON

BRENTWOOD, TN  37027-

## ELECTRONIC SERVICE OPTIONS

This document will also be available on the Internet, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

Executed on October 4, 2024

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

---

[1]  https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2]  https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

**$153.14** postage receipt from mailing notices for ECF 99, 100, 101, and 102 to the defendants or their counsel, at fifteen different addresses, without ECF filing privileges.  This also required a full day of labor to create mailing labels, certified mail receipts, to print, collate, staple, stuff envelopes, and prep for mailing.

**UNITED STATES POSTAL SERVICE.**

DOWNTOWN LANSING
315 W ALLEGAN ST STE A
LANSING, MI 48933-1523
(800)275-8777

10/10/2024                    02:01 PM
------------------------------------------
Product          Qty    Unit      Price
                        Price
------------------------------------------
First-Class Mail®   1              $4.91
Large Envelope
    Nashville, TN 37205
    Weight: 0 lb 12.50 oz
    Estimated Delivery Date
        Tue 10/15/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013288
Total                              $9.76

First-Class Mail®   1              $4.91
Large Envelope
    Goodlettsville, TN 37072
    Weight: 0 lb 12.70 oz
    Estimated Delivery Date
        Tue 10/15/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013363
Total                              $9.76

First-Class Mail®   1              $4.91
Large Envelope
    Jackson, TN 38301
    Weight: 0 lb 12.60 oz
    Estimated Delivery Date
        Tue 10/15/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013400
Total                              $9.76

First-Class Mail®   1              $4.91
Large Envelope
    Grand Rapids, MI 49503
    Weight: 0 lb 12.90 oz
    Estimated Delivery Date
        Sat 10/12/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013349
Total                              $9.76

First-Class Mail®   1              $4.91
Large Envelope
    Grand Rapids, MI 49504
    Weight: 0 lb 12.80 oz
    Estimated Delivery Date
        Sat 10/12/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013332
Total                              $9.76

First-Class Mail®   1              $4.91
Large Envelope
    Kalamazoo, MI 49007
    Weight: 0 lb 12.80 oz
    Estimated Delivery Date
        Sat 10/12/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013325
Total                              $9.76

First-Class Mail®   1              $4.91
Large Envelope
    Livonia, MI 48152
    Weight: 0 lb 13.00 oz
    Estimated Delivery Date
        Tue 10/15/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013370
Total                              $9.76

First-Class Mail®   1              $4.91
Large Envelope
    Brentwood, TN 37027
    Weight: 0 lb 12.70 oz
    Estimated Delivery Date
        Tue 10/15/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013257
Total                              $9.76

First-Class Mail®   1              $4.91
Large Envelope
    Thompsons Station, TN 37179
    Weight: 0 lb 12.50 oz
    Estimated Delivery Date
        Tue 10/15/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013295
Total                              $9.76

First-Class Mail®   1              $4.91
Large Envelope
    Nashville, TN 37204
    Weight: 0 lb 12.70 oz
    Estimated Delivery Date
        Tue 10/15/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013301
Total                              $9.76

First-Class Mail®   1              $4.91
Large Envelope
    Nashville, TN 37203
    Weight: 0 lb 12.60 oz
    Estimated Delivery Date
        Tue 10/15/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013318
Total                              $9.76

First-Class Mail®   1              $4.91
Large Envelope
    Tampa, FL 33634
    Weight: 0 lb 12.60 oz
    Estimated Delivery Date
        Tue 10/15/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013356
Total                              $9.76

Priority Mail®      1             $11.65
    Norcross, GA 30071
    Weight: 0 lb 13.20 oz
    Expected Delivery Date
        Sat 10/12/2024
    Insurance                      $0.00
        Up to $100.00 included
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013387
Total                             $16.50

First-Class Mail®   1              $4.91
Large Envelope
    Nashville, TN 37215
    Weight: 0 lb 12.50 oz
    Estimated Delivery Date
        Tue 10/15/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013264
Total                              $9.76

First-Class Mail®   1              $4.91
Large Envelope
    Nashville, TN 37211
    Weight: 0 lb 12.90 oz
    Estimated Delivery Date
        Tue 10/15/2024
    Certified Mail®                $4.85
        Tracking #:
        70203160000230013271
Total                              $9.76

------------------------------------------
Grand Total:                     $153.14
------------------------------------------
Credit Card Remit                $153.14
    Card Name: VISA
    Account #: XXXXXXXXXXXX8359
    Approval #: 310110
    Transaction #: 981
    AID: A0000000031010        Chip
    AL: VISA CREDIT
    PIN: Not Required
------------------------------------------

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
            1-800-222-1811.

Save this receipt as evidence of
insurance. For information on filing an
insurance claim go to
https://www.usps.com/help/claims.htm
    or call 1-800-222-1811

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,

or call 1-800-410-7420.

UFN: 255272-0204
Receipt #: 840-54930247-3-4433154-2
Clerk: 01

**PLAINTIFF'S EXHIBIT**

**B**

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, I filed the foregoing papers in person in the

United States District Court for the Western District of Michigan, in Lansing Michigan, while also

serving a copy of the documents by first class mail to the defendants or their counsel as listed below.

USDC WESTERN DISTRICT OF MICHIGAN
113 FEDERAL BLDG
315 W ALLEGAN ST RM 113
LANSING, MI     48933-1514

VALERIE HENNING MOCK
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
17197 N LAUREL PARK DR STE 201
LIVONIA, MI 48152-7901

BRIAN JOSEPH GALLAGHER
LENNON MILLER PLC
151 S ROSE ST STE 900
KALAMAZOO, MI 49007-4719

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

MICHAEL L. GUTIERREZ
BUTZEL LONG PC
300 OTTAWA AVE NW STE 620
GRAND RAPIDS, MI 49503-2308

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BANK OF AMERICA, N.A.
ATTN: OFFICER, MANAGER, OR AGENT
4909 SAVARESE CIR
TAMPA, FL 33634-2413

FENTON v. STORY et al.                Page 1 of 3                Case 1:23-cv-01097-PLM-RSK

MARY BETH AUSBROOKS
ROTHSCHILD & AUSBROOKS, PLLC
110 GLANCY ST STE 109
GOODLETTSVILLE, TN 37072-2314

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

CARL A NEUHOFF, JR.
HOSTETTLER, NEUHOFF & DAVIS, LLC
421 E IRIS DR STE 300
NASHVILLE, TN  37204-3140

KATHRYN LYNN YARBROUGH

THOMPSONS STATION, TN 37179-

ALEXANDER SERGEY KOVAL

NASHVILLE, TN 37211-

HENRY EDWARD HILDEBRAND III

NASHVILLE, TN 37205-

CHARLES M. WALKER

NASHVILLE, TN 37215-

THOMAS E. ANDERSON

BRENTWOOD, TN  37027-

## ELECTRONIC SERVICE OPTIONS

This document will also be available on the Internet, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 10, 2024

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

---

[1]   https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2]   https://jefffenton.com/digital-service-package-for-lawsuit/
      ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

FENTON v. STORY et al.                    Page 3 of 3                    Case 1:23-cv-01097-PLM-RSK

https://rico.jefffenton.com/evidence/2024-10-10_receipt-from-mailing-notices-to-defendants.pdf       M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

Case 3:24-cv-01282    Document 197-1    Filed 01/21/25    Page 8 of 13 PageID #: 481

**$107.40** in postage receipts from mailing notices for ECF 109, 110, and 111 to the defendants or their counsel, at fifteen different addresses, without ECF filing privileges. This also required a full day of labor to create mailing labels, certified mail receipts, to print, collate, staple, stuff envelopes, and prep for mailing.

---

**UNITED STATES POSTAL SERVICE.**

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777
10/22/2024                    04:57 PM
-------------------------------------
Product          Qty   Unit    Price
                        Price
-------------------------------------
First-Class Mail®   1            $2.31
Large Envelope
    Nashville, TN 37203
    Weight: 0 lb 3.50 oz
    Estimated Delivery Date
        Fri 10/25/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013479
Total                           $7.16

First-Class Mail®   1            $2.31
Large Envelope
    Kalamazoo, MI 49007
    Weight: 0 lb 3.50 oz
    Estimated Delivery Date
        Fri 10/25/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013394
Total                           $7.16

First-Class Mail®   1            $2.31
Large Envelope
    Nashville, TN 37204
    Weight: 0 lb 3.50 oz
    Estimated Delivery Date
        Fri 10/25/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013486
Total                           $7.16

First-Class Mail®   1            $2.31
Large Envelope
    Grand Rapids, MI 49503
    Weight: 0 lb 3.50 oz
    Estimated Delivery Date
        Fri 10/25/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013424
Total                           $7.16

First-Class Mail®   1            $2.31
Large Envelope
    Grand Rapids, MI 49504
    Weight: 0 lb 3.50 oz
    Estimated Delivery Date
        Fri 10/25/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013431
Total                           $7.16

First-Class Mail®   1            $2.31
Large Envelope
    Nashville, TN 37215
    Weight: 0 lb 3.50 oz
    Estimated Delivery Date
        Fri 10/25/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013523
Total                           $7.16

First-Class Mail®   1            $2.31
Large Envelope
    Brentwood, TN 37027
    Weight: 0 lb 3.50 oz
    Estimated Delivery Date
        Fri 10/25/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013530
Total                           $7.16

First-Class Mail®   1            $2.31
Large Envelope
    Livonia, MI 48152
    Weight: 0 lb 3.50 oz
    Estimated Delivery Date
        Thu 10/24/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013448
Total                           $7.16

First-Class Mail®   1            $2.31
Large Envelope
    Norcross, GA 30071
    Weight: 0 lb 3.50 oz
    Estimated Delivery Date
        Fri 10/25/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013417
Total                           $7.16

First-Class Mail®   1            $2.31
Large Envelope
    Goodlettsville, TN 37072
    Weight: 0 lb 3.50 oz
    Estimated Delivery Date
        Fri 10/25/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013462
Total                           $7.16

First-Class Mail®   1            $2.31
Large Envelope
    Nashville, TN 37205
    Weight: 0 lb 3.50 oz
    Estimated Delivery Date
        Fri 10/25/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013516
Total                           $7.16

First-Class Mail®   1            $2.31
Large Envelope
    Nashville, TN 37211
    Weight: 0 lb 3.50 oz
    Estimated Delivery Date
        Fri 10/25/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013509
Total                           $7.16

First-Class Mail®   1            $2.31
Large Envelope
    Jackson, TN 38301
    Weight: 0 lb 3.50 oz
    Estimated Delivery Date
        Fri 10/25/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013455
Total                           $7.16

First-Class Mail®   1            $2.31
Large Envelope
    Thompsons Station, TN 37179
    Weight: 0 lb 3.50 oz
    Estimated Delivery Date
        Fri 10/25/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013493
Total                           $7.16

-------------------------------------
Grand Total:                   $100.24
-------------------------------------
Credit Card Remit              $100.24
    Card Name: VISA
    Account #: XXXXXXXXXXXX6036
    Approval #: 022947
    Transaction #: 675
    AID: A0000000031010        Chip
    AL: VISA CREDIT
    PIN: Not Required
-------------------------------------

UFN: 255460-0451
Receipt #: 840-54930036-3-6834691-2
Clerk: 03

---



**UNITED STATES POSTAL SERVICE.**

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777
10/23/2024                    01:22 PM
-------------------------------------
Product          Qty   Unit    Price
                        Price
-------------------------------------
First-Class Mail®   1            $2.31
Large Envelope
    Bloomfield Hills, MI 48304
    Weight: 0 lb 3.60 oz
    Estimated Delivery Date
        Fri 10/25/2024
    Certified Mail®              $4.85
        Tracking #:
        70203160000230013561
Total                           $7.16

-------------------------------------
Grand Total:                     $7.16
-------------------------------------
Credit Card Remit                $7.16
    Card Name: VISA
    Account #: XXXXXXXXXXXX8359
    Approval #: 213222
    Transaction #: 127
    AID: A0000000031010        Chip
    AL: VISA CREDIT
    PIN: Not Required
-------------------------------------

UFN: 255460-0451
Receipt #: 840-54930036-1-5602843-2
Clerk: 6

**PLAINTIFF'S EXHIBIT**

**C**

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I am filing the foregoing papers in person, in the United States District Court in the Western District of Michigan, located in Lansing Michigan. I further certify that on October 22, 2024, I am serving these same documents to the defendants or their counsel, by first class mail, at the addresses below.  If for any reason beyond my control, I am unable to complete either, I will do so on the very next business day.

U.S.D.C. WESTERN DISTRICT OF MICHIGAN
113 FEDERAL BLDG
315 W ALLEGAN ST RM 113
LANSING, MI     48933-1514

VALERIE HENNING MOCK
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
17197 N LAUREL PARK DR STE 201
LIVONIA, MI 48152-7901

BRIAN JOSEPH GALLAGHER
LENNON MILLER PLC
151 S ROSE ST STE 900
KALAMAZOO, MI 49007-4719

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

MICHAEL L. GUTIERREZ
BUTZEL LONG PC
300 OTTAWA AVE NW STE 620
GRAND RAPIDS, MI 49503-2308

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

LAURA C. BAUCUS
DYKEMA GOSSETT PLLC
39577 WOODWARD AVE STE 300
BLOOMFIELD HILLS, MI 48304-5086

MARY BETH AUSBROOKS
ROTHSCHILD & AUSBROOKS, PLLC
110 GLANCY ST STE 109
GOODLETTSVILLE, TN 37072-2314

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

CARL A NEUHOFF, JR.
HOSTETTLER, NEUHOFF & DAVIS, LLC
421 E IRIS DR STE 300
NASHVILLE, TN  37204-3140

KATHRYN LYNN YARBROUGH

THOMPSONS STATION, TN 37179-

ALEXANDER SERGEY KOVAL

NASHVILLE, TN 37211-

HENRY EDWARD HILDEBRAND III

NASHVILLE, TN 37205-

CHARLES M. WALKER

NASHVILLE, TN 37215-

THOMAS E. ANDERSON

BRENTWOOD, TN  37027-

## ELECTRONIC SERVICE OPTIONS

This document will also be available on the Internet, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 21, 2024

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

---

[1]   https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2]   https://jefffenton.com/digital-service-package-for-lawsuit/
     ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

CERTIFIED MAIL

7020 3160 0002 3001 3592

Retail

U.S. POSTAGE PAID
PM
LINDEN, MI 48451
NOV 19, 2024
37203
$17.92
RDC 03                S2324P501513-03

**UNITED POSTAL**

- Expected delivery date spe
- Domestic shipments includ
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

PRESS FIRMLY TO SEAL

LY TO SEAL

FROM:

**17195 SILVER PKWY PMB #150**
**FENTON, MI    48430-3426**

RECEIVED
NOV 25 2024
U.S. District Court
Middle District of TN          TO:

## FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

## TRACKED ■ INSURED

PS00001000014
EP14F July 2022
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

**UNITED STATES DISTRICT COURT**
**ATTN: CLERK OF THE COURT**
**719 CHURCH ST**
**NASHVILLE, TN    37203-6940**

This package is made from post-consumer waste. Please recycle – again.

> **This was mailed via USPS "PRIORITY MAIL" (at a higher expedited rate) and still took 6-DAYS from being mailed in Michigan directly from the local Post Office, to being "received" by the United States District Court for the Middle District of Tennessee. This should be considered the minimum amount of time allotted for mailing each way, without ECF privileges.**



PLAINTIFF'S EXHIBIT
**D**

# EXHIBIT J

## TNMD DOC 212 — DECLARATION AND MOTION TO CORRECT OR REMOVE REDACTIONS AND UNSEAL RECORDS

———————————————————————

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

**RECEIVED**

**FEB 2 6· 2025**

US DISTRICT COURT
MID DIST TENN

**JEFFREY RYAN FENTON,**

Plaintiff

v.

**VIRGINIA LEE STORY et al.,**

Defendants

**CASE NO. 3:24-cv-01282**

## DECLARATION AND MOTION TO CORRECT AND MINIMIZE OR STRIKE AND REMOVE REDACTIONS, WHILE UNSEALING ALL RECORDS[1]

Plaintiff brings this declaration and motion pursuant to 28 U.S. Code § 1746 and 18 U.S. Code § 4 - Misprision of felony.

I, Jeffrey Ryan Fenton, declare under oath as follows:

1.      I am the plaintiff in this federal lawsuit.

2.      I am a citizen of the United States of America.

3.      I was born in Washington State during 1969.

4.      I am domiciled in Genesee County, Michigan.

---

[1]    This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (hereinafter "MIWD") as case no. 1:23-cv-01097.  On October 25, 2024, MIWD transferred this lawsuit as ordered in ECF 127 to the United States District Court for the Middle District of Tennessee (hereinafter "TNMD") as case no. 3:24-cv-01282.  The language used in the file stamps of each page filed is slightly different between the two courts.  MIWD uses the term "ECF No." (which I abbreviate as "ECF"), while in place of that, TNMD uses the term "Document" (which I abbreviate as "DOC").  Both courts use the term "PageID" (which I abbreviate as "PID").  Citations to the court record in this lawsuit will be notated without the case name or number, using the starting DOC/ECF number, followed by both the beginning and ending PID.  The Notice of Electronic Filing for this transfer is recorded in TNMD DOC 131, at which point the DOC/ECF number from MIWD was retained and continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

## BACKGROUND

5.     I received an email[2] dated October 25, 2024, from Assistant United States Attorney Ryan Cobb, with the United States Attorney's Office for the Western District of Michigan.  This email stated: "I will be representing Judge Walker in this action.  I'm writing to seek concurrence in removing Judge Walker's private address from the pleadings filed in this matter.  He has privacy and safety concerns about having that address be publicly available and we would like it redacted from the filings.  If you concur, I will send you a stipulation to redact it from the filings.  If not, I will go ahead and file a motion."

6.     I've been through a lot the past few months, as I have tried to work with both U.S. Attorneys, in Michigan[3] (see attached "Exhibits A-I"), and Tennessee[4] (see attached "Exhibits J-U"), to meaningfully address Judge Walker's claimed "privacy and safety concerns", without the need to block public access to any document in this lawsuit.  Ultimately, neither U.S. attorney showed any interest in limiting the reach of their proposed redactions to the scope of their stated concerns, concealing defendant Walker's home address.

7.     Meanwhile the courts took the opportunity to order vastly over-reaching redactions and/or sealed records, substantially interfering with the public's ability to research and understand this lawsuit, along with the critical justice interests involved.

8.     The heart of this lawsuit is about public corruption amongst high-ranking officers of the Tennessee Court System, some of whom are literally entrusted with the oversight of the "practice of law" throughout the state.  It is imperative that nothing in this lawsuit be withheld,

---

[2]   See attached "Exhibit B"  | https://rico.jefffenton.com/evidence/2024-10_comms-with-usat-ryan-cobb-about-redactions.pdf

[3]   https://rico.jefffenton.com/evidence/2024-10_comms-with-usat-ryan-cobb-about-redactions.pdf

[4]   https://rico.jefffenton.com/evidence/2024-11_comms-with-usat-anica-jones-about-redactions.pdf

Initials: _____

redacted, sealed, or otherwise hidden from the public, except that which is absolutely critical, with a reasonable, honest, and lawful purpose; without redacting one word, page, or document more than is absolutely necessary.

9.     Upon information and belief, as will be explained in other filings, I do not believe that Judge Walker ever had any "privacy and safety concerns" related to the disclosure of his home address in this lawsuit.  (Based on a reasonable interpretation of Judge Walker's actions as related to that information, independent of this lawsuit, which out of care for his privacy I am refraining from providing details about here.)

10.     Upon information and belief, I believe that this was a rouse from the start and is in fact misconduct by the U.S. Attorney's Offices in both Michigan and Tennessee.  Misusing the weight and resources of their public offices to protect both the private and criminal interests of many of the defendants, seeking to hide felony crimes and corruption from the public, **which most if not all of the defendants, knowingly participated in.**

## TENN. R. SUP. CT. 1.0 TERMINOLOGY[5]

(f[6]) "Knowingly," "known," or "knows" denotes actual awareness of the fact in question.  A person′s knowledge may be inferred from circumstances (emphasis added).

(j[7]) "Reasonably should know," when used in reference to a lawyer, denotes that a lawyer of reasonable prudence and competence would ascertain the matter in question" (emphasis added).

---

[5]   ECF 41, PID 3570-3608 | https://rico.jefffenton.com/evidence/tennessee-rules-of-judicial-and-professional-conduct.pdf
ECF 41, PID 3572 | https://www.tncourts.gov/rules/supreme-court/8

[6]   ECF 41, PID 3572 | Tenn. R. Sup. Ct. 1.0 TERMINOLOGY (f) "Knowingly".
https://www.tncourts.gov/rules/supreme-court/8

[7]   ECF 41, PID 3572 | Tenn. R. Sup. Ct. 1.0 TERMINOLOGY (j) "Reasonably should know".
https://www.tncourts.gov/rules/supreme-court/8 |

Page **3** of **22**                                                Initials: _____

## 18 U.S. CODE § 4 MISPRISION OF FELONY

11.     These records are packed with evidence of felonies committed by Tennessee court personnel and counsel.  Hiding them is a violation of 18 U.S. Code § 4 - Misprision of Felony:[8]

> "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both."
> (June 25, 1948, ch. 645, 62 Stat. 684; Pub. L. 103–322, title XXXIII, §330016(1)(G), Sept. 13, 1994, 108 Stat. 2147.)

12.     Upon information and belief, several of the defendants and/or their counsel are twisting the facts and making material misrepresentations in their motions to dismiss, supporting briefs, and other filings, which are the equivalent of "fraud on the court by officers of the court". Then they tax me with the burden of needing to do multiple times as much work with each filing, taking significantly more time for me and the court, so that I can try to clearly articulate, explain, and prove to the court each attorney's misconduct taking place.

13.     Once that much extra work has been done by me, depleting my critical time and resources on largely nonsense, there needs to be some sort of financial consideration or sanctions that take place, to compensate and reimburse me for my time and resources wasted to defend against what were largely frivolous claims and motions to dismiss, which were honestly **never** in the interest of justice from the start.

---

[8]    https://www.law.cornell.edu/uscode/text/18/4

Initials:

## SWORN COMPLIANCE WITH RULE 11(B), UNDER PENALTY OF PERJURY

14.    This is why it is critical that this court grant my "AMENDED MOTION TO REQUIRE ALL FILINGS TO INCLUDE A CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF PERJURY (EXPEDITED CONSIDERATION REQUESTED)" which I filed on October 10, 2024, in ECF 100, PID 5343-5353.

15.    Without this motion, unless this court closely monitors good professional conduct, and proactively sanctions each violator stiffly, there is likely more incentive for many of the defendants and their counsel to lie, twist the truth, operate in bad faith, and repeatedly violate Rule 11(B) in their filings, than to operate honestly, ethically, and lawfully.

16.    Upon information and belief, it is critical to the honest interests of justice in this matter, along with the timeliness of the actions in this lawsuit, that the court either grant my motion to require real accountability in each filing, under the **penalty of perjury,** or by strictly discipling **all** attorney misconduct with **steep** sanctions, while granting me extra time to argue against their nonsense.

17.    If Judge Walker does have any real "privacy and safety concerns" about the disclosure of his home address in this lawsuit, his counsel certainly failed to address that in any meaningful capacity, in either Federal Court, Michigan or Tennessee.

18.    Between the two courts currently, there are literally thousands of pages of my lawsuit, which **don't** contain defendant Walker's address, which have been either temporarily or permanently redacted in their entirety or sealed from public access.

### THE INDECENT PROPOSAL

19.     In the proposed order to redact (see attached "Exhibit F"), filed in MIWD, ECF 136, PID 5735, there are **four** pages listed in **three** documents which contain Judge Walker's home address; those are as follows:

1) ECF No. 16-1, PageID.2293 (the court redacted 64 pages)

2) ECF No. 66, PageID.4874 (the court redacted 138 pages)

3) ECF No. 95-1, PageID.5252 and 5254 (the court redacted 22 pages)

### THE REAL NEED (IF EVER ONE EXISTED)

20.     All that needed to be redacted from my complaint, was the following **four words** containing defendant Walker's:                                     Example:

1) **House Number**        |        1234

2) **Street Name**          |        Defendant Drive

3) **City**                      |        Nashville

4) **+4 Code** (last four)   |        0000

21.     That's it!  Just ***four words***, in *one sentence*, on only *one page* of my complaint!

22.     According to Microsoft Word, my amended complaint[9] contains:

➢ one hundred thirty-eight pages (138)

➢ six hundred ninety-one paragraphs (691)

➢ two thousand five hundred sixty-seven lines (2,567)

➢ thirty-one thousand fifteen words (31,015)

---

[9]     ECF 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

23.     All of which has been completely redacted for the alleged purpose of concealing those **four words** in defendant Walker's address, despite being information easily available on public records for anyone to find while doing a rudimentary web search from the browser of their choice.

## WHAT REALLY HAPPENED BETWEEN FEDERAL COUNSEL AND COURTS

24.     Upon information and belief, this appears to have been an "excuse" for some of the high-profile bad actors in this lawsuit to exploit both another *public office* (tax funded counsel) and a loophole (safety of a federal judge) by which they could reasonably argue the *need* to redact and seal *some* of the court's records.  Then in the execution of that, I believe that they planned and in fact somehow obtained massively *overreaching redactions* for the real purpose of **hiding** glaring evidence and testimony about **public corruption** and numerous **felony crimes** committed **by high-ranking officers of the Tennessee Court System.**

25.     Despite the obscenely overreaching redactions ordered, such as blocking **all** public access to **all** *one hundred and thirty-eight pages* of my amended complaint[10], to allegedly conceal just *four words*, printed on only *one page*, contained within a *single line*, from the public.

26.     While missing the other **fifteen documents** that contain **defendant Walker's address**, filed in this lawsuit, which have remained publicly accessible.

27.     Defendant Walker's address is present on these specific pages (see correlating redacted pages attached): ECF 16-1, PID 2293; 66, PID 4874; ECF 90-2, PID 5170; ECF 90-4, PID 5172; ECF 95-1, PID 5252 & 5254; ECF 96, PID 5263; ECF 96-1, PID 5273; ECF 92-2, PID 5293; ECF 97, PID 5300; ECF 98, PID 5326; ECF 99, PID 5335; ECF 100, PID 5352; ECF 100-1, PID 5362; ECF 101, PID 5383; ECF 102, PID 5467; ECF 109, PID 5582; ECF 110, 5592; ECF 111, PID 5607.

---

[10]   DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

28.     Still, I set out to cure the *claimed concern* as completely as I am *able*, not just on the pages the officers of the court *chose to hide from the public*, but to the best of my knowledge and ability throughout this *lawsuit*, as well as throughout multiple sections of my *website*.  This has been a lot of work, no thanks to the U.S. Attorneys in Michigan and Tennessee, who both refused to work with me on the issue while limiting the scope of the redactions performed by the court to their stated concern: *defendant Walker's address.*

29.     I have been working for months to cure this problem without the "unintended" consequence of limiting the public's access to this lawsuit in any other way.

30.     The current implementation by the court is "overly broad and burdensome" for me in many ways, as I told both U.S. Attorneys[11], while hiding the real merits of this lawsuit from the public, along with the challenges I have and continue to face in the federal courts, as an indigent *pro se* litigant seeking justice.

31.     More will be said on the surrounding circumstances in other filings, but this motion is intended to **correct** this problem, hopefully once and for all, by treating the concern as legitimate and providing a real remedy, regardless of the defendant's motives.

32.     Since it is so labor intensive to try to sift back through the court records to redact defendant Walker's address from my filings, from both Nashville and Michigan dockets online, as well as from other documents hosted on my website, wherever practical I am also redacting the **home addresses** of the other defendants, in hopes of preventing similar issues from arising again.

33.     I don't know how the court handles redactions; therefore I've tried my best to provide each page and document needing redactions to the court, both printed and as digital media

---

[11]   See attached Exhibits: C, C-2, H, K, M, M-2, P, Q, Q-2, Q-3, and U.

(on a DVD[12]), in every document set and format, which I can envision potentially being helpful to the court in facilitating the redactions as quickly and easily as I can imagine, without compromising the publics access to any document in this lawsuit.

### A REAL REMEDY REGARDLESS OF THE DEFENDANT'S MOTIVES

34.     All source files were downloaded from PACER and should be identical to those recorded in the docket with the court, except for the obvious redactions which I have performed to protect the privacy of the defendants.

35.     I am providing each page requiring redactions, printed on paper media, both with and without the court's case specific headers.

36.     I'm assuming that the court will want to scan the redacted pages without the court's case specific headers printed on them, to then have the clerk add the headers electronically after scanning.

37.     I provided each page both ways, to avoid confusion about which page is which, and for the court to use however is most beneficial to the clerk's workflow.

### PACER DIGITAL MEDIA FILES—AFTER APPLYING REDACTIONS

38.     I have also provided a DVD[13] with the digital media files originally downloaded from PACER, after I applied the redactions to them, both with and without the court's case specific headers on them, for the court to use however they like.

39.     Since in many cases, the redactions are only on one or two pages of a much larger document, but PACER does not provide downloads of those individual pages (to my knowledge),

---

[12]   This DVD is included in attached "Exhibit V".

[13]   This DVD is included in attached "Exhibit V".

Initials:

I have prepared these digital files in multiple different document set configurations, for the court to use however it works best with their workflow.

40.     Wherever applicable, I tried to provide the digital media files on the ZIP level, the DOCUMENT level, and also on the PAGE level. I also tried to provide PAGE level redactions in two separate *variants*, one where defendant Walker's home address **alone** has been redacted (notated with *"walkers page"* in the file name), the other where the home addresses for **all** the defendants, including Walker, has been redacted, to provide improved privacy for all the defendants (notated with *"redacted pages only"* in the file name).

## MOTION TO CORRECT AND MINIMIZE OR STRIKE AND REMOVE REDACTIONS, WHILE UNSEALING ALL DOCUMENTS IN THIS LAWSUIT

41.     It is critical to me that nothing in this lawsuit be redacted or sealed from the public except for minimal line-level redactions which can be executed, on a page-by-page basis, **without** redacting or sealing **any** full page or document in this lawsuit.

42.     It is my preference that the court use all the pages which I have taken the time to redact and provide to the court herein, to protect the privacy of many of the defendants, not just defendant Walker, in hopes of preventing similar issues in the future, in as much as is both practical and possible, without significantly increasing the scope of this task.

43.     However, since I cannot control whether the court elects to do the minimum for defendant Walker's benefit alone, or takes the extra steps to conceal the home addresses of the other defendants, in as much as is practical, while handling the same scope of documents, I have provided both document sets for the court to choose which is most helpful to use.

44.     At the court's option, the clerk can substitute the included redacted pages, using either paper or digital media (on DVD[14]), or perform line-level redactions of just the sensitive residential addresses of the defendants.

45.     In the event that the court is not willing to help perform, execute, or facilitate line-level redactions without any full page or document level redactions blocking the public from material matters in this lawsuit, **then please strike and remove all redactions** and/or unseal all documents, to make this lawsuit fully accessible to the public once again.

46.     As will be substantiated in other filings, defendant Walker's home address **never was private.** Upon information and belief, defendant Walker has not taken some of the most basic steps necessary for privately owning real property, without which he has no reasonable expectation for privacy related to his home address. We are each responsible for creating our own privacy, and in substantive matters involving defendant Walker's home address, he has failed or refused to take actions to make the location of his home private.

47.     Upon information and belief, this demand was improper from the start, apparently for the real purpose of **hiding** glaring evidence and testimony about **public corruption** and numerous **felony crimes** committed by high-ranking officers of the Tennessee Courts, against my family and the general public in Middle Tennessee.

---

[14]   This DVD is included in attached "Exhibit V".

## REDACTION CORRECTIONS NEEDED

### ECF 16-1

1.      Please **remove** the document level redaction of ECF 16-1, PID 2271-2323, to make this document available to the public again.

2.      Please swap out the redacted pages provided for ECF 16-1, PID 2271-2323, or on each of the defendant's summonses, perform a line-level redaction of just the house numbers and street names (one line per page).  Defendant Walker's address is shown on PID 2293.

> ➤ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 16-1".
> ➤ Digital Media Files Provided on DVD:
>    o   16-1 (redacted pages only).pdf
>    o   16-1 (walkers page).pdf
>    o   16-1.pdf (This is the **complete document** with the redactions applied.)
>    o   ecf-16.zip
> ➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/16-1.pdf
> ➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/zip/ecf-16.zip
> ➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/16-1.pdf
> ➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/zip/ecf-16.zip

### ECF 66

3.      Please **remove** the document level redaction of ECF 66, PID 4870-5007, to make this document available to the public again.

4.      Please swap out the redacted pages provided for ECF 66, PID 4873 and 4874, or perform line-level redactions of just the residential house numbers and street names of the defendants (one line only).  Defendant Walker's address is shown on PID 4874.

> ➤ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 66".
> ➤ Digital Media Files Provided on DVD:
>    o   66 (redacted pages only).pdf
>    o   66 (walkers page).pdf
>    o   66.pdf (This is the **complete document** with the redactions applied.)
>    o   ecf-66.zip

➢ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/66.pdf
➢ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/zip/ecf-66.zip
➢ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/66.pdf
➢ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/zip/doc-66.zip

## ECF 90-2

5.      Please swap out the redacted page provided for ECF 90-2, PID 5170, or perform

line-level redactions of just the residential house numbers and street names of the defendants.

➢ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 90-2".
➢ Digital Media Files Provided on DVD:
  o 90-2 (redacted pages only).pdf
  o 90-2 (walkers page).pdf
  o 90-2.pdf (This is the **complete document** with the redactions applied.)
  o ecf-90.zip
➢ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/90-2.pdf
➢ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/zip/ecf-90.zip
➢ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/90-2.pdf
➢ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/zip/doc-90.zip

## ECF 90-4

6.      Please swap out the redacted page provided for ECF 90-4, PID 5172, or perform

line-level redactions of just the residential house numbers and street names of the defendants.

➢ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 90-4".
➢ Digital Media Files Provided on DVD:
  o 90-4 (redacted pages only).pdf
  o 90-4 (walkers page).pdf
  o 90-4.pdf (This is the **complete document** with the redactions applied.)
  o ecf-90.zip
➢ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/90-4.pdf
➢ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/zip/ecf-90.zip
➢ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/90-4.pdf
➢ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/zip/doc-90.zip

**ECF 95-1**

7.      Please **remove** the document level redaction of ECF 95-1, PID 5237-5258, to make this document available to the public again.

8.      Please swap out the redacted pages provided for ECF 95-1, PID 5242, 5252, 5254 or perform line-level redactions of just the residential house numbers and street names of the defendants (one line per page).  Defendant Walker's address is shown on PID 5252 and 5254.

- ➤ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 95-1".
- ➤ Digital Media Files Provided on DVD:
  - o 95-1 (redacted pages only).pdf
  - o 95-1 (walkers pages).pdf
  - o 95-1.pdf (This is the **complete document** with the redactions applied.)
  - o ecf-95.zip
- ➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/95-1.pdf
- ➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/zip/ecf-95.zip
- ➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/95-1.pdf
- ➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/zip/doc-95.zip

**ECF 96**

9.      Please swap out the redacted page provided for ECF 96, PID 5263, or perform line-level redactions of just the residential house numbers and street names of the defendants.

- ➤ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 96".
- ➤ Digital Media Files Provided on DVD:
  - o 96 (redacted pages only).pdf
  - o 96 (walkers page).pdf
  - o 96.pdf (This is the **complete document** with the redactions applied.)
  - o ecf-96.zip
- ➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/96.pdf
- ➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/zip/ecf-96.zip
- ➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/96.pdf
- ➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/zip/doc-96.zip

**ECF 96-1**

10.     Please swap out the redacted pages provided for ECF 96-1, PID 5266-5279, or perform line-level redactions of just the residential house numbers and street names of the defendants (two lines per page).  Defendant Walker's address is shown on PID 5273.

  ➢ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 96-1".
  ➢ Digital Media Files Provided on DVD:
    o 96-1 (redacted pages only).pdf
    o 96-1 (walkers page).pdf
    o 96-1.pdf (This is the **complete document** with the redactions applied.)
  ➢ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/96-1.pdf
  ➢ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/96-1.pdf

**ECF 96-2**

11.     Please swap out the redacted page provided for ECF 96-2, PID 5293, or perform line-level redactions of just the residential house numbers and street names of the defendants.

  ➢ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 96-2".
  ➢ Digital Media Files Provided on DVD:
    o 96-2 (redacted pages only).pdf
    o 96-2 (walkers page).pdf
    o 96-2.pdf (This is the **complete document** with the redactions applied.)
  ➢ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/96-2.pdf
  ➢ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/96-2.pdf

**ECF 97**

12.     Please swap out the redacted page provided for ECF 97, PID 5300, or perform line-level redactions of just the residential house numbers and street names of the defendants.

  ➢ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 97".
  ➢ Digital Media Files Provided on DVD:
    o 97 (redacted pages only).pdf
    o 97 (walkers page).pdf
    o 97.pdf (This is the **complete document** with the redactions applied.)
  ➢ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/97.pdf
  ➢ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/97.pdf

## ECF 98

13.     Please swap out the redacted page provided for ECF 98, PID 5326, or perform line-level redactions of just the residential house numbers and street names of the defendants.

> ➤ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 98".
> ➤ Digital Media Files Provided on DVD:
>   o 98 (redacted pages only).pdf
>   o 98 (walkers page).pdf
>   o 98.pdf (This is the **complete document** with the redactions applied.)
> ➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/98.pdf
> ➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/98.pdf

## ECF 99

14.     Please swap out the redacted page provided for ECF 99, PID 5335, or perform line-level redactions of just the residential house numbers and street names of the defendants.

> ➤ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 99".
> ➤ Digital Media Files Provided on DVD:
>   o 99 (redacted pages only).pdf
>   o 99 (walkers page).pdf
>   o 99.pdf (This is the **complete document** with the redactions applied.)
>   o ecf-99.zip
> ➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/99.pdf
> ➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/zip/ecf-99.zip
> ➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/99.pdf
> ➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/zip/doc-99.zip

## ECF 100

15.     Please swap out the redacted page provided for ECF 100, PID 5352, or perform line-level redactions of just the residential house numbers and street names of the defendants.

> ➤ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 100".
> ➤ Digital Media Files Provided on DVD:
>   o 100 (redacted pages only).pdf
>   o 100 (walkers page).pdf
>   o 100.pdf (This is the **complete document** with the redactions applied.)
>   o ecf-100.zip

➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/100.pdf
➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/zip/ecf-100.zip
➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/100.pdf
➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/zip/doc-100.zip

## ECF 100-1

16.     Please swap out the redacted page provided for ECF 100-1, PID 5355-5368, or perform line-level redactions of just the residential house numbers and street names of the defendants (two lines per page).  Defendant Walker's address is shown on PID 5362.

➤ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 100-1".
➤ Digital Media Files Provided on DVD:
  o   100-1 (redacted pages only).pdf
  o   100-1 (walkers page).pdf
  o   100-1.pdf (This is the **complete document** with the redactions applied.)
➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/100-1.pdf
➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/100-1.pdf

## ECF 101

17.     Please swap out the redacted page provided for ECF 101, PID 5383, or perform line-level redactions of just the residential house numbers and street names of the defendants.

➤ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 101".
➤ Digital Media Files Provided on DVD:
  o   101 (redacted pages only).pdf
  o   101 (walkers page).pdf
  o   101.pdf (This is the **complete document** with the redactions applied.)
  o   ecf-101.zip
➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/101.pdf
➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/zip/ecf-101.zip
➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/101.pdf
➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/zip/doc-101.zip

Initials:

## ECF 102

18.     Please swap out the redacted page provided for ECF 102, PID 5467, or perform

line-level redactions of just the residential house numbers and street names of the defendants.

- ➢ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 102".
- ➢ Digital Media Files Provided on DVD:
  - o   102 (redacted pages only).pdf
  - o   102 (walkers page).pdf
  - o   102.pdf (This is the **complete document** with the redactions applied.)
- ➢ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/102.pdf
- ➢ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/102.pdf

## ECF 109

19.     Please swap out the redacted page provided for ECF 109, PID 5582, or perform

line-level redactions of just the residential house numbers and street names of the defendants.

- ➢ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 109".
- ➢ Digital Media Files Provided on DVD:
  - o   109 (redacted pages only).pdf
  - o   109 (walkers page).pdf
  - o   109.pdf (This is the **complete document** with the redactions applied.)
- ➢ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/109.pdf
- ➢ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/109.pdf

## ECF 110

20.     Please swap out the redacted page provided for ECF 110, PID 5592, or perform

line-level redactions of just the residential house numbers and street names of the defendants.

- ➢ At the top-level of the DVD(see attached "Exhibit V"), open the directory "ECF 110".
- ➢ Digital Media Files Provided on DVD:
  - o   110 (redacted pages only).pdf
  - o   110 (walkers page).pdf
  - o   110.pdf (This is the **complete document** with the redactions applied.)
- ➢ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/110.pdf
- ➢ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/110.pdf

## ECF 111

21.     Please swap out the redacted page provided for ECF 111, PID 5607, or perform line-level redactions of just the residential house numbers and street names of the defendants.

> ➤ At the top-level of the DVD (see attached "Exhibit V"), open the directory "ECF 111".
> ➤ Digital Media Files Provided on DVD:
>> o   111 (redacted pages only).pdf
>> o   111 (walkers page).pdf
>> o   111.pdf (This is the **complete document** with the redactions applied.)
> ➤ Redacted Online: https://rico.jefffenton.com/1-23-cv-01097/ecf/111.pdf
> ➤ Redacted Online: https://rico.jefffenton.com/3-24-cv-01282/doc/111.pdf

## CONCLUSION

1.     It is critical to me that nothing in this lawsuit be redacted or sealed from the public except for minimal line-level redactions which can be executed, on a page-by-page basis, **without** redacting or sealing **any** full page or document in this lawsuit.

2.     Please **unseal** all documents I filed in this lawsuit, which are currently sealed for any reason.

3.     Please **remove** the document level redaction of ECF 16-1, PID 2271-2323, to make this document available to the public again.

4.     Please **remove** the document level redaction of ECF 66, PID 4870-5007, to make this document available to the public again.

5.     Please **remove** the document level redaction of ECF 95-1, PID 5237-5258, to make this document available to the public again.

6.     If this court is not willing to use line-level redactions to conceal defendant Walker's address (just four words), instead of page and document level redactions, which are currently

significantly interfering with the public's right, access, and ability to understand substantive portions of this lawsuit, **then please strike and remove all redactions** and/or unseal all documents, to make this lawsuit fully accessible to the public once again.

7.    If this court is willing to use line-level redactions to conceal defendant Walker's address instead of "overly broad and burdensome" page and document level redactions, which obstruct and interfere with the publics access and right to know, then please proceed with the remaining redactions, corrections, and changes, as outlined below.

8.    Please swap out the redacted pages provided for ECF 16-1, PID 2271-2323, or on each of the defendant's summonses, perform a line-level redaction of just the house numbers and street names (one line per page).  Defendant Walker's address is shown on PID 2293.

9.    Please swap out the redacted pages provided for ECF 66, PID 4873 and 4874, or perform line-level redactions of just the residential house numbers and street names of the defendants (one line only).  Defendant Walker's address is shown on PID 4874.

10.    Please swap out the redacted page provided for ECF 90-2, PID 5170, or perform line-level redactions of just the residential house numbers and street names of the defendants.

11.    Please swap out the redacted page provided for ECF 90-4, PID 5172, or perform line-level redactions of just the residential house numbers and street names of the defendants.

12.    Please swap out the redacted pages provided for ECF 95-1, PID 5242, 5252, 5254 or perform line-level redactions of just the residential house numbers and street names of the defendants (one line per page).  Defendant Walker's address is shown on PID 5252 and 5254.

13.    Please swap out the redacted page provided for ECF 96, PID 5263, or perform line-level redactions of just the residential house numbers and street names of the defendants.

14. Please swap out the redacted pages provided for ECF 96-1, PID 5266-5279, or perform line-level redactions of just the residential house numbers and street names of the defendants (two lines per page). Defendant Walker's address is shown on PID 5273.

15. Please swap out the redacted page provided for ECF 96-2, PID 5293, or perform line-level redactions of just the residential house numbers and street names of the defendants.

16. Please swap out the redacted page provided for ECF 97, PID 5300, or perform line-level redactions of just the residential house numbers and street names of the defendants.

17. Please swap out the redacted page provided for ECF 98, PID 5326, or perform line-level redactions of just the residential house numbers and street names of the defendants.

18. Please swap out the redacted page provided for ECF 99, PID 5335, or perform line-level redactions of just the residential house numbers and street names of the defendants.

19. Please swap out the redacted page provided for ECF 100, PID 5352, or perform line-level redactions of just the residential house numbers and street names of the defendants.

20. Please swap out the redacted page provided for ECF 100-1, PID 5355-5368, or perform line-level redactions of just the residential house numbers and street names of the defendants (two lines per page). Defendant Walker's address is shown on PID 5362.

21. Please swap out the redacted page provided for ECF 101, PID 5383, or perform line-level redactions of just the residential house numbers and street names of the defendants.

22. Please swap out the redacted page provided for ECF 102, PID 5467, or perform line-level redactions of just the residential house numbers and street names of the defendants.

23. Please swap out the redacted page provided for ECF 109, PID 5582, or perform line-level redactions of just the residential house numbers and street names of the defendants.

24.     Please swap out the redacted page provided for ECF 110, PID 5592, or perform line-level redactions of just the residential house numbers and street names of the defendants.

25.     Please swap out the redacted page provided for ECF 111, PID 5607, or perform line-level redactions of just the residential house numbers and street names of the defendants.

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

All rights reserved.

Executed on February 10, 2025

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

Page **22** of **22**

*I'm a human being, not a corporation or property.  Please treat my case accordingly.*

**DOCUMENTS REGARDING** (CASE: 3:24-CV-01282):

1. DECLARATION AND MOTION TO CORRECT AND MINIMIZE OR STRIKE AND REMOVE REDACTIONS, WHILE UNSEALING ALL RECORDS (with Exhibits A through V-2)

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2025, I mailed the foregoing or above-named papers to the United States District Court for the Middle District of Tennessee, at their address below, for filing in case number 3:24-cv-01282.

I further certify that on or before February 28, 2025, I am serving these same documents to the defendants or their counsel by first class or priority mail with postage prepaid at the addresses listed below. If for any reason beyond my control, I am unable to complete either on the date specified, I will do so on the very next business day.

UNITED STATES DISTRICT COURT (TNMD)
719 CHURCH ST
NASHVILLE, TN 37203-6940

MEGAN CALME & SARAH MATHEWS
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVE STE 400
NASHVILLE, TN 37203-1623

FENTON v. STORY et al.          Page 1 of 4          CASE NO. 3:24-cv-01282

Case 3:24-cv-01282     Document 212     Filed 02/26/25     Page 23 of 27 PageID #: 752

PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
PO BOX 20207
NASHVILLE, TN 37202-4015

KATHRYN LYNN YARBROUGH
223 TOWN CENTER PKWY UNIT 1897
SPRING HILL, TN 37174-3040

LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIR STE 100
FRANKLIN, TN 37064-8039

CAROLINA MARTIN & COURTNEY WILLIAMS
GORDON & REES SCULLY MANSUKHANI, LLP
4031 ASPEN GROVE DR STE 290
FRANKLIN, TN 37067-2951

ALEXANDER SERGEY KOVAL
CLARK & WASHINGTON, P.C.
1321 MURFREESBORO PIKE STE 320
NASHVILLE, TN 37217-2858

ANTHONY NOEL & LARUA BASSETT
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN, PLLC
750 OLD HICKORY BLVD STE 200
BRENTWOOD TN 37027-4567

ANICA CLARISSA JONES
U.S. ATTORNEY'S OFFICE
719 CHURCH ST STE 3300
NASHVILLE, TN 37203-7155

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

THOMAS E. ANDERSON
1187 OLD HICKORY BLVD STE 125
BRENTWOOD, TN  37027-4248

FENTON v. STORY et al.                    Page 2 of 4                    CASE NO. 3:24-cv-01282

Case 3:24-cv-01282     Document 212     Filed 02/26/25     Page 24 of 27 PageID #: 753

GREGORY BROWN & WILLIAM HICKERSON
LOWE YEAGER & BROWN, PLLC
920 VOLUNTEER LANDING LN STE 200
KNOXVILLE, TN 37915-2584

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

B. GOLDAMMER & D. SUEDEKUM
KAY GRIFFIN, PLLC
222 2ND AVE N STE 340M
NASHVILLE, TN 37201-1649

G. CATE & K. INGRAM-HOGAN
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

ERIK HALVORSON
BRADLEY ARANT BOULT CUMMINGS
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

FENTON v. STORY et al.          Page 3 of 4          CASE NO. 3:24-cv-01282

Case 3:24-cv-01282     Document 212     Filed 02/26/25     Page 25 of 27 PageID #: 754

## ELECTRONIC SERVICE OPTIONS

These documents should also be available on the Internet, within the next few days, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

All rights reserved.

Executed on February 22, 2025

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

---

[1]   https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2]   https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

FENTON v. STORY et al.            Page 4 of 4            CASE NO. 3:24-cv-01282

Case 3:24-cv-01282   Document 212   Filed 02/26/25   Page 26 of 27 PageID #: 755

## (616) 456-2404



**PLAINTIFF'S EXHIBIT A**

October 23, 2024, at 2:33 PM



Good afternoon. My name is Ryan Cobb. I'm calling for Jeffrey Fenton.

I'm an assistant United States Attorney in Grand Rapids, Michigan.

I'm calling regarding the lawsuit you've filed in the Western District of Michigan against a host of parties including Judge Walker, who is a bankruptcy judge down in Tennessee.

I'll be representing him and I'm planning on filing a motion to dismiss your claims against him.

Under local rules, I need to try to discuss that with you, which is what I'm doing now, happy to explain the basis for the motion to dismiss. If you want to return my call, my number is 616-456-2404, and then you can just ask to speak to me Ryan Cobb (ryan cobb). Again, 616-456-2404. Thank you.

I don't know how to describe the feeling, when you've been forced to accept the fact that you have been betrayed by your own government, while fighting for years against alleged "public servants" and powerful people who hold offices of public trust, when never was there any basis for trusting them in the first place, let alone placing them in charge of our lives, families, liberty, and property, with almost no meaningful mechanisms of transparency or accountability whatsoever. People who hold their own words higher than those of our creator and our federal constitution.

Then for the first time to get a phone call from a **United States Attorney**, and to think for just a split second that finally someone had seen the evidence in my case, showing the crimes committed against me and my family, under the color of law, by the conspiring Tennessee courts and counsel, and **called in the calvary to protect me**, to help hold the bad actors accountable... finally... better late than never. Only to realize a sentence or two later just how outrageously incorrect my momentary lapse from reality had been.

Instead "our" government had sent in **another attorney**, employed by our tax dollars, **seeking to defeat me and justice**, by dismissing my lawsuit with more frivolous claims. To continue cheating myself and my family out of our lives, liberty, and property, when they never had an ethical or lawful cause for touching any of it in the first place.

Sadly, this is the *"practice of law"* in the United States of America today. If truth be known, there is no greater threat to this nation or the people, either foreign or domestic, than those who pretend to *"practice law"* in our courts every day, without respect for the inalienable natural rights of every man, woman, and child; many whom have no honest interest, reverence, or concern about real justice.

 00:00                                                                                          00:52

 Outlook

## Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)



**From** Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>

**Date** Fri 10/25/2024 12:34 PM

**To** contact@jefffenton.com <contact@jefffenton.com>

Mr. Fenton,

I will be representing Judge Walker in this action. I'm writing to seek concurrence in removing Judge Walker's private address from the pleadings filed in this matter. He has privacy and safety concerns about having that address be publicly available and we would like it redacted from the filings. If you concur, I will send you a stipulation to redact it from the filings. If not, I will go ahead and file a motion.

Thank you,
Ryan Cobb


Ryan Cobb
Assistant United States Attorney | Civil Division Chief
United States Attorney's Office, Western District of Michigan
P.O. Box 208, Grand Rapids, Michigan 49501
Ryan.Cobb@usdoj.gov | (616) 456-2404

 **Outlook**

---

## RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)

---

**From** Jeff Fenton

**Date** Sat 10/26/2024 5:24 AM

**To** Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>



Hello Mr. Cobb,

Unfortunately, I did not receive (or see) this email until after you filed your motion with the court yesterday.

I have absolutely no objection to your client keeping his address confidential, though it was obtained from public sources.

My only concern is the amount of work which your motion proposes taxing me with being overly broad, excessive, unnecessary, and unsustainable currently; unless the court orders a substantial stay (without jeopardizing any timelines) so that I can dig through documents, make the redactions, reprint and refile them… while this could have a very substantial, unforeseen, and difficult to calculate and predict, ripple effect by changing the page citations throughout the entire lawsuit of over 5,000 pages, which would be insane to merely redact a few sentences, which contain his street address on them. That would be extremely overburdensome for the simple outcome desired.

Additionally, the court might want me to serve the redacted documents to the defendants again, which would burden me with thousands of dollars' worth of expenses which I don't have the resources to even consider. That would require significant consideration/compensation/assistance provided by your client, the government, or the court to facilitate.

Another substantial concern is that this whole process could cost me a month of down-time, during a transition between courts, when I have no time to spare. That presents problems on several fronts, including the holding costs of suspending relief in these matters.

I understand that you said your client is concerned about his privacy and safety, though this information was publicly obtained and is readily available through other sources, while I had no idea this concern existed. I am very concerned about my privacy and safety also due to the criminal actions by many of the defendants in this case, which I have been trying to protect myself against, by seeking a protective order (ECF 17), for almost a year now, without relief. Hence, I am sympathetic to the concern and willing to work with you, but in a far less dramatic capacity, without gutting this case or causing citations problems, the full extent of which can't even be meaningfully calculated or understood without significant work.

To my knowledge, defendant Walker's address isn't listed anywhere publicly except on the FAC (literally one line) and summonses (literally two lines), along with some proofs (literally one or two lines) of defendants dodging service or refusing to confirm service by correctly signing their names per the rules for USPS restricted delivery, as required by the court. (They created the last problem themselves.) I don't know of more than a half-dozen pages this involves, out of over a 5,000-page court record currently, while of those roughly six pages, only one or two lines needs to be redacted from each.

Here is what I suggest, if you are willing to work together toward getting this done quickly, rather than arguing over it in motions and objections while waiting for the court to decide:

- If you withdraw your current motion, so we don't need to waste time and resources arguing this before the court, and instead you file a motion asking the court to simply redact his address from the very few pages it is on in the court record.
- Then I am willing to redact his street address from those documents which are available through my websites, while agreeing not to include his address on any documents which I create in the future, either produced for the public or filed in court.
- In my mind this makes far more sense and is a far more productive use of time and resources, than having the court be the arbitrator of this matter. We don't fundamentally have opposing interests, except as to the means of execution.

It would be substantially more efficient to have the court redact that which they have in their files, and I would then be happy to redact that which I provide publicly, without creating a substantial workload for anyone or making this into a major project.

I'm completely willing to cooperate, but I will need to object to your motion as it stands, unless you withdraw it, because it is unreasonably broad and burdensome upon me, while being wholly inefficient and unnecessary. I'd compare your motion to demolishing a city block to kill a fly. It's unreasonably excessive overkill.

Likewise, in the amount of time which I expect I will need to invest in filing my objections in court (with my communication disabilities), I could have already completed the task on the public side, through my website. (In the amount of time I have spent writing you this email, probably a couple of hours, I could have already accomplished a substantial portion of this.) Hence, if that is the route you insist upon proceeding, it will take me substantially longer, because I must prioritize writing my objections first, to protect my greater interests of not being ordered to do something which is overly broad and burdensome by the court, that I simply don't have the time and resources to complete, without necessary provisions and the court making special allowances.

There is no need to restrain me, I am a man of my word. I will agree not to file anything else containing defendant Walker's address, publicly or in this case, while I can think of no need to do so as long as he remains represented in this matter. I have no other interest or care in his address than compelling his appearance in this lawsuit, so that I can proceed with litigating towards a remedy. Again, we have no opposing interests or objectives in this matter, except how to facilitate the very minor changes needed.

Please let me know if you are willing to withdraw your motion and work with me as I have described, or if I need to focus my energy on drafting my objection to your motion while refiling my own motion for a protective order in this matter, in an effort to obtain the same safety for myself and my family as your client seeks. In absence of some confirmation by you, I will assume the later and continue to invest my resources accordingly.

Thanks.
Jeff Fenton

[x.com/@tninjustice](x.com/@tninjustice)



17195 SILVER PKWY, #150
FENTON, MI 48430-3426



PLAINTIFF'S
EXHIBIT

C-2

 **Outlook**

---

## RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)

---

**From** Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>
**Date** Mon 10/28/2024 9:58 AM
**To** Jeff Fenton



📎 1 attachment (17 KB)
Stipulation to redact v.1.docx;

Sorry—here is an updated stipulation with one additional page that needs to be redacted.

---

**From:** Cobb, Ryan (USAMIW)
**Sent:** Monday, October 28, 2024 9:11 AM
**To:** Jeff Fenton
**Subject:** RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)

Here is a draft stipulation that would resolve the issues raised in the motion, assuming the court accepts it and agrees to direct the clerk of court to make the redactions.

If it is acceptable to you, please sign it manually, scan it and return it to me (fax or email), and mail the original to me. (The court requires us to keep the original signed version in our file in case there's a question about it.) Once you've sent me the scanned version, I'll file it with the court.

Thanks you,

Ryan Cobb
Assistant United States Attorney | Civil Division Chief
United States Attorney's Office, Western District of Michigan
P.O. Box 208, Grand Rapids, Michigan 49501
Ryan.Cobb@usdoj.gov  | (616) 808-2031

 Outlook

## RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)

**From** Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>
**Date** Mon 10/28/2024 4:05 PM
**To** Jeff Fenton



📎 1 attachment (112 KB)
ECF 137 Order restricting access.pdf;

You can disregard. The court entered an order restricting access to those documents today.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



JEFFREY RYAN FENTON,

              Plaintiff,

v.

VIRGINIA LEE STORY, et al.,

              Defendants.

_____/

Case No:  1:23-cv-01097

Hon. Paul L. Maloney
United States District Judge

Hon Ray Kent
United States Magistrate Judge

## ORDER TO REDACT

     The Court has reviewed Defendant Hon. Charles Walker's expedited Motion for Redaction and Refiling of Documents (ECF No. 131) and finds good cause under Federal Rule of Civil Procedure 5.2(e) to remove Charles Walker's private home address from the publicly available ECF in this action. Accordingly,

     **IT IS HEREBY ORDERED**:

     The Clerk of Court shall take the steps necessary to ensure that any filings that contain Charles Walker's private home address cannot be publicly accessed. To the extent feasible, the Clerk of Court shall redact the address from pages on which it is found and refile the redacted pages; otherwise, access to these filings shall be restricted. These pages include without limitation the following:

> ECF No. 16-1, PageID.2293,
> ECF No. 66, PageID.4874,
> ECF No. 95-1, PageID.5252 and 5254.

Dated: _____

                                 _____
                                 HON. PAUL L. MALONEY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



**PLAINTIFF'S EXHIBIT G**

JEFFREY RYAN FENTON,

     Plaintiff,

v.

VIRGINIA LEE STORY, et al.,

     Defendants.

_____/

Case No. 1:23-cv-1097

HONORABLE PAUL L. MALONEY

## ORDER

Pending before the Court is Defendant Hon. Charles M. Walker's motion for redaction and refiling of documents (ECF No. 131).  Judge Walker requests the Court remove access to his home address from the public record.  Upon due consideration of the motion by the Court,

**IT IS HEREBY ORDERED** that the motion for redaction and refiling of documents (ECF No. 131) is GRANTED IN PART.

**IT IS FURTHER ORDERED** that the Clerk of Court shall restrict access to the attachment to the motion for extension of time (ECF No. 16-1), the amended complaint (ECF No. 66), and the attachment to the summons returned executed (ECF No. 95-1).  Access shall be restricted to Plaintiff, counsel for the Defendants, and the Court.

Dated:  October 28, 2024

    /s/ Paul L. Maloney
    Paul L. Maloney
    United States District Judge

 Outlook

---

### RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)

---

**From** Jeff Fenton

**Date** Wed 10/30/2024 10:26 AM

**To** Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>

**Bcc**



This is not acceptable, and in fact, a felony crime by yourself and the court.

Please call me at your soonest convenience at ███████████

Thanks
Jeff Fenton





**PLAINTIFF'S EXHIBIT**

**I**

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **JEFFREY RYAN FENTON,** PLAINTIFF  v.  **VIRGINIA LEE STORY** ET AL., DEFENDANTS | **CASE NO. 3:24-CV-01282** |

| | |
|---|---|
| **EVIDENCE TITLE:** | **2024-10-30_call-with-assistant-united-states-attorney-cobb.mp3** |
| **Internet URL:** | https://rico.jefffenton.com/evidence/2024-10-30_call-with-assistant-united-states-attorney-cobb.mp3 |
| **RELATED DOC:** | https://rico.jefffenton.com/evidence/2024-10_comms-with-usat-ryan-cobb-about-redactions.pdf |
| **ECF LOCATION:** | |

**Description:** Recorded phone call between Plaintiff & Assistant United States Attorney Ryan Cobb, in Michigan, regarding the excessively broad & burdensome redactions proposed by Attorney Cobb and executed by the court, blocking public access to Plaintiff's entire Amended Complaint, to allegedly conceal *four words* in Walker's address.

The .mp3 audio file on this disc is evidence in this federal civil rights, conspiracy, fraud, and racketeering lawsuit.

 Outlook

## Fenton v. Story - Joint Motion (attached)

**From** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>
**Date** Fri 11/1/2024 3:11 PM
**To** contact@jefffenton.com <contact@jefffenton.com>



🔗 1 attachment (18 KB)
Joint Stipulation to Redact.docx;

Good afternoon, Mr. Fenton.

I received your voicemail, but unfortunately, I cannot return your call this afternoon because I am taking part in training.  I can give you a call next week, but in the meantime, I understand that you are willing to jointly agree to remove Judge Walker's information from the docket. Please take a look at this draft motion and let me know if I can type in your signature on the signature line.  Assuming you approve of this draft, I can get this filed on Monday.

Let me know if you have questions.

Thanks, and have a good weekend.

Anica

 **Anica C. Jones**
**Chief, Civil Division**
**Middle District of Tennessee**
U.S. Attorney's Office | 719 Church Street, Suite 3300 | Nashville, Tennessee  37203
T: (615) 736-5151 | C: (615) 289-6815 | F: (615) 401-6626
E-Mail: Anica.Jones@usdoj.gov

Please be advised that any emails sent to or from this email address are subject to retention and archiving by the United States Department of Justice.

 Outlook

## RE: Fenton v. Story - Joint Motion (attached)

**From** Jeff Fenton
**Date** Fri 11/1/2024 3:30 PM
**To** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>



Thank you mam.

I'm working at the moment to try to unredact the court record in Michigan, since there are only four words in my FAC which are specific to his address (street number, street name, Nashville), yet they chose to redact 32,741 words instead (my entire complaint) in lieu of just four words.

That is overly broad and unduly burdensome, that I even need to waste my time with this, but unfortunately I must.

I tried to describe that to United States Attorney Cobb, while comparing that to demolishing an entire city to kill a fly.

I'll be happy to help you squash the fly. Please don't squash the entire city or redact my FAC.

I will look over your document this weekend and either have it back to you Monday, or address any outstanding concerns in the matter which we can discuss.

In an act of good faith, I will begin redacting his street address from the documents which I have hosted online regarding my lawsuit.

If I could get EVERYONE to make an appearance in the matter, and quit playing games dodging service, I would redact EVERYONE'S address… again, I have no interests contrary to their privacy. But some of them have chosen to be extremely evasive and have wasted a lot of extra time and money while trying to repeatedly serve them… with other outrageous antics such as mailing service back weeks later, etc… so forcing me to fight to get them served, and to substantiate that the service was GOOD, are my only interests regarding any of their addresses. If you are in a position to help button this up and end this needless waste of time trying to wrestle over service, I would honestly be happy to remove all of their addresses at the same time, while I could do so without requiring much more time than just redacting defendant Walker's.

Anyhow, I don't know what relationship you have with the others, if any, but I just thought I would throw that out there, in the interest of expediting past the bologna and protecting everyone's interests.

I assure you, the core issue of removing his address is of absolutely no concern to me at all. I take no issue with it. All I care about is implementation and not compromising the cohesion and comprehensibility of my lawsuit by the court or the public. (While trying not to create any more work for myself than necessary.)

Have a great weekend, and thanks for reaching out!

Thanks.
Jeff Fenton

 **Outlook**

## RE: Fenton v. Story - Joint Motion (attached)

**From** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>
**Date** Mon 11/4/2024 12:29 PM
**To** Jeff Fenton

Thanks for your response, Mr. Fenton. I only represent Judge Walker.  Please let me know if I can move forward with filing the joint motion to redact Judge Walker's information today.



 Outlook

## Re: Fenton v. Story - Joint Motion (attached)

**From** Jeff Fenton
**Date** Tue 11/5/2024 2:30 PM
**To** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>



Hello Ms. Jones,

As previously expressed, I have no conflicts with redacting the four words comprising Judge Walker's address throughout any portion of the complaint and lawsuit, but that must be done without redacting or sealing substantial portions of any documents, otherwise I will need to seek leave from the court to resubmit the documents with just his address redacted, so not to compromise the integrity of my entire lawsuit, along with the public's interest in being able to follow the lawsuit without substantive portions missing.

Again, we are just talking about literally four words.

A stipulation limiting the redaction to the four words only (in a couple of different documents), I'd be happy to sign, but as previously stated it is overly broad and an unreasonable burdensome to redact and force me to refile entire documents.

In my mind, that is not only unreasonable, but shows motives to cover-up and hide the facts, evidence, and sworn testimony in my complaint, which are significantly contrary to the honest interests of Justice.

I'm is still needing to waste time in an attempt to correct this with the Michigan court, while it was a wholly unreasonable action on the part of the court in the first place.

Again, we are talking about the need to simply redact four words in two or three different documents.

Courts redact sensitive words and sentences all the time without redacting or sealing entire documents.

People are making this much more difficult for me than it needs to be. (Which causes me to question their motives.)

Please revise your stipulation for precise, extremely limited redactions (4 words), without any language consenting to the court performing substantive redactions of entire documents or sections, and I will be happy to join you in executing the stipulation.

Otherwise, I need to focus on explaining to both the Michigan and Tennessee courts why more substantive redactions are contrary to the honest interests of Justice while pointing out how unnecessary broad and burdensome redacting or sealing entire documents to literally redact four words is.

This seems really simple and common sense to me. If I must seek leave to refile my entire FAC, that will take me a couple of weeks to do once approved by the court.

Thank you.
Jeff Fenton

Get Outlook for iOS



PLAINTIFF'S
EXHIBIT

**M-2**

 **Outlook**

## RE: Fenton v. Story - Joint Motion (attached)

**From** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>

**Date** Tue 11/5/2024 3:08 PM

**To** Jeff Fenton

📎 1 attachment (17 KB)
Joint Stipulation to Redact.docx;

Mr. Fenton, I don't know what "four words" you are talking about. If you have specific edits to the attached stipulation that I sent last week (and I am re-attaching), please send them back to me. Otherwise, I will move forward with filing a motion for the redactions.

Thanks,
Anica



 **Outlook**

---

## RE: Fenton v. Story - Joint Motion (attached)

---

**From** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>

**Date** Tue 11/5/2024 3:11 PM

**To** Jeff Fenton

📎 1 attachment (17 KB)
Joint Stipulation to Redact.docx;

That was the wrong attachment. Here is the correct one.



 Outlook

---

## RE: Fenton v. Story - Joint Motion (attached)

---

**From** Jeff Fenton

**Date** Wed 11/6/2024 2:07 PM

**To** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>



📎 1 attachment (3 MB)

20241106_JOINT MOTION TO REDACT PORTIONS OF FILED DOCUMENTS.pdf;


Hello Ms. Jones,

Please find that motion/stipulation attached executed.

I tweaked the language a little bit to where I was comfortable with it. I don't believe there are any material changes which will affect your client's privacy interests.

Please let me know if you are good with this or if we need to address anything else at this time.

Thanks.
Jeff Fenton

x.com/@tninjustice
jeff.fenton@live.com
Mobile: (810) 428-6500
Landline: (810) 735-7456

17195 SILVER PKWY, #150
FENTON, MI 48430-3426

**3-MIN Video Intro** about my Federal Lawsuit: https://www.youtube.com/watch?v=AaYb-f8ux4o

FENTON v. STORY (1:23-cv-1097) http://rico.jefffenton.com/discovery/
https://casetext.com/case/fenton-v-story
Fraud on the Court by Officers of the Court: Williamson County Chancery Court Docket #48419B

**SLAM the GAVEL Podcast Interview** from 8/4/2024 about my RICO Lawsuit with Authors Brian Vukadinovich and Maryann Petri: https://www.youtube.com/watch?v=plg5eEEnVuU

**Brian Vukadinovich** is the author of MOTION for JUSTICE (I Rest My Case), and Rogues in Black Robes (Destroying Lives and Committing Crimes with No True Accountability).

**Maryann Petri** is the author of RAISED BY THESE WOLVES (How Family and Federal Courts are Failing our Children), Dismantling Family Court Corruption (Why Taking the Kids Was Not Enough). Maryann is also the host of SLAM the GAVEL Podcast, focused on all family court topics, trauma, and healing.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION



JEFFREY RYAN FENTON,  )
                      )
        Plaintiff,    )
                      )
v.                    )          CASE NO.: 3:24-cv-01282
                      )          JUDGE CAMPBELL
VIRGINIA LEE STORY, et al.,  )    MAGISTRATE JUDGE HOLMES
                      )
        Defendants.   )

**EXPEDITED CONSIDERATION REQUESTED**

**JOINT MOTION TO REDACT PORTIONS OF FILED DOCUMENTS**

Pursuant to Local Rule 5.03, Plaintiff and Defendant Hon. Charles Walker (Judge Walker) request that portions of filed documents be redacted, and agree as follows:

1.  Judge Walker is a federal bankruptcy judge. He has expressed privacy and safety concerns relating to his private address being publicly disclosed in filings in this action.

2.  There is good cause to remove judge Walker's address from the filings in this action. Judge Walker's privacy and security interests outweigh the public's interest in this private information, and the details of his address are not relevant to the merits in this action. *See In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983); *Malhan v. Grewal*, Civil Action No. 16-8495 (CCC), 2020 WL 6689753, at *2 (D. N.J. Nov. 13, 2020); *Scheffler v. City of New Hope*, Case No. 18-cv-1690 (SRN/LIB) 2018 WL 6012181, at *2 (D. Minn. Nov. 16, 2018) (recognizing that "Judges, in particular, have a critical need to maintain their privacy because of the possible threat posed by dissatisfied litigants. . . ."); *Concerned Pastors for Social Action v. Khouri,* Case No. 16-10277, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016) (finding that witnesses' home addresses were irrelevant to the merits of the action and ordering redactions).

3.  Redacting more than Judge Walker's address from the filings could have significant consequences, contrary to the interests of justice, which do not benefit the privacy interests mentioned, while potentially compromising the public's interest and ability to follow this lawsuit and understand how different elements and documents interact and relate with each other.

4.  It is therefore agreed that the redactions shall be limited to a maximum of one sentence per document, and that entire pages, sections, and documents shall not be redacted or sealed in the record related to this concern.

5.  It is further agreed that Judge Walker's name and state of domicile shall not be redacted or concealed in this lawsuit, but that his address number, street name, city, and zip code should be redacted by the Clerk of the Court, pursuant to this motion, for his privacy.

6.  It is critical to Plaintiff and hence agreed by the parties herein, that this motion not have a broader impact than specifically intended and as is minimalistically necessary to conceal Judge Walker's residential street address from the public.

7.  Accordingly, the Clerk of Court should redact the specific words in this lawsuit which contain or disclose Judge Walker's address number, street name, city, and zip code.

8.  These filings include ECF No. 16-1, PageID.2293; ECF No. 66, PageID.4874, and ECF No. 95-1, PageID.5252, 5254.

9.  The parties may not include Judge Walker's unredacted address in any future filings in this action.

Dated:  November 6, 2024

/s/ *Anica C. Jones*
Anica C. Jones
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
(615) 736-5151
Anica.Jones@usdoj.gov



**PLAINTIFF'S EXHIBIT**

**Q-2**

Attorney for Defendant Charles Walker

Dated:  November 6, 2024

Jeffrey R. Fenton (pro se)
17195 Silver Parkway #150
Fenton, MI 84830
(615) 837-1300
contact@jefffenton.com
Plaintiff



 Outlook

## RE: Fenton v. Story - Joint Motion (attached)

**From** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>

**Date** Fri 11/8/2024 11:11 AM

**To** Jeff Fenton

📎 2 attachments (335 KB)

DE 158 - Motion to Redact.pdf; DE 159 - Memo ISO Motion to Redact.pdf;

Good morning, Mr. Fenton, and thank you for your response. I filed the attached motion and memorandum late on Tuesday evening (before receiving your email below on Wednesday), so there is no longer a need to enter a joint stipulation. I appreciate your edits and the time you spent on this. However, I needed to move quickly given the circumstances.





IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEFFREY RYAN FENTON,             )
                                 )
        Plaintiff,               )
                                 )
v.                               )      CASE NO.: 3:24-cv-01282
                                 )      JUDGE CAMPBELL
VIRGINIA LEE STORY, et al.,      )      MAGISTRATE JUDGE HOLMES
                                 )
        Defendants.              )

**EMERGENCY MOTION
TO REDACT OR SEAL PORTIONS OF FILED DOCUMENTS**

Pursuant to Local Rule 5.03, Defendant Honorable Charles Walker (Judge Walker) requests that portions of filed documents be redacted or sealed, stating as follows:

1.      Judge Walker is a federal bankruptcy judge. He has expressed privacy and safety concerns relating to his private address being publicly disclosed in filings in this action.

2.      There is good cause to remove judge Walker's address from the filings in this action.  Judge Walker's privacy and security interests outweigh the public's interest in this private information, and the details of his address are not relevant to the merits in this action.  *See In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983); *Malhan v. Grewal*, Civil Action No. 16-8495 (CCC), 2020 WL 6689753, at *2 (D. N.J. Nov. 13, 2020); *Scheffler v. City of New Hope*, Case No. 18-cv-1690 (SRN/LIB) 2018 WL 6012181, at *2 (D. Minn. Nov. 16, 2018) (recognizing that "Judges, in particular, have a critical need to maintain their privacy because of the possible threat posed by dissatisfied litigants. . . ."); *Concerned Pastors for Social Action v. Khouri,* Case No. 16-10277, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016) (finding that witnesses' home addresses were irrelevant to the merits of the action and ordering redactions).

1

3.      Accordingly, Defendant asks that the Clerk of Court redact from the ECF in this case any filings that include Judge Walker's private address or, alternatively, seal the specific pages containing the information.  These filings include ECF No. 16-1, PageID.2293; ECF No. 66, PageID.4874; and ECF No. 95-1, PageID.5252, 5254.

4.      Defendant further asks the Court to order Plaintiff to refrain from including Judge Walker's unredacted address in any future filings in this action.

5.      Pursuant to Local Rule 7.01, Defendant's counsel made attempts to consult with Plaintiff regarding this motion.  Defendant's counsel left Plaintiff a voicemail on October 31.  Emails were exchanged between Plaintiff and Defendant's counsel on November 1, 4, and 5.  Defendant's counsel left Plaintiff another voicemail on November 5.  At the time of this filing, Defendant's counsel has not secured Plaintiff's assent to filing this motion jointly.

For the reasons discussed above, Defendant's motion should be granted.

Respectfully submitted,

THOMAS J. JAWORSKI
Acting United States Attorney
Middle District of Tennessee

s/ Anica C. Jones
ANICA C. JONES, B.P.R. #025325
Assistant United States Attorney
United States Attorney's Office
719 Church Street, Suite 3300
Nashville, TN  37203
Telephone: (615) 736-5151
anica.jones@usdoj.gov



2



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEFFREY RYAN FENTON,                    )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )      CASE NO.: 3:24-cv-01282
                                        )      JUDGE CAMPBELL
VIRGINIA LEE STORY, et al.,             )      MAGISTRATE JUDGE HOLMES
                                        )
            Defendants.                 )

**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION
TO REDACT OR SEAL PORTIONS OF FILED DOCUMENTS**

Pursuant to Local Rule 5.03, Defendant Honorable Charles Walker (Judge Walker) requests that portions of filed documents be redacted or sealed, stating as follows:

1. Judge Walker is a federal bankruptcy judge. He has expressed privacy and safety concerns relating to his private address being publicly disclosed in filings in this action.

2. There is good cause to remove Judge Walker's address from the filings in this action. Judge Walker's privacy and security interests outweigh the public's interest in this private information, and the details of his address are not relevant to the merits in this action. *See In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983); *Malhan v. Grewal*, Civil Action No. 16-8495 (CCC), 2020 WL 6689753, at *2 (D. N.J. Nov. 13, 2020); *Scheffler v. City of New Hope*, Case No. 18-cv-1690 (SRN/LIB) 2018 WL 6012181, at *2 (D. Minn. Nov. 16, 2018) (recognizing that "Judges, in particular, have a critical need to maintain their privacy because of the possible threat posed by dissatisfied litigants. . . ."); *Concerned Pastors for Social Action v. Khouri,* Case No. 16-10277, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016) (finding that witnesses' home addresses were irrelevant to the merits of the action and ordering redactions).

1

3.      Accordingly, Defendant asks that the Clerk of Court redact from the ECF in this case any filings that include Judge Walker's private address or, alternatively, seal the specific pages containing the information.  These filings include ECF No. 16-1, PageID.2293; ECF No. 66, PageID.4874; and ECF No. 95-1, PageID.5252, 5254.

4.      Defendant further asks the Court to order Plaintiff to refrain from including Judge Walker's unredacted address in any future filings in this action.

5.      Pursuant to Local Rule 7.01, Defendant's counsel made attempts to consult with Plaintiff regarding this motion.  Defendant's counsel left Plaintiff a voicemail on October 31. Emails were exchanged between Plaintiff and Defendant's counsel on November 1, 4, and 5. Defendant's counsel left Plaintiff another voicemail on November 5.  At the time of this filing, Defendant's counsel has not secured Plaintiff's assent to filing this motion jointly.

For the foregoing reasons, Defendant requests that this motion be granted.

Respectfully submitted,

THOMAS J. JAWORSKI
Acting United States Attorney
Middle District of Tennessee

s/ Anica C. Jones
ANICA C. JONES, B.P.R. #025325
Assistant United States Attorney
United States Attorney's Office
719 Church Street, Suite 3300
Nashville, TN  37203
Telephone: (615) 736-5151
anica.jones@usdoj.gov


PLAINTIFF'S
EXHIBIT
T-2

2

 **Outlook**

---

## Re: Fenton v. Story - Joint Motion (attached)

---

**From** Jeff Fenton

**Date** Fri 11/8/2024 9:02 PM

**To** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>

You sent me the wrong attachment, and once you sent me the correct document I got it back to you within 24 hours executed.

I regret wasting any time on this, since I must now appeal overly broad and burdensome nonsense, contrary to the interests of Justice, under the guise of redacting four words, which I find it hard to believe have ever been the real concern, considering the actions taken.

You've created weeks more work for me, while making it sound as if I failed or refused to cooperate.

There have been a lot of people involved in covering up the multiple felony crimes committed by the courts and counsel in the preceding matters, while many of them held offices of public trust, swearing to uphold the constitution of the United States of America, while behaving like outlaws.

I will be clarifying the efforts I made to work with you on this matter, along with the real concerns I voiced, and how you chose not to care about the real interests of Justice in this matter, to instead create more work for me while helping to hide the truth from the public.

Please don't contact me directly again, but take all matters before the court for both transparency and accountability.

Get Outlook for iOS






PLAINTIFF'S
EXHIBIT
V

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

JEFFREY RYAN FENTON,
    PLAINTIFF

v.

VIRGINIA LEE STORY ET AL.,
    DEFENDANTS

CASE NO. 3:24-CV-01282

| EVIDENCE TITLE: | 2024-10_redacted-pages-provided-to-court-for-walker.zip |
|---|---|
| Internet URL: | https://rico.jefffenton.com/evidence/2024-10_redacted-pages-provided-to-court-for-walker.zip |
| RELATED DOC: | https://rico.jefffenton.com/evidence/2025-02-10_tn-motion-to-minimize-or-remove-redactions.pdf |
| ECF Location: | |

**Description:** Redacted PDF's from ECF 16-1 (PID 2271-2323) W:2293; 66 (PID 4870-5007) W:4874; 90-2, W:5170; 90-4, W:5172; 95-1 (PID 5237-5258) W:5252, W:5254; 96, W:5263; 96-1, W:5273; 96-2, W:5293; 97, W:5300; 98, W:5326; 99, W:5335; 100, W:5352; 100-1, W:5362; 101, W:5383; 102, W:5467; 109, W:5582; 110, W:5592; 111, W:5607.

The pdf files on this disc are evidence in this federal civil rights, conspiracy, fraud, and racketeering lawsuit.

**Hash List**

Created by using HashMyFiles



| Full Path | File Size | Modified Time | SHA-256 |
|---|---|---|---|
| W:\2024-10_redacted-pages-provided-to-court-for-walker\2024-10_redacted-pages-provided-to-court-for-walker-checksums.htm | 44,744 | 2/10/2025 7:15:47 AM | e9943537f91350bb989818697f281c8efb668042e30a031dee4aa9951c181acb |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\2024-10_redacted-pages-provided-to-court-for-walker-checksums.pdf | 103,145 | 2/10/2025 7:16:38 AM | 2771479956bac3d05464fadd86f33789dc78647cd5cf33df587912352087a896 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\2024-10_redacted-pages-provided-to-court-for-walker.zip | 143,995,650 | 2/10/2025 6:57:58 AM | 97a4bf1c1cb053097d0713ed72c0ef4297981fc2340690a5982d10f6addf6337 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\Redaction Notes.txt | 769 | 2/10/2025 6:51:07 AM | c16fd3cc406932acc19dcdce3c81fe2b924be0783a50b24a6828fb961ebcda46 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 100\100 (redacted pages only).pdf | 233,194 | 11/23/2024 4:17:07 PM | d4a10ea60fc4ba9e2070b79d76c8348dcad25531285a6f0d121ca8694a1744b9 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 100\100 (walkers page).pdf | 229,000 | 11/23/2024 5:56:19 PM | fb3dac628d25390622a322eca70a582c365abcff2b94f3e7a934fbe1768b45d5 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 100\100.pdf | 1,838,595 | 11/21/2024 7:29:14 PM | b1a0522bfa02165512ea5d4e674627ae94279de1ddab4d0550817dce00c096e2 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 100\ecf-100.zip | 6,079,685 | 11/21/2024 7:41:58 PM | 348abac981b9eeb062bfdd01d4724f80820fa8b1db6ef2392fcd25511e9ae3d3 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 100-1\100-1 (redacted pages only).pdf | 7,047,799 | 11/23/2024 4:46:03 PM | 747badddf9adfe4f4ea010a5a0481e71d8002be9c0cc5ee6c2181bbf4db1f6ed |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 100-1\100-1 (walkers page).pdf | 729,269 | 11/23/2024 5:57:01 PM | 1c8f45df60b642f5adeb04850504849a7cc7799b286e10b9bb4d6e8fec83c2d9 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 100-1\100-1.pdf | 4,554,956 | 11/21/2024 7:37:34 PM | 4c1cfdc986d143c9938aff7ef4b993613bab962e4849ab86f27ccb8ebb491f87 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 101\101 (redacted pages only).pdf | 224,236 | 11/23/2024 4:20:05 PM | 2915df92b5fc886600ade66627aff7fb66895cca44e93e73a18c57d14f54697f |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 101\101 (walkers page).pdf | 220,068 | 11/23/2024 5:57:21 PM | e6dadad9ee04fa2c0130ca36275f0ebb0b968b153cd2a08cc31d5d10a0981b9a |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 101\101.pdf | 1,357,073 | 11/21/2024 7:46:56 PM | 273574fa70e864877969b91c592e970a890edb9acec8b8b8461a83e619c2bc7b |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 101\ecf-101.zip | 3,422,775 | 11/21/2024 7:48:50 PM | 4bdb547edf85db19289f8845cf076bc7d8662dbe5b827ad5cefeff7e2bcda039 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 102\102 (redacted pages only).pdf | 55,302 | 11/23/2024 4:21:56 PM | 96518144d917f225793e29e86ef319cffde8375449e1414371ffd0e6ac754e6f |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 102\102 (walkers page).pdf | 50,967 | 11/23/2024 5:57:37 PM | c71f4e588a1a5d9b46242c8670096539cd5ff96a1969a9915ac353bb43c14168 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 102\102.pdf | 2,124,029 | 11/21/2024 8:02:20 PM | 13ef8bfcc9cd3e7b135d6bf96d9a4e794d28cf9430fd5fb146d18758d913ce2a |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 109\109 (redacted pages only).pdf | 41,263 | 11/23/2024 4:23:10 PM | 12fb1a9a441ccf6f7838e47aff479888e11a3c4af73db525f2762396873a47fa |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 109\109 (walkers page).pdf | 37,102 | 11/23/2024 5:57:53 PM | 70a840e798bf952a46cde2211a1867079c812837c06b4de58dd80520d18f2d27 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 109\109.pdf | 1,264,627 | 11/21/2024 8:05:37 PM | 7ebb23bbfd12e0ffb90d1e8cd4908f18117852054771991807b33d9abf912529 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 110\110 (redacted pages only).pdf | 46,235 | 11/23/2024 4:24:17 PM | a536b2d8000ca0123312279975a52db05ce1247bbcb8d19fde158687f38ffbb3 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 110\110 (walkers page).pdf | 42,079 | 11/23/2024 5:58:08 PM | 7c87f2a588dacd6c8783ced1e2b02ef79a13f14e07c98fa46a9384c38cd6ba64 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 110\110.pdf | 2,225,665 | 11/21/2024 8:08:43 PM | 3193e9fac4b4badbb2883bd3e186c58013a29b2b7e2d22aa034732bb8ba9b612 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 111\111 (redacted pages only).pdf | 44,159 | 11/23/2024 4:25:27 PM | 0d5c94bddbdc4fcf2f70dd650cecfe7d8b8fc81ea7a9094182742dd7aae0e5f7 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 111\111 (walkers page).pdf | 40,004 | 11/23/2024 5:58:23 PM | 28dbfdf702073084fdbb4c536c54d28ea46b6ee1c36bc39ddda4cd80cfcb0628 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 111\111.pdf | 3,934,141 | 11/21/2024 8:12:23 PM | 424446c6b0cc447b168afd547cbe9f2f09ddc31e0814eb34895bf64084085bca |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 16-1\16-1 (redacted pages only).pdf | 3,721,911 | 11/23/2024 1:57:25 PM | bc64cc2293f9fa06fbb40e3cda994640b2d1ed0d2ce04f56f9113d5f78b3fecb |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 16-1\16-1 (walkers page).pdf | 258,899 | 11/23/2024 5:49:57 PM | c2ed3247e4c51fa8ccf4c6fa8beb5e6553696ceb7d5595376a782457af6b8831 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 16-1\16-1.pdf | 4,221,344 | 11/13/2024 7:12:04 AM | 711a20c4f3f514caa7e993c93a0df563799ca6dc7e7ff0254745dd909fc94b14 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 16-1\ecf-16.zip | 4,117,956 | 11/13/2024 7:19:36 AM | 100c6709cdc1a4c14ab5e44b1eec71f9b6733fd9a3596ed2a3913919dd7d0272 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 66\66 (redacted pages only).pdf | 1,200,240 | 11/23/2024 1:12:44 PM | c72f5b922ec6e842519e17127f652bfc61e845a83359fce3e6ccce2b44f85f20 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 66\66 (walkers page).pdf | 992,171 | 11/23/2024 5:51:23 PM | 21463fbba7248a5fbf0da7338f9d221c05e48a972868efa9fb64157bd17594bb |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 66\66.pdf | 5,359,964 | 11/13/2024 6:26:17 AM | 72595da7e4e6d2bd744656341c6e73b39340259a7030a9d94f8a05c9115fca06 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 66\ecf-66.zip | 7,406,353 | 11/13/2024 6:35:18 AM | b08e953ef678dfb38e1bc8ca41a0f49123d185c65ba8c9113fc16ad2898fee63 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 90-2\90-2 (redacted pages only).pdf | 803,910 | 11/23/2024 4:05:15 PM | c6be3d9682cd8c2e1fc9fd0f49ab5b2e2bf30911be6195f76b85ad3c9b9a9d7c |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 90-2\90-2 (walkers page).pdf | 794,145 | 11/23/2024 5:52:01 PM | 190b637215730c7c0af81be43cb61bcf05341ba2340a7af6cdfd0e8f3794280c |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 90-2\90-2.pdf | 406,688 | 11/21/2024 4:57:10 PM | cd9a5497a9cfa6f7a52d35816e5b01cc1fe715031339d0409bc1286a8f3296ac |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 90-2\ecf-90.zip | 6,133,305 | 11/21/2024 5:04:18 PM | dc42cc2ce30d7429dd0b372fe4601326ab87e30dc883238b51d6b3e37f1738bd |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 90-4\90-4 (redacted pages only).pdf | 914,504 | 11/23/2024 4:10:11 PM | c96179d6a09ee4ac287939a76341d814f5f1ebd3b1d06e1d9833b14b02a5d6e5 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 90-4\90-4 (walkers page).pdf | 899,357 | 11/23/2024 5:52:29 PM | 9f3ddbf4215676566057283c87bc06b39a8ec13d13194f9d52576b947e0756cd |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 90-4\90-4.pdf | 458,478 | 11/21/2024 4:49:55 PM | 1ecd208cf5be5b517d2dd64f8eaaf2b2e524ff03b6b414012ff6bec19b15d94e |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 90-4\ecf-90.zip | 6,133,305 | 11/21/2024 5:04:18 PM | dc42cc2ce30d7429dd0b372fe4601326ab87e30dc883238b51d6b3e37f1738bd |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 95-1\95-1 (redacted pages only).pdf | 1,822,112 | 11/23/2024 1:25:25 PM | 97dffe12539ae4d619c623b886f167e3a9eadd0366d32b51ca1da5a8db38982c |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 95-1\95-1 (walkers pages).pdf | 1,372,717 | 11/23/2024 5:53:18 PM | fee80a9c4250c227ca4e615763f81551713a9ce9aed642b8b39d84ee52de7621 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 95-1\95-1.pdf | 6,158,044 | 11/21/2024 5:14:29 PM | f1bb6d1c907aeb513da130f99c74a73251e5bee3d703574d1d6cb897229a484b |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 95-1\ecf-95.zip | 10,870,816 | 11/21/2024 5:20:04 PM | c36dffba8a171ac85e49f73eed2bc6c106acc465b25b17dd79c38087bdf0fdc4 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 96\96 (redacted pages only).pdf | 42,628 | 11/23/2024 4:11:40 PM | 28789fedddf05957ce568cb22daee9983ea409818a2400184886099348f3dc41 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 96\96 (walkers page).pdf | 38,487 | 11/23/2024 5:53:43 PM | 6cd0d775045e3226fe2d2e3d8993b701fcb3878d9ba2e430f6b504003695421f |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 96\96.pdf | 1,029,780 | 11/21/2024 4:38:02 PM | 03002bd4f85fe70f2c3e78abb2ec1d9a6ca991a73345958871e6a0f04b0fc19 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 96\ecf-96.zip | 12,867,043 | 11/21/2024 5:25:59 PM | 9792f2c6aa4f0f7327f823493586cab3ce09be06daa0f279df0bf2f55a1aa244 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 96-1\96-1 (redacted pages only).pdf | 10,551,251 | 11/23/2024 1:22:52 PM | a9cfc53ab978051b63c554d81e62f755a3e0cd439b2cf8268c93ddca42e7bd8f |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 96-1\96-1 (walkers page).pdf | 953,046 | 11/23/2024 5:54:37 PM | 824a9bbd3414fae69414faa2df05bc331ba729f0b003b51242a4d4db1d3f37d3 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 96-1\96-1.pdf | 8,584,738 | 11/21/2024 5:23:27 PM | 6db4a4253108d55851367df2b9aa2bd0064c37a832253e8cc340aef9b20ab220 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 96-2\96-2 (redacted pages only).pdf | 685,252 | 11/23/2024 1:35:10 PM | cfebb217a14cf8e0a4a84d32c2d9dba6765ba503cc49352c2891f5da59e160f5 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 96-2\96-2 (walkers page).pdf | 675,108 | 11/23/2024 5:55:16 PM | b7be1e52dcca223389804c0e30693466c018dc2f635113015e8c8f24ed1cbf03 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 96-2\96-2.pdf | 5,353,621 | 11/21/2024 4:39:34 PM | 1f34c93eacc7e884b394cf358e09ff0e9c31acbe08bfb3bd353d977f6e6454b4 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 97\97 (redacted pages only).pdf | 43,141 | 11/23/2024 1:38:55 PM | f88b0cf047977d563ea13b705a52fd6c97090158071d207300f561fc2ec4b30d |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 97\97 (walkers page).pdf | 38,997 | 11/23/2024 5:55:32 PM | 684c3b21e28a6c25e3c7eed1edc2358924e0fbf092846252a03ef968c2a7e379 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 97\97.pdf | 1,371,751 | 11/21/2024 7:53:27 PM | 9aecc8ec04ecdde68a4c67ec05168fc766f9f46e129e9f899db32f5998fbfd46 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 98\98 (redacted pages only).pdf | 39,228 | 11/23/2024 1:33:47 PM | e2691964c5fcd4fc1c0abbc70e9c0f3f8d458ec1e097b8cc73e24a78eda6af51 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 98\98 (walkers page).pdf | 35,080 | 11/23/2024 5:55:46 PM | f7ad5fc569a397781c331b790dd21a1ab144dea99f21aa5835a9cdebc822b649 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 98\98.pdf | 6,651,872 | 11/21/2024 7:57:52 PM | 473fee043e469ac23f77a2238eb2ad5322b4465d50d2080980f735441a0eaff1 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 99\99 (redacted pages only).pdf | 237,604 | 11/23/2024 4:15:42 PM | 3bd65692e766609b7044a620fc4d0fff1b2d078c3f0fa9fe3810a1a9e9fb0e9e |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 99\99 (walkers page).pdf | 228,684 | 11/23/2024 5:56:00 PM | 807fa48d18433fe8941bb8e9342db3cf126d51064d6352c0c023158156a6f1b5 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 99\99.pdf | 1,323,271 | 11/21/2024 5:31:26 PM | 52dde07d7f5f81fe8da2ae712da7c59f8550817d4120c2cd7ae8ee4ef9afe6b7 |
| W:\2024-10_redacted-pages-provided-to-court-for-walker\ECF 99\ecf-99.zip | 3,335,177 | 11/21/2024 5:34:03 PM | e2f3ebccb365afe73a7008568011724bfd05934d03dd8117e4f4295561be39be |

# EXHIBIT K-1

**TNMD DOC 212-1 — COMMUNICATIONS WITH ASSISTANT U.S. ATTORNEYS RYAN COBB AND ANICA JONES CONCERNING REDACTIONS**

———————————————————————

**(616) 456-2404**



PLAINTIFF'S
EXHIBIT
**A**

October 23, 2024, at 2:33 PM



Good afternoon. My name is Ryan Cobb. I'm calling for Jeffrey Fenton.

I'm an assistant United States Attorney in Grand Rapids, Michigan.

I'm calling regarding the lawsuit you've filed in the Western District of Michigan against a host of parties including Judge Walker, who is a bankruptcy judge down in Tennessee.

I'll be representing him and I'm planning on filing a motion to dismiss your claims against him.

Under local rules, I need to try to discuss that with you, which is what I'm doing now, happy to explain the basis for the motion to dismiss. If you want to return my call, my number is 616-456-2404, and then you can just ask to speak to me Ryan Cobb (ryan cobb). Again, 616-456-2404. Thank you.

I don't know how to describe the feeling, when you've been forced to accept the fact that you have been betrayed by your own government, while fighting for years against alleged "public servants" and powerful people who hold offices of public trust, when never was there any basis for trusting them in the first place, let alone placing them in charge of our lives, families, liberty, and property, with almost no meaningful mechanisms of transparency or accountability whatsoever. People who hold their own words higher than those of our creator and our federal constitution.

Then for the first time to get a phone call from a **United States Attorney**, and to think for just a split second that finally someone had seen the evidence in my case, showing the crimes committed against me and my family, under the color of law, by the conspiring Tennessee courts and counsel, and **called in the calvary to protect me**, to help hold the bad actors accountable... finally... better late than never. Only to realize a sentence or two later just how outrageously incorrect my momentary lapse from reality had been.

Instead "our" government had sent in **another attorney**, employed by our tax dollars, **seeking to defeat me and justice**, by dismissing my lawsuit with more frivolous claims. To continue cheating myself and my family out of our lives, liberty, and property, when they never had an ethical or lawful cause for touching any of it in the first place.

Sadly, this is the *"practice of law"* in the United States of America today. If truth be known, there is no greater threat to this nation or the people, either foreign or domestic, than those who pretend to *"practice law"* in our courts every day, without respect for the inalienable natural rights of every man, woman, and child; many whom have no honest interest, reverence, or concern about real justice.

 00:00                                                                 00:52

 **Outlook**

## Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)



**From** Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>

**Date** Fri 10/25/2024 12:34 PM

**To** contact@jefffenton.com <contact@jefffenton.com>

Mr. Fenton,

I will be representing Judge Walker in this action. I'm writing to seek concurrence in removing Judge Walker's private address from the pleadings filed in this matter. He has privacy and safety concerns about having that address be publicly available and we would like it redacted from the filings. If you concur, I will send you a stipulation to redact it from the filings. If not, I will go ahead and file a motion.

Thank you,
Ryan Cobb


Ryan Cobb
Assistant United States Attorney | Civil Division Chief
United States Attorney's Office, Western District of Michigan
P.O. Box 208, Grand Rapids, Michigan 49501
Ryan.Cobb@usdoj.gov | (616) 456-2404

 **Outlook**

## RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)



**From** Jeff Fenton

**Date** Sat 10/26/2024 5:24 AM

**To** Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>

Hello Mr. Cobb,

Unfortunately, I did not receive (or see) this email until after you filed your motion with the court yesterday.

I have absolutely no objection to your client keeping his address confidential, though it was obtained from public sources.

My only concern is the amount of work which your motion proposes taxing me with being overly broad, excessive, unnecessary, and unsustainable currently; unless the court orders a substantial stay (without jeopardizing any timelines) so that I can dig through documents, make the redactions, reprint and refile them… while this could have a very substantial, unforeseen, and difficult to calculate and predict, ripple effect by changing the page citations throughout the entire lawsuit of over 5,000 pages, which would be insane to merely redact a few sentences, which contain his street address on them.  That would be extremely overburdensome for the simple outcome desired.

Additionally, the court might want me to serve the redacted documents to the defendants again, which would burden me with thousands of dollars' worth of expenses which I don't have the resources to even consider.  That would require significant consideration/compensation/assistance provided by your client, the government, or the court to facilitate.

Another substantial concern is that this whole process could cost me a month of down-time, during a transition between courts, when I have no time to spare.  That presents problems on several fronts, including the holding costs of suspending relief in these matters.

I understand that you said your client is concerned about his privacy and safety, though this information was publicly obtained and is readily available through other sources, while I had no idea this concern existed. I am very concerned about my privacy and safety also due to the criminal actions by many of the defendants in this case, which I have been trying to protect myself against, by seeking a protective order (ECF 17), for almost a year now, without relief. Hence, I am sympathetic to the concern and willing to work with you, but in a far less dramatic capacity, without gutting this case or causing citations problems, the full extent of which can't even be meaningfully calculated or understood without significant work.

To my knowledge, defendant Walker's address isn't listed anywhere publicly except on the FAC (literally one line) and summonses (literally two lines), along with some proofs (literally one or two lines) of defendants dodging service or refusing to confirm service by correctly signing their names per the rules for USPS restricted delivery, as required by the court.  (They created the last problem themselves.) I don't know of more than a half-dozen pages this involves, out of over a 5,000-page court record currently, while of those roughly six pages, only one or two lines needs to be redacted from each.

Here is what I suggest, if you are willing to work together toward getting this done quickly, rather than arguing over it in motions and objections while waiting for the court to decide:

- If you withdraw your current motion, so we don't need to waste time and resources arguing this before the court, and instead you file a motion asking the court to simply redact his address from the very few pages it is on in the court record.
- Then I am willing to redact his street address from those documents which are available through my websites, while agreeing not to include his address on any documents which I create in the future, either produced for the public or filed in court.
- In my mind this makes far more sense and is a far more productive use of time and resources, than having the court be the arbitrator of this matter. We don't fundamentally have opposing interests, except as to the means of execution.

It would be substantially more efficient to have the court redact that which they have in their files, and I would then be happy to redact that which I provide publicly, without creating a substantial workload for anyone or making this into a major project.

I'm completely willing to cooperate, but I will need to object to your motion as it stands, unless you withdraw it, because it is unreasonably broad and burdensome upon me, while being wholly inefficient and unnecessary. I'd compare your motion to demolishing a city block to kill a fly. It's unreasonably excessive overkill.

Likewise, in the amount of time which I expect I will need to invest in filing my objections in court (with my communication disabilities), I could have already completed the task on the public side, through my website. (In the amount of time I have spent writing you this email, probably a couple of hours, I could have already accomplished a substantial portion of this.)  Hence, if that is the route you insist upon proceeding, it will take me substantially longer, because I must prioritize writing my objections first, to protect my greater interests of not being ordered to do something which is overly broad and burdensome by the court, that I simply don't have the time and resources to complete, without necessary provisions and the court making special allowances.

There is no need to restrain me, I am a man of my word. I will agree not to file anything else containing defendant Walker's address, publicly or in this case, while I can think of no need to do so as long as he remains represented in this matter.  I have no other interest or care in his address than compelling his appearance in this lawsuit, so that I can proceed with litigating towards a remedy. Again, we have no opposing interests or objectives in this matter, except how to facilitate the very minor changes needed.

Please let me know if you are willing to withdraw your motion and work with me as I have described, or if I need to focus my energy on drafting my objection to your motion while refiling my own motion for a protective order in this matter, in an effort to obtain the same safety for myself and my family as your client seeks. In absence of some confirmation by you, I will assume the later and continue to invest my resources accordingly.

Thanks.
Jeff Fenton

[x.com/@tninjustice](x.com/@tninjustice)



17195 SILVER PKWY, #150
FENTON, MI 48430-3426



PLAINTIFF'S EXHIBIT
C-2

 **Outlook**

## RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)

**From** Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>
**Date** Mon 10/28/2024 9:58 AM
**To** Jeff Fenton



📎 1 attachment (17 KB)
Stipulation to redact v.1.docx;

Sorry—here is an updated stipulation with one additional page that needs to be redacted.

---

**From:** Cobb, Ryan (USAMIW)
**Sent:** Monday, October 28, 2024 9:11 AM
**To:** Jeff Fenton
**Subject:** RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)

Here is a draft stipulation that would resolve the issues raised in the motion, assuming the court accepts it and agrees to direct the clerk of court to make the redactions.

If it is acceptable to you, please sign it manually, scan it and return it to me (fax or email), and mail the original to me. (The court requires us to keep the original signed version in our file in case there's a question about it.) Once you've sent me the scanned version, I'll file it with the court.

Thanks you,

Ryan Cobb
Assistant United States Attorney | Civil Division Chief
United States Attorney's Office, Western District of Michigan
P.O. Box 208, Grand Rapids, Michigan 49501
Ryan.Cobb@usdoj.gov | (616) 808-2031

 **Outlook**

## RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)

**From** Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>
**Date** Mon 10/28/2024 4:05 PM
**To** Jeff Fenton



 1 attachment (112 KB)
ECF 137 Order restricting access.pdf;

You can disregard. The court entered an order restricting access to those documents today.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



JEFFREY RYAN FENTON,

              Plaintiff,

v.

VIRGINIA LEE STORY, et al.,

              Defendants.

_____/

Case No:  1:23-cv-01097

Hon. Paul L. Maloney
United States District Judge

Hon Ray Kent
United States Magistrate Judge

## ORDER TO REDACT

The Court has reviewed Defendant Hon. Charles Walker's expedited Motion for Redaction and Refiling of Documents (ECF No. 131) and finds good cause under Federal Rule of Civil Procedure 5.2(e) to remove Charles Walker's private home address from the publicly available ECF in this action. Accordingly,

    **IT IS HEREBY ORDERED**:

The Clerk of Court shall take the steps necessary to ensure that any filings that contain Charles Walker's private home address cannot be publicly accessed. To the extent feasible, the Clerk of Court shall redact the address from pages on which it is found and refile the redacted pages; otherwise, access to these filings shall be restricted. These pages include without limitation the following:

        ECF No. 16-1, PageID.2293,
        ECF No. 66, PageID.4874,
        ECF No. 95-1, PageID.5252 and 5254.

Dated: _____

                          _____
                          HON. PAUL L. MALONEY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



JEFFREY RYAN FENTON,

     Plaintiff,

v.

VIRGINIA LEE STORY, et al.,

     Defendants.

_____/

Case No. 1:23-cv-1097

HONORABLE PAUL L. MALONEY

## ORDER

Pending before the Court is Defendant Hon. Charles M. Walker's motion for redaction and refiling of documents (ECF No. 131).  Judge Walker requests the Court remove access to his home address from the public record.  Upon due consideration of the motion by the Court,

**IT IS HEREBY ORDERED** that the motion for redaction and refiling of documents (ECF No. 131) is GRANTED IN PART.

**IT IS FURTHER ORDERED** that the Clerk of Court shall restrict access to the attachment to the motion for extension of time (ECF No. 16-1), the amended complaint (ECF No. 66), and the attachment to the summons returned executed (ECF No. 95-1).  Access shall be restricted to Plaintiff, counsel for the Defendants, and the Court.

Dated:  October 28, 2024

   /s/ Paul L. Maloney_____
Paul L. Maloney
United States District Judge

 Outlook

---

## RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)

---

**From** Jeff Fenton

**Date** Wed 10/30/2024 10:26 AM

**To**   Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>

**Bcc**



This is not acceptable, and in fact, a felony crime by yourself and the court.

Please call me at your soonest convenience at █████████

Thanks
Jeff Fenton





PLAINTIFF'S
EXHIBIT

I

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| JEFFREY RYAN FENTON,<br>PLAINTIFF<br>v.<br>VIRGINIA LEE STORY ET AL.,<br>DEFENDANTS | CASE NO. 3:24-CV-01282 |
| --- | --- |

| | |
| --- | --- |
| **EVIDENCE TITLE:** | **2024-10-30_call-with-assistant-united-states-attorney-cobb.mp3** |
| **Internet URL:** | https://rico.jefffenton.com/evidence/2024-10-30_call-with-assistant-united-states-attorney-cobb.mp3 |
| **RELATED DOC:** | https://rico.jefffenton.com/evidence/2024-10_comms-with-usat-ryan-cobb-about-redactions.pdf |
| **ECF LOCATION:** | |

**Description:** Recorded phone call between Plaintiff & Assistant United States Attorney Ryan Cobb, in Michigan, regarding the excessively broad & burdensome redactions proposed by Attorney Cobb and executed by the court, blocking public access to Plaintiff's entire Amended Complaint, to allegedly conceal *four words* in Walker's address.

The .mp3 audio file on this disc is evidence in this federal civil rights, conspiracy, fraud, and racketeering lawsuit.

# EXHIBIT K-2

## TNMD DOC 212-1 — COMMUNICATIONS WITH ASSISTANT U.S. ATTORNEYS RYAN COBB AND ANICA JONES CONCERNING REDACTIONS

_____

 **Outlook**

## Fenton v. Story - Joint Motion (attached)



**From** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>

**Date** Fri 11/1/2024 3:11 PM

**To** contact@jefffenton.com <contact@jefffenton.com>

📎 1 attachment (18 KB)

Joint Stipulation to Redact.docx;

Good afternoon, Mr. Fenton.

I received your voicemail, but unfortunately, I cannot return your call this afternoon because I am taking part in training.  I can give you a call next week, but in the meantime, I understand that you are willing to jointly agree to remove Judge Walker's information from the docket. Please take a look at this draft motion and let me know if I can type in your signature on the signature line.  Assuming you approve of this draft, I can get this filed on Monday.

Let me know if you have questions.

Thanks, and have a good weekend.

Anica

 **Anica C. Jones**
**Chief, Civil Division**
**Middle District of Tennessee**
U.S. Attorney's Office | 719 Church Street, Suite 3300 | Nashville, Tennessee  37203
T: (615) 736-5151 | C: (615) 289-6815 | F: (615) 401-6626
E-Mail: Anica.Jones@usdoj.gov

Please be advised that any emails sent to or from this email address are subject to retention and archiving by the United States Department of Justice.

 Outlook

---

## RE: Fenton v. Story – Joint Motion (attached)

---

**From** Jeff Fenton

**Date** Fri 11/1/2024 3:30 PM

**To** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>



Thank you mam.

I'm working at the moment to try to unredact the court record in Michigan, since there are only four words in my FAC which are specific to his address (street number, street name, Nashville), yet they chose to redact 32,741 words instead (my entire complaint) in lieu of just four words.

That is overly broad and unduly burdensome, that I even need to waste my time with this, but unfortunately I must.

I tried to describe that to United States Attorney Cobb, while comparing that to demolishing an entire city to kill a fly.

I'll be happy to help you squash the fly. Please don't squash the entire city or redact my FAC.

I will look over your document this weekend and either have it back to you Monday, or address any outstanding concerns in the matter which we can discuss.

In an act of good faith, I will begin redacting his street address from the documents which I have hosted online regarding my lawsuit.

If I could get EVERYONE to make an appearance in the matter, and quit playing games dodging service, I would redact EVERYONE'S address… again, I have no interests contrary to their privacy. But some of them have chosen to be extremely evasive and have wasted a lot of extra time and money while trying to repeatedly serve them… with other outrageous antics such as mailing service back weeks later, etc… so forcing me to fight to get them served, and to substantiate that the service was GOOD, are my only interests regarding any of their addresses. If you are in a position to help button this up and end this needless waste of time trying to wrestle over service, I would honestly be happy to remove all of their addresses at the same time, while I could do so without requiring much more time than just redacting defendant Walker's.

Anyhow, I don't know what relationship you have with the others, if any, but I just thought I would throw that out there, in the interest of expediting past the bologna and protecting everyone's interests.

I assure you, the core issue of removing his address is of absolutely no concern to me at all. I take no issue with it. All I care about is implementation and not compromising the cohesion and comprehensibility of my lawsuit by the court or the public. (While trying not to create any more work for myself than necessary.)

Have a great weekend, and thanks for reaching out!

Thanks.
Jeff Fenton

 **Outlook**

## RE: Fenton v. Story - Joint Motion (attached)

**From** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>
**Date** Mon 11/4/2024 12:29 PM
**To** Jeff Fenton

Thanks for your response, Mr. Fenton. I only represent Judge Walker. Please let me know if I can move forward with filing the joint motion to redact Judge Walker's information today.



PLAINTIFF'S EXHIBIT

L

 **Outlook**

---

### Re: Fenton v. Story - Joint Motion (attached)

**From** Jeff Fenton

**Date** Tue 11/5/2024 2:30 PM

**To** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>



Hello Ms. Jones,

As previously expressed, I have no conflicts with redacting the four words comprising Judge Walker's address throughout any portion of the complaint and lawsuit, but that must be done without redacting or sealing substantial portions of any documents, otherwise I will need to seek leave from the court to resubmit the documents with just his address redacted, so not to compromise the integrity of my entire lawsuit, along with the public's interest in being able to follow the lawsuit without substantive portions missing.

Again, we are just talking about literally four words.

A stipulation limiting the redaction to the four words only (in a couple of different documents), I'd be happy to sign, but as previously stated it is overly broad and an unreasonable burdensome to redact and force me to refile entire documents.

In my mind, that is not only unreasonable, but shows motives to cover-up and hide the facts, evidence, and sworn testimony in my complaint, which are significantly contrary to the honest interests of Justice.

I'm is still needing to waste time in an attempt to correct this with the Michigan court, while it was a wholly unreasonable action on the part of the court in the first place.

Again, we are talking about the need to simply redact four words in two or three different documents.

Courts redact sensitive words and sentences all the time without redacting or sealing entire documents.

People are making this much more difficult for me than it needs to be. (Which causes me to question their motives.)

Please revise your stipulation for precise, extremely limited redactions (4 words), without any language consenting to the court performing substantive redactions of entire documents or sections, and I will be happy to join you in executing the stipulation.

Otherwise, I need to focus on explaining to both the Michigan and Tennessee courts why more substantive redactions are contrary to the honest interests of Justice while pointing out how unnecessary broad and burdensome redacting or sealing entire documents to literally redact four words is.

This seems really simple and common sense to me. If I must seek leave to refile my entire FAC, that will take me a couple of weeks to do once approved by the court.

Thank you.
Jeff Fenton

Get Outlook for iOS



 Outlook

## RE: Fenton v. Story - Joint Motion (attached)

**From** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>

**Date** Tue 11/5/2024 3:08 PM

**To** Jeff Fenton

📎 1 attachment (17 KB)

Joint Stipulation to Redact.docx;

Mr. Fenton, I don't know what "four words" you are talking about. If you have specific edits to the attached stipulation that I sent last week (and I am re-attaching), please send them back to me. Otherwise, I will move forward with filing a motion for the redactions.

Thanks,
Anica



 Outlook

## RE: Fenton v. Story - Joint Motion (attached)

**From** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>

**Date** Tue 11/5/2024 3:11 PM

**To** Jeff Fenton

📎 1 attachment (17 KB)

Joint Stipulation to Redact.docx;

That was the wrong attachment. Here is the correct one.



PLAINTIFF'S EXHIBIT

O

 **Outlook**

## RE: Fenton v. Story - Joint Motion (attached)

**From** Jeff Fenton

**Date** Wed 11/6/2024 2:07 PM

**To** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>



📎 1 attachment (3 MB)

20241106_JOINT MOTION TO REDACT PORTIONS OF FILED DOCUMENTS.pdf;

Hello Ms. Jones,

Please find that motion/stipulation attached executed.

I tweaked the language a little bit to where I was comfortable with it. I don't believe there are any material changes which will affect your client's privacy interests.

Please let me know if you are good with this or if we need to address anything else at this time.

Thanks.
Jeff Fenton

x.com/@tninjustice
jeff.fenton@live.com
Mobile: (810) 428-6500
Landline: (810) 735-7456

17195 SILVER PKWY, #150
FENTON, MI 48430-3426

**3-MIN Video Intro** about my Federal Lawsuit: https://www.youtube.com/watch?v=AaYb-f8ux4o

FENTON v. STORY (1:23-cv-1097) http://rico.jefffenton.com/discovery/
https://casetext.com/case/fenton-v-story
Fraud on the Court by Officers of the Court: Williamson County Chancery Court Docket #48419B

**SLAM the GAVEL Podcast Interview** from 8/4/2024 about my RICO Lawsuit with Authors Brian Vukadinovich and Maryann Petri: https://www.youtube.com/watch?v=plg5eEEnVuU

**Brian Vukadinovich** is the author of MOTION for JUSTICE (I Rest My Case), and Rogues in Black Robes (Destroying Lives and Committing Crimes with No True Accountability).

**Maryann Petri** is the author of RAISED BY THESE WOLVES (How Family and Federal Courts are Failing our Children), Dismantling Family Court Corruption (Why Taking the Kids Was Not Enough). Maryann is also the host of SLAM the GAVEL Podcast, focused on all family court topics, trauma, and healing.



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEFFREY RYAN FENTON,       )
                                 )
       Plaintiff,          )
                                 )
v.                            )        CASE NO.: 3:24-cv-01282
                                 )        JUDGE CAMPBELL
VIRGINIA LEE STORY, et al.,    )        MAGISTRATE JUDGE HOLMES
                                 )
       Defendants.      )

**EXPEDITED CONSIDERATION REQUESTED**

**<u>JOINT MOTION TO REDACT PORTIONS OF FILED DOCUMENTS</u>**

Pursuant to Local Rule 5.03, Plaintiff and Defendant Hon. Charles Walker (Judge Walker) request that portions of filed documents be redacted, and agree as follows:

1. Judge Walker is a federal bankruptcy judge. He has expressed privacy and safety concerns relating to his private address being publicly disclosed in filings in this action.

2. There is good cause to remove judge Walker's address from the filings in this action. Judge Walker's privacy and security interests outweigh the public's interest in this private information, and the details of his address are not relevant to the merits in this action. *See In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983); *Malhan v. Grewal*, Civil Action No. 16-8495 (CCC), 2020 WL 6689753, at *2 (D. N.J. Nov. 13, 2020); *Scheffler v. City of New Hope*, Case No. 18-cv-1690 (SRN/LIB) 2018 WL 6012181, at *2 (D. Minn. Nov. 16, 2018) (recognizing that "Judges, in particular, have a critical need to maintain their privacy because of the possible threat posed by dissatisfied litigants. . . ."); *Concerned Pastors for Social Action v. Khouri,* Case No. 16-10277, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016) (finding that witnesses' home addresses were irrelevant to the merits of the action and ordering redactions).

3. Redacting more than Judge Walker's address from the filings could have significant consequences, contrary to the interests of justice, which do not benefit the privacy interests mentioned, while potentially compromising the public's interest and ability to follow this lawsuit and understand how different elements and documents interact and relate with each other.

4. It is therefore agreed that the redactions shall be limited to a maximum of one sentence per document, and that entire pages, sections, and documents shall not be redacted or sealed in the record related to this concern.

5. It is further agreed that Judge Walker's name and state of domicile shall not be redacted or concealed in this lawsuit, but that his address number, street name, city, and zip code should be redacted by the Clerk of the Court, pursuant to this motion, for his privacy.

6. It is critical to Plaintiff and hence agreed by the parties herein, that this motion not have a broader impact than specifically intended and as is minimalistically necessary to conceal Judge Walker's residential street address from the public.

7. Accordingly, the Clerk of Court should redact the specific words in this lawsuit which contain or disclose Judge Walker's address number, street name, city, and zip code.

8. These filings include ECF No. 16-1, PageID.2293; ECF No. 66, PageID.4874, and ECF No. 95-1, PageID.5252, 5254.

9. The parties may not include Judge Walker's unredacted address in any future filings in this action.

Dated: November 6, 2024

/s/ *Anica C. Jones*
Anica C. Jones
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
(615) 736-5151
Anica.Jones@usdoj.gov

**PLAINTIFF'S EXHIBIT**

**Q-2**

Attorney for Defendant Charles Walker

Dated: November 6, 2024

Jeffrey R. Fenton (pro se)
17195 Silver Parkway #150
Fenton, MI 84830
(615) 837-1300
contact@jefffenton.com
Plaintiff



 **Outlook**

---

## RE: Fenton v. Story - Joint Motion (attached)

---

**From** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>

**Date** Fri 11/8/2024 11:11 AM

**To** Jeff Fenton

📎 2 attachments (335 KB)

DE 158 - Motion to Redact.pdf; DE 159 - Memo ISO Motion to Redact.pdf;

Good morning, Mr. Fenton, and thank you for your response. I filed the attached motion and memorandum late on Tuesday evening (before receiving your email below on Wednesday), so there is no longer a need to enter a joint stipulation. I appreciate your edits and the time you spent on this. However, I needed to move quickly given the circumstances.





IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEFFREY RYAN FENTON,                    )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )      CASE NO.: 3:24-cv-01282
                                        )      JUDGE CAMPBELL
VIRGINIA LEE STORY, et al.,             )      MAGISTRATE JUDGE HOLMES
                                        )
            Defendants.                 )

**EMERGENCY MOTION
TO REDACT OR SEAL PORTIONS OF FILED DOCUMENTS**

Pursuant to Local Rule 5.03, Defendant Honorable Charles Walker (Judge Walker) requests that portions of filed documents be redacted or sealed, stating as follows:

1.      Judge Walker is a federal bankruptcy judge. He has expressed privacy and safety concerns relating to his private address being publicly disclosed in filings in this action.

2.      There is good cause to remove judge Walker's address from the filings in this action. Judge Walker's privacy and security interests outweigh the public's interest in this private information, and the details of his address are not relevant to the merits in this action. *See In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983); *Malhan v. Grewal*, Civil Action No. 16-8495 (CCC), 2020 WL 6689753, at *2 (D. N.J. Nov. 13, 2020); *Scheffler v. City of New Hope*, Case No. 18-cv-1690 (SRN/LIB) 2018 WL 6012181, at *2 (D. Minn. Nov. 16, 2018) (recognizing that "Judges, in particular, have a critical need to maintain their privacy because of the possible threat posed by dissatisfied litigants. . . ."); *Concerned Pastors for Social Action v. Khouri,* Case No. 16-10277, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016) (finding that witnesses' home addresses were irrelevant to the merits of the action and ordering redactions).

1

Case 3:24-cv-01282     Document 158     Filed 11/05/24     Page 1 of 3 PageID #: 114
Case 3:24-cv-01282     Document 212-1     Filed 02/26/25     Page 23 of 29 PageID #: 779

3.    Accordingly, Defendant asks that the Clerk of Court redact from the ECF in this case any filings that include Judge Walker's private address or, alternatively, seal the specific pages containing the information. These filings include ECF No. 16-1, PageID.2293; ECF No. 66, PageID.4874; and ECF No. 95-1, PageID.5252, 5254.

4.    Defendant further asks the Court to order Plaintiff to refrain from including Judge Walker's unredacted address in any future filings in this action.

5.    Pursuant to Local Rule 7.01, Defendant's counsel made attempts to consult with Plaintiff regarding this motion. Defendant's counsel left Plaintiff a voicemail on October 31. Emails were exchanged between Plaintiff and Defendant's counsel on November 1, 4, and 5. Defendant's counsel left Plaintiff another voicemail on November 5. At the time of this filing, Defendant's counsel has not secured Plaintiff's assent to filing this motion jointly.

For the reasons discussed above, Defendant's motion should be granted.

Respectfully submitted,

THOMAS J. JAWORSKI
Acting United States Attorney
Middle District of Tennessee

s/ Anica C. Jones
ANICA C. JONES, B.P.R. #025325
Assistant United States Attorney
United States Attorney's Office
719 Church Street, Suite 3300
Nashville, TN 37203
Telephone: (615) 736-5151
anica.jones@usdoj.gov



2



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JEFFREY RYAN FENTON,                    )
                                        )
      Plaintiff,                        )
                                        )
v.                                      )     CASE NO.: 3:24-cv-01282
                                        )     JUDGE CAMPBELL
VIRGINIA LEE STORY, et al.,             )     MAGISTRATE JUDGE HOLMES
                                        )
      Defendants.                       )

**MEMORANDUM IN SUPPORT OF EMERGENCY MOTION
TO REDACT OR SEAL PORTIONS OF FILED DOCUMENTS**

Pursuant to Local Rule 5.03, Defendant Honorable Charles Walker (Judge Walker) requests that portions of filed documents be redacted or sealed, stating as follows:

1. Judge Walker is a federal bankruptcy judge. He has expressed privacy and safety concerns relating to his private address being publicly disclosed in filings in this action.

2. There is good cause to remove Judge Walker's address from the filings in this action. Judge Walker's privacy and security interests outweigh the public's interest in this private information, and the details of his address are not relevant to the merits in this action. *See In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983); *Malhan v. Grewal*, Civil Action No. 16-8495 (CCC), 2020 WL 6689753, at *2 (D. N.J. Nov. 13, 2020); *Scheffler v. City of New Hope*, Case No. 18-cv-1690 (SRN/LIB) 2018 WL 6012181, at *2 (D. Minn. Nov. 16, 2018) (recognizing that "Judges, in particular, have a critical need to maintain their privacy because of the possible threat posed by dissatisfied litigants. . . ."); *Concerned Pastors for Social Action v. Khouri,* Case No. 16-10277, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016) (finding that witnesses' home addresses were irrelevant to the merits of the action and ordering redactions).

1

3. Accordingly, Defendant asks that the Clerk of Court redact from the ECF in this case any filings that include Judge Walker's private address or, alternatively, seal the specific pages containing the information. These filings include ECF No. 16-1, PageID.2293; ECF No. 66, PageID.4874; and ECF No. 95-1, PageID.5252, 5254.

4. Defendant further asks the Court to order Plaintiff to refrain from including Judge Walker's unredacted address in any future filings in this action.

5. Pursuant to Local Rule 7.01, Defendant's counsel made attempts to consult with Plaintiff regarding this motion. Defendant's counsel left Plaintiff a voicemail on October 31. Emails were exchanged between Plaintiff and Defendant's counsel on November 1, 4, and 5. Defendant's counsel left Plaintiff another voicemail on November 5. At the time of this filing, Defendant's counsel has not secured Plaintiff's assent to filing this motion jointly.

For the foregoing reasons, Defendant requests that this motion be granted.

Respectfully submitted,

THOMAS J. JAWORSKI
Acting United States Attorney
Middle District of Tennessee

s/ Anica C. Jones
ANICA C. JONES, B.P.R. #025325
Assistant United States Attorney
United States Attorney's Office
719 Church Street, Suite 3300
Nashville, TN 37203
Telephone: (615) 736-5151
anica.jones@usdoj.gov



2

 Outlook

---

**Re: Fenton v. Story - Joint Motion (attached)**

---

**From** Jeff Fenton

**Date** Fri 11/8/2024 9:02 PM

**To** Jones, Anica (USATNM) <Anica.Jones@usdoj.gov>

You sent me the wrong attachment, and once you sent me the correct document I got it back to you within 24 hours executed.

I regret wasting any time on this, since I must now appeal overly broad and burdensome nonsense, contrary to the interests of Justice, under the guise of redacting four words, which I find it hard to believe have ever been the real concern, considering the actions taken.

You've created weeks more work for me, while making it sound as if I failed or refused to cooperate.

There have been a lot of people involved in covering up the multiple felony crimes committed by the courts and counsel in the preceding matters, while many of them held offices of public trust, swearing to uphold the constitution of the United States of America, while behaving like outlaws.

I will be clarifying the efforts I made to work with you on this matter, along with the real concerns I voiced, and how you chose not to care about the real interests of Justice in this matter, to instead create more work for me while helping to hide the truth from the public.

Please don't contact me directly again, but take all matters before the court for both transparency and accountability.

Get Outlook for iOS



PLAINTIFF'S
EXHIBIT

U

# EXHIBIT L

## TNMD DOC 222 — SECOND OBJECTION TO DISPOSITIVE MOTIONS AND DECLARATION CONCERNING JUDICIAL MISCONDUCT IN MICHIGAN

———————————————————

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**RECEIVED**

MAR 07 2025

US DISTRICT COURT
MID DIST TENN

JEFFREY RYAN FENTON,

Plaintiff

v.

VIRGINIA LEE STORY et al.,

Defendants

**CASE NO. 3:24-cv-01282**

## SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE[1]

This objection and testimony is brought pursuant to 28 U.S. Code § 1746, § 455(a), (b)(1); U.S. Const. amend. I, V, and XIV; 18 U.S. Code § 4 - Misprision of felony; and Case Law.

1.    On October 25, 2024, Assistant United States Attorney Ryan D. Cobb filed DEFENDANT HON. CHARLES WALKER'S MOTION FOR REDACTION AND REFILING OF DOCUMENTS in ECF 131[2], PID 5728-5729, supported by a brief filed in ECF 132[3], PID 5730-5731.

---

[1]    This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (hereinafter "MIWD") as case no. 1:23-cv-01097. On October 25, 2024, MIWD transferred this lawsuit as ordered in ECF 127 to the United States District Court for the Middle District of Tennessee (hereinafter "TNMD") as case no. 3:24-cv-01282. The language used in the file stamps of each page filed is slightly different between the two courts. MIWD uses the term "ECF No." (which I abbreviate as "ECF"), while in place of that, TNMD uses the term "Document" (which I abbreviate as "DOC"). Both courts use the term "PageID" (which I abbreviate as "PID"). Citations to the court record in this lawsuit will be notated without the case name or number, using the starting DOC/ECF number, followed by both the beginning and ending PID. The Notice of Electronic Filing for this transfer is recorded in TNMD DOC 131, at which point the DOC/ECF number from MIWD was retained and continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

[2]    https://rico.jefffenton.com/1-23-cv-01097/ecf/131.pdf

[3]    https://rico.jefffenton.com/1-23-cv-01097/ecf/132.pdf

2.      The motion expressed concern related to "Judge Walker's private home address" being publicly disclosed on my "AMENDED COMPLAINT FOR TORTIOUS CONDUCT AND INJUNCTIVE RELIEF[4]" (hereinafter "FAC"), filed on August 21, 2024, in DOC 66[5], PID 4870-4972.

3.      First let me say that defendant Walker's address was included in this lawsuit, the same as every other party in this lawsuit, including myself, because I believed it to be a required element of the complaint.  Especially for establishing "diversity jurisdiction", which was a substantial portion of the basis for the JURISDICTION AND VENUE which I believed was correct when I filed the complaint.

4.      Similarly, I was aware of no concerns regarding my doing so, especially as related to any one party more so than any other party.  I knew nothing of any safety concerns or perceived threats.  This information was publicly sourced and therefore readily available to anyone else seeking his address.  At the same time, I understand the concept of "the less the better", and the principle of "security through obscurity", while I have absolutely no principle interests which conflict with the desire or need to keep defendant Walker's (or any litigants') home address as private as is realistically possible.

---

[4]     DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf
[5]     DOC 66, PID 4870-5007 | https://rico.jefffenton.com/3-24-cv-01282/doc/66.pdf

## I DO NOT OBJECT TO THE PRIMARY STATED OBJECTIVE,
## I OBJECT TO THE UNNECESSARILY BROAD IMPLEMENTATION

5.      I take absolutely no objection at all to the stated primary objective here, of making it so that defendant Walker's address is not publicly disclosed in any way, shape, or form through the litigation in this lawsuit or any related public platform.

6.      The part which I take extreme offense with and object to, is how this was proposed to be implemented and how in fact the court ordered it implemented thereafter, because both are excessively broad and unduly burdensome upon me, while significantly compromising the interests of justice in my lawsuit and hiding the single best document to date, needed to clearly identify and understand what the most substantial "interests of justice" are in this lawsuit.

7.      As a nation whose government is "for and by the people", the public has both a right and a responsibility to be informed about how our publicly funded courts are treating disadvantaged litigants, such as myself, who are economically forced to represent themselves *pro se*, despite the horrific odds against them in doing so.

## COURT TRANSPARENCY AND EQUAL PROTECTION UNDER THE LAW

8.      Our constitution requires that all litigants be "equally protected" under the law, but in reality, we know that is far more of an American ideal than it is a reality, regardless of any laws or constitutions to the contrary.  The courts have a history of by far benefiting the wealthy, highly educated, socially and politically affluent and connected sectors of society, over both the common middle-class and certainly indigent litigants such as myself.

9.       Therefore, to hide the real merits of this case, from public review and oversight, preventing judicial research, justice advocacy and efficiency experts, court reform and watchdog

Initials:

organizations, political activists and analysts, civil rights advocates and organizations, along with other court watchers and members of the public interested in studying our court system along with how our government chooses to allocate our tax dollars to best "serve" and benefit our nation and the people herein, through the administration of our courts; the current excessive level of redaction is extremely short-sighted, socially irresponsible, completely unnecessary, blatantly dishonorable, and unreasonably heavy-handed. Likewise, due to the over-reaching breadth of this action, I must question the sincerity of the motives.

10.     The actions taken serve to effectively cover-up a year's worth of wrestling with the court as I fought to simply keep my lawsuit from being defeated *sua sponte* while the court refused to even provide me with ECF filing privileges or to assist with service in any way, choosing to leverage their "discretion" *contrary t*o the honest *interests of justice* in my case, which the court refused to acknowledge prior to the filing of my FAC[6].

11.     My FAC[7] is the single best document filed in my lawsuit, tying together thousands of pages of sworn testimony and evidence, which I have literally invested thousands of hours of painstaking research and writing into perfecting to the best of my ability to date. Much of which is self-evident if not irrefutable with the evidence filed in this lawsuit, so both the court and the defendants can **see** the gravity of the merits in my lawsuit, simply by reading it and testing the evidence and sworn testimony clearly provided. (The public also has a critical need, right, and justice interest in being able to freely review this lawsuit, in its entirety, unimpeded.)

---

[6]     DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

[7]     DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

12.     As stated in previous filings, the heart of this lawsuit is about **public corruption** amongst high-ranking officers of the Tennessee Court System[8], some who are literally entrusted with the oversight of the "practice of law" throughout the state. Some who use their offices[9] and influence to protect some of the worst actors in the State of Tennessee, such as some of the defendants in this lawsuit, while retaliating against their enemies, who just happen to be some of the best and most patriotic, honest, attorney whistleblowers[10] the state has known in recent years. Now the court has chosen to hide the evidence of that, which is frankly reprehensible and criminal.

13.     Our nation right now is in as near of a state of emergency[11] as I have ever witnessed, due to official misconduct, felony crimes, and public corruption by officials in nearly every branch and division of state and federal governments, while a massive percentage of those people, at least in leadership positions, are BAR members[12].

14.     It is in the best interest of our nation to start requiring those who wish to "practice law" to uphold if not emulate the core **values** of the court's ethical canons, with honesty, integrity, good-faith, and honor which is central to those canons, along with the court's codes of conduct, for practicing attorneys and judges. Simply stated, "lip service" is not enough.

---

[8]     DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf
DOC 207, PID 583-619 | https://rico.jefffenton.com/3-24-cv-01282/doc/207.pdf
DOC 207-1, PID 620-639 | https://rico.jefffenton.com/3-24-cv-01282/doc/207-1.pdf
DOC 207-2 | PID 640-684 | https://rico.jefffenton.com/3-24-cv-01282/doc/207-2.pdf
DOC 207-3, PID 685 | https://rico.jefffenton.com/3-24-cv-01282/doc/207-3.pdf

[9]     DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

[10]     DOC 58-5, PID 4718-4722 | https://rico.jefffenton.com/evidence/2024-05-02_reguli-lawsuit-against-wilco-tn-gov-corruption.pdf
DOC 58-3, PIC.4632-4710 | https://rico.jefffenton.com/evidence/2024-02-16_tnsc-disbarred-whistleblower-brian-manookian.pdf
DOC 58-4, PID 4712-4716 | https://rico.jefffenton.com/evidence/2024-02-16_tnsc-manookian-disbarment-opinion-justice-lee.pdf

[11]     https://doge.gov/ | https://www.justice.gov/criminal/criminal-pin

[12]     https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

15.     Any attorney who is seeking to defeat a *pro se* litigant by the courts rules of *process* and *procedure* (technicalities), who does not hold the **merits** in at least as high of esteem, along with their **conduct** and their clients', is violating the privilege of *practicing law* in a way which resembles "legal work", but without the critical essence of honesty, integrity, good-faith, honor, and justice **required** prior to interacting with anyone else's family, property, or freedom.

16.     According to Gallup Polls[13], "Americans' confidence in their nation's judicial system and courts dropped to a record-low 35% in 2024."

17.     This isn't rocket science, this isn't a case for fancy legal footwork, rather it is a case to get back to the basics, to protect the *constitutional* rights, and even the most basic *natural* human rights, of our beloved nation, over the private interests of official misconduct and public corruption, while running "our" courts into the ground, in a manner which is repugnant to the rule of law and the oaths of office taken by every member therein.

18.     Upon information and belief, there are aspects of this lawsuit which have no statute of limitations, and which no court can lawfully release the defendants from liability for the crimes they have committed, without providing a reasonable remedy as required by law. Actions have been taken by some of the defendants in this lawsuit, which tread dangerously close to treason, who have not only violated their oaths of office but have also brought shame and dishonor upon the judiciary, while demonstrating how decent people can be catapulted from a life of comfort and provision, which they spent much of their lives working hard to build, to becoming literally **destitute** and **homeless**[14] with only a **five-day notice over a holiday weekend**, when not one action or order by the Tennessee courts was honest, lawful, for the purposes claimed, or adjudicated by a court with the lawful

---

[13]   https://news.gallup.com/poll/653897/americans-pass-judgment-courts.aspx

[14]   DOC 214, PID 911-975 | https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf

authority and jurisdiction to hear and dispose of the matters before it. That is not reasonable, nor should it be protected, preserved, defended with public funds, or immune from providing a remedy.

19.     This isn't conjecture, this is testimony sworn true under the penalty of perjury, while to date I don't know of a single defendant who has been willing to testify to **anything** under the penalty of perjury, yet they are leveraging state, county, and federal funds to fight **against** the interests of justice in the matters before this court, to further deprive my family of our life, liberty, and property, under the false and fraudulent "color of law", which nobody has even been willing to defend to date, except to say that it is none of the court's business while disavowing jurisdiction and claiming immunity for crimes clearly committed with malicious criminal intent.

## RESPONSIBILITY OF BAR MEMBERS TO COMPLY WITH THE COURT'S CODES OF CONDUCT

20.     It is a core responsibility of every BAR member to operate in strict compliance with the court's **codes of conduct**, which is **foundational** to being **entrusted** with the **privilege** to "practice law", yet the defendants in this lawsuit and now even some of their counsel has clearly failed or refused to do so. This has already been repeatedly proven[15] to this court, regarding the defendants and their counsel in this case. This perverts many of the pleadings before the court by the defendants, while wasting my extremely limited time and resources for obtaining an honest and

---

[15]   DOC 101, PID 5375-5390 | https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf
    DOC 99, PID 5328-5342 | https://rico.jefffenton.com/evidence/2024-10-08_motion-for-sanctions-against-story-for-lying.pdf
    DOC 99, PID 5328-5342 | https://rico.jefffenton.com/evidence/2024-10-08_motion-for-sanctions-against-story-for-lying.pdf
    DOC 177, PID 234-250 | https://rico.jefffenton.com/evidence/2024-11-18_fenton-motion-for-alternative-service.pdf
    DOC 197, PID 445-486 | https://rico.jefffenton.com/evidence/2025-01-10_motion-for-ecf-and-remote-participation.pdf
    DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf
    DOC 211, PID 689-723 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf
    DOC 212, PID 730-907 | https://rico.jefffenton.com/evidence/2025-02-10_tn-motion-to-minimize-or-remove-redactions.pdf
    "DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER'S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS"

lawful remedy for egregiously unconstitutional acts, against my critically needed property and financial interests, without which I have no means (outside sparse family charity) to survive long enough to have these arguments heard, about that which should have **never happened** to anybody, while to date nobody has even begun to provide a reasonable or lawful explanation for the actions by the defendants, in any way.

21.     This is precisely why my "AMENDED MOTION TO REQUIRE ALL FILINGS TO INCLUDE A CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF PERJURY (EXPEDITED CONSIDERATION REQUESTED)[16]" is **critically needed** under the circumstances, **prior** to considering **any** motion by the defendants before this court, or burdening me with needing to respond to their multiple motions to dismiss, when they still haven't even answered my complaint based upon the merits, while swearing under the penalty of perjury they are telling the truth.

22.      Somehow the burden in all matters keeps being heaped onto my shoulders, when not one defendant to date has acted honestly, lawfully, and ethically, complying with the codes of professional and judicial conduct, in the preceding Tennessee matters, nor have they provided any explanations why not, or been willing to lawfully remediate any portion of the harm they caused.

23.     Despite leveraging and abusing the resources of multiple offices of public trust, which have been and continue to be betrayed by some of the defendants for private and even criminal interests, in direct violation of state and federal constitutions, statutory laws, and the court's codes of conduct, which are **not optional**.  Some of the defendants are actually entrusted

---

[16]    DOC 100, PID 5343-5353 | https://rico.jefffenton .com/evidence/2024-10-08-motion-all-filings-be-under-penalty-of-perjury.pdf

with the oversight and enforcement of the court's codes of conduct, to **protect** the "practice of law" throughout the state, while they themselves refuse to practice good professional conduct or to require their friends to.

24.     Upon information and belief, although this is not before a Michigan court, I believe that the principles expressed in the following language are foundational to the "practice of law" in much (if not all) of our nation, including in the State of Tennessee.

## MICHIGAN COURT RULE 9.103 STANDARDS OF CONDUCT FOR ATTORNEYS

"(A) General Principles. The **license** to **practice law** in Michigan is, among other things, a continuing proclamation by the Supreme Court that the holder is **fit** to be **entrusted** with professional and judicial matters and to aid in the **administration of justice** as an attorney and counselor and as an officer of the court. It is the **duty** of every attorney to **conduct himself or herself at all times** in **conformity** with standards imposed on members of the bar **as a condition of the privilege to practice law**. These standards include, but are not limited to, the <u>rules of professional responsibility</u> and the <u>rules of judicial conduct</u> that are adopted by the Supreme Court" (emphasis added).

25.     Without which, I do not believe that **any** paper filed is actionable by the court as presented.  This is a foundational **prerequisite to practice**, which is being blatantly and repeatedly violated by the defendants and their counsel, in furtherance of having the courts take actions which directly conflict with their purpose, values, and existing law.  In short, these actions seek to exercise unaccountable power over the lives, liberty, property, and **interests of others**, which substantially conflicts with the supreme law of the land and the honest purpose for which the "practice of law" and governance exists.

26.     Keeping much of the court records hidden from the public, via redactions and sealing, while there is **no order** to date to seal any records in this case, yet thousands of pages in

this lawsuit have simply "disappeared[17]" from public access and continue to remain sealed in this case with no explanation, notice, or order from the court, to obviously obfuscate and hide the crimes committed by the powerful defendants along with what is currently taking place between the defendants, their counsel, and the courts in this lawsuit.

27.     This is comparative to owning or controlling a military which has no allegiance to any country.

28.     This essentially converts the "practice of law" into a power grab, the stronger prevail while the weaker will perish, regardless of the merits, without any moral compass, or what is typically perceived as the "heart" and "soul" of a nation, institution, or business.  To align the power of "our" courts with such an unconstitutional, inhumane, and oppressive agenda would be the end of that institution providing reasonably justifiable value to "our" nation or "our" people herein.  (Please read more related to this in my "DECLARATION EXPLAINING MY PURSUIT OF JUSTICE[18]" filed in DOC 207, PID 583-685.)

29.     It is imperative that nothing in this lawsuit be withheld, redacted, sealed, or otherwise hidden from the public, except that which is absolutely critical, with a reasonable, honest, and lawful purpose; without redacting one word, page, or document more than is absolutely necessary.

---

[17]     Including **all** of DOC 1, PID 1-2090 | https://rico.jefffenton.com/3-24-cv-01282/1.htm | **2090 sealed pages**

Including **all** of DOC 66, PID 4870-5007 | https://rico.jefffenton.com/3-24-cv-01282/66.htm | **137 sealed pages**

Including all of DOC 112, PID 5609-5615 | https://rico.jefffenton.com/3-24-cv-01282/doc/112.pdf | **6 sealed pages**

Including all of DOC 113, PID 5616-5622 | https://rico.jefffenton.com/3-24-cv-01282/doc/113.pdf | **6 sealed pages**

Including all of DOC 115, PID 5633-5639 | https://rico.jefffenton.com/3-24-cv-01282/doc/115.pdf | **6 sealed pages**

Including all of DOC 118, PID 5658-5664| https://rico.jefffenton.com/3-24-cv-01282/doc/118.pdf | **6 sealed pages**

DOC 112, 113, 115, and 118 are in regard to the service of judges, while I have no objection to **line level redactions** concealing **any** home address, but everything else in those documents should remain publicly viewable, especially while some of them continue to actively contest being properly served.  More importantly, **nothing** should be redacted or sealed by the court without a court order or some other communication from the court **notifying me** about the action, while hopefully having an opportunity to be heard first.

[18]     DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

## COURT AND JUDICIAL REFERENCES

30.     This lawsuit originated in the United States District Court for the Western District of Michigan (hereinafter "MIWD").

31.     This case was assigned to United States District Judge Paul L. Maloney[19] of the MIWD Court (hereinafter "District Judge").

32.     On October 19, 2023, in DOC 6, PID 2096 this case was referred[20] by the District Judge to United States Magistrate Judge Ray Kent (hereinafter "Magistrate Judge").

33.     On August 10, 2024, I filed a MOTION TO RECUSE[21] the Magistrate Judge for judicial misconduct and bias in DOC 60, PID 4736-4739.

34.     On September 12, 2024, in DOC 71, PID 5045 the District Judge filed an "ORDER VACATING ORDER OF REFERRAL AND DISMISSING MOTION FOR RECUSAL[22]", at which point the Magistrate Judge was removed from this case.

35.     Upon information and belief, out of respect for the court and the named judges above, along with the belief that judges do not like being called out by name in legal filings, along with the belief that courts in general respond negatively to legal filings which repeatedly accuse officers of the court of misconduct, I will refer to both the District Judge and the Magistrate Judge in the remainder of this filing without the use of their personal names.

36.     Although this filing must repeatedly address what I believe can only be reasonably interpreted as court misconduct, for the purpose of protecting my constitutional and lawful rights to equal protection and due process, by an impartial tribunal, through a fair court process, I do not

[19]    DOC, PID 2093 | https://rico.jefffenton.com/3-24-cv-01282/doc/4.pdf

[20]    DOC 6, PID 2096 | https://rico.jefffenton.com/3-24-cv-01282/doc/6.pdf

[21]    DOC 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf

[22]    DOC 71, PID 5045 | https://rico.jefffenton.com/3-24-cv-01282/doc/71.pdf

do so with any joy, malice, or disrespect for the court whatsoever. I likewise do not seek to disparage the court or any member of the court in any way. (To understand my **motives** in this action, please see my "DECLARATION EXPLAINING MY PURSUIT OF JUSTICE[23]" filed in DOC 207, PID 583-685.)

37.    At the same time, I have been placed in a situation, at no fault of my own, where I must speak honestly about and confront the professional and judicial misconduct which I have and continue to experience "under color of law".

## ORDERS CONTRARY TO THE INTERESTS OF JUSTICE

38.    On July 8, 2024, the Magistrate Judge filed an "ORDER REGARDING SERVICE[24]" in DOC 55, PID 4378-4384, finally giving me the green light to *serve* my lawsuit, for the very first time since this lawsuit was filed on October 13, 2023. Unfortunately, he simultaneously made several other orders which significantly favored the defendants while *undermining* my ability to freely move forward with serving my lawsuit. I believe that these other orders were clearly prejudicial against me, were in direct opposition to the honest interests of justice and were in fact the result of judicial bias and misconduct by the Magistrate Judge, who made it clear he sought to dismiss my lawsuit prior to moving forward with service, discovery, or any litigation.

39.    As the court has been noticed in multiple documents filed in this lawsuit, with slight variations in language, but the same primary message[25], I do not have the education, skills, or

---

[23]    DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

[24]    DOC 55, PID 4378-4384 | https://rico.jefffenton.com/3-24-cv-01282/doc/55.pdf

[25]    DOC 62, PID 4758-4759 | https://rico.jefffenton.com/3-24-cv-01282/doc/62.pdf

resources necessary to simultaneously fight *both* the court and the roughly 34 high-profile litigants along with their counsel.  The court must act in the honest and impartial interests of justice or this lawsuit fails.

40.     To place me at an even greater disadvantage than my poverty, I have significant communication disabilities[26] which make it far more difficult for me to argue matters before the court, especially when I am forced to argue *against* the court itself, in an effort to merely be treated *fairly*, without losing *substantive rights* purely for failure to argue each and every sentence stated by the court.

41.     The court is supposed to be a neutral arbiter of facts and law, and when they are *not*, every sentence spoken by the court can chip away at the *substantive rights* of a litigant.

42.     When a litigant lacks the ability or resources to stand-up for the truth and correct the court about each false allegation or assertion made, while fighting to retain and restore their rights, from any narrative seeking to undermine the credibility of their lawsuit, their motives, their person, or how they have tried to proceed in the matters before the court, without also being able to simultaneously proceed in the litigation of their lawsuit in regards to the defendants, the court can easily pre-stage a case for a premature dismissal, by misusing their *discretion* contrary to the honest *interests of justice*, as has repeatedly happened in this case, for much of the first year.

---

"One of the biggest problems to date in this lawsuit is that [the Magistrate Judge] has proactively taken an adversarial posture in opposition to the honest interests of justice, choosing to act in the interests of the defendants even prior to Plaintiff having an opportunity to serve them.  Plaintiff cannot handle having one more opponent against him, particularly the largest one in the nation - the U.S. legal system.  Lawfully, he never should have to fight the opposition and the court too."

DOC 60, PID 4737 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf

"Particularly for a plaintiff with numerous mental disabilities, it should not be his job to police the judge or the court.  He or they should act according to justice and due process on their own."

[26]   DOC 52, PID 4254-4257 | https://rico.jefffenton.com/evidence/tn-ada-disabilities-exploited-for-advantage-ocpd-merck.pdf

DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf

DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

43.     This is especially a problem for people with "Obsessive Compulsive Personality Disorder" like myself[27], by undermining my footing, placing me in an unclear, clouded, confusing, and compromised position with the court, not knowing where I stand, while needing to push forward still to confront the defendants in this lawsuit, without any sure, stable, or secure foundation for any action I must try to fight and defend against.

### FOR EXAMPLE: CONSIDER THE SERVICE OF THIS LAWSUIT

44.     Fed. R. Civ. P. 4(m)[28] Time Limit for Service.  "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant <u>or order that service be made within a specified time</u>.  **But if the plaintiff shows *good cause* for the failure, the court *<u>must</u>* extend the time for service for an appropriate period.**  This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)" (emphasis added).

45.     What's the commonsense intent of this rule?

46.     I believe to prevent people from dilly-dallying around, and to have matters promptly litigated, while ensuring that there is *enough time* for any legitimate matter or need.

47.     Notice this says, "if the plaintiff shows *good cause* for the failure, the court **<u>must</u>** extend the time for service…" (emphasis added).  This isn't even discretionary, except in determining whether or not the plaintiff has *good cause*.

---

[27]   DOC 52, PID 4254-4257 | https://rico.jefffenton.com/evidence/tn-ada-disabilities-exploited-for-advantage-ocpd-merck.pdf
DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf
DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

[28]   https://www.law.cornell.edu/rules/frcp/rule_4

48.      Why is this?  I believe because the most critical element in this rule is to ensure that the plaintiff has *enough time* to serve, providing he/she is earnestly and steadfastly working toward that end, to substantiate and bring their lawsuit as quickly as they reasonably can under the circumstances, without compromising the integrity of their case by acting haphazardly as if the "deadline" were more important than the substance, coherency, and actionability of their lawsuit.

49.      Upon the honest and impartial review of my actions over the past year, I doubt that many people would question my devotion, commitment, and efforts toward doing exactly that, with every dollar, minute, and brain cell at my disposal.

## ORDER REGARDING SERVICE

50.      On July 8, 2024, five months and nineteen days after I filed my first expedited motion for service[29], MIWD finally filed an order[30] granting me an opportunity to proceed in good faith with the service of my lawsuit, <u>for the very first time since this lawsuit was filed</u>.

51.      Unfortunately, the same order[31] which finally granted me permission to move forward with service, at the same time prevented me from being free to do so, without first needing to address several other prejudicial and untoward inclusions in that order, which significantly favored the defendants while materially diminishing my rights and remedies to due process, effectively *prestaging* my case for a premature dismissal, upon my almost certain failure to complete every demand by the hard set deadline provided by the Magistrate Judge.

52.      This was without any consideration for "good cause" in the outstanding tasks

---

[29]   DOC 16, PID 2258-2266 | https://rico.jefffenton.com/3-24-cv-01282/doc/16.pdf

[30]   DOC 55, PID 4378-4384 | https://rico.jefffenton.com/3-24-cv-01282/doc/55.pdf

[31]   DOC 55, PID 4378-4384 | https://rico.jefffenton.com/3-24-cv-01282/doc/55.pdf

Initials: _____

required before I could serve (completing and filing my FAC[32] – for the benefit of the court and all involved), or the physical and financial means to accomplish service (how to print and serve tens-of-thousands of pages of filings, along with digital media, without any income or savings, due purely to the crimes by the defendants against me), while denying me even simple ECF filing privileges.

53.     This hard deadline provided by the Magistrate Judge for service failed to take into consideration what resources were realistically within my reach or would be required to facilitate service for my lawsuit, while refusing any assistance by the court or the United States Marshal Service to help serve, likewise refusing any economical proposition or accommodation for electronic/digital document delivery or service.

54.     Everything which I was forced to face, create, engineer, overcome for service of this lawsuit was in spite of the Magistrate Judge's efforts to *sua sponte* dismiss my case; not out of any cooperation, assistance, or accommodation by MIWD to help me have a fair opportunity to be protected by the federal courts or to enjoy equal protection under the law and real due process.

55.     Had he responded in a timely fashion to my "expedited motions", or simply communicated more fluidly with me so that I could understand what to expect and how I could proceed, without forcing me to wait months at a time in limbo, it would have saved at least six months of daily contentious struggle for me, while drafting and filing thousands of pages of sworn testimony and evidence in an effort to convince MIWD that the merits of this lawsuit are righteous, worthy, and true.

56.     Upon information and belief, this is now evidenced by the fact that no defendant to date has meaningfully contested the facts while certifying their claims are accurate, true, and filed

---

[32]   DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

in compliance with F.R.Civ.P. 11(b), sworn to under the penalty of perjury[33], as much if not most of my filings have been certified and sworn to be accurate and true, filed in pursuit of the honest interests of justice.

57.     Forcing me to waste my critical time and resources as the highly disadvantaged *pro se* litigant, to *wrestle* with the court in a desperate attempt to *regain* my constitutional rights to remedies, which I was and am entitled to, had the court never *interfered* and sought to deprive me of those rights in the first place.

## "SUBSTANTIVE RIGHTS" BASED ON THE COURT'S RULES VERSUS THE "DISCRETION OF THE COURT"

58.     For the sake of this illustration, let's assume that me *winning* my lawsuit is 100% completely in the "interests of justice", and that nothing contrary could even pretend to be in the interests of justice instead.

59.      I am given a set amount of time to serve.  That is my **right** (to seek a remedy) according to the court's rules (for the sake of argument).  This is not a *discretionary* matter, which any prejudice *should* be able to deprive me of.  For lack of not knowing more accurate terminology, I will call this my *"substantive right"*.

60.     I begin with a 90-day *substantive right* to serve my lawsuit.  I can remain confident and secure in my standing[34] before the court, as long as I am able to meet that deadline.

61.     I also begin with a *substantive right* to obtain more time, as is reasonably and practically needed, to serve my lawsuit, for *good cause*.  "But if the plaintiff shows *good cause* for the

---

[33]    DOC 100, PID 5343-5353 | https://rico.jefffenton.com/3-24-cv-01282/doc/100.pdf

[34]    I'm not referring to the legal term "standing", but this is the best word I know to articulate "my posture, position, my interests in my case, before the court".

failure, the court *must* extend the time for service for an appropriate period." So as long as the court communicates with me on a timely basis, and I am able to ask for more time as needed, and the court is willing to approve that *before* I would otherwise run out of time, then I can continue to remain confident and secure in my standing before the court. That would allow me then to focus all of my time, energy, and resources on completing that task as quickly as I can, without any fear that I may have compromised my *substantive right* to serve or to obtain necessary extensions to serve based upon *good cause*. Because I would still be operating within my *substantive rights* as defined by the court's rules.

62.     Unfortunately, that was not my experience. Instead the Magistrate Judge chose to **go silent** for five months and nineteen days, without responding to my *multiple* motions for service[35], where I had requested additional time to serve, clarification about where I stood with the court regarding service and how I could proceed, along with financial and technical accommodations to help make service realistically within my means, considering the scope of this lawsuit.

63.     I requested help with service by the United States Marshal Service, which I was told the court might help with as they frequently do with indigent litigants, but MIWD refused. Worse though than the refusal to help was the refusal to respond, while leaving me in suspense for almost six months, during most of which I was no longer exercising my *substantive rights* because I was

---

[35]   DOC 16, PID 2258-2266 | https://rico.jefffenton.com/3-24-cv-01282/doc/16.pdf
       DOC 16-1, PID 2267-2330 | https://rico.jefffenton.com/3-24-cv-01282/doc/16-1.pdf
       DOC 35, PID 3392-3393 | https://rico.jefffenton.com/3-24-cv-01282/doc/35.pdf
       DOC 36, PID 3394-3396 | https://rico.jefffenton.com/3-24-cv-01282/doc/36.pdf
       DOC 36-1, PID 3397 | https://rico.jefffenton.com/3-24-cv-01282/doc/36-1.pdf
       DOC 61, PID 4740-4741 | https://rico.jefffenton.com/3-24-cv-01282/doc/61.pdf
       DOC 61-1, PID 4742-4743 | https://rico.jefffenton.com/3-24-cv-01282/doc/61-1.pdf

essentially *forced* into "default", since I failed to serve by the deadline provided by the rules[36], while the court refused to rule on my motion for service[37] for an exceptionally long period of time, despite the fact there was clearly *good cause* and the court couldn't even dismiss my lawsuit without *first* providing me *some* opportunity and *notice* by which I realistically *could* serve it.

64.     Unfortunately, this deprived me of my *substantive rights* involving service, at no fault of my own, while only allowing me to serve based upon the "discretion of the court" rather than the secure standing of exercising my *substantive rights*. Whether the court is aware of any difference or not, there is a significant difference for the plaintiff whose life *depends* upon the successful litigation of a lawsuit, but who the court deprives of the opportunity or notice by which they can continue to operate *securely* within their "substantive rights".

65.     Personally, I believe that this is a tactic employed by some courts and judges to exhaust the *substantive rights* of litigants, thereby giving the court *discretionary power* over every facet of the case thereafter. To be dismissed at any point for virtually any reason, because the litigant is no longer operating within their *substantive rights*, even when the court itself cheated the litigant out of the opportunity to remain within their *substantive rights*. By refusing to timely grant a motion which would have allowed the litigant to remain in good standing before the court, or to *communicate* and clarify for the litigant what they need to do under the circumstances to remain in good standing before the court.

---

[36]   Largely caused by the disruption, trauma, work, and time consumed to respond to the "Report and Recommendation" issued by the magistrate judge in DOC 8, on December 13, 2023. Along with a need to perform excessive *"damage control"* in an effort to prevent the court from proactively dismissing my lawsuit *sua sponte*, as the Magistrate made clear was his desire in that report.

[37]   DOC 16, PID 2258-2266 | https://rico.jefffenton.com/3-24-cv-01282/doc/16.pdf

66.     On December 13, 2023, on page 6 of the "Report and Recommendation[38]", under the title "III. RECOMMENDATION" the Magistrate Judge wrote, "Accordingly, I respectfully recommend that plaintiff's motion to maintain venue (ECF No. 7) be DENIED and that this lawsuit be DISMISSED."

67.     On January 25, 2024, on page 2, paragraph 2, of the "ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION[39]", written by the District Judge, he stated:

"2.  Discretion to Dismiss Lawsuit.  The Magistrate Judge explained that, for lawsuits filed in the wrong venue, the district court exercises its discretion when deciding whether to transfer or to dismiss the action.  Plaintiff asserts that the authority cited by the Magistrate Judge involved lawsuits subject to the screening under 28 U.S.C. § 1915(e), which does not apply because he paid the full filing fee.

The Court agrees with Plaintiff.  At this point in the litigation, the Court lacks authority to dismiss this lawsuit for improper venue (emphasis added). Ordinarily, a defendant must raise improper venue by motion prior to a responsive pleading.  *See* Fed. R. Civ. P. 12(b)(3).  The failure to raise improper venue in the first motion constitutes a waiver of the defense.  Fed. R. Civ. P. 12(h)(1).  Plaintiff is not a prisoner and he paid the filing fee and, therefore, his complaint cannot be screened under 28 U.S.C. § 1915(e).  *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999).  Following Supreme Court authority, the Sixth Circuit permits a district court to *sua sponte* dismiss a complaint when the allegations are completely frivolous and utterly devoid of merit.  *Velarde v. Biden*, No. 23-1465, 2023 WL 8317823, at *1 (6th Cir. Nov. 14, 2023) (citing *Apple*, 183 F.3d at 479).  This exception, when a cause of action is totally implausible, permits a court to dismiss the action *sua sponte* because

---

[38]   DOC 8, PID 2106 | https://rico.jefffenton.com/evidence/2023-12-13_wdm-fenton-report-and-recommendation.pdf

[39]   DOC 31, PID 3291-3295 | https://rico.jefffenton.com/3-24-cv-01282/doc/31.pdf

the lawsuit does not present a case or controversy under Article III, meaning that the court lacks subject matter jurisdiction. *Id.* The Magistrate Judge's conclusion that the lawsuit was filed in the wrong forum does not address the merits of Plaintiff's causes of action and, therefore, does not fall under the exception identified in *Apple.*"

68.    After this order[40] by the District Judge on **January 25, 2024,** the Magistrate Judge did not make another *appearance* in this matter until **July 8, 2024,** when he finally decided to file an order regarding service[41].

69.    The Magistrate Judge's posture and attitude upon his return, as I experienced from his "ORDER REGARDING SERVICE[42]", I interpreted as "I might not have the authority to *sua sponte* dismiss your lawsuit, but I'm not going to lift a finger to help you either." Admittedly that is conjecture on my part, but it is reasonably based on the totality of filings made in this matter by the Magistrate Judge.

70.    He specifically seemed upset about not being allowed to dismiss my lawsuit prior to it even being served.

71.    In DOC 55, PID 4380, toward the bottom of page 3 of the Magistrate Judge's "ORDER REGARDING SERVICE[43]", he stated:

> "Next, plaintiff wants the U.S. Marshals Service (USMS) to serve 32 summonses with his 2,090-page initial pleading. Plaintiff points out that service will involve paying "thousands of dollars in printing costs" for his appendices and that he cannot afford this expense. See Combined Motion at PageID.2259. *See* Combined Motion at PageID.2259…"

---

[40]    DOC 31, PID 3291-3295 | https://rico.jefffenton.com/3-24-cv-01282/doc/31.pdf

[41]    DOC 55, PID 4378-4384 | https://rico.jefffenton.com/3-24-cv-01282/doc/55.pdf

[42]    DOC 55, PID 4378-4384 | https://rico.jefffenton.com/3-24-cv-01282/doc/55.pdf

[43]    DOC 55, PID 4378-4384 | https://rico.jefffenton.com/3-24-cv-01282/doc/55.pdf

72.　　In DOC 55, PID 4381, at the top of page 4 of the Magistrate Judge's "ORDER REGARDING SERVICE[44]", he stated:

> "Fed. R. Civ. P. 4(c)(3) authorizes the Court to order service by the USMS in certain circumstances, At the plaintiff's request, the court *may* order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court *must* so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916."

> "Here, the Court is not required to order the USMS to serve the defendants because plaintiff is not proceeding in forma pauperis. Plaintiff is a private litigant who paid the filing fee to institute this lawsuit."

To glance back at the District Judge's order[45] in DOC 31, PID 3292, he stated:

> "Plaintiff asserts that the authority cited by the Magistrate Judge involved lawsuits subject to the screening under 28 U.S.C. § 1915(e), which does not apply because he paid the full filing fee… The Court agrees with Plaintiff."

### FACTS AND CONCLUSIONS REGARDING SERVICE

73.　　The magistrate judge expressed an interest in dismissing my lawsuit *sua sponte*, but the district judge over-ruled that recommendation, because it literally exceeded the *authority* of the court (at that stage), since I paid the *four hundred dollar* filing fee.

74.　　The magistrate judge was trying to apply a screening process under 28 U.S.C. § 1915(e) to my lawsuit, which simply did not apply because I did not file my lawsuit in *forma pauperis*.

---

[44]　DOC 55, PID 4378-4384 | https://rico.jefffenton.com/3-24-cv-01282/doc/55.pdf

[45]　DOC 31, PID 3291-3295 | https://rico.jefffenton.com/3-24-cv-01282/doc/31.pdf

75.     I am in fact an indigent litigant, without any income or savings, as a direct result of the obscene criminal misconduct committed against me and my family by the defendants[46] in this lawsuit, at absolutely no fault of my own.

76.     Under Fed. R. Civ. P. 4 Summons (c) Service. "(3) By a Marshal or Someone Specially Appointed. <u>At the **plaintiff's request**, the court **may** order that service be made by a United States marshal</u> or deputy marshal or by a person specially appointed by the court…" (emphasis added).

77.      Later in that same paragraph[47] it states, "…The court **must** so order if the plaintiff is authorized to proceed in *forma pauperis* under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916" (emphasis added).

78.     Upon information and belief, the Magistrate Judge refused to assist with service because he was not absolutely **forced** to assist per the clearly defined rules of the court, rather he was allowed *discretion* to act in the *interests of justice* in the matter of service, which unfortunately he *chose* not to do.

79.     I never tried to force the court's hand to assist me with service.  My efforts were to seek the courts assistance, accommodations, and clarification about how I might efficiently and cost effectively serve my lawsuit in the honest interests of justice, without literally being defeated by the cost of service, potentially costing tens-of-thousands of dollars, which I clearly had no means of being able to afford.

---

[46]    DOC 214, PID 911-975 | https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf
[47]    Fed. R. Civ. P. 4(c)(3) | https://www.law.cornell.edu/rules/frcp/rule_4

Initials:

80.     I simply asked[48] as instructed in Fed. R. Civ. P. 4(c)(3)[49], "…At the **plaintiff's request**, the court **may** order that service be made by a United States marshal…" (emphasis added).  Ultimately the court wasn't forced to help me, so the Magistrate Judge refused.  After which I had to quickly resort to extreme measures[50] to figure out **how** I could reasonably satisfy service in compliance with the court's rules, in a manner which both made sense and was physically within my reach, for an amount of money which I thought that my family could afford to loan me.

81.     I would have qualified for filing my lawsuit in *forma pauperis,* but I knew it would subject my lawsuit to an additional level of *screening*, which due to the expansive nature of my lawsuit, and the high number of powerful and influential officers of the court whom my lawsuit is against, while seeking to hold them accountable, I was concerned it might not survive.

82.     "This lawsuit is against five judges, ten attorneys, five law firms, two real estate firms, two real estate brokers, two banks, three courts, one county, and five state government entities in Tennessee, many of whom have strong relationships rippling through the political, legal,

---

[48]   DOC 16, PID 2258-2266 | https://rico.jefffenton.com/3-24-cv-01282/doc/16.pdf
DOC 35, PID 3392-3393 | https://rico.jefffenton.com/3-24-cv-01282/doc/35.pdf
DOC 36, PID 3394-3396 | https://rico.jefffenton.com/3-24-cv-01282/doc/36.pdf
DOC 36-1, PID 3397 | https://rico.jefffenton.com/3-24-cv-01282/doc/36-1.pdf

[49]   https://www.law.cornell.edu/rules/frcp/rule_4

[50]   DOC 69, PID 5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf
DOC 65-1, PID 4798 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-website-instructional-video.mp4
DOC 59, PID 4724 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-wilco-rico-deed-fraud-intro.mp4
DOC 59, PID 4723-4735 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-wilco-rico-video-declaration.pdf
DOC 65-3, PID 4822-4850 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-document-index.pdf
DOC 65, PID 4794-4820 | https://rico.jefffenton.com/evidence/1-23-cv-01097_plaintiff-flash-drive-1-info.pdf
https://rico.jefffenton.com/1-23-cv-01097/ | https://rico.jefffenton.com/3-24-cv-01282/
https://service.jefffenton.com | https://jefffenton.com/digital-service-package-for-lawsuit/
https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/
DOC 177, PID 234-243 | https://rico.jefffenton.com/3-24-cv-01282/doc/177.pdf
DOC 177-1, PID 244-250 | https://rico.jefffenton.com/3-24-cv-01282/doc/177-1.pdf

and economic fabric of the Mid-State, with some having connections and influence which exceeds any lawful office of the courts or the state.[51]"

83.     **PLEASE NOTE:** I never had concerns that the honest interests of justice in my lawsuit would not stand up to any legitimate and honestly impartial screening process.

84.     I was concerned that the natural and almost inevitable prejudice of the court, or any collective of professionals in a common trade, would grant the *benefit of the doubt* to their peers before I would have enough time to shore up my lawsuit with robust facts, sworn testimony, and evidence, while working the kinks out of my complaint and improving it to the best of my ability with the help and resources within my reach, **to where my lawsuit could stand on its own**, and survive any legitimate, honest, and impartial screening.

85.     That goal was reached when I was able to file my FAC[52], which was my hope from the very beginning, as communicated with the court[53], and why I did not bring summonses for the court to execute in Lansing, the day I filed my lawsuit on October 13, 2023.

86.     In a handwritten emergency objection filed in DOC 10, PID 2109-2114, I stated in part, "I have ADHD & OCPD, letters from my doctors are on file.  I did not receive the mail with the Report and Recommendation until the evening of 12/27/2023, just two days ago.  I have been awake franticly working on a response for the past two days to try to keep my case from being dismissed.  I have been working on my "First Amended Complaint" 12-16 hours per day 6-days+ per week since I filed this case on 10/13/2023.  I need another week or two to finish that so I can file it and serve everyone" (emphasis added).

---

[51]   DOC 102, PID 5440 | https://rico.jefffenton.com/evidence/2024-10-09_concerns-about-transferring-to-tennessee.pdf

[52]   DOC 66, PID 4870-4972 | https://rico.jefffenton.com/3-24-cv-01282/doc/66.pdf

[53]   DOC 54-1, PID 4375 | https://rico.jefffenton.com/evidence/2023-10-11_usdc-wdm-emily-can-file-in-lansing.mp3
       DOC 10, PID 2109-2114 | https://rico.jefffenton.com/3-24-cv-01282/doc/10.pdf

87.     That was my timeline and expectations at that point, had the Magistrate Judge not **attacked** my lawsuit and **interfered** with my work on my FAC[54].

88.     That was before I had a chance to process everything and understand what was really happening, when I realized that the court, or at least the Magistrate Judge, was biased against my case and actively *sought* to dismiss my lawsuit and all the work I had done, jeopardizing years' worth of my work and potentially my only chance to ever reach justice in my lifetime.

89.     That realization struck terror into my heart, reminding me of every predetermined and corrupt court experience I had in Tennessee.  Further punctuated by the events which followed[55], which quickly caused me to believe that I needed to set aside work on my FAC to first prioritize filling substantial facts, sworn testimony, and evidence on record to demonstrate to that court and the Magistrate Judge that the honest interests of justice require that my lawsuit not be dismissed, even if I had accidentally filed my lawsuit in the "wrong" venue.  There certainly was no malice, misconduct, or unethical motives in my choice of venue.  I acted in good faith, to the best of my abilities, against incredible odds, as I explained to that court exactly what my motives, logic, and intentions were.  Still, the resolve of the Magistrate Judge seemed unaffected while literally my life and liberty depended upon that court acting in good faith or I was doomed.

90.     My belief at that point was that I was being taxed with the "burden of proof" to largely prove the strength of the merits in my lawsuit, before I even got a chance to serve it.  But if I did not, the Magistrate Judge and that court were postured and waiting to dismiss my lawsuit upon the first motion to dismiss, by any of the defendants, for the lawsuit being filed in the "wrong venue", as the

---

[54]    DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

[55]    DOC 11, PID 2115-2162 | https://rico.jefffenton.com/3-24-cv-01282/doc/11.pdf
DOC 15, PID 2188-2257 | https://rico.jefffenton.com/3-24-cv-01282/doc/15.pdf
DOC 31, PID 3291-3295 | https://rico.jefffenton.com/3-24-cv-01282/doc/31.pdf

court had claimed. I likewise believed that the defendants were sure to attempt filing motions to dismiss citing claims about venue and jurisdiction, which in fact nearly every defendant did, regardless whether the venue was in fact "wrong" or not, simply in an attempt to have the lawsuit dismissed or alternately to force it to be transferred to the Middle District of Tennessee, where the defendants have deep and even controlling ties throughout much of the court system.

91.     One thing I would like to clearly point out is that the Magistrate Judge *gave* me far less than he *took* from me in this matter. Meaning that the only motions he granted in my case were to partially *compensate* for all the extra work and time **which he cost me.** I do not believe that there was any net positive effect, for myself or the court, from the Magistrate Judge's involvement in this matter. The only people his contribution appears to have benefitted are the defendants in this lawsuit, by significantly diminishing my *substantive rights* in this matter, while forcing me to operate and rely upon the "discretion of the court", to prevent my lawsuit from being dismissed for simple technical matters, which were not within my means to satisfy without either assistance or timely communication by the court, no matter how much time, effort, and money I invested.

92.     There were two major roadblocks obstructing justice during the first year of this lawsuit, first was when the Magistrate Judge actively *attacked* my lawsuit and literally exceeded the lawful *authority* of that court in his efforts to *sua sponte* dismiss my lawsuit. The second, much like the first, was because the Magistrate Judge *refused* to do anything to assist in the honest interests of justice, which according to that court required this lawsuit to be transferred to TNMD, due to issues of venue and jurisdiction. While also requiring this lawsuit to be served by the quickest, most efficient and cost-effective means possible, both which were within the discretion of that court and the Magistrate Judge, both which the Magistrate Judge completely refused me any assistance with or accommodation toward.

93. When a judge has *bias* like that, and exercises almost all of their *discretion* to the detriment of one party, it is almost impossible to survive and escape with your "substantive rights" intact.

94. Now my case was finally transferred to the United States District Court in the Middle District of Tennessee[56], which I honestly do believe was a good faith action by that court, in the honest interests of justice, which I am honestly thankful for, but there has still been a tremendous amount of damage done to my *substantive rights*, requiring that I continue wasting my time, energy, and money fighting to claw-back, argue, and advocate for my rights to litigate for a cure, which I never should have been deprived of in the first place.

**TRANSFERRING MY LAWSUIT TO NASHVILLE ON THE "FOURTH DOWN"**

95. To use a football metaphor to summarize how my standing in this lawsuit has been substantially compromised by the Magistrate Judge's work in this matter: I'm finally on the right field to "have a chance to win" (theoretically), but the Magistrate Judge wasted my first *three* downs. Now on **fourth down**, with the defendants all on their home field, beefed-up, psyched-out, and ready to crush, the District Judge finally intervened and benched the Magistrate Judge, to step in and toss me the ball **on my 10-yard line**, while the defendants all blitz me and high-five each other.

96. Somehow this doesn't feel very "fair", as in "equal protection" under the law and "due process" of law.

97. I deserve at least a **first down**, for my very first attempts on *Nashville's* field, with service called *good* with *reasonable efforts* or better to every defendant.

---

[56]  DOC 127, PID 5706-5710 | https://rico.jefffenton.com/3-24-cv-01282/doc/127.pdf
 DOC 131 | https://rico.jefffenton.com/3-24-cv-01282/doc/131.pdf
 DOC 165, PID 139 | https://rico.jefffenton.com/3-24-cv-01282/doc/165.pdf

98.     That would be the least of my *substantive rights* in this matter, had the Magistrate Judge not cheated me out of them.  Now, instead, I must argue and fight for the court's *discretion* to compensate for my *substantive rights,* which were wrongfully deprived.  Forcing me to live every day by only the grace and discretion of the court, without any sense of security or sureness in my standing, when none of this was because the court or anyone else did me any favors, while I am honestly due far more than I ever can or will receive.

99.     The only chance I have, is if a referee gets assigned who is honestly impartial and unbiased, while being powerful enough <u>to stand their ground against the defendant's constant push</u>, who *sua sponte* acts in the real interests of justice while correctly and sharply disciplining misconduct, without any *professional courtesy* or deference favoring members of the BAR.

100.     This lawsuit wouldn't still be here without substantial meaningful merits, of constitutional significance, which require lawful litigation to remedy.

101.     To cite the District Judge again, from the top of page 3 in his "ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION[57]", he stated:

> "Following Supreme Court authority, the Sixth Circuit permits a district court to *sua sponte* dismiss a complaint when the allegations are completely frivolous and utterly devoid of merit. *Velarde v. Biden*, No. 23-1465, 2023 WL 8317823, at \*1 (6th Cir. Nov. 14, 2023) (citing *Apple*, 183 F.3d at 479).  This exception, when a cause of action is totally implausible, permits a court to dismiss the action *sua sponte* because the lawsuit does not present a case or controversy under Article III, meaning that the court lacks subject matter jurisdiction.  *Id.*  The Magistrate Judge's conclusion that the lawsuit was filed in the wrong forum does not address the merits of Plaintiff's causes of action and, therefore, does not fall under the exception identified in *Apple.*"

---

[57]   DOC 31, PID 3293 | https://rico.jefffenton.com/3-24-cv-01282/doc/31.pdf

102.     On information and belief, had the merits of my lawsuit been frivolous, lacking or defective, I have absolutely no doubt that the Magistrate Judge would have attacked my lawsuit on those grounds and dismissed my lawsuit *sua sponte* as the District Judge demonstrated there is case law to support in those situations.  The fact that he did *not* even attempt to attack the merits of my lawsuit, while not one defendant to date has been willing to challenge the merits with specificity, sworn to under the penalty of perjury, just as my complaint was executed, despite the outrageous, absurd, heinous, and unconscionable claims, against a legion of high profile, powerful officers of the Tennessee courts, should speak volumes about the meritorious substance and undeniability of my claims, along with the real justice interests in allowing this lawsuit to proceed to trial.

**NUMEROUS DISPOSITIVE MOTIONS PRIOR TO ANSWERING MY COMPLAINT**

103.     On information and belief, there can be no dispositive motion which can matter in comparison without first substantially addressing the honest merits of this lawsuit.  Any challenge failing to substantially address the merits, with specific testimony sworn to under the penalty of perjury, is frivolous gamesmanship, spawned in bad faith, for interest's contrary to the honest interests of justice, and should be struck down *sua sponte* by the court without exhausting more of my time and resources on frivolous and comparatively inconsequential matters.

104.     I filed a MOTION TO RECUSE[58] the Magistrate Judge on 8/19/2024, before I could serve my lawsuit, for the reasons repeatedly stated herein.  I felt that failing to prioritize this prior to service would be detrimental to my lawsuit, which I can exhaustively explain if needed, but hopefully the threat to my interests are obvious by this point.

---

[58]   DOC 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf

Initials:

105.    I also filed an extensive objection[59] to the Magistrate Judge's "ORDER REGARDING SERVICE[60]", which I likewise believed that failing to prioritize filing prior to service would be detrimental to my lawsuit.  I can elaborate greatly upon this, should the court be interested in hearing more.

106.    It is frankly *exhausting* trying to fight *both* the court and thirty-four powerful and influential defendants, *plus* their counsel, in hopes of one day reaching *justice*.

107.    At the same time, I also filed a motion to extend service[61], to once again try to compensate for all the time the court wasted, by interfering with my lawsuit, compelling me to file substantial evidence and sworn testimony on record, to prove the gravity of the merits, before I could proceed with service.  For fear that otherwise my lawsuit would be dismissed, as the Magistrate Judge had voiced his intentions to do, because of what I can only conclude to have been, judicial impropriety and bias.

108.    Unfortunately, MIWD responded improperly to my filings[62], making it necessary for me to exhaust more time and resources documenting previous events, to wrestle more with both courts, in an attempt to regain my *substantive rights* to serve my lawsuit and proceed thereafter without being penalized for the lapse of time between when my lawsuit was initially filed on October 13, 2023, and when I was finally able to file my FAC[63] and receive my summonses back executed from that court[64] on August 21, 2024, so that I could finally **begin** to serve my lawsuit.

---

[59]   DOC 62, PID 4744-4760 | https://rico.jefffenton.com/evidence/2024-08-09_objection-to-wdm-order-regarding-service.pdf

[60]   DOC 55, PID 4378-4384 | https://rico.jefffenton.com/3-24-cv-01282/doc/55.pdf

[61]   DOC 61, PID 4740-4743 | https://rico.jefffenton.com/evidence/2024-08-14_fenton-motion-to-extend-service-deadline.pdf

[62]   DOC 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf
       DOC 61, PID 4740-4743 | https://rico.jefffenton.com/evidence/2024-08-14_fenton-motion-to-extend-service-deadline.pdf
       DOC 62, PID 4744-4760 | https://rico.jefffenton.com/evidence/2024-08-09_objection-to-wdm-order-regarding-service.pdf

[63]   DOC 66, PID 4870-4972 | https://rico.jefffenton.com/3-24-cv-01282/doc/66.pdf

[64]   I first brought "pre-printed summons forms to be signed by the clerk of the court on January 19, 2024."  As is explained on Page 6 of my "OBJECTION TO THIS COURT'S "ORDER REGARDING SERVICE"" filed in DOC 62, PID 4749.

       DOC 62, PID 4744-4760 | https://rico.jefffenton.com/evidence/2024-08-09_objection-to-wdm-order-regarding-service.pdf

Initials:

## CONFRONTING JUDICIAL MISCONDUCT

109.    I don't know how difficult it is for most people to accuse a judge of bias or misconduct, in a constructive manner which has the potential of yielding meaningful relief, **but for me it is extremely difficult, stressful, time, and labor intensive.** Requiring at times **months of rewrites**, while second guessing myself daily, not about whether or not my conclusions are accurate and true, but about whether or not the court will be receptive and help or instead they will retaliate against me, causing further harm to my life, lawsuit, and any hope of one day reaching a remedy.

## BUILDING A FRAUDULENT NARRATIVE INTO THE COURT'S RECORD TO JUSTIFY A PREDETERMINED OUTCOME

110.    Although a judge may casually write a *false* claim of fact into the record, it is nowhere near as casual or easy for a litigant to correct the record to show that claim was in fact **false**.

111.    Below is an easy example from DOC 55[65], PID 4383, where the Magistrate Judge *falsified* the court record, repeating a *fraudulent narrative*, which failed to even be a **logical sentence**, when realistically considered:

> "Finally, plaintiff renews his request for "ECF filing and service access" by characterizing his request as an ADA accommodation. See Motion (ECF No. 16, PageID.2259). In denying plaintiff's first request, this Court concluded that allowing plaintiff "the privilege of electronic filing is not warranted" and that "allowing plaintiff to engage in electronic filing will not promote the efficient operation of the Court or secure the just, speedy and inexpensive determination of this lawsuit." Order (ECF No. 9, PageID.2107)."

---

[65]    DOC 55, PID 4383 | https://rico.jefffenton.com/3-24-cv-01282/doc/55.pdf

Initials:

112.    As for the truth: my family has spent thousands of dollars on paper and ink toner because MIWD required me to file every document on printed paper.  While often needing to also drive an hour or more each way to the court, wasting a significant amount of time and money on travel and fuel, requiring afterwards more money be spent on expedited mailing services.

113.    My family has paid over two thousand dollars directly to the United States Parcel Service alone, related to this lawsuit, much of which could have been saved had the court simply allowed me the privilege of ECF filing.

114.    I have no income or savings of any kind, due to the negligent, cruel and criminal actions by the defendants[66].  The only way I have been able to afford to bring this action is by borrowing the money from my elderly mother, against the hope that I will one day win it back in court and can repay my mother's meager retirement savings before she needs it.

115.    Moreover, the court has needed to scan in over five thousand pages as flat scanned images, when almost all of my documents began as "true" digitally created full-color PDF documents, with optical character recognition enabled, that could be searched in seconds, many containing electronic bookmarks linked to section headings for fast reference, in addition to embedded electronic indexes.  A few of my larger documents, such as my FAC[67], even have a hyperlinked table of contents built-in, making them substantially faster, easier, and more intuitive to navigate, search, and work with in their original digital format.

116.    It fails to even be a **logical** sentence to say that "allowing plaintiff to engage in electronic filing will not promote the **efficient** operation of the Court or secure the just, speedy and **inexpensive** determination of this lawsuit" (emphasis added).

---

[66]    DOC 214, PID 911-975 | https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf
[67]    DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

117.     The files were by definition far more *efficient* in their native digital form, which the court rejected and refused to allow me to file them as, despite encouraging if not requiring electronic filing by attorneys, because the *benefits to the court* has been well substantiated and proven.  This was a case where the person writing the "facts" into the court record was much more important by rank than whether or not the alleged facts claimed were even logical or had the potential to be true.

118.     When someone is completely broke and destitute, saving thousands of dollars in **avoidable** printing and delivery **expenses** is substantial!

119.     I'm likewise willing to wager that sparing the court's clerks of this totally unnecessary workload in scanning, which substantially reduced the value and *efficiency* of the records held by the court, cannot honestly be justified without prioritizing inconveniencing me over any possible probative value which bringing my lawsuit might provide.

120.     Just because a Magistrate Judge repeatedly makes the same claims in the court record to pre-stage my case for a premature dismissal, does not mean that they are in fact true, or even logically could be, in this instance.

121.     The point which I'm trying to make here is that it is not as simple as stating a *counter-fact* to correct a **false** claim written into the court record by a **judge**.

122.     In order for that task to be effective and not just insulting, inviting retaliation and backlash by the court, it takes an exceptional amount of time, patience, and effort to not just make the factual claim or correction, but **to make a case** for why you reasonably believe that the judicial misconduct took place to begin with.  You have called a judge's character into question, you better be able to do that in a way which causes the reader to view that from your perspective, while reasonably coming to the same common-sense conclusions, or you have just stacked the odds further against yourself.

123.    My point is, this creates **far more work and anxiety** than simply correcting an erroneous statement.

124.    Hence once I took the time and invested the resources at my disposal, including *weeks* of work while postponing my ability to serve, to articulate to the best of my ability the bias and misconduct I experienced from the Magistrate Judge, and how his prejudicial order sought to **substantially reduce my rights** in seeking a remedy and cure through litigation, MIWD had a *responsibility* to address those concerns, but it unfortunately refused to do so, by claiming that my objection was not *timely* enough and hence was dismissed without reconciliation, since I was unable to file it within *fourteen days* of the biased and wrongful order.

125.    That is fundamentally unfair.

## 14 DAYS TO FILE OBJECTIONS

126.    On December 29, 2023, in DOC 11, PID 2115-2162[68], during one of my very first filings in this matter, titled, "DECLARATION IN SUPPORT OF OBJECTION TO 12/13/2023 REPORT AND RECOMMENDATION", I shared some of the limitation and challenges presented by my disabilities, as directly related to the court process in litigation.  On page ten, paragraph 38 of that document[69], I informed the court:

> **"I can not respond to anything within 14 days.  I don't even have time to do the research and understand what I'm replying to or how I should reply in fourteen days."**

127.    Which I noticed the court verbatim about again on January 19, 2024, in DOC 15[70], PID 2232, on page 48, paragraph 221 of that document.

---

[68]    DOC 11, PID 2115-2162 | https://rico.jefffenton.com/3-24-cv-01282/doc/11.pdf

[69]    DOC 11, PID 2123 | https://rico.jefffenton.com/3-24-cv-01282/doc/11.pdf

[70]    DOC 15, PID 2188-2257 | https://rico.jefffenton.com/3-24-cv-01282/doc/15.pdf

128.     To then leave biased orders in place, substantially endangering my lawsuit, due to missed deadlines which were never fair, realistic, or in the honest interests of justice to start, while refusing to consider the substantive merits of my objections, due to a simple *technicality* such as my inability to confront all the misconduct, needing to draft and file a motion for recusal[71] along with my objections[72] to the unfair orders in an attempt to preserve my *substantive rights* in this lawsuit (while needing to simultaneously proceed with service), all simply discarded as "untimely", despite the substantial "justice" interests in my pleadings, because I simply wasn't able to complete it all within *fourteen* days, seems honestly unfair and unreasonable.

> **"Pro se pleadings are to be considered without regard to technicality**; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959); *Picking v. Pennsylvania R. Co.*, 151 Fed 2nd 240; *Pucket v. Cox*, 456 2nd 233 (emphasis added).

> **"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants.** They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a **just** judgment." *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938) (emphasis added).

> "Following the simple guide of rule 8(f) that **all pleadings shall be so construed as to do substantial justice**"... "The federal rules reject the approach *that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome* **and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."** The court also cited Rule 8(f) [8(e)] FRCP, which holds that all pleadings shall be construed to do substantial justice. *Conley v. Gibson*, 355 U.S. 41 at 48 (1957) (emphasis added).

---

[71]  DOC 60, PID 4736-4739 | https://rico.jefffenton.com/evidence/2024-08-10_motion-to-recuse-wdm-magistrate-judge-kent.pdf

[72]  DOC 62, PID 4744-4760 | https://rico.jefffenton.com/evidence/2024-08-09_objection-to-wdm-order-regarding-service.pdf

Initials:

129. Technicalities aren't supposed to rule over **merits** or **conduct** in cases involving *pro se* litigants, yet I have suffered from the loss of my *substantive rights* in critical matters, where as a result I must continue to fight more attorney misconduct in Tennessee, as unethical counsel keep trying to reach back to the "hand-off", pre-staged and offered to them by the Magistrate Judge[73], which justly MIWD ignored and refused to enforce[74], yet rightly should have over-ruled or stricken from the record, so not to unfairly impede my progress moving forward[75].

130. As a result, the previous misconduct by the Magistrate Judge has continued to usurp my time, energy, and resources, forcing me to continue fighting a battle which I had already devoted substantial and critical time, energy, and resources to defending, and based upon the merits of my defenses filed, I should have reasonably won and received relief from needing to ague further.

131. Failing to meet a technical deadline by a disabled *pro se* litigant, faced with needing to confront and survive judicial misconduct, actively acting *contrary* to the honest interests of justice in the matters before the court, is fundamentally unfair and wrong.

132. The court bears the burden of operating fairly and impartially and in any instance where they do not the court needs to correct any damage unfairly caused the litigant, restoring their rights to move forward and litigate for a cure, unmolested.

133. In this case MIWD did allow me to move forward and to continue litigating for a cure, which I am honestly thankful for, but to my great detriment they refused to correct the damage I was unfairly caused by the Magistrate Judge's wrongful orders. Hence, they continue to cause me unjust damages.

---

[73]  DOC 55, PID 4378-4384 | https://rico.jefffenton.com/3-24-cv-01282/doc/55.pdf

[74]  DOC 72, PID 5046-5050 | https://rico.jefffenton.com/3-24-cv-01282/doc/72.pdf

[75]  DOC 127, PID 5706-5710 | https://rico.jefffenton.com/3-24-cv-01282/doc/127.pdf

134.    It's difficult to articulate the amount of trauma this has and continues to cause me, when I never should have had to confront judicial misconduct to receive justice through any court.

135.    This document and **several** others like it, I have worked on for **months**, in an attempt to confront that court again about what I can only conclude to have been more judicial misconduct, while as stated in the paragraphs above, it certainly is not as quick and simple as correcting an innocent error or misstated fact.  My character and my case are on trial based upon how effectively I can communicate this misconduct to the court, hopefully to receive some fair remedy or consideration from the court, without offending **more** people in positions of power and authority over my case, or causing more bias against my case throughout the court system which unfortunately my case **must** confront and expose in order for me to have **any** chance at **ever** reaching **justice** in this lawsuit.

136.    This gives new meaning to the term "walking on egg shells", and is an incredibly stressful, unfair, and exhausting burden, levied against the already obscenely outnumbered, out financed, out leveraged, disadvantaged *pro se* litigant, afflicted with numerous *disabilities*[76] directly impacting my ability to communicate, articulate, and litigate concisely and effectively, as I literally fight for my life for a drop of justice by which to restore that which I desperately need and should have never been interfered with, disturbed, or deprived, for any reason by the mighty, powerful, officers of the Tennessee courts—some who violated their oaths of office and should have been removed from the "practice of law" in the interest of protecting the public health and safety of the people of Tennessee long ago.

---

[76]    DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf
    DOC 52, PID 4254-4257 | https://rico.jefffenton.com/evidence/tn-ada-disabilities-exploited-for-advantage-ocpd-merck.pdf
    DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

137.    This is both unfair and incredibly unjust.

## FISHER V. GATES (NO. 3-15-CV-127)

138.    There is a "Report and Recommendation" (hereinafter "R&R"), in Fisher v. Gates[77], filed on April 10, 2017, written by U.S. Magistrate Judge Jeffery S. Frensley, in the United States District Court for the Middle District of Tennessee, which I am constantly drawn back to.

139.    I don't know the whole case, all that I have read is the R&R.  I found it while searching for case law involving *pro se* litigants in Middle Tennessee.

140.    The words written in this R&R by Justice Frensley resonate so deeply with my own heart.  I wish that my experiences in Tennessee's courts (or any court thereafter) reflected just a fraction of the core legal principles clearly outlined in that Report and Recommendation.  It would have saved my life, and years' worth of needless suffering and struggle, trying to fight to get back what was stolen from me almost instantly, without any care for the law, ethics, canons, or human worth.

141.    I can't express how much I *wish* that my "Report and Recommendation[78]" written by the Magistrate Judge in my case, echoed these findings!

---

[77]    DOC 43, PID 3705-3709 | https://rico.jefffenton.com/evidence/2017-04-10_usdc-tnmd-fisher-v-gates-pro-se-report.pdf

[78]    DOC 8, PID 2101-2106 | https://rico.jefffenton.com/evidence/2023-12-13_wdm-fenton-report-and-recommendation.pdf

## HIGHLIGHTS OF FISHER V. GATES

142.     In the "discussion" on the bottom half of page 2[79], it states:

"The Court acknowledges that Defendants are acting pro se in this matter, and their pro se status is a factor for the court to consider in its good cause determination in setting aside a Defendant's default. *Dessault Systemes S. A. v. Childress*, 663 F. 3d 832, 844 (6th Cir. 2011)(Citing *Shepard Claims Serv., Inc. v. William Darrah and Associates*, 796 F. 2d 190, 194 (6th Cir. 1986). Nevertheless, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *McNeill v. United States*, 508 U. S. 106, 133 (1980). The Court also notes that "mere negligence or failure to act reasonably is not enough to sustain a default." *United States v. $22,050.00 in United States Currency*, 595 F. 3d 318, 327 (6th Cir. 2010)."

"While the failure of the individually named defendant to answer the complaint is clearly negligent, nothing before the court suggests that defendant acted to thwart the judicial proceedings or with reckless disregard for the effect of his conduct on the proceedings. *See, Childress*, 663 F. 3d at 841. It is clear from the pleadings that the defendant wishes to defend against this action. Therefore, the Court recommends that the default against the individually named defendant be set aside."

143.     In the second to the bottom paragraph on page 4[80], it states:

"While it is certainly true that the answer does not respond to each and every specific averment in the complaint, viewing the Defendant's pleadings liberally, as it must for all documents filed by pro se litigants, and mindful of the requirement to do justice, it is clear that the individually named defendant has not

---

[79]  Fisher v. Gates and Gates Construction and Design, LLC | Case 3:15-cv-00127 | Document 62 | Filed 04/10/17 | Page 2 of 5
      DOC 43, PID 3706-3707 | https://rico.jefffenton.com/evidence/2017-04-10_usdc-tnmd-fisher-v-gates-pro-se-report.pdf
[80]  Fisher v. Gates and Gates Construction and Design, LLC | Case 3:15-cv-00127 | Document 62 | Filed 04/10/17 | Page 4 of 5
      DOC 43, PID 3708 | https://rico.jefffenton.com/evidence/2017-04-10_usdc-tnmd-fisher-v-gates-pro-se-report.pdf

failed to plead or otherwise defend against this action and therefore the undersigned recommends that the Motion for Default Judgment for the individually named Defendant, Christopher Gates, be DENIED."

144.    I am a *pro se* litigant who has *honestly* tried in *good faith* to *defend* myself against false, fraudulent, and malicious claims, for over five years, diligently and consistently.

145.    I have always showed respect for the court I was before, and never acted in a manner which suggests I acted to *thwart the judicial proceedings* or with *reckless disregard for the effect of my conduct* on the proceedings

146.    I have over five hundred pages of sworn testimony and evidence on record in the Williamson County Chancery Court, in docket #48419B.

147.    I've also submitted over five hundred pages of "filings" to the Tennessee Court of Appeals and the Tennessee Supreme Court (middle divisions), yet my life remains destroyed by fraudulent "default" judgments, without notice, motion, or hearing, **when I never failed to plead.**

148.    I filed an emergency ad-hoc divorce answer and counter complaint[81], including my sworn testimony, pleadings, and evidence regarding every fraudulent, malicious, claim against me, to the best of my ability, on short notice, on record in the Williamson County Chancery Court on August 29, 2019.

149.    The document wasn't *titled* correctly, as I have repeatedly explained, because I didn't know how to title it, since it addressed a slew of fraudulent claims and actions against me, while having been filed on my very *first day* representing myself as a *pro se* litigant, that being the very first day in which I was ever "allowed" to file anything directly in court in docket #48419B.

---

[81]    DOC 1-18, PID 766 through DOC 1-22, PID 1038

DOC 1-18, PID 766-1038 | https://rico.jefffenton.com/evidence/2019-08-29_husbands-one-and-done-answer-to-all.pdf

150.     I saw the documents physically in both defendant Binkley and Story's hands that same day in open court, on August 29, 2019, while they clearly understood that I had responsive pleadings in those filings relevant to the matters before the court[82].  They both had a responsibility to liberally apply my pleadings (construe my pleadings), **for my benefit** in the interest of justice, yet they have ardently refused to date, to ever use one single word for my benefit.

## F.R.Civ.P. RULE 8(e)[83]

"Construing Pleadings. Pleadings **must** be **construed** so as to **do justice**" (emphasis added).

## TENN. R. SUP. CT. 3.3 — CANDOR TOWARD THE TRIBUNAL

"(a) A lawyer shall not knowingly:"

"(2) fail to disclose to the tribunal legal authority in the controlling jurisdiction[84] known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or"

"(3) in an ex parte proceeding, fail to inform the tribunal of all material facts known to the lawyer[85] that will enable the tribunal to make an informed decision, whether or not the facts are adverse."

---

[82]   The August 29, 2019, audio recording from that hearing (recorded with permission) and court transcripts unquestionably prove.

DOC 23-4, PID 2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-audio-recording.mp3

DOC 23, PID 2863-2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-transcript-audio-markers.pdf

[83]   https://www.law.cornell.edu/rules/frcp/rule_8

[84]   Defendant Story had a responsibility to inform the Chancery Court and defendant Binkley that due to my ex-wife's bankruptcy, the federal courts had both original and exclusive jurisdiction over our marital residence, specifically prohibiting state courts from exercising jurisdiction over our home.  Per 28 U.S. Code § 1334(e)(1),51 which states: "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate."

[85]   Defendant Story also had a responsibility to inform the Chancery Court and defendant Binkley that my pleadings were all contained within my August 29, 2019, filing in Chancery Court, while informing the court about my pleadings regarding my ex-wife's claims in her complaint, giving me the benefit of my own sworn testimony and evidence, but she did not.  She likewise had a responsibility to allow me to participate in the October 21st hearing over the phone as she had stated she would in open court on August 29, but she did not.  She also was not allowed to file a fraudulent (materially misleading) affidavit in court on October 21st, claiming that I did not wish to defend myself further in the matter, when she knew that was not true.  Defendant Story also had a responsibility to operate honestly and ethically in court, which she has refused to do, for well over five years of litigious torture.

*Comment*

"[5] Ordinarily, an advocate has the limited responsibility of presenting one side of the matters that a tribunal should consider in reaching a decision; the conflicting position is expected to be presented by the opposing party. **However, in an ex parte proceeding**, such as an application for a temporary restraining order or one conducted pursuant to RPC 1.7(c), **there is no balance** of presentation by opposing advocates. The object of an ex parte proceeding is nevertheless to yield a substantially just result. **The judge has an affirmative responsibility to accord the absent party just consideration.** As provided in paragraph (a)(3), **the lawyer** for the represented party **has the correlative duty to make disclosures of material facts known to the lawyer and that the lawyer reasonably believes are necessary to an informed decision**" (emphasis added).

151.    This was never *optional* for the defendants, yet they refused to exercise good conduct and obey the law at that time, after which they have steadfastly refused to answer for their misconduct, or provide any honest and lawful justification whatsoever, while continuing to refuse to vacate their **void** orders ever since.  This is blatant **official misconduct** and **official oppression**, in complete disregard for due process of law, equal protection under the law, and the rule of law!

152.    Yet they have demanded that my life remain unreasonably destroyed by completely fraudulent, unheard, unproven, default judgments against me, when I clearly never failed to plead, as is reasonably evidence by the over five hundred pages of sworn testimony and evidence on the trial court record, with another five hundred pages or more of filings between the Tennessee Court of Appeals and the Tennessee Supreme Court.

153.    I made this all extremely clear to the Tennessee Court of Appeals[86], while reporting the nonstop professional and judicial misconduct and fraud upon the court by defendants Story

---

[86]    DOC 51, PID 4088-4135 | https://rico.jefffenton.com/evidence/2020-10-28_motion-to-supplement-and-correct-the-record.pdf

Initials:

and Binkley[87], yet they refused to intervene or vacate the void judgments, though I obviously never failed to plead. Still, they refused to help, covered for their buddies, and left my life destroyed even beyond the point of being able to provide for myself, on the most basic level under the circumstances[88], so that I could literally survive.

154.    As stated in the Fisher v. Gates R&R, "The Court also notes that "mere negligence or failure to act reasonably is not enough to sustain a default." *United States v. $22,050.00 in United States Currency*, 595 F. 3d 318, 327 (6th Cir. 2010).""

155.    So please tell me, what has sustained my fraudulent, out of jurisdiction, in bad faith, extremely harsh and punitive "default" judgements, wrongfully depriving me of my life, liberty, pursuit of happiness, and property, without equal or due process or a hearing by which I was provided notice and could attempt to defend myself, from two disreputable family friends, involved in numerous acts of dishonor, misconduct, and disgust, while I sought refuge 577 miles away, in an attempt to survive their molestation of my family?

156.    Until this is lawfully addressed, and my name, reputation, and constitutional rights are restored, with the fraudulent "protective orders" removed and expunged from my record, so that I can obtain the best employment which my skills can support, so that I *might one day* be able to *support myself* and afford *housing, food, and toiletries* again, without depending upon the charity of my extended family each and every day for survival, as I have since the lawless defendants **seized my property** and **destroyed me**, under "color of law" over five years ago, there can be **_no dispositive motions_** which are even remotely in the honest *interest of justice*.

---

[87]  DOC 50, PID 4082-4086 | https://rico.jefffenton.com/evidence/2020-10-16_coa-emergency-motion-reporting-misconduct.pdf
DOC 57-1, PID 4551-4557 | https://rico.jefffenton.com/evidence/2020-12-29_tnsc-bpr-complaint-against-story-binkley-etc.pdf
DOC 1-27, PID 1370-1664 | https://rico.jefffenton.com/evidence/2021-01-19_fenton-motion-to-escalate-to-tnsc.pdf
DOC 1-29, PID 1665-1681 | https://rico.jefffenton.com/evidence/2021-01-19_reported-misconduct-sought-help-tnsc-aoc-bpr.pdf
[88]  DOC 1-28, PID 1658 | https://rico.jefffenton.com/evidence/2021-01-19_tnsc-immunity-disorder-strike-expunge-op.pdf

157.    I shouldn't need to keep arguing that.  It should be obvious to anyone who honestly and impartially reviews the record in this case.

158.    I pray that the court will start lending its *discretion* towards the honest *interests of justice* by helping me obtain a just remedy or cure.  Or at the very least *vacating* the reprehensibly **void** orders unlawfully depriving me of my life and liberty without due process.  Again, this isn't rocket science, but it does require someone to *care* about those who lack the means, social, and political savvy to force them to care, obey their oaths of office, and *act honorably* in the honest *interests of justice*.

159.    If I must fight every word spoken by the court, to not be proactively deprived of my *substantive constitutional rights* to equal and due process, then I will probably never know or experience *justice* in my lifetime, but it will *not* be for any lack of trying on my part.

160.    This was a pattern which MIWD repeated on a number of occasions, including in the final transfer of this lawsuit to the Middle District of Tennessee.  Though that was a good faith order in the honest interests of justice, which I am grateful for, it was followed up a day or two later with another order *contrary* to the honest interests of justice.  This time acting to hide the felony crimes and corruption documented and evidenced in my FAC[89], under the guise of concealing just *four words* in one of the defendant's home addresses, rather than using a simple line level redaction as is often done by the courts.  Simultaneously obfuscating the judicial misconduct by MIWD, by hiding the single best document to date which proves this lawsuit is well grounded in fact and law, with significant constitutional merits, yet that court chose to exercise the majority of their *discretion* for the **past year** *contrary to the honest interests of justice*, denying almost every request I made for accommodations and assistance, while seeking to dismiss my lawsuit without care or consideration for the critical constitutional merits involved, *until* I was able to file my FAC[90] and the court finally conceded that this lawsuit should be transferred to Nashville rather than simply being dismissed.

---

[89]    DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

[90]    DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

161.    It is therefore critical that my FAC be fully accessible to the public, unimpeded, so that people can determine why the court made that decision, while coming to understand the real merits and challenges which this lawsuit has and continues to face.  It is also extremely important why two different federal courts, both in Michigan and Tennessee, have chosen to take actions to block public access to this FAC, for reasons so far stated, which honestly can't survive reasonable scrutiny.  For all these reasons and more, for the honest interests of justice in the matters before the court in this lawsuit, for pubic transparency, honesty, integrity, and accountability involving many members of the Tennessee Court System herein, nothing which has been filed to date in this lawsuit should ever be redacted or sealed from the public.  **Especially when it is true testimony sworn to under the penalty of perjury**, which nobody has been willing to deny yet under similar pains.

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

All rights reserved.

Executed on March 3, 2025.

_____

**JEFFREY RYAN FENTON, PRO SE**
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

Page **46** of **46**

*I'm a human being, not a corporation or property.  Please treat my case accordingly.*

**DOCUMENTS REGARDING** (CASE: 3:24-CV-01282):

1. SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, I mailed the foregoing or above-named papers to the United States District Court for the Middle District of Tennessee, at their address below, for filing in case number 3:24-cv-01282.

I further certify that on or before March 10, 2025, I am serving these same documents to the defendants or their counsel by first class or priority mail with postage prepaid at the addresses listed below. If for any reason beyond my control, I am unable to complete either on the date specified, I will do so on the very next business day.

UNITED STATES DISTRICT COURT (TNMD)
719 CHURCH ST
NASHVILLE, TN 37203-6940

MEGAN CALME & SARAH MATHEWS
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVE STE 400
NASHVILLE, TN 37203-1623

FENTON v. STORY et al.          Page 1 of 4          CASE NO. 3:24-cv-01282

Case 3:24-cv-01282    Document 222    Filed 03/07/25    Page 47 of 51 PageID #: 1210

PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
PO BOX 20207
NASHVILLE, TN 37202-4015

KATHRYN LYNN YARBROUGH
223 TOWN CENTER PKWY UNIT 1897
SPRING HILL, TN 37174-3040

LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIR STE 100
FRANKLIN, TN 37064-8039

CAROLINA MARTIN & COURTNEY WILLIAMS
GORDON & REES SCULLY MANSUKHANI, LLP
4031 ASPEN GROVE DR STE 290
FRANKLIN, TN 37067-2951

ALEXANDER SERGEY KOVAL
CLARK & WASHINGTON, P.C.
1321 MURFREESBORO PIKE STE 320
NASHVILLE, TN 37217-2858

ANTHONY NOEL & LARUA BASSETT
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN, PLLC
750 OLD HICKORY BLVD STE 200
BRENTWOOD TN 37027-4567

ANICA CLARISSA JONES
U.S. ATTORNEY'S OFFICE
719 CHURCH ST STE 3300
NASHVILLE, TN 37203-7155

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

THOMAS E. ANDERSON
1187 OLD HICKORY BLVD STE 125
BRENTWOOD, TN  37027-4248

FENTON v. STORY et al.                Page 2 of 4                CASE NO. 3:24-cv-01282

Case 3:24-cv-01282    Document 222    Filed 03/07/25    Page 48 of 51 PageID #: 1211

GREGORY BROWN & WILLIAM HICKERSON
LOWE YEAGER & BROWN, PLLC
920 VOLUNTEER LANDING LN STE 200
KNOXVILLE, TN 37915-2584

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

B. GOLDAMMER & D. SUEDEKUM
KAY GRIFFIN, PLLC
222 2ND AVE N STE 340M
NASHVILLE, TN 37201-1649

G. CATE & K. INGRAM-HOGAN
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

ERIK HALVORSON
BRADLEY ARANT BOULT CUMMINGS
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

FENTON v. STORY et al.                Page 3 of 4                CASE NO. 3:24-cv-01282

Case 3:24-cv-01282    Document 222    Filed 03/07/25    Page 49 of 51 PageID #: 1212

## ELECTRONIC SERVICE OPTIONS

Many of my filings in this lawsuit are also made publicly available on the Internet, through my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].  I typically try to do this as quickly as I can after filing them in court, depending upon my workload.  Not every filing warrants being electronically published in this manner, while my time is extremely limited, therefore I cannot provide any guarantees about which documents will or will not be made available online, or exactly when.

For those interested, these files are usually "true" digitally created PDF files, in full color, often with optical character recognition enabled, sometimes with electronic bookmarks, and occasionally with a built-in table of contents which is hyperlinked for easy and efficient referencing, in my largest and most significant documents, such as my amended complaint[3].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

All rights reserved.

Executed on March 4, 2025.

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

---

[1]    https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2]    https://jefffenton.com/digital-service-package-for-lawsuit/
       ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

[3]    DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

FENTON v. STORY et al.          Page **4** of **4**          CASE NO. 3:24-cv-01282

Case 3:24-cv-01282     Document 222     Filed 03/07/25     Page 50 of 51 PageID #: 1213



# EXHIBIT M

**TNMD DOC 223 — SECOND MOTION TO EXTEND TIME AND ASSIST WITH PERFECTING SERVICE**

_____

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

**JEFFREY RYAN FENTON,**

PLAINTIFF

v.

**VIRGINIA LEE STORY ET AL.,**

DEFENDANTS

**CASE NO. 3:24-CV-01282**

RECEIVED

MAR 0 7 2025

**U.S. DISTRICT COURT**
**MIDDLE DISTRICT OF TN**

## SECOND[1] MOTION TO EXTEND TIME AND ASSIST
## WITH PERFECTING SERVICE[2]

This testimony and motion is being brought pursuant to 28 U.S. Code § 1746; F.R.Civ.P. 4(c)(3),

4(e)(1), 4(h)(1)(A), 4(j)(2)(B), and Mich. Ct. R. 2.105, specifically including Mich. Ct. R. 2.105(K)(3);

F.R.Civ.P. 4(m) with *good cause*, Rule 9(2)(b), 11(b), 16, 46[3], 63[4], 83; U.S. Code § 455(a), (b)(1);

U.S. Const. amend V §§ 1, 5.1, 7.1, 7.9, 9.1, 9.10, 9.4, and amend XIV §§ 1.3, 1.5, 1.6, 1.8.12.3,

1.8.13.1; Case Law; and 18 U.S. Code § 4 - Misprision of felony.

---

[1] A "MOTION TO EXTEND SERVICE DEADLINE EXPEDITED CONSIDERATION REQUESTED" was filed in MIWD on August 19, 2024, in DOC 61 and 61-1, PID 4740-4743.  |  https://rico.jefffenton.com/3-24-cv-01282/doc/61.pdf  |  61-1.pdf

[2] This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (hereinafter "MIWD") as case no. 1:23-cv-01097. On October 25, 2024, MIWD transferred this lawsuit as ordered in ECF 127 to the United States District Court for the Middle District of Tennessee (hereinafter "TNMD") as case no. 3:24-cv-01282. The language used in the file stamps of each page filed is slightly different between the two courts.  MIWD uses the term "ECF No." (which I abbreviate as "ECF"), while in place of that, TNMD uses the term "Document" (which I abbreviate as "DOC"). Both courts use the term "PageID" (which I abbreviate as "PID").  Citations to the court record in this lawsuit will be notated without the case name or number, using the starting DOC/ECF number, followed by both the beginning and ending PID.  The Notice of Electronic Filing for this transfer is recorded in TNMD DOC 131, at which point the DOC/ECF number from MIWD was retained and continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

[3] https://www.law.cornell.edu/rules/frcp/rule_46  |  "Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made."

[4] https://www.law.cornell.edu/rules/frcp/rule_63

Initials:

# BACKGROUND

1.      On August 19, 2024, I filed a motion in MIWD titled, "MOTION TO EXTEND SERVICE DEADLINE EXPEDITED CONSIDERATION REQUESTED[5]" in DOC 61 and 61-1, PID 4740-4743, which I qualified for under the *good cause* provision of Fed. R. Civ. P. 4(m), requiring the court to "extend the time for service for an appropriate period[6]."

> "…But if the plaintiff shows *good cause* for the failure, the court *must* extend the time for service for an appropriate period[7]."

2.      This lawsuit is against five judges, ten attorneys, five law firms, two real estate firms, two real estate brokers, two banks, one county, three courts, with a total of five state government entities in Tennessee.

3.      Every individual BAR defendant being sued has exerted some effort (or some effort was exerted on their behalf) to dodge service and/or to obfuscate, defeat, deprive, deny the successful *confirmation of service* as required by the court's rules.  (See "Exhibit-A[8]" filed on October 4, 2024, in DOC 96-1, PID 5265-5285.)

4.      Many of the defendants have gone out of their way to make service more difficult and costly for me, as an out of state litigant, by playing games, refusing to sign for registered and certified mail, leaving the service unclaimed at their post offices for weeks and months, and even returning it to the post office as "refused" weeks after they had accepted the delivery.

---

[5]    DOC 61, PID 4740-4741 | https://rico.jefffenton.com/3-24-cv-01282/doc/61.pdf
      DOC 61-1, PID 4742-4743 | https://rico.jefffenton.com/3-24-cv-01282/doc/61-1.pdf

[6]    Fed. R. Civ. P. 4(m) | https://www.law.cornell.edu/rules/frcp/rule_4

[7]    Fed. R. Civ. P. 4(m) | https://www.law.cornell.edu/rules/frcp/rule_4

[8]    DOC 96-1, PID 5265-5285 | https://rico.jefffenton.com/3-24-cv-01282/doc/96-1.pdf

5.      As a geographically displaced, indigent litigant, solely due to the crimes committed against my family by the defendants in this lawsuit, I have had to borrow over *six-thousand dollars* from my family, simply to serve the defendants, while many of them still cry foul and wrongfully claim that service was defective, incomplete, untimely, etc… in an effort to thwart lawful accountability, at seemingly any cost.

6.      Regardless of what anyone claims about service, I have done everything reasonably within my power, knowledge, and means, to serve the defendants as quickly, efficiently, and fully as I have been physically capable of, under the circumstances.

7.      To date, no court has assisted me with service nor timely answered my motions regarding service[9], so that I could protect my interests while responding to the defendant's evasive misconduct, allowing me to ensure that service, reasonable under the circumstances and satisfactory to the court, was perfected to each and every defendant before moving forward to address other issues.

8.      I have had to produce and have served roughly **sixty-nine**[10] *lawsuit service packages*[11] to date, weighing about 3.875 lbs. each, and costing approximately $100 per package for raw materials, including paper, ink, labels, flash drives, and postage; without counting time or labor, which were significant.

---

[9]    DOC 16, PID 2258-2266 | https://rico.jefffenton.com/3-24-cv-01282/doc/16.pdf
       DOC 16-1, PID 2267-2330 | https://rico.jefffenton.com/3-24-cv-01282/doc/16-1.pdf
       DOC 35, PID 3392-3393 | https://rico.jefffenton.com/3-24-cv-01282/doc/35.pdf
       DOC 36, PID 3394-3396 | https://rico.jefffenton.com/3-24-cv-01282/doc/36.pdf
       DOC 36-1, PID 3397 | https://rico.jefffenton.com/3-24-cv-01282/doc/36-1.pdf
       DOC 61, PID 4740-4742 | https://rico.jefffenton.com/3-24-cv-01282/doc/61.pdf
       DOC 61-1, PID 4742-4743 | https://rico.jefffenton.com/3-24-cv-01282/doc/61-1.pdf

[10]   https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-v-story-service-spreadsheet.pdf

[11]   DOC 69, PID 5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

9.      I estimated service of the thirty-four defendants to cost between $3,000 - $5,000 and had secured a loan from family for that amount, yet those projections were dwarfed by the actual costs and time required to produce and attempt to serve literally twice as many *lawsuit service packages*[12] as there are defendants in this case.  (See attached exhibits "A" through "A-2".)

10.      There are defendant(s) in this lawsuit who are represented by counsel who still claim that they have not been served[13] while asking the court to dismiss them from this lawsuit due to this alleged defect in service.  This is deceptive atrocious gamesmanship[14], in bad faith by the powerful defendants and their counsel, unbecoming of any office or position of public service or trust, while many have daily lorded over the lives of other litigants held to a far stricter standard.

11.      This is frankly shameful and should be disciplined by the court for wasting both the courts' and my critical time and resources on frivolous nonsense!  (See attached exhibits "B" through "B-9".)

12.      This lawsuit was served in compliance with F.R.Civ.P. 4(e)(1), F.R.Civ.P. 4(h)(1)(A), or F.R.Civ.P. 4(j)(2)(B), depending upon the entity type, and Mich. Ct. R. 2.105.

## MICH. CT. R. 2.105 (K) JURISDICTION; RANGE OF SERVICE; EFFECT OF IMPROPER SERVICE

"(3) An action shall **not** be dismissed for improper service of process unless the service failed to **inform** the defendant of the action within the time provided in these rules for service[15]" (emphasis added.)

---

[12]   DOC 69, PID 5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

[13]   DOC 183, PID 327-330 | https://rico.jefffenton.com/3-24-cv-01282/doc/183.pdf
DOC 184, PID 331-342 | https://rico.jefffenton.com/3-24-cv-01282/doc/184.pdf

[14]   DOC 114, PID 5623-5632 | https://rico.jefffenton.com/3-24-cv-01282/ecf/114.pdf
https://rico.jefffenton.com/evidence/2025-01-17_email-service-of-elaine-beeler-via-lisa-carson.pdf

[15]   https://casetext.com/rule/michigan-court-rules/michigan-court-rules/chapter-2-civil-procedure/subchapter-2100-commencement-of-action-service-of-process-pleadings-motions/rule-2105-process-manner-of-service

13.     Upon information and belief, every defendant in this lawsuit received service which at the very least **informed** them about this lawsuit **during the period of time designated by MIWD for me to serve**, or shortly thereafter, during an extension of time to serve, which I both motioned the court for[16] and qualified for under the *good cause* provision of Fed. R. Civ. P. 4(m), requiring the court to "extend the time for service for an appropriate period[17]."

14.     Yet frivolous pleadings and misconduct persists by the defendants, as their counsel has filed motions, including a motion for an "emergency" hearing, seeking to have defendants expeditiously dismissed from this lawsuit and/or granted summary judgments, while largely ignoring the critical constitutional merits and justice interests in this lawsuit. Accepting no responsibility for the damage the defendants clearly collectively caused me, without any language committed to working toward a meaningful remedy, compromise, or cure of any kind.

15.     Upon information and belief, I don't know of a single defendant to date who has honestly answered my sworn and verified complaint in this lawsuit.

16.     Upon information and belief, I don't know of a single responsive pleading filed by the defendants or their counsel, which honestly complies with F.R.Civ.P. Rule 11(b), despite the fact that **every** filing by officers of the court is supposed to be honest, accurate, and true, "after [performing] an inquiry reasonable under the circumstances[18]", in compliance with F.R.Civ.P. Rule 11(b).

---

[16]    DOC 61, PID 4740-4741 | https://rico.jefffenton.com/3-24-cv-01282/doc/61.pdf

        DOC 61-1, PID 4742-4743 | https://rico.jefffenton.com/3-24-cv-01282/doc/61-1.pdf

[17]    Fed. R. Civ. P. 4(m) | https://www.law.cornell.edu/rules/frcp/rule_4

[18]    "…an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…" F.R.Civ.P. Rule 11(b) | https://www.law.cornell.edu/rules/frcp/rule_11

Page **5** of **22**                    Initials:

"**Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants.** They should not raise barriers which prevent the achievement of that end. Proper pleading is important, <u>but its importance consists in its effectiveness as a means to accomplish the end of a **just** judgment</u>." *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938) (emphasis added).

"The federal rules reject the approach *that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome* **and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.**" The court also cited Rule 8(f) [8(e)] FRCP, which holds that all pleadings shall be construed to do substantial justice. *Conley v. Gibson*, 355 U.S. 41 at 48 (1957) (emphasis added).

17.     Upon information and belief, I don't know of a single defendant to date, who has honestly filed a pleading seeking **"to facilitate a proper decision on the merits[19]"** of this lawsuit, or who has used pleadings in this case so far, **"to serve as a means of arriving at fair and just settlements of controversies between litigants.[20]"** That is ground zero in this matter, and unfortunately we're still not there yet.

## THE TIMELINE FOR SERVICE IN THIS LAWSUIT

18.     I first obtained executed summonses by which I could **begin** service of this lawsuit on **August 21, 2024**, as recorded in the docket, stating "SUMMONS ISSUED…".

19.     Service began being sent on August 23, 2024, at 2:51 PM from the United States Postal Service in Linden, Michigan. Service was first sent to former Williamson County Chancery Court judge Michael Weimar Binkley[21], in Franklin, Tennessee.

---

[19]     *Conley v. Gibson*, 355 U.S. 41 at 48 (1957)

[20]     *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938)

[21]     DOC 118, PID 5658-5664 | https://rico.jefffenton.com/3-24-cv-01282/doc/118.pdf

20.     In the NOTICE OF INTENT TO TRANSFER ACTION[22] by District Judge Paul L. Maloney dated September 12[23], 2024, he states at the end of section "A." at the top of page 2[24], **"Plaintiff continues his efforts to serve the defendants and no defendant has made an appearance in this lawsuit"** (emphasis added).

## THE INTERESTS OF JUSTICE

21.     To be clear, District Judge Maloney made the statement above, **twenty-one days after the August 22, 2024**, deadline for service to be completed by, according to the wrongful order[25] by the Magistrate Judge in DOC 55[26], PID 4383, which was afterwards justly ignored by District Judge Maloney.

22.     I have an exhaustive defense for the timeline of service based on the Federal Rules of Civil Procedure and judicial misconduct[27] in MIWD, which I have documented in the docket of this lawsuit.  This should be clear by the simple fact that MIWD elected to transfer this lawsuit to TNMD in the *interests of justice* rather than dismissing it (as the Magistrate Judge had repeatedly voiced his intent to do) for being filed in what they claimed to be the "wrong venue" or for failure to timely serve as the defendants have erroneously yet repeatedly claimed.

---

[22]   DOC 72, PID 5046-5050 | https://rico.jefffenton.com/3-24-cv-01282/doc/72.pdf

[23]   Twenty-one days **after** the August 22, 2024, deadline for service wrongfully ordered by The Magistrate Judge in ECF 55, PID.4383.

[24]   ECF 72, PID.5047 | https://rico.jefffenton.com/3-24-cv-01282/doc/72.pdf

[25]   The Magistrate Judge's order was the product of judicial bias and misconduct, as I reasonably proved on August 19, 2024, in my "MOTION TO RECUSE" filed in DOC 60, PID 4736-4739, and my "OBJECTION TO THIS COURT'S "ORDER REGARDING SERVICE"" filed in DOC 62, PID 4744-4760.

[26]   DOC 55, PID 4378-4384 | https://rico.jefffenton.com/3-24-cv-01282/doc/55.pdf

[27]   DOC 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf
       DOC 62, PID 4744-4760 | https://rico.jefffenton.com/3-24-cv-01282/doc/62.pdf

23.    If the court is not satisfied with this explanation, I can provide much more detail while reviewing each motion for service[28] in MIWD and considering the corelating orders provided by that court.

24.    I am entitled to have a fair opportunity to serve my lawsuit, and whether anyone likes it or not, that opportunity realistically began on **August 21, 2024**, when I first received my summonses back from the court executed, after having originally brought them to the court for execution on January 19, 2024, in DOC 16 and 16-1.

25.    At which point the Magistrate Judge **went silent** and refused to make another appearance in this matter until July 8, 2024, *one hundred and seventy-one* days after I filed my motion regarding service[29] with "expedited consideration requested".

26.    The clerk of that court mistakenly filed my summonses in the docket as "proposed summonses[30]" in DOC 16-1, PID 2267-2330, rather than executing them as intended and returning them to me within days.  Once my summonses were docketed as "proposed summonses", the court refused to return the summonses to me until after the Magistrate Judge finally ruled on my motion regarding service[31], nearly six months later, at absolutely no fault of my own.

---

[28]    DOC 16, PID 2258-2266 | https://rico.jefffenton.com/3-24-cv-01282/doc/16.pdf
DOC 16-1, PID 2267-2330 | https://rico.jefffenton.com/3-24-cv-01282/doc/16-1.pdf
DOC 35, PID 3392-3393 | https://rico.jefffenton.com/3-24-cv-01282/doc/35.pdf
DOC 36, PID 3394-3396 | https://rico.jefffenton.com/3-24-cv-01282/doc/36.pdf
DOC 36-1, PID 3397 | https://rico.jefffenton.com/3-24-cv-01282/doc/36-1.pdf

[29]    DOC 16, PID 2258-2266 | https://rico.jefffenton.com/3-24-cv-01282/doc/16.pdf

[30]    DOC 16-1, PID 2267-2330 | https://rico.jefffenton.com/3-24-cv-01282/doc/16-1.pdf

[31]    DOC 16, PID 2258-2266 | https://rico.jefffenton.com/3-24-cv-01282/doc/16.pdf

Initials:

**THE DEFENDANTS ARE REPEATEDLY VIOLATING F.R.C.P. RULE 11(B)**

27.    Many of the defendants in this lawsuit who have made an appearance to date have filed motions to dismiss citing even the most frivolous procedural defects when procedural defects (technicalities) are not allowed to rule over **merits** and **conduct** in lawsuits involving *pro se* litigants, especially while ignoring the critical constitutional merits of this lawsuit and the reprehensible misconduct by the courts and counsel in preceding matters (which has not been meaningfully disputed or denied by the defendants to date).

28.    Since there is so much which must be quickly responded to in this lawsuit, with thirty-four powerful and well-funded defendants against one indigent *pro se* litigant, with significant communication disabilities, there is not time for me to possibly respond to every frivolous attempt to stymie and evade justice in this matter, especially not within the timelines provided in the federal rules.

**SERVICE OF PROCESS**

29.    Before addressing motions by the defendants, I'm seeking to settle the last few outstanding issues related to service, some of which require the active participation of the court for me to complete.

30.    To date, no meaningful litigation has begun.  Therefore, any defendant claiming not to have received proper service so far can still be served by this court without suffering any prejudice in this lawsuit in any meaningful form or material fashion.

## MOTIONS REGARDING SERVICE

31.    I move the court to enter an order extending the deadline for the completion of service, until my motions[32] involving service have been fairly heard and meaningfully addressed by this court, and I have had an opportunity to take appropriate actions based upon those orders.

32.    This motion complies with the *good cause* provision in Fed. R. Civ. P. 4(m), which states in part, "But if the plaintiff shows *good cause* for the failure, the court **must** extend the time for service for an appropriate period" (emphasis added).

33.    For more information about what caused the most significant delays in service of this lawsuit, and why that satisfies the provision for "good cause" provided in Fed. R. Civ. P. 4(m), please see my "SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE.[33]"

34.    I move the court to enter an order granting my "MOTION FOR ALTERNATIVE SERVICE", filed in TNMD on November 25, 2024, in DOC 177, PID 234-250, for the reasons stated therein.

35.    I move the court to examine the service of every defendant in this lawsuit and to enter an order stating that service has been successfully perfected to every defendant named in this lawsuit, within the time limits allowed—or was successfully completed based on reasonable efforts, under the circumstances.

---

[32]    DOC 61, PID 4740-4743 | https://rico.jefffenton.com/3-24-cv-01282/61.htm
DOC 89, PID 5126-5146 | https://rico.jefffenton.com/3-24-cv-01282/89.htm
DOC 90, PID 5147-5189 | https://rico.jefffenton.com/3-24-cv-01282/90.htm
DOC 177, PID 234-250 | https://rico.jefffenton.com/3-24-cv-01282/177.htm
DOC 221, PID 1129-1163 | https://rico.jefffenton.com/3-24-cv-01282/221.htm

[33]    https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

Initials:

36.     There have been some questions or concerns amongst clerks regarding the filing of summonses issued by MIWD in the TNMD case, due to procedural differences between Michigan and Tennessee district courts, different case numbers, etc.

37.     I move the court to examine the summonses returned executed on the docket, and determine if they are acceptable as filed, especially those most recently returned, after the case was transferred from MIWD to TNMD courts, or if there is reason to issue new summonses, executed by TNMD with the current case number, to any or all of the defendants.

38.     If the court determines that any or all of the summonses are defective in any way, or should be replaced, I move the court to issue new summonses using the printed summons forms which I am submitting simultaneously with this motion, for use as needed.

39.     Out of respect for the privacy of the defendants, due to concerns about home addresses being publicly disclosed, I filled out each summons with the party's name, addressed to the care of (C/O) their counsel of record in this matter.  I provided three summons forms for each defendant, to be used however the court determines.

40.     In my mind the court could simply execute these and file them on the record, while notifying the defendant's counsel via PACER, where they could have instant access to the documents, with instructions for the defendant's counsel to download the Tennessee summonses and to provide them to their clients (the defendants).  This seems like a relatively quick and easy way for the court to ensure that all related quibbling quickly ceases by the defendant's counsel, so that we can proceed with more important matters.  The court could also mail these to the defendant's counsel or have them served to the defendant's via the United States Marshal Service if the court deems that appropriate.

41.     Should the court prefer that I resubmit the summonses with the defendant's home

Page **11** of **22**                                     Initials:

and business addresses listed rather than in "care of" their counsel of record, I move the court to provide me notice so that I can quickly comply.

42.     Since no material matters have yet been heard by any court in this matter, no defendant would be prejudiced in any way by being issued new summonses or service by the court at this time, prior to proceeding.

43.     I move the court to provide me notice of any defendant(s) which the court requires a more detailed explanation of the efforts to serve.

44.     I move the court to provide me notice of any defendant(s) which the court finds service to have been insufficient, defective, or lacking along with an extension of time to cure such defects with the court's assistance prior to moving forward with this lawsuit.

45.     In any instance where the court finds that service was insufficient, lacking, or improperly executed, I move the court to enter an order to have the court re-serve those defendants per Fed. R. Civ. P. 4(c)(3), using the U.S. Marshals Service, and to compel them to make an appearance in this matter so that the court can begin to address the weighty merits in this lawsuit.

## FED. R. CIV. P. RULE 4 SUMMONS (C) SERVICE (3) BY A MARSHAL OR SOMEONE SPECIALLY APPOINTED

"At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.[34]"

46.     Service can be executed by the court at almost no cost using "alternative service[35]," since all the documents for service are digitally hosted on my website[36], saving

---

[34]   https://www.law.cornell.edu/rules/frcp/rule_4

[35]   DOC 177, PID 234-243 | https://rico.jefffenton.com/3-24-cv-01282/doc/177.pdf

significantly on printing, paper, and production costs.

47.     I have put forth extraordinary efforts regarding service[37] of this lawsuit, while being actively fought by both the defendants and the Michigan Magistrate Judge[38], as is well documented in several filings in this matter.

48.     In an effort not to bloat the filings in this lawsuit with unnecessary redundancy, I will skip expounding further on the "good cause" substantiation for this motion and the requests herein.   However, if for any reason the court finds this explanation lacking in specificity, substance, or details, I move the court to provide me notice and I will devote more time and work to providing the court with a more robust pleading about the justice interests in this lawsuit, along with the individual obstacles to service I have experienced to date.

---

DOC 177-1, PID 244-250 | https://rico.jefffenton.com/3-24-cv-01282/doc/177-1.pdf

[36]     https://service.jefffenton.com

https://jefffenton.com/digital-service-package-for-lawsuit/

https://jefffenton.com/digital-service-package-for-lawsuit/defendant-summonses/

https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

https://rico.jefffenton.com/3-24-cv-01282/

[37]     DOC 69, PID 5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

DOC 65-3, PID 4822-4850 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-document-index.pdf

DOC 65-1, PID 4798 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-website-instructional-video.mp4

DOC 65, PID 4796 | https://rico.jefffenton.com/evidence/1-23-cv-01097_plaintiff-flash-drive-1.zip

DOC 65, PID 4794-4820 | https://rico.jefffenton.com/evidence/1-23-cv-01097_plaintiff-flash-drive-1-info.pdf

DOC 177, PID 234-250 | https://rico.jefffenton.com/3-24-cv-01282/177.htm

https://jefffenton.com/digital-service-package-for-lawsuit/ | https://service.jefffenton.com

https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/ | https://notice.jefffenton.com

https://rico.jefffenton.com/3-24-cv-01282/ | https://rico.jefffenton.com/1-23-cv-01097/download.htm

https://rico.jefffenton.com/1-23-cv-01097/audio.htm | https://rico.jefffenton.com/1-23-cv-01097/video.htm

[38]     See my "SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE"

https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

## ORDER REGARDING SERVICE, JULY 8, 2024, DOC 55, PID 4381
## BY THE MAGISTRATE JUDGE IN MICHIGAN

"In exercising its discretionary authority under Fed. R. Civ. P. 4(c)(3), the Court considers whether there is a sufficient reason to burden the USMS with serving plaintiff's initial pleading. The purpose of this rule "is to reduce the burden on the United States Marshal Service of serving civil process in private litigation, without endangering the effective and efficient service of civil process." Advisory Committee Notes for Fed. R. Civ. P. 4, 93 F.R.D. 255, 262 (1981). "[T]he plaintiff is expected **first** to seek service by private means whenever feasible rather than impose the burden on the Marshals Service" and "court orders directing service by marshal should not be issued **unless** *they really are necessary*." *Id.* "In short, the aim is to encourage use of methods that do not involve marshals." *Id.*" (Emphasis added.)

49.     The implication in the paragraph above, by the Michigan Magistrate Judge, is that a plaintiff would have more than *one* opportunity to request the court's assistance with service, (which is contingent upon the court timely responding to the plaintiff's motions regarding service, which has not been my experience yet, but remains an important need for due process.)

50.     The expectation set by the Magistrate Judge in the paragraph above was that the plaintiff should **first** attempt to serve their lawsuit on their own (which I have done), whenever possible, while deferring or reserving court ordered service by the USMS to those situations where their services "*really are necessary*" (which I have also done).

51.     Upon information and belief, I have done everything reasonably within my power, at my limited price point, to serve the defendants, while they have **all** been satisfactorily served per Michigan's Court Rules[39], some multiple times.

---

[39]    https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-v-story-service-spreadsheet.pdf

52.     In my mind this issue boils down to how much of the defendant's shenanigans the court chooses to allow, entertain, or tolerate, while I am merely asking for the court's assistance in compensating for any defect in service thereby caused or claimed by the defendant's actions to intentionally dodge service and/or to deny, deprive, or interfere with the successful return of the "return receipt" which was requested and purchased from the USPS, as required by the court's rules, but was not correctly returned by a single individual BAR defendant in this matter[40]. Along with helping to compel four outstanding defendants who have been successfully served, to make an appearance in this matter. That seems like a very reasonable request, after having exhausted a significant amount of my family's resources toward service.

53.     Upon the satisfactory completion of all service-related matters herein, I move the court to enter an order that all service-related claims, complaints, and defenses by the defendants and their counsel are moot moving forward.

### COMPELLING CERTAIN DEFENDANTS TO MAKE AN APPEARANCE

54.     I move the court to compel the following four defendants, who have been served, to make an appearance in this matter:

1) Attorney Kathryn Lynn Yarbrough[41]  (BPR# 032789)
   Proofs of Service: DOC 95, PID 5213-5234; DOC 180, PID 281-296

   Confirmed Post Office Box:
   223 TOWN CENTER PKWY UNIT 1897
   SPRING HILL, TN  37174-3040

   Unconfirmed Home Address:
   408 PREAKNESS DR
   THOMPSONS STATION, TN  37179-5238

---

[40]  See "Exhibit-A" filed on October 4, 2024, in DOC 96-1, PID 5265-5285 | https://rico.jefffenton.com/3-24-cv-01282/doc/96-1.pdf

[41]  DOC 95, PID 5213-5234 | https://rico.jefffenton.com/3-24-cv-01282/doc/95.pdf
     DOC 180, PID 281-296 | https://rico.jefffenton.com/3-24-cv-01282/doc/180.pdf

2)  Bankers Title & Escrow Corporation[42]  (TN SOS Control #000259388)

> Proof of Service: DOC 201, PID 493-509
>
> Registered Agent: R L MOORE
>
> Address (Registered Agent & Principal):
>
> 3310 WEST END AVE, STE 540
>
> NASHVILLE, TN 37203-6802

3)  Attorney Alexander Sergey Koval[43]  (BPR# 029541)

> Proof of Service: DOC 192, PID 379-408
>
> Confirmed Email: akoval@cw13.com

> Confirmed Work Address:
>
> CLARK & WASHINGTON, PC
>
> 1321 MURFREESBORO PIKE
>
> STE 320
>
> NASHVILLE, TN  37217-2858
>
> (615) 251-9782

> Unconfirmed Home Address:
> 281 PARAGON MILLS RD
> NASHVILLE TN 37211-4034

4)  Spragins, Barnett & Cobb, PLC[44]  (TN SOS Control #000334328)

> Proof of Service: DOC 221, PID 1129-1163
>
> Registered Agent Address:
>
> ALAN RHENEY
>
> 312 E LAFAYETTE ST
>
> JACKSON, TN 38301-6220

> Principal Address
>
> SHELBY THOMAS
>
> 312 E LAFAYETTE ST
>
> JACKSON, TN 38301-6220

---

[42]  DOC 201, PID 493-509 | https://rico.jefffenton.com/3-24-cv-01282/doc/201.pdf

[43]  DOC 192, PID 379-408 | https://rico.jefffenton.com/3-24-cv-01282/doc/192.pdf

[44]  DOC 221, PID 1129-1147 | https://rico.jefffenton.com/3-24-cv-01282/doc/221.pdf
    DOC 221-1, PID 1148-1163 | https://rico.jefffenton.com/3-24-cv-01282/doc/221-1.pdf

## MY PREVIOUS MOTION TO EXTEND TIME FOR SERVICE

55.     On August 19, 2024, I filed a motion in MIWD titled, "MOTION TO EXTEND SERVICE DEADLINE EXPEDITED CONSIDERATION REQUESTED[45]" in DOC 61 and 61-1, PID 4740-4743.

56.     This motion was quickly drafted due to a mechanical failure with my laser printer, forcing me to wait on parts to be delivered to finish service.

57.     After addressing this mechanical failure (which only took a few days), there have been several other delays in service, caused by instances of misconduct by the defendants[46], their counsel, and MIWD, immediately prior to and after the transfer of this lawsuit from the Western District of Michigan to the Middle District of Tennessee, further exacerbated by the outstanding defendants dodging service and obfuscating/interfering with the successful confirmation of service as required by the court's rules[47], which I have mentioned in multiple filings.

58.     It should be noted that I did not file additional papers with the court, related to my previous motion, to substantiate further extending the time to serve, while itemizing each additional challenge I faced with service, after my printer was repaired.

59.     The reason I did not elaborate on the other delays in service after the printing problem was fixed, despite the fact that I believe they qualify for consideration under the *good cause* provision in F.R.Civ.P. Rule 4(m), for extensions of time as necessary to finish perfecting service, is because the court never ruled on my motion to extend time for service[48] filed on August 19, 2024.

---

[45]   DOC 61 and 61-1, PID 4740-4743 | https://rico.jefffenton.com/3-24-cv-01282/doc/61.pdf | 3-24-cv-01282/doc/61-1.pdf

[46]   DOC 211, PID 689-723 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf
       DOC 212, PID 730-907 | https://rico.jefffenton.com/evidence/2025-02-10_tn-motion-to-minimize-or-remove-redactions.pdf

[47]   See "Exhibit-A" filed on October 4, 2024, in DOC 96-1, PID 5265-5285 | https://rico.jefffenton.com/3-24-cv-01282/doc/96-1.pdf

[48]   DOC 61 and 61-1, PID 4740-4743 | https://rico.jefffenton.com/3-24-cv-01282/doc/61.pdf | 3-24-cv-01282/doc/61-1.pdf

60.     As such, based on my previous experience requesting an extension of time to serve[49] on January 19, 2024, in DOC 16, PID 2258-2266, which was not ruled on until July 8, 2024, in DOC 55, PID 4378-4384, where the court order took effect beginning as of the date the court finally ruled on it.

61.     It is therefore believed that the court counts days for an extension, beginning as of the date of the court order.  So, until the court rules on my motion for "an additional thirty (30) days" to serve, it is believed that the additional need (caused by dodging, interference, or misconduct) would continue to be satisfied by the additional time required, while waiting for the court to respond to this motion and rule on it.

62.     I just want to clarify that the entire justification for the extension needed to complete the final aspects of perfecting service, wasn't due to my laser printing breaking down, though it certainly began that way and remains a pending motion before this court.

63.     It was likewise believed that with all the difficulty I have had trying to move the court for assistance, accommodations, and clarification related to the service of my lawsuit, and the subsequent wait times which followed, that I didn't have time for long-winded pleadings, I needed to concentrate all my time, money, and energy on completing service, as quickly as I physically could.

64.     That remained my primary focus until the misconduct and interference related to defendant Walker and the United States Attorney's Offices[50], both in Michigan and Tennessee highjacked my attention, demanding hundreds of hours of work for me to meaningfully remedy.

---

[49]   DOC 16, PID 2258-2266 | https://rico.jefffenton.com/3-24-cv-01282/doc/16.pdf

[50]   DOC 211, PID 689-723 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf

DOC 212, PID 730-907 | https://rico.jefffenton.com/evidence/2025-02-10_tn-motion-to-minimize-or-remove-redactions.pdf

DOC 217, 218, 219 | "DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER'S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS"

DOC 216, PID 984-1015 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

## SUPPORTING CASE LAW

Society's commitment to institutional justice **requires that judges be solicitous of the rights of persons** who come before the court. *\*Geiler v. Commission on Judicial Qualifications*, (1973) 10 Cal.3d 270, 286 (emphasis added).

"***Pro se* pleadings are to be considered without regard to technicality**; *pro se* litigants' pleadings are not to be held to the same high standards of perfection as lawyers." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959); *Picking v. Pennsylvania R. Co.*, 151 Fed 2nd 240; *Pucket v. Cox*, 456 2nd 233 (emphasis added).

"Due to sloth, inattention or desire to seize tactical advantage, lawyers have long engaged in dilatory practices... **the glacial pace of much litigation breeds frustration with the Federal Courts and ultimately, disrespect for the law.**" *Roadway Express v. Pipe*, 447 U.S. 752 at 757 (1982) (emphasis added).

The Supreme Court has ruled and has reaffirmed the principle that "**justice must satisfy the appearance of justice**", *Levine v. United States*, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954) (emphasis added).

This cannot be ignored its fact recorded! Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, **or acted in a manner inconsistent with due process**, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. *Const. Amend. 5 -Klugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985) (emphasis added).

**The Court Has a Responsibility to Correct a Void Judgment:** The statute of limitations **does not apply** to a suit in equity to vacate a void judgment. (*Cadenasso v. Bank of Italy*, p. 569; Estate of Pusey, 180 Cal. 368,374 [181 P. 648].) This rule holds as to all void judgments. In the other two cases cited, *People v. Massengale* and *In re Sandel*, the courts confirmed the judicial power and responsibility to correct void judgments (emphasis added).

When rule providing for relief from void judgments is applicable, **relief is not discretionary matter, but is mandatory.** *Omer. V. Shalala*, 30 F.3d 1307 (Colo. 1994) (emphasis added).

"The innocent individual who is harmed by an **abuse of governmental authority** is assured that he will be compensated for his injury." *Owen v. City of Independence,* 445 U.S. 622 (1980) (emphasis added).

## CONCLUSION

65.     I move the court to enter an order extending the deadline for the completion of service, until my motions[51] involving service have been fairly heard and meaningfully addressed by this court, and I have had an opportunity to take appropriate actions based upon those orders.

66.     I move the court to enter an order granting my "MOTION FOR ALTERNATIVE SERVICE", filed in TNMD on November 25, 2024, in DOC 177, PID 234-250, for the reasons stated therein.

67.     I move the court to examine the service of every defendant in this lawsuit and to enter an order stating that service has been successfully perfected to every defendant named in this lawsuit, within the time limits allowed—or was successfully completed based on reasonable efforts, under the circumstances.

68.     I move the court to examine the summonses returned executed on the docket, and determine if they are acceptable as filed, especially those most recently returned, after the case was transferred from MIWD to TNMD courts, or if there is reason to issue new summonses, executed by TNMD with the current case number, to any or all of the defendants.

---

[51]   DOC 61, PID 4740-4743 | https://rico.jefffenton.com/3-24-cv-01282/61.htm
DOC 89, PID 5126-5146 | https://rico.jefffenton.com/3-24-cv-01282/89.htm
DOC 90, PID 5147-5189 | https://rico.jefffenton.com/3-24-cv-01282/90.htm
DOC 177, PID 234-250 | https://rico.jefffenton.com/3-24-cv-01282/177.htm
DOC 221, PID 1129-1163 | https://rico.jefffenton.com/3-24-cv-01282/221.htm

Page **20** of **22**                                         Initials:

69.     If the court determines that any or all of the summonses are defective in any way, or should be replaced, I move the court to issue new summonses using the printed summons forms which I am submitting simultaneously with this motion, for use as needed.

70.     If the court wants me to resubmit the summons forms with the defendant's home or business addresses on the summonses (instead of addressing them "care of" their counsel of record), I move the court to provide me notice so that I can quickly comply.

71.     I move the court to provide me notice of any defendant(s) which the court requires a more detailed explanation of the efforts to serve.

72.     I move the court to provide me notice of any defendant(s) which the court finds service to have been insufficient, defective, or lacking along with an extension of time to cure such defects with the court's assistance prior to moving forward with this lawsuit.

73.     In any instance where the court finds that service was insufficient, lacking, or improperly executed, I move the court to enter an order to have the court re-serve those defendants per Fed. R. Civ. P. 4(c)(3), using the U.S. Marshals Service, and to compel them to make an appearance in this matter, so that the court can begin to address the weighty merits in this lawsuit.

74.     Upon the satisfactory completion of all service-related matters herein, I move the court to enter an order that all service-related claims, complaints, and defenses by the defendants and their counsel are moot moving forward.

75.     I move the court to compel the following defendants, who have been served, to make an appearance in this matter: Attorney Kathryn Lynn Yarbrough, Attorney Alexander Sergey Koval, Bankers Title & Escrow Corporation, Spragins, Barnett & Cobb, PLC.

76.    I move the court to provide me notice and an opportunity to cure any defect in service before proceeding to address more substantive matters in this lawsuit.

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

All rights reserved.

Executed on March 5, 2025.

JEFFREY RYAN FENTON, PRO SE
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

Page **22** of **22**

*I'm a human being, not a corporation or property. Please treat my case accordingly.*

**DOCUMENTS REGARDING** (CASE: 3:24-CV-01282):

1. SECOND MOTION TO EXTEND TIME AND ASSIST WITH PERFECTING SERVICE

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2025, I mailed the foregoing or above-named papers to the United States District Court for the Middle District of Tennessee, at their address below, for filing in case number 3:24-cv-01282.

I further certify that on or before March 10, 2025, I am serving these same documents to the defendants or their counsel by first class or priority mail with postage prepaid at the addresses listed below. If for any reason beyond my control, I am unable to complete either on the date specified, I will do so on the very next business day.

UNITED STATES DISTRICT COURT (TNMD)
719 CHURCH ST
NASHVILLE, TN 37203-6940

MEGAN CALME & SARAH MATHEWS
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVE STE 400
NASHVILLE, TN 37203-1623

PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
PO BOX 20207
NASHVILLE, TN 37202-4015

KATHRYN LYNN YARBROUGH
223 TOWN CENTER PKWY UNIT 1897
SPRING HILL, TN 37174-3040

LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIR STE 100
FRANKLIN, TN 37064-8039

CAROLINA MARTIN & COURTNEY WILLIAMS
GORDON & REES SCULLY MANSUKHANI, LLP
4031 ASPEN GROVE DR STE 290
FRANKLIN, TN 37067-2951

ALEXANDER SERGEY KOVAL
CLARK & WASHINGTON, P.C.
1321 MURFREESBORO PIKE STE 320
NASHVILLE, TN 37217-2858

ANTHONY NOEL & LARUA BASSETT
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN, PLLC
750 OLD HICKORY BLVD STE 200
BRENTWOOD TN 37027-4567

ANICA CLARISSA JONES
U.S. ATTORNEY'S OFFICE
719 CHURCH ST STE 3300
NASHVILLE, TN 37203-7155

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

THOMAS E. ANDERSON
1187 OLD HICKORY BLVD STE 125
BRENTWOOD, TN  37027-4248

FENTON v. STORY et al.          Page 2 of 4          CASE NO. 3:24-cv-01282

Case 3:24-cv-01282    Document 223    Filed 03/07/25    Page 24 of 27 PageID #: 1238

GREGORY BROWN & WILLIAM HICKERSON
LOWE YEAGER & BROWN, PLLC
920 VOLUNTEER LANDING LN STE 200
KNOXVILLE, TN 37915-2584

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

B. GOLDAMMER & D. SUEDEKUM
KAY GRIFFIN, PLLC
222 2ND AVE N STE 340M
NASHVILLE, TN 37201-1649

G. CATE & K. INGRAM-HOGAN
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

ERIK HALVORSON
BRADLEY ARANT BOULT CUMMINGS
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

FENTON v. STORY et al.          Page 3 of 4          CASE NO. 3:24-cv-01282

Case 3:24-cv-01282     Document 223     Filed 03/07/25     Page 25 of 27 PageID #: 1239

## ELECTRONIC SERVICE OPTIONS

Many of my filings in this lawsuit are also made publicly available on the Internet, through my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2]. I typically try to do this as quickly as I can after filing them in court, depending upon my workload. Not every filing warrants being electronically published in this manner, while my time is extremely limited, therefore I cannot provide any guarantees about which documents will or will not be made available online, or exactly when.

For those interested, these files are usually "true" digitally created PDF files, in full color, often with optical character recognition enabled, sometimes with electronic bookmarks, and occasionally with a built-in table of contents which is hyperlinked for easy and efficient referencing, in my largest and most significant documents, such as my amended complaint[3].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

All rights reserved.

Executed on March 5, 2025.

_____

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

---

[1]   https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2]   https://jefffenton.com/digital-service-package-for-lawsuit/
      ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

[3]   DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

FENTON v. STORY et al.          Page 4 of 4          CASE NO. 3:24-cv-01282

Case 3:24-cv-01282     Document 223     Filed 03/07/25     Page 26 of 27 PageID #: 1240



Plaintiff's Exhibit A

| | DATE MAILED | TRACKING NUMBER | DATE DELIVERED | RETURN RECEIPT TRACKING NUMBER | GREEN CARD RETURNED | GREEN CARD SIGNED | GREEN CARD SIGNED BY NAMED DEFENDANT |
|---|---|---|---|---|---|---|---|
| **STORY AND ABERNATHY, PLLP** | 8/24/2024 at 11:25 AM | 70203160000230011758 | 8/26/2024 at 11:09 AM | 9590940286273244068244 | ☑ | ☑ | ☑ |
| » VIRGINIA LEE STORY | 8/24/2024 at 11:25 AM | 70203160000230014919 | 8/26/2024 at 11:08 AM | 9590940286273244068220 | ☑ | ☑ | ☐ |
| » KATHRYN LYNN YARBROUGH (1ST ATTEMPT @ STORY'S OFFICE) | 8/24/2024 at 11:25 AM | 70203160000230014902 | REFUSED/RETURNED | 9590940286273244068213 | ☐ | ☐ | ☐ |
| — KATHRYN LYNN YARBROUGH (2ND ATTEMPT @ HOME) | 9/04/2024 at 1:45 PM | 70203160000230014698 | 9/06/2024 at 11:28 AM | 9590940286273244068480 | ☑ | ☑ | ☐ |
| » — KATHRYN LYNN YARBROUGH (3RD ATTEMPT @ PMB) | 10/17/2024 at 11:55 AM | RF753202335US | 10/25/2024 at 1:05 PM | ELECTRONIC: D SIGNED | | | |
| **CHANCERY COURT FOR WILLIAMSON COUNTY TN** | 8/28/2024 at 4:09 PM | 70202450000036715105 | 9/03/2024 at 11:13 AM | 9590940286273244068350 | ☑ | ☑ | ☑ |
| » MICHAEL WEIMAR BINKLEY | 8/23/2024 at 2:51 PM | 70203160000230014711 | 8/26/2024 at 12:39 PM | 9590940286273244068503 | ☐ | ☐ | ☐ |
| » ELAINE BEATY BEELER | 8/24/2024 at 11:25 AM | 70203160000230014704 | 8/26/2024 at 2:30 PM | 9590940286273244068497 | ☑ | ☐ | ☐ |
| WILLIAMSON COUNTY SHERIFF'S OFFICE | 8/28/2024 at 4:09 PM | 70202450000036715112 | 8/30/2024 at 10:13 AM | 9590940286273244068367 | ☑ | ☑ | ☑ |
| **ROTHSCHILD & AUSBROOKS, PLLC** | 8/24/2024 at 11:14 AM | 70202450000036715211 | 8/26/2024 at 2:19 PM | 9590940286273244067865 | ☑ | ☑ | ☑ |
| » MARY ELIZABETH MANEY AUSBROOKS (1ST ATTEMPT @ WORK) | 8/24/2024 at 11:25 AM | 70202450000036715204 | 8/26/2024 at 2:19 PM | 9590940286273244067810 | ☑ | ☑ | ☐ |
| — MARY ELIZABETH MANEY AUSBROOKS (2ND ATTEMPT @ HOME) | 10/17/2024 at 11:55 AM | RF753202318US | UNCLAIMED & RETURNED | | | | |
| » — MARY ELIZABETH MANEY AUSBROOKS (3RD ATTEMPT @ WORK) | 10/28/2024 at 3:46 PM | RF708196483US | 11/21/2024 at 2:41 PM | ELECTRONIC: D SIGNED | | ☑ | ☑ |
| » » — MARY ELIZABETH MANEY AUSBROOKS (4TH ATTEMPT @ HOME) | 10/29/2024 at 12:25 PM | 70203160000230013578 | REFUSED/UNCLAIMED | | ☐ | ☐ | ☐ |
| » ALEXANDER SERGEY KOVAL (1ST ATTEMPT @ HOME) | 8/24/2024 at 10:59 AM | 70203160000230014728 | 8/26/2024 at 11:29 AM | 9590940286273244068473 | ☐ | ☐ | ☐ |
| — ALEXANDER SERGEY KOVAL (2ND ATTEMPT @ WORK) | 10/21/2024 at 10:41 AM | RF753202406US | REFUSED/UNCLAIMED | | | | |
| » — ALEXANDER SERGEY KOVAL (3RD ATTEMPT @ HOME) | 10/28/2024 at 3:46 PM | RF708196470US | REFUSED/UNCLAIMED | | | | |
| » » — ALEXANDER SERGEY KOVAL (4TH ATTEMPT @ WORK) | 10/29/2024 at 12:25 PM | 70203160000230013585 | 10/31/2024 at 10:36 AM | | | | |
| **HOSTETTLER, NEUHOFF & DAVIS, LLC** | 8/24/2024 at 2:06 PM | 70203160000230014933 | 8/26/2024 at 10:26 AM | 9590940286273244068190 | ☑ | ☑ | ☑ |
| » CARL A NEUHOFF JR (2ND ATTEMPT @ RA via REG MAIL) | 10/28/2024 at 11:52 AM | RF753202383US | 11/04/2024 at 3:03 PM | ELECTRONIC: RA SIGNED | | | |
| » THOMAS E. ANDERSON | 8/23/2024 at 4:29 PM | 70203160000230014896 | 8/26/2024 at 2:16 PM | 9590940286273244068206 | ☑ | ☑ | ☑ |
| **MCARTHUR SANDERS REAL ESTATE** | 8/24/2024 at 2:06 PM | 70202450000036715198 | 8/26/2024 at 3:25 PM | 9590940286273244068268 | ☐ | ☐ | ☐ |
| » ROY PATRICK MARLIN | 8/24/2024 at 10:59 AM | 70203160000230014780 | 8/26/2024 | 9590940286273244068411 | ☑ | ☑ | ☑ |
| — ROY PATRICK MARLIN (2ND ATTEMPT @ WORK) | 9/04/2024 at 1:45 PM | 70203160000230017330 | 9/06/2024 at 10:40 AM | 9590940286273244067551 | ☑ | ☑ | ☑ |
| **BANKERS TITLE & ESCROW CORPORATION** | 8/24/2024 at 2:06 PM | 70202450000036715945 | 8/27/2024 at 1:55 PM | 9590940286273244068374 | ☐ | ☐ | ☐ |
| » R L MOORE (2ND ATTEMPT @ RA via REG MAIL) | 10/28/2024 at 11:52 AM | RF753202366US | 11/02/2024 at 12:31 PM | ELECTRONIC: A SIGNED | | | |
| » SAMUEL FORREST ANDERSON (1ST ATTEMPT @ HOME) | 8/24/2024 at 10:59 AM | 70203160000230014759 | 8/26/2024 at 11:40 AM | 9590940286273244068442 | ☐ | ☐ | ☐ |
| — SAMUEL FORREST ANDERSON (2ND ATTEMPT @ WORK) | 10/17/2024 at 11:55 AM | RF753230985US | 10/23/2024 at 11:00 AM | ELECTRONIC: D SIGNED | | | |
| BK: HENRY EDWARD HILDEBRAND III (1ST ATTEMPT @ HOME) | 8/24/2024 at 10:59 AM | 70203160000230014803 | 8/26/2024 at 2:59 PM | 9590940286273244068398 | ☐ | ☐ | ☐ |
| — BK: HENRY EDWARD HILDEBRAND III (2ND ATTEMPT @ WORK) | 10/21/2024 at 10:41 AM | RF753202352US | 10/28/2024 at 9:12 AM | ELECTRONIC: A SIGNED | | | |
| » — BK: HENRY EDWARD HILDEBRAND III (3RD ATTEMPT @ HOME) | 10/29/2024 at 12:25 PM | RF753231067US | 11/15/2024 at 10:48 AM | ELECTRONIC: A SIGNED | | | |
| BK: CHARLES M. WALKER | 8/24/2024 at 2:06 PM | 70203160000230014889 | 8/26/2024 at 1:20 PM | 9590940286273244068183 | ☑ | ☑ | ☐ |
| — BK: CHARLES M. WALKER (2ND ATTEMPT) | 10/21/2021 at 10:41 AM | RF753202349US | 10/28/2024 at 9:15 AM | ELECTRONIC: D SIGNED | | | |
| » — BK: CHARLES M. WALKER (UNITED STATES ATTORNEY GENERAL) | 12/09/2024 at 3:55 PM | RF753231084US | 12/17/2024 at 5:31 AM | ELECTRONIC: A SIGNED | | | |
| » » — BK: CHARLES M. WALKER (U.S. ATTORNEY'S OFFICE—NASHVILLE) | 12/09/2024 at 3:55 PM | RF753231075US | 12/13/2024 at 1:18 PM | ELECTRONIC: A SIGNED | | | |
| **BANK OF AMERICA N.A.** | 9/18/2024 at 9:10 AM | 70202450000036716195 | 9/23/2024 at 10:43 AM | 9590940286273244067575 | ☐ | ☐ | ☐ |
| — C T CORPORATION (2ND ATTEMPT @ RA) | 10/17/2024 at 11:55 AM | RF753202321US | 10/21/2024 at 9:57 AM | ELECTRONIC: A SIGNED | | | |
| » RUBIN LUBLIN TN, PLLC | 9/04/2024 at 10:06 AM | 70203160000230017262 | 9/09/2024 at 4:31 PM | 9590940286273244067742 | ☐ | ☐ | ☐ |
| — RUBIN LUBLIN TN, PLLC (RA: Northwest Reg Agt) | 9/04/2024 at 10:06 AM | 70202450000036715129 | 9/05/2024 at 10:27 AM | 9590940286273244068305 | ☑ | ☑ | ☑ |
| **CADENCE BANK** | 9/03/2024 at 2:20 PM | 70203160000230014957 | 9/06/2024 at 12:58 PM | 9590940286273244067797 | ☑ | ☑ | ☑ |
| » CADENCE BANK (RA: CT Corporation System) | 9/03/2024 at 2:20 PM | 70203160000230014940 | 9/05/2024 at 10:15 AM | 9590940286273244067780 | ☑ | ☑ | ☑ |
| » SPRAGINS, BARNETT, & COBB PLC | 8/28/2024 at 4:09 PM | 70202450000036715143 | 9/03/2024 at 1:21 PM | 9590940286273244068312 | ☑ | ☑ | ☑ |
| — ALAN RHENEY (2ND ATTEMPT @ RA via REG MAIL) | 10/28/2024 at 11:52 AM | RF753202397US | 11/13/2024 at 12:18 PM | ELECTRONIC: A SIGNED | | | |

**PLAINTIFF'S EXHIBIT A-2**

| | DATE MAILED | TRACKING NUMBER | DATE DELIVERED | RETURN RECEIPT TRACKING NUMBER | GREEN CARD RETURNED | GREEN CARD SIGNED | GREEN CARD SIGNED BY NAMED DEFENDANT |
|---|---|---|---|---|---|---|---|
| **TENNESSEE COURT OF APPEALS MIDDLE DIVISION** | 9/05/2024 at 4:25 PM | 70202450000036716157 | 9/07/2024 at 10:49 AM | 9590940284183156988917 | ☑ | ☑ | ☑ |
| » JAMES MICHAEL HIVNER | 8/24/2024 at 2:06 PM | 70203160000230014834 | 8/27/2024 at 1:43 PM | 9590940286273244068381 | ☐ | ☐ | ☐ |
| » FRANK GOAD CLEMENT JR. | 8/28/2024 at 4:09 PM | 70202450000036715167 | 8/30/2024 at 2:41 PM | 9590940286273244068282 | ☐ | ☐ | ☐ |
| » ANDY DWANE BENNETT | 8/28/2024 at 4:09 PM | 70202450000036715150 | 9/03/2024 at 10:05 AM | 9590940286273244068299 | ☐ | ☐ | ☐ |
| » WILLIAM NEAL MCBRAYER | 8/28/2024 at 4:09 PM | 70202450000036715136 | 8/31/2024 at 12:35 PM | 9590940286273244068275 | ☐ | ☐ | ☐ |
| SUPREME COURT OF THE STATE OF TENNESSEE | 8/28/2024 at 4:09 PM | 70202450000036715082 | 8/30/2024 at 9:25 AM | 9590940286273244067827 | ☑ | ☑ | ☑ |
| **TNSC - ADMINISTRATIVE OFFICE OF THE COURTS** | 8/28/2024 at 4:09 PM | 70202450000036715075 | 8/30/2024 at 12:25 PM | 9590940286273244067834 | ☑ | ☑ | ☑ |
| » JOHN BRANDON COKE | 8/24/2024 at 2:06 PM | 70202450000036715181 | UNCLAIMED & RETURNED | 9590940286273244068251 | ☐ | ☐ | ☐ |
| — JOHN BRANDON COKE (2ND ATTEMPT @ WORK) | 9/04/2024 at 10:06 AM | 70202450000036715846 | 9/07/2024 at 12:35 PM | 9590940286273244067766 | ☑ | ☑ | ☑ |
| **TNSC - BOARD OF PROFESSIONAL RESPONSIBILITY** | 9/04/2024 at 10:06 AM | 70203160000230017163 | 9/09/2027 at 1:01 PM | 9590940286273244067759 | ☑ | ☑ | ☑ |
| » SANDRA JANE LEACH GARRETT | 8/23/2024 at 4:29 PM | 70203160000230014797 | REFUSED/UNCLAIMED | 9590940286273244068404 | ☐ | ☐ | ☐ |
| — SANDRA GARRETT (2ND ATTEMPT @ WORK) | 9/18/2024 at 9:10 AM | 70202450000036716232 | 9/20/2024 at 11:30 AM | 9590940286273244067612 | ☑ | ☑ | ☐ |
| **STATE OF TENNESSEE (OFFICIALS SERVED BELOW):** | | | | | | | |
| » TN - GOVERNOR BILL LEE | 8/28/2024 at 4:09 PM | 70202450000036715099 | 9/11/2024 at 1:34 PM | 9590940286273244068343 | ☑ | ☑ | ☑ |
| — TN - GOVERNOR BILL LEE (ALL TN SUMMONSES) | 9/18/2024 at 9:10 AM | 70202450000036716201 | 9/20/2024 at 3:43 PM | 9590940286273244067582 | ☐ | ☐ | ☐ |
| — TN - ATTORNEY GENERAL JONATHAN SKRMETTI | 9/03/2024 at 2:20 PM | 70202450000036715853 | 9/06/2024 at 7:37 AM | 9590940286273244067773 | ☑ | ☑ | ☑ |
| — TN - JONATHAN SKRMETTI (ALL TN SUMMONSES) | 9/18/2024 at 9:10 AM | 70202450000036716218 | 9/20/2024 at 7:14 AM | 9590940286273244067599 | ☑ | ☑ | ☑ |
| » TN - SECRETARY TRE HARGETT | 9/05/2024 at 4:25 PM | 70202450000036716119 | 9/09/2024 at 12:40 PM | 9590940286273244067537 | ☑ | ☑ | ☑ |
| » TN - TREASURER DAVID LILLARD | 9/05/2024 at 4:25 PM | 70203160000230017279 | 9/09/2024 at 12:40 PM | 9590940286273244067544 | ☐ | ☐ | ☐ |
| » TN - SENATOR RICHARD BRIGGS | 8/28/2024 at 4:09 PM | 70203160000230014988 | 8/29/2024 at 11:48 PM | 9590940286273244068169 | ☐ | ☐ | ☐ |
| » TN - JUSTICE SHARON G. LEE | 9/10/2024 at 2:07 PM | 70202450000036716188 | 9/12/2024 at 2:41 PM | 9590940284183156988887 | ☐ | ☐ | ☐ |
| **COUNTY OF WILLIAMSON TENNESSEE (OFF BELOW):** | | | | | ☐ | ☐ | ☐ |
| » WC - ROGERS ANDERSON (MAYOR) | 8/28/2024 at 4:09 PM | 70203160000230014971 | 8/30/2024 at 10:52 AM | 9590940286273244067841 | ☑ | ☑ | ☑ |
| — WC - ROGERS ANDERSON (ALL WC SUMMONSES) | 9/18/2024 at 9:10 AM | 70202450000036716225 | 9/20/2024 at 11:47 AM | 9590940286273244067605 | ☐ | ☐ | ☐ |
| » WC - JEFF WHIDBY (COUNTY CLERK) | 9/05/2024 at 4:25 PM | 70202450000036716133 | 9/09/2024 at 2:38 PM | 9590940284183156988962 | ☑ | ☐ | ☐ |
| » WC - STACEY EDMONSON (DISTRICT ATTORNEY) | 9/05/2024 at 4:25 PM | 70202450000036716126 | 9/07/2024 at 12:01 PM | 9590940286273244067513 | ☑ | ☐ | ☐ |
| » WC - SHERRY ANDERSON (REGISTER OF DEEDS) | 9/05/2024 at 4:25 PM | 70202450000036716140 | 9/09/2024 at 2:35 PM | 9590940284183156988955 | ☑ | ☑ | ☑ |
| » WC - LISA CARSON (COUNTY ATTORNEY) | 9/18/2024 at 9:10 AM | 70202450000036716249 | 9/20/2024 at 12:28 PM | 9590940286273244067629 | ☑ | ☑ | ☑ |

69— LAWSUIT SERVICES PACKAGES PRODUCED & MAILED AS OF DECEMBER 12, 2024 (Costing Approximately $100 Each for Materials and Postage, without Counting Time or Labor.)

69 Lawsuit Service Packages Weighing 3.875 lbs Each (finished) = 267 lbs of Paper (plus drafts, setup, and waste), 483 Adhesive Labels, 69 Flash Drives…

For a list of documents & media in each lawsuit service package, please see https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

A Motion for Alternative Service was filed in ECF 177, PID.234-243, on 11/25/2024. (https://rico.jefffenton.com/3-24-cv-01282/ecf/177.pdf)

**For Alternative Service please visit https://service.jefffenton.com**

 **Outlook**

---

## FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)

---

**From** Jeff Fenton

**Date** Fri 1/17/2025 2:33 PM

**To** lcarson@buergerlaw.com <lcarson@buergerlaw.com>

**Cc** contact@jefffenton.com <contact@jefffenton.com>



Hello Ms. Carson,

I'm writing today to see if your clients are willing to sign a stipulated motion to vacate and expunge the order of protection wrongfully placed against me by the Chancery Court on 10/21/2019 in docket #48419B, by fraudulent default, and illegally extended for five more years without motion, notice, or hearing, on 9/24/2025?  This has critically interfered with my employment (ADA Interference) and the exercise of my constitutional first and second amendment rights, as a citizen of the United States of America and a life member of the National Rifle Association, who cherishes their right to keep and bear arms, wrongfully deprived for over five years now, which needs to be immediately remedied prior to considering any other matter in this case.

There can be no *statute of limitations* or *immunity* which can prevent me from **stopping** people who are still **actively harming me**, without lawful jurisdiction, authority, good cause, or lawful right.

This is an issue which shouldn't cost your clients a dollar to remedy.

If your client prefers to proactively handle this through the Williamson County Chancery Court, instead of waiting on the Federal Courts, I'm open to any reasonable remedy that justly restores my life, liberty, and pursuit of happiness as quickly and completely as possible.

https://rico.jefffenton.com/evidence/2019-10-21_order-of-protection-as-illegal-prior-restraint.pdf

https://rico.jefffenton.com/evidence/2020-09-24_5yr-op-ext-retaliation-no-notice-motion-hearing.pdf

Thanks.
Jeff Fenton



17195 SILVER PKWY, #150
FENTON, MI 48430-3426

**3-MIN Video Intro** about my Federal Lawsuit: https://www.youtube.com/watch?v=AaYb-f8ux4o

FENTON v. STORY (1:23-cv-1097) http://rico.jefffenton.com/discovery/
https://casetext.com/case/fenton-v-story
Fraud on the Court by Officers of the Court: Williamson County Chancery Court Docket #48419B

 Outlook

**Delivered: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)**

**From** postmaster@buergerlaw.com <postmaster@buergerlaw.com>
**Date** Fri 1/17/2025 2:33 PM
**To**     lcarson@buergerlaw.com <lcarson@buergerlaw.com>



📎 1 attachment (43 KB)
FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP);

**Your message has been delivered to the following recipients:**

lcarson@buergerlaw.com (lcarson@buergerlaw.com)

Subject: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)

 Outlook

## RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)

**From** Lisa Carson <lcarson@buergerlaw.com>

**Date** Fri 1/17/2025 3:12 PM

**To** Jeff Fenton

**Cc** contact@jefffenton.com <contact@jefffenton.com>



Mr. Fenton, I hope you are well.   I do not represent the Judges or the "Court".   I represent only the Clerk and Master (who has not yet been served with process), the County and the Sheriff.   My clients do not have the authority to grant the relief you request.


Lisa M. Carson
Buerger, Moseley & Carson, PLC
Two Town Center
4068 Rural Plains Drive, Suite 100
Franklin, Tennessee  37064
Phone:   615-794-8850

 Outlook

---

## RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)

---

**From** Jeff Fenton

**Date** Fri 1/17/2025 6:37 PM

**To**     Lisa Carson <lcarson@buergerlaw.com>



📎 6 attachments (24 MB)

3-24-cv-01282_summons-for-elaine-beaty-beeler.pdf; 3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf; 114.pdf; MIchigan Rule 2.105 Process - Manner of Service.pdf; 100.pdf; 100-1.pdf;

Hello Ms. Carson,

I don't completely understand the different roles between the county, the court, and the state.  Are you saying that the Williamson County Chancery Court is strictly controlled by the state, so I need to seek relief from the state?

As for Ms. Beeler, she did in fact receive service (see attached DOC 114, PID 5623-5632, filed on 10/21/2024), but she refused to sign for it and apparently chose to mail it back a few weeks later.  That was her choice, I can't force her to operate honestly in good faith, but I have very complete records.

If either you or Ms. Beeler would like me to reserve her by US Mail, this time at your office, for you to receive on her behalf and to be responsible for providing her, I would be happy to do so, simply let me know.

There are a lot of people in this case involved in significant misconduct and misappropriating public resources (government offices, programs & tax dollars) to cover-up felony crimes committed by select Tennessee court officers against the governed, gaming the courts for purposes contrary to both state and federal constitutions, while being wholly repugnant to Tennessee's Rules of Judicial and Professional Conduct.  https://rico.jefffenton.com/evidence/tennessee-rules-of-judicial-and-professional-conduct.pdf

All that I can do is fight for justice while exposing both attorney and judicial misconduct, along with predatory practices, one step at a time.

This is going to take a long time for a court to sift through, since nobody is willing to proactively take responsibility for their actions to date, which is why I'm seeking to mitigate damages with stipulated motions, as quickly as I can.

**Please forward this email to Ms. Beeler, to serve as notice that she has now been served by <u>Alternative Service</u>, through her counsel of record.**

I do not have her email address, or I would have already emailed her notice.

- Summons for Elaine Beeler:  https://rico.jefffenton.com/evidence/3-24-cv-01282_summons-for-elaine-beaty-beeler.pdf

- AMENDED COMPLAINT:  https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

- DIGITAL SERVICE PACKAGE (SHORTCUT):  https://service.jefffenton.com

- DIGITAL SERVICE PACKAGE FOR LAWSUIT:  https://jefffenton.com/digital-service-package-for-lawsuit/
- Substantive Filings Since Service:  https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/



My MOTION FOR ALTERNATIVE SERVICE was filed in DOC 177 on 11/25/2024, as filed in this lawsuit in DOC 177, and 177-1, PID 234-250.  (https://rico.jefffenton.com/3-24-cv-01282/doc/177.pdf)

My EXHIBITS from that MOTION above are filed in DOC 177-1.  (https://rico.jefffenton.com/3-24-cv-01282/doc/177-1.pdf)

Individual service was executed in accordance with F.R.Civ.P. 4(e)(1) and Mich. Ct. R. 2.105(A).

RULE 2.105 (K) Jurisdiction; Range of Service; Effect of Improper Service.

(1)      Provisions for service of process contained in these rules are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances. These rules are not intended to limit or expand the jurisdiction given the Michigan courts over a defendant. The jurisdiction of a court over a defendant is governed by the United States Constitution and the constitution and laws of the State of Michigan. See MCL 600.701 et seq.

(2)      There is no territorial limitation on the range of process issued by a Michigan court.

(3)      An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service.

There is honestly nobody in this lawsuit who has not been successfully served by Michigan's court rules, regardless of their bad-faith claims to the contrary.

If they KNOW about this lawsuit, as obviously they **must** to be represented by Counsel, then they **have been sucessfully served**.

Defendant Beeler received service/notice about this lawsuit.  Defendant Beeler later chose not to retain or keep the documents or digital materials which she had been served.  (She was not able to reject or return the *notice* she received *about this lawsuit*, only the physical documents and digital materials which she had received inside the lawsuit service package.)  I have no control over that, nor am I obligated to waste hundreds of dollars more tying to play "cat and mouse" games with defendant Beeler, in an effort to compel her to physically take possession of these documents again, against her will.  I already acted in good faith and provided her with adequate service.

Again, I am happy to resend service by US Mail to defendant Beeler at your office, if either of you would like.  At roughly $40 in postage each time I have a lawsuit service package sent, in addition to the cost of the materials inside, I can not afford to keep paying to have additional packages produced and mailed to the defendants, when they have no honest interest of willingness to accept and sign for them.

It is frivolous claims such as this, which will exponentially increase the amount of time that it takes for the court to reach and address meaningful matters, frankly due to noting but bad faith

and misconduct, while attorneys are failing or refusing to vet the claims by their clients, prior to filing motions, objections, etc…

That is why it is critical in this case that the court approves my "AMENDED MOTION TO REQUIRE ALL FILINGS TO INCLUDE A CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF PERJURY" filed in DOC 100, PID 5343-5374, on October 10, 2024.

Unless I hear back from you with instructions for cost effectively reserving Ms. Beeler by US Mail, which she or your office is willing to accept and sign for without dodging or delay, I will assume that she has been satisfactorily served herein, with my efforts in this matter to date.

Thank you for your attention to these matters.

Jeff Fenton



17195 SILVER PKWY, #150
FENTON, MI 48430-3426

**3-MIN Video Intro** about my Federal Lawsuit: https://www.youtube.com/watch?v=AaYb-f8ux4o

FENTON v. STORY (1:23-cv-1097) http://rico.jefffenton.com/discovery/
https://casetext.com/case/fenton-v-story
Fraud on the Court by Officers of the Court: Williamson County Chancery Court Docket #48419B

**SLAM the GAVEL Podcast Interview** from 8/4/2024 about my RICO Lawsuit with Authors Brian Vukadinovich and Maryann Petri: https://www.youtube.com/watch?v=plg5eEEnVuU

**Brian Vukadinovich** is the author of MOTION for JUSTICE (I Rest My Case), and Rogues in Black Robes (Destroying Lives and Committing Crimes with No True Accountability).

**Maryann Petri** is the author of RAISED BY THESE WOLVES (How Family and Federal Courts are Failing our Children), Dismantling Family Court Corruption (Why Taking the Kids Was Not Enough). Maryann is also the host of SLAM the GAVEL Podcast, focused on all family court topics, trauma, and healing.



PLAINTIFF'S EXHIBIT
B-6

 **Outlook**

---

**Delivered: RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)**

---

**From** postmaster@buergerlaw.com <postmaster@buergerlaw.com>

**Date** Fri 1/17/2025 6:36 PM

**To** Lisa Carson <lcarson@buergerlaw.com>

---

📎 1 attachment (44 KB)

RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP);

### Your message has been delivered to the following recipients:

Lisa Carson (lcarson@buergerlaw.com)

Subject: RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)



 **Outlook**

**Read: RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)**

**From** Lisa Carson <lcarson@buergerlaw.com>
**Date** Fri 1/17/2025 6:48 PM
**To**   Jeff Fenton

Your message

  To: Lisa Carson
  Subject: RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)
  Sent: Friday, January 17, 2025 5:36:18 PM (UTC-06:00) Central Time (US & Canada)

 was read on Friday, January 17, 2025 5:48:53 PM (UTC-06:00) Central Time (US & Canada).



 Outlook

---

**RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)**

---

**From** Lisa Carson <lcarson@buergerlaw.com>

**Date** Sat 1/18/2025 10:27 AM

**To** Jeff Fenton

Mr. Fenton, please do not ever mistake silence on my part for agreement or concession.   I often will not engage in debate in a forum where I do not think it can be productive.   As you know, I have a filed a Motion to Dismiss on behalf of Ms. Beeler.    I will allow the arguments laid out therein to stand for themselves and look forward to them being resolved in that forum.   Debating them with you by email is unlikely to result in either of us convincing the other of our position.

Kind regards,


Lisa M. Carson
Buerger, Moseley & Carson, PLC
Two Town Center
4068 Rural Plains Drive, Suite 100
Franklin, Tennessee  37064
Phone:   615-794-8850



AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON<br><br><br><br>*Plaintiff(s)*<br>v.<br>VIRGINIA LEE STORY et al.<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. 3:24-cv-01282<br>)<br>)<br>)<br>)<br>)<br>) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  VIRGINIA LEE STORY

C/O MEGAN R. CALME,
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVENUE, SUITE 400, NASHVILLE, TN 37203
(615) 324-7840
EMAIL: MEGAN.CALME@WILSONELSER.COM

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                                  *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  MICHAEL WEIMAR BINKLEY

C/O PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
P O BOX 20207
NASHVILLE, TN 37202-0207
(615) 741-8059

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  KATHRYN LYNN YARBROUGH
223 TOWN CENTER PKWY UNIT 1897
SPRING HILL, TN  37174-3040

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____                              _____
                                                    *Server's signature*

                                              _____
                                                  *Printed name and title*


                                              _____
                                                   *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

JEFFREY RYAN FENTON )
)
)
)
_Plaintiff(s)_ )
v. ) Civil Action No. 3:24-cv-01282
VIRGINIA LEE STORY et al. )
)
)
)
)
_Defendant(s)_ )

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  ELAINE BEATY BEELER

C/O LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIRCLE, SUITE 100
FRANKLIN, TN 37064
615-794-8850

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON<br><br><br><br>_Plaintiff(s)_<br><br>v.<br><br>VIRGINIA LEE STORY et al.<br><br><br><br>_Defendant(s)_ | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 3:24-cv-01282<br>)<br>)<br>)<br>)<br>)<br>) |

### SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   MARY ELIZABETH MANEY AUSBROOKS

C/O CAROLINA V. MARTIN
GORDON & REES SCULLY MANSUKHANI LLP (NASHVILLE)
4031 ASPEN GROVE DRIVE, SUITE 290
FRANKLIN, TN 37067
615-772-9000

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON <br><br><br> *Plaintiff(s)* <br> v. <br> VIRGINIA LEE STORY et al. <br><br><br> *Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 3:24-cv-01282 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   ALEXANDER SERGEY KOVAL

C/O CLARK & WASHINGTON, PC
1321 MURFREESBORO PIKE STE 320
NASHVILLE, TN  37217-2858

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | | |
|---|---|---|
| JEFFREY RYAN FENTON | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* HENRY E. HILDEBRAND, III

C/O ANTHONY M. NOEL
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN, PLLC (NASHVILLE)
750 OLD HICKORY BOULEVARD, BUILDING ONE, SUITE 200
BRENTWOOD, TN 37027
(615) 255-7722, EMAIL: TONY.NOEL@LEITNERFIRM.COM

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | | |
|---|---|---|
| JEFFREY RYAN FENTON | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  CHARLES M. WALKER

C/O ANICA CLARISSA JONES
U.S. ATTORNEY'S OFFICE (NASHVILLE)
719 CHURCH STREET, SUITE 3300
NASHVILLE, TN 37203
EMAIL: ANICA.JONES@USDOJ.GOV     615-736-2093

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

JEFFREY RYAN FENTON )
)
)
)
*Plaintiff(s)* )
v. )    Civil Action No. 3:24-cv-01282
VIRGINIA LEE STORY et al. )
)
)
)
)
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    ROY PATRICK MARLIN

C/O SANDRA J. DENSHAM
PLUNKETT COONEY (GRAND RAPIDS)
333 BRIDGE ST., NW, STE. 530
GRAND RAPIDS, MI 49504
(616) 752-4627

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| VIRGINIA LEE STORY et al. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No. 3:24-cv-01282

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   THOMAS E. ANDERSON
C/O ADARO REALTY, LLC
1187 OLD HICKORY BLVD STE 125
BRENTWOOD, TN  37027-4248

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#9633; I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

&#9633; I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#9633; I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

&#9633; I returned the summons unexecuted because _____ ; or

&#9633; Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| VIRGINIA LEE STORY et al. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No. 3:24-cv-01282

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  SAMUEL FORREST ANDERSON

C/O GREGORY BROWN
LOWE YEAGER & BROWN PLLC
920 VOLUNTEER LANDING, SUITE 200
KNOXVILLE, TN 37915
EMAIL: GB@LYB.LAW     865-521-6527

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  _____                    _____
                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON<br><br><br><br>*Plaintiff(s)*<br>v.<br>VIRGINIA LEE STORY et al.<br><br><br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 3:24-cv-01282<br>)<br>)<br>)<br>)<br>)<br>) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    FRANK GOAD CLEMENT, JR

C/O PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
P O BOX 20207
NASHVILLE, TN 37202-0207
(615) 741-8059

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

JEFFREY RYAN FENTON ) 
) 
) 
) 
)
_Plaintiff(s)_ )
) Civil Action No. 3:24-cv-01282
v. )
VIRGINIA LEE STORY et al. )
)
)
)
)
_Defendant(s)_ )

**SUMMONS IN A CIVIL ACTION**

To: _(Defendant's name and address)_ ANDY DWANE BENNETT

C/O PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
P O BOX 20207
NASHVILLE, TN 37202-0207
(615) 741-8059

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____          _____
                                                        _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*   WILLIAM NEAL MCBRAYER

C/O PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
P O BOX 20207
NASHVILLE, TN 37202-0207
(615) 741-8059

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

&#9633; I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

&#9633; I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#9633; I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

&#9633; I returned the summons unexecuted because _____ ; or

&#9633; Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____                         _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*


                                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | | |
|---|---|---|
| JEFFREY RYAN FENTON | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  JAMES MICHAEL HIVNER

C/O PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
P O BOX 20207
NASHVILLE, TN 37202-0207
EMAIL: PEAKO.JENKINS@AG.TN.GOV     (615) 741-8059

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____
                                            *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

JEFFREY RYAN FENTON )
)
)
)
_____ )
*Plaintiff(s)* )
v. ) Civil Action No. 3:24-cv-01282
VIRGINIA LEE STORY et al. )
)
)
)
_____ )
*Defendant(s)* )

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  JOHN BRANDON COKE

C/O PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
P O BOX 20207
NASHVILLE, TN 37202-0207
EMAIL: PEAKO.JENKINS@AG.TN.GOV     (615) 741-8059

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*


_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | | |
|---|---|---|
| JEFFREY RYAN FENTON | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  SANDRA JANE LEACH GARRETT

C/O PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
P O BOX 20207
NASHVILLE, TN 37202-0207
EMAIL: PEAKO.JENKINS@AG.TN.GOV     (615) 741-8059

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

| | | |
|---|---|---|
| JEFFREY RYAN FENTON | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* ROTHSCHILD & AUSBROOKS PLLC

C/O CAROLINA V. MARTIN
GORDON & REES SCULLY MANSUKHANI LLP (NASHVILLE)
4031 ASPEN GROVE DRIVE, SUITE 290
FRANKLIN, TN 37067
615-772-9000

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*




My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

| | | |
|---|---|---|
| JEFFREY RYAN FENTON | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  SPRAGINS, BARNETT & COBB PLC
REGISTERED AGENT: ALAN RHENEY
312 E LAFAYETTE ST
JACKSON, TN  38301-6220

        A lawsuit has been filed against you.

        Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

        If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff(s)* ) | |
| ) | Civil Action No. 3:24-cv-01282 |
| v. ) | |
| VIRGINIA LEE STORY et al. ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   RUBIN LUBLIN TN, PLLC

C/O BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PLACE., STE 100
PEACHTREE CORNERS, GA 30071
EMAIL: BCHANESS@RLSELAW.COM     (678) 281-2730

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*


_____
*Server's address*

Additional information regarding attempted service, etc:

https://rico.jefffenton.com/evidence/2025-03-05_second-motion-to-extend-time-for-service.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### Middle District of Tennessee

| | | |
|---|---|---|
| JEFFREY RYAN FENTON | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* STATE OF TENNESSEE

C/O PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
P O BOX 20207
NASHVILLE, TN 37202-0207
EMAIL: PEAKO.JENKINS@AG.TN.GOV     (615) 741-8059

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | | |
|---|---|---|
| JEFFREY RYAN FENTON | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  COUNTY OF WILLIAMSON TENNESSEE

C/O LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIRCLE, SUITE 100
FRANKLIN, TN 37064
EMAIL: LCARSON@BUERGERLAW.COM     615-794-8850

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

| | | |
|---|---|---|
| JEFFREY RYAN FENTON | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*    TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS

C/O PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
P O BOX 20207
NASHVILLE, TN 37202-0207
EMAIL: PEAKO.JENKINS@AG.TN.GOV      (615) 741-8059

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| VIRGINIA LEE STORY et al. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No. 3:24-cv-01282

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  TENNESSEE COURT OF APPEALS MIDDLE DIVISION

C/O PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
P O BOX 20207
NASHVILLE, TN 37202-0207
EMAIL: PEAKO.JENKINS@AG.TN.GOV     (615) 741-8059

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#9633; I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#9633; I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#9633; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

&#9633; I returned the summons unexecuted because _____ ; or

&#9633; Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

| | | |
|---|---|---|
| JEFFREY RYAN FENTON | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   CHANCERY COURT FOR WILLIAMSON COUNTY TENNESSEE

C/O PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
P O BOX 20207
NASHVILLE, TN 37202-0207
EMAIL: PEAKO.JENKINS@AG.TN.GOV     (615) 741-8059

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  STORY AND ABERNATHY, PLLC

C/O MEGAN R. CALME,
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVENUE, SUITE 400, NASHVILLE, TN 37203
(615) 324-7840
EMAIL: MEGAN.CALME@WILSONELSER.COM

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____              _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON<br><br><br>*Plaintiff(s)*<br>v.<br>VIRGINIA LEE STORY et al.<br><br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 3:24-cv-01282<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   BANKERS TITLE & ESCROW CORPORATION
REGISTERED AGENT: R L MOORE
3310 WEST END AVE,  STE 540
NASHVILLE, TN 37203-6802

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| | ) |
| v. | ) Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* HOSTETTLER, NEUHOFF & DAVIS, LLC

C/O BENJAMIN E. GOLDAMMER
KAY GRIFFIN, PLLC
222 SECOND AVENUE NORTH, SUITE 340-M
NASHVILLE, TN 37201
(615) 742-4800

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | | |
|---|---|---|
| JEFFREY RYAN FENTON | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  MCCARTHUR SANDERS REAL ESTATE

C/O SANDRA J. DENSHAM
PLUNKETT COONEY (GRAND RAPIDS)
333 BRIDGE ST., NW, STE. 530
GRAND RAPIDS, MI 49504
(616) 752-4627

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| | ) |
| v. | ) |
| VIRGINIA LEE STORY et al. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

Civil Action No. 3:24-cv-01282

**SUMMONS IN A CIVIL ACTION**

To: _(Defendant's name and address)_  CADENCE BANK, N.A.

C/O GEORGE H. CATE , III
BRADLEY ARANT BOULT CUMMINGS LLP (NASHVILLE, TN OFFICE)
1221 BROADWAY, SUITE 2400
NASHVILLE, TN 37203
EMAIL: GCATE@BRADLEY.COM     615-252-2347

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____          _____
                                          _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON ) | |
| ) | |
| ) | |
| ) | |
| *Plaintiff(s)* ) | |
| v. ) | Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*   WILLIAMSON COUNTY SHERIFF'S OFFICE

C/O LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIRCLE, SUITE 100
FRANKLIN, TN 37064
EMAIL: LCARSON@BUERGERLAW.COM    615-794-8850

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

   ❐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

   ❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

   ❐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

   ❐ I returned the summons unexecuted because _____ ; or

   ❐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

                                            _____
                                                      *Server's signature*

                                            _____
                                                   *Printed name and title*

                                            _____
                                                 *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| JEFFREY RYAN FENTON | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  SUPREME COURT OF TENNESSEE

C/O PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
P O BOX 20207
NASHVILLE, TN 37202-0207
EMAIL: PEAKO.JENKINS@AG.TN.GOV     (615) 741-8059

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Tennessee

JEFFREY RYAN FENTON )
)
)
)
*Plaintiff(s)* )
)
v. )    Civil Action No. 3:24-cv-01282
VIRGINIA LEE STORY et al. )
)
)
)
)
*Defendant(s)* )

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  BOARD OF PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE

C/O PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
P O BOX 20207, NASHVILLE, TN 37202-0207
EMAIL: PEAKO.JENKINS@AG.TN.GOV    (615) 741-8059

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*



_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | | |
|---|---|---|
| JEFFREY RYAN FENTON | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 3:24-cv-01282 |
| VIRGINIA LEE STORY et al. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* BANK OF AMERICA N.A.

C/O ERIK HALVORSON
BRADLEY ARANT BOULT CUMMINGS LLP (NASHVILLE, TN OFFICE)
1221 BROADWAY, SUITE 2400
NASHVILLE, TN 37203
EMAIL: EHALVORSON@BRADLEY.COM     615-252-2243

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:24-cv-01282

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

&#10065; I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

&#10065; I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

&#10065; I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

&#10065; I returned the summons unexecuted because _____ ; or

&#10065; Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# EXHIBIT N

## TNMD DOC 223-1 — SERVICE AND NOTICE EVIDENCE CONCERNING ELAINE BEELER

_____

 Outlook

## FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)



**From** Jeff Fenton

**Date** Fri 1/17/2025 2:33 PM

**To**    lcarson@buergerlaw.com <lcarson@buergerlaw.com>

**Cc**    contact@jefffenton.com <contact@jefffenton.com>

Hello Ms. Carson,

I'm writing today to see if your clients are willing to sign a stipulated motion to vacate and expunge the order of protection wrongfully placed against me by the Chancery Court on 10/21/2019 in docket #48419B, by fraudulent default, and illegally extended for five more years without motion, notice, or hearing, on 9/24/2025?  This has critically interfered with my employment (ADA Interference) and the exercise of my constitutional first and second amendment rights, as a citizen of the United States of America and a life member of the National Rifle Association, who cherishes their right to keep and bear arms, wrongfully deprived for over five years now, which needs to be immediately remedied prior to considering any other matter in this case.

There can be no *statute of limitations* or *immunity* which can prevent me from **stopping** people who are still **actively harming me**, without lawful jurisdiction, authority, good cause, or lawful right.

This is an issue which shouldn't cost your clients a dollar to remedy.

If your client prefers to proactively handle this through the Williamson County Chancery Court, instead of waiting on the Federal Courts, I'm open to any reasonable remedy that justly restores my life, liberty, and pursuit of happiness as quickly and completely as possible.

https://rico.jefffenton.com/evidence/2019-10-21_order-of-protection-as-illegal-prior-restraint.pdf

https://rico.jefffenton.com/evidence/2020-09-24_5yr-op-ext-retaliation-no-notice-motion-hearing.pdf

Thanks.
Jeff Fenton



17195 SILVER PKWY, #150
FENTON, MI 48430-3426

**3-MIN Video Intro** about my Federal Lawsuit: https://www.youtube.com/watch?v=AaYb-f8ux4o

FENTON v. STORY (1:23-cv-1097) http://rico.jefffenton.com/discovery/
https://casetext.com/case/fenton-v-story
Fraud on the Court by Officers of the Court: Williamson County Chancery Court Docket #48419B

 Outlook

---

**Delivered: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)**

---

**From** postmaster@buergerlaw.com <postmaster@buergerlaw.com>

**Date** Fri 1/17/2025 2:33 PM

**To** lcarson@buergerlaw.com <lcarson@buergerlaw.com>



📎 1 attachment (43 KB)

FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP);

**Your message has been delivered to the following recipients:**

lcarson@buergerlaw.com (lcarson@buergerlaw.com)

Subject: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)

 Outlook

---

**RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)**

---

**From** Lisa Carson <lcarson@buergerlaw.com>

**Date** Fri 1/17/2025 3:12 PM

**To** Jeff Fenton

**Cc** contact@jefffenton.com <contact@jefffenton.com>



Mr. Fenton, I hope you are well.   I do not represent the Judges or the "Court".   I represent only the Clerk and Master (who has not yet been served with process), the County and the Sheriff.   My clients do not have the authority to grant the relief you request.


Lisa M. Carson
Buerger, Moseley & Carson, PLC
Two Town Center
4068 Rural Plains Drive, Suite 100
Franklin, Tennessee  37064
Phone:   615-794-8850

 Outlook

---

### RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)

---

**From** Jeff Fenton

**Date** Fri 1/17/2025 6:37 PM

**To**  Lisa Carson <lcarson@buergerlaw.com>



📎 6 attachments (24 MB)

3-24-cv-01282_summons-for-elaine-beaty-beeler.pdf; 3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf; 114.pdf; MIchigan Rule 2.105 Process - Manner of Service.pdf; 100.pdf; 100-1.pdf;

Hello Ms. Carson,

I don't completely understand the different roles between the county, the court, and the state.  Are you saying that the Williamson County Chancery Court is strictly controlled by the state, so I need to seek relief from the state?

As for Ms. Beeler, she did in fact receive service (see attached DOC 114, PID 5623-5632, filed on 10/21/2024), but she refused to sign for it and apparently chose to mail it back a few weeks later.  That was her choice, I can't force her to operate honestly in good faith, but I have very complete records.

If either you or Ms. Beeler would like me to reserve her by US Mail, this time at your office, for you to receive on her behalf and to be responsible for providing her, I would be happy to do so, simply let me know.

There are a lot of people in this case involved in significant misconduct and misappropriating public resources (government offices, programs & tax dollars) to cover-up felony crimes committed by select Tennessee court officers against the governed, gaming the courts for purposes contrary to both state and federal constitutions, while being wholly repugnant to Tennessee's Rules of Judicial and Professional Conduct.  https://rico.jefffenton.com/evidence/tennessee-rules-of-judicial-and-professional-conduct.pdf

All that I can do is fight for justice while exposing both attorney and judicial misconduct, along with predatory practices, one step at a time.

This is going to take a long time for a court to sift through, since nobody is willing to proactively take responsibility for their actions to date, which is why I'm seeking to mitigate damages with stipulated motions, as quickly as I can.

**Please forward this email to Ms. Beeler, to serve as notice that she has now been served by <u>Alternative Service</u>, through her counsel of record.**

I do not have her email address, or I would have already emailed her notice.

- Summons for Elaine Beeler:  https://rico.jefffenton.com/evidence/3-24-cv-01282_summons-for-elaine-beaty-beeler.pdf

- AMENDED COMPLAINT:  https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

- DIGITAL SERVICE PACKAGE (SHORTCUT):  https://service.jefffenton.com

- DIGITAL SERVICE PACKAGE FOR LAWSUIT:  https://jefffenton.com/digital-service-package-for-lawsuit/
- Substantive Filings Since Service:  https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/



My MOTION FOR ALTERNATIVE SERVICE was filed in DOC 177 on 11/25/2024, as filed in this lawsuit in DOC 177, and 177-1, PID 234-250.  (https://rico.jefffenton.com/3-24-cv-01282/doc/177.pdf)

My EXHIBITS from that MOTION above are filed in DOC 177-1.  (https://rico.jefffenton.com/3-24-cv-01282/doc/177-1.pdf)

Individual service was executed in accordance with F.R.Civ.P. 4(e)(1) and Mich. Ct. R. 2.105(A).

RULE 2.105 (K) Jurisdiction; Range of Service; Effect of Improper Service.

(1)      Provisions for service of process contained in these rules are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances. These rules are not intended to limit or expand the jurisdiction given the Michigan courts over a defendant. The jurisdiction of a court over a defendant is governed by the United States Constitution and the constitution and laws of the State of Michigan. See MCL 600.701 et seq.

(2)      There is no territorial limitation on the range of process issued by a Michigan court.

(3)      An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service.

There is honestly nobody in this lawsuit who has not been successfully served by Michigan's court rules, regardless of their bad-faith claims to the contrary.

If they KNOW about this lawsuit, as obviously they **must** to be represented by Counsel, then they **have been sucessfully served**.

Defendant Beeler received service/notice about this lawsuit.  Defendant Beeler later chose not to retain or keep the documents or digital materials which she had been served.  (She was not able to reject or return the *notice* she received *about this lawsuit*, only the physical documents and digital materials which she had received inside the lawsuit service package.)  I have no control over that, nor am I obligated to waste hundreds of dollars more tying to play "cat and mouse" games with defendant Beeler, in an effort to compel her to physically take possession of these documents again, against her will.  I already acted in good faith and provided her with adequate service.

Again, I am happy to resend service by US Mail to defendant Beeler at your office, if either of you would like.  At roughly $40 in postage each time I have a lawsuit service package sent, in addition to the cost of the materials inside, I can not afford to keep paying to have additional packages produced and mailed to the defendants, when they have no honest interest of willingness to accept and sign for them.

It is frivolous claims such as this, which will exponentially increase the amount of time that it takes for the court to reach and address meaningful matters, frankly due to noting but bad faith

and misconduct, while attorneys are failing or refusing to vet the claims by their clients, prior to filing motions, objections, etc…

That is why it is critical in this case that the court approves my "AMENDED MOTION TO REQUIRE ALL FILINGS TO INCLUDE A CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF PERJURY" filed in DOC 100, PID 5343-5374, on October 10, 2024.

Unless I hear back from you with instructions for cost effectively reserving Ms. Beeler by US Mail, which she or your office is willing to accept and sign for without dodging or delay, I will assume that she has been satisfactorily served herein, with my efforts in this matter to date.

Thank you for your attention to these matters.

Jeff Fenton



17195 SILVER PKWY, #150
FENTON, MI 48430-3426

**3-MIN Video Intro** about my Federal Lawsuit: https://www.youtube.com/watch?v=AaYb-f8ux4o

FENTON v. STORY (1:23-cv-1097) http://rico.jefffenton.com/discovery/
https://casetext.com/case/fenton-v-story
Fraud on the Court by Officers of the Court: Williamson County Chancery Court Docket #48419B

**SLAM the GAVEL Podcast Interview** from 8/4/2024 about my RICO Lawsuit with Authors Brian Vukadinovich and Maryann Petri: https://www.youtube.com/watch?v=plg5eEEnVuU

**Brian Vukadinovich** is the author of MOTION for JUSTICE (I Rest My Case), and Rogues in Black Robes (Destroying Lives and Committing Crimes with No True Accountability).

**Maryann Petri** is the author of RAISED BY THESE WOLVES (How Family and Federal Courts are Failing our Children), Dismantling Family Court Corruption (Why Taking the Kids Was Not Enough). Maryann is also the host of SLAM the GAVEL Podcast, focused on all family court topics, trauma, and healing.



PLAINTIFF'S
EXHIBIT
**B-6**

 **Outlook**

**Delivered: RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)**

**From** postmaster@buergerlaw.com <postmaster@buergerlaw.com>

**Date** Fri 1/17/2025 6:36 PM

**To** Lisa Carson <lcarson@buergerlaw.com>

📎 1 attachment (44 KB)

RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP);

**Your message has been delivered to the following recipients:**

Lisa Carson (lcarson@buergerlaw.com)

Subject: RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)



 **Outlook**

---

**Read: RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)**

---

**From** Lisa Carson <lcarson@buergerlaw.com>

**Date** Fri 1/17/2025 6:48 PM

**To** Jeff Fenton

Your message

  To: Lisa Carson
  Subject: RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)
  Sent: Friday, January 17, 2025 5:36:18 PM (UTC-06:00) Central Time (US & Canada)

 was read on Friday, January 17, 2025 5:48:53 PM (UTC-06:00) Central Time (US & Canada).



 **Outlook**

---

**RE: FENTON v. STORY (3:24-cv-01282) Terminating & Expunging 6-Year Order of Protection (Seeking to Mitigate Damages ASAP)**

---

**From** Lisa Carson <lcarson@buergerlaw.com>

**Date** Sat 1/18/2025 10:27 AM

**To** Jeff Fenton

Mr. Fenton, please do not ever mistake silence on my part for agreement or concession.   I often will not engage in debate in a forum where I do not think it can be productive.   As you know, I have a filed a Motion to Dismiss on behalf of Ms. Beeler.    I will allow the arguments laid out therein to stand for themselves and look forward to them being resolved in that forum.   Debating them with you by email is unlikely to result in either of us convincing the other of our position.

Kind regards,


Lisa M. Carson
Buerger, Moseley & Carson, PLC
Two Town Center
4068 Rural Plains Drive, Suite 100
Franklin, Tennessee  37064
Phone:   615-794-8850



# EXHIBIT O

## TNMD DOC 224 — SECOND MOTION TO STAY DISPOSITIVE MOTIONS AND OBTAIN THRESHOLD-FIRST TREATMENT

_____

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

JEFFREY RYAN FENTON,

                    PLAINTIFF

v.

VIRGINIA LEE STORY ET AL.,

                    DEFENDANTS

CASE NO. 3:24-cv-01282

**RECEIVED**

MAR 1 2 2025

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

**SECOND[1] MOTION TO STAY ALL DISPOSITIVE MOTIONS UNTIL SERVICE IS COMPLETED AND THE COURT HAS RULED ON PLAINTIFF'S OUTSTANDING EXPEDITED MOTIONS, WITH CLARIFICATIONS ABOUT HOW TO PROCEED[2]**

This testimony and motion is brought pursuant to 28 U.S. Code § 1746; 28 U.S. Code § 455(a), (b)(1); U.S. Const. amend V §§ 1, 5.1, 7.1, 7.9, 9.1, 9.10, 9.4, and amend XIV §§ 1.3, 1.5, 1.6, 1.8.12.3, 1.8.13.1; and F.R.Civ.P. Rule 11(b).

   1.      This lawsuit exposes *predatory litigation*[3], fraud on the court by officers of the court, real estate deed fraud, and racketeering in Middle Tennessee's courts, along with serious public corruption in the areas of Williamson County, Franklin, Brentwood, and Nashville, Tennessee.

---

[1]   A "MOTION TO STAY ALL DISPOSITIVE MOTIONS UNTIL SERVICE IS COMPLETE, A RULING IS MADE ON PLAINTIFF'S "AMENDED MOTION TO REQUIRE ALL FILINGS TO INCLUDE A CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF PERJURY", AND THIS CASE IS TRANSFERRED TO THE CORRECT VENUE (EXPEDITED CONSIDERATION REQUESTED)" was filed in MIWD on October 21, 2024, in DOC 109, PID 5577-5583. https://rico.jefffenton.com/3-24-cv-01282/doc/109.pdf

[2]   This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (hereinafter "MIWD") as case no. 1:23-cv-01097. On October 25, 2024, MIWD transferred this lawsuit as ordered in ECF 127 to the United States District Court for the Middle District of Tennessee (hereinafter "TNMD") as case no. 3:24-cv-01282. The language used in the file stamps of each page filed is slightly different between the two courts. MIWD uses the term "ECF No." (which I abbreviate as "ECF"), while in place of that, TNMD uses the term "Document" (which I abbreviate as "DOC"). Both courts use the term "PageID" (which I abbreviate as "PID"). Citations to the court record in this lawsuit will be notated without the case name or number, using the starting DOC/ECF number, followed by both the beginning and ending PID. The Notice of Electronic Filing for this transfer is recorded in TNMD DOC 131, at which point the DOC/ECF number from MIWD was retained and continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

[3]   https://tninjustice.org/predatory-litigation-101/

   https://jefffenton.com/predatory-litigation-how-us-courts-were-designed-to-produce-justice-why-they-fail-how-to-restore-justice-again/

2.      Prior to moving forward and responding to each individual motion filed by the defendants, I need the court to rule on two of my outstanding motions, to provide me with the accommodations and tools necessary for me to have a fair chance at litigating this matter against the wall of power which I am obviously up against in this lawsuit.

3.      This request is not only an attempt to even up the odds a bit technologically, by allowing me ECF filing privileges and remote participation which are essential to me being able to participate with the court in *real time* and respond timely and affordably to any individual pleadings, but it is also critical for the court to clarify their posture toward professional misconduct, dishonesty, and frivolous filings, in hopes of eliminating some of the misconduct which has been prevalent so far between the defendants and their counsel.

4.      Good professional and judicial conduct is probably the most critical factor, often even the deciding factor, I believe, between whether the courts produce justice or injustice through their proceedings.

5.      It's of critical importance in this matter, at least to my family, that the court doesn't just "go through the motions" common to "legal work" in this case, but that the product produced be real honest justice.

## BACKGROUND

6.      On October 21, 2024, I filed a motions in MIWD titled, "MOTION TO STAY ALL DISPOSITIVE MOTIONS UNTIL SERVICE IS COMPLETE, A RULING IS MADE ON PLAINTIFF'S "AMENDED MOTION TO REQUIRE ALL FILINGS TO INCLUDE A CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF PERJURY", AND THIS CASE IS TRANSFERRED TO THE CORRECT VENUE (EXPEDITED CONSIDERATION REQUESTED)[4]" in DOC 109, PID 5577-5583.

---

[4]    DOC 109, PID 5577-5583 | https://rico.jefffenton.com/3-24-cv-01282/doc/109.pdf

7.     Since this time, the case changed venues, being transferred from case # 1:23-cv-01097 in the Western District of Michigan[5] to case # 3:24-cv-01282 in the Middle District of Tennessee[6], after which every federal district and magistrate judge in the Middle District of Tennessee recused themselves[7] from this matter.

8.     As of February 10, 2025, a "NOTICE OF JUDGE ASSIGNMENT[8]" was posted in DOC 208, PID 686, stating as follows:

"All District Judges of the Middle District of Tennessee have recused in this matter. Chief Judge Jeffery S. Sutton of the Sixth Circuit Court of Appeals has designated United States District Judge Patricia A. Gaughan to preside over the case."

9.     In the next filing by the court on February 11, 2025, in DOC 209[9], PID 687, the court stated as follows:

"This matter is hereby forwarded to the pro se staff attorney for initial review.

IT IS SO ORDERED."

10.     DOC 209, PID 687 also states in the footnote, "United States District Judge for the Northern District of Ohio, Eastern Division, sitting by designation."

11.     I have never heard of a *"pro se staff attorney"*, so I am unclear what this means, or exactly what is expected of me at this juncture.

---

[5]   DOC 127, PID 5706-5710 | https://rico.jefffenton.com/3-24-cv-01282/doc/127.pdf

[6]   DOC 131 | https://rico.jefffenton.com/3-24-cv-01282/doc/131.pdf

[7]   DOC 165, PID 139 | https://rico.jefffenton.com/3-24-cv-01282/doc/165.pdf

[8]   DOC 208, PID 686 | https://rico.jefffenton.com/3-24-cv-01282/doc/208.pdf

[9]   DOC 209, PID 687 | https://rico.jefffenton.com/3-24-cv-01282/doc/209.pdf

12.     There are two specific motions of mine, which remain outstanding, that I honestly need for the court to hear and rule on, before I will have the tools, orders, and understanding necessary for me to proceed to protect my interests while making the best use of my time and resources along with the court's and the defendant's; so we can quickly dispense with frivolous claims and begin to honestly address the substantial merits of this lawsuit.

13.     Those motions are listed below followed by a brief explanation why they are needed in the *interests of justice* before I can proceed.  I'm trying to be mindful not to cause unnecessary redundancy in my filings, so for a deeper understanding of the *interests of justice* related to either motion, please reference it directly in the docket.

### MOTIONS NEEDING RULINGS PRIOR TO PROCEEDING

I.   Filed in MIWD on October 10, 2024, "AMENDED MOTION TO REQUIRE ALL FILINGS TO INCLUDE A CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF PERJURY (EXPEDITED CONSIDERATION REQUESTED)[10]" in DOC 100, 100-1, PID 5343-5374.

   a)  This motion should weed out the vast majority of frivolous claims and filings presented by the defendants, which is estimated to currently be the majority of the defendant's motions pending before this court.

   b)  This will significantly reduce the misconduct by the defendants and their counsel, while significantly raising the stakes for that misconduct.

---

[10]   DOC 100, PID 5343-5374 | https://rico.jefffenton.com/evidence/2024-10-08_motion-all-filings-be-under-penalty-of-perjury.pdf

Initials:

c) This motion compels everyone to tell the **truth** and not play games wasting the court's time with nonsense, which should be important to everyone except bad actors who leverage our courts for purposes **contrary** to the honest interests of justice.

d) This motion should significantly reduce the need to address misconduct in this lawsuit, in order to protect my rights to equal protection and due process.

e) Upon information and belief, without this motion being granted, the defendants and their counsel will likely continue to overwhelm me and my disabilities[11] with frivolous filings[12] requiring I perform substantial **process** within tight deadlines, unjustly exhausting my time, energy, and resources to defend myself and my lawsuit against false, twisted, and fraudulent claims, citing inapplicable case law due to the dishonestly contorted claims and strategic material misrepresentations, which appears to have unfortunately become core to some of the defendant's practices, in stark violation of F.R.Civ.P. Rule 11(b), while simultaneously deprioritizing **merits**, **conduct**, and any real **justice**.

---

[11]   DOC 52, PID 4254-4257 | https://rico.jefffenton.com/evidence/tn-ada-disabilities-exploited-for-advantage-ocpd-merck.pdf

DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf

DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

[12]   DOC 101, PID 5375-5390 | https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf

DOC 99, PID 5328-5342 | https://rico.jefffenton.com/evidence/2024-10-08_motion-for-sanctions-against-story-for-lying.pdf

DOC 102, PID 5391-5468 | https://rico.jefffenton.com/evidence/2024-10-09_concerns-about-transferring-to-tennessee.pdf

DOC 176, PID 225-233 | https://rico.jefffenton.com/evidence/2024-11-08_fenton-reply-to-storys-opposition-to-sanctions.pdf

https://rico.jefffenton.com/evidence/2025-01-17_email-service-of-elaine-beeler-via-lisa-carson.pdf

DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

DOC 211, PID 689-723 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf

DOC 212, PID 730-907 | https://rico.jefffenton.com/evidence/2025-02-10_tn-motion-to-minimize-or-remove-redactions.pdf

DOC 216, PID 984-1015 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

DOC 217, 218, 219 | "DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER'S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS"

II.  Filed in TNMD on January 21, 2025, "MOTION TO FILE ELECTRONICALLY AND FOR REMOTE PARTICIPATION (EXPEDITED CONSIDERATION REQUESTED)[13]" in DOC 197, 191-1, PID 445-486.

    a)  Without this I am literally unable to work in *real time* with the court, without receiving some compensation from the defendants—prior to proceeding—for the damages they have continued to cause me[14], because I can't afford the cost of postage while USPS service between Michigan and Tennessee can take up to a week, each way.

    b)  It costs me roughly $125 - $200 to mail **notice** of each filing to the defendants, while I have zero income, real property, and savings as a direct result[15] of the multiple felony crimes committed against my family by the defendants in this lawsuit.

    c)  It is substantially more work (sometimes days) and expense for me to print and mail notices to the seventeen different addresses currently necessary for noticing the defendants or their counsel about each and every filing.  Further complicated by needing to time, execute, and serve a Certificate of Service for each to both the court and each party.

---

[13]  https://rico.jefffenton.com/3-24-cv-01282/doc/197.pdf | https://rico.jefffenton.com/3-24-cv-01282/doc/197-1.pdf

[14]  DOC 99, PID 5328-5342 | https://rico.jefffenton.com/evidence/2024-10-08_motion-for-sanctions-against-story-for-lying.pdf

DOC 217, 218, 219 | "DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER'S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS"

[15]  DOC 214, PID 911-975 | https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf

Initials: _____

d) Almost all of my documents begin as "true" digitally created full-color PDF documents, with optical character recognition enabled, that could be searched in seconds, many containing electronic bookmarks linked to section headings for fast reference, in addition to embedded electronic indexes. A few of my larger documents, such as my FAC[16], even have a hyperlinked table of contents built-in, making them substantially faster, easier, and more intuitive to navigate, search, and work with in their original digital format.

e) Each filing I must make *without* ECF filing privileges, substantially *reduces* the efficiency and value of each document, while *increasing* the workload for the court clerks along with everyone else who encounters or works with the documents afterwards, as "flat" black and white images without many of the benefits which PDF documents are capable.

f) "The purpose of the Federal Rules of Civil Procedure is "to secure the **just**, **speedy**, and **inexpensive** determination of every action and proceeding[17]"" (emphasis added).

g) Granting this motion would allow me to participate much more fully and timely in this lawsuit (just), significantly increasing the speed of my responses (speedy) and my ability to directly address separate issues (just) without the need to bundle together pleadings to save on postage costs (inexpensive).

---

[16] DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

[17] https://www.uscourts.gov/forms-rules/current-rules-practice-procedure/federal-rules-civil-procedure

h)  This would also substantially reduce the workload for the court's clerks (speedy & inexpensive) while significantly increasing the **value** of my documents filed (just, speedy, and inexpensive) for both the court and each of the law firms working with those files.

i)  The defendants have and continue to literally misappropriate public resources and offices for private and criminal purposes, harming me and my family (along with other members of the public), while protecting the bad actors herein[18].

j)  It seems a reasonable request, for the court to allow me the benefit of public resources to improve my *access* to the court and opportunity to *participate* therein, through ECF filing and remote participation. That seems like a very logical, practical, and efficient request, in complete alignment with the Federal Rules of Civil Procedure and truly beneficial to the honest interests of justice.

**REGARDING MY FIRST MOTION TO STAY ALL DISPOSITIVE MOTIONS**

14.  Referring back to my first motion to stay all dispositive motions[19], which I filed in MIWD on October 21, 2024, in DOC 109, PID 5578-5579, where I wrote in part:

"It's almost 3:00 on 10/21/2024, the court closes in an hour and a half, and it is well over a one-hour drive with construction."

---

[18]  DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

[19]  DOC 109, PID 5577-5583 | https://rico.jefffenton.com/3-24-cv-01282/doc/109.pdf

"I've been awake for so long, that it is not safe for me to drive, but I don't have a choice. Everyone is waiting to dismiss this case for a slew of different reasons, none of which are remotely lawful, equitable, or fair."

"I need time to write a brief to substantiate why I'm asking for this motion to stay all dispositive motions, but I don't have time to write it today" (emphasis added).

"Tomorrow I must print, label, and mail 15 copies of what I'm filing in court today, so I won't have time to drive to the court tomorrow to file my brief, I won't even have time to write it by then."

"I don't have ECF, so I can't file it electronically, while the court doesn't accept faxes, so regardless of justice, I'm out of luck."

"I will do my best to write a brief to support this on Wednesday, and mail it on Thursday, so the court will have more to substantiate my motion with" (emphasis added).

"I physically can't do anymore today, while still having any chance of making it to the court to file this before it closes."

"I'm out of time. The court must protect the honest interests of justice, and whether I like it or not, I have no chance outside the court freely choosing to do so."

### A BRIEF TO SUBSTANTIATE MY MOTION TO STAY
### ALL DISPOSITIVE MOTIONS

15. What I need to quickly address is the expectation I set in this October 21 motion, which I was unable to fulfill, at least as specified, due to the overwhelming interference and misconduct I experienced in the days and weeks to follow. (See the two underlined sentences in the above motion for what I am referring to.)

16.     I stated in my October 21, 2024, motion to stay all dispositive motions, "I will do my best to write a brief to support this on Wednesday, and mail it on Thursday, so the court will have more to substantiate my motion with."

17.     In the days immediately following October 21st, I rushed to file executed summonses with the court, while cooperating with opposing counsel who requested extensions of time to reply to my complaint, as both are evidenced in the docket.

18.     Amidst that was when I was approached by the U.S. Attorney's Office in Michigan[20], on October 23, regarding defendant Walker's claimed "privacy and safety concerns", which almost immediately hijacked my focus and work flow, prioritizing itself above every other issue, concern, and commitment I was working on, for the alleged "safety" of a federal judge, which I took seriously while diligently working towards a remedy which would protect defendant Walker's privacy without compromising the public's access to any meaningful matters in my lawsuit.

19.     Then on October 25th this lawsuit was transferred[21] from Michigan to Tennessee, after which I was quickly contacted by the U.S. Attorney's Office in Tennessee[22] regarding those same alleged concerns of defendant Walkers, after which I could not "come back up for air" (except for very brief periods) for **months**.  I am still trying to rectify the damage I was caused by this misconduct, as explained in other filings[23], on this seventh day of March 2025.

---

[20]   DOC 212-1, PID 757-766 | https://rico.jefffenton.com/evidence/2024-10_comms-with-usat-ryan-cobb-about-redactions.pdf

[21]   DOC 217, PID 5706-5710 | https://rico.jefffenton.com/3-24-cv-01282/doc/127.pdf

[22]   DOC 212-1, PID 767-783 | https://rico.jefffenton.com/evidence/2024-11_comms-with-usat-anica-jones-about-redactions.pdf

[23]   DOC 211, PID 689-723 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf
       DOC 212, PID 730-907 | https://rico.jefffenton.com/evidence/2025-02-10_tn-motion-to-minimize-or-remove-redactions.pdf
       https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf
       https://rico.jefffenton.com/evidence/2025-03-05_second-motion-to-extend-time-for-service.pdf
       DOC 217, 218, 219 | "DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER'S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS"

20.     I have filed several documents trying to substantiate and explain the predominate reasons for my requested motion to stay, but I overlooked naming them in a way which specifically related to that motion or anticipated "brief".  I likewise never made it back to write and file a *brief* specifically in support of that one motion as I originally planned when I set that expectation.

21.     That is the reason why I am filing this "SECOND MOTION TO STAY ALL DISPOSITIVE MOTIONS UNTIL SERVICE IS COMPLETED AND THE COURT HAS RULED ON PLAINTIFF'S OUTSTANDING EXPEDITED MOTIONS".  To further clarify the basis for that original motion, along with this second motion, emphasizing why the motions to stay are important and necessary to the interests of justice in the matters before the court.

22.     As a result of needing to respond to so many motions, many of which present similar claims and arguments, I am struggling to understand **how** best and most efficiently to respond to them.  Whether to draft and file papers which address specific **topics** and **claims**, for example "Objection to all Defendant Claims that Service was Untimely", or whether I need to redundantly copy and paste the same responses into separate objections which I must file for each and every defendant making similar claims.  <u>I would greatly appreciate some instruction or clarification on this question from the court.</u>

23.     Therefore, I have worked hard to file documents which address specific aspects of multiple defendant motions, addressing substantive **issues** and **claims**, while seeking to clarify the truth about what I have experienced along with the constitutional merits and justice interests in this lawsuit; hopefully showing the court that some of the frivolous filings by the defendants and their counsel, are just that.

## MISCONDUCT AND INTERFERENCE

24.     Upon information and belief, there was significant judicial bias by the Magistrate Judge[24] in the Western District of Michigan, and significant professional misconduct[25] by the defendants and their counsel, some who continued to dodge service[26], while others continued refusing to sign[27] for service successfully received.  One of the defendants even went so far as to mail service back weeks after receiving it[28], claiming not to have been served thereafter[29].

## INTERFERENCE BY THE U.S. ATTORNEY'S OFFICES

25.     Upon information and belief, I have also had to contend with roughly two months' worth of **extra** work created for me, by misconduct and interference caused by defendant Walker and the United States Attorney's Offices in both Michigan and Tennessee, costing me literally hundreds of extra hours of work, as addressed in the documents named in the next four paragraphs.

26.     "DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER'S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS" filed in DOC 217, 218, and 219.

---

[24]  DOC 222, PID 1164-1214 | https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf
DOC 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf
DOC 62, PID 4744-4760 | https://rico.jefffenton.com/3-24-cv-01282/doc/62.pdf

[25]  DOC 101, PID 5375-5390 | https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf

[26]  DOC 180, PID 281-296 | https://rico.jefffenton.com/3-24-cv-01282/doc/180.pdf
DOC 192, PID 379-408 | https://rico.jefffenton.com/3-24-cv-01282/doc/192.pdf
DOC 205, PID 562-578 | https://rico.jefffenton.com/3-24-cv-01282/doc/205.pdf

[27]  DOC 182, PID 313-326 | https://rico.jefffenton.com/3-24-cv-01282/doc/182.pdf
DOC 204, PID 537-561 | https://rico.jefffenton.com/3-24-cv-01282/doc/204.pdf

[28]  DOC 114, PID 5623-5632 | https://rico.jefffenton.com/3-24-cv-01282/doc/114.pdf

[29]  DOC 183, PID 331-184 | https://rico.jefffenton.com/3-24-cv-01282/doc/183.pdf
DOC 184, PID 327-330 | https://rico.jefffenton.com/3-24-cv-01282/doc/184.pdf

27.     "FIRST OBJECTION TO ALL MOTIONS TO DISMISS, FOR SUMMARY JUDGEMENT, AND MOTIONS/ORDERS TO REDACT AND SEAL DOCUMENTS[30]" filed in DOC 211, PID 689-723.

28.     "DECLARATION AND MOTION TO CORRECT AND MINIMIZE OR STRIKE AND REMOVE REDACTIONS, WHILE UNSEALING ALL RECORDS[31]" filed in DOC 212, PID 730-907.

29.     "SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE[32]" filed in DOC 222, PID 1164-1214.

**NASHVILLE'S CULTURE OF CRONYISM AND COURT CORRUPTION**

30.     Upon information and belief, a big part of the problem with much of this group is that they refuse to confront, report, discipline, or correct egregious fraudulent attorney and judicial misconduct by some of their friends, peers, subordinates, and colleagues, creating a **culture** in Middle Tennessee where **peer pressure** between legal professionals **compels** them to **keep** each other's **secrets** and **cover** for **each other**, rather than obeying their oaths of office and duty to report, discipline, or correct, substantial attorney and judicial misconduct.

31.     Upon information and belief, this has nothing to do with the types of misconduct or the severity, such as limiting "the reporting obligation to those offenses that a self-regulating

---

[30]   DOC 211, PID 689-723 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf

[31]   DOC 212, PID 730-907 | https://rico.jefffenton.com/evidence/2025-02-10_tn-motion-to-minimize-or-remove-redactions.pdf

[32]   DOC 222, PID 1164-1214 | https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

profession must vigorously endeavor to prevent[33]", as encouraged in Tenn. R. Sup. Ct. 8.3 - REPORTING PROFESSIONAL MISCONDUCT - Comment [3]. That's **not** what I'm talking about here. As you will see in the next paragraph, some officers of the Middle Tennessee courts, such as defendant Binkley, openly admit that they have **never** reported **any attorney misconduct**, prior to his boisterous public vendetta against Attorney Whistleblower Brian Manookian.

32.     On March 21, 2021, the Knoxville News Sentinel published an article[34] titled, "Appeals court removes Tennessee judge from case with lawyer who revealed his secret arrest", which included a video showing defendant Binkley[35] chastising a "courtroom of attorneys" while he was actively employed as a Williamson County Chancery Court Judge. Between the 1:26 and the 1:43 timestamps of that video[36], defendant Binkley stated, "**I've never turned in a lawyer in my entire career.** But there's one, Brian Manookian, I'm going to turn in. And I've got about *seventy* different examples. And I'm not stopping" (emphasis added).

33.     Upon information and belief, that statement above by defendant Binkley was a **confession** that throughout his career he had **violated** the court's **codes of conduct**, which are **not optional**, refusing to report misconduct which he witnessed or knew about, except in the case of Brian Manookian, whom Binkley claimed he was reporting for an alleged *seventy* ethics violations.

---

[33]   DOC 41, PID 3606 | Tenn. R. Sup. Ct. 8.3 - REPORTING PROFESSIONAL MISCONDUCT - Comment [3]
       DOC 41, PID 3570-3608 | https://rico.jefffenton.com/evidence/tennessee-rules-of-judicial-and-professional-conduct.pdf

[34]   https://www.knoxnews.com/story/news/crime/2021/03/22/tennessee-appeals-court-pulls-judge-michael-binkley-casey-moreland-brian-manookian/4450016001/
       DOC 52, PID 4174-4179 | https://rico.jefffenton.com/evidence/2021-03-21_knoxnews-coa-removes-judge-binkley-for-bias.pdf

[35]   DOC 1-15, PID 614-615 | https://rico.jefffenton.com/evidence/2021-03-21_knox-news-binkley-threatens-prior-restraints.pdf

[36]   DOC 54-1, PID 4368 | https://rico.jefffenton.com/evidence/2021-03-21_knox-news-binkley-threatens-prior-restraints.mp4

34.    Upon information and belief, for those who don't know Brian Manookian was the attorney whistleblower[37] who first reported corrupt former Nashville judge Casey Moreland for ethics violations before the FBI[38] arrested Moreland and put him in prison on multiple corruption related charges[39]. Brian Manookian was also the attorney whistleblower who former judge Michael W. Binkley suspected leaked his secret[40], that Binkley was **arrested** during a 2010 **prostitution sting** on Dickerson Avenue in Nashville, before he became a judge.  After which Binkley hired Moreland's own personal attorney, **Ed Yarbrough**[41], to broker a deal with Moreland by which Binkley's Solicitation of Prostitution, or substantially similar charge, was both dismissed and expunged from the Davidson County Court System in a "highly unusual manner, both in timing and procedure[42]."

35.    Upon information and belief, interestingly, there is another Yarbrough who is a defendant in this lawsuit.  Attorney **Kathryn Lynn Yarbrough** (BPR# 032789) who worked for defendant Story's law firm in Franklin, Tennessee, and actively participated in the RICO scam with Binkley and Story, used to steal my Brentwood home.  Defendant Kathryn Lynn Yarbrough has refused to make an appearance in this matter to date, despite receiving service months ago, on multiple occasions.

---

[37]   DOC 43, PID 3694-3695 | https://rico.jefffenton.com/evidence/2017-02-01_scene-ethics-complaint-against-two-judges.pdf
       DOC 58-2, PID 4628-4630 | https://rico.jefffenton.com/evidence/2019-07-01_tenn-bpr-targets-whistleblowers-not-corruption.pdf

[38]   DOC 43, PID 3698-3701 | https://rico.jefffenton.com/evidence/2017-04-03_nc5-moreland-tried-to-plant-drugs-on-witness.pdf
       DOC 54-1, PID 4360 | https://rico.jefffenton.com/evidence/2017-04-03_wtvf-moreland-tried-to-plant-drugs-on-witness.mp4
       DOC 54-1, PID 4362 | https://rico.jefffenton.com/evidence/2017-04-03_wtvf-undercover-fbi-video-of-casey-moreland.mp4

[39]   DOC 52, PID 4180-4201 | https://rico.jefffenton.com/evidence/2018-02-28_tn-judge-cason-moreland-fbi-criminal-complaint.pdf

[40]   DOC 52, PID 4174-4179 | https://rico.jefffenton.com/evidence/2021-03-21_knoxnews-coa-removes-judge-binkley-for-bias.pdf

[41]   DOC 42, PID 3677-3679 | https://rico.jefffenton.com/evidence/2014-10-23_tenn-moreland-reprimanded-by-state-board.pdf
       DOC 54-1, PID 4358 | https://rico.jefffenton.com/evidence/2017-02-01_wsmv-binkley-arrest-expunged-by-moreland.mp4
       DOC 43, PID 3696-3697 | https://rico.jefffenton.com/evidence/2017-02-01_wsmv-binkley-arrest-expunged-by-moreland.pdf

[42]   DOC 43, PID 3697 | https://rico.jefffenton.com/evidence/2017-02-01_wsmv-binkley-arrest-expunged-by-moreland.pdf

36.     Upon information and belief, after which the Board of Professional Responsibility of the Supreme Court of Tennessee retaliated against Brian Manookian and **suspended** him from the practice of law (apparently subsequent to defendant Binkley's complaint alleging *seventy* ethics violations), which ultimately ended with attorney whistleblower Brian Manookian being **disbarred** from the practice of law in Tennessee (though they claim for other reasons).

37.     Tennessee Supreme Court Justice Sharon G. Lee wrote in her dissenting opinion about Brian Manookian being disbarred[43], "For the first time, this Court has increased an attorney's discipline through the exercise of the Court's inherent jurisdiction **outside of the process** outlined in Rule 9 by disbarring Brian Philip Manookian **without giving fair notice** of its intent" (emphasis added).  Further stating toward the end, "In sum, no matter how offensive the Court deems Mr. Manookian's conduct, the Court **in its haste to disbar Mr. Manookian** should rule in a respectful, **unbiased**, and **even-handed manner** and **not dispense with notice** and **an opportunity to be heard**" (emphasis added).

38.     Upon information and belief, when the Tennessee Supreme Court **suspended** attorney whistleblower Connie Reguli[44] and then **disbarred** attorney whistleblower Brian Manookian, they sent a clear message throughout the legal profession in Tennessee, that if you **confront** or **report judicial misconduct** and **court corruption** in Tennessee, you will be **retaliated** against by the Board of Professional Responsibility of the Supreme Court of Tennessee,

---

[43]  DOC 58-4, PID 4712-4716 | https://rico.jefffenton.com/evidence/2024-02-16_tnsc-manookian-disbarment-opinion-justice-lee.pdf

[44]  Reguli v. Woodruff et al (3:2024-cv-00694) | https://dockets.justia.com/docket/tennessee/tnmdce/3:2024cv00694/99766
Reguli et al v. Hetzel et al (3:2024-cv-00541) | https://dockets.justia.com/docket/tennessee/tnmdce/3:2024cv00541/99331
DOC 54-1, PID 4355 | https://rico.jefffenton.com/evidence/2010-10-05_reguli-tn-senate-judiciary-comm-retaliation-pt-1.mp4
DOC 54-1, PID 4356 | https://rico.jefffenton.com/evidence/2010-10-05_reguli-tn-senate-judiciary-comm-retaliation-pt-2.mp4
DOC 54-1, PID 4364 | https://rico.jefffenton.com/evidence/2010-10-05_savoie-tn-senate-judiciary-comm-jud-misconduct.mp4
DOC 54-1, PID 4376 | https://rico.jefffenton.com/evidence/2016-08-11_reguli-tn-indigent-task-force-poverty-fam-dep-ct.mp4
DOC 54-1, PID 4377 | https://rico.jefffenton.com/evidence/2019-02-26_reguli-tn-gen-assy-conflict-in-child-welfare-sys.mp4
DOC 58-5, PID 4718-4722 | https://rico.jefffenton.com/evidence/2024-05-02_reguli-lawsuit-against-wilco-tn-gov-corruption.pdf

you will have your business **attacked**, be wrongly **sanctioned**, **suspended**, and **disbarred**. You will have your reputation attacked, be professionally smeared, get fined, lose your business, lose your law license, and unless you have another means of supporting yourself and your family, lose your livelihood.

39.     I forgot to mention, upon information and belief, Binkley also hit Manookian with *seven hundred thousand dollars* in sanctions[45], which later the Tennessee Court of Appeals overturned due to Binkley's publicly demonstrative *bias* (vendetta). Attorney Whistleblower Connie Reguli was also wrongfully sanctioned, in addition to being arrested and charged with a fake felony[46], to prohibit her from participating as a judicial candidate in Williamson County.

40.     Upon information and belief, this is the court culture in Middle Tennessee currently, where the peer pressure amongst legal professionals often works contrary to the honest interests of justice, while compelling attorneys **not** to report professional and *especially* judicial misconduct.

## F.R.CIV.P. RULE 11(B)

41.     One of the biggest problems with litigating for a remedy against this group of actors, is that many of them are dishonest and have learned to weaponize the "practice of law" in unethical and illegal ways, contrary to the interests of justice[47], their oaths of office, and the trust they have been afforded as "officers of the court[48]".

42.     On top of that, some of the defendants in this case are literally entrusted with the oversight of the "practice of law" throughout the entire State of Tennessee, while protecting

---

[45]   DOC 52, PID 4174-4179 | https://rico.jefffenton.com/evidence/2021-03-21_knoxnews-coa-removes-judge-binkley-for-bias.pdf

[46]   https://tennesseeconservativenews.com/fake-felony-charge-used-to-disqualify-conservative-judge-candidate-overturned-for-client/
https://tntribune.com/dcs-and-a-fearless-attorney/
https://www.youtube.com/watch?v=-rC6CjUATTk

[47]   DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

[48]   DOC 216, PID 984-1015 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

others in this group from being disciplined (sanctioned, suspended, and disbarred) for substantial professional and judicial misconduct, even after they have been reported to the Tennessee Supreme Court, the Tennessee Court of Appeals, the Tennessee Administrative Offices of the Courts, and even the Board of Professional Responsibility of the Supreme Court of Tennessee. Which is precisely why those entities and some of their leaders have been named as defendants in this lawsuit, because they have repeatedly refused to obey their oaths of office, along with the court's codes of judicial and professional conduct, while acting honestly in good faith, to uphold the law and to require their friends, peers, colleagues, and subordinates to do the same.

43.    This is not a new phenomenon[49], though it rarely makes the evening news, because there is substantial social, political, professional, and financial pressure not to challenge or expose such illicit groups of lawless centralized power in certain regions throughout the country.

44.    The courts have also made a habit of disavowing the legitimacy of such actions, likely in an effort to protect their own or to downplay the prevalence of impropriety and municipal corruption within the courts, as well as in all branches and tiers of state and federal government.

45.    There also seems to be a greater appetite within the court system to stifle the **appearance** of impropriety[50], rather than discouraging, addressing, reporting, disciplining, and removing the actual **impropriety** itself. I'm not sure if that is because judges view impropriety by their peers and colleagues as "inevitable", therefore they believe that silencing it is the most

---

[49]   Operation Greylord | https://www.fbi.gov/history/famous-cases/operation-greylord

Kids for Cash | https://www.npr.org/2022/08/18/1118108084/michael-conahan-mark-ciavarella-kids-for-cash

Thomas Girardi | See attached "Exhibit A" and "Exbibit B".

Girardi attached "Exhibit A" | https://rico.jefffenton.com/evidence/girardi-investigation-for-the-state-bar-of-california.pdf

Girardi attached "Exhibit B" | https://rico.jefffenton.com/evidence/girardi-lion-air-flight-610-crash-memorandum-order.pdf

https://podcasts.apple.com/us/podcast/edelson-v-girardi-collapse-of-a-titan/id1654960102?i=1000602422362

https://davisvanguard.org/2023/06/petition-for-antitrust-complaint-against-state-bar-and-chairman-filed-and-decided-without-complainants-knowledge/

[50]   DOC 58-2, PID 4628-4630 | https://rico.jefffenton.com/evidence/2019-07-01_tenn-bpr-targets-whistleblowers-not-corruption.pdf

effective way to maintain "public confidence in the judiciary", but if so that is a counterproductive belief, out of alignment with literature published by the Department of Justice, in stark contrast with both the ethical canons and the federal rules.

46.     Ultimately efforts to silence or hide attorney and judicial misconduct, without discipline and correction, sow dishonesty and fraud into an institution claiming to be based upon truth and law, undermining the ethical credibility of the courts, as well as their realistic ability to produce honest and impartial justice, while substantially eroding the public's confidence in our courts also.

47.     As addressed by the U.S. Courts online[51], "How should the judiciary promote public trust and confidence in the federal courts in a manner consistent with its role within the federal government?"

> "The ability of courts to fulfill their mission and perform their functions is based on the public's trust and confidence in the judiciary. In large part, the judiciary earns that trust and confidence **by faithfully performing its duties; adhering to ethical standards; and effectively carrying out internal oversight, review, and governance responsibilities.** These responsibilities include accountability for a failure to observe scrupulous adherence to ethical standards. The surest way to lose trust and confidence is failure to live up to established ethical standards and failure to hold judges and judiciary personnel accountable for misconduct. Transparency in efforts to ensure accountability for misconduct, where possible and appropriate, helps foster public trust and confidence" (emphasis added).

---

[51]   https://www.uscourts.gov/data-news/reports/strategic-planning/strategic-plan-federal-judiciary/issue-2-preserving-public-trust-confidence-and-understanding

48.     Upon information and belief, so far in this lawsuit, I've had to confront lies told by defendant Story in her affidavit[52].

49.     Upon information and belief, I've had to deal with significant misconduct and interference caused by defendant Walker[53] and both Assistant United States Attorneys[54], costing me hundreds of hours of unnecessary work[55].

50.     Upon information and belief, defendant Beeler still claims that she has never been served[56], since she decided to reject service **nineteen days after accepting it**, returning it to the Post Office as "refused"[57], thinking that would usurp the court's jurisdiction over her.

51.     Upon information and belief, defendants Garrett and Coke have both refused to sign for service, abandoning packages at the Post Office for weeks and months in an attempt to evade accountability and stymie justice, despite both being employed by supervisory divisions of the Tennessee Supreme Court.

52.     Upon information and belief, every individual BAR defendant in this lawsuit exerted some effort (or some effort was exerted on their behalf) to dodge service and/or to obfuscate, defeat, deprive, deny the successful *confirmation of service* as required by the court's rules.  (See "Exhibit-A" filed on 10/04/2024, in DOC 96-1, PID 5265-5285.)  Every last one!

---

[52]   DOC 76-1, PID 5076-5079 | https://rico.jefffenton.com/evidence/2024-09-16_affidavit-of-virginia-lee-story.pdf
DOC 101, PID 5375-5390 | https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf
DOC 99, PID 5328-5342 | https://rico.jefffenton.com/evidence/2024-10-08_motion-for-sanctions-against-story-for-lying.pdf

[53]   DOC 217, 218, 219 | "DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER'S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS"

[54]   DOC 212-1, PID 757-766 | https://rico.jefffenton.com/evidence/2024-10_comms-with-usat-ryan-cobb-about-redactions.pdf
DOC 212-1, PID 767-783 | https://rico.jefffenton.com/evidence/2024-11_comms-with-usat-anica-jones-about-redactions.pdf

[55]   DOC 211, PID 689-723 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf
DOC 212, PID 730-907 | https://rico.jefffenton.com/evidence/2025-02-10_tn-motion-to-minimize-or-remove-redactions.pdf

[56]   https://rico.jefffenton.com/evidence/2025-01-17_email-service-of-elaine-beeler-via-lisa-carson.pdf
DOC 183, PID 327-330 | https://rico.jefffenton.com/3-24-cv-01282/doc/183.pdf

[57]   DOC 114, PID 5623-5632 | https://rico.jefffenton.com/3-24-cv-01282/doc/114.pdf

53.    In DOC 78, PID 5082, paragraph 4, counsel for "The Tennessee Defendants" claimed[58], "Plaintiff wildly, and without merit, accuses all of the Defendants of numerous counts of fraud, coercion, vulnerable adult abuse, IIED, NIED, abuse of process, conspiracy, RICO, and violations of the U.S. Constitution as well as numerous statutes, the bankruptcy act and the ADA."

54.    My response to "The Tennessee Defendants" stated in part[59], "This is a verified complaint, substantiated by roughly 5,000 pages of sworn testimony and evidence, including court transcripts which prove beyond any shadow of a doubt that obscene and horrific misconduct took place, including many (if not all of those) "wild" claims which counsel fraudulently claims are "without merit". This is gas lighting; it is improper to respond to a verified complaint without specificity. If it is not worth counsel's time to write exactly what they claim is "without merit" and have an affidavit sworn to under the penalty of perjury by the defendant to substantiate their claim, then it's not worth my time to respond or the court's time to read it. They have no right to claim anything is without merit, without specificity and sworn testimony. That is plain abusive harassment. Which is no more an appropriate lawful response or substitute for a "responsive pleading" than standing in the doorway flexing your muscles, while chanting that the deep pockets of the state stand behind them."

55.    Afterwards, did "The Tennessee Defendants" follow-up with specificity and sworn testimony to challenge and try to disprove my "wild" claims? No, they never brought it up again.

---

[58]    DOC 78, PID 5081-5084 | https://rico.jefffenton.com/3-24-cv-01282/doc/78.pdf
[59]    DOC 110, PID 5584-5593 | https://rico.jefffenton.com/3-24-cv-01282/doc/110.pdf

56. After the Tennessee Attorney General and Reporter obtained custody of this case, first their office filed a motion for an extension of time[60], stating in part, "Undersigned counsel requires time to thoroughly review the Amended Complaint and the extensive number of exhibits attached to it. This request is not made to prolong justice or impede the swift resolution of these matters. For these reasons, Defendants request that the Court grant this motion to respond to the Amended Complaint by December 20, 2024."

57. It actually looked like they were taking the case seriously and planning to respond to the complaint based on the substantial merits in the case, which I was glad to grant them extra time for.

58. Unfortunately, on December 20, 2024, the Attorney General's Office filed a **two-paragraph** motion to dismiss, stating instead, "Eleventh Amendment immunity bars suits against the State, state agencies, and state officials in their official capacity. Absolute judicial immunity shields Chancellor Binkley from suit in his individual capacity. And the claims against Mr. Hivner, Mr. Coke, and Ms. Garrett in their individual capacities should be dismissed because a criminal statute does not create a private right of action and the statute of limitations bars the remaining civil claims. For these reasons, the State Defendants request that the Court grant their motion to dismiss."

59. Somehow, they overlooked the **first ten amendments** to the United States Constitution, known as the "**Bill of Rights**", and jumped directly to the eleventh, to materially misrepresent some of the core values, underlying themes, and primary purposes of that document, through a practice known as "proof-texting", to twist the language out of context to do their bidding.

---

[60]   DOC 166, PID 140-142 | https://rico.jefffenton.com/3-24-cv-01282/doc/166.pdf

60.    Gone were the lies about my "wild" claims "without merit" made by their prior counsel in Michigan, and instead the Tennessee Attorney General's Office gave this court and my complaint the proverbial middle finger, without choosing to answer or defend a single action or inaction by the state defendants.

61.    What do you want to bet that this "one finger salute" filed by the Tennessee Attorney General's Office in those two brief paragraphs fails to provide the court with an honest, ethical, lawful response to my complaint?  One which reasonably complies with the requirement in F.R.Civ.P. 11(B), that the Attorney General's Office "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[61]" that **two paragraph** pleading is actually **appropriate** and **true**?

62.    **I'll bet my life that it is not,** while that is the precise problem I'm experiencing with most of the defendants and pleadings filed in this matter.

"Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law." *Warnock v. Pecos County, Texas.*, 88 F3d 341 (5th Cir. 1996)

"When a judge acts intentionally and knowingly to deprive a person of his constitutional rights he exercises no discretion or individual judgment; he acts no longer as a judge but as a "minister" of his own prejudices." 386 U.S. 547, 568

"A judge is liable for injury caused by a ministerial act; to have immunity the judge must be performing a judicial function." *See, e.g., Ex parte Virginia,* 100 U.S. 339; 2 Harper & James, The Law of Torts 1642-1643 (1956).

---

[61]    https://www.law.cornell.edu/rules/frcp/rule_11

The presence of malice and the intention to deprive a person of his civil rights is wholly incompatible with the judicial function.

63.     Yet if the court takes them at face value, while I've had nowhere near enough time to respond to all of their misconduct, trusting them to have done the proper due diligence in this matter, then nearly half the defendants in this case could walk without answering for a single action or inaction which was previously portrayed by their counsel as being *so outrageous* that it couldn't possibly be true.  But it is **true** and I reasonably believe that the Tennessee Attorney General's Office knows it.

64.     Upon information and belief, many of these defendants are not honest people[62]. Many have violated their oaths of office repeatedly, which the courts have said in the past equates to being "engaged in acts of treason".  They are <u>not</u> going to act honestly, honorably or show good professional conduct unless this court **forces them to**.

> Note: Any judge who does not comply with his oath to the Constitution of the United States wars against that Constitution and engages in acts in violation of the supreme law of the land. The judge is engaged in acts of treason. The U.S. Supreme Court has stated that "no state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it". Cooper v. Aaron, 358 U.S. 1, 78 S. Ct. 1401 (1958); See also In Re Sawyer, 124 U.S. 200 (188); U.S. v. Will, 449 U.S. 200, 216, 101 S. Ct. 471, 66 L. Ed. 2d 392, 406 (1980); Cohens v. Virginia, 19 U.S. (6 Wheat) 264, 404, 5 L. Ed 257 (1821).

---

[62]   DOC 19, PID 2617-2716 | https://rico.jefffenton.com/evidence/2019_tn-court-motions-in-chronological-order.pdf

65.     Upon information and belief, this court has a responsibility to **require** and when necessary to **compel** the defendants and their counsel to **tell the truth** and operate honestly, ethically, and honorably in court filings, regardless of whether the defendants *want to* or not.

66.     Upon information and belief, any motion pending before this court, which has the potential of being the deciding argument for having *any* of the defendants permanently released from this lawsuit, without providing my family any remedy for the harm caused, must have *every* reasonable assurance **it has been filed honestly**, in good faith, **in full compliance** with F.R.Civ.P. Rule 11(b).

67.     Upon information and belief, I've already **proven**[63] to this court that the oath of office taken by BAR members, and their responsibilities thereunder are **insufficient** to compel some of the defendants and their counsel to operate honestly and ethically in their pleadings filed in this lawsuit.

68.     **I have lost** my home, my life savings, my retirement, my stream of income, my freedom, my pursuit of happiness, my hobbies, my constitutional rights, my physical, financial, and legal independence, the community I lived peacefully in and loved for 25 years, along with health care providers, support systems, and friends I had known and worked with for decades, all because of lies and unethical pleadings, not so different than those which I have already exposed the defendants and their counsel filing in this case.

---

[63]  DOC 101, PID 5375-5390 | https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf
DOC 100, PID 5343-5374 | https://rico.jefffenton.com/evidence/2024-10-08_motion-all-filings-be-under-penalty-of-perjury.pdf
DOC 99, PID 5328-5342 | https://rico.jefffenton.com/evidence/2024-10-08_motion-for-sanctions-against-story-for-lying.pdf
DOC 212-1, PID 757-766 | https://rico.jefffenton.com/evidence/2024-10_comms-with-usat-ryan-cobb-about-redactions.pdf
DOC 212-1, PID 767-783 | https://rico.jefffenton.com/evidence/2024-11_comms-with-usat-anica-jones-about-redactions.pdf
DOC 211, PID 689-723 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf
DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

69.     Upon information and belief, this court needs to significantly raise the bar for all pleadings, to begin **forcing** the defendants and their counsel to **operate honestly** in compliance with the court's codes of conduct, without giving them more opportunities to **hurt me** with lies and perverted pleadings.

70.     That is the **exact** purpose of my "AMENDED MOTION TO REQUIRE ALL FILINGS TO INCLUDE A CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF PERJURY (EXPEDITED CONSIDERATION REQUESTED)[64]" in DOC 100, 100-1, PID 5343-5374.

71.     Upon information and belief, if the court is unable to certify that the defendants and their counsel are telling the **truth** in their pleadings, under the penalty of perjury, it is obscene to consider the court releasing **any** of the defendants from liability which I have clearly suffered, after certifying, swearing, and even evidencing on the record that the defendants have caused me, while swearing that to be the **truth** under the pains and penalty of perjury. Obviously, I have gone to more trouble and invested far more work than most middle-class litigants ever can or will to have this matter fairly and honestly adjudicated by the court.

72.     Upon information and belief, requiring all pleadings to be honest and ethical is "ground zero" in this lawsuit, to fairly and honestly adjudicate anything, and we still aren't even there yet.

73.     Upon information and belief, if anyone argues that the above motion is not needed, then we need to start holding "emergency hearings" for **sanctions** immediately (instead of to release defendants as improperly claimed), to compensate me for the real damages I have suffered, exposed, and proven was caused by the defendant's counsel, through lies and misconduct.

---

[64]   DOC 100, PID 5343-5374 | https://rico.jefffenton.com/evidence/2024-10-08_motion-all-filings-be-under-penalty-of-perjury.pdf

Initials: _____

74.     Upon information and belief, either I need the defendants to be compelled to tell the **truth** and operate **ethically**, or I need to be quickly **compensated**, with additional **time** (toward pending matters) and **money**, once I prove they have violated the court's trust **again**, so that I can afford to hire counsel to help me articulate and survive their misconduct.  One or the other.

75.     Upon information and belief, to me that seems like the lowest bar of what is "reasonable" under the circumstances.

76.     Upon information and belief, I've yet to see any of the defendants answer my complaint based upon the merits or deny the claims therein in any significant capacity while swearing to be telling the truth under the penalty of perjury, as my complaint is sworn and certified accurate and true.  I have furthermore yet to see a single responsive pleading filed by any of the defendants or their counsel, which I honestly believe complies with F.R.Civ.P. Rule 11(B), "formed [by defendant's counsel] after an inquiry reasonable under the circumstances[65]".

77.     In truth, I haven't had **time** yet to **read** every word filed in this matter by the defendant's counsel, but of the many motions which I have read, the facts have been perverted with material misrepresentations while not appearing to acknowledge the substantial constitutional merits or most significant justice interests woven throughout this lawsuit.

78.     Upon information and belief, many of the papers filed to date by the defendant's counsel, have been filed for improper purposes, to tax me with extra work (process), while grasping at seemingly any frivolous argument by which to seek release or dismissal from this lawsuit, without showing any interests or responsibility for the unconscionable misconduct clearly evidenced in the record of this lawsuit, or the merits for which this case has been filed.

---

[65]    F.R.Civ.P. Rule 11(B) "…an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…" | https://www.law.cornell.edu/rules/frcp/rule_11

Initials:

**SUPPORTING DOCUMENTS FOR THE MOTION TO STAY
ALL DISPOSITIVE MOTIONS**

79.     "DECLARATION REGARDING FINANCES, MARITAL ROLES, PROPERTY, EDUCATION, EARNING CAPACITY, SPOUSAL SUPPORT, AND FRAUD (AMENDED)[66]", filed in DOC 214, PID 911-975.

80.     The document above describes how the defendants egregiously and unconscionably violated my *constitutional* rights along with my most basic *natural* human rights in the preceding matters in Tennessee's state and federal courts. Detailing how they illegally deprived me of my Brentwood marital residence, the sum total of my life's savings and even my premarital retirement investments, worth over *nine hundred thousand dollars* today combined, without one dollar to my benefit, by a court without lawful jurisdiction, to hear and dispose of the matters before it, by undisclosed close family friends and partying/vacationing[67] buddies. This also clarifies the crimes committed by the bankruptcy court and counsel, which Bankruptcy Judge Charles M. Walker "reasonably should [have] know[n][68]" were being executed improperly by both courts, while he signed off on it without bringing any of the concerns to light, failing or refusing to provide me and my two lawful tenants/roommates[69] with "adequate protection" throughout my ex-wife's secret bankruptcy, in strict violation of the federal rules of bankruptcy procedure and federal law[70].

---

[66]   DOC 214, PID 911-975 | https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf

[67]   DOC 43, PID 3726-3729 | https://rico.jefffenton.com/evidence/2018-08-30_tennessean-story-hosts-vacations-with-judges.pdf
       DOC 44, PID 3740-3741 | https://rico.jefffenton.com/evidence/2018-09-24_tenn-binkley-defends-partying-with-lawyers.pdf
       DOC 54-1, PID 4368 | https://rico.jefffenton.com/evidence/2021-03-21_knox-news-binkley-threatens-prior-restraints.mp4
       DOC 1-14, PID 597-640 | https://rico.jefffenton.com/evidence/2021-03-21_knox-news-binkley-threatens-prior-restraints.pdf

[68]   Tenn. R. Sup. Ct. 1.0 TERMINOLOGY: "(j) "Reasonably should know," when used in reference to a lawyer, denotes that a lawyer of reasonable prudence and competence would ascertain the matter in question." (https://www.tncourts.gov/rules/supreme-court/8)

[69]   DOC 45, PID 3800-3807 | https://rico.jefffenton.com/evidence/2019-03-26_fenton-sunnyside-roommate-lease-merriman.pdf
       DOC 45, PID 3808-3813 | https://rico.jefffenton.com/evidence/2019-04-09_fenton-sunnyside-roommate-lease-garcia.pdf

[70]   DOC 38, PID 3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf

81. "NOTICE TO ALL BAR MEMBERS[71]" filed in DOC 216, PID 984-1015.

82. This document explains and demonstrates that bad actors have captured the Board of Professional Responsibility of the Supreme Court of Tennessee, while leveraging it to protect some of the absolute worst actors involved in the "practice of law" throughout the State of Tennessee, including some of the defendants in this matter. This document further shows how those bad actors are leveraging that same board to *retaliate* against and *remove* some of the absolute best in class attorneys, from the "practice of law" in Tennessee, who have proven themselves to be fearless whistleblowers, devoted to defending the rights of the people against powerful local court corruption. These courageous and wrongfully persecuted whistleblowers have shown that they are willing to stand up against, report, and challenge *judicial misconduct* (as every BAR member is *required* to report, but few ever do), as well as other forms of *court corruption* in Williamson County Tennessee, despite the unconscionably harsh retaliation they have and continue to experience from the state as a result.

83. This document explains the ethical and legal responsibilities and potential fiscal liability of every BAR Member involved in this lawsuit. From licensed federal court employees to the defendants, to their counsel in this lawsuit, and the law firms defending each, including even the owners of each of those law firms.

84. Upon information and belief, every BAR member has a duty to report *attorney* and *judicial misconduct* rising to the level clearly proven repeatedly throughout this lawsuit, as well as *felony* crimes committed which they become aware of.

85. Upon information and belief, this document confronts the fact that it would be fundamentally unfair if not irresponsible for this court to *trust* the defendants and their counsel to *comply* with their oaths of office, to testify *honestly*, and for their pleadings to *comply* with F.R.Civ.P.

---

[71] DOC 216, PID 984-1015 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

Rule 11(b), without some other *mechanism*[72] to compel or ensure that they do so. While providing

evidence proving multiple violations have already taken place in this case.

86.    "DECLARATION EXPLAINING MY PURSUIT OF JUSTICE[73]" filed in DOC

207, PID 583-685.

87.    This document explains many of my efforts to seek justice, some of the obstacles I

have encountered and misconduct I have experienced caused by the defendants, while clarifying

that the primary objective of this lawsuit is expressly devoted toward pursuing the critical justice

interests in this lawsuit, which are both constitutionally guaranteed and reasonably necessary for

*anyone* to be secure in their rights, in absolute alignment with the purpose of our federal courts.

"District courts conduct trials and hearings, resolving disputes by

determining the facts and applying the law to those facts.[74]"

88.    Upon information and belief, therefore entertaining any dispositive motion at this

point would be extremely **premature**, because the court hasn't "conduct[ed any] trials [or]

hearings" yet, nor have they begun to "determin[e] the facts", or to "apply[] the law to those facts".

89.    Upon information and belief, I have invested well over *six thousand* hours of work

into this lawsuit to date, working at least *ten hours* per day, and at least *six days* per week (often

seven), for the past *two years,* nonstop. I believe that I deserve more than *two paragraphs* in return,

accompanied by a *one finger salute*!

90.    The lawless and unethical actions by the defendants has rendered my life *financially*

*unsustainable*, while no remedy of *any* sort has yet been available to remedy that.

---

[72]   DOC 100, PID 5343-5374 | https://rico.jefffenton.com/evidence/2024-10-08_motion-all-filings-be-under-penalty-of-perjury.pdf

[73]   DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

[74]   https://www.uscourts.gov/about-federal-courts/court-role-and-structure/about-us-district-courts

## THE EVIDENCE IS ON THE RECORD

91.     Upon information and belief, as absurd as the odds are against me in this lawsuit, that is not due to the facts or the evidence, but rather how difficult it is to obtain a *just* remedy, especially against such an enormous wall of power, as I am up against; even when the plaintiff has a massive amount of clear and convincing facts and evidence, while some are even literally **irrefutable**. The conditions which caused this catastrophe of conscience throughout Middle Tennessee's court culture were a result of the state's negligence and failure, year after year, to properly discipline attorney and judicial misconduct as **required**.

92.     Upon information and belief, this is a case where the power of the players has been more significant *so far* than the **law** and possibly even the court's ability to enforce it. There is no question whether the defendants substantially did as I have claimed, regardless of how "unbelievable", egregious, and repugnant of the law their actions actually were. **The evidence is on record, it's not even worth them contesting the facts, and so they have not.**

93.     Why isn't Tennessee fervently acting to *discipline* the bad actors while *protecting* the public from this happening again? Upon information and belief, apparently because nobody so far will **force** them to. This is <u>not</u> an isolated case[75]! Both the court and every defendant in this matter can clearly see the **truth** of what has transpired. While having both ethical and lawful responsibilities[76] to report, confront, stop, correct, discipline *attorney* and *judicial misconduct* as well as *felony crimes*.

---

[75]   DOC 102, PID 5391-5468 | https://rico.jefffenton.com/evidence/2024-10-09_concerns-about-transferring-to-tennessee.pdf
       DOC 215, PID 976-983 | https://rico.jefffenton.com/evidence/2025-01-24_i-protest-with-donald-jeffries-podcast.mp4
[76]   DOC 216, PID 984-1015 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

94.     Upon information and belief, if this case was backed by a strong national law firm, such as the **Institute for Justice**, I'm willing to bet the defendants would have already pooled resources and tried to settle this matter as quickly and quietly as they could. **Because on the merits and the evidence, the defendants don't have a chance!** While the best chances they can attempt to explore and argue, will still be repugnant of the public's trust, having to do with how long it has taken me, as an indigent, disabled, *pro se* litigant, to finally get them all in front of a court, while they continue to play games dodging service, refusing to make an appearance, and claiming government immunity, for *felony crimes* clearly committed with *malicious* intent.

95.     Upon information and belief, if this case was being passionately represented by a legal powerhouse such as Robert Barnes, it would probably be for *ten* to a *hundred times* the amount of money as my lawsuit is presently for, and rightfully so, because there clearly is insufficient disincentive to compel states to *do the right thing* and protect the rights and property of people living within their boundaries, instead of the local bullies who prey upon the public for illicit private gain.

96.     What should the **compounding factor** be when a member of the public is savagely betrayed and preyed upon by powerful public and private bad actors working together in concert, while committing felony crimes against the vulnerable, who then is repeatedly denied help, for several years, by roughly a dozen people holding elevated offices of public trust?

97.     How should that **compounding factor** affect the statute of limitations for the crimes they collectively committed against him?

98.     *Should* the court *order* bad actors to *pay for counsel* to help the plaintiff and victim reach a reasonable remedy for the crimes they committed against him? Upon information and belief, the court **could** pursuant to **sanctions** under F.R.Civ.P. Rule 11(b).

99. Upon information and belief, I think the court should. Bad actors shouldn't be able to collectively cause people damages which literally exceed their ability to reach a remedy, *at no fault of their own.*

100. Upon information and belief, meanwhile no attorneys will take this case because of how the Tennessee Supreme Court has harshly retaliated against and penalized whistleblowers who have stood up to *judicial misconduct* and *court corruption* in Tennessee during recent years[77].

101. Upon information and belief, there are a lot of similarities between how the Board of Professional Responsibility of the Supreme Court of Tennessee[78] has and continues to protect some of the defendants in this lawsuit, such as defendants Binkley and Story, while ignoring repeated complaints about their misconduct, and how the State Bar of California[79] protected Thomas Girardi[80] and the Girardi Keese law firm *for years* while ignoring and refusing to discipline him for one of the most prolific and heinous cases of *attorney misconduct* recorded in our nation.

102. **That's not acceptable.** This is being done at the substantial detriment of public health and safety, for private criminal interests, through misappropriation of public resources!

103. At the end of the day, no matter what anyone claims, the sale of my home was illegally executed using "fraud on the court by officers of the court" (which has no statute of limitations). Executed using a racketeering conspiracy[81] between law firms and government bad

---

[77] DOC 58-5, PID 4718-4722 | https://rico.jefffenton.com/evidence/2024-05-02_reguli-lawsuit-against-wilco-tn-gov-corruption.pdf
DOC 58-3, PIC.4632-4710 | https://rico.jefffenton.com/evidence/2024-02-16_tnsc-disbarred-whistleblower-brian-manookian.pdf
DOC 58-4, PID 4712-4716 | https://rico.jefffenton.com/evidence/2024-02-16_tnsc-manookian-disbarment-opinion-justice-lee.pdf

[78] DOC 207-1, PID 620-639 | https://rico.jefffenton.com/evidence/tnsc-board-of-professional-responsibility-weaponization.pdf

[79] Girardi attached "Exhibit A" | https://rico.jefffenton.com/evidence/girardi-investigation-for-the-state-bar-of-california.pdf

[80] Thomas Girardi | See attached "Exhibit A" and "Exbibit B".
Girardi attached "Exhibit B" | https://rico.jefffenton.com/evidence/girardi-lion-air-flight-610-crash-memorandum-order.pdf
https://podcasts.apple.com/us/podcast/edelson-v-girardi-collapse-of-a-titan/id1654960102?i=1000602422362
https://davisvanguard.org/2023/06/petition-for-antitrust-complaint-against-state-bar-and-chairman-filed-and-decided-without-complainants-knowledge/

[81] DOC 53, PID 4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf

actors, in both state[82] and federal[83] courts concurrently, by a *biased* judge[84] with a reputation for boisterous misconduct[85], without the lawful jurisdiction[86] to hear or dispose of my home. By two undisclosed close family friends of ill repute[87], who did so without due process[88], an impartial tribunal, or equal protection under the law.

No matter what **anyone** claims, the related Chancery Court orders to sell my home[89] are, always have been, and as a matter of law can never be anything other than **VOID**[90]. Bias, fraud on the court, obstruction of justice, unconscionable attorney and judicial misconduct, take your pick… there is no statue of limitations for vacating a void judgment or seeking a remedy, while a void judgment can never be repaired or made valid. Similarly, courts have a responsibility to vacate void judgments, and to award damages wherever a rule for damages applies.

### JUDICIAL BIAS, FRAUD ON THE COURT, AND VOID JUDGMENTS

"An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, **as inoperative as though it had never been passed."** *Norton v. Shelby County*, 118 U.S. 425 p. 442 (emphasis added).

---

[82]  DOC 19, PID 2617-2716 | https://rico.jefffenton.com/evidence/2019_tn-court-motions-in-chronological-order.pdf

[83]  DOC 38, PID 3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf

[84]  DOC 68, PID 5009-5029 | https://rico.jefffenton.com/evidence/2024-08-22_memorandum-of-law-about-void-tn-court-orders.pdf

[85]  DOC 54-1, PID 4368 | https://rico.jefffenton.com/evidence/2021-03-21_knox-news-binkley-threatens-prior-restraints.mp4
DOC 1-14, PID 597-640 | https://rico.jefffenton.com/evidence/2021-03-21_knox-news-binkley-threatens-prior-restraints.pdf
DOC 43, PID 3696-3697 | https://rico.jefffenton.com/evidence/2017-02-01_wsmv-binkley-arrest-expunged-by-moreland.pdf

[86]  DOC 54-1, PID 4367 | https://rico.jefffenton.com/evidence/2020-07-02_bk-trustee-john-mclemore-recorded-call.mp3
DOC 28, PID 3276-3288 | https://rico.jefffenton.com/evidence/2020-07-02_bk-trustee-john-mclemore-call-declaration.pdf

[87]  DOC 43, PID 3726-3729 | https://rico.jefffenton.com/evidence/2018-08-30_tennessean-story-hosts-vacations-with-judges.pdf
DOC 44, PID 3740-3741 | https://rico.jefffenton.com/evidence/2018-09-24_tenn-binkley-defends-partying-with-lawyers.pdf

[88]  DOC 33, PID 3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf

[89]  DOC 19, PID 2617-2716 | https://rico.jefffenton.com/evidence/2019_tn-court-motions-in-chronological-order.pdf

[90]  DOC 48, PID 4019-4029 | https://rico.jefffenton.com/evidence/2019-10-29_1986-sunnyside-real-estate-deed-fraud.pdf

**"Fraud upon the court"** has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a **fraud perpetrated by <u>officers of the court</u> so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases** that are presented for adjudication." *Kenner v. C.I.R.*, 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court **is not in essence a decision at all, and never becomes final"** (emphasis added).

"Courts are constituted by authority and they cannot go beyond that power delegated to them. **If they act beyond that authority, and certainly in contravention of it, their judgements and orders are regarded as nullities; they are not voidable, <u>but simply void</u>, and this even prior to reversal.**" *WILLIAMSON v. BERRY*, 8 HOW. 945, 540 12 L. Ed. 1170, 1189 (1850) (emphasis added).

"Where rights secured by the Constitution are involved, **there can be no 'rule making' or legislation which would abrogate them."** *Miranda v. Arizona*, 384 U.S. 426, 491; 86 S. Ct. 1603 (emphasis added).

In 1994, the U.S. Supreme Court held that "**Disqualification is required** if an objective observer would entertain *reasonable* questions about the judge's impartiality. If a judge's **attitude** or **state of mind** leads a detached observer to conclude <u>that a fair and impartial hearing is unlikely</u>, **the judge must be disqualified."** *Liteky v. U.S.*, 114 S.Ct. 1147, 1162 (1994) (emphasis added).

Courts have repeatedly held that positive proof of the partiality of a judge is not a requirement, **only the appearance of partiality.** *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 108 S.Ct. 2194 (1988) (emphasis added).

That Court also stated that Section 455(a) "**requires a judge to recuse himself** in any proceeding in which her impartiality might **reasonably** be questioned." *Taylor v. O'Grady*, 888 F.2d 1189 (7th Cir. 1989) (emphasis added).

The Supreme Court has ruled and has reaffirmed the principle that "**justice must satisfy the appearance of justice**", *Levine v. United States*, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing *Offutt v. United States*, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954) (emphasis added).

"Recusal under Section 455 is self-executing; a party need not file affidavits in support of recusal and **the judge is obligated to recuse herself sua sponte** under the stated circumstances." *Taylor v. O'Grady*, 888 F.2d 1189 (7th Cir. 1989) (emphasis added).

Should a judge not disqualify himself, **then the judge is violation of the Due Process Clause of the U.S. Constitution.** *United States v. Sciuto*, 521 F.2d 842, 845 (7th Cir. 1996) ("The right to a tribunal free from bias or prejudice is based, not on section 144, but on the Due Process Clause.") (emphasis added).

This cannot be ignored its fact recorded! Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, **or acted in a manner inconsistent with due process**, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. *Const. Amend. 5 -Klugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985) (emphasis added).

**When appeal is taken from a void judgment, the appellate court must declare the judgment void**, because the appellate court **may not address the merits**, *it must set aside the trial court's judgment and dismiss the appeal.* A void judgment may be attacked at any time by a person whose rights are affected. See *El-Kareh v. Texas Alcoholic Beverage Comm'n*, 874 S.W.2d 192, 194 (Tex. App.-Houston [14th Dist.] 1994, no writ); see also *Evans v. C. Woods, Inc.*, No. 12-99-00153-CV, 1999 WL 787399, at *1 (Tex. App.-Tyler Aug. 30, 1999, no pet. h.) (emphasis added).

**The Court Has a Responsibility to Correct a Void Judgment:** The statute of limitations **does not apply** to a suit in equity to vacate a void judgment. (*Cadenasso v. Bank of Italy*, p. 569; Estate of Pusey, 180 Cal. 368,374 [181 P. 648].) This rule holds as to all void judgments. In the other two cases cited, *People v. Massengale* and *In re Sandel*, the courts confirmed the judicial power and responsibility to correct void judgments (emphasis added).

**A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid.** A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, **or an order procured by fraud**, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court. See *Long v. Shorebank Development Corp.*, 182 F.3d 548 (C.A. 7 Ill. 1999) (emphasis added).

When rule providing for relief from void judgments is applicable, **relief is not discretionary matter, but is mandatory.** *Omer. V. Shalala*, 30 F.3d 1307 (Colo. 1994) (emphasis added).

"The innocent individual who is harmed by an abuse of governmental authority **is assured that he will be compensated for his injury.**" *Owen v. City of Independence* (emphasis added).

Society's commitment to institutional justice **requires that judges be solicitous of the rights of persons** who come before the court. *Geiler v. Commission on Judicial Qualifications*, (1973) 10 Cal.3d 270, 286 (emphasis added).

## ALL RIGHTS RESERVED TO ADD, AMEND, AND FURTHER SUBSTANTIATE

104.    Due to the large number of defendants in this matter and outstanding motions which I need to both file and respond to in order to protect my rights, I have worked hard to file documents on the record recently which testify to and prove the **truth** to counter false claims made by multiple defendants in their motions.  This way I can focus more resources on trying to clearly articulate the truth, rather than swatting down lies, in a more robust, comprehensive, and hopefully understandable fashion.

105.    Due to the depth and breadth of this lawsuit, and the high number of powerful bad actors involved, most of whom have repeatedly violated the court's codes of conduct and acted in ways contrary to law and unbecoming of officers of the court, in many matters it is extremely difficult to quickly and concisely state the **truth**, while presenting it in a manner which makes sense and is believable on the face.  That is not my fault.  That is one of the strategic elements of *predatory litigation*[91] which makes it difficult to catch, articulate, and communicate to others, to reach help.

---

[91]    https://jefffenton.com/predatory-litigation-how-us-courts-were-designed-to-produce-justice-why-they-fail-how-to-restore-justice-again/
https://tninjustice.org/predatory-litigation-101/

Initials:

106.    Therefore I have worked hard to articulate, explain, and evidence many complex matters on the record in declarations focused on communicating specific aspects, such as my "DECLARATION EXPLAINING MY PURSUIT OF JUSTICE[92]", my "NOTICE TO ALL BAR MEMBERS[93]", and my "DECLARATION REGARDING FINANCES, MARITAL ROLES, PROPERTY, EDUCATION, EARNING CAPACITY, SPOUSAL SUPPORT, AND FRAUD[94]."

107.    My hope is that the court and/or the defendants will consider the facts, truth, and evidence in those documents, while applying those pleadings as objections and replies to any motions by the defendants or portions thereof claiming otherwise, to substantially reduce the scope of pleadings which I must individually address to prevent another miscarriage of justice.  Without requiring me to redundantly copy and paste substantial chunks of facts and pleadings into multiple objections to motions filed by the defendants, alleging similar claims.  (I honestly don't know *how* to communicate the *truth* about many of these matters in a more concise fashion than I already have.)

108.    This would make far more efficient use of the court's time and everyone else's in this matter, to help quickly dispense with frivolous claims without exhausting more of my critically limited time and resources, defending myself against and responding to motions, or portions therein, which probably *never* should have been filed by opposing counsel in the first place. Considering the **truth** exposed and evidenced in the record by my filings, combined with the requirements in F.R.Civ.P. Rule 11(b)[95], not to file documents "for any improper purpose[96]", and "[b]y presenting to the court a pleading, written motion, or other paper[97]" that the defendant's counsel "certifies that to the best of the person's knowledge, information, and belief, formed after

---

[92]    DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

[93]    DOC 216, PID 984-1015 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

[94]    DOC 214, PID 911-975 | https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf

[95]    https://www.law.cornell.edu/rules/frcp/rule_11

[96]    F.R.Civ.P. Rule 11(b)(1)

[97]    F.R.Civ.P. Rule 11(b)

an inquiry reasonable under the circumstances[98]" that the claims therein "are warranted by existing law or by a nonfrivolous argument[99]", with meaningful "evidentiary support[100]", with only those denials which are "warranted on the evidence[101]".

109.     That does **not** mean that I am *forfeiting* my right or opportunity to provide the court with a direct, robust, well researched rebuttal to each and every claim made by every defendant, should the court require me to in order to apply the *truth* in my *pleadings* for my benefit to any matters being considered by the court.  That will certainly take me a lot more time, while I believe that the interests of justice in the matters before this court require the court to provide me extensions of time as are reasonably needed, to protect my constitutional rights to due process and equal protection under the law, while obviously needing to make some accommodations to compensate for the almost impossible odds of having thirty-four well-funded professionals, plus almost as many attorneys representing them, against *one* indigent *pro se* litigant with significant communication *disabilities*[102] and only a high school *education*.  The goal is a **substantially just** result, all the same.

> "Following the simple guide of rule 8(e) that all pleadings shall be so construed as to do substantial justice"..."The federal rules reject the approach that pleading is a game of skill **in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits**" (emphasis added).  *Conley v. Gibson*, 355 U.S. 41 at 48 (1957)

---

[98]   F.R.Civ.P. Rule 11(b)

[99]   F.R.Civ.P. Rule 11(b)(2)

[100]   F.R.Civ.P. Rule 11(b)(3)

[101]   F.R.Civ.P. Rule 11(b)(4)

[102]   DOC 52, PID 4254-4257 | https://rico.jefffenton.com/evidence/tn-ada-disabilities-exploited-for-advantage-ocpd-merck.pdf
     DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf
     DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

110.    I have tried to address many of the false claims repeated by multiple defendants, in the best way I know how to communicate them.  If I need to later go back and provide direct pleadings to each and every claim in every motion, I can and will do so, while specifically reserving my right herein, provided the court will allow me extensions of time as are necessary for that to be realistically possible for me.

111.    I am doing this in good faith to provide both the court and the defendants with a high-profile view of my posture in this lawsuit.  Hopefully, the court and the defendants can work to consolidate and/or strike the defendants' most frivolous motions, or portions therein, pending before this court, so I can focus on addressing those which the defendants and/or the court believe have honest, reasonable, merit considering the scope of this lawsuit, rather than being overtaxed with more attorney misconduct further delaying and deferring justice in these critical time sensitive matters.

## CASE MANAGEMENT AND SCHEDULING ORDER

112.    I am overwhelmed with a need to respond to a multitude of filings currently, several of which are frivolous, not knowing how I should prioritize them, which the court is most likely to entertain, or honestly how I should proceed from this point.

113.    I don't understand the role of a *pro se staff attorney*, or the scope/purpose of their involvement in this case, or the "initial review[103]" they are apparently preparing.  Similarly, I do not understand if or how this impacts what I should be focused on currently.  I move the court to provide me with some guidance, information, or notice regarding these questions.

114.    I move the court to begin case management and to apply my pleadings and objections already on record to the defendants' dispositive motions.

---

[103]  DOC 209, PID 687 | https://rico.jefffenton.com/3-24-cv-01282/doc/209.pdf

115.    I move the court to strike any motions filed by the defendant's counsel, which fail to clearly comply with F.R.Civ.P. 11(b), in light of my pleadings already filed on record in this case.

116.    I move the court to narrow the matters needing a response by me, and to provide me with a scheduling order so that I will understand how I need to prioritize responding to them, and to what depth, while allowing me ample time to address **one motion at a time**, because of the real limitations caused by my disabilities[104].

117.    In any instance where the court would otherwise rule contrary to my interests, I move the court to provide me with a clearly defined period of time to respond to each motion, on a point-by-point basis, factoring in a week for mailing time from Michigan to Tennessee, until or unless the court grants me ECF filing privileges.

118.    That is the only way I know whereby this court can rule fairly based upon the **merits** of the matters herein, instead of me simply being *overwhelmed, outperformed,* and *procedurally* defeated because I am a disadvantaged *pro se* litigant who *must* defend myself against *five* judges, *ten* attorneys, *five* law firms, *two* real estate firms, *two* auctioneers, *two* banks, *one* county, and *three* courts, with a total of *five* divisions of state government in Tennessee, plus over a *dozen* law firms representing the defendants, with *two* attorneys from each in most cases, while leveraging public federal, state, and county resources against me and the critical interests of justice in this case.

---

[104]   DOC 52, PID 4254-4257 | https://rico.jefffenton.com/evidence/tn-ada-disabilities-exploited-for-advantage-ocpd-merck.pdf

DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf

DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

**CONCLUSION**

**STAY PHASE-1, RULING ON CRITICAL MOTIONS**

119.     I move the court to **stay** all dispositive motions until the following tasks or events are completed, and I have **afterwards** had a fair opportunity to respond to each individual dispositive motion remaining, filed by the defendants and/or their counsel:

120.     Until after the court rules on my "AMENDED MOTION TO REQUIRE ALL FILINGS TO INCLUDE A CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF PERJURY (EXPEDITED CONSIDERATION REQUESTED)[105]" filed on October 10, 2024, in DOC 100, 100-1, PID 5343-5374.

121.     Until after the court rules on my "MOTION TO FILE ELECTRONICALLY AND FOR REMOTE PARTICIPATION (EXPEDITED CONSIDERATION REQUESTED)[106]" filed on January 21, 2025, in DOC 197, 191-1, PID 445-486.

122.     If the court denies *either* of the two motions above, *then* I move the court to escalate my motion for **sanctions[107]** against defendant Story and/or her counsel, and to extend this stay until after the court rules on that motion, or in the alternate the court *sua sponte* orders sanctions against defendant Walker[108] and/or the U.S. Attorney's Offices[109] for their deception and misconduct, resulting in the loss of literally hundreds of hours of my time and work, due to

---

[105]   DOC 100, PID 5343-5374 | https://rico.jefffenton.com/evidence/2024-10-08_motion-all-filings-be-under-penalty-of-perjury.pdf

[106]   https://rico.jefffenton.com/3-24-cv-01282/doc/197.pdf | https://rico.jefffenton.com/3-24-cv-01282/doc/197-1.pdf

[107]   DOC 99, PID 5328-5342 | https://rico.jefffenton.com/evidence/2024-10-08_motion-for-sanctions-against-story-for-lying.pdf

[108]   DOC 217, 218, 219 | "DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER'S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS"

[109]   DOC 211, PID 689-723 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf
      DOC 212, PID 730-907 | https://rico.jefffenton.com/evidence/2025-02-10_tn-motion-to-minimize-or-remove-redactions.pdf
      DOC 222, PID 1164-1214 | https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

dishonest and deceptive claims, which are unreasonable in light of the "DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER'S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS", filed in DOC 217, 218, and 219.

123.    This is the only way I know of, without the top two motions, where I will have access to the resources necessary to litigate this lawsuit for a remedy, unless the court orders some of the defendants to provide me with counsel due to their substantial egregious attorney and judicial misconduct[110] both in this matter as well as in the precipitating Tennessee actions.

### STAY PHASE-2, COMPLETING SERVICE & COMPELLING APPEARANCES

124.    I move the court to extend this stay of all dispositive motions, until I am able to complete the initial service of this lawsuit and the four outstanding defendants (to follow) have been compelled by the court to make an appearance in this matter, as explained in my "SECOND MOTION TO EXTEND TIME AND ASSIST WITH PERFECTING SERVICE[111]", filed with the court this past week.

---

[110]   DOC 22, PID 2818-2862 | https://rico.jefffenton.com/evidence/2019-08-01_chancery-hearing-transcript.pdf
DOC 33, PID 3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf
DOC 24, PID 2921-2947 | https://rico.jefffenton.com/evidence/2019-08-29_authentic-chancery-transcript-and-audio.pdf
DOC 23-4, PID 2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-audio-recording.mp3
DOC 23, PID 2863-2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-transcript-audio-markers.pdf
DOC 68, PID 5009-5029 | https://rico.jefffenton.com/evidence/2024-08-22_memorandum-of-law-about-void-tn-court-orders.pdf

[111]   https://rico.jefffenton.com/evidence/2025-03-05_second-motion-to-extend-time-for-service.pdf

125.    Below are the four outstanding defendants who have been served, yet have failed or refused to make an appearance in this matter to date (contact information for each is included in this motion[112]):

(1)  Attorney Kathryn Lynn Yarbrough[113]  (BPR# 032789)
     Proofs of Service: DOC 95, PID 5213-5234; DOC 180, PID 281-296

(2)  Bankers Title & Escrow Corporation[114]  (TN SOS Control #000259388)
     Proof of Service: DOC 201, PID 493-509

(3)  Attorney Alexander Sergey Koval[115]  (BPR# 029541)
     Proof of Service: DOC 192, PID 379-408

(4)  Spragins, Barnett & Cobb, PLC[116]  (TN SOS Control #000334328)
     Proof of Service: DOC 221, PID 1129-1163

## STAY PHASE-3, CASE MANAGEMENT, STRIKING FRIVOLOUS DEFENDANT MOTIONS, AND CREATING A SCHEDULING ORDER

126.    I move the court to strike any motions filed by the defendant's counsel, which fail to clearly comply with F.R.Civ.P. 11(b), in light of my pleadings already filed on record in this case.

127.    I move the court to strike frivolous motions, or parts thereof, filed by the defendants or their counsel, either based on the merits of my objections and recent filings, per this motion as outlined herein, or *sua sponte* in the interests of justice.  To substantially reduce the workload for me in filing individual objections, or in the alternative to *notify* me that the court will *not* do so, thereby narrowing and/or clarifying the scope of work before me.

---

[112]  https://rico.jefffenton.com/evidence/2025-03-05_second-motion-to-extend-time-for-service.pdf

[113]  DOC 95, PID 5213-5234 | https://rico.jefffenton.com/3-24-cv-01282/doc/95.pdf
       DOC 180, PID 281-296 | https://rico.jefffenton.com/3-24-cv-01282/doc/180.pdf

[114]  DOC 201, PID 493-509 | https://rico.jefffenton.com/3-24-cv-01282/doc/201.pdf

[115]  DOC 192, PID 379-408 | https://rico.jefffenton.com/3-24-cv-01282/doc/192.pdf

[116]  DOC 221, PID 1129-1147 | https://rico.jefffenton.com/3-24-cv-01282/doc/221.pdf
       DOC 221-1, PID 1148-1163 | https://rico.jefffenton.com/3-24-cv-01282/doc/221-1.pdf

**STAY PHASE-4, REQUIRING ALL DEFENDANTS TO ANSWER MY COMPLAINT BASED ON THE MERITS, CERTIFIED TRUE UNDER THE PENALTY OF PERJURY**

128.    I move the court to enter an order requiring every defendant in this lawsuit to file an answer based upon the **merits** of my complaint, while including specificity about any claims they seek to dispute or disavow, while including a declaration or affidavit with language specifically certifying that their claims, testimony, and contentions are in fact **correct** and **true**, sworn to under the penalty of perjury.

129.    I move the court to ensure that those orders are executed in a manner which ensures that any defendant found and proven later to have lied or provided material misrepresentations in their answer will be guilty of committing perjury.

130.    If for any reason this court denies this request, I move the court to provide me with an explanation or justification for this decision.

**STAY PHASE-5, SET EXPECTATIONS REGARDING THE ROLE OF THE PRO SE STAFF ATTORNEY, NOTICE IF I SHOULD WAIT FOR THEIR INITIAL REVIEW**

131.    I move the court to notify me what the role is of the *pro se* staff attorney[117], clarifying what my expectations should be, and whether or not I should *wait* upon the completion of their *initial review* prior to proceeding with filing more objections to the defendant's outstanding motions.

---

[117]  DOC 209, PID 687 | https://rico.jefffenton.com/3-24-cv-01282/doc/209.pdf

Initials:

**STAY PHASE-6, ANSWERING QUESTIONS AND PROVIDING CLARIFICATIONS**

132.    To quickly recap a concern: I am struggling to understand **how** best and most efficiently to respond to the defendants motions to dismiss. Whether to draft and file papers which address specific **topics** and **claims**, for example "Objection to all Defendant Claims that Service was Untimely", or whether I need to redundantly copy and paste the same responses into separate objections which I must file for each and every defendant making similar claims. Similarly, the interests of justice as related to each objection could be many pages long (possibly ten or twenty pages) and likely won't change much between objections, so do I need to redundantly repeat (copy and paste) that content into each and every individual objection?

133.    I move the court to answer those questions while noticing me about the most practical and efficient means for me to object to the defendant's remaining motions, so that we can quickly move past these matters to timely address the substantial merits of this lawsuit.

**STAY PHASE-7, ALLOW ME TIME TO RESPOND TO ALL REMAINING DISPOSITIVE MOTIONS AFTER THE COURT HAS RULED ON THE ABOVE**

134.    In the event that any part of this motion to stay is denied, I move the court to provide me an extension of time in all matters until the court has ruled on this motion and provided me notice of the order, and I have **afterwards** had a fair opportunity to respond to each individual dispositive motion remaining by the defendants and/or their counsel.

135.    I emphatically object to any party being released from this lawsuit and to this lawsuit to be dismissed, for any reason prior to this court addressing my papers and pleadings regarding attorney and judicial misconduct by the defendants and their counsel—along with that performed by the previous district court in Michigan—while allowing me an opportunity to fairly respond

after the court has ruled on those matters, to protect my interests in any and all matters before this court, prior to any dispositive rulings.

The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities." *Picking v. Pennsylvania Railway*, 151 F.2d. 240, Third Circuit Court of Appeals

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

All rights reserved.

Executed on March 9, 2025.

_____

JEFFREY RYAN FENTON, PRO SE
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

Page **48** of **48**

*I'm a human being, not a corporation or property. Please treat my case accordingly.*

**DOCUMENTS REGARDING** (CASE: 3:24-CV-01282):

1. SECOND MOTION TO STAY ALL DISPOSITIVE MOTIONS UNTIL SERVICE IS COMPLETED AND THE COURT HAS RULED ON PLAINTIFF'S OUTSTANDING EXPEDITED MOTIONS, WITH CLARIFICATIONS ABOUT HOW TO PROCEED

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2025, I mailed the foregoing or above-named papers to the United States District Court for the Middle District of Tennessee, at their address below, for filing in case number 3:24-cv-01282.

I further certify that on or before March 10, 2025, I am serving these same documents to the defendants or their counsel by first class or priority mail with postage prepaid at the addresses listed below. If for any reason beyond my control, I am unable to complete either on the date specified, I will do so on the very next business day.

UNITED STATES DISTRICT COURT (TNMD)
719 CHURCH ST
NASHVILLE, TN 37203-6940

MEGAN CALME & SARAH MATHEWS
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVE STE 400
NASHVILLE, TN 37203-1623

FENTON v. STORY et al.    Page 1 of 4    CASE NO. 3:24-cv-01282

Case 3:24-cv-01282    Document 224    Filed 03/12/25    Page 49 of 54 PageID #: 1369

PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
PO BOX 20207
NASHVILLE, TN 37202-4015

KATHRYN LYNN YARBROUGH
223 TOWN CENTER PKWY UNIT 1897
SPRING HILL, TN 37174-3040

LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIR STE 100
FRANKLIN, TN 37064-8039

CAROLINA MARTIN & COURTNEY WILLIAMS
GORDON & REES SCULLY MANSUKHANI, LLP
4031 ASPEN GROVE DR STE 290
FRANKLIN, TN 37067-2951

ALEXANDER SERGEY KOVAL
CLARK & WASHINGTON, P.C.
1321 MURFREESBORO PIKE STE 320
NASHVILLE, TN 37217-2858

ANTHONY NOEL & LARUA BASSETT
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN, PLLC
750 OLD HICKORY BLVD STE 200
BRENTWOOD TN 37027-4567

ANICA CLARISSA JONES
U.S. ATTORNEY'S OFFICE
719 CHURCH ST STE 3300
NASHVILLE, TN 37203-7155

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

THOMAS E. ANDERSON
1187 OLD HICKORY BLVD STE 125
BRENTWOOD, TN  37027-4248

GREGORY BROWN & WILLIAM HICKERSON
LOWE YEAGER & BROWN, PLLC
920 VOLUNTEER LANDING LN STE 200
KNOXVILLE, TN 37915-2584

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

B. GOLDAMMER & D. SUEDEKUM
KAY GRIFFIN, PLLC
222 2ND AVE N STE 340M
NASHVILLE, TN 37201-1649

G. CATE & K. INGRAM-HOGAN
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

ERIK HALVORSON
BRADLEY ARANT BOULT CUMMINGS
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

FENTON v. STORY et al.    Page 3 of 4    CASE NO. 3:24-cv-01282

Case 3:24-cv-01282    Document 224    Filed 03/12/25    Page 51 of 54 PageID #: 1371

## ELECTRONIC SERVICE OPTIONS

Many of my filings in this lawsuit are also made publicly available on the Internet, through my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2]. I typically try to do this as quickly as I can after filing them in court, depending upon my workload. Not every filing warrants being electronically published in this manner, while my time is extremely limited, therefore I cannot provide any guarantees about which documents will or will not be made available online, or exactly when.

For those interested, these files are usually "true" digitally created PDF files, in full color, often with optical character recognition enabled, sometimes with electronic bookmarks, and occasionally with a built-in table of contents which is hyperlinked for easy and efficient referencing, in my largest and most significant documents, such as my amended complaint[3].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

All rights reserved.

Executed on March 10, 2025.

_____

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

---

[1]   https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2]   https://jefffenton.com/digital-service-package-for-lawsuit/
      ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

[3]   DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

FENTON v. STORY et al.            Page **4** of **4**            CASE NO. 3:24-cv-01282

Case 3:24-cv-01282    Document 224    Filed 03/12/25    Page 52 of 54 PageID #: 1372







# EXHIBIT
1


PLAINTIFF'S EXHIBIT

**A-1**



MUNGER
TOLLES &
OLSON LLP

**PRIVILEGED AND CONFIDENTIAL**

# Independent Investigation for the State Bar of California: Summary of Findings and Recommendations

Mark B. Helm
Bart H. Williams
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100

**24870086.1**

**ATTORNEY-CLIENT PRIVILEGE**
**ATTORNEY WORK PRODUCT**



PRIVILEGED AND CONFIDENTIAL

This report summarizes the major findings and recommendations of an independent investigation that Munger, Tolles & Olson LLP conducted as outside counsel for the State Bar of California ("State Bar" or "Bar"). We will provide a fuller recitation of the results of the investigation to the Board of Trustees ("Board") at a closed session meeting scheduled for October 17, 2014.

## I.     BACKGROUND AND SCOPE OF INVESTIGATION

The investigation began on August 26, 2014, in response to a July 31, 2014 Report of Improper Activity from the Bar's Chief Trial Counsel, Jayne Kim. Attachment 1. Among other things, Kim reports "concerns related to certain actions by Executive Director Joseph Dunn (ED), Chief Financial Officer Peggy Van Horn (CFO) and General Counsel Thomas Miller (GC) that demonstrate a disturbing [] lack of transparency at the highest levels within the organization." She claims that "State Bar leadership is failing to adhere to basic principles of governance" and that a "'five layer chess game' with key stakeholders and other executives" has "systematically fostered a culture of intimidation and isolation within the organization and resulted in dishonest communications to the Board of Trustees." In the investigation's early stages, we also received a memorandum from Deputy Executive Director Robert Hawley raising some issues relating to Van Horn's handling of various finance matters, including her handling of certain expense reports for Dunn's travel. Attachment 2.

We conducted an initial investigation consisting of interviews of five designated witnesses and a preliminary review of documents. This culminated in an interim report to the Board at a closed session meeting held September 14, 2014. The Bar then engaged us to undertake a second phase of the investigation that has involved, among other things, interviews of nineteen additional witnesses, collection and review of additional documents, and further legal analysis.

Our investigation probed the issues raised in Kim and Hawley's memoranda with particular focus on the following issues:

https://rico.jefffenton.com/evidence/girardi-investigation-for-the-state-bar-of-california.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)



PRIVILEGED AND CONFIDENTIAL

- Whether Joseph Dunn misled the Board or allowed the public to be misled about the use of Bar funds in connection with travel to Mongolia;

- Whether Dunn and Thomas Miller failed adequately to inform the Board about the California Supreme Court's reservations about pending legislation (A.B. 852) when the Board was voting to sponsor that bill;

- Whether Van Horn mishandled expense reports relating to Dunn's travel, and whether she knowingly concealed those reports from the Bar's auditors;

- Whether Dunn engaged in cronyism or violated Bar procedures in his hiring of certain Bar employees (including General Counsel Thomas Miller), his handling of certain contracts for the provision of services, and/or offers of assistance to Board members or others.

The third phase of the investigation involved the preparation of this report. We reach the following major conclusions and recommendations:

- Dunn failed on several occasions to satisfy his contractual and fiduciary duties to provide complete and accurate disclosures to the Board. In particular, he misled the Board or allowed the public to be misled about the use of Bar funds in connection with travel to Mongolia; failed to inform the Board of the Supreme Court's concerns regarding A.B. 852; and made misstatements to a Board committee regarding the Supreme Court's views on the Bar's possible move to Sacramento. These concerns are aggravated by Dunn's lack of candor on several issues during the investigation. This misconduct justifies termination of Dunn's at will employment, although the Board should consider various factors discussed below in deciding whether to take that action.

- The quality and effectiveness of Van Horn's work as the Bar's chief financial officer are subject to serious question. In particular, Van Horn failed to correct improper accounting for the Mongolia travel and did not properly handle expense

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

https://rico.jefffenton.com/evidence/girardi-investigation-for-the-state-bar-of-california.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)



PLAINTIFF'S EXHIBIT A-4

PRIVILEGED AND CONFIDENTIAL

reports relating to Dunn's travel. For these reasons, we recommend that Van Horn be reprimanded and that the Board take appropriate steps to bring about that result.

- If it decides not to terminate Dunn, the Board should consider taking steps to strengthen the General Counsel position as a possible independent check on the Executive Director. First, it may want to consider replacing Miller, whose ability to serve as an independent counterweight is questionable in light of his performance at the Board meetings on A.B. 852. Second, whoever continues in that role, the Board should reinvigorate the policy that the General Counsel reports directly to both the Board and the Executive Director.

## II.  MAJOR FINDINGS

### A.  Mongolia Travel

In January 2014, Dunn, Bar employee Thomas Layton, and former State Bar President Howard Miller of the Girardi Keese law firm traveled to Mongolia in response to a request from the Mongolian government for help in implementing a new regulatory system for lawyers. In April 2014, Layton and Miller traveled to Mongolia a second time. Our investigation has focused on whether false statements were made about the use of Bar funds for the trip and how the Bar accounted for expenses related to the trip.

#### 1.  Statements concerning the use of Bar funds for travel to Mongolia

There is substantial evidence that Dunn (i) misinformed the Board that Bar funds would not be used for the Mongolia trip, and (ii) failed to correct Howard Miller's public statement that Bar funds had not been used—or at least failed to bring the issue to the Board's attention for its consideration.

The evidence strongly suggests that Dunn told the Board no Bar funds would be used for travel to Mongolia. Three trustees recall that, at a meeting in November 2013, Dunn told the Board that no Bar funds would be used because Mongolia would cover the expenses. Another

24870086.1

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

3

Exhibit #1: 005
22-CV-01616-BAS-DDL



PRIVILEGED AND CONFIDENTIAL

trustee could not recall whether Dunn affirmatively denied whether Board funds would be used for that purpose. No interviewees recalled Dunn ever telling the Board that Bar funds would be spent on trips to Mongolia, either in November or later. And several persons interviewed believed that, if Dunn *had* disclosed that information, it would have prompted Board discussion.

Dunn's representation that no Bar funds would be used proved to be untrue. In connection with the January trip, the Bar paid $6,041.72 in mandatory Bar dues for Dunn and Layton's airfare and cell phone roaming charges.[1] In connection with the April trip, the Bar paid $1,046.72 in expenses from the Administration of Justice Fund to cover Layton's hotel, meals and taxis. *Id.* Indeed, Dunn and Past President Luis Rodriguez acknowledge that they decided from the outset to use Bar funds for at least some of the costs of the January trip to Mongolia.

The extent to which Bar funds were used for the trip is complicated somewhat by the deposit into a State Bar fund on April 3, 2014 of a $5,000 check from the Girardi Keese firm dated March 20, 2014. Howard Miller said that the check was intended to cover past and future expenses related to Mongolia, and Van Horn has said she plans at some point to account for that deposit as a credit against Mongolia expenses. For several reasons, however, this check does not significantly mitigate the inaccuracy of Dunn's statement to the Board.

First, as of the start of this investigation on August 27, 2014, more than seven months after the first trip to Mongolia, and nearly five months after the check was received by the Bar, no accounting entry has been made to credit the donation against the expenses.

Second, the intent of the donation remains ambiguous, which may account for the delay in accounting treatment. Although Miller told us that the check dated March 20 was meant to reimburse the Bar for both past and future expenses, his contemporaneous email to Dunn indicated that the check was timed to enable booking the future *April* trip to Mongolia. That the

---

[1] This figure does not include $107.60 in expenses relating to meals and travel to and from the airport that Dunn submitted for reimbursement but that have not been processed.

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

4

https://rico.jefffenton.com/evidence/girardi-investigation-for-the-state-bar-of-california.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)



PRIVILEGED AND CONFIDENTIAL

check was intended to cover only future expenses is also consistent with Dunn and Rodriguez's stated understanding, noted above, that Bar funds *would* be used for the first trip.

Third, even if accounted for to cover past expenses, the $5,000 check is insufficient to cover the full $7,088.44 in expenses incurred by the Bar.

The inaccurate information that Bar funds had not been used for the Mongolia trip later appeared in an article written by Howard Miller, published in the *Daily Journal* on April 23, 2014. Miller wrote:

> *Under the direction of State Bar President Luis Rodriguez, and discussions with CEO/Executive Director Joseph Dunn, it was decided* since a sovereign state had asked for help in the administration of justice in a unique area of its expertise, the State Bar would designate representatives to visit and work with Mongolia, *so long as no bar funds were used*, and the State Bar would simply be acting as a facilitator and advisor.
>
> *With that understanding, three of us, including Dunn and Thomas Layton . . . .went to Ulaan Bataar, Mongolia* in January.

Miller, *The Mongolian Connection*, DAILY JOURNAL, Apr. 23, 2014 at 5 (emphasis added). Dunn admitted that he saw the article at the time and noticed the statement. Several trustees and State Bar staff reported that they read the article at the time it was published and noted the statement that no Bar funds would be used. But Dunn took no steps to correct the statement, either by requesting Miller to do so or by issuing his own correction. The two explanations Dunn offered for his failure to correct the statement were troubling and, in our view, were inadequate to explain the failure to take any corrective action.

First, he claimed that the article is ambiguous and can be read to say only that no Bar funds would be used for *future* trips (an interpretation Rodriguez echoed). But this is an untenable interpretation of the article's plain meaning.

Second, Dunn said that he felt no obligation to correct the inaccurate statement because he did not write it. But Miller was (or at least appeared to outsiders to be) acting as an agent of the Bar in connection with the trip to Mongolia: he participated in the official trips; he was the Bar's representative at a ceremony in Mongolia in April; and he was designated in the

24870086.1

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

5

Exhibit #1: 007
22-CV-01616-BAS-DDL

Case 3:24-cv-01282    Document 224-1    Filed 03/12/25    Page 7 of 49 PageID #: 1381


PLAINTIFF'S
EXHIBIT
A-7

**PRIVILEGED AND CONFIDENTIAL**

memorandum of understanding between the State Bar and the Mongolian Bar Association as someone who, along with Dunn and Layton, would "manage all activities" related to that memorandum. *See* Memorandum of Understanding, ¶ 6; *see also* Cal. Civ. Code § 2317 ("Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess."). For this reason, the Bar had an obligation to correct misstatements by Miller about the trip. *See* Restatement (Second) Agency § 256, cmt b ("If the principal discovers the untruth of a statement made by an agent on his account, he is under the same duty to reveal the truth to the other party as if he himself had innocently spoken an untruth.").

Indeed, quite apart from any legal obligations involved, Dunn's apparent insensitivity to the problems that could be created by perceived inaccurate statements by persons affiliated with the Bar—particularly in the area of how Bar funds are used—is troubling. The unique role of the organization he heads—administrator of the state's legal profession and the system of ethical rules governing the profession—heightens the need for the chief executive to be sensitive to such issues. This is particularly true in light of the Bar's recent pledge to make its commitment to transparency "paramount." *See* Five-Year Strategic Plan, p. 5.

At the very least, Dunn should have brought the inaccuracy of Miller's public statement to the Board's attention so that it could decide whether a correction was warranted. Instead, Dunn appears to have done the opposite, by taking steps to minimize attention paid to the trip-related expenditures. Communications officer Laura Ernde reported that Rex Bossert told her that Dunn was unhappy that she had circulated within the office a different article about the Bar's work with Mongolia—allegedly because Dunn believed the issue was causing problems with the Board. Dunn also asked Ernde to edit a draft of an article about the Mongolian delegation's visit to the Bar in June to remove a statement that no Bar funds were used for the two previous trips to Mongolia, presumably because he knew the statement was not true. According to Ernde, she told Dunn that the statement was from Miller's April article. Instead of



PRIVILEGED AND CONFIDENTIAL

telling Ernde that the Miller article was inaccurate, Dunn simply told her that that article was not authorized by the Bar.

Dunn's inaccurate disclosures, failures to correct, and/or failures to disclose violated various duties he had. Under his contract, one of Dunn's "essential duties" is to "keep the Board and its President fully informed on matters of significance." Employment Agreement § II(E)(1). Likewise, as a senior executive of the Bar and the Board's agent, Dunn has a fiduciary duty to disclose material facts to the Board. *See Salahutdin v. Valley of Cal., Inc.*, 24 Cal. App. 4th 555, 562 (1994) ("The failure of the fiduciary to disclose a material fact to his principal which might affect the fiduciary's motives or the principal's decision, which is known (or should be known) to the fiduciary, may constitute constructive fraud . . . ."); *People ex rel. Harris v. Rizzo*, 214 Cal. App. 4th 921, 950-51 (2013) (city reposed trust and confidence in its assistant chief administrative officer giving rise to fiduciary duties owed by the officer); *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (liability for nondisclosure of information may lie where the defendant is in a fiduciary relationship with the plaintiff). Other duties could also be implicated by Dunn's lack of candor with and failures to make disclosures to the Board.[2]

### 2.    Improper accounting of the Mongolia travel expenses

As noted above, the Bar has charged the $6,041.72 in expenses for the January trip to a mandatory dues account. Although Van Horn stated that she thought a case might be made for use of mandatory funds for the trip, no one else has suggested that this would be appropriate, and

---

[2]Although our findings and recommendations do not depend on it, Dunn's failure to keep the Board informed also could implicate his ethical duties as a lawyer. *See Sodikoff v. State Bar*, 14 Cal. 3d 422, 429 (1975) ("When an attorney assumes a fiduciary relationship and violates his duty in a manner that would justify disciplinary action if the relationship had been that of attorney and client, he may properly be disciplined for his misconduct."); Cal. Ethics Op. 1995-141 at *3 ("[W]hen rendering professional services that involve a fiduciary relationship, a member of the State Bar must conform to the professional standards of a lawyer even if the services performed could also be rendered by one licensed in a different profession."); *cf.* Cal. R. Prof. Conduct 3-500 ("A member shall keep a client reasonably informed about significant developments relating to the employment or representation . . . .").



it plainly would not be. *Keller v. State Bar of Cal.*, 496 U.S. 1 (1990), requires that expenditures of mandatory dues be "necessarily or reasonably incurred for the purpose of regulating the legal profession or improving the quality of legal service available to the *people of the State*." *Id*. at 13-14 (emphasis added). Helping Mongolia to implement a new regulatory regime, though a laudable goal, hardly satisfies this standard, and the accounting for these expenses raises two concerns.

First, although Van Horn has stated that she intends to change the accounting of these expenses so that they are no longer charged to mandatory dues, as of the date of her interview that had not happened. Under these circumstances, it is unclear whether, absent this investigation, Van Horn would have changed the accounting for these expenses to an appropriate voluntary account.

Second, Dunn himself showed a troubling lack of attention to whether expenses for the trip would be charged to mandatory or voluntary fees. The expense report he submitted for his own expenses for the January trip included an account code for mandatory fees. Seeking to disclaim responsibility for this allocation, he noted that his practice is to give his travel expenses to his administrative assistant and to let her and Van Horn decide how the expenses should be treated.

This explanation is not adequate. Given the unusual nature of the Mongolia trip, Dunn should have taken pains to direct Van Horn to make sure that *all* expenses were allocated to voluntary fees, which he did not do. Indeed, Sonja Oehler reported that she received no training on the circumstances under which mandatory Bar dues may be used to cover expenses. His failure even to ensure that his *own* expenses were properly allocated shows an inadequate sensitivity to what is a centrally important issue for the Bar, its reputation, and its relationship with its constituencies.

At a minimum, the Board should reprimand or counsel Dunn on his lack of leadership on this issue. It should also direct him to institute additional internal controls or training to ensure

8

Exhibit #1: 010
22-CV-01616-BAS-DDL

https://rico.jefffenton.com/evidence/girardi-investigation-for-the-state-bar-of-california.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)



PRIVILEGED AND CONFIDENTIAL

that incidents of this kind do not occur in the future and that his CFO is more closely attuned to the need for scrupulous compliance in this area.

**B.      Dunn's communications with the Board regarding A.B. 852**

After the Governor vetoed A.B. 888, the Bar was involved in promoting A.B. 852, which would have permitted it to bring civil enforcement actions against persons engaged in the unlawful practice of law (UPL).  Last April, Beth Jay emailed Tom Miller (who forwarded it to Dunn) that the Chief Justice wants to "delay further action" – and emailed Dunn and Miller that the Chief Justice "wants this bill stopped" – pending the Bar's development of further information showing a need for the measure.  The request that the Bar stand down on further efforts was repeated at a May 1, 2014 regular quarterly meeting attended by three Court and eight Bar representatives, including Dunn.

Dunn nonetheless thought it appropriate to ask the Board at its May meeting, just over a week later, to authorize the Bar to sponsor the legislation.  Given constraints in the legislative calendar, Dunn says, the bill would have died had it not proceeded further that month, and he believed that killing the bill for this legislative session went beyond the Court's request.  Dunn reasoned he could always pull the plug later if the Court ultimately so directed, but he could not later resurrect it if the Court ultimately were persuaded to let the bill proceed.  He did not discuss this rationale with Court representatives, however, before making the request to the Board at its May meetings.

Nor did Dunn mention the Supreme Court's concerns to the Board so it could make its own decision on the wisdom of his rationale for proceeding despite the Court's request to stand down.  In a memorandum dated May 6, 2014, to the Board Committee on Operations and the Board of Trustees outlining the proposed legislation, Dunn stated "[t]here is no known opposition to the measure."  Dunn did not mention the Supreme Court's concerns in this memorandum, in his presentation to the Board Operations Committee on May 8, or in any discussions with the full Board on May 9, where the measure was on the consent calendar.

24870086.1

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

9

Exhibit #1: 011
22-CV-01616-BAS-DDL

Case 3:24-cv-01282      Document 224-1      Filed 03/12/25      Page 11 of 49 PageID #: 1385



Dunn said that he felt constrained not to mention directly to the Board the Court's possible opposition to the bill, because the Board meeting was held in public, and Beth Jay had previously said that Court views should not be mentioned in public, especially on possible legislation that might come before the Court later. He claimed in his interview, however, that he reconciled this dilemma by giving the Board a coded reference to the Court's directive, stating to the Board that a "critical stakeholder has concerns" and "we are trying to resolve them to decide if the bill can move forward." When Beth Jay asked Dunn after the Board meeting why he had not shared the Court's position with the Board, Dunn claimed in an email to her that the Board was "quietly aware" of the Supreme Court's interest.

The weight of the evidence contradicts Dunn's claim that he told the Board at one or more of the May meetings that a "critical stakeholder has concerns." No trustee we interviewed recalled any such reference, nor did his co-presenter at the May 8 meeting Jennifer Wada (though she said she could not rule it out). Moreover, two people who were present at one or more of the meetings, Jayne Kim and Jim Fox, were keenly listening to Dunn's remarks on this subject, because they were present at the May 1 meeting with Court representatives and were expecting some form of disclosure about the Court's concerns. Both are quite certain Dunn made no such reference, and they complained to Beth Jay afterwards precisely because they say he did not.

Indeed, Fox was so upset with the lack of disclosure that he says he specifically requested an exit interview with Dunn before leaving his employment at the Bar so he could voice his objection. Dunn and Fox met for that interview on July 29, 2014. When Dunn defended his conduct at that meeting by noting the constraints on mentioning Court views at open meetings, Fox told us (without any prior prompting) that he told Dunn he could easily have advised the Board that "there are unresolved issues with some of the key stakeholders that need to be resolved." The similarity between this phrase and the phrase that Dunn *claimed* during his interview with us to have used at the Board meeting is too striking to be pure coincidence—and

Exhibit #1: 012
22-CV-01616-BAS-DDL



it seems unlikely that it was he who borrowed the phrase from Dunn rather than the other way around.

For these reasons, we think a factfinder would most likely conclude that Dunn did not tell the Board, either directly or through a veiled reference, about the Supreme Court's concerns regarding the bill. Further, the Court's concerns were plainly material to the decision Dunn was asking the Board to make and therefore should have been disclosed—as he implicitly concedes when he claims that he in fact attempted to make a disclosure of some kind. Finally, Dunn's evident violation of his duties discussed above to disclose material information to the Board was compounded by his (evidently) false claims to us in his interview that he in fact made a disclosure of some kind.

### C.　　Misstatements Regarding Move to Sacramento

Our investigation has uncovered misrepresentations that Rodriguez and Dunn made to a Board committee about the Supreme Court's views regarding the Bar's possible move to Sacramento following a sale of its building in San Francisco. Rodriguez told the Board Operations Committee at a meeting held September 2, 2014, as well as at one or more earlier meetings in August, that the Supreme Court was aware of the possible move to Sacramento and supported or was amenable to it. Some present at that September 2, 2014 meeting also recall that Dunn made similar statements to the effect that the Chief had no problem with moving the Bar to Sacramento, that the issue had been "socialized" through both the Supreme Court and the Legislature, and that the Court was behind the Bar if it decided to move to Sacramento.

Rodriguez knew his statements were false. The Chief Justice told us that, although she said she was intrigued when she was told that the Bar's real estate brokers felt that the Bar could fetch an enormous sum for the building, she told him in the July 2014 time period that she did not think a move to Sacramento was a good idea. Specifically, she told him she was concerned about displacing long-term employees (which she said Rodriguez told her was a concern he shared). The Chief Justice also reported that, in a call held the day after the September 2

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

Exhibit #1: 013
22-CV-01616-BAS-DDL



PRIVILEGED AND CONFIDENTIAL

meeting, she expressed the view that she did not think it was wise to have the Bar headquartered near the Legislature, though she does not believe she mentioned that concern in the call before that September 2 meeting. The Chief Justice did not believe that her comments to Luis Rodriguez could fairly be characterized as supportive of a move to Sacramento.

The evidence also indicates that Dunn knew that his statements about Supreme Court amenability to the move were severely exaggerated at best and false at worst. First, Beth Jay reported that she attended a lunch with Dunn in June or July 2014, where the possible sale of the building was discussed. She says that she told him: "I hope you won't be moving to Sacramento!" Ms. Jay reported that she made the comment because she knew that Dunn had an affinity for the Sacramento setting but she was concerned that such a move would be inappropriate. Second, the Chief Justice recalls having a few conversations with Dunn before or during the Summer of 2014 when Dunn mentioned the possibility of selling the building and moving to Sacramento. Although she was not asked and did not express her opinion on the move, let alone express the opinion of the full Court, the Chief Justice told us she said nothing from which Dunn could have fairly concluded that she or the Court supported the move.

Based on this input from Court representatives, Dunn's statements to the Board committee that the Court supported the move, that the matter had been "socialized" with the Supreme Court and the Legislature, and that the Court was behind the Bar if it decided to move to Sacramento were unfounded and inaccurate. Dunn's claim that he in fact told the Board committee that the Chief Justice saw both downsides and upsides to the move does not accord with committee members' recollections of his statements to them—nor with the Chief's recollection of the import of her statements to Dunn.

### D.     Treatment of Dunn's expense reports

Hawley's memorandum provided twenty-three expense reports by which Dunn was seeking reimbursement for various expenses, which included some minor expenses associated with the Mongolia trip and other trips. Kim alleges that Van Horn knowingly concealed a

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT



PRIVILEGED AND CONFIDENTIAL

Mongolia-related expense report in that set from the State Bar's auditors. While we are unable to conclude whether or not Van Horn knowingly concealed any of these expense reports, the treatment of the expense reports raises concerns regarding Van Horn's leadership and the Bar's internal controls.

On February 4, 2014, Van Horn received nineteen Dunn expense reports seeking reimbursement for meals and other travel expenses incurred between August and December 2013 (including for foreign travel). On or about April 7, 2014, Van Horn received four expense reports from Dunn seeking reimbursement for travel in the beginning of 2014 (including approximately $110 incurred on the January Mongolia trip). Van Horn signed the first seven expense reports and asked Office of Finance Director Andrew Conover to look into certain taxi expenses on one report. Van Horn never signed the remaining sixteen reports. It was not until late May or early June 2014 that she provided the expense reports to Hawley, who needed to approve them for late processing because the reports had been submitted beyond the Bar's 60-day limit.

According to Hawley, Van Horn told him in words or substance that the expense reports "are late from Joe" and that she had held onto the reports, including the reports submitted several months earlier in February, because she did not want the auditors to see them. Hawley stated that the Bar's auditors had recently concluded a review of the Bar's 2013 Statement of Expenditures of Mandatory Membership Fees at the time Van Horn made this remark. A primary focus of the audit was whether the Bar had properly accounted for 2013 expenditures as between those chargeable to mandatory fees or not, as required under *Keller v. State Bar of Cal.*, 496 U.S. 1 (1990). Hawley expressed concern that Dunn and Van Horn proposed to charge the travel expenses to mandatory fees, even though in Hawley's view it would be improper to treat the expenses in that manner. Hawley also expressed concern that, in presenting the 2013 audit to the Board in July 2014, Van Horn failed to disclose that she had withheld these expenditures from the auditors. To date Hawley has not approved the expense reports.

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

13

Exhibit #1: 015
22-CV-01616-BAS-DDL



Van Horn does not deny that she gave the February expense reports to Hawley approximately two months after she received them. But Van Horn denied trying to conceal documents from the auditors, and she denied telling Hawley that she had done such a thing. Van Horn repeatedly stated that she never would have sent expense reports to Hawley without signing them first. During our initial interview with her (we had a few follow-up telephonic interviews as well), Van Horn stated that she felt so certain of this fact that she wondered whether Hawley had obtained the unsigned expense reports from her unlocked office. She further disputed that the *de minimis* amounts reflected in the expense reports would have been likely to prompt concerns with an auditor. Van Horn also noted that the auditors had conducted a review of expenses for calendar year 2013, and that the Mongolian travel all occurred during 2014.

When Andrew Conover of the procurement office was shown the unsigned expense reports during his initial interview, he did not supply an explanation for how Hawley would have received the reports unsigned. Conover told us in a subsequent email, however, that expense reports that are older than 60 days late are usually sent directly to Hawley for "late" approval before the procurement processing continues. Hawley rejected this explanation and stated that expense reports must be signed by the authorizing approver and submitted to him with an explanation (generally in writing) as to why they are late. Hawley reported that one of the reasons why he did *not* approve the late expense reports that he received in his in-box from Van Horn was that the vast majority of them had not been signed by Van Horn, the only person authorized to approve Dunn's expense reports.

Because there are no known other witnesses to the conversation between Van Horn and Hawley, we cannot definitively establish that Van Horn made the remarks attributed to her concerning the Bar's auditors, and the evidence points in conflicting directions.

On the one hand, it is difficult to understand why she would have confided in Hawley that she was withholding the reports from the auditors given that she does not like or trust

14

Exhibit #1: 016
22-CV-01616-BAS-DDL



Hawley, and he could have used such an admission against her. It also is hard to understand why Van Horn would have been motivated to conceal the expense reports from the auditors. In comparison to airfare and cell phone roaming charges associated with Dunn's overseas trips—which no one claims anyone sought to conceal—the amounts that Dunn claimed on the expense reports (for meals and taxis on those and other trips) are small. The reports for the Mongolia travel in particular reflect expenses that are *de minimis* by any measure—just over one hundred dollars. Moreover, because Dunn incurred the Mongolia trip expenses in 2014, the auditors would not have examined them in connection with the 2013 audit in any event.

On the other hand, certain idiosyncrasies in these reports raise questions that no one has been able to answer, and there is some reason to credit Hawley's recollection of the conversation.

First, Van Horn has been unable to explain why she delayed for so long in submitting the expense reports to Hawley and why she gave Hawley sixteen unsigned expense reports, some of which refer to foreign travel, when it is her responsibility to review Dunn's expense reports as part of the approval process.[3] Hawley vehemently denies Van Horn's speculation that Hawley may have taken unsigned Dunn expense reports from her office or that he would have had any reason to do so. Second, although the Mongolia trip expenses were small, the Mongolia trip expenses were the subject of some discussion among Bar employees, particularly in light of the Miller article published on April 23, 2014. Van Horn read the Miller article at the time and may have had on her mind these concerns about of the use of Bar funds before she gave the expense reports to Hawley. Third, Hawley has shown himself to be a careful individual with respect to

---

[3] Van Horn said that she reviewed the expense reports all at once and stopped reviewing the reports when she came across one with an apparent $70 error in taxi expenses. She asked Andrew Conover to investigate the taxi expenses, and Conover provided her with corrections on a copy of the expense report. For reasons that are unclear, Van Horn did not correct the original expense report, and gave that report and the rest of the reports in the set to Hawley at some later date.

15

Exhibit #1: 017
22-CV-01616-BAS-DDL



international travel and expenditures generally.  When he travels internationally on behalf of the Bar, he does so on his personal time and refuses to have the Bar pay for any of his expenses.

In short, we cannot determine whether or not Van Horn knowingly concealed the Dunn expense reports from auditors as alleged by Kim.  At the same time, the evidence suggests several deficiencies in how Van Horn is performing her duties.

- Although she criticizes Hawley for failing to process the expense reports since she provided them to him in late May or early June, Van Horn did not deal promptly with the expense reports she received in February and instead let them sit for over three months.

- She approved for payment expense reports for the Mongolian trip (*e.g.*, approximately $600 in cell phone roaming charges) using mandatory Bar dues coding.

- As of the date that this investigation commenced – nearly five months after the second Mongolian trip took place and seven months after the first trip – she had not taken any steps to ensure that ledger entries were made on the Bar's books and records to connect the $5,000 check from the Girardi firm to the Mongolian trip expenses.

- Van Horn did not ensure that Dunn and his assistant are familiar with the account coding system.

### E.      Expense Budget Modifications

Van Horn's handling of Dunn's expense reports has fueled a troubling perception among Bar staff that Van Horn does not audit Dunn's expenses with the same level of attention and care afforded to other expenses.  In particular, some witnesses reported that Van Horn polices each executive's use of the business expense account, except Dunn.  Administrative Advisory No. 14-01 provides in part:

> Senior management may budget for "Business Expenses" (account code 40570).  The amount in this account is determined by the Executive Director annually during the

24870086.1

Exhibit #1: 018
22-CV-01616-BAS-DDL



budget planning process and is to be funded with non-mandatory fee revenues. This account is to be used at the senior managers' discretion in the course of their duties to cover applicable business expenses for themselves and others. . . .

No reimbursement will be made against the Business Expense Account unless there is a sufficient amount budgeted in the account to cover the expense. . . .

Business expenses that may be covered under this section include meals during which discussion of State Bar business occurs and there is a business need to keep participants together. Expenses for business meals will not be authorized for meetings where State Bar business is only nominally discussed or meetings with potential or existing vendors.

Administrative Advisory No. 14-01, VII A, C and D.

Both Van Horn and Hawley explained that the implementation of this policy changed sometime during Dunn's tenure. Before that policy change, senior executive staff members each had an individual expense budget of approximately $1,500 for their respective cost centers. Executives were expected to manage to the budgeted amount each year. Sometime during Dunn's tenure, all of the expense budget limits were aggregated into one budget line item. An expense budget limit of $50,000 was set for all senior management. Hawley, for example, explained that he no longer had visibility into how management was doing against the expense budget limit, and he does not have an individual expense limit to manage against.

Our review of financial records indicated that, during 2013, Dunn alone expensed at least $13,576.93 against the $50,000 limit, not including additional business expenses charged by employees within the Executive Director's business unit. Van Horn reported that the $50,000 limit was not exceeded even if all of the senior executives' expenses were combined. While we do not believe that this policy change constitutes a basis for discipline, the effect of this change was essentially to give Dunn an unlimited business expense budget. We recommend that the Board set a business expense budget limit for the Executive Director and that the finance committee of the board take over responsibility for review and approval of the Executive Director's expense reports.

17

Exhibit #1: 019
22-CV-01616-BAS-DDL

https://rico.jefffenton.com/evidence/girardi-investigation-for-the-state-bar-of-california.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)



PRIVILEGED AND CONFIDENTIAL

### F.     Issues Related to General Counsel Thomas Miller

#### 1.     Hiring Issues

Kim alleged that the Bar hired Thomas Miller as the General Counsel over allegedly more qualified candidates because he is friends with Dunn.  The selection process, however, even if not perfect, did proceed with input and involvement by the Board, so we do not see a basis for finding wrongdoing in how Miller was selected.  Rules & Regs. Pertaining to the Employment of Executive Staff Employees § 9(A) (senior executives are appointed by and serve at the pleasure of the Executive Director); Board Book, Tab 18 § 7(b) (Board approves selection of General Counsel); see also *id.* Tab 5, § 2(b)(11(D) (president's role is to manage the Executive Director by, inter alia, providing input with respect to the selection of the General Counsel).

#### 2.     Travel issues

Kim also complained that Miller has improperly billed for travel between Southern California, where he lives, and San Francisco, where the Office of General Counsel is based. We have learned that, between March and July 2014, Miller spent some forty-three nights in hotels in the Bay Area for a total cost of $7,855.88.  Air fare expenses for the same period totaled $8,746, and Miller incurred $4,415.76 in additional expenses in this period for ground transportation, lodging, meals, and other miscellaneous travel expenses.  Total travel related expenses for the period were therefore $21,017.64.

Expenses at these levels are not surprising, as the Bar clearly appears to have contemplated that Miller would be incurring travel expenses in order to take the position.  His employment offer letter provides that he "will work out of the San Francisco and Los Angeles State Bar offices with frequent travel.  As the Office of General Counsel is based in San Francisco, that office will be your 'home base.'"  Because everyone seems to have known that Miller lived in San Clemente and never committed to move to the Bay Area, but he was told he would be based in San Francisco, the travel expenses were an expected result of this arrangement.  The travel records also confirm that, at least through July, he lived up to the

24870086.1

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

18

https://rico.jefffenton.com/evidence/girardi-investigation-for-the-state-bar-of-california.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)



requirement that he spend most of his time in San Francisco—something he did three or four days a week.

There is, however, a discrepancy in the parties' expectations going forward. Miller says that he told the Board members who interviewed him that he would spend most of his time (usually three days a week) in San Francisco for the first six months but that after he had established himself he hoped to spend most of his time (usually three days a week) in Los Angeles. Miller still believes that was the arrangement to which the parties agreed. At least one board member confirms that Miller said this in his first interview with a Board working group, which recommended he not be hired in part for that reason. But the board member also recalls Dunn and/or Rodriguez stating at a later time that Miller was now willing to commit indefinitely to having his home base be San Francisco—and that his hiring was approved on that basis. Miller was not aware of this but rather expects to wind down his San Francisco travel to two days per week rather than three. This suggests that Dunn and/or Rodriguez's representations to the Board about Miller's intentions and understanding were not accurate. For that reason, the Board will need to reach some common understanding with Miller about his future plans.

### 3. Disclosure Issues

Miller was aware that Beth Jay had directed the Bar to stand down on A.B. 852 before the May 8 and 9 Bar Board meetings and was present during Dunn's discussion of that bill, but he did nothing to inform the Board about the Supreme Court's concerns. Although he did not clearly recall that Dunn failed to mention Supreme Court concerns at the Board meetings, Miller said he would not have taken it upon himself to make this disclosure to the Board even if Dunn had not done so, for two reasons. First, he believed that Luis Rodriguez had been informed of the Supreme Court's concerns, though he admits he was not sure at the time of the May Board meeting that he knew this. Second, he thought the Board did not need to know about the Supreme Court's concerns, because he and Dunn were still trying to persuade the Court about the need for the bill and needed to keep the bill moving forward to avoid having it die for that

24870086.1

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

19

Exhibit #1: 021
22-CV-01616-BAS-DDL

Case 3:24-cv-01282     Document 224-1     Filed 03/12/25     Page 21 of 49 PageID #: 1395



session. As with Dunn, Miller's nondisclosure raises questions about his commitment to giving the Board all of the information it needs to do its job.

### G.  Perceived Girardi Keese Influence at the Bar

Although we have not uncovered instances of any sort of misconduct involving or untoward influence exerted by Tom Girardi or his firm, the closeness of the relationship between some senior managers and that firm does raise potentially troubling perceptions that the Board should take action to rectify going forward.

The frequency with which Girardi's firm has surfaced in matters we investigated is striking.

- Kim alleged that Dunn violated Bar policy in sending OCTC employees to a seminar in Las Vegas for a group that Girardi supports or is affiliated with. Although we did not consider the policy so important that a deviation from it would be grounds for discipline, it is an example where Dunn bent (or attempted to bend) the normal rules to accommodate a request perceived as helpful to Girardi.

- Girardi surfaced in an extremely unusual meeting with Craig Holden before he was elected as Bar president. Luis Rodriguez indicated that Holden should have lunch with Tom Layton, because Layton was not yet sure if he would throw his support to Holden for president. That a bar employee is believed to have such an important role in who is elected bar president is unusual enough. But when Holden attended the meeting, Girardi showed up, suggesting that the "power broker" on whose support Holden's election depended was in fact Girardi.

- Girardi's name has also come up in other (disputed) allegations discussed below about offers of professional assistance to Jayne Kim.

- Dunn chose Girardi's partner Howard Miller to be an emissary for the Mongolia trip. We believe that Miller was eminently qualified for and deserving of this role, but others certainly would have fit the bill too. In light of the other accommodations

20

Exhibit #1: 022
22-CV-01616-BAS-DDL



Dunn has made for members of that firm, the selection forms a smaller piece of a larger pattern.

- In emails we reviewed on other topics, we noted that Miller was being consulted on matters related to A.B. 1515, a bill concerning client trust accounts. Again, we assume there are completely valid reasons for his involvement, and that he served admirably in whatever role he had, but the continuing connections are notable.

- During the investigation, Girardi suddenly and unexpectedly appeared as counsel for Sonja Oehler. In that capacity, he launched an unprofessional tirade of threats that we will recount more fully at the Board meeting. Although Girardi claims he became involved because our firm was rude during interviews and he is a long-time friend of Oehler's, his involvement also could be explained because he perceives a threat to Dunn as a threat to his possibly favored position with the Bar.

Although we do not believe that these incidents, either individually or collectively, form a basis for discipline, the pattern contributes to a potentially troubling perception that the Board should address.

### H.     Interference with Investigation

Luis Rodriguez engaged in various improper efforts to impede or influence the course of this investigation. The extent to which Dunn may or may not have participated in these efforts cannot be established conclusively. Although these efforts do not form a basis for imposing discipline at this time, the Board should consider taking steps to avoid problems like these in the future.

*First*, after Kim's complaint was sent, Rodriguez recused himself from the investigation and set up a working group composed of then-President Elect Craig Holden and two members of the Audit Committee (Heather Rosing and Michael Colantuono). As we discussed at the September Board meeting, Rodriguez later decided to rescind his recusal and form a newly configured working group based on two dubious grounds.

21

Exhibit #1: 023
22-CV-01616-BAS-DDL



One such ground was that Holden had supposedly revealed to one of his partners information about the investigation. Rodriguez made this claim as a result of questions Tom Layton asked Rodriquez, which questions in turn arose from an oblique comment by Holden's partner at a lunch Layton had with him. In fact, Holden did nothing more than make a routine, confidential request to two of his partners for a referral without revealing the substance of the allegations or the identity of any complainant. Layton later told us he was wrong to leap to conclusions based on the stray comment from the partner—and said he had since apologized to the partner for doing so.

The second such ground was that the investigation might result in civil liability to the Bar by thwarting Dunn's chance to become Administrative Director of the Judicial Council. Rodriguez asserted that "Joe has been tapped" for that position and "is number one on [the Chief Justice's] list." Dunn told us the Chief Justice told him in the third week in July that he was "at the top of her list," something he repeated at the time to Rodriguez.

The Chief Justice told us, however, that this was not true. She told Dunn that, while some justices supported him, she had someone else in mind for the job, not Dunn; that she had not asked and would not ask him to apply for the job; but that, only in the event the other applicants did not work out, she might come back to him to offer him the job. When asked if there was any way Dunn could have concluded from their conversation that he was at the top of her list, she said there was not, because she was very clear that she had her eye on someone else (who in fact was offered the job).

*Second*, after rescinding his recusal and forming a new working group, Rodriguez attempted to influence the investigation by calling Van Horn just fifteen minutes before her interview was scheduled to begin and instructing her not to appear. During his call with Van Horn, Rodriguez raised a challenge to our firm's involvement in the investigation. When asked for his basis for advising Van Horn not to appear, he said that he did not think it was fair that Dunn's interview was postponed, while Van Horn's interview was not.

24870086.1

22

Exhibit #1: 024
22-CV-01616-BAS-DDL



*Third*, an issue arose at the last Board meeting whether our firm should question the Chief Justice on certain matters relating to the investigation. Apparently in an effort to stop this line of inquiry, Rodriguez advised Heather Rosing that the Chief Justice and Beth Jay were upset at the prospect of being pulled into the investigation as witnesses. The Chief Justice, however, denies that she ever conveyed such a sentiment to Rodriguez. According to the Chief Justice, Rodriguez told her that he was having disputes with Craig Holden, and she merely responded that any such dispute was between the two of them. Far from being reluctant to be questioned as part of this investigation, she told us she was happy to do so and spoke to us freely on more than one occasion. Beth Jay similarly reported that she was not at all reluctant to be interviewed in connection with this investigation and that she had never told anyone that that was the case.

Rodriguez's actions to interfere with the investigation were ill-advised and improper. Although they provide a cautionary tale for the Board about the handling of investigations in the future, we are not aware of any statute Rodriguez violated. Further, although he may well have violated his fiduciary duties, we see no reason to consider taking action against him unless he continues to receive Bar funding to permit him to represent the Bar as a past President.

If it could be shown that Dunn wrongfully participated in efforts to impede the investigation, this would violate his legal duty to "withdraw from any participation in" matters as to which he had a personal interest and to "refrain from attempting to influence" such matters[4] – violations that potentially could give rise to criminal liability.[5] However, evidence that he did so is inconclusive. The evidence does clearly show that Dunn misrepresented in July his status as the front-runner for the Administrative Director position. But we found no direct evidence that,

---

[4] Cal. Bus. & Prof. Code § 6036(d); *id*. (b) (Board members must disqualify themselves "where there exists a personal nonfinancial interest that will prevent the member from applying disinterested skill and undivided loyalty to the State Bar in making or participating in the making of decisions"); *id*. §6038 (subjecting to section 6036 employees designated in the Conflict of Interest Code of the State Bar); Conflict of Interest Code of the State Bar section 2, App. A (designating Executive Director).

[5] Cal. Bus. & Prof. Code § 6037.



after the Kim complaint was lodged, he reasserted this falsehood in an effort to persuade Rodriguez to change the course of the investigation.[6]  The misrepresentation may still be relevant to other issues raised in this investigation relating to Dunn's truth-telling propensities, but we have not concluded that it amounts to proof of interference with the investigation that would provide a basis for imposing discipline.

## I.          Consultant Hiring Irregularities

We uncovered certain irregularities in connection with the contract for communications contractor Richie Ross.  Ross had previously assisted Dunn in his races for Senate and Controller.  At Dunn's request, the State Bar retained Ross on a sole source basis in June 2011 at $6,000 a month to provide communications services, especially in connection with the Sergio Garcia litigation.  Although State Bar procurement rules require the approval of a written memorandum justifying a sole source contract, Ross provided services for three months without a sole source memorandum.

For consulting services performed in June, July and August of 2011, Van Horn placed Ross's contract within the budget of the Office of General Counsel as a litigation related cost, which is excluded from the Bar's procurement process.  Van Horn pressured Cathy Torney, then Director of Administration in the Office of the General Counsel, to approve the first three $6,000 invoices, which were for amounts over her approval authority.  Torney alerted then-General Counsel Starr Babcock to the situation, and Babcock apparently took steps to prevent Ross's contract from being added to his office's budget.  It was only then that Hawley prepared a sole

---

[6] There is circumstantial evidence suggesting he likely did so.  An email from Rodriguez stated that Dunn was "very upset" about possible violations of his privacy rights, which implies that they did have a conversation about Dunn's concerns before Rodriguez rescinded his recusal. Further, Dunn told us in his interview that he believed the timing of Kim's complaint was calculated to interfere with his chances as front-runner for the job.  Given that Dunn apparently expressed to Rodriguez other concerns that made him "very upset," it seems highly likely he also expressed his concern that the complaint was designed to upset his chances for the new job, for which he inaccurately claimed he was the front-runner—but we have no admission from either Dunn or Rodriguez that he in fact did so.



source memorandum, dated September 23, 2011.  It was not until December 5, 2011 that a fully-executed contract was finalized for Richie Ross, though it was executed with a retroactive effective date of June 1, 2011.

On March 29, 2013, the Recorder published an article discussing the Bar's contracts with Ross and his daughter Esperanza Ross, as well as the Bar's refusal to release copies of the contracts.  Kim alleges that Dunn did not inform the senior executive management team of Richie Ross's contract before this article was published.  This claim is inaccurate at least with respect to Hawley, Van Horn, and Babcock—all of whom became aware of the contract relationship sometime in 2011.  The article, however, does appear to have prompted another action by the Bar—an April 9, 2013 Request for Proposal for the consulting services that Ross had been providing since June of 2011.  In May of 2013, seven contractors (including Ross) submitted competitive bids, and Ross was selected as the most responsive bid.

The gravamen of Kim's observations regarding Ross is that the Bar's competitive bidding and sole source contracting procedures lack sufficient controls and are potentially subject to abuse.  The foregoing episode confirms some of those concerns.  On the one hand, the Bar's decision to initiate a RFP after the publication of the Recorder article raises questions about the propriety of the Bar's decision to contract Ross on a sole source basis.  Torney's account also suggests that Van Horn attempted to "fix" a paperwork error by accounting for the sole source requisition in a way that may have been inappropriate.  On the other hand, several witnesses reported a misunderstanding that Richie Ross was performing legal work, as his services related in part to the Sergio Garcia matter.  If Babcock had agreed that Ross's work fell within his office's budget, the contract would have been excluded from the procurement process.

Although the Ross contracting process, by itself, does not serve as a basis for discipline, we recommend that the Board instruct senior management to adhere strictly to the competitive bidding and sole source requirements.  The Board may also wish to ensure that senior management has a clear, shared understanding of the cost center that will be charged for any



contractor providing services on litigation related issues, directly or indirectly, *before* any fees are incurred. Finally, the senior manager who requests that the Bar retain a vendor on a sole source basis must take personal responsibility for the prompt completion of a memorandum supporting the sole source request.

### J.     Governance Issues Arising From Promises of or Requests for Assistance

We investigated certain governance issues arising from promises of assistance to Board members or others. In her interview, Kim said that Tom Layton came to her when she first became Chief Trial Counsel to offer assistance from Tom Girardi in helping her to become a judge or to achieve some other professional goal. Although Layton denies this, it is undisputed that Dunn made similar offers (without necessarily mentioning Girardi) to various Bar Presidents. Both Dunn and Craig Holden have confirmed that Dunn initiated a discussion in which Dunn asked how he could help Holden achieve any aspirations he had of becoming a judge or running for office. (Holden says that Dunn also offered Layton's assistance, and Layton and Holden both confirm that Holden later asked Layton to meet with a friend whom Holden recommended for a district court position.) While not recalling necessarily that he initiated other conversations, Dunn admits to making similar offers to Luis Rodriguez, who openly had political aspirations, and Jon Streeter, who wanted to become a judge.

Although we do not rely on these events as a basis to recommend discipline, we do believe that conversations like this during the term of a Bar President (or other trustee, if such conversations took place) pose unhealthy risks to proper governance. The provision of such assistance could make the Board President or trustee feel beholden to the chief executive or other staff member in a way that undermines the Board member's exercise of proper supervisory control.

## III.     ISSUES AS TO WHICH NO RECOMMENDATIONS ARE MADE

Several issues arose during our investigation that either did not result in recommendations or that we did not investigate.

Exhibit #1: 028
22-CV-01616-BAS-DDL



- *UPL unit.* Kim complained that the development of the UPL unit raises concerns regarding cost inefficiency, overlapping jurisdiction with OCTC, and a lack of independence by the General Counsel. This appeared to us to be a turf issue that has been aggravated by a perception of favoritism and insularity within the organization. While we do not believe that this issue has resulted in any actionable wrongdoing, the Board may wish to consider giving an opportunity to be heard on this issue to Kim, who feels that her concerns on the issue have been ignored and disrespected.

- *Speakers fees.* Kim also raised concerns regarding the cost of outside speakers' fees. For reasons discussed on September 14, we did not see a problem here and have not pursued the issue further.

- *Retaliation.* Jayne Kim provided Hawley with a supplemental memorandum, dated September 16, 2014, regarding her concerns of a hostile work environment and potential retaliatory efforts towards her. Attachment 3. These issues seemed collateral to the thrust of our investigation, and with the agreement of the working group we have not pursued them. The Board should consider what if any additional action to take on the allegations.

- *Alleged manipulation of backlog numbers.* OCTC's Managing Director of Investigation John Noonen said during our interview that he believed Jayne Kim was manipulating her backlog numbers, but he expressed a fear of retaliation if Kim ever learned that he was making such accusations. We agreed with the working group that this matter was more appropriately addressed in some forum other than the present investigation.

## IV.    RECOMMENDATIONS

### A.    Joseph Dunn

Although certain other deficiencies in Dunn's performance would warrant counseling or reprimand only (such as his inattention to proper allocation of expenses between mandatory and

24870086.1

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

27

Exhibit #1: 029
22-CV-01616-BAS-DDL



voluntary fees), Dunn's repeated failure to provide adequate or truthful information to the Board plainly provides an adequate basis to terminate his at will employment. Whether the Board should do so is a slightly different question, which requires evaluation of factors including how strongly Dunn has been performing in other ways—something as to which the Board has more information than we do. Nonetheless, however strong his performance has otherwise been, the nature of the misconduct involved here and the attitude Dunn showed when questioned by counsel could certainly justify termination.

Dunn repeatedly provided inadequate or inaccurate information to the Board in a way that undermined its ability to exercise its decision-making authority. He told (or implied to) the Board that no Bar funds would be used for the trip to Mongolia, when that was not the case. He failed to inform the Board about the Supreme Court's concerns regarding A.B. 852 that were highly relevant to a decision it was being asked to make about sponsoring the legislation. He misrepresented the Supreme Court's views about moving Bar operations to Sacramento even though the Board's discussions made plain to him that the Supreme Court's views were a central factor the Board was considering in making a hugely important decision for the Bar's future.

His truth-telling tendencies have also been called into question more generally based on how he described (or allowed to be described) to the Board Tom Miller's intentions about working in San Francisco, how he described to Luis Rodriguez his chances for a Judicial Council position, and how he described to Beth Jay and to us in his interview his disclosures to the Board about A.B. 852.

One piece of information that is often relevant to termination decisions of this kind is how effective and valuable the individual has been to the organization. Boards may be willing to tolerate more problems associated with an executive who is bringing huge value than with an executive who is a more average performer. The Board is far better able to judge the importance of Dunn's contributions to the Bar than we are. At the same time, two considerations are relevant to weighing this factor in the termination decision.

Exhibit #1: 030
22-CV-01616-BAS-DDL

https://rico.jefffenton.com/evidence/girardi-investigation-for-the-state-bar-of-california.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)



First, while Boards sometimes are willing to overlook or seek work-arounds for certain deficiencies in a high-performing executive, the deficiency of failing to be candid and truthful with the Board seems to strike at the very core of what a Board requires in its single employee.

Second, in assessing whether the problem is one that can be avoided in the future through reprimand or counseling, the Board should consider how Dunn responded on this issue when interviewed. It would be one thing if he were contrite and apologetic, acknowledging that his behavior in certain respects fell short of Board expectations. Dunn was the opposite: unapologetic, disingenuous, and (at least in one instance) untruthful. This reaction bodes ill for the possibility that future performance will be better.

Should it decide to do so, the Board plainly has the authority to terminate Dunn. Dunn's agreement provides that he is an at will employee who "serves at the pleasure and discretion of the Board and shall be terminable at will." Employment Agreement, § IV(C). "The Board as a whole has the authority to hire, supervise, and fire the Executive Director, and may do so through its designated leadership of Board President or other designate." Board Book Tab 18, Art. 3.

### B.    Peggy Van Horn and Financial Controls

Van Horn should be reprimanded for failing to perform her duties in accordance with applicable standards. There are constraints, however, on the extent to which the Board may do so directly.

Section 5 of the Rules and Regulations Pertaining to the Employment of Executive Staff Employees ("Exec. Staff Rules") provides: "Unless the Board has retained to itself the discretion to appoint or terminate an Executive Staff Employee, an Executive Staff employee serves at the pleasure of the State Bar and may be terminated, disciplined or demoted at will by the Executive Director." Exec. Staff Rules § 5(A) (emphasis added); see also Board Book, Tab 17, Art. 4, § 2 ("No personnel action . . . shall be undertaken without the approval of the Executive Director, or designee, through the Office of Human Resources."). The Board's Lines

24870086.1

29

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

Exhibit #1: 031
22-CV-01616-BAS-DDL

Case 3:24-cv-01282    Document 224-1    Filed 03/12/25    Page 31 of 49 PageID #: 1405

https://rico.jefffenton.com/evidence/girardi-investigation-for-the-state-bar-of-california.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)



PRIVILEGED AND CONFIDENTIAL

of Authority Policy Statement provides that the Board "may provide advice to the Executive Director to support her/his management, but will not assume the role of managing other staff members unless there is a compelling reason to do so. Such a step would be considered a temporary and emergency action." Board Book, Tab 18, Art. 3, p. 18.

If the Board decides that Van Horn should be reprimanded, we recommend that it instruct Dunn (or his replacement) to do so. If he refuses, the Board may (1) "assume the role of managing" Van Horn in light of the "compelling" concerns raised by the investigation's findings and Dunn's refusal to take appropriate action; and/or (2) take Dunn's conduct into account in his performance review and the re-negotiation of his contract.

Further, management should implement additional internal controls and/or training to ensure that State Bar funds are appropriately administered and accounted for in accordance with all legal requirements. Specifically, we recommend the following:

- All members of the Board, senior management, and any Office of Finance staff member responsible for auditing travel and business expenses should undergo training on the *Keller* requirements, as well as the business unit account codes applicable to chargeable versus non-chargeable expenses.
- At a minimum, management should ensure that travel expenses for the Mongolia trip are properly allocated to voluntary fees.
- The Board should instruct senior management to allocate each executive staff member with an individual business expense budget each year. These allocations should be included in the annual budget to be approved by the Board, and internal controls should be implemented to ensure that each executive staff member's business expenses are appropriately audited by the Office of Finance. The Executive Director's business expenses should be audited by the finance committee of the Board.

24870086.1

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

30

Exhibit #1: 032
22-CV-01616-BAS-DDL

Case 3:24-cv-01282   Document 224-1   Filed 03/12/25   Page 32 of 49 PageID #: 1406

https://rico.jefffenton.com/evidence/girardi-investigation-for-the-state-bar-of-california.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)



PLAINTIFF'S EXHIBIT

A-32

PRIVILEGED AND CONFIDENTIAL

### C. Thomas Miller

The Board should consider several matters with respect to Miller's position as General Counsel.

First, as noted above, unless it has changed its view, the Board should instruct Miller that it has always understood that he would spend a majority of his time in San Francisco indefinitely, and that it expects that practice to continue. It may deliver that feedback through the existing evaluation process. See Board Book Tab 18, Art. 3, p. 22 ("The General Counsel is subject to an annual performance review by both the Executive Director and the Board.").

Second, if the Board decides to reprimand but not terminate Dunn, it may want to revisit whether Miller is the best person for the General Counsel job. Having a strong General Counsel can act as a valuable check on a chief executive whose trustworthiness or candor has been called into question. Given the problems that have now come to light about Dunn, the Board may feel a greater need to have such a General Counsel in place than it did when Miller was hired, and it may question whether Miller is the right person if Dunn remains. Certainly, Miller failed to take action to correct the non-disclosure regarding AB 852 though he was in a position to do so, and his party-line explanation for failing to do so raises questions whether he has the gumption and independence to stand up to Dunn when the Board would want him to.

If the Board concludes that Miller should be replaced, we can discuss further at the Board meeting how to go about doing so. While the Executive Director must bring his or her choice for General Counsel to the Board for approval, it is unclear whether the Board has retained the discretion to dismiss someone from the General Counsel position. Compare Board Book Tab 18, Art. 1, § 7 (stating that Board must approve General Counsel hiring, but "otherwise all personnel decisions reside exclusively in the executive director"), with Board Book Tab 18, Art. 3, p. 17 ("The Executive Director will make recommendations for hiring and dismissal of these positions to the Board for their final approval.").

Finally, whoever continues in the role of General Counsel, the Board should reinvigorate the policy that the General Counsel reports directly to both the Board and the Executive Director.

24870086.1

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

31

Exhibit #1: 033
22-CV-01616-BAS-DDL

Case 3:24-cv-01282    Document 224-1    Filed 03/12/25    Page 33 of 49 PageID #: 1407



See Board Book, Tab 18 § 7 Authority of the General Counsel. The job description posted, and Miller's understanding of the reporting relationship, do not precisely track the stated policy. The Board should take steps to cultivate a direct relationship with the General Counsel and express an expectation that he or she perform a watchdog role.

### D. Other Recommendations

1. The State Bar should make a corrective public statement to clarify that Bar funds were in fact used for the Mongolia trip.

2. The Board should adopt a policy that prohibits Bar employees from providing or offering to Board members during their terms of service assistance in professional matters unrelated to Bar activities and prohibits Board members from requesting such assistance.

3. At some appropriate meeting, retreat, or other forum, the Board should receive from an outside expert training in protocols related to the proper conduct of independent investigations and should consider adopting written guidelines for the handling of such investigations in the future.

4. The Board should instruct senior management how important it is to cultivate and maintain a public perception that the Bar represents all attorneys, and that no one law firm or segment of the bar has a special position. It should further instruct management that its conduct to date may have created an unhealthy perception that Girardi and his firm have special influence or receive special treatment – and that management should take steps to dispel and avoid contributing further to this perception in the future.

5. The Board should instruct all senior management to ensure strict adherence to the Bar's competitive bidding and sole source requirements.

6. Bar management should be instructed to conduct all Bar business through their official email accounts and not to use personal email addresses for such matters (as it appeared to us that Dunn did on many occasions).

24870086.1

ATTORNEY-CLIENT PRIVILEGE
ATTORNEY WORK PRODUCT

32

Exhibit #1: 034
22-CV-01616-BAS-DDL

EXHIBIT 42



**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE LION AIR FLIGHT JT 610 CRASH | No. 18 C 7686 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Tragically, on October 29, 2018, Lion Air Flight 610 crashed shortly after takeoff killing all aboard. That tragedy was compounded when attorney Thomas Girardi stole some of the money five of his clients were owed from settlements with defendant Boeing of claims arising out of the crash.

The law firm Edelson P.C. (the "Edelson firm") served as Girardi's local counsel here in Chicago. On December 2, 2020, the Edelson firm filed a motion for rule to show cause alerting the Court to the fact that the clients had not been fully paid and arguing that Girardi and his firm should be held in contempt. *See* R. 842. In his response, Girardi admitted he had not paid the clients the full settlement amount and that he did not have the money to pay them the balance. *See* R. 847 at 2-3 (¶¶ 8-9). On December 14, 2020, the Court found Girardi and his firm, Girardi & Keese, in civil contempt and entered a judgment against them in the amount of the outstanding payments. *See* R. 848.

The Edelson firm's motion also implicated Girardi associates David Lira and Keith Griffin. The Edelson firm, Griffin, and Lira filed briefs and participated in a three-day hearing in December 2021, at which Griffin, Lira, and attorneys from the

PLAINTIFF'S EXHIBIT

B-1

Edelson firm testified. Subsequently, the Edelson firm brokered a settlement with its insurance carrier resulting in the clients being paid in full. *See* R. 1360. The Court commends Jay Edelson and his firm for being the first to pursue these issues and for doing what was necessary to see that the clients were made whole.

These settlements with the Edelson firm's insurer satisfy the Court's primary concern in addressing this motion. To the extent the Court was considering sanctioning Griffin, Lira, and/or Edelson firm attorneys for their roles in the misappropriation of the client's funds or their failure to protect the clients from Girardi, that concern is now moot because the clients have received the money to which they are entitled. To the extent any of the conduct at issue here was contemptuous or sanctionable (and at least some of it certainly was), there is no longer any party to be made whole, and no action that needs to be compelled, which removes these issues from the realm of civil contempt and the Court's power to sanction in this case. *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 738 (7th Cir. 1999) ("Civil contempt proceedings are coercive and remedial, but not punitive, in nature and sanctions for civil contempt are designed to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy."). For these reasons, the motion for rule to show cause is denied.

Evaluation of counsel's conduct is now left to more proper authorities, whether they be a state bar, criminal prosecutors, or one of the several ongoing civil proceedings addressing the relationship between these parties specifically or

PLAINTIFF'S EXHIBIT

B-2

2

Girardi's actions more generally. The Court alerted the U.S. Attorney for this district to the facts of this case when this motion was first filed because Girardi's conduct is unquestionably criminal. The Court is aware that the State Bar of California (the state in which Griffin and Lira are admitted) is monitoring these proceedings. Girardi and his firm are in bankruptcy proceedings. And the Edelson firm has sued Girardi, Griffin, and Lira. Additionally, Girardi's theft in this case, and apparently many others, has been well publicized nationally. In light of this Court's limited jurisdiction in this matter, and the ongoing investigations and proceedings in other venues, the Court finds that it need not take any further action with respect to Griffin, Lira, and/or the Edelson firm or any of its attorneys. Nevertheless, in the interest of the larger goal of unwinding Girardi's fraud, and identifying those responsible, the Court will review the salient facts that emerged from the three-day hearing.

By March 30, 2020, all the clients' settlements were funded by transfers from Boeing to the Girardi & Keese account. *See* R. 1319-48 at 4 (Ex. 247-4). According to the settlement agreements, the clients should have received their payments from Girardi within 30 days of the funding. But it wasn't until May 11, 2020, after the clients complained about not yet having been paid, *see*, *e.g.*, R. 1296-56 at 2 (Ex. 165-002), that partial payments were made. *See* R. 1319-48 at 11 (Ex. 247-11). Installment payments were of course not part of any agreement with the clients. When Girardi & Keese received the money, it should have been sent to the clients promptly.

Upon receipt of partial payments, the clients immediately and understandably inquired about the balance by email to Girardi, Griffin, and Lira. *See*, *e.g.*, R. 1296-



3

https://rico.jefffenton.com/evidence/girardi-lion-air-flight-610-crash-memorandum-order.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

63 (Ex. 172). In response, Girardi drafted a letter to one of the clients stating the following:

> I got enough of the problem taken care of so we were able to release 50% of the settlement. I feel pretty good about the next payment. There are tax issues etc. I am working very hard.

R. 1296-57 (Ex. 166-002). A similar letter to another client stated:

> We made an agreement with Boeing that all of the cases would be resolved. They gave us special authorization to distribute 50%. I feel fairly confident the balance will be done within 30 days. There was also a tax issue that came up that I am trying to resolve.

R. 1296-58 at 2 (Ex. 167-002); *see also* R. 1296-61 at 2 (Ex. 170-002) (similar letter claiming that Girardi was "dealing with the head of the IRS" regarding the supposed tax issue). These letters contained outrageous lies. Before sending the letters, Girardi's secretary shared them with Griffin and Lira. *See* R. 1296-57 (Ex. 166); R. 1296-58 (Ex. 167). In response, Lira stated "There are no tax issues." R. 1296-59 at 1 (Ex. 168). Lira also shared the letters with co-counsel at another firm, noting that he (Lira) had "intercepted this letter from going out." R. 1296-60 at 1 (Ex. 169). Co-counsel responded that if the client read the letter, "Tom won't know how to put the fire out." *Id.* at 3. That attorney also cryptically noted that the letter "reminds me of the letter in the Blythe case." *Id.* To which Lira responded, "Indeed." *Id.* at 4. Lira told Girardi's secretary, "I wouldn't send any of these letters. They are lies and can come back to haunt Tom." R. 1296-62 at 7 (Ex. 171).

Griffin and Lira both testified at the hearing on this motion that the statements in these letters were false. *See* R. 1316 at 105 (105:13–106:2) (Griffin); R.



4

1316 at 124 (124:8-15) (Griffin); R. 1317 at 23 (297:2-16) (Lira); R. 1317 at 25 (299:5-7). This series of email communications proves that Griffin and Lira knew that the clients should have been paid the full settlement amounts by April 30, 2020 at the latest and that Girardi was planning to and, in at least two cases where the letters were sent to clients, actually did lie to the clients about the reason for his failure to do so.

Even after Griffin and Lira "intercepted" Girardi's letters to the clients lying to them about the status of the funds, the Edelson firm remained unaware that the settlements had been funded by Boeing more than a month earlier. *See* R. 1317 at 194 (468:19-21); *id.* at 196 (470:8-24) (testimony of Edelson general counsel Rafey Balabanian); R. 1318 at 24 (575:10-14); *id.* at 25 (576:9–577:8) (testimony of Jay Edelson). At this point, the Edelson firm also did not know that Girardi was withholding settlement funds from the clients. Because they were under the impression that the settlements had not funded, getting the settlements funded was their primary concern. They considered independently contacting Boeing to investigate why the settlements had not been funded but decided against it in ultimately ill-advised deference to Girardi & Keese, who were the primary attorneys on the case. *See id.* at 197 (471:5-18) (Balabanian testimony). Apparently neither Griffin nor Lira ever informed anyone at the Edelson firm that Girardi had lied to the clients about the reasons for the delay in payment. *See, e.g.*, R. 1317 at 199 (473:23-25) (Balabanian testimony that Lira never told him); *id.* at 201 (475:8-10) (Balabanian testimony that Griffin never told him).



PLAINTIFF'S EXHIBIT
B-5

5

https://rico.jefffenton.com/evidence/girardi-lion-air-flight-610-crash-memorandum-order.pdf

M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

According to Balabanian, it wasn't until the middle of June 2020 that the Edelson firm first learned that Boeing had funded the settlements previously in March. *See* R. 1317 at 198 (472:16–473:12). Later in June, in a conversation with Griffin, Balabanian learned that Girardi had paid only part of the settlement money to the clients. *See* R. 1317 at 200-01 (474:25–475:7). On July 6, 2020, Lira sent the Edelson firm a check for $77,500 as partial payment for the Edelson firm's attorney's fees. *See* R. 1296-12 (Ex. 116). Balabanian testified that the Edelson firm never cashed this check due to their concerns about the clients not being fully paid. *See* R. 1317 at 201-02 (475:15–476:13). Balabanian told Lira (and Girardi) as much in a letter dated July 10, 2020. The primary purpose of that letter, however, was to express the Edelson firm's concern and displeasure with the fact that they had not been told that the settlements had been funded and that the clients had not been fully paid. *See* R. 1296-13 (Ex. 117). Lira responded with a letter focused on responsibility for paying the Edelson firm's fees and largely ignoring the more important concern of the clients' money. Lira devoted only two sentences to that issue stating: "Lastly as to the current status of payment to the [clients] . . . referred to Keith and Tom, I do not know the current status. I resigned from Girardi [&] Keese effective on June 13, 2020, and I do not have access to such information." R. 1296-14 (Ex. 118).

Balabanian eventually had a phone conversation with Girardi himself later in July. Girardi told him that the delayed payments were due the length of time it took to get releases of the clients claims, tax issues with the IRS, and Girardi's health issues. *See* R. 1317 at 203-04. Balabanian testified that to the extent he and the

6



Edelson firm did not believe Girardi's explanations, they thought Girardi was simply motivated to delay in paying the Edelson firm its share of the attorney's fees. *Id.* at 207 (481:2-5); *see also* R. 1318 at 48 (599:1-10) (Jay Edelson testified similarly). They did not believe that Girardi was attempting to avoid paying the clients the settlement money. *See id.* (481:16-22). Yet, in text messages with Griffin in August 2020, Balabanian twice threatened that the Edelson firm would be forced to alert the Court if the clients were not paid. *See* R. 1296-15 at 8 (Ex. 119-008) (text from Aug. 3, 2020); *id.* at 10 (Ex. 119-110) (text from Aug. 24, 2020). According to Balabanian, however, the Edelson firm "ultimately felt as though the explanations were reasonable in terms of Mr. Girardi's ailments [and] in terms of it being the result of a mistake." R. 1317 at 215 (489:16-19); *see also* R. 1318 at 141 (692) (similar testimony from Jay Edelson).

Girardi made additional partial payment to the clients in September. After further communications with Griffin about these payments, Balabanian spoke with Girardi again on September 30. According to Balabanian, Girardi falsely assured him that he had finally paid the clients in full. *See* R. 1317 at 212-213. Balabanian and the Edelson firm took Girardi at his word.

Then on November 17, 2020, Griffin texted Balabanian that Girardi still had not fully paid the clients. *See* R. 1296-15 at 27-28 (Ex. 119-027-28). The Edelson firm attorneys had a phone call with Griffin thereafter, and Griffin told them he did not believe Girardi or the Girardi & Keese firm had the money to pay the clients and that he had contacted a malpractice attorney on behalf of the clients. *See* R. 1317 at 219 (493:3-14). It turns out, however, that the attorney Griffin recommended was



7

formerly associated with Girardi & Keese, *see* R. 1317 at 85 (359:9-14), and he suspiciously urged the Edelson firm attorneys not to seek court intervention. *See* R. 1317 at 220 (494:14-22). The Edelson firm wisely disregarded this suggestion and finally alerted the Court regarding these circumstances by filing this motion two weeks later on December 2, 2020.

There was also evidence presented at the hearing regarding checks written to and from the Girardi & Keese accounts and how much money may have been in the accounts at various points in time. *See* R. 1332; R. 1333; R. 1334. There was evidence presented about Lira's authority as a signatory on those accounts and irregularities in the Girardi & Keese firm's compliance with bank signature requirements. *See*, *e.g.*, R. 1317 at 115-23. The Court was interested in this evidence as it is relevant to whether the delays in alerting the Court to Girardi's failure to pay the clients caused losses to the clients that could have been avoided if the Court had been informed earlier. This analysis is complicated by the large number of clients Girardi & Keese had and the large sums of money coming into and out of the firm's accounts almost daily. Ultimately, the fact that the clients have been made whole by the settlements with the Edelson firm's insurer means it is unnecessary for the Court to pursue these questions further.

While the money trail is complex and unclear, the knowledge of Griffin, Lira, and the Edelson firm is relatively uncontested and straightforward. Griffin and Lira knew from the start that Girardi did not pay the clients when he was supposed to. And they knew at least as early as May 12, 2020 that Girardi was lying to the clients

PLAINTIFF'S EXHIBIT

B-8

8

about the reasons for the failure to pay the full amounts. Griffin and Lira both testified that they never believed that Girardi intended to steal the money, and that they always assumed he would eventually pay the clients. The Court is skeptical of these assertions, however. Evidence of Girardi's repeated malfeasance with clients has been well-documented in the press since these allegations surfaced. Griffin and Lira worked with Girardi for many years. Indeed, Lira is his son-in-law. It is not credible that Griffin and Lira were so completely unaware of the prior disputes over client payments that they had no suspicions of Girardi's conduct and motives.

Moreover, the email communications regarding this specific incident indicate that Griffin and Lira were not surprised that Girardi was lying to the clients. First of all, Girardi's secretary apparently found it appropriate and necessary to check with Griffin and Lira before sending the letters. This is a curious process unless the staff had some sense that Girardi was not to be entirely trusted. Furthermore, Griffin stated that he had "intercepted" the letters, implying that he was regularly playing defense with respect to Girardi's conduct. And Lira's communications referenced another previous instance of similar conduct. In short, it is difficult to believe Griffin and Lira were unaware that Girardi was running a Ponzi scheme with client money, which in fact he was.

In any event, even if Griffin and Lira were so naïve as to be unaware that Girardi was willfully misappropriating client money, once they witnessed him lie to clients about the status of settlement money, they should have informed this Court. Griffin and Lira argue that they were under no obligation to make such a report. In

9

PLAINTIFF'S EXHIBIT

B-9

making this argument, they rely on the California Rules of Professional Conduct, which require only "reasonable remedial measures," and do not specifically require "disclosure to the tribunal," as do the ABA Model Rules. *See* R. 1343 at 14-15. But when, as was the case here, the attorney who controls the clients' money has already delayed more than a month in making payments and then actively lies to the clients about the reasons for the failure to pay, "reasonable remedial measures" must include alerting the relevant court. That is especially true here where the settlements in question required a Court order because they involved minor plaintiffs. Whether Griffin and Lira were directly beholden to the court orders is irrelevant. They have an obligation as officers of the Court to alert the Court to what amounts to using legal proceedings as cover for criminal activity. Griffin's and Lira's failures to do so here were entirely unreasonable and improper.

These failures were compounded by Griffin's and Lira's lack of candor with the Edelson firm. Once they learned that the settlements had been funded but the clients had not been fully paid, the Edelson firm inquired with Lira and Girardi about the reasons. Unsurprisingly, Girardi reiterated the lies he told his clients. Lira did not repeat Girardi's lies, but he already knew Girardi's excuses were false and kept that information hidden from the Edelson firm. His failure to inform Edelson that Girardi was lying is a lie by omission. This kept the Edelson firm in the dark, so when Balabanian finally had a conversation directly with Girardi, he had no solid basis to immediately question Girardi's excuses. Lira's decision to leave Girardi & Keese and, in his letter to Edelson, to rely on that departure as an implicit excuse to not reveal

PLAINTIFF'S
EXHIBIT

B-10

Exhibit #42: 011
22-CV-01616-BAS-DDL

Girardi's lies and seemingly absolve himself of any additional responsibility for the clients' money, was at best disingenuous and at worst improper.[1]

Griffin's conduct was just as bad, if not worse. Like Lira, Griffin knew that Girardi's excuses were lies. And like Lira, Griffin abetted the lies by hiding them from the Edelson firm. Griffin was in regular communication with Balabanian through the summer and fall of 2020. Not only did Griffin not reveal Girardi's lies, he came perilously close to repeating them when he told Balabanian in a text message, "I know [Girardi] is working on this." R. 1296-15 at 8 (Ex. 119). Girardi was working on nothing but trying to hide the theft. Even when he finally informed the Edelson firm in November 2020 that the clients had not been fully paid and Girardi didn't have the money to pay them, Griffin did not reveal that he had known since May that Girardi was lying to the clients. Further, he continued to attempt to dissuade the Edelson attorneys from involving the Court by recommending they consult a conflicted former Girardi & Keese attorney who he claimed to have arranged to pursue malpractice claims. This conduct is at best an effort to pass the buck and at worst a knowing cover-up. None of it demonstrates concern with the money owed to clients whose family members were victims of a tragic accident. All of it is simply inexcusable.

---

[1] Lira was a signatory on the account that would have received the clients' settlement money. Lira testified that his signature was forged on some checks written from the account. It is not clear whether Lira signed checks drawing on this account when he should not have, considering his knowledge that the clients had not been paid. Obviously, if Lira signed checks from the account thereby reducing its balance while knowing that the money was owed to the clients from that account, then his culpability here is much greater. Regardless, it is undisputed that both Lira and Griffin accepted salaries from Girardi & Keese knowing that the firm had not met its obligations to the clients.

11



By contrast, there is no evidence that the Edelson firm ever had knowledge that Girardi was lying to the clients. Balabanian's and Jay Edelson's testimony regarding their communications with Griffin, Lira, and Girardi shows that they regularly inquired to confirm that the clients would be paid. Their inquiries were consistently met with excuses begging forgiveness and more time. The Court understands the desire to extend professional courtesy, but the Edelson firm should have acted sooner than they did. They admitted as much in their testimony. That being said, the evidence in the record indicates that, unlike Griffin and Lira, the Edelson firm never had any reason to believe that Girardi was perpetrating a massive fraud. In effect, they deferred to Girardi, who had a reputation as a titan of the plaintiffs' bar in California and throughout the country. Indeed, Girardi's gaudy displays of wealth and extravagant lifestyle furthered the fiction that he and his firm were successful and solvent. From the Edelson firm's perspective, based on the information available to them, the risk they were running was simply abetting delayed payment, not a risk of non-payment. The delay was contrary to the settlement agreements and to the Court's orders approving the settlements. But delays are often a fact of life for one reason or another, illnesses like Girardi's being one. Delays are not inherently criminal or unethical. And delayed monetary payments can be easily remedied, if necessary, with interest payments. This realm of potential risk the Edelson firm reasonably perceived is not so great that the Court could find that the Edelson firm or any of its attorneys bears any responsibility for the clients' potential losses. To the extent the Edelson firm or any of its attorneys did

PLAINTIFF'S EXHIBIT

B-12

12

bear any such responsibility, they more than made up for it in arranging for its insurer to pay the clients, which was the only somewhat positive development from this debacle.

*    *    *    *

Thomas Girardi's actions are a stain on the legal profession and, due to the international nature of this case, have damaged the reputation of the American legal system. All of the plaintiffs in this case were citizens and residents of another country, many of whom do not speak English and have little to no experience with American society and certainly not its court system. Most are not very well-off. They all suffered the tragic loss of family members.

In need of help, they trusted American attorneys to shepherd them through the legal process and achieve at least some relief for their losses with amounts of money that are likely life-changing in their country. Girardi took advantage of vulnerable people at their most vulnerable moments, and he used the prestige of his profession, the reputation of American courts, and the imprimatur of this Court to do it. It is nearly impossible to mend such a breach of trust. The best we can do is demonstrate that the legal system Girardi besmirched has the ability to rectify its errors and bring bad actors to account. With the hearings and settlements initiated by the Edelson firm, a step has been taken in that direction.

For these reasons, the motion for rule to show cause [842] is denied.

**PLAINTIFF'S EXHIBIT**

**B-13**

13

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: November 2, 2022

14


PLAINTIFF'S
EXHIBIT
B-14

Exhibit #42: 015
22-CV-01616-BAS-DDL

# EXHIBIT P

**TNMD DOC 236 — MEMORANDUM OF OPINION AND ORDER DISMISSING THE ACTION**

_____

| | | |
|---|---|---|
| **Jeffrey Ryan Fenton,** | ) | **CASE NO. 3: 24 CV 1282** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN[1]** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Virginia Lee Story, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### Introduction and Background

This is a civil action brought by *pro se* Plaintiff Jeffrey Ryan Fenton, a resident of Genessee County, Michigan. Plaintiff filed his original 33-page "Complaint for Tortious Conduct & Injunctive Relief" on October 13, 2023, in the District Court for the Western District of Michigan. *Fenton v. Story, et al*., No. 1: 23-cv-1097 (W.D. Mich.) (Doc. No. 1.) His original complaint pertained to a contentious divorce proceeding involving Plaintiff and his ex-wife in the Williamson County Tennessee Chancery Court, and to a related bankruptcy proceeding in the United States Bankruptcy Court for the Middle District of Tennessee. The complaint named 29 defendants allegedly located in Tennessee and Massachusetts and consisted of 144 paragraphs of allegations, included over 2,000 pages of exhibits, and alleged 11 counts for relief for violations of various Tennessee and federal laws. He sought "declaratory and/or injunctive relief pursuant to 42 U.S.C. § 1983 and the U.S. Constitution," including an order expunging "illegal order(s) of protection issued . . . against [him]" in his state-court divorce

---

[1]Judge Gaughan was designated to hear this case by the Chief Judge of the Sixth Circuit Court of Appeals. (Doc. No. 208.)

proceeding and compensatory and punitive damages. (Doc. No. 1 at ¶¶ 143-44.)

On August 21, 2024, Plaintiff filed a 103-page "Amended Complaint for Tortious Conduct & Injunctive Relief" in the case (hereinafter "Amended Complaint" or "Complaint"), naming 34 Defendants located in Tennessee, Florida, and Mississippi, including lawyers, law firms, judges, the State of Tennessee, state agencies and courts, and financial institutions. (Doc. No. 66.)

Plaintiff's Amended Complaint is unwieldy and rambling and virtually impossible to parse for cogent specific factual allegations of wrongdoing and claims against each of the 34 Defendants. But like his original complaint, Plaintiff's Amended Complaint clearly pertains to the divorce proceeding initiated in 2019 by his ex-wife in the Chancery Court for Williamson County Tennessee, and to the related bankruptcy proceeding his ex-wife initiated in Bankruptcy Court. (*See id.* at ¶¶ 9-14.) Plaintiff states that the "genesis" of his Complaint is his belief that the "domestic divorce action (with no children) executed in Chancery Court" and the related bankruptcy case were "fraudulent" and "predatory" and designed to "cheat [him] out of his property interests," including his marital home. (*Id*. at ¶¶ 1, 11.) He takes issue with orders issued in the state divorce proceeding, which ultimately resulted in the sale of his marital home, stating his "complaint will prove with undeniable facts and evidence that the outcome in [his] legal battles in the Tennessee and federal court systems were predetermined and thus were some of the several instances of deprivation of his constitutional right to due process." (*Id*. at ¶ 9.) He states his "complaint seeks a cure for [the] two fraudulent predatory actions in Tennessee during 2019, from which flowed [various] court orders" allegedly depriving him of his rights. (*Id*. at ¶ 11.)

-2-

Plaintiff's filings indicate that the "court orders" of which he complains are restraining and protection orders entered against him in the Chancery Court divorce case, and an order that his marital home be sold in connection with his divorce. (*See* Doc. No. 1-35 at Pages 27-29, 47-49.) Ultimately, his marital home was sold, and the Bankruptcy Court ordered that proceeds from the sale satisfy liens on the home. (*See* Doc. No. 66, ¶ 14.)]

Plaintiff's Amended Complaint alleges fourteen counts accusing the 34 different Defendants – all apparently having some involvement or connection to the divorce or bankruptcy proceedings or the sale of his home – of engaging in a host of unlawful conduct, including organized racketeering activity, fraud, abuse, disability discrimination, and violations of the Constitution and Tennessee law.[2] The relief he seeks is "declaratory and/or injunctive relief against [Chancellor Michael Binkley who presided in the Chancery Court divorce case], the Chancery Court, and/or any other named defendant with authority by directing them to abide by the law and Constitution and to vacate and expunge the illegal and unconstitutional order(s) of protection issued by them against Plaintiff," and for compensatory and punitive damages. (*Id.*

---

[2]Plaintiff's Amended Complaint contains the following counts: Count One ("VIOLATION OF T.C.A. § 66-27-123, NOTICE TO TENANT OF INTENT TO CONVERT RENTAL UNITS TO UNITS FOR SALE"); Count Two ("VIOLATION OF T.C.A. § 39-16-507, COERCION OR PERSUASION OF WITNESS"); Count Three ("VIOLATION OF T.C.A. § 39-15-510, OFFENSE OF ABUSE OF ELDERLY OR VULNERABLE ADULT"); Count Four ("VIOLATION OF T.C.A. § 36-4-101, GROUNDS FOR DIVORCE FROM BONDS OF MATRIMONY"); Count Five ("ABUSE OF PROCESS"); Count Six ("INTENTIONAL/ NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS"); Count Seven ("FRAUD/ CONCEALMENT"); Count Eight ("CIVIL CONSPIRACY"); Count Nine ("VIOLATION OF 18 U.S. CODE § 1962(B), RICO"); Count Ten ("VIOLATION OF 18 U.S. CODE § 1962(C), RICO"); Count Eleven ("VIOLATIONS OF 11 U.S. CODE [§ 341]"); Count Twelve ("VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND § 1985"); Count Thirteen ("VIOLATION OF CONSTITUTIONAL RIGHTS"); and Count Fourteen ("DISCRIMINATION/VIOLATION OF AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 ET SEQ.").

-3-

at ¶¶ 291-92, "Demand for Judgment").

Various Defendants filed motions to dismiss Plaintiff's action in the Western District of Michigan primarily on the grounds of lack of personal jurisdiction and improper venue in Michigan, although several Defendants also moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Doc. No. 76 (Defendants Virginia Lee Story and Story & Abernathy, PLLP's Motion to Dismiss for insufficient service of process, failure to file a motion for leave to file an amended complaint, lack of personal jurisdiction, and improper venue); Doc. No. 78 (Motion to Dismiss of 16 "Tennessee Defendants" for lack of personal jurisdiction and improper venue in Michigan); Doc. No. 86 (Motion to Dismiss of Rubin Lublin TN, PLLC for imperfect service, lack of personal jurisdiction, improper venue, and failure to state a claim); Doc. No. 92 (Motion of Defendants Roy Patrick Marlin and McCarthur Sanders Real Estate to Dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim); Doc No. 126 (Motion to Dismiss of United States Bankruptcy Judge Charles M. Walker for lack of personal jurisdiction, improper venue, insufficient service of process, and judicial immunity). Without expressly resolving any pending motion, other than a motion by Plaintiff to maintain venue in Michigan, the District Court for the Western District of Michigan transferred the action to the Middle District of Tennessee pursuant to 28 U.S.C. § 1406(a). (*See* Doc. No. 127.)

Following the transfer, Defendants filed additional motions to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. of Civ. P. 12(b)(6) on multiple grounds, including for failure to meet basic federal pleading requirements necessary to state a plausible claim in federal court, and because claims he asserts are barred by the statute of limitations and sovereign,

-4-

judicial, and governmental immunity.  The following motions are pending:  Doc. No. 133 (Motion to Dismiss of Defendant Hostettler, Neuhoff & Davis for improper service and failure to state a claim); Doc. No. 169 (Motion of Cadence Bank to Dismiss for failure to state a claim); Doc. No. 171 (Williamson County Tennessee and Williamson County Sheriff's Office Motion to Dismiss for failure to state a claim); Doc. No. 173 (Bank of America's Motion to Dismiss for failure to state a claim); Doc. No. 183 (Elaine Beeler's Motion to Dismiss for imperfect service and failure to state a claim); Doc. No. 185 (Defendant Henry E. Hildebrand's Motion to Dismiss for failure to state a claim); and Doc. No. 190 (Motion of Tennessee State Defendants to Dismiss for failure to state a claim).

Plaintiff has responded to Defendants' motions.  On February 25, 2025, he filed a "First Objection to all Motion to Dismiss, for Summary Judgment, and Motions/Order to Redact and Seal Documents."  (Doc. No. 211).  On March 7, 2025, he filed a "Second Objection to all Dispositive Motions, Redacted and Sealed Filings, with Declaration about Judicial Misconduct in Michigan causing  Substantial Delays in Service."   (Doc. No. 221).

Plaintiff's opposition briefs are convoluted and unclear and do not specifically respond to or rebut the legal arguments made by the moving Defendants in support of their motions. Instead, in his first "objection," Plaintiff primarily complains that documents have been filed under seal in the case. (*See* Doc. No. 211).  His second objection consists of a virtually incomprehensible series of complaints he apparently has about the proceedings in this case, including filings under seal and the time he was afforded to effectuate service of process.  (*See* Doc. No. 221).

Plaintiff has filed a number of other motions, declarations, and notices in the case,

-5-

Case 3:24-cv-01282     Document 236     Filed 03/26/25     Page 5 of 13 PageID #: 1495

including most recently, a "Second Motion to Stay All Dispositive Motions Until Service is Completed and the Court has Ruled on Plaintiff's Outstanding Expedited Motions, with Clarifications about how to Proceed." (Doc. No. 224.)

Given the transfer to this District in Tennessee, all pending motions to dismiss Plaintiff's action on grounds of improper venue and lack of personal jurisdiction in Michigan are denied as moot. Further, the Court will allow Plaintiff's Amended Complaint. Upon its own review and review of the Defendants' pending motions to dismiss, the Court finds that Plaintiff's Amended Complaint warrants dismissal.

## Standard of Review and Discussion

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on the motion, the court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)

To survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Legal conclusions must be supported by "well-pleaded factual allegations" that "plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679. Unless facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 547. Further, to state a claim in federal court, the allegations in the complaint must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims [against them] are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

In addition, while *pro se* pleadings are generally entitled to liberal construction, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs "has limits." *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* pleadings must still meet the requirements of Rule 12(b)(6) to avoid dismissal, and courts are not required to conjure allegations on their behalf or create claims for them. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Further, even without a motion to dismiss, federal courts are courts of limited jurisdiction and have an independent duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). A district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated,

unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In other words, summary dismissal of even a fee-paid complaint may be appropriate where the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.*

Applying these standards, the Court finds that Plaintiff's action warrants dismissal. For multiple reasons, Plaintiff's Complaint is totally implausible, devoid of merit, and no longer open to discussion.

Neither Plaintiff's Complaint nor his opposition briefs set forth cogent specific facts indicating what he contends *each* Defendant did to violate his rights, or facts sufficient to push any claim against any Defendant over the line from conceivable to plausible. *See, e.g., Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (claims alleging rights violations "cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted . . . rights violation recited in the complaint and what *each* defendant did to violate the asserted right") (emphasis in original). Even according Plaintiff's Complaint the deference to which a *pro se* pleading is entitled, his unwieldy assortment of unclear, conclusory, and generalized assertions and accusations fails to meet the basic requirements necessary to state a plausible claim in federal court. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Plaintiff's Complaint is insufficient to state any plausible claim upon which he may be granted relief in federal court, including for corruption, fraud, discrimination, or any other unlawful conduct under federal or state law in connection with his divorce from his ex-wife and

-8-

the disposition of his marital assets.

Further, to the extent his claims against Defendants can be deciphered, they are barred by the doctrines of *Rooker-Feldman* and *res judicata*. The *Rooker-Feldman* doctrine "is a narrow rule based on the idea that federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts." *Durham v. Haslam*, 528 Fed. App'x 559, 563 (6th Cir. 2013). *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.*"* *Exxon Mobil Corp. v. Saudi Basic Indust. Corp*., 544 U.S. 280, 284 (2005). Federal courts do not have jurisdiction over challenges to state court decisions, even if a plaintiff contends that a state court's action was unconstitutional or violated his rights. To determine whether the *Rooker-Feldman* doctrine bars a claim, the court must look to the source of the injury the plaintiff alleges in his federal complaint. *Cunningham v. Dep't of Children's Servs.*, 842 Fed. App'x 959, 963 (6th Cir. 2021). If the source of the injury claimed is a state court judgment, *Rooker-Feldman* applies and the Court lacks jurisdiction. *Id.* The source of the injury is determined by the requested relief. *Id.*

Here, whatever Plaintiff's claims against each of the 34 Defendants specifically are, he clearly indicates in his request for relief (and elsewhere in his Complaint) that the source, or "genesis," of his injury is "illegal and unconstitutional order(s)" of the Tennessee Chancery Court in his divorce proceeding, which he asks the Court to "vacate" and "expunge" and for which he seeks compensatory and punitive damages. (*See* Doc. No. 66 at ¶¶ 291-92, "Demand for Judgment"). The source of his alleged injury is clearly a state court ruling or rulings as to

-9-

which *Rooker-Feldman* bars his claims. *See, e.g, Foster v. Brooks*, No. 3: 18-cv-323, 2018 WL 7823052 (M.D. Tenn. Nov. 8, 2018) (Report and Recommendation), *adopted*, 2019 WL 1315975, at *1 (M.D. Tenn. Mar. 22, 2019) (finding federal subject matter jurisdiction lacking where "Plaintiff's claims are, in essence, a request for this Court to overturn the state courts' interpretation of the parties' Marital Dissolution Agreement and divorce decree, which is prohibited by the *Rooker-Feldman* doctrine").

Further, under Tennessee law, the doctrine of *res judicata* "bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). Accordingly, Plaintiff is collaterally estopped from challenging orders or decisions made by the Tennessee Chancery Court regarding his divorce and the disposition of marital assets, or any issues that he could have raised in the divorce action, in a second action. *Smith v. Dawson-Smith*, 111 Fed. App'x 360, 362 (6th Cir. 2004) (holding that *res judicata* barred a plaintiff's claims challenging decisions and issues that the plaintiff raised or could have raised and litigated in a state court divorce proceeding).

Even if it were not barred by *Rooker-Feldman* and *res judicata*, Plaintiff's Amended Complaint fails to state a claim and is without merit for additional reasons stated by Defendants in their motions to dismiss.

Judges and other judicial officers "enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988), citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967). Absolute judicial immunity shields judicial officers from suit arising out of the performance of their judicial

-10-

functions even when they act erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). There are only two sets of circumstances in which a judicial officer is not entitled to immunity: (1) when the judge was not acting as a judge when he or she committed the action giving rise to the complaint; or (2) when the actions were "taken in the complete absence of all jurisdiction" of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12. Plaintiff purports to sue a number of federal and state judges and judicial officers (including United States Bankruptcy Judge Charles Walker; Williamson County Chancery Court Chancellor Michael Weimar Binkley; Tennessee Court of Appeals Judges Frank Clement Jr., William Neal McBrayer, and Andy Dwane Bennett; and Clerk and Master of the Williamson County Chancery Court Elaine Beeler) on the basis of rulings they made, or conduct in which they engaged, during the performance of their official judicial or quasi-judicial functions as to which they are absolutely immune from suit. Plaintiff does not allege cogent facts plausibly suggesting that any judicial Defendant took action falling outside of the scope of his or her absolute judicial immunity. In addition, as Defendant Henry E. Hildebrand, III demonstrates in his motion to dismiss and Plaintiff has not refuted, Plaintiff has not alleged a plausible claim against him as the Chapter 13 Bankruptcy Trustee for Plaintiff's ex-wife's bankruptcy petition. (*See* Doc. No. 185 at 4-5, citing *In re McKenzie*, 716 F.3d 404, 414 (6th Cir. 2013) (bankruptcy trustee has quasi-judicial immunity from suit by a third party for actions taken by the trustee on behalf of the estate and within the scope of his authority)).

In addition, the Eleventh Amendment bars actions in federal court in which a state is named as a defendant, as well as actions "against state agents and state instrumentalities." *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 428 (1997). The Eleventh Amendment

"bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Multiple Defendants are entitled to Eleventh Amendment immunity in this case, including the State of Tennessee, the Tennessee Administrative Office of the Courts, the Tennessee Court of Appeals, the Chancery Court for Williamson County, Tennessee, the Supreme Court of Tennessee, and state employees sued in their official capacities. (*See, e.g.*, Doc. No. 191.) Local governments and local government agencies are also entitled to Eleventh Amendment protection when they "serve as an alter ego or arm of the state" when acting on a particular issue. *Denton v. Bedinghaus*, 40 Fed. App'x 974, 978-79 (6th Cir. 2002); *Brent v. Wayne Cnty. Department of Human Services*, 901 F.3d 656, 681 (6th Cir. 2018). Nothing in Plaintiff's Complaint suggests that Williamson County or the Williamson County Sheriff's Office engaged in conduct for which they are not immune from suit or for which they may otherwise be liable to Plaintiff.

Finally, the moving Defendants have persuasively demonstrated that some of Plaintiff's claims are barred by the statute of limitations. (*See, e.g.,* Doc. Nos. 92 at 18-199; 127; 133 at 7-10; 170 at 4-6; 172 at 3-4; 174 at 4-5; 183 at 4-6; 185 at 5-7; 191 at 67.) Plaintiff does not respond to these arguments or demonstrate that his claims are timely.

### Conclusion

Accordingly, for all of the foregoing reasons, Plaintiff's Complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and the Court's authority established in *Apple v. Glenn.* Defendants' pending motions to dismiss are granted to the extent they seek dismissal of

-12-

Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[3]  In light of this dismissal, the Court need not address the merits of any other remaining pending motion in the case, which will be terminated upon the closing of the case.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan

PATRICIA A. GAUGHAN
United States District Court Judge

Dated:  3/26/25

---

[3]Doc. Nos. 86, 92, 126, 133, 169, 171, 173, 183, 185, and 190.

-13-

# EXHIBIT Q

## TNMD DOC 237 — JUDGMENT ENTRY

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| Jeffrey Ryan Fenton, | ) | CASE NO. 3: 24 CV 1282 |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Judgment Entry** |
| Virginia Lee Story, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

In accordance with the Court's accompanying Memorandum of Opinion and Order, judgment is entered in favor of Defendants, and this action is dismissed. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
_____
PATRICIA A. GAUGHAN
United States District Court Judge

Dated: 3/26/25

# EXHIBIT R

**TNMD DOC 238 — RULE 59 OBJECTION, DECLARATION, AND MOTION TO ALTER JUDGMENT OR FOR A NEW TRIAL**

_____

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

JEFFREY RYAN FENTON,

        PLAINTIFF

v.

VIRGINIA LEE STORY ET AL.,

        DEFENDANTS

CASE NO. 3:24-cv-01282

RECEIVED

APR 2 3 2025

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

## OBJECTION TO MEMORANDUM OF OPINION AND ORDER[1], AND JUDGMENT ENTRY[2], WITH DECLARATION AND RULE 59 MOTION TO ALTER JUDGMENT OR FOR A NEW TRIAL [3]

Plaintiff brings this objection, declaration, and motion pursuant to 28 U.S. Code § 1746;

Tennessee Code of Judicial Conduct, Canons 1, 2, and 3; U.S. Const. amend. I, V, IX, and XIVI;

TENN. R. SUP. CT. 2.15 & 8.3; F.R.Civ.P. 11(b) and 59; 18 U.S. Code § 4 - Misprision of felony,

and Case Law.

I, Jeffrey Ryan Fenton, declare under oath as follows:

    1.      I am the Plaintiff in this lawsuit, a natural man domiciled in Genesee County, Michigan.

---

[1]    DOC 236, PID 1491-1503 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

[2]    DOC 237, PID 1504 | https://rico.jefffenton.com/3-24-cv-01282/doc/237.pdf

[3]    This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (hereinafter "MIWD") as case no. 1:23-cv-01097. On October 25, 2024, MIWD transferred this lawsuit as ordered in ECF 127 to the United States District Court for the Middle District of Tennessee (hereinafter "TNMD") as case no. 3:24-cv-01282. The language used in the file stamps of each page filed is slightly different between the two courts. MIWD uses the term "ECF No." (which I abbreviate as "ECF"), while in place of that, TNMD uses the term "Document" (which I abbreviate as "DOC"). Both courts use the term "PageID" (which I abbreviate as "PID"). Citations to the court record in this lawsuit will be notated without the case name or number, using the starting DOC/ECF number, followed by both the beginning and ending PID. The Notice of Electronic Filing for this transfer is recorded in TNMD DOC 131, at which point the DOC/ECF number from MIWD was retained and continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

2. I was born in Washington State during 1969.

3. Ms. Fawn Fenton (hereinafter "Ms. Fenton", "wife", or "ex-wife") and I were together for fifteen years, thirteen during which we were married, in Tennessee.

### *PRO SE* LITIGANT – MERITS RULE OVER TECHNICALITIES

4. I am acting in a *pro se*[4] capacity in this lawsuit by necessity and entitled to a liberal reading and less stringent standards since my filings have been prepared without the assistance of counsel. See *Haines v. Kerner,* 404 U.S. 519, 92 S. Ct. 594 (1972).

### QUALIFIED AMERICAN WITH DISABILITIES ACT LITIGANT

5. I am a qualified ADA party with disabilities affecting my communication and cognitive functions, which make research for and drafting of legal pleadings exceptionally slow and challenging.

6. I request any accommodations the court can provide to help me fully participate in, be protected by, and receive justice through the federal judiciary as would a party without these disabilities.

7. I suffer from several cognitive disabilities: Obsessive-Compulsive Personality Disorder (OCPD) DSM-5 301.4 (F60.5), Generalized Anxiety Disorder (GAD) DSM-5 300.02 (F4L1), Attention-Deficit Hyperactivity Disorder (ADHD) DSM-5 314.01 (F90.2), Circadian Rhythm Sleep Disorder (CRSD) Non-24-Hour Sleep-Wake Disorder (Non-24) DSM-5 307.45 (G47.24). Letters from my doctors[5] and a declaration[6] regarding my disabilities are on file in this federal lawsuit. Medications I take regularly can only control these afflictions, not cure them.

---

[4]   ECF 1-35, PID 1960 | https://rico.jefffenton.com/1-23-cv-01097/ecf/1-35.pdf

[5]   ECF 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

[6]   ECF 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/fenton-declaration-of-disabilities.pdf

# ODE TO THE TENNESSEE PREDATORS[7]

## AMERICANS WITH DISABILITIES ACT[8] — NO STATE HAS IMMUNITY

42 U.S.C. § 12202.  State immunity: "A State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter.  In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State."

## 42 U.S. CODE § 12203[9] (A) PROHIBITION AGAINST ADA RETALIATION AND COERCION

"Retaliation: No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

---

[7]    Throughout this document, the term "Tennessee Predators" and "Predators" refers to the defendants in this lawsuit.  This is based on the fact that the preceding litigation executed by the defendants was what I have learned to recognize as "Predatory Litigation" since, as explained in various filings throughout this lawsuit, as well as online at the two web addresses below:

https://tninjustice.org/predatory-litigation-101/ | The exploitation of our courts for predatory criminal practices must be stopped.

https://jefffenton.com/predatory-litigation-how-us-courts-were-designed-to-produce-justice-why-they-fail-how-to-restore-justice-again/

Courts should be keen to *predatory litigation* in any case involving a *pro se* litigant, where counsel chooses to elevate *process* and *procedures* above *merits* and *conduct*.  That is a tell-tale sign that the council or court's priorities are not in alignment with real justice.

[8]    https://www.law.cornell.edu/uscode/text/42/12202

[9]    https://www.law.cornell.edu/uscode/text/42/12203

## 42 U.S. CODE § 12203[10] (B) ADA INTERFERENCE

"Interference, coercion, or intimidation: It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter."

## 42 U.S. CODE § 12205[11] — ADA ATTORNEY'S FEES

"In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual."

## FEDERALLY UNCONSTITUTIONAL ACTS
## — NO STATE OFFICER HAS IMMUNITY —

The U.S. Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he comes into conflict with the superior authority of that Constitution, and he is in that case *stripped of his official or representative character* and is **subjected in his person to the consequences of his individual conduct.** The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States."

*Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683, 1687 (1974)

---

[10]   https://www.law.cornell.edu/uscode/text/42/12203

[11]   https://www.law.cornell.edu/uscode/text/42/12205

## BACKGROUND

8. Due to concerns about page count, and the bulk of filings this Court has chosen to glaze over with a single order, the background for this objection, declaration, and motion has been filed concurrently in a separate document, to expedite addressing substantive matters in this primary document.

9. Though the background is believed to be relevant, and to speak volumes regarding the Court's decisions and omissions in this matter, it is also believed that quickly and directly addressing the Court's claims in the Memorandum of Opinion and Order[12] as filed by District Judge Patricia A. Gaughan on March 26, 2025, in DOC 236, PID 1491-1503, is of greatest importance in the outstanding matters remaining before this court.

## RESPONSE TO 03/26/2025 MEMORANDUM OF OPINION AND ORDER (HEREINAFTER "MOOAO")

10. In the second paragraph of page 2[13] of the MOOAO, the court stated in part, "Plaintiff's Amended Complaint is unwieldy and rambling and virtually impossible to parse for cogent specific factual allegations of wrongdoing and claims against each of the 34 Defendants."

11. I believe it is prejudicial to the administration of justice for the court to lend the credibility of their office to make unsubstantiated remarks about my complaint more derogatory than I can remember any of the defendants making, in a meaningful capacity.

---

[12]   DOC 236, PID 1491-1503 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

[13]   DOC 236, PID 1492 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

Initials:

12.     Admittedly, my Amended Complaint[14] (hereinafter "FAC") is short on citations, a problem which with the court's permission I would like to fix and had hoped to do so in my Second Amended Complaint, to make several improvements and corrections since the transfer of this lawsuit to a different court and case number, before this litigation was prematurely terminated.

13.     Due to the massive scope of this lawsuit, and the fact that I only have a high school education, while trying to survive egregious ADA abuse and unconscionable litigious trauma, with horrific levels of attorney and judicial misconduct, and deprivation of my rights with no honest or lawful reason, jurisdiction, justification, or process (which nobody to date has meaningfully denied or challenged), I have done my best, and frankly I would like to see anyone do any better against the wall of power that I am up against in this lawsuit.

14.     Where the court claimed that my complaint is "virtually impossible to parse for cogent specific factual allegations of wrongdoing and claims against each of the 34 Defendants", I find that statement to be materially misleading because there are actually hundreds, if not thousands of pages of sworn testimony and evidence on court record in this matter", which provide "specific factual allegations of wrongdoing[15] and claims against [many if not most] of the 34 Defendants."

---

[14]   See attached "Plaintiff's Exhibit A" | This is an **exact** copy of ECF 66, PID 4870 through ECF 66-10, PID 5007, with the **only** changes being an "Exhibit" stamp added to page 1 of the complaint (on PID 4870), and **visible** word-level (black-color) redactions of the defendant's **home addresses** on pages 4 (PID 4873) and page 5 (PID 4874); to protect the privacy of the defendants while maintaining a publicly referenceable record. I Jeffrey Ryan Fenton swear under the **penalty of perjury** that no other edits, redactions, additions, or deletions have been made to this exhibit, from the Court's scanned files in ECF 66, PID 4870 through ECF 66-10, PID 5007, which I purchased directly through PACER, filed by MIWD on 8/21/2024. In every other way this printed exhibit is **identical** to the source digital files I purchased from PACER in ECF 66, PID 4870 through ECF 66-10, PID 5007.

https://rico.jefffenton.com/1-23-cv-01097/66.htm

[15]   ECF 53, PID 4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf
ECF 33, PID 3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf
ECF 24, PID 2921-2947 | https://rico.jefffenton.com/evidence/2019-08-29_authentic-chancery-transcript-and-audio.pdf
ECF 68, PID 5009-5029 | https://rico.jefffenton.com/evidence/2024-08-22_memorandum-of-law-about-void-tn-court-orders.pdf
ECF 1-12, PID 479-596 | https://rico.jefffenton.com/evidence/2019-10-29_tn-wilco-deed-fraud-ada-financial-exploitation.pdf

15.     Furthermore, I have provided extensive sworn testimony by my elderly mother[16], who is a highly reputable retired pediatric nurse, substantiating my factual claims under the penalty of perjury, with clear and convincing evidence, which this court has failed or refused to consider or address to date.

16.     I have proven with this evidence and testimony the **truth** of the **facts** contained in the record of this lawsuit, while I have not seen any defendant to date challenge those facts, under the penalty of perjury, for over *two hundred days*, since the majority of the defendants received service or some notice about this lawsuit.

17.     Therefore, I believe that an honestly impartial court would need to acknowledge that **"the facts are <u>not</u> in dispute"**.  While even if they were in dispute, that would be an issue for a **jury** to determine, not a judge.

18.     Upon information and belief, even in the alternate, if a **judge** was to make such a determination, it could not be done lawfully in good faith without providing me with a **hearing** in an impartial tribunal, which has **never** taken place.  (As I have repeatedly testified to under the penalty of perjury while providing clear and convincing evidence.)

- Obergefell v. Hodges, 576 U.S. 644 (2015)[17]
- Fuentes v. Shevin, 407 U.S. 67 (1972)[18]
- Goldberg v. Kelly, 397 U.S. 254 (1970)[19]
- Kelly v. Wyman, 294 F. Supp. 893 (S.D.N.Y. 1969)[20]
- Trop v. Dulles, 356 U.S. 86 (1958)[21]

---

[16]   ECF 18, PID 2417-2616 | https://rico.jefffenton.com/evidence/2024-01-16_marsha-fenton-sons-tn-legal-proceedings.pdf

[17]   https://supreme.justia.com/cases/federal/us/576/644/

[18]   https://supreme.justia.com/cases/federal/us/407/67/

[19]   https://supreme.justia.com/cases/federal/us/397/254/

[20]   https://law.justia.com/cases/federal/district-courts/FSupp/294/893/1883805/

[21]   https://supreme.justia.com/cases/federal/us/356/86/

19.    I believe that this is completely inappropriate, and an egregious violation of my constitutional rights to a **jury trial**[22].

20.    I have been completely destroyed[23] and rendered destitute for nearly **six years**, without any lawful reason, good conduct, due process, jurisdiction, or equal protection under the law, while denying my participation in hearings, after I had my home illegally seized under the fraudulent color of law, essentially forcing me out of the State of Tennessee, **by actions which meet the common law definition for kidnapping**, while they continue to **unlawfully restrain my constitutional rights** for no honest, lawful, good faith purpose whatsoever.

## COMMON LAW KIDNAPPING[24]

"Kidnapping is a crime at common law consisting of an **unlawful restraint of a person's liberty by force or show of force.** Under modern law, this crime usually only requires that the victim be taken to another location or concealed, but historical definitions required bringing the victim to another state or country."

## MODEL PENAL CODE § 212.1 DEFINES KIDNAPPING AS FOLLOWS[25]

"A person is guilty of kidnapping if he **unlawfully removes another from his place of residence** or business, **or a substantial distance from the vicinity where he is found**, or if he **unlawfully confines another for a substantial**

---

[22]    https://www.law.cornell.edu/constitution/sixth_amendment
https://www.law.cornell.edu/constitution/seventh_amendment

[23]    DOC 214, PID 911-975 | https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf

[24]    https://www.law.cornell.edu/wex/kidnapping

[25]    https://www.law.cornell.edu/wex/kidnapping

**period** in a place of isolation, with any of the following purposes:

- to hold for ransom or reward, or **as a shield or hostage**; or

- **to facilitate commission of any felony** or flight thereafter; or

- **to inflict bodily injury on or to terrorize the victim or another; or**

- **to interfere with the performance of any governmental or political function.**

"Kidnapping is a felony of the first degree unless the actor voluntarily releases the victim alive and in a safe place prior to trial, in which case it is a felony of the second degree. **A removal or confinement is unlawful within the meaning of this Section if it is accomplished by force, threat, or deception**, or, in the case of a person who is under the age of 14 or incompetent, if it is accomplished without the consent of a parent, guardian or other person responsible for general supervision of his welfare."

The federal kidnapping statute is 28 USC § 1201.

21.     Upon information and belief, I don't remember a defendant yet materially denying or challenging these facts.  Therefore, I don't know by what lawful or ethical authority the court can continue refusing to acknowledge these **facts** as **true**.

22.     Any part of which this court does not believe, then this court owes me an **evidentiary hearing**, which I have mentioned repeatedly, to fulfill this court's responsibility to hold hearings to determine the facts, prior to applying the law to misconduct and material falsehoods.

23.    As stated on page 30[26] of my SECOND MOTION TO STAY ALL DISPOSITIVE MOTIONS UNTIL SERVICE IS COMPLETED AND THE COURT HAS RULED ON PLAINTIFF'S OUTSTANDING EXPEDITED MOTIONS, WITH CLARIFICATIONS ABOUT HOW TO PROCEED[27]:

> "District courts conduct trials and hearings, resolving disputes by determining the facts and applying the law to those facts.[28]"

> "Upon information and belief, therefore entertaining any dispositive motion at this point would be extremely **premature**, because the court hasn't "conduct[ed any] trials [or] hearings" yet, nor have they begun to "determin[e] the facts", or to "apply[] the law to those facts"."

> "Upon information and belief, I have invested well over *six thousand* hours of work into this lawsuit to date, working at least *ten hours* per day, and at least *six days* per week (often seven), for the past *two years,* nonstop."

### MOOAO, PAGE 5, PARAGRAPH 1, PID 1492

24.    In the first paragraph of page 5[29] of the MOOAO, the court stated in part, "Plaintiff has responded to Defendants' motions."

---

[26]    DOC 224, PID 1350 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

[27]    DOC 224, PID 1321-1423 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

[28]    https://www.uscourts.gov/about-federal-courts/court-role-and-structure/about-us-district-courts

[29]    DOC 236, PID 1492 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

25. That statement by the court is **materially misleading** and constitutes fraud on the court pursuant to the State of Tennessee's definition for "fraud" in Tenn. R. Sup. Ct. 1.0(d)[30] TERMINOLOGY.

### "FRAUD" | TENN. R. SUP. CT. 1.0 (D) | TERMINOLOGY

"(d) "Fraud" or "fraudulent" denotes an intentionally false or **misleading statement of material fact, an intentional omission from a statement of fact of such additional information <u>as would be necessary to make the statements made not materially misleading</u>**, and such other conduct by a person intended to deceive a person or tribunal with respect to a material issue in a proceeding or other matter" (emphasis added).

26. This is probably the most repeated **conduct violation** by many if not most of the defendants, their counsel, and both State and Federal Courts to date, in Michigan and Tennessee.

27. While nobody needs to take my word for it, there is **clear and convincing** if not **irrefutable evidence** filed in the court record, which every party has been **noticed** about in multiple documents[31], though I haven't had an opportunity yet to call out every instance. (I'm waiting for the court to address the substantial **attorney and judicial misconduct** first, without which I will never honestly have a chance at equal protection under the law and due process of law in any court[32].)

---

[30] ECF 41, PID 3572 | https://rico.jefffenton.com/evidence/tennessee-rules-of-judicial-and-professional-conduct.pdf
https://www.tncourts.gov/rules/supreme-court/8

[31] DOC 216, PID 984-1015 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf
DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

[32] While I believe that the court's failure and unwillingness to honestly and openly address this misconduct, especially in lawsuits involving disadvantaged *pro se* litigants, and even more especially after the misconduct has been **documented and brought to the court's attention**, is *prima facie* evidence of judicial bias sufficient to **disqualify** any judge and **void** any subsequent orders.

28.     As for the **truth** regarding the court's statement that "Plaintiff has responded to Defendants' motions", please see one of the notices which I provided the court below on pages 38-41 of my SECOND MOTION TO STAY ALL DISPOSITIVE MOTIONS UNTIL SERVICE IS COMPLETED AND THE COURT HAS RULED ON PLAINTIFF'S OUTSTANDING EXPEDITED MOTIONS, WITH CLARIFICATIONS ABOUT HOW TO PROCEED[33].

**ALL RIGHTS RESERVED TO ADD, AMEND, AND FURTHER SUBSTANTIATE**[34]

(104)   Due to the large number of defendants in this matter and outstanding motions which I need to both file and respond to in order to protect my rights, I have worked hard to file documents on the record recently which testify to and prove the **truth** to counter false claims made by multiple defendants in their motions. This way I can focus more resources on trying to clearly articulate the truth, rather than swatting down lies, in a more robust, comprehensive, and hopefully understandable fashion[35].

(105)   Due to the depth and breadth of this lawsuit, and the high number of powerful bad actors involved, most of whom have repeatedly violated the court's codes of conduct and acted in ways contrary to law and unbecoming of officers of the court, in many matters it is extremely difficult to quickly and concisely state the **truth**, while presenting it in a manner which makes sense and is believable on the face. That is not my fault. That is one of the strategic elements of *predatory*

---

[33]   DOC 224, PID 1321-1423 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

[34]   DOC 224, PID 1358-1361 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

[35]   DOC 224, PID 1358 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

*litigation*[36] which makes it difficult to catch, articulate, and communicate to others, to reach help.

(106)   Therefore I have worked hard to articulate, explain, and evidence many complex matters on the record in declarations focused on communicating specific aspects, such as my "DECLARATION EXPLAINING MY PURSUIT OF JUSTICE[37]", my "NOTICE TO ALL BAR MEMBERS[38]", and my "DECLARATION REGARDING FINANCES, MARITAL ROLES, PROPERTY, EDUCATION, EARNING CAPACITY, SPOUSAL SUPPORT, AND FRAUD[39]."[40]

(107)   My hope is that the court and/or the defendants will consider the facts, truth, and evidence in those documents, while applying those pleadings as objections and replies to any motions by the defendants or portions thereof claiming otherwise, to substantially reduce the scope of pleadings which I must individually address to prevent another miscarriage of justice.   Without requiring me to redundantly copy and paste substantial chunks of facts and pleadings into multiple objections to motions filed by the defendants, alleging similar claims.   (I honestly don't know *how* to communicate the *truth* about many of these matters in a more concise fashion than I already have.)

---

[36]   https://jefffenton.com/predatory-litigation-how-us-courts-were-designed-to-produce-justice-why-they-fail-how-to-restore-justice-again/
https://tninjustice.org/predatory-litigation-101/

[37]   DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

[38]   DOC 216, PID 984-1015 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

[39]   DOC 214, PID 911-975 | https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf

[40]   DOC 224, PID 1359 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

(108)   This would make far more efficient use of the court's time and everyone else's in this matter, to help quickly dispense with frivolous claims without exhausting more of my critically limited time and resources, defending myself against and responding to motions, or portions therein, which probably *never* should have been filed by opposing counsel in the first place.  Considering the **truth** exposed and evidenced in the record by my filings, combined with the requirements in F.R.Civ.P. Rule 11(b)[41], not to file documents "for any improper purpose[42]", and "[b]y presenting to the court a pleading, written motion, or other paper[43]" that the defendant's counsel "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[44]" that the claims therein "are warranted by existing law or by a nonfrivolous argument[45]", with meaningful "evidentiary support[46]", with only those denials which are "warranted on the evidence[47]".

(109)   That does **<u>not</u>** mean that I am *forfeiting* my right or opportunity to provide the court with a direct, robust, well researched rebuttal to each and every claim made by every defendant, should the court require me to in order to apply the *truth* in my *pleadings* for my benefit to any matters being considered by the court.  That will certainly take me a lot more time, while I believe that the interests of justice

---

[41]   https://www.law.cornell.edu/rules/frcp/rule_11
[42]   F.R.Civ.P. Rule 11(b)(1)
[43]   F.R.Civ.P. Rule 11(b)
[44]   F.R.Civ.P. Rule 11(b)
[45]   F.R.Civ.P. Rule 11(b)(2)
[46]   F.R.Civ.P. Rule 11(b)(3)
[47]   F.R.Civ.P. Rule 11(b)(4)

in the matters before this court require the court to provide me extensions of time as are reasonably needed, to protect my constitutional rights to due process and equal protection under the law, while obviously needing to make some accommodations to compensate for the almost impossible odds of having thirty-four well-funded professionals, plus almost as many attorneys representing them, against *one* indigent *pro se* litigant with significant communication *disabilities*[48] and only a high school *education*. The goal is a **substantially just** result, all the same.[49]

> "Following the simple guide of rule 8(e) that all pleadings shall be so construed as to do substantial justice"..."The federal rules reject the approach that pleading is a game of skill **in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits**" (emphasis added). *Conley v. Gibson*, 355 U.S. 41 at 48 (1957)

(110)  I have tried to address many of the false claims repeated by multiple defendants, in the best way I know how to communicate them. If I need to later go back and provide direct pleadings to each and every claim in every motion, I can and will do so, while specifically reserving my right herein, provided the court will allow me extensions of time as are necessary for that to be realistically possible for me.[50]

---

[48]  DOC 52, PID 4254-4257 | https://rico.jefffenton.com/evidence/tn-ada-disabilities-exploited-for-advantage-ocpd-merck.pdf
DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf
DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf
[49]  DOC 224, PID 1360 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf
[50]  DOC 224, PID 1361 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

(111)   I am doing this in good faith to provide both the court and the defendants with a high-profile view of my posture in this lawsuit.  Hopefully, the court and the defendants can work to consolidate and/or strike the defendants' most frivolous motions, or portions therein, pending before this court, so I can focus on addressing those which the defendants and/or the court believe have honest, reasonable, merit considering the scope of this lawsuit, rather than being overtaxed with more attorney misconduct further delaying and deferring justice in these critical time sensitive matters.

### MOOAO, PAGE 5, PARAGRAPH 2, PID 1495

29.     In the second paragraph of page 5[51] of the MOOAO, the court stated in part, "Plaintiff's opposition briefs are convoluted and unclear and do not specifically respond to or rebut the legal arguments made by the moving Defendants in support of their motions."

30.     First, they were **not** "opposition briefs", except in the most general sense.  While I believe that it is materially false statement, that they are "convoluted and unclear" as claimed by the court, when understood and accepted as the filings which they actually were.  (I believe that the "relief requested" is the standard of review for determining the purpose of court filings.)

31.     While I informed the court that I had not yet had **time** to "specifically respond to or rebut the legal arguments made by the moving Defendants in support of their motions" in light of the almost non-stop **attorney** and **judicial misconduct** which I noticed the court about.

32.     Furthermore, I clearly told the court that I could, would, and specifically **reserved my right** to reply to each and every motion with precise specificity, after the judge made an

---

[51]   DOC 236, PID 1495 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

Initials:

appearance in this matter and addressed my multitude of filings regarding egregious **attorney** and **judicial misconduct**.

33.     Which I was still waiting for[52] when the court unreasonably **dismissed** my lawsuit, causing me extreme and unjustifiable damages, without one single hearing; while coloring the court record with multiple **false** claims and **material misrepresentations** contained in this MOOAO.

34.     In my SECOND MOTION TO STAY ALL DISPOSITIVE MOTIONS UNTIL SERVICE IS COMPLETED AND THE COURT HAS RULED ON PLAINTIFF′S OUTSTANDING EXPEDITED MOTIONS, WITH CLARIFICATIONS ABOUT HOW TO PROCEED[53], I stated at the end in the CONCLUSION:

**MOTION TO STAY ALL DISPOSITIVE MOTIONS UNTIL COMPLETED**

**STAY PHASE-1, RULING ON CRITICAL MOTIONS[54]**

"I move the court to **stay** all dispositive motions until the following tasks or events are completed, and I have **afterwards** had a fair opportunity to respond to each individual dispositive motion remaining, filed by the defendants and/or their counsel:"

"Until after the court rules on my "AMENDED MOTION TO REQUIRE ALL FILINGS TO INCLUDE A CERTIFICATION STATING THEIR CONTENTS ARE FACTUALLY TRUE AND COMPLIANT WITH F.R.C.P. RULE 11(B), SWORN TO UNDER THE PENALTY OF PERJURY

---

[52]   Not idly waiting, I have been working **non-stop**, approximately ten hours per day, six or more days per week, documenting the misconduct (as evidenced in the court record) while noticing the court to act, to enforce the codes of conduct and ethical canons to maintain an impartial tribunal by protecting my lawful and constitutional rights, in alignment with the judicial oath of office.

[53]   DOC 224, PID 1321-1423 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

[54]   DOC 224, PID 1363-1364 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

(EXPEDITED CONSIDERATION REQUESTED)[55]" filed on October 10, 2024, in DOC 100, 100-1, PID 5343-5374."

"Until after the court rules on my "MOTION TO FILE ELECTRONICALLY AND FOR REMOTE PARTICIPATION (EXPEDITED CONSIDERATION REQUESTED)[56]" filed on January 21, 2025, in DOC 197, 191-1, PID 445-486."

"If the court denies *either* of the two motions above, *then* I move the court to escalate my motion for **sanctions**[57] against defendant Story and/or her counsel, and to extend this stay until after the court rules on that motion, or in the alternate the court *sua sponte* orders sanctions against defendant Walker[58] and/or the U.S. Attorney's Offices[59] for their deception and misconduct, resulting in the loss of literally hundreds of hours of my time and work, due to dishonest and deceptive claims, which are unreasonable in light of the "DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER'S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS", filed in DOC 217, 218, and 219."

"This is the only way I know of, without the top two motions, where I will have access to the resources necessary to litigate this lawsuit for a remedy,

---

[55]  DOC 100, PID 5343-5374 | https://rico.jefffenton.com/evidence/2024-10-08_motion-all-filings-be-under-penalty-of-perjury.pdf

[56]  https://rico.jefffenton.com/3-24-cv-01282/doc/197.pdf | https://rico.jefffenton.com/3-24-cv-01282/doc/197-1.pdf

[57]  DOC 99, PID 5328-5342 | https://rico.jefffenton.com/evidence/2024-10-08_motion-for-sanctions-against-story-for-lying.pdf

[58]  DOC 217, 218, 219 | "DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER'S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS"

[59]  DOC 211, PID 689-723 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf
DOC 212, PID 730-907 | https://rico.jefffenton.com/evidence/2025-02-10_tn-motion-to-minimize-or-remove-redactions.pdf
DOC 222, PID 1164-1214 | https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

unless the court orders some of the defendants to provide me with counsel due to their substantial egregious attorney and judicial misconduct[60] both in this matter as well as in the precipitating Tennessee actions."

## STAY PHASE-2, COMPLETING SERVICE & COMPELLING APPEARANCES[61]

"I move the court to extend this stay of all dispositive motions, until I am able to complete the initial service of this lawsuit and the four outstanding defendants (to follow) have been compelled by the court to make an appearance in this matter, as explained in my "SECOND MOTION TO EXTEND TIME AND ASSIST WITH PERFECTING SERVICE[62]", filed with the court this past week."

"Below are the four outstanding defendants who have been served, yet have failed or refused to make an appearance in this matter to date (contact information for each is included in this motion[63]):"

(1) Attorney Kathryn Lynn Yarbrough[64]  (BPR# 032789)
Proofs of Service: DOC 95, PID 5213-5234; DOC 180, PID 281-296

(2) Bankers Title & Escrow Corporation[65]  (TN SOS Control #000259388)
Proof of Service: DOC 201, PID 493-509

---

[60]  DOC 22, PID 2818-2862 | https://rico.jefffenton.com/evidence/2019-08-01_chancery-hearing-transcript.pdf
DOC 33, PID 3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf
DOC 24, PID 2921-2947 | https://rico.jefffenton.com/evidence/2019-08-29_authentic-chancery-transcript-and-audio.pdf
DOC 23-4, PID 2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-audio-recording.mp3
DOC 23, PID 2863-2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-transcript-audio-markers.pdf
DOC 68, PID 5009-5029 | https://rico.jefffenton.com/evidence/2024-08-22_memorandum-of-law-about-void-tn-court-orders.pdf

[61]  DOC 224, PID 1364-1365 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

[62]  https://rico.jefffenton.com/evidence/2025-03-05_second-motion-to-extend-time-for-service.pdf

[63]  https://rico.jefffenton.com/evidence/2025-03-05_second-motion-to-extend-time-for-service.pdf

[64]  DOC 95, PID 5213-5234 | https://rico.jefffenton.com/3-24-cv-01282/doc/95.pdf
DOC 180, PID 281-296 | https://rico.jefffenton.com/3-24-cv-01282/doc/180.pdf

[65]  DOC 201, PID 493-509 | https://rico.jefffenton.com/3-24-cv-01282/doc/201.pdf

(3)  Attorney Alexander Sergey Koval[66]  (BPR# 029541)
      Proof of Service: DOC 192, PID 379-408

(4)  Spragins, Barnett & Cobb, PLC[67]  (TN SOS Control #000334328)
      Proof of Service: DOC 221, PID 1129-1163

## STAY PHASE-3, CASE MANAGEMENT, STRIKING FRIVOLOUS DEFENDANT MOTIONS, AND CREATING A SCHEDULING ORDER[68]

"I move the court to strike any motions filed by the defendant's counsel, which fail to clearly comply with F.R.Civ.P. 11(b), in light of my pleadings already filed on record in this case."

"I move the court to strike frivolous motions, or parts thereof, filed by the defendants or their counsel, either based on the merits of my objections and recent filings, per this motion as outlined herein, or *sua sponte* in the interests of justice.  To substantially reduce the workload for me in filing individual objections, or in the alternative to *notify* me that the court will *not* do so, thereby narrowing and/or clarifying the scope of work before me."

## STAY PHASE-4, REQUIRING ALL DEFENDANTS TO ANSWER MY COMPLAINT BASED ON THE MERITS, CERTIFIED TRUE UNDER THE PENALTY OF PERJURY[69]

"I move the court to enter an order requiring every defendant in this lawsuit to file an answer based upon the **merits** of my complaint, while including specificity about any claims they seek to dispute or disavow, while including a

---

[66]   DOC 192, PID 379-408 | https://rico.jefffenton.com/3-24-cv-01282/doc/192.pdf

[67]   DOC 221, PID 1129-1147 | https://rico.jefffenton.com/3-24-cv-01282/doc/221.pdf
       DOC 221-1, PID 1148-1163 | https://rico.jefffenton.com/3-24-cv-01282/doc/221-1.pdf

[68]   DOC 224, PID 1365 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

[69]   DOC 224, PID 1366 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

declaration or affidavit with language specifically certifying that their claims, testimony, and contentions are in fact **correct** and **true**, <u>sworn to under the penalty of perjury</u>.”

“I move the court to ensure that those orders are executed in a manner which ensures that any defendant found and proven later to have lied or provided material misrepresentations in their answer will be guilty of committing perjury.”

“If for any reason this court denies this request, I move the court to provide me with an explanation or justification for this decision.”

## STAY PHASE-5, SET EXPECTATIONS REGARDING THE ROLE OF THE PRO SE STAFF ATTORNEY, NOTICE OF I SHOULD WAIT FOR THEIR INITIAL REVIEW[70]

“I move the court to notify me what the role is of the *pro se* staff attorney[71], clarifying what my expectations should be, and whether or not I should *wait* upon the completion of their *initial review* prior to proceeding with filing more objections to the defendant’s outstanding motions.”

## STAY PHASE-6, ANSWERING QUESTIONS AND PROVIDING CLARIFICATIONS[72]

“To quickly recap a concern: I am struggling to understand **how** best and most efficiently to respond to the defendants motions to dismiss.  Whether to draft and file papers which address specific **topics** and **claims**, for example “Objection to all Defendant Claims that Service was Untimely”, or whether I need to redundantly copy and paste the same responses into separate objections which I

---

[70]    DOC 224, PID 1366 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

[71]    DOC 209, PID 687 | https://rico.jefffenton.com/3-24-cv-01282/doc/209.pdf

[72]    DOC 224, PID 1367 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

must file for each and every defendant making similar claims. Similarly, the interests of justice as related to each objection could be many pages long (possibly ten or twenty pages) and likely won't change much between objections, so do I need to redundantly repeat (copy and paste) that content into each and every individual objection?"

"I move the court to answer those questions while noticing me about the most practical and efficient means for me to object to the defendant's remaining motions, so that we can quickly move past these matters to timely address the substantial merits of this lawsuit."

### STAY PHASE-7, ALLOW ME TIME TO RESPOND TO ALL REMAINING DISPOSITIVE MOTIONS AFTER THE COURT HAS RULED ON THE ABOVE[73]

"In the event that any part of this motion to stay is denied, I move the court to provide me an extension of time in all matters until the court has ruled on this motion and provided me notice of the order, and I have **afterwards** had a fair opportunity to respond to each individual dispositive motion remaining by the defendants and/or their counsel."

"**I emphatically object to any party being released from this lawsuit and to this lawsuit to be dismissed**, for any reason prior to this court addressing my papers and pleadings regarding attorney and judicial misconduct by the defendants and their counsel—along with that performed by the previous district court in Michigan—**while allowing me an opportunity to fairly respond after**

---

[73]  DOC 224, PID 1367 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

Initials:

**the court has ruled on those matters**, to protect my interests in any and all matters before this court, prior to any dispositive rulings" (emphasis added).

> The plaintiff's civil rights pleading was 150 pages and described by a federal judge as "inept". Nevertheless, it was held "Where a plaintiff pleads pro se in a suit for protection of civil rights, the Court should endeavor to construe Plaintiff's Pleadings without regard to technicalities."
> *Picking v. Pennsylvania Railway*, 151 F.2d. 240, Third Circuit Court of Appeals

## TENN. R. SUP. CT. 2.15
## (RESPONDING TO JUDICIAL AND LAWYER MISCONDUCT)

(A) A judge having **knowledge** that another **judge** has committed a violation of this Code that raises a substantial question regarding the judge's **honesty**, **trustworthiness**, or fitness as a judge in other respects **shall** inform the appropriate authority (emphasis added).

(B) A judge having **knowledge** that a **lawyer** has committed a violation of the Rules of Professional Conduct that raises a substantial question regarding the lawyer's **honesty**, **trustworthiness**, or **fitness** as a lawyer in other respects **shall** inform the appropriate authority (emphasis added).

(C) A judge who **receives information** indicating a substantial likelihood that another judge has committed a violation of this Code **shall** take appropriate action (emphasis added).

(D) A judge who **receives information** indicating a substantial likelihood that a lawyer has committed a violation of the Rules of Professional Conduct **shall** take appropriate action (emphasis added).

Comment

[1]    Taking action to address known misconduct is a **judge's obligation**. Paragraphs (A) and (B) impose an obligation on the judge to **report to the appropriate disciplinary authority** the known misconduct of another judge or a lawyer that raises a substantial question regarding the **honesty**, **trustworthiness**, or **fitness** of that judge or lawyer. Ignoring or denying known misconduct among one's judicial colleagues or members of the legal profession **undermines a judge's responsibility** to participate in efforts to ensure public respect for the justice system. This Rule limits the reporting obligation to those offenses that an independent judiciary **must** vigorously endeavor to prevent[74] (emphasis added).

[2]    A judge who does not have actual knowledge that another judge or a lawyer may have committed misconduct, but receives information indicating a substantial likelihood[75] of such misconduct, **is required** to take appropriate action under paragraphs (C) and (D). Appropriate action may include, but is not limited to, communicating directly with the judge who may have violated this Code, communicating with a supervising judge, or reporting the suspected violation to the

---

[74]    Involving honesty and trustworthiness – exactly what is repeatedly shown and violated in the precipitating matters by defendants Binkley and Story (amongst others).

[75]    **Everyone** on page one of this notice, has **"receive[d] information indicating a substantial likelihood of such misconduct."** Anyone who claims otherwise is either lying or only had very brief exposure to this case, without ever reading, or having a responsibility or duty to read, the documents served with this lawsuit to each and every defendant. I intentionally served these documents in my "lawsuit service package" (DOC 69, PID 5030-5042) to each defendant, for exactly this purpose.

appropriate authority or other agency or body. Similarly, actions to be taken in response to information indicating that a lawyer has committed a violation of the Rules of Professional Conduct may include but are not limited to communicating directly with the lawyer who may have committed the violation, or reporting the suspected violation to the appropriate authority or other agency or body (emphasis added).

## TENN. R. SUP. CT. 8.3
## (REPORTING PROFESSIONAL MISCONDUCT)

(a)    A **lawyer** who **knows** that another **lawyer** has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's **honesty**, **trustworthiness**, or **fitness** as a lawyer in other respects, **shall inform** the Disciplinary Counsel of the Board of Professional Responsibility (emphasis added).

(b)    A **lawyer** who **knows** that a **judge** has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's **fitness** for office **shall inform** the Disciplinary Counsel of the Board of Judicial Conduct (emphasis added).

Comment

[1]    Self-regulation of the legal profession **requires** that members of the profession initiate disciplinary investigation when they **know** of a violation of the Rules of Professional Conduct. Lawyers have a similar obligation with respect to judicial misconduct. An apparently isolated violation may indicate a pattern of

misconduct that only a disciplinary investigation can uncover. Reporting a violation is especially important where the victim is unlikely to discover the offense (emphasis added).

[3] …The term "substantial" refers to the seriousness of the possible offense and not the quantum of evidence of which the lawyer is aware. Similar considerations apply to the reporting of judicial misconduct.

DEFINITIONAL CROSS-REFERENCES "Substantial" See RPC 1.0(l)

## TENN. R. SUP. CT. 1.0
## (TERMINOLOGY)

(f)   "Knowingly," "known," or "knows" denotes actual awareness of the fact in question.  **A person's <u>knowledge</u> may be inferred from circumstances** (emphasis added).

(j)   "Reasonably should know," when used in reference to a lawyer, **denotes that a lawyer of reasonable prudence and competence would ascertain** the matter in question (emphasis added).

(l)   "Substantial" or "substantially," when used in reference to degree or extent, denotes a material matter of clear and weighty importance.

(o)   "Material" or "materially" denotes something that a **reasonable person** would consider important in assessing or determining how to act in a matter (emphasis added).

## MOOAO, PAGE 5, PARAGRAPH 2, PID 1495

35.     In the second paragraph of page 5[76] of the MOOAO, the court stated in part, "Instead, in his first "objection," Plaintiff primarily **complains** that documents have been filed under seal in the case.  (See Doc. No. 211)."

36.     Upon information and belief, the term **"complains"** sounds derogatory and I believe is meant to color the court record by portraying me in an offensive and unfavorable light.

37.     The court has not commented upon any the **language** in the defendant's motions as if they are "complaining", rather the court proports that their filings are proper, factual, honest, and in good faith, despite several filings from me that they clearly are not, with substantial evidence proving the same.

## MOOAO, PAGE 5, PARAGRAPH 2, PID 1495

38.     At the end of the second paragraph on page 5[77] of the MOOAO, the court stated in part, "His second objection consists of a **virtually incomprehensible series of complaints** he apparently has about the proceedings in this case, including filings under seal and the time he was afforded to effectuate service of process.  (See Doc. No. 221)."

39.     Correction, the document cited by the Court in this sentence is Doc. No. 222.

40.     Upon information and belief, this statement is materially false as could be easily proven by any honest and impartial linguistics expert.

41.     Upon information and belief, those filings of mine are actually very comprehensible, they simply contain notice of facts about **attorney** and **judicial misconduct** which the court has shown no interest in and has refused to address to date, as if conduct is irrelevant.

---

[76]    DOC 236, PID 1495 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

[77]    DOC 236, PID 1495 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

**MOOAO, PAGE 5, PARAGRAPH 3, PID 1495**

42.     In the last line of page 5[78] of the MOOAO, the court stated in part, "Plaintiff has filed a number of other motions, **declarations**, and notices in the case…" (emphasis added).

43.     Those **declarations** are the "cogent specific factual allegations of wrongdoing and claims[79]" which the court mistakenly accused me of not including in my complaint, as if also not present in the multitude of supporting documents filed in my lawsuit.

**MOOAO, PAGE 6, PARAGRAPH 1, PID 1496**

44.     Midway through the first paragraph on page 6[80] of the MOOAO, the court stated in part, "Further, the Court will allow Plaintiff's Amended Complaint.  Upon its own review and review of the Defendants' pending motions to dismiss, the Court finds that Plaintiff's Amended Complaint warrants dismissal."

45.     My FAC was **already allowed** in the MIWD court, per F.R.Civ.P. Rule 4(m), as explained in filings.

46.     Furthermore, my lawsuit was transferred from MIWD to TNMD **after** my FAC was filed and reviewed by the District Judge for the MIWD court, **in the interest of justice**.

47.     My lawsuit **already survived dismissal** based upon the **content** of my FAC.  In fact, the content of my FAC was what compelled the court to finally transfer my case from Michigan to the Middle District of Tennessee, instead of dismissing my lawsuit for being filed in the "wrong venue", as the Magistrate Judge had claimed, expressed his desire to dismiss this

---

[78]   DOC 236, PID 1495 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

[79]   DOC 236, PID 1492 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

[80]   DOC 236, PID 1496 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

lawsuit, and actually attempted to do[81].

## MOOAO, PAGE 6, PARAGRAPH 2, PID 1496

48.    In the second paragraph on page 6[82] of the MOOAO, the court stated:

### STANDARD OF REVIEW AND DISCUSSION

"Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted."  The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to **test** whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).  In ruling on the motion, the court must "**construe the complaint in the light most favorable to the plaintiff**, **accept its** [well-pleaded] **allegations as true**, and draw all reasonable inferences **in favor of the plaintiff**." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (emphasis added).

To survive dismissal for failure to state a claim under Rule 12(b)(6), "**a complaint must contain sufficient factual matter, accepted as true**, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff **pleads factual content** that allows the court to draw the reasonable inference that **the defendant is liable for the misconduct**

---

[81]    ECF 8, PID 2101-2106 | https://rico.jefffenton.com/evidence/2023-12-13_wdm-fenton-report-and-recommendation.pdf
    ECF 60, PID 4736-4739 | https://rico.jefffenton.com/evidence/2024-08-10_motion-to-recuse-wdm-magistrate-judge-kent.pdf
    DOC 222, PID 1164-1214 | https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf
[82]    DOC 236, PID 1496 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

Initials:

**alleged.**" *Ashcroft*, 556 U.S. at 678.

49. Upon information and belief, clearly this court is suggesting that my pleadings were not **"well-pleaded"**, while without doubt the court failed or refused to consider my FAC in compliance with the cited Standard of Review and case law, **without** "accept[ing] its **allegations as true**, and draw all reasonable inferences **in favor of the plaintiff.**" (Despite the defendants' failure or refusal to meaningfully challenge the facts, under the penalty of perjury, as many if not most of my filings have been certified, sworn, and attested true—with substantial supporting evidence.)

50. As for whether or not the substantial facts contained in my FAC are **"reasonable"** or **"true"**, those are issues to be heard and decided by a **jury** of my peers, not for the court to trespass upon my rights further, to arbitrarily discredit my claims without cross-examination or hearing.

51. This is a **verified complaint, sworn to under the penalty of perjury.** I have never been found by any court to be dishonest or to have acted in bad faith, or to have acted to interfere with or obstruct the wheels of justice. Nor have I ever "acted to thwart the judicial proceedings or with reckless disregard for the effect of [my] conduct on the proceedings.[83]" (*See Childress*, 663 F. 3d at 841.)

52. In the absence of sworn testimony or evidence proving my claims to be something other than the absolute truth, any honestly impartial tribunal **must afford my claims the "benefit of the doubt"**, or at the very least an evidentiary hearing to test the credibility of the substantial facts and evidence which I have filed in this matter.

---

[83] https://rico.jefffenton.com/evidence/2017-04-10_usdc-tnmd-fisher-v-gates-pro-se-report.pdf

53.     It's unreasonable that the court would entertain any dispositive motion **prior** to first addressing the substantial **attorney** and **judicial misconduct** which I invested the time and work to document and **notice** the court about, to maintain an impartial tribunal where the truth is welcome and can be fairly and honestly heard, so not to violate my rights further.

54.     This is a core judicial **responsibility** which is **essential** to the honest and impartial administration of justice.

55.     As clearly stated in the first comment from TENN. R. SUP. CT. 2.15, "Taking action to address known misconduct is a **judge's obligation**."

56.     As clearly stated in the second comment from TENN. R. SUP. CT. 2.15, "A judge who does not have actual knowledge that another judge or a lawyer may have committed misconduct, **but receives information indicating a substantial likelihood of such misconduct**, is **required** to take appropriate action…"

57.     This court has received information not only "indicating a substantial likelihood of such misconduct" but sworn testimony and evidence **proving** the same in multiple filings.

58.     This court and every judge who has participated in this matter to date, has failed or refused to obey this Tennessee Code of Judicial Conduct, and to fulfill their lawful **duty** thereunder.

59.     Furthermore, I challenge anybody to **test the honesty of my pleadings in the primary causes of action** in Tennessee's state and federal bankruptcy courts in a **hearing**.

60.     Similarly, this premature dismissal by the court fails to consider the totality of my filings in this matter, or even the totality of my filings since my FAC[84] was filed in ECF 66, PID 4870-5007.  A document which has been suspiciously, and I believe illegally[85] hidden from the public in both federal courts.  Despite literally hundreds of docket entries since then, many while there was no judge assigned to this matter to supervise court conduct and filings or to actively respond to my motions, while this lawsuit has been brought by a disadvantaged *pro se* litigant, who has acted honorably and honestly in all matters before this court, who has repeatedly noticed the court about egregious **attorney** and **judicial misconduct**, with **clear and convincing evidence** of the same.

### MOOAO, PAGE 9, PARAGRAPH 1, PID 1499

61.     On page 9[86] of the MOOAO, the court stated in part, "Further, to the extent his claims against Defendants can be deciphered, they are barred by the doctrines of Rooker-Feldman and res judicata."

62.     That statement is both materially false (as I explain to follow) and was phrased in a discriminatory and unfavorable light.

### ROOKER-FELDMAN DOCTRINE

63.     I'm not seeking a federal appellate review of a state court action.

64.     This is the first action involving me and the majority of the defendants.

65.     Those defendants who did participate in state court litigation to my detriment are

---

[84]   DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

[85]   See attached "Plaintiff's Exhibit B" | https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf

[86]   DOC 236, PID 1499 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

being sued for **crimes** they committed against me, in collusion, conspiracy[87], and conjunction with **federal** court bad actors (federal bankruptcy court), to which I was fraudulently prevented from participating, in direct violation of federal law[88].

66.     While the United Stated District Court for the Middle District of Tennessee is directly over the United States Bankruptcy Court for the Middle District of Tennessee and was the court with both **original** and **exclusive jurisdiction**[89] over my Brentwood marital residence, despite never being involved in the disposition of my property, in direct violation of federal law.

67.     No part of this is an appellate action.

68.     Toward the bottom of page 9[90] of the MOOAO, the court stated:

> "Federal courts do not have jurisdiction over challenges to state court decisions, even if a plaintiff contends that a state court's action was unconstitutional or violated his rights.  To determine whether the *Rooker-Feldman* doctrine bars a claim, the court must look to the source of the injury the plaintiff alleges in his federal complaint. *Cunningham v. Dep't of Children's Servs.*, 842 Fed. App'x 959, 963 (6th Cir. 2021).  If the source of the injury claimed is a state court judgment, *Rooker-Feldman* applies and the Court lacks jurisdiction. *Id.*  The source of the injury is determined by the requested relief. *Id.*"

---

[87]   DOC 53, PID 4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf

[88]   DOC 38, PID 3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf

[89]   28 U.S. Code § 1334(e)(1) "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." (See e.g., In re Palmer, 78 B.R. 402, 405-06 (Bankr. E.D.N.Y. 1987)

[90]   DOC 236, PID 1499 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

"Here, whatever Plaintiff's claims against each of the 34 Defendants specifically are, he clearly indicates in his request for relief (and elsewhere in his Complaint) that the source, or "genesis," of his injury is "illegal and unconstitutional order(s)" of the Tennessee Chancery Court in his divorce proceeding, which he asks the Court to "vacate" and "expunge" and for which he seeks compensatory and punitive damages. (*See* Doc. No. 66 at ¶¶ 291-92, "Demand for Judgment"). The source of his alleged injury is clearly a state court ruling or rulings as to which *Rooker-Feldman* bars his claims."

69.     The portrayal by the Court above is a material misrepresentation of my sworn testimony and scope of this lawsuit, as explained in the first paragraph of my complaint, on page 6[91].

### FAC[92], PAGE 6, PARAGRAPH 1, PID 4875

### III. INTRODUCTION

#### (1) GENERAL BACKGROUND

"The genesis of this complaint came colored as a domestic divorce action[93] (with no children), executed in Chancery Court—bundled along with a **completely unnecessary, strategically engineered, precisely timed, fraudulent[94] bankruptcy filing**[95] to cheat Plaintiff out of his property interests[96]

---

[91]   ECF 66, PID 4875 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

[92]   ECF 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

[93]   ECF 1-17, PID 641-1369

[94]   ECF 19-2, PID 2632-2646 | https://rico.jefffenton.com/evidence/2019-04-26_ausbrooks-story-fraudulent-bk-petition.pdf

[95]   ECF 1-8, PID 74-478

[96]   ECF 52, PID 4211-4217 | https://rico.jefffenton.com/evidence/2023-05-31_1986-sunnyside-brentwood-tn-appreciation.pdf

while alleviating his ex-wife of all financial responsibility[97] for paying the significant transitional alimony[98] Plaintiff and his ex-wife had repeatedly agreed upon" (emphasis added).

70.     For some reason the court chose to only comment on half of the conspiracy[99] this lawsuit exposes, involving the state court actors, without making any mention of the **federal** bankruptcy court actors, which actually preceded any action in the state courts, as I have repeatedly explained.

71.     The court's statement that "The **source** of his alleged injury is clearly a state court ruling or rulings" is false (emphasis added).

72.     Clearly stated on page 12, paragraph 13, of my Amended Complaint:

"The very first action, the ***predicate fraud***[100] which became the foundation for every other fraud, crime, unnecessary and unconscionable loss to follow, within this complaint, was a secretly executed, falsified, fraudulent bankruptcy petition (Case 3:19-bk-0269324[101]) executed and filed by defendant Ausbrooks through her Nashville law firm, defendant R&A[102], allegedly on behalf of Plaintiff's ex-wife.  This matter gave birth to criminal activity and was the springboard to steal Plaintiff's home, retirement, and future.   Plaintiff was

---

[97]   ECF 27, PID 3260-3275 | https://rico.jefffenton.com/evidence/2018-07-12_arons-and-associates-divorce-planning.pdf

[98]   ECF 44, PID 44 | https://rico.jefffenton.com/evidence/2019-01-08_wifes-claims-about-alimony-and-lawyers.pdf
      ECF 1-26, PID 1317-1318 | https://rico.jefffenton.com/evidence/2018-10-27_verbal-settlement-agreement.pdf

[99]   ECF 53, PID 4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf

[100]   ECF 19-2, PID 2632-2646 | https://rico.jefffenton.com/evidence/2019-04-26_ausbrooks-story-fraudulent-bk-petition.pdf
      ECF 45, PID 3817-3819 | https://rico.jefffenton.com/evidence/2019-04-26_bankrupcy-planned-for-when-employer-retires.pdf

[101]   ECF 1-8, PID 74-478

[102]   https://rico.jefffenton.com/evidence/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf

Initials:

strategically deprived of lawful notice[103] about this bankruptcy action in which his home was secretly included by *special request*."

73.     This **predicate fraud** filed in the United States Bankruptcy Court for the Middle District of Tennessee on April 26, 2019, by Rothschild & Ausbrooks, PLLC was the **source of my injury**, not a state court action as this Court falsely stated.  Moreover, I was illegally deprived of **notice**[104] in the bankruptcy action, thereby depriving me of participating, in stark violation of the Federal Rules of Bankruptcy Procedure and Federal Law[105].

74.     This took place *thirty-nine days* before *any* action was filed in state court[106].

75.     This action involved the following parties, whom I have **never** been involved in any litigation with, thereby making it impossible for the *Rooker-Feldman* doctrine to apply to this case.

> Rothschild & Ausbrooks, PLLC
> Mary Elizabeth Maney Ausbrooks
> Alexander Sergey Koval
> Henry Edward Hildebrand III
> Charles M. Walker
> Samuel Forrest Anderson
> Bankers Title & Escrow Corporation
> Spragins, Bartnett, & Cobb, PLCNS
> Rubin Lublin TN, PLLC
> Bank of America, N.A.
> Cadence Bank

76.     Furthermore, in defendant Walker's EXPEDITED CONSIDERATION AND EMERGENCY HEARING REQUESTED DEFENDANT HONORABLE CHARLES

---

[103]  ECF 1-13, PID 565-566 | https://rico.jefffenton.com/evidence/2022-03-15_ustp-bk-fraud-referral-confirmed-no-notice.pdf

[104]  ECF 52, PID 4208-4210 | https://rico.jefffenton.com/evidence/2022-03-15_ustp-bk-fraud-referral-confirmed-no-notice.pdf

[105]  ECF 38, PID 3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf

[106]  ECF 53, PID 4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf

WALKER'S MOTION TO DISMISS[107] filed on November 13, 2024, in DOC 167, PID 143-146 (which his counsel should be sanctioned for filing per F.R.Civ.P. 11(b)[108]), in the top paragraph of page 2[109] of that filing, it states "Judge Walker presided over the ex-wife's bankruptcy case, but Plaintiff was not a party to that bankruptcy."

77.     That is exactly why Judge Walker is being sued in this lawsuit, because according to the Federal Rules of Bankruptcy Procedure and Bankruptcy Law[110], I was REQUIRED to be made a party to that proceeding or at the very least provided **notice** and a **hearing** in Bankruptcy Court or in Federal District Court (the same court in which this lawsuit is currently filed), since Rothschild & Ausbrooks, PLLC specifically motioned the bankruptcy court **to sell my home**[111], which was **equally deeded**[112] **to me** as *tenancy by the entirety*[113], which I was lawfully in **possession** of, contained the sum total of my life savings and retirement investments[114], and was the only place I had to live within the State of Tennessee.

78.     Judge Walker committed "fraud on the bankruptcy court" when he illegally granted the defendants permission[115] to sell my Marital Residence in DOC 66[116], filed on 9/27/2019, in case 3:19-bk-02693, stating "The Debtor will sell the real estate under **Section 363(f)(3)** subject to the liens of Bank of America, N.A. and Bancorp South" (emphasis added).

---

[107]   DOC 167, PID 143-146 | https://rico.jefffenton.com/3-24-cv-01282/doc/167.pdf

[108]   https://www.law.cornell.edu/rules/frcp/rule_11

[109]   DOC 167, PID 144 | https://rico.jefffenton.com/3-24-cv-01282/doc/167.pdf

[110]   ECF 38, PID 3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf

[111]   ECF 42, PID 3631-3657 | https://rico.jefffenton.com/evidence/2011-04-29_1986-sunnyside-premarital-assets-invested.pdf

[112]   ECF 19-1, PID 2624-2628 | https://rico.jefffenton.com/evidence/2011-04-29_1986-sunnyside-brentwood-tn-deed.pdf

[113]   ECF 19-1, PID 2620-2623 | https://rico.jefffenton.com/evidence/2011-04-29_fenton-marital-residence-tenancy-by-entirety.pdf

[114]   ECF 42, PID 3665-3676 | https://rico.jefffenton.com/evidence/1986-sunnyside-property-improvement-highlights.pdf

[115]   ECF 1-9, PID 226-227 | https://rico.jefffenton.com/evidence/2019-09-27_bk-order-to-sell-real-and-personal-property.pdf

[116]   See attached "Plaintiff's Exhibit C" | ECF 1-9, PID 226-227
https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf

79.     Property could **only** be sold under "**Section 363(f)(3)**" **IF** 363(f)(1) **"applicable nonbankruptcy law permits sale of such property free and clear of such interest"** (which it clearly did not) **AND IF** 363(f)(2) "**such entity consents**", while I was the entity whose consent was **required** by that law, and I clearly **did not consent**.

## 18 U.S. CODE § 157 BANKRUPTCY FRAUD AND 18 U.S. CODE § 152 CONCEALMENT OF ASSETS; FALSE OATHS AND CLAIMS; BY JUDGE WALKER & TRUSTEE HILDENBRAND, WITH DEFENDANTS AUSBROOKS AND KOVAL

80.     The court needs to stop right here and study these documents (in attached "Plaintiff's Exhibit C"), because they are the "smoking gun" both giving this court **jurisdiction** as well as a **responsibility** to act, contact the appropriate authorities to **investigate these crimes**[117], and provide me with relief.

81.     Anything less constitutes becoming a joinder to these bankruptcy crimes, fraud on the court, obstruction of justice, refusing to intervene, more egregious ADA violations and financial exploitation of the vulnerable (which there is no state immunity for), along with covering up these felony crimes in the court record, via 18 U.S. Code § 4 - Misprision of felony, as I have repeatedly notified the court regarding the fraudulent claims by defendant Walker and his counsel.

---

[117]  DOC 53, PID 4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf
    DOC 1-12, PID 479-596 | https://rico.jefffenton.com/evidence/2019-10-29_tn-wilco-deed-fraud-ada-financial-exploitation.pdf
    DOC 38, PID 3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf

## 18 U.S. CODE § 158 - DESIGNATION OF UNITED STATES ATTORNEYS AND AGENTS OF THE FEDERAL BUREAU OF INVESTIGATION TO ADDRESS ABUSIVE REAFFIRMATIONS OF DEBT AND MATERIALLY FRAUDULENT STATEMENTS IN BANKRUPTCY SCHEDULES[118]

(a) **In General.**—The Attorney General of the United States shall designate the individuals described in subsection (b) to have primary responsibility in carrying out enforcement activities in addressing violations of **section 152** or **157** relating to abusive reaffirmations of debt. In addition to addressing the violations referred to in the preceding sentence, **the individuals described under subsection (b) shall address violations of section 152 or 157 relating to materially fraudulent statements in bankruptcy schedules that are intentionally false or intentionally misleading.**

(b) **United States Attorneys and Agents of the Federal Bureau of Investigation.**—The individuals referred to in subsection (a) are—

(1) the United States attorney for each judicial district of the United States; and

(2) an agent of the Federal Bureau of Investigation for each field office of the Federal Bureau of Investigation.

(c) **Bankruptcy Investigations.**—

Each United States attorney designated under this section shall, in addition to any other responsibilities, have primary responsibility for carrying out the duties of a United States attorney under section 3057.

---

[118]  https://www.law.cornell.edu/uscode/text/18/158

(d) **Bankruptcy Procedures.—**

The bankruptcy courts shall establish procedures for referring any case that may contain a materially fraudulent statement in a bankruptcy schedule to the individuals designated under this section.

82.     Furthermore, this order in DOC 66 by Judge Walker stated that my home was being sold pursuant to a Chancery Court order, when he knew that the state courts were specifically prohibited from exercising jurisdiction over property in a Federal Bankruptcy Estate: 28 U.S. Code § 1334(e)(1) "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate." (See e.g., In re Palmer, 78 B.R. 402, 405-06 (Bankr. E.D.N.Y. 1987)

83.     Even more egregiously, in this same order, defendant Walker granted the defendants permission to **liquidate** my personal property, without providing me a dollar in return (fraudulently based upon outdated state court orders, without lawful jurisdiction, which he reasonably should have known) to my substantial detriment, without ever **noticing** me about the motion or allowing me to participate.

84.     Despite the order falsely stating in the first paragraph, "This matter came before the Court on September 25, 2019 upon the Debtor's Expedited Motion to Sell Real Estate and Personal Property **with notice given to all parties** pursuant to Local Rule 9075-1. There being no objections raised at the call of the docket, the Motion is found to be well taken and it is therefore ORDERED as follows…" (It's hard to object at the call of the docket, when the court intentionally deprives you of notice.)

85.    **I was never provided notice!** (As confirmed by DOJ USTP Trial Attorney Megan Seliber in Nashville[119] by email on March 15, 2022, in DOC 52, PID 4208-4210.)

86.    With the false claim that "all net proceeds from the sale of the property shall be deposited into the Chancery Court Clerk's Office and placed in an interest bearing account on behalf of the parties pending further orders of the Chancery Court for Williamson County, Tennessee", but in fact the Chancery Court has reported that **no funds were ever deposited** related to the sale of my home or personal property, nor was a dollar of consideration ever provided to me.

87.    Until someone accounts for these federal bankruptcy crimes[120] committed against me, which the United Stated District Court for the Middle District of Tennessee has both **original** and **exclusive jurisdiction** over, it would be both negligent and improper for this court to dismiss my lawsuit.

## VACATING VOID ORDERS AND REHEARING STATE ACTIONS ARE DIFFERENT

88.    Requesting a court to vacate **void** orders is entirely different than "cases brought by state-court losers complaining of injuries caused by state-court judgments[121]".

89.    Requesting the United Stated District Court for the Middle District of Tennessee to vacate **void** judgments levied against me in the State of Tennessee is absolutely within the jurisdiction of this court, while also being this court's responsibility.

---

[119]   DOC 52, PID 4208-4210 | https://rico.jefffenton.com/evidence/2022-03-15_ustp-bk-fraud-referral-confirmed-no-notice.pdf

[120]   ECF 38, PID 3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf

[121]   DOC 236, PID 1499 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

## CASE LAW INVOLVING VOID JUDGEMENTS (MINOR SAMPLING)

**The Court Has a Responsibility to Correct a Void Judgment:** The statute of limitations does not apply to a suit in equity to vacate a void judgment. (*Cadenasso v. Bank of Italy*, p. 569; Estate of Pusey, 180 Cal. 368,374 [181 P. 648].) This rule holds as to all void judgments. In the other two cases cited, *People v. Massengale* and *In re Sandel*, the courts confirmed the judicial power and responsibility to correct void judgments (emphasis added).

**A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid.** A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the **subject matter**, or lacks inherent power to enter the particular judgment, **or an order procured by fraud**, can be attacked at any time, **in any court**, either directly or collaterally, **provided that the party is properly before the court**. See *Long v. Shorebank Development Corp.*, 182 F.3d 548 (C.A. 7 Ill. 1999) (emphasis added).

When rule providing for relief from void judgments is applicable, **relief is not discretionary matter, but is mandatory.** *Omer. V. Shalala*, 30 F.3d 1307 (Colo. 1994) (emphasis added).

This cannot be ignored its fact recorded! Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, **or acted in a manner inconsistent with due process**, Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. *Const. Amend. 5 -Klugh v. U.S.*, 620 F.Supp. 892 (D.S.C. 1985) (emphasis added).

"Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgements and orders are regarded as nullities; **they are not voidable, but simply void, and this even prior to reversal.**" *WILLIAMSON v. BERRY*, 8 HOW. 945, 540 12 L. Ed. 1170, 1189 (1850) (emphasis added).

"An unconstitutional act is not law; it confers no rights; it imposes no duties; affords no protection; it creates no office; it is in legal contemplation, **as inoperative as though it had never been passed.**" *Norton v. Shelby County*, 118 U.S. 425 p. 442 (emphasis added).

"Where rights secured by the Constitution are involved, **there can be no 'rule making' or legislation which would abrogate them.**" *Miranda v. Arizona*, 384 U.S. 426, 491; 86 S. Ct. 1603 (emphasis added).

**"Fraud upon the court"** has been defined by the 7th Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, **defile the court itself**, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Kenner v. C.I.R.*, 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23. The 7th Circuit further stated "a decision produced by fraud upon the court **is not in essence a decision at all, and never becomes final.**"

Society's commitment to institutional justice **requires that judges be solicitous of the rights of persons** who come before the court.     *\*Geiler v. Commission on Judicial Qualifications*, (1973) 10 Cal.3d 270, 286 (emphasis added).

Initials:

"The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury." *Owen v. City of Independence*

90.     Granted, I haven't had **time** yet to write a rule 60(D)(3) motion yet, as I have been overwhelmed by needing to respond to misconduct, while pleading with this court to require **ethical conduct** by the courts and counsel, but that is my intent, while I tried my best to articulate that in my filings, with the knowledge I had at each phase of this lawsuit.  (I'm not an attorney.)

## F.R.CIV.P. 60(D)(3)[122]

91.     Given the opportunity by this court, I will file a MOTION TO VACATE VOID JUDGEMENT DUE TO FRAUD ON THE COURT UNDER F.R.CIV.P. 60(D)(3) STRUCTURAL AND CONSTITUTIONAL VIOLATIONS BY OFFICERS OF THE COURT… to expose a judgement built not on **facts** or **law**, but on **fraud**.

92.     The final citation provided by the Court at the top of page 10[123] of the MOOAO is misleading and does not apply to this case:

> "(M.D. Tenn. Mar. 22, 2019) (finding federal subject matter jurisdiction lacking where "Plaintiff's claims are, in essence, a request for this Court to overturn the state courts' interpretation of the parties' Marital Dissolution Agreement and divorce decree, which is prohibited by the Rooker-Feldman doctrine")."

93.     The citation above gives the impression that some legitimate action took place in the state court to begin with (we had no "Marital Dissolution Agreement"), while in this case it was simply fraud stacked upon fraud, as clearly stated and evidenced throughout this lawsuit.

---

[122]   https://www.law.cornell.edu/rules/frcp/rule_60

[123]   DOC 236, PID 1500 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

Initials:

## RES JUDICATA

94.     In the second paragraph of page 10[124] of the MOOAO, the court stated:

> "Further, under Tennessee law, the doctrine of *res judicata* "bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). Accordingly, Plaintiff is collaterally estopped from challenging orders or decisions made by the Tennessee Chancery Court regarding his divorce and the disposition of marital assets, or any issues that he could have raised in the divorce action, in a second action. *Smith v. Dawson-Smith*, 111 Fed. App'x 360, 362 (6th Cir. 2004) (holding that *res judicata* barred a plaintiff's claims challenging decisions and issues that the plaintiff raised or could have raised and litigated in a state court divorce proceeding)."

95.     For many of the same reasons as I've already explained regarding the *Rooker-Feldman* doctrine, the doctrine of *res judicata* does **not** apply to this lawsuit either.

96.     The court records which I filed in this lawsuit from both precipitating state and federal actions was **not** for the purpose of relitigating either in any way (despite being fraudulently excluded from participating in the federal action as I just explained), rather they are **evidence** of felony **crimes** and **corruption**, fraud on the court by officers of the court, by the defendants.

97.     Again, it is misleading for this Court to state that "Accordingly, Plaintiff is collaterally estopped from challenging orders or decisions made by the Tennessee Chancery Court

---

[124]  DOC 236, PID 1500 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

regarding his divorce and the disposition of marital assets, or any issues that he could have raised in the divorce action, in a second action" because that is not what this lawsuit is doing. Furthermore, by stating such, this Court is inappropriately lending their credibility to bolster the legitimacy of the precipitating actions in Tennessee.

98.     I did not even understand the fraudulent scam being played on me by the defendants at that time, while it took me approximately **three years** of constant legal research before I could understand the crimes committed against me by the bad actors in the bankruptcy court.

99.     The doctrine of *res judicata* does not apply to this lawsuit.

### MOOAO, PAGE 10, PARAGRAPH 2, PID 1500

100.     In the second paragraph of page 10[125] of the MOOAO, the court stated:

> "Even if it were not barred by *Rooker-Feldman* and *res judicata*, Plaintiff's Amended Complaint fails to state a claim and is without merit for additional reasons stated by Defendants in their motions to dismiss."

101.     This statement is prejudicial to the administration of justice and gives strong deference to the BAR members, violating my constitutional rights while failing or refusing to acknowledge or address any of the substantial misconduct which I noticed the court about, much of which is sown into those very same "motions to dismiss".

---

[125]  DOC 236, PID 1500 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

## DEFENDANT HILDENBRAND

## MOOAO, PAGE 11, PARAGRAPH , PID 1501

102.    A little more than halfway down page 11[126] of the MOOAO, the court stated in part:

"In addition, as Defendant Henry E. Hildebrand, III demonstrates in his motion to dismiss and Plaintiff has not refuted, **Plaintiff has not alleged a plausible claim against him as the Chapter 13 Bankruptcy Trustee for Plaintiff's ex-wife's bankruptcy petition.** (*See* Doc. No. 185 at 4-5, citing *In re McKenzie*, 716 F.3d 404, 414 (6th Cir. 2013) (bankruptcy trustee has quasi-judicial immunity from suit by a third party for actions taken by the trustee on behalf of the estate and within the scope of his authority))."

103.    I've not had **time** yet to **read** defendant Hildebrand's "motion to dismiss", but I certainly did "allege[] a plausible [and true] claim against him as the Chapter 13 Bankruptcy Trustee for [my] ex-wife's bankruptcy petition" in my FAC, actually multiple times, as I will demonstrate to follow.

104.    It was a tremendous amount of work just trying to get defendant Hildebrand served, as was the case with most of the defendants on the bankruptcy side of this lawsuit. A few are still refusing to make an appearance in this matter, while I am waiting for the court to order them to make an appearance as clearly stated in my SECOND MOTION TO EXTEND TIME AND ASSIST WITH PERFECTING SERVICE[127]

---

[126]  DOC 236, PID 1501 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

[127]  DOC 224, PID 1215-1320 | https://rico.jefffenton.com/evidence/2025-03-05_second-motion-to-extend-time-for-service.pdf

105.    As stated on page 27, paragraph 77 of my SECOND MOTION TO STAY ALL DISPOSITIVE MOTIONS UNTIL SERVICE IS COMPLETED AND THE COURT HAS RULED ON PLAINTIFF'S OUTSTANDING EXPEDITED MOTIONS, WITH CLARIFICATIONS ABOUT HOW TO PROCEED[128]:

> "In truth, I haven't had time yet to read every word filed in this matter by the defendant's counsel, but of the many motions which I have read, the facts have been perverted with material misrepresentations while not appearing to acknowledge the substantial constitutional merits or most significant justice interests woven throughout this lawsuit."

106.    While I clearly reserved my right to do so, as explained earlier in this document, after a judge made an appearance and began resolving my outstanding motions.

107.    It was Defendant Henry E. Hildebrand's duty[129] to provide me **notice** and a **hearing** in Federal Bankruptcy Court or in Federal District Court, since my home was listed as part of my ex-wife's bankruptcy estate.

108.    It was Defendant Henry E. Hildebrand's duty to provide me and my two lawful tenants/roommates with **adequate protection** per 11 U.S.C. § 1205, which he failed to do, costing me hundreds of thousands of dollars in damages.

### 11 U.S. CODE § 363(P)[130]

In any hearing under this section—
(1) the trustee has the **burden of proof** on the issue of **adequate protection**; and
(2) the entity asserting an interest in property [me] has the burden of proof on the issue of the validity, priority, or extent of such interest[131].

---

[128]   DOC 224, PID 1321-1423 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

[129]   ECF 38, PID 3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf

[130]   https://www.law.cornell.edu/uscode/text/11/363

[131]   ECF 19-1, PID 2624-2628 | https://rico.jefffenton.com/evidence/2011-04-29_1986-sunnyside-brentwood-tn-deed.pdf

109.     I've explained this at great length in several documents in this lawsuit but below are some direct quotes from my FAC stating clear claims against defendant Hildebrand.

**FAC[132], PAGE 12-13, PARAGRAPH 14-17, PID 4881-4883**

(14)  Entered on April 26, 2019, on Appendix D, Part 9, "Nonstandard Plan Provisions", the following request was included by defendant Ausbrooks[133]: "Debtor moves for permission to sell real property located at 1986 Sunny Side Drive Brentwood, TN 37027 Williamson County, within 180 days of confirmation with no payments being made in the interim.  The liens of Bank of America, NA and BanCorp South shall be satisfied in full and all remaining proceeds after Debtor's homestead exemption and costs of sale shall be paid to the Chapter 13 Trustee for the benefit of the estate."

(15)  To be clear, this language asked for permission to sell real property owned by Ms. Fenton *and* one other equally deeded party, the plaintiff, as tenancy by the entirety.  This can be easily verified by checking the property deed[134] and/or the property tax records[135] on which Plaintiff was clearly named, the same being the legal responsibilities of both defendants Ausbrooks and **Hildebrand**.

---

ECF 19-1, PID 2620-2623 | https://rico.jefffenton.com/evidence/2011-04-29_fenton-marital-residence-tenancy-by-entirety.pdf

ECF 42, PID 3631-3657 | https://rico.jefffenton.com/evidence/2011-04-29_1986-sunnyside-premarital-assets-invested.pdf

ECF 42, PID 3665-3676 | https://rico.jefffenton.com/evidence/1986-sunnyside-property-improvement-highlights.pdf

ECF 19-1, PID 2629 | https://rico.jefffenton.com/evidence/1986-sunnyside-brentwood-tn-2019-property-taxes.pdf

[132]  ECF 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

[133]  ECF 1-8, PID 144

[134]  ECF 19-1, PID 2624-2628 | https://rico.jefffenton.com/evidence/2011-04-29_1986-sunnyside-brentwood-tn-deed.pdf

[135]  ECF 19-1, PID 2629| https://rico.jefffenton.com/evidence/1986-sunnyside-brentwood-tn-2019-property-taxes.pdf

(16)   Examining this request on its face, imploring no more than common sense and the most fundamental knowledge about natural and constitutional rights in the United States of America, this request does not appear that it could have reasonably been made in good faith by defendant Ausbrooks for at least the following two reasons:

➤   Firstly, the request sought to sell the property owned by another.

➤   Secondly, the language promised all the proceeds of the sale to benefit only the party who made this request (and her creditors), without any language indicating if or how the proposed sale might be of any benefit to the other equally deeded and mutually interested property owner, namely, the plaintiff.

(17)   That immediately reeks of foul play, yet defendant Ausbrooks filed the motion, all while personally and professional certifying[136] that her request was well grounded in law and made in good-faith and without bringing any of the obvious concerns and potential conflicts of interest to light.  She failed or refused to perform any due diligence to protect the property interests of Plaintiff and to provide both Plaintiff and his two lawful tenants/roommates[137] with "adequate protection" as is required by law[138] and rules of professional conduct.

---

[136]   F.R.B.P. Rule 9011 and 11 U.S. Code § 707

[137]   ECF 45, PID 3800-3807 | https://rico.jefffenton.com/evidence/2019-03-26_fenton-sunnyside-roommate-lease-merriman.pdf
        ECF 45, PID 3808-3813 | https://rico.jefffenton.com/evidence/2019-04-09_fenton-sunnyside-roommate-lease-garcia.pdf

[138]   https://www.law.cornell.edu/uscode/text/11/363

## FAC[139], PAGE 20, PARAGRAPH 36, PID 4889

(5) SETTING THE STAGE—THE ENGINEERED EMERGENCY

(36) Defendants Story and Binkley worked with defendants Ausbrooks, Koval, and **Hildebrand** to "set the stage" in advance in the bankruptcy court for the predatory litigation they had planned, which they then executed in the Chancery Court. These defendants created the "emergency" in the bankruptcy court that the Chancery Court would afterward come in with a heavy hand and pretend to remediate.

## FAC[140], PAGE 40-44, PARAGRAPH 82-91 , PID 4909-4913

(82) During a recorded phone call on July 2, 2020, with chapter 7 bankruptcy trustee John C. McLemore[141], Plaintiff reported the scam between the courts and its actors and that somehow Plaintiff was cheated out of his property interests. While asking Mr. McLemore what processes or procedures on the bankruptcy side didn't take place correctly as well as who was responsible for those tasks, his canned response was, "I can't be your attorney," which was also nearly everyone's response who Plaintiff asked this same question. However, this wasn't what Plaintiff wanted. Plaintiff sought information, not representation. He received minimal information with the calls he made seeking help. But slowly and surely he learned the sections of law which he literally devoted three years to

---

[139]  ECF 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

[140]  ECF 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

[141]  ECF 54-1, PID 4367 | https://rico.jefffenton.com/evidence/2020-07-02_bk-trustee-john-mclemore-recorded-call.mp3
ECF 28, PID 3276-3288 | https://rico.jefffenton.com/evidence/2020-07-02_bk-trustee-john-mclemore-call-declaration.pdf

studying almost all day every day before he could unravel the layers of fraud committed by both state and federal court actors and their minions, part of which was to intentionally obfuscate the facts between their separate court records.

(83)  At 41:24 during the phone call with attorney McLemore, he stated, "They just completely walk completely all over your rights, in the state of Tennessee, or perhaps under the Bankruptcy Code.  That's where your problem is, but I can't answer your question because I don't have enough information.  I'm sorry."

(84)  At 41:45 Plaintiff asked, "Is there some place in the code that you would just point me to, where I could start reading myself to try to understand? Because again, I don't have any money to hire an attorney."

(85)  At 41:58 attorney McLemore responded, "You are in an area of the law that is as difficult as tax.  But write this down, 11 United States Code 363.  And have a good nap because it's a long statute and you probably will not understand a great deal of it.  That's where you look."

(86)  It needs to be noted that Mr. McLemore stated, "11 United States Code 363" (emphasis added).  Plaintiff completely missed the "363" part of his sentence at the time.  It was only upon transcribing part of that phone call for this complaint that Plaintiff realized Mr. McLemore had provided him with such precise information.  Although Mr. McLemore provided some useful information to Plaintiff, he, like everyone else, refused to take responsibility or invest the energy to provide Plaintiff with a cure within his reach.

Initials:

**Adversary Proceeding in Federal District or Bankrupcy Court**

> The Trustee was <u>required</u> to provide Plaintiff and his two tenants/roommates with <u>notices</u> & <u>hearings</u> in <u>federal court</u>. Plaintiff had the following valid property interests: legal title, ownership, controlling, possession/enjoyment/use, beneficial, equitable, exclusion, investment, income, future. Plaintiff's tenants had secure one-year leasehold interests.

**Rule 7001. Scope of Rules of Part VII**

An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

(1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under §554(b) or §725 of the Code, Rule 2017, or Rule 6002;

(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, but not a proceeding under Rule 3012 or Rule 4003(d);

(3) a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property;

(4) a proceeding to object to or revoke a discharge, other than an objection to discharge under §§727(a)(8),[1] (a)(9), or 1328(f);

(5) a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan;

(6) a proceeding to determine the dischargeability of a debt;

(7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief;

(8) a proceeding to subordinate any allowed claim or interest, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for subordination;

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing; or

(10) a proceeding to determine a claim or cause of action removed under 28 U.S.C. §1452.

**§ 363. Use, sale, or lease of property**  — skipped ⟶

(b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, trustee may not sell or lease personally identifiable information to any person unless—

(e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. **(skipped)**

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest; **(failed)**

(2) such entity consents; **(failed)**

(g) Notwithstanding subsection (f) of this section, the trustee may sell property under subsection (b) or (c) of this section free and clear of any vested or contingent right in the nature of dower or curtesy.

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if— **(failed)**

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and **(failed)**

(87) Plaintiff's overall takeaway from the conversation at the time was that Mr. McLemore had confirmed his suspicion that *something improper* had taken place, but Plaintiff still did not understand where, how, or by whom. The idea that the bankruptcy code is extremely complicated stuck with Plaintiff as did Mr. McLemore's suggestion to read "11 United States Code." After spending over thirty minutes on the call with Mr. McLemore, as he looked through the busy and complicated docket for the case, the overall tone that stuck with Plaintiff at the time

was Mr. McLemore's statement, "I can't answer your question because I don't have enough information. I'm sorry."

(88) Some of Trustee McLemore's statements about "notice" were also not understood by Plaintiff at that time. Throughout much of 2020 to 2021, Plaintiff sought help through the Appellate Court, Supreme Court, Admin Office, and BPR. Each attempt absolutely consumed and overwhelmed Plaintiff as he tried to learn how to communicate with them with or without their rules and procedures as he struggled to articulate a series of crimes he still didn't even fully comprehend. Most offenses were buried under the most absurd domestic "dog and pony show" in the Chancery Court, which served as nothing more than a strategic distraction, but one that Plaintiff spent all of his energy fighting against for the first few years.....until he finally learned enough to see past it.....that none of it mattered.....that it was all fraud.

(89) Plaintiff later filed complaints for bankruptcy fraud and racketeering with both the FBI[142] and the DOJ/USTP.[143] To Plaintiff's knowledge, nothing remedial was done as a result of these complaints and others. Plaintiff's third year of research was spent studying the bankruptcy code and seeking a federal cure since the State ardently refused to help Plaintiff in any way. Month after month, year after year, as Plaintiff reached out for help and studied the law as suggested by defendant Coke, he slowly learned as he assembled more pieces of the puzzle.

---

[142] ECF 1-29, PID 1704-1707; ECF 1-30, PID 1771-1792

[143] ECF 1-30, PID 1758-1761

Initials:

(90)  Neither court in Tennessee, state or federal, could legally force the sale of the marital home.  It was of *zero benefit* to the "bankruptcy estate" since the amount due on the mortgages was about equal to the amount for which the home auctioned.  As such, any legitimate court would have ordered the trustee to remove it as "burdensome to the estate."

(91) So why didn't this ever happen in accordance with the Federal Rules of Bankruptcy Procedure and bankruptcy laws?  The reason is that defendants Binkley, Story, Yarbrough, Beeler, Ausbrooks, Koval, and **Hildebrand** skipped it. They leveraged the Chancery Court and defendant Binkley to literally circumvent the Federal Rules of Bankruptcy Procedure and multiple sections of bankruptcy laws even though the state court was specifically forbidden from exercising jurisdiction over property included in a bankruptcy estate.

### FAC[144], PAGE 48, PARAGRAPH 100, PID 4917-4918

(100)  Another important aspect of the matters precipitating this action is that Plaintiff was portrayed as not having any interest in the home.  Defendant **Hildebrand** had not just a duty, but a moral obligation, to check the deed for the home to verify who the proper owners were.  He did not do this, or if he did, he ignored the fact that Plaintiff was co-owner[145] of the property as a tenancy by the entirety[146].  Defendant Ausbrooks[147] also shares culpability because she failed to pursue due diligence as well.

---

[144]  ECF 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

[145]  ECF 1-27, PID 1416-1430

[146]  ECF 1-13, PID 541-542

[147]  ECF 1-34, PID 1895 | FRBP Rule 9011

### FAC[148], PAGE 87, PARAGRAPH 234, PID 4956

➢ Defendant **Hildebrand**, if he had checked, would have found Plaintiff listed on the deed for the home and should have provided notice of the bankruptcy to Plaintiff, which he did not do and thus violated due process.

### FAC[149], PAGE 94, PARAGRAPH 253, PID 4963

(253) Defendant **Hildebrand** should have checked the deed for the home, which listed Plaintiff as an owner of it, and provided notice of the bankruptcy to Plaintiff, which he did not do and thus violated due process.

### 11 U.S. CODE § 323 - ROLE AND CAPACITY OF TRUSTEE[150]

"(b) The trustee in a case under this title has capacity **to sue and be sued**" (emphasis added).

### MOOAO, PAGE 12, PARAGRAPH 0, PID 1502

110. Toward the top of page 12[151] of the MOOAO, the Court stated in part, "Multiple Defendants are entitled to Eleventh Amendment immunity in this case".

111. Upon information and belief, that is an **argument**, not a **fact**. There is a "split in the circuits" currently regarding judicial immunity, as evident in "Kids for Cash".

112. I know of no doctrine which has done more harm to the United States of America or to the "practice of law" in this country, than governmental immunity.

---

[148] ECF 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

[149] ECF 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

[150] https://www.law.cornell.edu/uscode/text/11/323

[151] DOC 236, PID 1502 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

113.    The Court has a responsibility to protect my **constitutional rights** over advocating for toxic and self-defeating doctrines such as government immunity.

114.    Every government employee being sued is because they violated their oaths of office and/or committed (or chose to participate in) felony crimes against me. This has nothing to do with the legitimate government roles they held, rather how those roles could be unethically and unlawfully exploited for private criminal interests, as this lawsuit clearly proves.

115.    Government immunity was not created so that state and federal actors can rob, rape, and pillage the people without consequence or accountability. Unfortunately, it is frequently used in this way and needs to be reigned in for the "practice of law" to hold any real value for "we the people"[152].

116.    There is far more mention of the government's rights, and the duty I have to them, in this court order, than my natural and constitutional rights, and the duty government has to me. Surely there is a balance somewhere, which this order mistakenly overlooked.

## NO DEFENDANT MEANINGFULLY DISPUTED THE FACTS FOR ROUGHLY 200 DAYS (AUGUST 21, 2024[153] – MARCH 26, 2025)

### 03/26/2025 MY EFFORTS TO REACH JUSTICE IN THIS MATTER

117.    As of March 26, 2025, the MIWD docket consisted of 140 primary docket entries, containing 5988 pages. As of that same date, the TNMD docket contained roughly 106 additional primary docket entries, containing another 1504 pages, for an aggregated total of approximately 246 primary docket entries, containing 7,492 pages filed in this lawsuit.

---

152    DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

153    Most of the defendants received service or some notice about this lawsuit prior to mid-September, 2024.
DOC 223-1, PID 1242-1243 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-v-story-service-spreadsheet.pdf

118.     ALL DISCARDED WITH ONE ORDER!

119.     So far the federal courts have gone to unfair, dishonest, and frankly unreasonable ends (which I have repeatedly noticed the court about and proven in my filings) to stifle and bury the **truth** along with **clear and convincing evidence** about unconscionable court misconduct, felony crimes, corruption, and fraud on the court by officers of the court, committed by the defendants and some of their counsel.

120.     Upon information and belief, an honest, ethical, impartial, and conscientious court would have rushed in to aid me long ago, while forcing the defendants and their counsel to answer for their **misconduct**, prior to proceeding with any other matter, and certainly before entertaining any dispositive orders to terminate this lawsuit and years' worth of painstaking work, and borrowed money, in search of a remedy I am clearly due, if not many times over.

121.     Although there is no "private right of action" for Title 18 crimes, there are *civil remedies* available for victims of some title 18 crimes.  (*See* 18 U.S. Code §§ 1030, 1595, 1964, and 3771.)

## CONCLUSION

122.     I move this court to change their order, to reduce the scope of this lawsuit to whatever this court will allow to proceed without wasting hundreds of thousands of dollars worth of work towards a desperately needed remedy, and service I cannot afford to execute again.

123.     I move this court to grant my motion for ECF filing and remote participation so that I can have the opportunity to answer every defendant motion as I have previously reserved my rights to do so.

124.     I move this court to provide me with counsel so that a remedy can be within my realistic reach.  There are multiple statutes for providing me counsel, under the ADA as well as under 18 USC and 11 USC.

125.    If this court refuses, then I move this court for a new trial, because no court has yet to hear any portion of this lawsuit, and clearly the Middle District of Tennessee has jurisdiction over property claims and bankruptcy claims arising out of Middle Tennessee.

126.    I have much more to say, and further corrections to add to this, but I'm out of time and must get this to FED EX!

127.    It is materially unfair to force me to need to summarize two years' worth of pleadings into one document.

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

All rights reserved.

Executed on February 22, 2025.

JEFFREY RYAN FENTON, PRO SE
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

It is pointless to argue **case law** with people who refuse to acknowledge the **truth**.
—*Jeffrey Ryan Fenton*

*I'm a natural man, not a corporation or property. Please treat my case accordingly.*

**DOCUMENTS REGARDING** (CASE: 3:24-CV-01282):

1. OBJECTION TO MEMORANDUM OF OPINION AND ORDER, AND JUDGMENT ENTRY, WITH DECLARATION AND RULE 59 MOTION TO ALTER JUDGMENT OR FOR A NEW TRIAL

2. DECLARATION OF UNCONSTITUTIONAL DESTRUCTION AND OPPRESSION WITH ADA INTERFERENCE, COERCION, INTIMIDATION, AND RETALIATION (IN SUPPORT OF MY RULE 59 MOTION TO AMEND JUDGEMENT OR FOR A NEW TRIAL)

3. Plaintiff's Exhibits A, B, C, and D

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, I sent the foregoing or above-named papers to the United States District Court for the Middle District of Tennessee, at their address below, for filing in case number 3:24-cv-01282.

I further certify that on April 23, 2025, I am serving these same documents to the defendants or their counsel by first class or priority mail with postage prepaid at the addresses listed below. If for any reason beyond my control, I am unable to complete either on the date specified, I will do so on the very next business day.

UNITED STATES DISTRICT COURT (TNMD)
719 CHURCH ST
NASHVILLE, TN 37203-6940

MEGAN CALME & SARAH MATHEWS
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVE STE 400
NASHVILLE, TN 37203-1623

FENTON v. STORY et al.               Page **1** of **4**               CASE NO. 3:24-cv-01282

Case 3:24-cv-01282     Document 238     Filed 04/23/25     Page 60 of 64 PageID #: 1564

PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
PO BOX 20207
NASHVILLE, TN 37202-4015

KATHRYN LYNN YARBROUGH
223 TOWN CENTER PKWY UNIT 1897
SPRING HILL, TN 37174-3040

LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIR STE 100
FRANKLIN, TN 37064-8039

CAROLINA MARTIN & COURTNEY WILLIAMS
GORDON & REES SCULLY MANSUKHANI, LLP
4031 ASPEN GROVE DR STE 290
FRANKLIN, TN 37067-2951

ALEXANDER SERGEY KOVAL
CLARK & WASHINGTON, P.C.
1321 MURFREESBORO PIKE STE 320
NASHVILLE, TN 37217-2858

ANTHONY NOEL & LARUA BASSETT
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN, PLLC
750 OLD HICKORY BLVD STE 200
BRENTWOOD TN 37027-4567

ANICA CLARISSA JONES
U.S. ATTORNEY'S OFFICE
719 CHURCH ST STE 3300
NASHVILLE, TN 37203-7155

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

THOMAS E. ANDERSON
1187 OLD HICKORY BLVD STE 125
BRENTWOOD, TN  37027-4248

FENTON v. STORY et al.                Page 2 of 4                CASE NO. 3:24-cv-01282

GREGORY BROWN & WILLIAM HICKERSON
LOWE YEAGER & BROWN, PLLC
920 VOLUNTEER LANDING LN STE 200
KNOXVILLE, TN 37915-2584

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

B. GOLDAMMER & D. SUEDEKUM
KAY GRIFFIN, PLLC
222 2ND AVE N STE 340M
NASHVILLE, TN 37201-1649

G. CATE & K. INGRAM-HOGAN
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

ERIK HALVORSON
BRADLEY ARANT BOULT CUMMINGS
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

FENTON v. STORY et al.　　　　Page 3 of 4　　　　CASE NO. 3:24-cv-01282

Case 3:24-cv-01282　　　Document 238　　　Filed 04/23/25　　　Page 62 of 64 PageID #: 1566

## ELECTRONIC SERVICE OPTIONS

Many of my filings in this lawsuit are also made publicly available on the Internet, through my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2]. I typically try to do this as quickly as I can after filing them in court, depending upon my workload. Not every filing warrants being electronically published in this manner, while my time is extremely limited, therefore I cannot provide any guarantees about which documents will or will not be made available online, or exactly when.

For those interested, these files are usually "true" digitally created PDF files, in full color, often with optical character recognition enabled, sometimes with electronic bookmarks, and occasionally with a built-in table of contents which is hyperlinked for easy and efficient referencing, in my largest and most significant documents, such as my amended complaint[3].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

All rights reserved.

Executed on April 22, 2025.

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

---

[1] https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2] https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

[3] DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

FENTON v. STORY et al.          Page 4 of 4          CASE NO. 3:24-cv-01282

Case 3:24-cv-01282   Document 238   Filed 04/23/25   Page 63 of 64 PageID #: 1567

**FedEx**

Address:        4455 LINDEN CREEK
                PARKWAY
                FLINT
                MI 48507
Location:       FNTA
Device ID:      -BTC01
Transaction:    940405614275

---

FedEx Priority Overnight
Tracking Number:
  287843453246    3.50 lb (S)      108.45
    Declared Value    100
Recipient Address:
    UNITED STATES DISTRICT CT
    ATTN: CLERK OF THE COURT COURT
    719 CHURCH STREET
    Nashville, TN 37203-6940
    8104286500

Scheduled Delivery Date 4/23/2025

Pricing option:
  ONE RATE

Package Information:
  FedEx Medium Box

        Shipment subtotal:      $108.45

            Total Due:          $108.45

    M = Weight entered manually
    S = Weight read from scale
    T = Taxable item

Terms and conditions apply, including terms that limit
FedEx's liability. The estimated shipping charge
may be different than the actual charges for your
shipment. Differences may occur based on actual weight,
dimensions and other factors. Shipment-related terms
and conditions and details on how shipping charges
are calculated are available upon request or at
fedex.com/serviceguide.

        We value your feedback!
        Tell us how we're doing!
        fedex.com/fscfeedback

        *** Thank you ***

        Visit us at: fedex.com
        Or call 1.800.GoFedEx
            1.800.463.3339

        Apr 22, 2025 6:38:25 PM





# EXHIBIT S-1

**TNMD DOC 238-2 — FIRST AMENDMENT RIGHT-OF-ACCESS FILING AND INCLUDED SUPPORTING MATERIALS**

———————————————————————



# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MICHIGAN

JEFFREY RYAN FENTON,

Plaintiff

v.

VIRGINIA LEE STORY et al.,

Defendants

CASE NO. 1:23-cv-01097

RECEIVED

APR 2 3 2025

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

## FIRST AMENDMENT RIGHT OF ACCESS: OBJECTION, MOTION, AND DECLARATION FOR DISTRICT JUDGE PAUL L. MALONEY TO CORRECT & MINIMIZE OR REMOVE REDACTIONS[1]
### (NOT FOR CONSIDERATION BY A MAGISTRATE JUDGE)

Plaintiff brings this objection, motion, and declaration pursuant to 28 U.S. Code § 1746;

Michigan Code of Judicial Conduct, Canons 1, 2, and 3; U.S. Const. amend. I, V, IX, and XIVI;

Case Law (6th Cir.); and 18 U.S. Code § 4 - Misprision of felony.

1.    I am the Plaintiff in this lawsuit, domiciled in Genesee County, Michigan.

2.    I understand that there is no longer an open case in this court.

3.    This document is being specifically filed regarding the **local court records** held by

the **Western District of Michigan**, not the ongoing lawsuit after it was transferred to Tennessee.

---

[1]    This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (hereinafter "MIWD") as case no. 1:23-cv-01097. On October 25, 2024, MIWD transferred this lawsuit as ordered in ECF 127 to the United States District Court for the Middle District of Tennessee (hereinafter "TNMD") as case no. 3:24-cv-01282. The language used in the file stamps of each page filed is slightly different between the two courts. MIWD uses the term "ECF No." (which I abbreviate as "ECF"), while in place of that, TNMD uses the term "Document" (which I abbreviate as "DOC"). Both courts use the term "PageID" (which I abbreviate as "PID"). Citations to the court record in this lawsuit will be notated without the case name or number, using the starting DOC/ECF number, followed by both the beginning and ending PID. The Notice of Electronic Filing for this transfer is recorded in TNMD DOC 131, at which point the DOC/ECF number from MIWD was retained and continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

Initials: _[signature]_

https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf    Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

4.      This document, along with those filed with this court during February of 2025, were/are intended to **correct the court record** in this closed Michigan docket (case #1:23-CV-01097) in the United States District Court for the Western District of Michigan. These documents were **not** filed with this court in an effort to impact the ongoing active litigation in the matters transferred to Tennessee, as was wrongfully presumed by Magistrate Judge Ray Kent (hereinafter "Magistrate Judge").

5.      The MIWD Magistrate Judge filed an ORDER REJECTING PLEADING on February 24, 2025, in ECF 139, PID 5738, and another on February 27, 2025, in ECF 140, PID 5948, both including the following language:

> "The case was transferred to the Middle District of Tennessee on October 25, 2024. All further questions/inquiries should be directed to said Court."

6.      Unfortunately, this order was neither an accurate nor appropriate response to my filings, since I was **not** attempting to impact any matter in the active case which was transferred to the Middle District of Tennessee, through my filings in ECF 139 & 140 in MIWD, but rather how the court records had been redacted by the Western District of Michigan on October 28, 2024, subsequent to a MIWD court order in ECF 137, PID 5736, **after** this lawsuit was transferred to the Middle District of Tennessee on October 25, 2024, in ECF 127, PID 5706-5710.

7.      The Middle District of Tennessee has no jurisdiction, authority, or control over the court records **held by the Western District of Michigan** in case #1:23-CV-01097. Those requests must be made directly to the United States District Court for the Western District of Michigan, as I had correctly filed them. (Though there may have been some confusion, which I will explain.)

https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf      Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

8. Some of the language in the documents filed in February may have been broader than the scope of simply correcting the court records in Michigan, but that was in an attempt to quickly address substantial misconduct occurring in both courts, by filing nearly identical documents in both courts and cases, for each court to address in matters relevant to and within the jurisdiction of each court.

9. Any language, objections, or requests within the jurisdiction of either court, was intended to be addressed by whichever court has the lawful jurisdiction and authority to make those corrections **while ignoring that which is beyond their jurisdiction and authority**, to hopefully be addressed separately by the other court, in response to filings I made directly with them.

10. I can see how that might have been confusing with how I filed the documents since I tried to bundle my pleadings together, in an effort to expedite addressing so many material issues simultaneously, by bad actors sabotaging my lawsuit and usurping my time and resources in two different federal courts concurrently. For that, I apologize and respectfully resubmit those filings along with this clarification, for direct consideration and action by District Judge Paul L. Maloney (hereinafter "District Judge").

11. Regardless of any language in the documents attached, I am **not** seeking any action by this court that is outside this court's authority or jurisdiction.

12. This document and the prior filings attached are intended for action by the United States District Court for the Western District of Michigan, **only in relation to the records held by that court in case 1:23-cv-01097.**

13. I am not seeking any action by the Western District of Michigan in the ongoing matters in Tennessee or related to case 3:24-cv-01282.

https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

Initials:

14. FIRST OBJECTION TO ALL MOTIONS TO DISMISS, FOR SUMMARY JUDGEMENT, AND MOTIONS/ORDERS TO REDACT AND SEAL DOCUMENTS[2].

15. DECLARATION AND MOTION TO CORRECT AND MINIMIZE OR STRIKE AND REMOVE REDACTIONS, WHILE UNSEALING ALL RECORDS[3].

16. DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER'S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS[4].

17. SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE[5].

## OBSTRUCTION OF JUSTICE, JUDICIAL BIAS, AND MISPRISION OF FELONY BY MAGISTRATE JUDGE RAY KENT AND OTHER FEDERAL ACTORS

18. Upon information and belief, I have suffered judicial bias, obstruction of justice, and misconduct by Magistrate Judge Ray Kent, fraudulent and deceptive misconduct by Nashville Bankruptcy Judge Charles M. Walker and his counsel by the United States Attorney's Offices in both Michigan and Tennessee.

19. Nashville Bankruptcy Judge Charles M. Walker's **home address** is clearly and openly listed on the **public record** and was never "private" as falsely claimed.

---

[2] ECF 139-1, PID 5739-5770 | https://rico.jefffenton.com/1-23-cv-01097/ecf/139-1.pdf

[3] ECF 139-1, PID 5771-5887 | https://rico.jefffenton.com/1-23-cv-01097/ecf/139-1.pdf

[4] ECF 140-1, PID 5949-5988

[5] 3:24-cv-01282, DOC 222, PID 1164-1214 | https://rico.jefffenton.com/3-24-cv-01282/doc/222.pdf

20. I have suffered hundreds of hours in damages and a substantial amount of money due to misconduct by court staff and officers in both Michigan and Tennessee.

21. I have acted in good faith and filed documents under seal with both courts to quickly and easily prove this, without compromising defendant Walker or anyone else′s privacy.

## BACKGROUND

22. This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (MIWD) in case# 1:23-cv-01097.

23. On October 18, 2023, in MIWD, District Judge Jane M. Beckering filed an ORDER OF RECUSAL[6] in ECF 3, PID 2092.

24. On October 18, 2023, in MIWD, the CLERK OF COURT (E. Siskind) filed a NOTICE REGARDING REASSIGNMENT OF CASE[7] in ECF 4, PID 2093, stating as follows:

> "NOTICE is hereby given that this case has been reassigned to
>
> District Judge Paul L. Maloney for all further proceedings pursuant to
>
> Order (3). Judge Jane M. Beckering is no longer assigned to the case."

25. On October 19, 2023, in MIWD, an ORDER OF REFERENCE[8] was filed by the District Judge to Magistrate Judge Ray Kent in ECF 6, PID 2096.

---

[6]   ECF 3, PID 2092 | https://rico.jefffenton.com/1-23-cv-01097/ecf/3.pdf

[7]   ECF 4, PID 2093 | https://rico.jefffenton.com/1-23-cv-01097/ecf/4.pdf

[8]   ECF 6, PID 2096 | https://rico.jefffenton.com/3-24-cv-01282/doc/6.pdf

Initials: _[signature]_

26. On August 19, 2024, in MIWD, I filed a MOTION TO RECUSE[9] the Magistrate Judge for judicial misconduct and bias in ECF 60, PID 4736-4739.

27. On August 19, 2024, in MIWD, I also filed a MOTION TO EXTEND SERVICE DEADLINE[10] in ECF 61 & 61-1, PID 4740-4743.

28. On August 19, 2024, in MIWD, I also filed an OBJECTION TO THIS COURT'S "ORDER REGARDING SERVICE[11]" in ECF 62, PID 4744-4760.

29. On September 12, 2024, the MIWD District Judge filed an ORDER VACATING ORDER OF REFERRAL AND DISMISSING MOTION FOR RECUSAL[12] in DOC 71, PID 5045, stating in substantial part as follows:

> "Shortly after Plaintiff Fenton filed this lawsuit, the Court issued an
>
> order referring the action to Magistrate Judge Kent (ECF No. 6)…
>
> Plaintiff disagreed with the manner in which Magistrate Judge Kent
>
> has proceeded and filed a motion for recusal (ECF No. 60) in which
>
> he accuses the Magistrate Judge of a lack of impartiality. Without
>
> any consideration of the merits of the pending motion for recusal,
>
> the Court VACATES the order of referral (ECF No. 6). And,
>
> because the Court vacates the order of referral, the Court
>
> DISMISSES Plaintiff's motion for recusal as moot (ECF No. 60).
>
> IT IS SO ORDERED."

---

[9] ECF 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf

[10] ECF 61, PID 4740-4743 | https://rico.jefffenton.com/1-23-cv-01097/ecf/61.pdf | https://rico.jefffenton.com/1-23-cv-01097/ecf/61-1.pdf

[11] ECF 62, PID 4744-4760 | https://rico.jefffenton.com/evidence/2024-08-09_objection-to-wdm-order-regarding-service.pdf

[12] ECF 71, PID 5045 | https://rico.jefffenton.com/3-24-cv-01282/doc/71.pdf

Initials: _____

https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf

Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

30. Upon information and belief, this appears to have been a way for the court to remove the Magistrate Judge, in response to my substantive concerns about his bias and misconduct, while "saving face" and not needing to reach a determination about the merits of my motion.

31. Upon information and belief, unfortunately since the court refused to address the **merits** of my MOTION TO RECUSE[13], the court did not provide me with any **consideration** to compensate me for the damages wrongfully caused by the Magistrate Judge.

### FEBRUARY FILINGS WERE INTENDED FOR THE DISTRICT JUDGE

32. Every document I filed with MIWD after District Judge Paul L. Maloney's September 12, 2024, ORDER VACATING ORDER OF REFERRAL AND DISMISSING MOTION FOR RECUSAL[14] in DOC 71, PID 5045, I filed to be heard, considered, and acted upon **directly by District Judge Paul L. Maloney**, since he remains the **only judge assigned** to this matter in the Western District of Michigan, subsequent to his September 12, 2024 order.

33. It, therefore, seems *extremely* **inappropriate** to find the Magistrate Judge *interfering* in this case again, obstructing my rights, hiding crimes and corruption in the court records by the defendants, wasting significant amounts of my time and money, rejecting my filings in this matter, when his involvement in this case was **vacated** by the District Judge, and I can see no honest, ethical, or lawful reason or authority by which he is involved in this case any longer. Especially not without addressing the substantial **merits** of my MOTION TO RECUSE[15] and providing me with **consideration** to compensate for the damages he and the court have improperly caused me.

34. Upon information and belief, I further believe that any involvement in this case by the Magistrate Judge after the date of **September 12, 2024**, has escalated **beyond** judicial bias and

---

[13] ECF 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf

[14] ECF 71, PID 5045 | https://rico.jefffenton.com/3-24-cv-01282/doc/71.pdf

[15] ECF 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf

misconduct (including violations of Canons 1, 2, and 3 from Michigan's Code of Judicial Conduct), to **criminal** obstruction of justice, violations of my first, fifth, ninth, and fourteenth amendment civil rights, and misprision of felony.

### THE REAL NEED (IF EVER ONE EXISTED)

35. All that needed to be redacted from my complaint, was the following **four** **words**

containing defendant Walker's:             Example:

       (1) **House Number**      |      1234

       (2) **Street Name**      |      Defendant Drive

       (3) **City**      |      Nashville

       (4) **+4 Code** (last four)      |      0000

36. That's it! Just **_four words_**, in *one sentence*, on only *one page* of my complaint!

37. According to Microsoft Word, my amended complaint[16] contains:

> ➢ one hundred and thirty-eight <u>pages</u> (138)

> ➢ six hundred and ninety-one <u>paragraphs</u> (691)

> ➢ two thousand five hundred and sixty-seven <u>lines</u> (2,567)

> ➢ thirty-one thousand and fifteen <u>words</u> (31,015)

38. **All** of which has been completely redacted or sealed from the public, for the alleged purpose of concealing those **four words** in defendant Walker's address, despite being **public record** for anyone to easily find (with interactive maps, pictures, and a floorplan of his home), available on the county's website, by any rudimentary Internet search.

39. I do not believe that is a reasonable, responsible, or lawful action, by any party involved.

---

[16] DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

Initials: _[signature]_

Case 3:24-cv-01282    Document 238-2    Filed 04/23/25    Page 8 of 46 PageID #: 1714

https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf      Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)



RICO SERVICE: EMAIL VIEWED 336 TIMES & LINK OPENED ONCE     M.D. Tenn. Case 3:24-cv-01282 (FENTON v. STORY et al.)

40.      Above are the results from serving Judge Walker via email, using alternative service[17]. As of December 13, 2024, this email had been viewed by Judge Walker and forwarded repeatedly throughout Washington DC (government channels I'm assuming), Virginia, New York, Tennessee, Ohio, Michigan, and other states, while being viewed at least **336 times**!

---

[17]    DOC 177, PID 234-250 | https://rico.jefffenton.com/evidence/2024-11-18_fenton-motion-for-alternative-service.pdf

Initials: _[signature]_

https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf     Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**[18]
**OPEN COURTS COMPENDIUM (6TH CIRCUIT)**

**THE ROOT OF ACCESS RIGHTS**[19]

"Generally, the Sixth Circuit adheres "to a policy of openness in judicial proceedings."  Applications of Nat'l Broad. Co., 828 F.2d 340, 343 (6th Cir. 1987) (citing Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1176–81 (6th Cir. 1983)).  "Openness in judicial proceedings promotes public confidence in the courts." Id. at 347."

"The Sixth Circuit has traced the roots of the rights of access back to the 19th Century when the D.C. Circuit explained that "[a]ny attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access."  In re Knoxville News-Sentinel Co., 723 F.2d 470, (6th Cir. 1983) (quoting Ex Parte Drawbaugh, 2 App. D.C. 404, 407 (1894))."

"Similarly, "[t]hroughout our history, the open courtroom has been a fundamental feature of the American judicial system."  Brown & Williamson, 710 F.2d at 1177.  "Openness in judicial proceedings promotes public confidence in courts." Applications of NBC, 828 F.2d at 347.  The same principles that support access to court rooms also supports access to court records because "court records often provide important, sometimes the only, bases or explanations for a court's decisions."  Brown & Williamson, 710 F.2d at 1177."

---

[18]  https://www.rcfp.org/open-courts-compendium/6th-circuit/

[19]  https://www.rcfp.org/open-courts-compendium/6th-circuit/

"[T]he First Amendment right of access to criminal proceedings is grounded generally in a 'purpose of assuring freedom of communication on matters relating to the functioning of government.'" Indianapolis Star v. United States, 692 F.3d 424, 429 (6th Cir. 2012) (quoting Richmond Newspapers v. Virginia, 448 U.S. 555, 575 (1980)). This right of access extends to more than just a criminal trial, but also generally applies to other criminal proceedings, criminal records, civil proceedings, and civil records. Id. 429–30; Detroit Free Press v. Ashcroft, 303 F.3d 695 n.11 (6th Cir. 2002) (explaining that the Sixth Circuit and all other circuit courts that have addressed the issue have "agreed that the press and public have a First Amendment right to attend civil proceedings…"); Applications of NBC, 828 F.2d at 347 ("the importance of some pretrial proceedings dictates that the rule of openness not be confined to the actual trial"); Brown & Williamson, 710 F.2d at 1177–78 ("The Supreme Court's analysis of the justifications for access to the criminal courtroom apply as well to the civil trial" and the same justifications require that access to judicial records also be subject to the First Amendment right of access)."

"The test for deciding if the First Amendment right of access applies to a particular proceeding or record is the "experience and logic" test: "if (1) that proceeding [or record] has 'historically been open to the press and the general public' and (2) 'public access plays a significant positive role in the function of the particular process in question.'" Indianapolis Star, 692 F.3d at 429 (quoting Press-Enterprise Co. v. Superior Court, 478 US. 1, 8 (1986)). Once the First Amendment right of access attaches, it can only be overcome "where a party can show a compelling reason why

Initials:

https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf     Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

certain documents or portions thereof should be sealed [and] the seal itself [is] narrowly tailored to serve that reason." Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509–11 (1984))."

"In contrast to the First Amendment right of access that applies when the "experience and logic" test is met, "[a] common law right of access generally applies to all public records and documents, including judicial records and documents." In re Morning Song Bird Food Litig., 831 F.3d 765, 777–78 (6th Cir. 2016) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). The common law right of access "may be curtailed if, in the exercise of the court's sound discretion, [the court] determines that non-disclosure is warranted." United States v. Dejournett, 817 F.3d 479, 485 (6th Cir. 2016). This discretion "does not, however, imply that the District Court operates without standards." Id. (quoting Brown & Williamson, 710 F.2d at 1177). This discretion must "be exercised in light of the relevant facts and circumstances of the particular case," and must identify the "'relevant facts and circumstances' justifying non-disclosure…" in the case. Id. (quoting Brown & Williamson, 710 F.2d at 1177). For example, the common law right of access "does not reach materials properly submitted to the court under seal or otherwise kept confidential for important policy reasons." In re Morning Song Bird Food Litig., 831 F.3d at 778 (citations omitted)."

**OVERCOMING A PRESUMPTION OF OPENNESS**[20]

"Whether access is sought under the First Amendment or the common law right of access, the party opposing disclosure bears the burden of showing compelling reasons to support confidentiality.  In re Morning Song Bird Food Litig., 831 F.3d 765, 772 (6th Cir. 2016) (citations omitted).   When the First Amendment right of access applies, the burden on a party seeking closure "is a heavy one: '[o]nly the most compelling reasons can justify non-disclosure of judicial records.'"  Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (quoting In re Knoxville News-Sentinel Co., 723 F.2d 470, 476 (6th Cir. 1983)).  "[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. Id. at 305 (citing Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1179 (6th Cir. 1983)).  The asserted interest in closure may not be based on platitudes, speculation or conjecture, but instead must be identified with specificity.  Id. at 307–08.  "The proponent of sealing … must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'"  Id. at 305–06 (quoting Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544 548 (7th Cir. 2002))."

"The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Application of Nat'l Broad. Co., 828 F.2d 340, 343 (6th Cir. 1987) (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510

---

[20]   https://www.rcfp.org/open-courts-compendium/6th-circuit/

(1984)); see also Rudd Equip. Co. v. John Deere Constr. & Forestry Co., 834 F.3d 589, 593 (6th Cir. 2016) (holding that court records should only be sealed when "there is a compelling reason why certain documents or portions … should be sealed … [and] the seal itself must be narrowly tailored to serve that reason"). In the context of sealed court records, the Sixth Circuit has identified a limited category of interests that may be compelling enough to overcome the presumption of openness: (1) national security; (2) trade secrets; (3) fair trial rights of criminal defendants; (4) privacy rights of participants and third parties, especially innocent third parties; (5) privileged information; and (6) "information required by statute to be maintained in confidence." Id. at 308 (citations omitted); Brown & Williamson, 710 F.2d at 1179."

"The burden is not as great when it is the common law right of access that is being analyzed. The common law right of access "may be curtailed if, in the exercise of the court's sound discretion, [the court] determines that non-disclosure is warranted." United States v. Dejournett, 817 F.3d 479, 485 (6th Cir. 2016). This discretion "does not, however, imply that the District Court operates without standards." Id. (quoting Brown & Williamson, 710 F.2d at 1177). This discretion must "be exercised in light of the relevant facts and circumstances of the particular case," and must identify the "'relevant facts and circumstances' justifying non-disclosure…" in the case. Id. (quoting Brown & Williamson, 710 F.2d at 1177). Moreover, the common law right of access "does not reach materials properly submitted to the court under seal or otherwise kept confidential for important policy reasons." In re Morning Song Bird Food Litig., 831 F.3d 765, 778 (6th Cir. 2016) (citations omitted)."

# ORIGINAL VERSUS AMENDED COMPLAINT

41.     In a NOTICE OF INTENT TO TRANSFER ACTION[21], filed in MIWD in ECF 72, PID 5046-5050 on September 12, 2024, District Judge Paul L. Maloney, stated in part:

"Plaintiff Jeffrey Fenton filed this lawsuit without the benefit of counsel. The initial complaint named almost 30 defendants located in Florida, Massachusetts and Tennessee. The Magistrate Judge issued a report recommending, in part, that the Court dismiss the lawsuit for improper venue. While authority for that course of action exists when a plaintiff proceeds under the in forma pauperis statute, 28 U.S.C. § 1915, Plaintiff had paid the filing fee. Therefore, the undersigned rejected that portion of the report and recommendation."

"Plaintiff recently filed an amended complaint. In the amended complaint, Plaintiff named 35 defendants, all but two of which are located in Tennessee. Plaintiff named Bank of America as a defendant and Plaintiff contends Bank of America is located in Tampa, Florida. Plaintiff also named Cadance Bank as a defendant, which Plaintiff asserts is located Case 1:23-cv-01097-PLM-RSK ECF No. 72, PageID.5046 Filed 09/12/24 Page 1 of 52 in Tupelo, Mississippi. Plaintiff resides in Fenton, Michigan, in Genessee County. Genessee County is located in the United States District Court for the Eastern District of Michigan. Plaintiff continues his efforts to serve the defendants and no defendant has made an appearance in this lawsuit."

---

[21]   ECF 72, PID 5046-5050 | https://rico.jefffenton.com/1-23-cv-01097/ecf/72.pdf

https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

On pages 24 and 25 of my SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE[22], filed in TNMD on March 7, 2025, in DOC 222, PID 1164-1214, the following was stated:

"This lawsuit is against five judges, ten attorneys, five law firms, two real estate firms, two real estate brokers, two banks, three courts, one county, and five state government entities in Tennessee, many of whom have strong relationships rippling through the political, legal, and economic fabric of the Mid-State, with some having connections and influence which exceeds any lawful office of the courts or the state.[23]"

"**PLEASE NOTE:** I never had concerns that the honest interests of justice in my lawsuit would not stand up to any legitimate and honestly impartial screening process."

"I was concerned that the natural and almost inevitable prejudice of the court, or any collective of professionals in a common trade, would grant the *benefit of the doubt* to their peers before I would have enough time to shore up my lawsuit with robust facts, sworn testimony, and evidence, while working the kinks out of my complaint and improving it to the best of my ability with the help and resources within my reach, **to where my lawsuit could stand on its own**, and survive any legitimate, honest, and impartial screening."

---

[22]   DOC 222, PID 1164-1214 | https://rico.jefffenton.com/3-24-cv-01282/doc/222.pdf

[23]   DOC 102, PID 5440 | https://rico.jefffenton.com/evidence/2024-10-09_concerns-about-transferring-to-tennessee.pdf

"That goal was reached when I was able to file my FAC[24], which was my hope from the very beginning, as communicated with the court[25], and why I did not bring summonses for the court to execute in Lansing, the day I filed my lawsuit on October 13, 2023."

## THE IMPORTANCE OF SUBSTANTIVE FACTS AND FILINGS IN MY FIRST AMENDED COMPLAINT[26] TO OUR "FIRST AMENDMENT RIGHT OF ACCESS"

42.     The public's right to know how the federal courts prioritize and allocate resources for the benefit of different socioeconomic demographics in our country, such as indigent and disabled litigants in this case, far exceeds any legitimate privacy concerns by the defendants, which **the court could easily compensate** for by using **single line-level redactions** to conceal any home addresses without the need to redact any section, full page, or document in this lawsuit.

43.     For a better understanding of the challenges I have and continue to face in the Federal Courts and in Tennessee's state courts prior, the level of impropriety by the defendants and their counsel, acting contrary to the honest interests of justice in this matter and others, please read both my DECLARATION EXPLAINING MY PURSUIT OF JUSTICE[27], filed in TNMD on February 6, 2025, in DOC 207, PID 583-619, as well as my NOTICE TO ALL BAR MEMBERS[28] filed in TNMD February 27, 2025, in DOC 216, PID 984-1015.

---

[24]  DOC 66, PID 4870-4972 | https://rico.jefffenton.com/3-24-cv-01282/doc/66.pdf

[25]  DOC 54-1, PID 4375 | https://rico.jefffenton.com/evidence/2023-10-11_usdc-wdm-emily-can-file-in-lansing.mp3
      DOC 10, PID 2109-2114 | https://rico.jefffenton.com/3-24-cv-01282/doc/10.pdf

[26]  DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

[27]  DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

[28]  DOC 216, PID 984-1015 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

Initials:

https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf

Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

## 18 U.S. CODE § 4 - MISPRISION OF FELONY[29]

"Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both." (June 25, 1948, ch. 645, 62 Stat. 684; Pub. L. 103–322, title XXXIII, §330016(1)(G), Sept. 13, 1994, 108 Stat. 2147.)

## CONCLUSION

44.     It is critical that the public, justice advocates, court reform advocates, indigent and *pro se* rights advocates, court watchers, court oversight boards, government and court watchdogs, as well as people involved in numerous state and federal "equal access to justice[30]" programs, along with segments of society interacting with all different tiers of our justice system, have full unfettered access to the filings in this lawsuit. **A government "for the people by the people" cannot fix problems which are <u>hidden</u> from them.**

45.     EXPERIENCE AND LOGIC TEST: "The test for deciding **if** the First Amendment right of access applies to a particular proceeding or record is the "experience and logic" test: "if…

(1)     that proceeding [or record] has 'historically been open to the press and the general public' and

---

[29]   https://www.law.cornell.edu/uscode/text/18/4

[30]   https://www.acus.gov/ | https://eaja.acus.gov/?action=list&entity=CaseRecord

(2)    'public access plays a significant positive role in the function of the particular process in question.'" Indianapolis Star, 692 F.3d at 429 (quoting Press-Enterprise Co. v. Superior Court, 478 US. 1, 8 (1986)).  Once the First Amendment right of access attaches, it can only be overcome **"where a party can show a compelling reason why certain documents or portions thereof should be sealed [and] the seal itself [is] narrowly tailored to serve that reason."**  Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509–11 (1984)) (emphasis added).

46.    Per the **first prong** of the court's "experience and logic" test (above), **amended complaints** in federal civil rights lawsuits **have** 'historically been open to the press and the general public'.

47.    Per the **second prong** of the court's "experience and logic" test (above), **public access** and **transparency** in court proceedings and government operations is **essential** to promoting honest, ethical, fair, and lawful dealings amongst the people.

> "Where transparency and accountability are stifled, corruption inevitably thrives." — Jeffrey Ryan Fenton

48.    On October 28, 2024, an order was entered by District Judge Maloney in ECF 137, PID 5736, ordering **broad redactions** of entire substantive documents in my lawsuit, including my **First Amended Complaint**[31], instead of yielding to case law by the Sixth Circuit Court of Appeals, stating, **"where a party can show a compelling reason why certain documents or portions**

---

[31]    DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

Initials:

https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf

Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

**thereof should be sealed [and] the seal itself [is] <u>narrowly tailored to serve that reason.</u>"** Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509–11 (1984)) (emphasis added).

49. Everything I have filed, which has been sealed or redacted in this lawsuit to date, in both MIWD and TNMD should be made publicly available again, **except for word-level or line-level redactions which the court can effectuate to address any real privacy concerns**, without redacting, sealing, or restricting from the public any more than is "absolutely necessary".

50. I know of no **honest** compelling reason for redacting **any** document in this lawsuit, but in the event the court found it reasonable to conceal any (or all) of the defendant's home addresses, they could easily do so with **word-level or line-level redactions,** without redacting, sealing, or restricting a substantial portion of any document in this lawsuit.

51. To repeat, "Once the First Amendment right of access attaches, it can only be overcome "where a party can show a compelling reason why certain documents or portions thereof should be sealed [and] the seal itself **[is] narrowly tailored to serve that reason.**" Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509–11 (1984)) (emphasis added)."

52. This document has been filed in an attempt to persuade MIWD to correct this oversight, error, or injustice; to be in compliance with the Sixth Circuit case law cited in the previous paragraph.

https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

All rights reserved.

Executed on April 8, 2025.

JEFFREY RYAN FENTON, PRO SE
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

*I'm a natural man, not a corporation or property. Please treat my case accordingly.*

https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

**DOCUMENTS REGARDING** (CASE: 1:23-CV-01097):

1. FIRST AMENDMENT RIGHT OF ACCESS: OBJECTION, MOTION, AND DECLARATION FOR DISTRICT JUDGE PAUL L. MALONEY TO CORRECT & MINIMIZE OR REMOVE REDACTIONS (NOT FOR CONSIDERATION BY A MAGISTRATE JUDGE)
   https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf

2. SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE (3:24-cv-01282 [2025] DOC 222)
   https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

3. NOTICE TO ALL BAR MEMBERS (3:24-cv-01282 [2025] DOC 216)
   https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, I mailed the foregoing or above-named papers to the United States District Court for the Western District of Michigan, at their address below, for filing in case number 1:23-cv-01097.

I further certify that on or before April 15, 2025, I am serving these same documents to the defendants or their counsel by first class or priority mail with postage prepaid at the addresses listed below. If for any reason beyond my control, I am unable to complete either on the date specified, I will do so on the very next business day.

U.S.D.C. WESTERN DISTRICT OF MICHIGAN
113 FEDERAL BLDG
315 W ALLEGAN ST RM 113
LANSING, MI    48933-1514

RYAN D. COBB
UNITED STATES ATTORNEY'S OFFICE
330 IONIA AVE NW
GRAND RAPIDS MI 49503-2549

FENTON v. STORY et al.          Page 1 of 2          Case 1:23-cv-01097-PLM-RSK

Case 3:24-cv-01282    Document 238-2    Filed 04/23/25    Page 27 of 46 PageID #: 1733

https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf          Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

# CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good

faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is

true and correct.

All rights reserved.

Executed on April 8, 2025.

JEFFREY RYAN FENTON, PRO SE
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

FENTON v. STORY et al.     Page 2 of 2     Case 1:23-cv-01097-PLM-RSK

Case 3:24-cv-01282    Document 238-2    Filed 04/23/25    Page 28 of 46 PageID #: 1734

https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf     Case 1:23-cv-01097-PLM-RSK (FENTON v. STORY et al.)

**DOCUMENTS REGARDING** (CASE: 3:24-CV-01282):

1. OBJECTION TO MEMORANDUM OF OPINION AND ORDER, AND JUDGMENT ENTRY, WITH DECLARATION AND RULE 59 MOTION TO ALTER JUDGMENT OR FOR A NEW TRIAL

2. DECLARATION OF UNCONSTITUTIONAL DESTRUCTION AND OPPRESSION  WITH ADA INTERFERENCE, COERCION, INTIMIDATION, AND RETALIATION (IN SUPPORT OF MY RULE 59 MOTION TO AMEND JUDGEMENT OR FOR A NEW TRIAL)

3. Plaintiff's Exhibits A, B, C, and D

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, I sent the foregoing or above-named papers to the United States District Court for the Middle District of Tennessee, at their address below, for filing in case number 3:24-cv-01282.

I further certify that on April 23, 2025, I am serving these same documents to the defendants or their counsel by first class or priority mail with postage prepaid at the addresses listed below.  If for any reason beyond my control, I am unable to complete either on the date specified, I will do so on the very next business day.

UNITED STATES DISTRICT COURT (TNMD)
719 CHURCH ST
NASHVILLE, TN  37203-6940

MEGAN CALME & SARAH MATHEWS
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVE STE 400
NASHVILLE, TN 37203-1623

FENTON v. STORY et al.            Page **1** of **4**            CASE NO. 3:24-cv-01282

Case 3:24-cv-01282    Document 238    Filed 04/23/25    Page 60 of 64 PageID #: 1564

PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
PO BOX 20207
NASHVILLE, TN 37202-4015

KATHRYN LYNN YARBROUGH
223 TOWN CENTER PKWY UNIT 1897
SPRING HILL, TN 37174-3040

LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIR STE 100
FRANKLIN, TN 37064-8039

CAROLINA MARTIN & COURTNEY WILLIAMS
GORDON & REES SCULLY MANSUKHANI, LLP
4031 ASPEN GROVE DR STE 290
FRANKLIN, TN 37067-2951

ALEXANDER SERGEY KOVAL
CLARK & WASHINGTON, P.C.
1321 MURFREESBORO PIKE STE 320
NASHVILLE, TN 37217-2858

ANTHONY NOEL & LARUA BASSETT
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN, PLLC
750 OLD HICKORY BLVD STE 200
BRENTWOOD TN 37027-4567

ANICA CLARISSA JONES
U.S. ATTORNEY'S OFFICE
719 CHURCH ST STE 3300
NASHVILLE, TN 37203-7155

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

THOMAS E. ANDERSON
1187 OLD HICKORY BLVD STE 125
BRENTWOOD, TN 37027-4248

GREGORY BROWN & WILLIAM HICKERSON
LOWE YEAGER & BROWN, PLLC
920 VOLUNTEER LANDING LN STE 200
KNOXVILLE, TN 37915-2584

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

B. GOLDAMMER & D. SUEDEKUM
KAY GRIFFIN, PLLC
222 2ND AVE N STE 340M
NASHVILLE, TN 37201-1649

G. CATE & K. INGRAM-HOGAN
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

ERIK HALVORSON
BRADLEY ARANT BOULT CUMMINGS
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

FENTON v. STORY et al.　　　　Page 3 of 4　　　　CASE NO. 3:24-cv-01282

Case 3:24-cv-01282　　　Document 238　　　Filed 04/23/25　　　Page 62 of 64 PageID #: 1566

## ELECTRONIC SERVICE OPTIONS

Many of my filings in this lawsuit are also made publicly available on the Internet, through my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].  I typically try to do this as quickly as I can after filing them in court, depending upon my workload.  Not every filing warrants being electronically published in this manner, while my time is extremely limited, therefore I cannot provide any guarantees about which documents will or will not be made available online, or exactly when.

For those interested, these files are usually "true" digitally created PDF files, in full color, often with optical character recognition enabled, sometimes with electronic bookmarks, and occasionally with a built-in table of contents which is hyperlinked for easy and efficient referencing, in my largest and most significant documents, such as my amended complaint[3].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

All rights reserved.

Executed on April 22, 2025.

JEFFREY RYAN FENTON, PRO SE

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

---

[1]   https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2]   https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

[3]   DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

FENTON v. STORY et al.                    Page **4** of **4**                    CASE NO. 3:24-cv-01282

Case 3:24-cv-01282     Document 238     Filed 04/23/25     Page 63 of 64 PageID #: 1567



FedEx

Address:          4455 LINDEN CREEK
                  PARKWAY
                  FLINT
                  MI 48507
Location:         FNTA
Device ID:        -BTC01
Transaction:      940405614275

FedEx Priority Overnight
Tracking Number:
 287843453246    3.50 lb (S)        108.45
    Declared Value    100
Recipient Address:
    UNITED STATES DISTRICT CT
    ATTN: CLERK OF THE COURT COURT
    719 CHURCH STREET
    Nashville, TN 37203-6940
    8104286500

Scheduled Delivery Date 4/23/2025

Pricing option:
    ONE RATE

Package Information:
    FedEx Medium Box

        Shipment subtotal:      $108.45

            Total Due:      $108.45

    M = Weight entered manually
    S = Weight read from scale
    T = Taxable item

Terms and conditions apply, including terms that limit
FedEx's liability. The estimated shipping charge
may be different than the actual charges for your
shipment. Differences may occur based on actual weight,
dimensions and other factors. Shipment-related terms
and conditions and details on how shipping charges
are calculated are available upon request or at
fedex.com/serviceguide.

        We value your feedback!
        Tell us how we're doing!
        fedex.com/fscfeedback

        *** Thank you ***

        Visit us at: fedex.com
        Or call 1.800.GoFedEx
            1.800.463.3339

        Apr 22, 2025 6:38:25 PM



# EXHIBIT S-2

## TNMD DOC 238-2 — FIRST AMENDMENT RIGHT-OF-ACCESS FILING AND INCLUDED SUPPORTING MATERIALS

_____

Charles M. Walker
U.S. Bankruptcy Judge
Dated: 9/27/2019





PLAINTIFF'S
EXHIBIT

C

IN THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FAWN ███████ FENTON | ) | CHAPTER    13 |
| ████████████████ | ) | CASE NO:    19-02693 |
| BRENTWOOD, TN 37027 | ) | JUDGE    WALKER |
| SSN: XXX-XX-██65 | ) | |
| | ) | |
| DEBTOR | | |

### ORDER GRANTING EXPEDITED MOTION TO SELL REAL ESTATE AND PERSONAL PROPERTY

This matter came before the Court on September 25, 2019 upon the Debtor's Expedited Motion to Sell Real Estate and Personal Property with notice given to all parties pursuant to Local Rule 9075-1. There being no objections raised at the call of the docket, the Motion is found to be well taken and it is therefore ORDERED as follows:

Debtor shall be allowed to sell real property located at 1986 Sunnyside Drive, Brentwood, Tennessee and items of personal property remaining in the house at auction pursuant to an Order Granting Motion to Sell Marital Residence by Auction entered in the Chancery Court for Williamson County, Tennessee on August 6, 2019 . The Debtor will sell the real estate under Section 363(f)(3) subject to the liens of Bank of America, N.A. and Bancorp South.  This transaction shall be conditioned on the Debtor providing the auction report to the Trustee once the sale has taken place. All net proceeds from the sale of the property shall be deposited into the Chancery Court Clerk's Office and placed in an interest bearing account on behalf of the parties pending further orders of the Chancery Court for Williamson County, Tennessee.

IT IS SO ORDERED.

*THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.*

APPROVED FOR ENTRY:


*/s/ Alex Koval*
Alex Koval
ROTHSCHILD & AUSBROOKS, PLLC
Attorney for Debtor(s)
1222 16th Avenue South, Suite 12
Nashville, TN  37212-2926
(615) 242-3996 (telephone)
(615) 242-2003 (facsimile)
notice@rothschildbklaw.com

```
This Order has been electronically
signed.  The Judge's signature and
Court's seal appear at the top of the
first page.
United States Bankruptcy Court.
```



**§ 363** — TITLE 11—BANKRUPTCY — Page 84

EFFECTIVE DATE OF 2005 AMENDMENT

Amendment by Pub. L. 109–8 effective 180 days after Apr. 20, 2005, and not applicable with respect to cases commenced under this title before such effective date, except as otherwise provided, see section 1501 of Pub. L. 109–8, set out as a note under section 101 of this title.

EFFECTIVE DATE OF 1994 AMENDMENT

Amendment by Pub. L. 103–394 effective Oct. 22, 1994, and not applicable with respect to cases commenced under this title before Oct. 22, 1994, see section 702 of Pub. L. 103–394, set out as a note under section 101 of this title.

EFFECTIVE DATE OF 1990 AMENDMENT

Pub. L. 101–508, title III, § 3007(a)(3), Nov. 5, 1990, 104 Stat. 1388–28, provided that: ''The amendments made by this subsection [amending this section and section 541 of this title] shall be effective upon date of enactment of this Act [Nov. 5, 1990].''

Pub. L. 101–508, title III, § 3008, Nov. 5, 1990, 104 Stat. 1388–29, provided that the amendments made by subtitle A (§§ 3001–3008) of title III of Pub. L. 101–508, amending this section, sections 541 and 1328 of this title, and sections 1078, 1078–1, 1078–7, 1085, 1088, and 1091 of Title 20, Education, and provisions set out as a note under section 1078–1 of Title 20, were to cease to be effective Oct. 1, 1996, prior to repeal by Pub. L. 102–325, title XV, § 1558, July 23, 1992, 106 Stat. 841.

EFFECTIVE DATE OF 1986 AMENDMENT

Amendment by section 257 of Pub. L. 99–554 effective 30 days after Oct. 27, 1986, but not applicable to cases commenced under this title before that date, see section 302(a), (c)(1) of Pub. L. 99–554, set out as a note under section 581 of Title 28, Judiciary and Judicial Procedure.

Amendment by section 283 of Pub. L. 99–554 effective 30 days after Oct. 27, 1986, see section 302(a) of Pub. L. 99–554.

Pub. L. 99–509, title V, § 5001(b), Oct. 21, 1986, 100 Stat. 1912, provided that: ''The amendments made by subsection (a) of this section [amending this section] shall apply only to petitions filed under section 362 of title 11, United States Code, which are made after August 1, 1986.''

EFFECTIVE DATE OF 1984 AMENDMENT

Amendment by Pub. L. 98–353 effective with respect to cases filed 90 days after July 10, 1984, see section 552(a) of Pub. L. 98–353, set out as a note under section 101 of this title.

REPORT TO CONGRESSIONAL COMMITTEES

Pub. L. 99–509, title V, § 5001(a), Oct. 21, 1986, 100 Stat. 1911, directed Secretary of Transportation and Secretary of Commerce, before July 1, 1989, to submit reports to Congress on the effects of amendments to 11 U.S.C. 362 by this subsection.

**§ 363. Use, sale, or lease of property**

(a) In this section, ''cash collateral'' means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

(b)(1) The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate, except that if the debtor in connection with offering a product or a service discloses to an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information to any person unless—

(A) such sale or such lease is consistent with such policy; or

(B) after appointment of a consumer privacy ombudsman in accordance with section 332, and after notice and a hearing, the court approves such sale or such lease—

(i) giving due consideration to the facts, circumstances, and conditions of such sale or such lease; and

(ii) finding that no showing was made that such sale or such lease would violate applicable nonbankruptcy law.

(2) If notification is required under subsection (a) of section 7A of the Clayton Act in the case of a transaction under this subsection, then—

(A) notwithstanding subsection (a) of such section, the notification required by such subsection to be given by the debtor shall be given by the trustee; and

(B) notwithstanding subsection (b) of such section, the required waiting period shall end on the 15th day after the date of the receipt, by the Federal Trade Commission and the Assistant Attorney General in charge of the Antitrust Division of the Department of Justice, of the notification required under such subsection (a), unless such waiting period is extended—

(i) pursuant to subsection (e)(2) of such section, in the same manner as such subsection (e)(2) applies to a cash tender offer;

(ii) pursuant to subsection (g)(2) of such section; or

(iii) by the court after notice and a hearing.

(c)(1) If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

(2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless—

(A) each entity that has an interest in such cash collateral consents; or

(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

(3) Any hearing under paragraph (2)(B) of this subsection may be a preliminary hearing or may be consolidated with a hearing under subsection (e) of this section, but shall be scheduled in accordance with the needs of the debtor. If the hearing under paragraph (2)(B) of this subsection is a preliminary hearing, the court may authorize such use, sale, or lease only if there is

---

363(B)(1) I WAS DUE A NOTICE AND A HEARING BY THE TRUSTEE, SHORTLY AFTER MY EX-WIFE (SECRETLY) FILED FOR BANKRUPTCY. MY EX-WIFE HAD COMMITTED TO PAYING THE MORTGAGES AS THE VOLUNTARY PRIMARY BREADWINNER FOR OUR FAMILY SINCE 2011. I HAD NO ACCESS TO THE ACCOUNTS, THE STATEMENTS OR NOTICES. I HAD NO KNOWLEDGE, NOTICE, OR MEANS OF KNOWING THAT A SINGLE MORTGAGE PAYMENT WAS LATE, LET ALONE THAT SEVERAL WERE DEFAULTED UPON, AND OUR MUTUALLY INVESTED IN (CASH), PURCHASED, AND DEEDED PROPERTY WAS AT RISK!

Page 85                          TITLE 11—BANKRUPTCY                          § 363

a reasonable likelihood that the trustee will prevail at the final hearing under subsection (e) of this section. The court shall act promptly on any request for authorization under paragraph (2)(B) of this subsection.

(4) Except as provided in paragraph (2) of this subsection, the trustee shall segregate and account for any cash collateral in the trustee's possession, custody, or control.

(d) The trustee may use, sell, or lease property under subsection (b) or (c) of this section—

(1) in the case of a debtor that is a corporation or trust that is not a moneyed business, commercial corporation, or trust, only in accordance with nonbankruptcy law applicable to the transfer of property by a debtor that is such a corporation or trust; and

(2) only to the extent not inconsistent with any relief granted under subsection (c), (d), (e), or (f) of section 362.

(e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

(g) Notwithstanding subsection (f) of this section, the trustee may sell property under subsection (b) or (c) of this section free and clear of any vested or contingent right in the nature of dower or curtesy.

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners out-

weighs the detriment, if any, to such co-owners; and

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

(i) Before the consummation of a sale of property to which subsection (g) or (h) of this section applies, or of property of the estate that was community property of the debtor and the debtor's spouse immediately before the commencement of the case, the debtor's spouse, or a co-owner of such property, as the case may be, may purchase such property at the price at which such sale is to be consummated.

(j) After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

(k) At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

(l) Subject to the provisions of section 365, the trustee may use, sell, or lease property under subsection (b) or (c) of this section, or a plan under chapter 11, 12, or 13 of this title may provide for the use, sale, or lease of property, notwithstanding any provision in a contract, a lease, or applicable law that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title concerning the debtor, or on the appointment of or the taking possession by a trustee in a case under this title or a custodian, and that effects, or gives an option to effect, a forfeiture, modification, or termination of the debtor's interest in such property.

(m) The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

(n) The trustee may avoid a sale under this section if the sale price was controlled by an agreement among potential bidders at such sale, or may recover from a party to such agreement any amount by which the value of the property sold exceeds the price at which such sale was consummated, and may recover any costs, attorneys' fees, or expenses incurred in avoiding such sale or recovering such amount. In addition to any recovery under the preceding sentence, the court may grant judgment for punitive damages in favor of the estate and against any such party that entered into such an agreement in willful disregard of this subsection.

(o) Notwithstanding subsection (f), if a person purchases any interest in a consumer credit

I WAS IN POSSESSION OF THE PROPERTY, I HAD TENANTS (ELDERLY & HANDICAPPED) WITH LEGITIMATE LEASES, PROTECTED BY BANKRUPTCY LAW, STATE LAW, ADA, AND THE PROTECTING TENANTS AT FORECLOSURE ACT. I OFFERED TO BRING THE MORTGAGES CURRENT AT MY 8/1/2019 HEARING IN CHANCERY COURT, WHILE ATTORNEY VIRGINIA LEE STORY TOLD ME THAT IT WAS ALREADY TOO LATE. THAT THE BANKRUPTCY PROCEEDINGS WERE TOO FAR ALONG, WHICH IS A VIOLATION OF MY CONSTITUTIONAL RIGHTS FOR PROTECTING MY CRITICAL PROPERTY INTERESTS, WITH MY RIGHTS UNDER FEDERAL HUD/ADA/FED/FRBP CRIMINAL & CIVIL LAWS! ADVERSARIAL PROCEEDING REQUIRED BY LAW!

§ 363                              TITLE 11—BANKRUPTCY                              Page 86

transaction that is subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time), and if such interest is purchased through a sale under this section, then such person shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract, to the same extent as such person would be subject to such claims and defenses of the consumer had such interest been purchased at a sale not under this section.

(p) In any hearing under this section—

(1) the trustee has the burden of proof on the issue of adequate protection; and

(2) the entity asserting an interest in property has the burden of proof on the issue of the validity, priority, or extent of such interest.

(Pub. L. 95–598, Nov. 6, 1978, 92 Stat. 2572; Pub. L. 98–353, title III, § 442, July 10, 1984, 98 Stat. 371; Pub. L. 99–554, title II, § 257(k), Oct. 27, 1986, 100 Stat. 3115; Pub. L. 103–394, title I, § 109, title II, §§ 214(b), 219(c), title V, § 501(d)(8), Oct. 22, 1994, 108 Stat. 4113, 4126, 4129, 4144; Pub. L. 109–8, title II, §§ 204, 231(a), title XII, § 1221(a), Apr. 20, 2005, 119 Stat. 49, 72, 195; Pub. L. 111–327, § 2(a)(13), Dec. 22, 2010, 124 Stat. 3559.)

HISTORICAL AND REVISION NOTES

LEGISLATIVE STATEMENTS

Section 363(a) of the House amendment defines "cash collateral" as defined in the Senate amendment. The broader definition of "soft collateral" contained in H.R. 8200 as passed by the House is deleted to remove limitations that were placed on the use, lease, or sale of inventory, accounts, contract rights, general intangibles, and chattel paper by the trustee or debtor in possession.

Section 363(c)(2) of the House amendment is derived from the Senate amendment. Similarly, sections 363(c)(3) and (4) are derived from comparable provisions in the Senate amendment in lieu of the contrary procedure contained in section 363(c) as passed by the House. The policy of the House amendment will generally require the court to schedule a preliminary hearing in accordance with the needs of the debtor to authorize the trustee or debtor in possession to use, sell, or lease cash collateral. The trustee or debtor in possession may use, sell, or lease cash collateral in the ordinary course of business only "after notice and a hearing."

Section 363(f) of the House amendment adopts an identical provision contained in the House bill, as opposed to an alternative provision contained in the Senate amendment.

Section 363(h) of the House amendment adopts a new paragraph (4) representing a compromise between the House bill and Senate amendment. The provision adds a limitation indicating that a trustee or debtor in possession sell jointly owned property only if the property is not used in the production, transmission, or distribution for sale, of electric energy or of natural or synthetic gas for heat, light, or power. This limitation is intended to protect public utilities from being deprived of power sources because of the bankruptcy of a joint owner.

Section 363(k) of the House amendment is derived from the third sentence of section 363(e) of the Senate amendment. The provision indicates that a secured creditor may bid in the full amount of the creditor's allowed claim, including the secured portion and any unsecured portion thereof in the event the creditor is undersecured, with respect to property that is subject to a lien that secures the allowed claim of the sale of the property.

SENATE REPORT NO. 95–989

This section defines the right and powers of the trustee with respect to the use, sale or lease of property and the rights of other parties that have interests in the property involved. It applies in both liquidation and reorganization cases.

Subsection (a) defines "cash collateral" as cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents in which the estate and an entity other than the estate have an interest, such as a lien or a co-ownership interest. The definition is not restricted to property of the estate that is cash collateral on the date of the filing of the petition. Thus, if "non-cash" collateral is disposed of and the proceeds come within the definition of "cash collateral" as set forth in this subsection, the proceeds would be cash collateral as long as they remain subject to the original lien on the "non-cash" collateral under section 552(b). To illustrate, rents received from real property before or after the commencement of the case would be cash collateral to the extent that they are subject to a lien.

Subsection (b) permits the trustees to use, sell, or lease, other than in the ordinary course of business, property of the estate upon notice and opportunity for objections and hearing thereon.

Subsection (c) governs use, sale, or lease in the ordinary course of business. If the business of the debtor is authorized to be operated under § 721, 1108, or 1304 of the bankruptcy code, then the trustee may use, sell, or lease property in the ordinary course of business or enter into ordinary course transactions without need for notice and hearing. This power is subject to several limitations. First, the court may restrict the trustee's powers in the order authorizing operation of the business. Second, with respect to cash collateral, the trustee may not use, sell, or lease cash collateral except upon court authorization after notice and a hearing, or with the consent of each entity that has an interest in such cash collateral. The same preliminary hearing procedure in the automatic stay section applies to a hearing under this subsection. In addition, the trustee is required to segregate and account for any cash collateral in the trustee's possession, custody, or control.

Under subsections (d) and (e), the use, sale, or lease of property is further limited by the concept of adequate protection. Sale, use, or lease of property in which an entity other than the estate has an interest may be effected only to the extent not inconsistent with any relief from the stay granted to that interest's holder. Moreover, the court may prohibit or condition the use, sale, or lease as is necessary to provide adequate protection of that interest. Again, the trustee has the burden of proof on the issue of adequate protection. Subsection (e) also provides that where a sale of the property is proposed, an entity that has an interest in such property may bid at the sale thereof and set off against the purchase price up to the amount of such entity's claim. No prior valuation under section 506(a) would limit this bidding right, since the bid at the sale would be determinative of value.

Subsection (f) permits sale of property free and clear of any interest in the property of an entity other than the estate. The trustee may sell free and clear if applicable nonbankruptcy law permits it, if the other entity consents, if the interest is a lien and the sale price of the property is greater than the amount secured by the lien, if the interest is in bona fide dispute, or if the other entity could be compelled to accept a money satisfaction of the interest in a legal or equitable proceeding. Sale under this subsection is subject to the adequate protection requirement. Most often, adequate protection in connection with a sale free and clear of other interests will be to have those interests attach to the proceeds of the sale.

At a sale free and clear of other interests, any holder of any interest in the property being sold will be permitted to bid. If that holder is the high bidder, he will be permitted to offset the value of his interest against

> 363(H) THIS WAS A BURDENSOM ASSET, AS LONG AS I COULD BRING THE PAYMENTS CURRENT AND KEEP PAYING THEM ON TIME, THE BANKRUPTCY TRUSTEE WOULD HAVE HAD TO REMOVE OUR HOME FROM THE BANKRUPTCY ESTATE, OR PAY TO RELOCATE MY TENTNATS, AND PAID TO RELOCATE AND REIMBURSE ME FOR MY INVESTMENT, NOT A FORCED AUCTION, WHERE WE INSTANTLY LOST OVER $200. WHILE OUR HOME IS WORTH $800K TODAY! SCAM BETWEEN COURTS!

Page 87                          TITLE 11—BANKRUPTCY                          § 363

the purchase price of the property. Thus, in the most common situation, a holder of a lien on property being sold may bid at the sale and, if successful, may offset the amount owed to him that is secured by the lien on the property (but may not offset other amounts owed to him) against the purchase price, and be liable to the trustee for the balance of the sale price, if any.

Subsection (g) permits the trustee to sell free and clear of any vested or contingent right in the nature of dower or curtesy.

Subsection (h) permits sale of a co-owner's interest in property in which the debtor had an undivided ownership interest such as a joint tenancy, a tenancy in common, or a tenancy by the entirety. Such a sale is permissible only if partition is impracticable, if sale of the estate's interest would realize significantly less for the estate that sale of the property free of the interests of the co-owners, and if the benefit to the estate of such a sale outweighs any detriment to the co-owners. This subsection does not apply to a co-owner's interest in a public utility when a disruption of the utilities services could result.

Subsection (i) provides protections for co-owners and spouses with dower, curtesy, or community property rights. It gives a right of first refusal to the co-owner or spouse at the price at which the sale is to be consummated.

Subsection (j) requires the trustee to distribute to the spouse or co-owner the appropriate portion of the proceeds of the sale, less certain administrative expenses.

Subsection (k) [enacted as (*l*)] permits the trustee to use, sell, or lease property notwithstanding certain bankruptcy or ipso facto clauses that terminate the debtor's interest in the property or that work a forfeiture or modification of that interest. This subsection is not as broad as the anti-ipso facto provision in proposed 11 U.S.C. 541(c)(1).

Subsection (*l*) [enacted as (m)] protects good faith purchasers of property sold under this section from a reversal on appeal of the sale authorization, unless the authorization for the sale and the sale itself were stayed pending appeal. The purchaser's knowledge of the appeal is irrelevant to the issue of good faith.

Subsection (m) [enacted as (n)] is directed at collusive bidding on property sold under this section. It permits the trustee to void a sale if the price of the sale was controlled by an agreement among potential bidders. The trustees may also recover the excess of the value of the property over the purchase price, and may recover any costs, attorney's fees, or expenses incurred in voiding the sale or recovering the difference. In addition, the court is authorized to grant judgment in favor of the estate and against the collusive bidder if the agreement controlling the sale price was entered into in willful disregard of this subsection. The subsection does not specify the precise measure of damages, but simply provides for punitive damages, to be fixed in light of the circumstances.

### REFERENCES IN TEXT

Section 7A of the Clayton Act, referred to in subsec. (b)(2), is classified to section 18a of Title 15, Commerce and Trade.

The Truth in Lending Act, referred to in subsec. (*o*), is title I of Pub. L. 90–321, May 29, 1968, 82 Stat. 146, as amended, which is classified generally to subchapter I (§1601 et seq.) of chapter 41 of Title 15, Commerce and Trade. For complete classification of this Act to the Code, see Short Title note set out under section 1601 of Title 15 and Tables.

### AMENDMENTS

2010—Subsec. (d). Pub. L. 111–327, §2(a)(13)(A), struck out ''only'' before dash at end of introductory provisions.

Subsec. (d)(1). Pub. L. 111–327, §2(a)(13)(B), amended par. (1) generally. Prior to amendment, par. (1) read as follows: ''in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust; and''.

Subsec. (d)(2). Pub. L. 111–327, §2(a)(13)(C), inserted ''only'' before ''to the extent''.

2005—Subsec. (b)(1). Pub. L. 109–8, §231(a), substituted '', except that if the debtor in connection with offering a product or a service discloses to an individual a policy prohibiting the transfer of personally identifiable information about individuals to persons that are not affiliated with the debtor and if such policy is in effect on the date of the commencement of the case, then the trustee may not sell or lease personally identifiable information to any person unless—'' and subpars. (A) and (B) for period at end.

Subsec. (d). Pub. L. 109–8, §1221(a), substituted ''only—'' and pars. (1) and (2) for ''only to the extent not inconsistent with any relief granted under section 362(c), 362(d), 362(e), or 362(f) of this title.''

Subsecs. (*o*), (p). Pub. L. 109–8, §204, added subsec. (*o*) and redesignated former subsec. (*o*) as (p).

1994—Subsec. (a). Pub. L. 103–394, §214(b), inserted ''and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties'' after ''property''.

Subsec. (b)(2). Pub. L. 103–394, §§109, 501(d)(8)(A), struck out ''(15 U.S.C. 18a)'' after ''Clayton Act'' and amended subpars. (A) and (B) generally. Prior to amendment, subpars. (A) and (B) read as follows:

''(A) notwithstanding subsection (a) of such section, such notification shall be given by the trustee; and

''(B) notwithstanding subsection (b) of such section, the required waiting period shall end on the tenth day after the date of the receipt of such notification, unless the court, after notice and hearing, orders otherwise.''

Subsec. (c)(1). Pub. L. 103–394, §501(d)(8)(B), substituted ''1203, 1204, or 1304'' for ''1304, 1203, or 1204''.

Subsec. (e). Pub. L. 103–394, §219(c), inserted at end ''This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).''

1986—Subsec. (c)(1). Pub. L. 99–554, §257(k)(1), inserted reference to sections 1203 and 1204 of this title.

Subsec. (*l*). Pub. L. 99–554, §257(k)(2), inserted reference to chapter 12.

1984—Subsec. (a). Pub. L. 98–353, §442(a), inserted ''whenever acquired'' after ''equivalents'' and ''and includes the proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title'' after ''interest''.

Subsec. (b). Pub. L. 98–353, §442(b), designated existing provisions as par. (1) and added par. (2).

Subsec. (e). Pub. L. 98–353, §442(c), inserted '', with or without a hearing,'' after ''court'' and struck out ''In any hearing under this section, the trustee has the burden of proof on the issue of adequate protection''.

Subsec. (f)(3). Pub. L. 98–353, §442(d), substituted ''all liens on such property'' for ''such interest''.

Subsec. (h). Pub. L. 98–353, §442(e), substituted ''at the time of'' for ''immediately before''.

Subsec. (j). Pub. L. 98–353, §442(f), substituted ''compensation'' for ''compenation''.

Subsec. (k). Pub. L. 98–353, §442(g), substituted ''unless the court for cause orders otherwise the holder of such claim may bid at such sale, and, if the holder'' for ''if the holder''.

Subsec. (*l*). Pub. L. 98–353, §442(h), substituted ''Subject to the provisions of section 365, the trustee'' for ''The trustee'', ''condition'' for ''conditions'', ''or the taking'' for ''a taking'', and ''interest'' for ''interests''.

Subsec. (n). Pub. L. 98–353, §442(i), substituted ''avoid'' for ''void'', ''avoiding'' for ''voiding'', and ''In addition to any recovery under the preceding sentence, the court may grant judgment for punitive damages in favor of the estate and against any such party that entered into such an agreement in willful disregard of

---

363(H) WOULD HAVE ONLY ALLOWED THIS SALE (PROVIDED I COULD BRING THE PAYMENTS CURRENT AND MAINTAIN THEM) IF THE BENEFIT TO THE BK ESTATE FROM SUCH A SALE OUTWEIGHED ANY DETRIMENT TO THE CO-OWNERS. WHICH WAS LITERALLY IMPOSSIBLE. SHE HAD ROUGHLY $40K OF UNSECURE DEBTS, OUR MARITAL DEBTS LEFT IN MY NAME WERE NEVER GIVEN ANY CONSIDERATION, NOR WAS A PENNY APPLIED TO MY MARITAL DEBTS, OR PAID TO ME FOR MY INVESTMENTS. WE INSTANTLY LOST OVER $200K FROM OUR CASH INVESTMENTS, PLUS I LOST A MILLION DOLLAR RETIREMENT INVESTMENT, WHICH THIS PROPERTY WAS THE WHOLE OF. WORTH $800K TODAY, WITH ONLY $300K OWED!

# EXHIBIT T

## TNMD DOC 245 — ORDER DENYING RULE 59 RELIEF

_____

| | | |
|---|---|---|
| Jeffrey Ryan Fenton, | ) | CASE NO. 3: 24 CV 1282 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | **Order** |
| Virginia Lee Story, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

On March 26, 2025, this Court issued a Memorandum of Opinion and Order and entered judgment dismissing this action. Plaintiff has filed an "Objection" to the Court's Memorandum of Opinion and Order and judgment and "Motion" pursuant to Fed. R. Civ. P. 59 to Alter Judgement or For a New Trial ("Objection and Motion"). (Doc. No. 238.) For the following reasons, Plaintiff's Objection and Motion is DENIED.

The disposition of a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) is entrusted to the discretion of the district court. *Huff v. Metropolitan Life Ins. Co*., 675 F.2d 119, 122 (6th Cir. 1982). Such motions are generally only granted when there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

As Defendants demonstrate in their Responses in Opposition (Doc. Nos. 239-244), Plaintiff's 64-page Objection and Motion is virtually incomprehensible and does not demonstrate any circumstance warranting relief from the Court's judgment under Rule 59(e), and nothing in his Objection and Motion alters the Court's conclusion that this action was

properly dismissed.

Accordingly, for these reasons and those stated by Defendants in their filed Responses, Plaintiff's Objection and Motion is denied. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court Judge

Dated: 5/19/25

-2-

# EXHIBIT U

## 6TH CIR. DOC. 14 — MOTION FOR PAUPER STATUS AND SUPPORTING FINANCIAL AFFIDAVIT

_____

# RECEIVED

JUL 23 2025

KELLY L. STEPHENS, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JEFFREY RYAN FENTON

v.

VIRGINIA LEE STORY, et al.

Case No: 25-5592

## MOTION FOR PAUPER STATUS

I move to waive the payment of the appellate filing fee under Fed. R. App. P. 24 because I am a pauper. This motion is supported by the attached financial affidavit.

The issues which I wish to raise on appeal are:

> If the essence of this lawsuit could be boiled down to one point, that point would be the right to litigate in a court honestly and fairly, without justice being directly or indirectly defeated by attorney and judicial misconduct, of a fraudulent and biased nature. The Court made itself a party to this lawsuit from the beginning, pre-staging it for a premature dismissal through judicial misconduct, dishonesty, denied due process, and fraud. Writing false statements of fact into the record while misapplying case law. The court is required to accept all allegations in my complaint as true, and construe the complaint liberally in favor of the plaintiff. Violations of 18 U.S. Code §§ 4, 666, 1001, and 1503. Judicial Bias and Misconduct, Attorney Misconduct, Fraud on the Court by Officers of the Court, Due Process Violations, Failed Fiduciary Duties: Duty of Integrity and Independence, Impartiality and Fairness, Loyalty to Public Interest, Honesty, Diligence, Failure to comply with Codes of Conduct for U.S. Judges, FRCP 11(b), 28 USC §§ 453, 455, 530B, and 1746, as well as TN Codes of Judicial/Pro Conduct.

Signed: _____    Date: 7/22/2025

Address: 17195 Silver Parkway, #150

Fenton, MI 48430-3426

Please see the note on the bottom of page 5.

United States Court of Appeals
FORM 4 - AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS
Updated: December 2018

Page 1

Align top of FedEx Express® shipping label here.

ORIGIN ID:FNTA  (810) 428-6500
JEFFREY RYAN FENTON

7041 SILVER LAKE RD

LINDEN, MI 48451
UNITED STATES US

SHIP DATE: 22JUL25
ACTWGT: 0.85 LB
CAD: 6994101/SSFE2600

BILL CREDIT CARD

TO  **U.S. COURT OF APPEALS
FOR THE SIXTH CIRCUIT
100 E. FIFTH ST.  ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI OH 45202**
(513) 564-7000          REF:
INV:
PO:                              DEPT:





FedEx
Express

E

RECEIVED    WED - 23 JUL 10:30A
PRIORITY OVERNIGHT

TRK# 3913 1646 1390
0201

**XW LUKA**  JUL 23 2025      **45202**
STEPHENS, Clerk    OH-US  **CVG**



FORM 4.        **AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS**

## United States Court of Appeals
### for the Sixth Circuit

JEFFREY RYAN FENTON ]

]

v. ]    Case No: 25-5592

VIRGINIA LEE STORY, et al. ]

]

### Affidavit in Support of Motion

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. §§ 1746; 18 U.S.C. §§ 1621.)

Signed: _____

My issues on appeal are:

### Instructions

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Date: 7/22/2025

If the essence of this lawsuit could be boiled down to one point, that point would be the right to litigate in a court honestly and fairly, without justice being directly or indirectly defeated by attorney and judicial misconduct, of a fraudulent and biased nature. The Court made itself a party to this lawsuit from the beginning, pre-staging it for a premature dismissal through judicial misconduct, dishonesty, denied due process, and fraud. Writing false statements of fact into the record while misapplying case law. The court is required to accept all allegations in my complaint as true, and construe the complaint liberally in favor of the plaintiff. Violations of 18 U.S. Code §§ 4, 666, 1001, and 1503. Judicial Bias and Misconduct, Attorney Misconduct, Fraud on the Court by Officers of the Court, Due Process Violations, Failed Fiduciary Duties: Duty of Integrity and Independence, Impartiality and Fairness, Loyalty to Public Interest, Honesty, Diligence, Failure to comply with Codes of Conduct for U.S. Judges, FRCP 11(b), 28 USC §§ 453, 455, 530B, and 1746, as well as TN Codes of Judicial/Pro Conduct.

Please see the note on the bottom of page 5.

United States Court of Appeals        Page 2
FORM 4   AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS
Updated: December 2018

https://rico.jefffenton.com/evidence/2025-07-22_motion-to-appeal-in-forma-pauperis.pdf      6th Cir. Case 25-5592 (FENTON v. STORY et al.)

1. For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Self-employment | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Income from real property (such as rental income) | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Interest and dividends | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Gifts | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Alimony | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Child support | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Disability (such as social security, insurance payments) | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Unemployment payments | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Public-assistance (such as welfare) | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Other (specify): FAP-Food Assistance | $ 292.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Total monthly income: | $ 292.00 | $ 0.00 | $ 0.00 | $ 0.00 |

2. List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross monthly pay |
|---|---|---|---|
| N/A | N/A | N/A | $ 0.00 |
| N/A | N/A | N/A | $ 0.00 |
| N/A | N/A | N/A | $ 0.00 |

United States Court of Appeals
FORM 4 AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS
Updated: December 2018

Page 3

https://rico.jefffenton.com/evidence/2025-07-22_motion-to-appeal-in-forma-pauperis.pdf

6th Cir. Case 25-5592 (FENTON v. STORY et al.)

3. List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)

| Employer | Address | Dates of Employment | Gross Monthly Pay |
|---|---|---|---|
| N/A | N/A | N/A | $ 0.00 |
| N/A | N/A | N/A | $ 0.00 |
| N/A | N/A | N/A | $ 0.00 |

4. How much cash do you and your spouse have? $ 12.00

Below, state any money you or your spouse have in bank accounts or in any other financial institution.

| Financial Institution | Type of Account | Amount You Have | Amount Your Spouse Has |
|---|---|---|---|
| ■■■ | Checking | $ 28.47 | $ 0.00 |
| ■■■ | Savings | $ 29.00 | $ 0.00 |
| N/A | N/A | $ 0.00 | $ 0.00 |

If you are a prisoner seeking to appeal a judgment in a civil action or proceeding, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

5. List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.

| Home (Value) | Other real estate (Value) | Motor Vehicle #1 (Value) |
|---|---|---|
| N/A | N/A | Make & year: 2003 Buick |
| N/A | N/A | Model: LeSabre ($1200) |
| N/A | N/A | Registration #: ■■■ |

| Motor Vehicle #2 (Value) | Other assets (Value) | Other assets (Value) |
|---|---|---|
| Make & year: N/A | Office Equipment ($500) | Power Tools ($300) |
| Model: N/A | Other Electronics ($200) | Blunt Tools ($125) |
| Registration #: N/A | Hand Tools ($350) | N/A |

*See*: https://rico.jefffenton.com/evidence/2019-09-18_tn-protected-income-and-asset-exemptions.pdf

United States Court of Appeals
FORM 4  AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS
Updated:  December 2018

Page 4

https://rico.jefffenton.com/evidence/2025-07-22_motion-to-appeal-in-forma-pauperis.pdf

6th Cir. Case 25-5592 (FENTON v. STORY et al.)



6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| N/A | $ 0.00 | $ 0.00 |
| N/A | $ 0.00 | $ 0.00 |
| N/A | $ 0.00 | $ 0.00 |

7. State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

## The State of Tennessee is "practicing law" absent HONESTY and ETHICS:

Bad actors—including Defendant Garrett—have weaponized the Board of Professional Responsibility of the Supreme Court of Tennessee and the Tennessee Administrative Office of the Courts (including Defendant Coke) to shield some of the state's most egregious offenders, such as Defendants Story and Binkley. These agencies have **selectively refused** to enforce ethical standards, while retaliating against, sanctioning, and removing some of the most principled and patriotic defenders of the public's constitutional liberties.

Federal, state, and local government actors are misappropriating public offices and funds in direct contravention of the public good, ethical norms, and governing law. These actions erode judicial ethics, undermine public trust in the judiciary, and negligently endanger the health and safety of Middle Tennessee residents—all to benefit private criminal interests and in blatant violation of state and federal constitutional mandates.

For anyone questioning **how** I could possibly **know** that so many individuals holding elevated offices of public trust in Tennessee are corrupt, compromised, or actively violating legal and ethical obligations, the answer is simple and unmistakable: the defendants themselves **forced me to learn**, accept, and confront these truths. I personally reached out to many of these State-employed actors to report excessive fraud upon the court, judicial bias, and misconduct—particularly involving Defendants Story and Binkley. Virtually all of them had a clear legal and ethical duty to intervene: to assist the injured party, enforce judicial compliance, correct or discipline misconduct, or, at the very least, report judicial and attorney misconduct to the proper authorities. Yet none took meaningful action.

For nearly six years, **I have witnessed an alarming absence of accountability**, concern, or any effort by these defendants to uphold their oaths of office or engage in the ethical, honest, and impartial "practice of law"— whether by confronting misconduct, protecting the public, or helping to remediate the catastrophic harm I've suffered.

United States Court of Appeals
FORM 4   AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS
Updated:  December 2018

Page 5

https://rico.jefffenton.com/evidence/2025-07-22_motion-to-appeal-in-forma-pauperis.pdf

6th Cir. Case 25-5592 (FENTON v. STORY et al.)



8.  Estimate the average monthly expenses of you and your family.  Show separately the amounts paid by your spouse.  Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home) | $ 0.00 | $ 0.00 |
| Are real estate taxes included? ☐ Yes ☑ No  Is property insurance included? ☐ Yes ☑ No | | |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ 0.00 | $ 0.00 |
| Home maintenance (repairs and upkeep) | $ 0.00 | $ 0.00 |
| Food | $ 292.00 | $ 0.00 |
| Clothing | $ 0.00 | $ 0.00 |
| Laundry and dry-cleaning | $ 0.00 | $ 0.00 |
| Medical and dental expenses | $ 0.00 | $ 0.00 |
| Transportation (not including motor vehicle expenses) | $ 0.00 | $ 0.00 |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0.00 | $ 0.00 |
| Insurance (not deduced from wages or included in mortgage payments)  Homeowner's or renter's | $ 0.00 | $ 0.00 |
| Life | $ 0.00 | $ 0.00 |
| Health | $ 0.00 | $ 0.00 |
| Motor vehicle | $ 53.42 | $ 0.00 |
| Other: | $ 0.00 | $ 0.00 |
| Taxes (not deducted from wages or included in mortgage payments)  specify: N/A | $ 0.00 | $ 0.00 |
| Installment payments | $ 0.00 | $ 0.00 |
| Motor Vehicle | $ 0.00 | $ 0.00 |
| Credit card (name): N/A | $ 0.00 | $ 0.00 |
| Department store (name): N/A | $ 0.00 | $ 0.00 |
| Other: | $ 0.00 | $ 0.00 |
| Alimony, maintenance, and support paid to others | $ 0.00 | $ 0.00 |
| Regular expenses for operation of business, profession, or farm (attach detail) | $ 0.00 | $ 0.00 |
| Other (specify): N/A | $ 0.00 | $ 0.00 |
| Total monthly expenses: | $ 345.42 | $ 0.00 |

United States Court of Appeals
FORM 4   AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS
Updated:  December 2018

Page 6



https://rico.jefffenton.com/evidence/2025-07-22_motion-to-appeal-in-forma-pauperis.pdf

6th Cir. Case 25-5592 (FENTON v. STORY et al.)

9.  Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?

☐ Yes   ☑ No      If yes, describe on an attached sheet.

10.  Have you spent or will you be spending any money for expenses or attorney fees in connection with this lawsuit?

☑ Yes   ☐ No      If yes, how much? $ 10,000.00

11.  Provide any other information that will help explain why you cannot pay the docket fees for your appeal.

> The defendants stole the sum total of my life savings, my premarital and marital retirement investments, wrongfully terminated my last remaining stream of income ($1400/mo tenant/roommate rents), and rendered me homeless within the State of Tennessee in late 2019. They also put a fraudulent protective order against me for six years interfering with my ability to pass preemployment background checks to obtain critically needed work in MI.

*See*: https://rico.jefffenton.com/evidence/declaration-of-destruction-oppression-ada-interference.pdf

12.  State the address of your legal residence.

[redacted]

Your daytime phone number: ( 615 ) 837-1300

Your age: 55          Your years of schooling: HS Grad

Your social-security number: [redacted]

I was wrongfully and illegally displaced from my Brentwood Tennessee home to the State of Michigan in late 2019, to obtain emergency replacement shelter, living in my elderly mother's tiny basement (roughly 748 SqFt).

I have invested over **8,500 hours of work** into this lawsuit to date, plus over **$10,000 in cash** which I borrowed from my family. Printing, postage, and service of this lawsuit alone has cost my family over **$6,000**. Based on a rate of $30 per hour, my time/labor investment into this lawsuit so far is approximately **$255,000**.

My elderly mother can currently afford to allow me to live with her for free (without charging me for rent or utilities), but she cannot afford to support me, and is not willing to continue loaning me money for legal fees, court costs, counsel, printing, and postage. I expected the court to provide me with reasonable accommodations to improve my economical access to this court within this lawsuit (such as ECF filing privileges), in the interest of justice, long ago.

The only public assistance I receive is **$292** for food each month through Michigan's Food Assistance Program (FAP) plus Michigan Medicaid for my healthcare needs. I have no real assets, income, earnings, investments, support, or savings (exceeding $100) as a direct result of the defendant's crimes against me and my family.

I have done everything reasonably within my power, since this happened, to hold the defendants accountable while seeking a remedy, but the courts, defendants, and their counsel have unethically denied me **any** help, intervention, accommodations, or cure of any sort.

United States Court of Appeals                                                                 Page 7
FORM 4   AFFIDAVIT ACCOMPANYING MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS
Updated: December 2018

https://rico.jefffenton.com/evidence/2025-07-22_motion-to-appeal-in-forma-pauperis.pdf          6th Cir. Case 25-5592 (FENTON v. STORY et al.)



(WITH CORRECTIONS APPLIED)

JEFFREY RYAN FENTON

        Plaintiff - Appellant

V.

VIRGINIA LEE STORY, individually; KATHRYN LYNN YARBROUGH, individually; MARY ELIZABETH MANEY AUSBROOKS, individually; ALEXANDER SERGEY KOVAL, individually; THOMAS E. ANDERSON[1], individually; ROY PATRICK MARLIN, individually; SAMUEL FORREST ANDERSON, individually; MICHAEL WEIMAR BINKLEY, individually and in their official capacities; ELAINE BEATY BEELER, individually and in their official capacities; HENRY EDWARD HILDEBRAND III, individually and in their official capacities; CHARLES M. WALKER, individually and in their official capacities; JAMES MICHAEL HIVNER, individually and in their official capacities; JOHN BRANDON COKE, individually and in their official capacities; SANDRA JANE LEACH GARRETT, individually and in their official capacities; FRANK GOAD CLEMENT JR., in their official capacities; ANDY DWANE BENNETT, in their official capacities; WILLIAM NEAL MCBRAYER, in their official capacities; STORY AND ABERNATHY, PLLP; ROTHSCHILD & AUSBROOKS, PLLC; BANKERS TITLE & ESCROW CORPORATION; HOSTETTLER, NEUHOFF & DAVIS, LLC; MCARTHUR SANDERS REAL ESTATE, INC.; SPRAGINS, BARNETT & COBB, PLC[2]; RUBIN LUBLIN TN, PLLC; BANK OF AMERICA, N.A.[3]; CADENCE BANK; STATE OF TENNESSEE; COUNTY OF WILLIAMSON TENNESSEE; WILLIAMSON COUNTY SHERIFF'S OFFICE; CHANCERY COURT FOR WILLIAMSON COUNTY TENNESSEE; TENNESSEE COURT OF APPEALS MIDDLE DIVISION; SUPREME COURT OF THE STATE OF TENNESSEE; BOARD OF PROFESSIONAL RESPONSIBILITY OF THE SUPREME COURT OF TENNESSEE; TENNESSEE ADMINISTRATIVE OFFICE OF THE COURTS

        Defendants - Appellees

---

[1]  https://rico.jefffenton.com/3-24-cv-01282/89.htm | https://rico.jefffenton.com/3-24-cv-01282/doc/89.pdf

[2]  https://rico.jefffenton.com/3-24-cv-01282/221.htm | https://rico.jefffenton.com/3-24-cv-01282/doc/221.pdf

[3]  https://rico.jefffenton.com/3-24-cv-01282/90.htm | https://rico.jefffenton.com/3-24-cv-01282/doc/90.pdf

# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE

JEFFREY RYAN FENTON,
Plaintiff

v.

VIRGINIA LEE STORY,
KATHRYN LYNN YARBROUGH,
MARY ELIZABETH MANEY AUSBROOKS,
ALEXANDER SERGEY KOVAL,
THOMAS E. ANDERSON,
ROY PATRICK MARLIN,
SAMUEL FORREST ANDERSON,
Individually,

MICHAEL WEIMAR BINKLEY,
ELAINE BEATY BEELER,
HENRY EDWARD HILDEBRAND III,
CHARLES M. WALKER,
JAMES MICHAEL HIVNER,
JOHN BRANDON COKE,
SANDRA JANE LEACH GARRETT,
Individually and in their official capacities,

FRANK GOAD CLEMENT JR.,
ANDY DWANE BENNETT,
WILLIAM NEAL MCBRAYER,
In their official capacities,

STORY AND ABERNATHY, PLLP,
ROTHSCHILD & AUSBROOKS, PLLC,
BANKERS TITLE & ESCROW CORPORATION,
HOSTETTLER, NEUHOFF & DAVIS, LLC,
MCARTHUR SANDERS REAL ESTATE, INC.,

SPRAGINS, BARNETT & COBB, PLC,
RUBIN LUBLIN TN, PLLC,
BANK OF AMERICA, N.A.,
CADENCE BANK,

STATE OF TENNESSEE,
COUNTY OF WILLIAMSON TENNESSEE,
WILLIAMSON COUNTY SHERIFF'S OFFICE,
CHANCERY COURT FOR
      WILLIAMSON COUNTY TENNESSEE,
TENNESSEE COURT OF APPEALS
      MIDDLE DIVISION,
SUPREME COURT OF THE STATE OF TENNESSEE,
BOARD OF PROFESSIONAL RESPONSIBILITY
      OF THE SUPREME COURT OF TENNESSEE,
TENNESSEE ADMINISTRATIVE OFFICE
      OF THE COURTS,
Defendants

APPEAL NO. 25-5592

CASE NO. 3:24-cv-01282

TRANSFERRED FROM:
MIWD CASE NO. 1:23-cv-01097

**VERIFIED COMPLAINT**

**JURY TRIAL DEMANDED**

CORRECTED AS OF
7/18/2025

Page **1** of **139**

Initials:

# EXHIBIT V

## 6TH CIR. DOC. 24 — MOTION FOR CONTINUANCE AND NOTICE OF JUDICIAL AND PROFESSIONAL MISCONDUCT

_____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JEFFREY RYAN FENTON,

Plaintiff

v.

VIRGINIA LEE STORY et al.,

Defendants

CASE NO. 25-5592[1]

RECEIVED

JUL 23 2025

KELLY L. STEPHENS, Clerk

## MOTION FOR CONTINUANCE TO PREPARE CRIMINAL AND ETHICS FILINGS, WITH NOTICE OF JUDICIAL AND PROFESSIONAL MISCONDUCT, AND FAILURE TO ENFORCE CODES OF CONDUCT AS REQUIRED TO MAINTAIN A FAIR AND IMPARTIAL TRIBUNAL

This notice and testimony is respectfully brought pursuant to 18 U.S. Code §§ 4, 666, 1001, 1503; 28 U.S. Code §§ 530B, 1746; F.R.Civ.P. 6(b) and 11(b); the Tennessee Code of Judicial Conduct, the Codes of Conduct for United States Judges, and the Tennessee Rules of Professional Conduct.

I, Jeffrey Ryan Fenton, declare under oath as follows:

1.      If the essence of this lawsuit could be boiled down to **one point**, that point would be **the right to litigate in a court honestly and fairly, without justice being directly or indirectly defeated by attorney and judicial misconduct, of a fraudulent and biased nature.**

---

[1]    This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (hereinafter "MIWD") as case no. 1:23-cv-01097. On October 25, 2024, MIWD transferred this lawsuit as ordered in ECF 127 to the United States District Court for the Middle District of Tennessee (hereinafter "TNMD") as case no. 3:24-cv-01282. The language used in the file stamps of each page filed is slightly different between the two courts. MIWD uses the term "ECF No." (which I abbreviate as "ECF"), while in place of that, TNMD uses the term "Document" (which I abbreviate as "DOC"). Both courts use the term "PageID" (which I abbreviate as "PID"). Citations to the court record in this lawsuit will be notated without the case name or number, using the starting DOC/ECF number, followed by both the beginning and ending PID. The Notice of Electronic Filing for this transfer is recorded in TNMD DOC 131, at which point the DOC/ECF number from MIWD was retained and continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

Initials:

## PRIMA FACIE EVIDENCE OF JUDICIAL BIAS AND MISCONDUCT

2.      While I believe that the court's failure and unwillingness to honestly and openly address this misconduct, especially in lawsuits involving disadvantaged *pro se* litigants, and even more especially after the misconduct has been documented and brought to the court's attention[2],

---

[2]   **NOTICES ABOUT TENNESSEE STATE COURT MISCONDUCT, OBSTRUCTION, AND FELONY FRAUD:**
ECF 1-1, PID 34-47 | https://rico.jefffenton.com/evidence/2022-02-01_fenton-affidavit-of-story-binkley-fraud-on-court.pdf
ECF 53, PID 4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf
ECF 33, PID 3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf
ECF 23, PID 2863-2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-transcript-audio-markers.pdf
ECF 23-4, PID 2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-audio-recording.mp3
ECF 24, PID 2921-2947 | https://rico.jefffenton.com/evidence/2019-08-29_authentic-chancery-transcript-and-audio.pdf
ECF 52, PID 4174-4179 | https://rico.jefffenton.com/evidence/2021-03-21_knoxnews-coa-removes-judge-binkley-for-bias.pdf
ECF 54-1, PID 4368 | https://rico.jefffenton.com/evidence/2021-03-21_knox-news-binkley-threatens-prior-restraints.mp4
ECF 58-4, PID 4712-4716 | https://rico.jefffenton.com/evidence/2024-02-16_tnsc-manookian-disbarment-opinion-justice-lee.pdf
ECF 58-5, PID 4718-4722 | https://rico.jefffenton.com/evidence/2024-05-02_reguli-lawsuit-against-wilco-tn-gov-corruption.pdf
ECF 68, PID 5009-5029 | https://rico.jefffenton.com/evidence/2024-08-22_memorandum-of-law-about-void-tn-court-orders.pdf

**NOTICES TO MICHIGAN FEDERAL COURT ABOUT MISCONDUCT, OBSTRUCTION, AND FELONY FRAUD:**
ECF 14, PID 2181-2187 | https://rico.jefffenton.com/evidence/2024-01-09_objection-to-wdm-report-recommendation.pdf
ECF 62, PID 4744-4760 | https://rico.jefffenton.com/evidence/2024-08-09_objection-to-wdm-order-regarding-service.pdf
ECF 60, PID 4736-4739 | https://rico.jefffenton.com/evidence/2024-08-10_motion-to-recuse-wdm-magistrate-judge-kent.pdf
ECF 101, PID 5375-5390 | https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf
ECF 99, PID 5328-5342 | https://rico.jefffenton.com/evidence/2024-10-08_motion-for-sanctions-against-story-for-lying.pdf
ECF 100, PID 5343-5374 | https://rico.jefffenton.com/evidence/2024-10-08_motion-all-filings-be-under-penalty-of-perjury.pdf
ECF 102, PID 5391-5468 | https://rico.jefffenton.com/evidence/2024-10-09_concerns-about-transferring-to-tennessee.pdf
ECF 140-1, PID 5949-5988 | Documents Filed Under Seal Regarding Defendant Walkers Claimed Privacy & Safety Concerns
ECF 141-1, PID 5991-6096 | https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf

**NOTICES TO TENNESSEE FEDERAL COURT ABOUT MISCONDUCT, OBSTRUCTION, AND FELONY FRAUD:**
DOC 176, PID 225-233 | https://rico.jefffenton.com/evidence/2024-11-08_fenton-reply-to-storys-opposition-to-sanctions.pdf
DOC 177, PID 234-250 | https://rico.jefffenton.com/evidence/2024-11-18_fenton-motion-for-alternative-service.pdf
DOC 197, PID 445-486 | https://rico.jefffenton.com/evidence/2025-01-10_motion-for-ecf-and-remote-participation.pdf
DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf
DOC 211, PID 689-723 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf
DOC 212, PID 730-907 | https://rico.jefffenton.com/evidence/2025-02-10_tn-motion-to-minimize-or-remove-redactions.pdf
DOC 214, PID 911-975 | https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf
DOC 216, PID 984-1015 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

Initials: _(signature)_

https://rico.jefffenton.com/evidence/2025-07-22_motion-for-continuance-notice-about-misconduct.pdf        6th Cir. Case 25-5592 (FENTON v. STORY et al.)

is *prima facie* evidence of **judicial bias** sufficient to disqualify[3] any judge and void[4] any subsequent orders.  I also believe this is evidence of judicial malfeasance and obstruction of justice[5].

3.      Furthermore, I believe that this is *often* evidence of "fraud on the court by officers of the court", indicative of judicial misconduct and willful participation by the presiding judge, because they allowed the misconduct to **falsely stand as though proper**, and inappropriately impact, mislead, interfere, and color the court record; despite being the judge's responsibility to prevent this from happening, **to protect the rights of all litigants involved in the matter.**

4.      Only a partial sampling of the sworn testimony, evidence, and notices I have provided to this court regarding falsified court records, fraud on the court, obstruction of justice, coupled with serious and egregious professional and judicial misconduct has been cited in this document.  Reference my extensive filings and declarations on docket in this case, most of which have been ignored to date by every court involved, for a far more comprehensive itemization of the

---

DOC 217, 218, 219 | 2025-02-18 Documents Filed Under Seal Regarding Defendant Walkers Claimed Privacy & Safety Concerns

DOC 222, PID 1164-1214 | https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

DOC 223, PID 1215-1320 | https://rico.jefffenton.com/evidence/2025-03-05_second-motion-to-extend-time-for-service.pdf

DOC 224, PID 1321-1423 | https://rico.jefffenton.com/evidence/2025-03-09_second-motion-to-stay-all-dispositive-motions.pdf

DOC 238-2, PID 1707-1750 | https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf

DOC 238-2, PID 1751-1752 | https://rico.jefffenton.com/evidence/2024-07-20_repeating-patterns-of-court-racketerring.mp3

DOC 238-3, PID 1753-1798 | https://rico.jefffenton.com/evidence/declaration-of-destruction-oppression-ada-interference.pdf

DOC 238, PID 1505-1568 | https://rico.jefffenton.com/evidence/2025-04-22_objection-to-memorandum-opinion-and-order.pdf

[3]    Tenn. R. Sup. Ct. 2.11(a)(1) | https://www.tncourts.gov/rules/supreme-court/10#CANON%202

28 U.S. Code §§ 455(a), (b)(1) Disqualification of justice, judge, or magistrate judge | https://www.law.cornell.edu/uscode/text/28/455

[4]    WILLIAMSON v. BERRY, 8 HOW. 945, 540 12 L. Ed. 1170, 1189 (1850);  Norton v. Shelby County, 118 U.S. 425 p. 442 ; Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994); Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988); Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989); Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954); United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996); Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 -Klugh v. U.S., 620 F.Supp. 892 (D.S.C. 1985); El-Kareh v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex. App.-Houston [14th Dist.] 1994, no writ); see also Evans v. C. Woods, Inc., No. 12-99-00153-CV, 1999 WL 787399, at *1 (Tex. App.-Tyler Aug. 30, 1999, no pet. h.); Cadenasso v. Bank of Italy, p. 569; Estate of Pusey, 180 Cal. 368,374 [181 P. 648]; People v. Massengale and In re Sandel; Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999); Omer. V. Shalala, 30 F.3d 1307 (Colo. 1994); Kenner v. C.I.R., 387 F.3d 689 (1968); 7 Moore's Federal Practice, 2d ed., p. 512, ¶ 60.23; Conley v. Gibson, 355 U.S. 41 at 48 (1957); Geiler v. Commission on Judicial Qualifications, (1973)

[5]    18 U.S.C. §§ 1001 & 1503 | https://www.law.cornell.edu/uscode/text/18/1001 | https://www.law.cornell.edu/uscode/text/18/1503

Initials:

criminal misconduct taking place in this docket by the defendants, their counsel, along with each court, district judge, and magistrate judge who has participated in this matter.

5.      I have been advocating throughout this lawsuit that **misconduct cannot produce justice**[6] while providing numerous documented examples of judicial and professional misconduct by the defendants in this lawsuit, their counsel, and the Federal District Courts, first in Michigan and now in Tennessee.

6.      I have filed substantial sworn testimony[7] clarifying that I do not bring this lawsuit to disparage the courts or the bar members therein.  The courts are only disparaged by the dishonest, unethical, and fraudulent **actions** of their officers.  Including in the recent order by this court[8] to dismiss this lawsuit without a single hearing to date, where the court falsely claimed[9] that my lawsuit is "totally implausible, devoid of merit, and no longer open to discussion."

7.      **That is simply __not__ true**, at least regarding plausibility and merit.

8.      Similarly, on the order (DOC 245[10]) denying my Rule 59 Motion to Alter Judgement or for a new Trial[11] (DOC 238 through 238-3), the Court stated, "Plaintiff's 64-page Objection and Motion is **virtually incomprehensible** and does not demonstrate any circumstance warranting relief from the Court's judgment under Rule 59(e), and nothing in his Objection and Motion alters the Court's conclusion that this action was properly dismissed" (emphasis added).

---

[6]   DOC 207, PID 596 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

[7]   DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

[8]   DOC 236, PID 1491-1503 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

[9]   DOC 236, PID 1498 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

[10]   DOC 245 | https://rico.jefffenton.com/3-24-cv-01282/doc/245.pdf

[11]   DOC 238, PID 1505-1568 | https://rico.jefffenton.com/evidence/2025-04-22_objection-to-memorandum-opinion-and-order.pdf
       DOC 238-3, PID 1753-1798 | https://rico.jefffenton.com/evidence/declaration-of-destruction-oppression-ada-interference.pdf

Initials:

9.      I believe that the court's statement claiming that any of my filings are **"virtually incomprehensible[12]"** is materially **false** and misleading, but even if it were true, my filings have been logically organized and presented to the best of my ability, while I have operated honestly, diligently, transparently, and in good faith with every paper I have filed in this federal lawsuit, satisfying the criteria established in *Haines v. Kerner* for *pro se* litigants.

### *HAINES V. KERNER*, 404 U.S. 519 (1972)

10.      In *Haines v. Kerner*, the Supreme Court established that *pro se* litigants should be held to less stringent pleading standards than those drafted by lawyers. The court's decision in this case emphasized the importance of liberally reviewing *pro se* complaints, **seeking the substance of their claims** even if they are not formally perfect. This case ensures that individuals representing themselves in court are not penalized for a lack of formal legal knowledge.

11.      *Haines v. Kerner* also held that **a complainant must be offered the opportunity to present evidence of their claims,** which this court has repeatedly denied me any opportunity to do in this case. Furthermore, *Haines v. Kerner* remains binding and controlling law on all courts in this nation.

12.      Upon information and belief, this is another situation where the officers of the court are **construing the sworn testimony and facts in my pleadings contrary to the honest interests of justice**.

---

[12]  One of the primary factors causing my pleadings to be expansive, long-winded, repetitive, complicated, and possibly confusing, which might cause them to *feel* "overwhelming" (I believe this is being misrepresented as "incomprehensible"), is the fact that this court has refused to acknowledge or respond to the bulk of my filings in this lawsuit, while making materially **false** claims and levying the power of this court contrary to my critical interests, as well as the honest interests of justice in the matters before this court. This forces me to devote significant time, resources, and page count to **restating the truth again**, in hopes of preventing another manifest injustice. At the same time, my disabilities are such that I will unconsciously repeat important facts **until I become convinced that someone has heard me.** Until someone in a position of power is willing to honestly **hear the truth of my testimony**, while fairly applying the law to that truth, to provide me some ethical and lawful relief, I know of no other way for me to successfully proceed in this matter.

Initials: ⟨signature⟩

## F.R. CIV. P. RULE 8(E)[13]

(e) Construing Pleadings. Pleadings must be construed so as to do justice.

13.     This aspect of my pleadings is not *discretionary*.  This is a core principle of pleading which the courts have repeatedly ignored, causing me repeated and prolonged injury, rather than giving me the "benefit of the doubt" in any substantive matter.  This is another clear indicator of the *judicial bias*[14] and *impropriety* which I have been forced to contend with in this case.

14.     As I have stated repeatedly in this lawsuit, in slightly different ways, with my high school education, lack of financial resources (which is largely the defendant's fault), and the realistic limitations caused by my substantial legitimate, documented and disclosed, ADA disabilities[15], I cannot and should never need to, fight and defend myself against **both the court** and the powerful **defendants** in this matter, concurrently[16].  This is an egregious violation of my constitutional rights, a misappropriation of state and federal tax dollars and other resources,  a violation of multiple offices of public trust, and a violation of the fiduciary duties of this court and the presiding judge.  This is a clear and fundamental abuse of this court's discretion, resources, and power, for the protection, coverup, and advancement of private criminal interests, working in conjunction with the State of Tennessee, their agents and assigns, to the significant detriment of public welfare, health, and safety, for egregious, oppressive, unconstitutional, and unlawful purposes, in polar opposition to each officers sworn oath.

---

[13]   https://www.law.cornell.edu/rules/frcp/rule_8

[14]   DOC 207, PID 598 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf
       DOC 238, PID 1534 | https://rico.jefffenton.com/evidence/2025-04-22_objection-to-memorandum-opinion-and-order.pdf

[15]   ECF 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf
       ECF 52, PID 4254-4257 | https://rico.jefffenton.com/evidence/tn-ada-disabilities-exploited-for-advantage-ocpd-merck.pdf
       ECF 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf

[16]   ECF 11, PID 2128-2129 | https://rico.jefffenton.com/1-23-cv-01097/ecf/11.pdf
       ECF 60, PID 4737-4738 | https://rico.jefffenton.com/1-23-cv-01097/ecf/60.pdf
       ECF 62, PID 4748-4749, 4758-4760 | https://rico.jefffenton.com/1-23-cv-01097/ecf/62.pdf
       DOC 222, PID 1176, 1194 | https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

Initials: _____

## FAILING TO MEET BASIC FEDERAL PLEADING REQUIREMENTS

15.    This court has accused me[17] of "fail[ing] to meet basic federal pleading requirements necessary to state a plausible claim in federal court", when in truth the court and counsel in this matter have repeatedly refused to construe my pleadings in compliance with Rule 8(e) of the Federal Rules of Civil Procedure, whereas "Pleadings must be construed so as to do justice."

16.    This court is holding my *pro se* pleadings to a **higher standard** than it has held the pleadings by the multitude of bar attorneys, who have repeatedly filed false, fraudulent, and misleading papers, while violating F.R.Civ.P. Rule 11(b) almost non-stop, as I have documented for this court, time and time again[18]—without any acknowledgement, accommodations, preventative measures, correction, discipline, sanctions, or **any** proper supervisory response, by which to maintain an **impartial** atmosphere in this tribunal, **where the <u>truth</u> is welcome**, rather than hidden, lied about, and ridiculed, so it can be **easily heard**, that justice might be honestly and realistically **possible** in the matters before this court.

17.    Moreover, this court has allowed the influential bar defendants and their counsel to repeatedly lie, file documents for malicious, obstructive, and improper purposes, while misapplying case law, ignoring the critical constitutional merits of this lawsuit, and my damages which continue to exponentially compound each day that justice is delayed or denied—without executing and filing the statutory certification mandated by 28 U.S. Code § 1746.

---

[17]    DOC 236, PID 1494 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

[18]    ECF 100, PID 5343-5374 | https://rico.jefffenton.com/evidence/2024-10-08_motion-all-filings-be-under-penalty-of-perjury.pdf
DOC 211, PID 710-711 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf
DOC 216, PID 1001-1003 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

Initials:

## FALSE AND FRAUDULENT STATEMENTS IN COURT ORDERS

18.     I pointed out repeatedly in my Rule 59 Motion[19], along with in other prior filings, that this court is seriously **misrepresenting the facts**, with **false** and **materially misleading** statements, which meet the Tennessee Supreme Court's definition for "**fraud**[20]".

### TENN. R. SUP. CT. 1.0
### (TERMINOLOGY: FRAUD)

"(d) "Fraud" or "fraudulent" denotes an intentionally **false** or **misleading statement of material fact**, an intentional **omission** from a statement of fact **of such additional information as would be necessary to make the statements made not materially misleading**, and such other conduct by a person intended to **deceive** a person or tribunal with respect to a **material issue** in a proceeding or other matter" (emphasis added).

## FRAUDULENTLY AND DECEPTIVELY MISAPPLYING CASE LAW

19.     Similarly, in the most recent order (DOC 245[21]), this court **deceptively** stated[22], "The disposition of a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e) is entrusted to the discretion of the district court. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982). Such motions are generally only granted when there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)."

---

[19]   DOC 238, PID 1505-1568 | https://rico.jefffenton.com/evidence/2025-04-22_objection-to-memorandum-opinion-and-order.pdf

[20]   https://www.tncourts.gov/courts/supreme-court/rules/supreme-court-rules/rule-8-rules-professional-conduct

[21]   DOC 245, PID 1824-1825 | https://rico.jefffenton.com/3-24-cv-01282/doc/245.pdf

[22]   DOC 245, PID 1824 | https://rico.jefffenton.com/3-24-cv-01282/doc/245.pdf

Initials: _[signature]_

20.     Although this case law is likely accurate, the **deception** perpetrated by the judge who wrote this was by **implying** that my lawsuit fails to satisfy this criteria, while wrongly denying my Rule 59 Motion, despite this very same case law **requiring** that my Rule 59 Motion be granted.

21.     This is another example, like that of the Michigan Magistrate Judge[23], where **false statements** were written into the court record **as if true**, when they were completely **false**, and even nonsensical (once the truth is known), while using *case law* completely **out of context**, and/or **misapplying case law** to strategically and intentionally obstruct justice by disregarding, ignoring, and dismissing my complaint, along with the substantive, critical, constitutional claims throughout my lawsuit.

22.     I don't know what more I can say to convince this court that only through **honestly and openly <u>hearing</u> and weighing the <u>truth</u>**, while applying applicable state and federal laws, along with both constitutions **to that truth**, can this court render a ruling in this matter which does not cause further wrongful deprivation of my most basic natural unalienable and constitutional rights, as well as cause criminal injustice to continue to compound.  This is all common sense in my mind, while I have repeatedly documented the fraud and misconduct continuing to be committed by the law firms and attorneys representing the defendants in this case, while petitioning this court to uphold their fiduciary duties.  The extent which this court has and continues to allow attorney misconduct, while joining it with judicial misconduct[24], pretending as if their motions and pleadings are proper and lawful, **proves this court's bias** and complicity in the crimes continuing to be committed against me, under the fraudulent *color of law* in this matter.

---

[23]   DOC 222, PID 1164-1214 | https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

[24]   DOC 211, PID 702, 707-708 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf

Initials:

## RACKETEERING BY THE COURT ENTERPRISE

23.    As I have previously notified the court and evidenced on the record[25] in this case, this is one of the predominant deceptive characteristics of *racketeering* by and through the *court enterprise*, often seen practiced by the presiding judge.  These small (in size) unlawful interjections with *fraudulent narratives* look legitimate at a distance, giving them the *appearance* of "legal work", but they are unethical and dishonest in nature, seeking not to do justice but injustice, while the **case law** cited by the court **fails to apply** to the honest **truthful facts**.  (At least in the manner presented by the judge who executes the orders.)

## WHY MY RULE 59 MOTION SHOULD HAVE BEEN GRANTED

24.    Of the four qualifying criteria stated by this court (see paragraph nineteen above) for granting a Rule 59 Motion, this lawsuit honestly satisfies and qualifies for at least two of those:

25.    "Such motions are generally only granted when there is: **(1) a clear error of law**" and "**(4) a need to prevent manifest injustice.** Intera Corp. v. Henderson, 428 F.3d 605, 620 (6th Cir. 2005)" (emphasis added).

26.    Any honest and competent person familiar with the court's codes of conduct (especially a bar member), who is acting in **good faith** and has read the majority of my pleadings in this lawsuit, **reasonably should know that**.

---

[25]    DOC 238-2, PID 1751-1752 | https://rico.jefffenton.com/evidence/2024-07-20_repeating-patterns-of-court-racketerring.mp3

## TENN. R. SUP. CT. 1.0
## (TERMINOLOGY: KNOWINGLY, REASONABLY SHOULD KNOW)

(f) "Knowingly," "known," or "knows" denotes actual awareness of the fact in question. **A person's knowledge may be inferred from circumstances** (emphasis added).

(j) "Reasonably should know," when used in reference to a lawyer, denotes **that a lawyer of reasonable prudence and competence would ascertain the matter in question** (emphasis added).

## "COLORING" THE COURT RECORD WITH A FRAUDULENT NARRATIVE

27.     This is **evidence** of the court acting under *"color of law"*, while *"coloring"* the court's records **fraudulently**, violating their oaths of office and the court's codes of conduct, while obstructing justice, committing fraud on the court, egregiously violating the litigants' constitutional rights to due process and equal protection under the law.  To be clear, this is **evidence** that the presiding judge is engaged in egregious **impropriety** and **felony fraud**.

## JUDICIAL MISCONDUCT, OVERREACH, AND CIVIL RIGHTS INTIMIDATION, VIRTUE SIGNALING TO THE COURT OF APPEALS NOT TO OVERTURN THIS

28.     I also need to address the fact that this court has stated in the past couple of orders[26], "The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith."

29.     **That is wholly inappropriate for a judge to say in this matter!**  This court has egregiously and unethically (if not illegally) ignored the majority of my sworn testimony, verifiable

---

[26]   DOC 236, PID 1503 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf
       DOC 245, PID 1825 | https://rico.jefffenton.com/3-24-cv-01282/doc/245.pdf

Initials:

evidence, and clear court transcripts **proving** my claims are **true** and **accurate** in this matter, denying me even a single hearing, in stark violation of *Haines v. Kerner*, along with every accommodation I have requested to provide me with better and more affordable access to the court (such as ECF[27]).

30.     I should have been granted ECF filing privileges at the very beginning of my lawsuit, almost two years ago.  Then when this lawsuit was transferred from a court which I had physical access to, in the State of Michigan, to a court 600 miles away in the State of Tennessee, which I clearly don't have physical access to, the court should have immediately granted me ECF access and remote participation as requested.

31.     Instead, upon information and belief, the court has acted to make litigation as **difficult** and **expensive** for me as possible, to break me down, wear me out, and exhaust my resources, prior to ever reaching a remedy for the crimes which the defendants have clearly committed against myself and my family.

32.     I believe under the circumstances that this is a direct violation of the participating judge's **fiduciary duties**, including the **Duty of Care**, the **Duty of Loyalty**, the **Duty of Obedience**, and the **Duty of Disclosure**.

---

[27]   ECF 14, PID 2181-2187 | https://rico.jefffenton.com/evidence/2024-01-09_objection-to-wdm-report-recommendation.pdf
ECF 62, PID 4744-4760 | https://rico.jefffenton.com/evidence/2024-08-09_objection-to-wdm-order-regarding-service.pdf
ECF 60, PID 4736-4739 | https://rico.jefffenton.com/evidence/2024-08-10_motion-to-recuse-wdm-magistrate-judge-kent.pdf
ECF 102, PID 5391-5468 | https://rico.jefffenton.com/evidence/2024-10-09_concerns-about-transferring-to-tennessee.pdf
DOC 197, PID 445-486 | https://rico.jefffenton.com/evidence/2025-01-10_motion-for-ecf-and-remote-participation.pdf
DOC 222, PID 1164-1214 | https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

Initials:

33.    **Thousands of pages** of my lawsuit are **sealed** or **redacted** in this matter currently between two different federal district courts (TNMD and MIWD), in direct contravention of 18 U.S. Code § 4[28], and this court has chosen to call the **truth** "totally implausible[29]" and simultaneously, "no longer open to discussion[30]".  While refusing to even allow me a single hearing, to present the court with **evidence of my claims[31]**.  Despite this court having been candidly noticed about the **ongoing threat** to the lives, property, health, and safety of the **general public** throughout Middle Tennessee[32].  While also being noticed about the active harm currently being caused by bad actors (named in this lawsuit) holding powerful positions of public trust in Tennessee.  Some who are literally charged and trusted with the **oversight of the "practice of law"** throughout the entire state, while providing clear evidence of how their offices have been illegally leveraged **to protect some of the most unethical, dishonest, and abusive actors the state**.

34.    At the same time, these same bad actors have leveraged their office(s) and public funds to unlawfully retaliate against, harass, sanction, suspend, and even disbar some of the most honest, ethical, fearless, patriotic attorneys[33] that Tennessee has known in recent years.  Attorneys who have laid down their lives and their practices, to do what almost every other law firm in Middle Tennessee has been afraid or refused to do, defending the people's liberties over state and private

---

[28]    18 U.S. Code § 4 - Misprision of felony | U.S. Code | US Law | LII / Legal Information Institute

[29]    DOC 236, PID 1498 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

[30]    DOC 236, PID 1498 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf

[31]    Substantial evidence is also on court record in this lawsuit, proving the honest voracity of my claims, leaving this court no honest, "good faith", ethical, or lawful excuse or escape for failing or refusing to exercise the court's authority toward the interests of justice.

[32]    ECF 102, PID 5391-5468 | https://rico.jefffenton.com/evidence/2024-10-09_concerns-about-transferring-to-tennessee.pdf

[33]    ECF 58-3, PID 4632-4710 | https://rico.jefffenton.com/evidence/2024-02-16_tnsc-disbarred-whistleblower-brian-manookian.pdf
ECF 58-4, PID 4712-4716 | https://rico.jefffenton.com/evidence/2024-02-16_tnsc-manookian-disbarment-opinion-justice-lee.pdf
ECF 58-5, PID 4718-4722 | https://rico.jefffenton.com/evidence/2024-05-02_reguli-lawsuit-against-wilco-tn-gov-corruption.pdf

Initials: _____

criminal interests, who have dared to report, stand-up against, and challenge court corruption, judicial fraud and misconduct in Middle Tennessee's courts.

35.     Now this court appears to be acting in lock step with the dishonest agenda[34] of the MIWD Magistrate Judge, where they appear to want nothing more than to **dismiss this lawsuit** while **burying the evidence** of a multitude of egregious felony crimes, committed by many powerful and influential, yet unconscionably dishonest and unethical officers of Tennessee's Court System, while further claiming that "an appeal from this decision could not be taken in good faith[35]."

36.     It is highly improper for ANY Judge to claim that my lawsuit is "implausible" without providing any cogent specific factual allegations, contentions, objections, disbeliefs, evidence, or examples from my pleadings, which substantiate that conclusion.  Especially while continuing to **hide** thousands of pages of my lawsuit and pleadings from the **public**, claiming it is "no longer open to discussion", without saying **why** or providing any "good faith" lawful justification for that determination either.  Even more especially while denying me any opportunity to present the court with evidence of my claims, as required for *pro se* litigants according to Supreme Court case law in *Haines v. Kerner,* 404 U.S. 519 (1972).  Further improperly demanding, "that an appeal of this decision could not be taken in good faith."

37.     That is a preposterous overreach of authority, spanning at least three offices!

38.     Besides which it is the **jury's** role to determine what the **facts** of the case are, essentially deciding **what the truth is**, based on the evidence presented.  The judge instructs the

---

[34]   DOC 222, PID 1164-1214 | https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf
       DOC 238-2, PID 1707-1750 | https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf

[35]   DOC 236, PID 1503 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf
       DOC 245, PID 1825 | https://rico.jefffenton.com/3-24-cv-01282/doc/245.pdf

Initials:

jury on the law, and the jury applies that law to the facts **they have determined**.  It is the jury's role, not that of a judge, to decide what version of the facts is most credible and accurate.

39.    **Judges are not allowed to play dictatorial roles of <u>judge</u>, <u>jury</u>, <u>executioner</u>, <u>coverup</u> administrator, and the <u>appeals</u> court <u>all in one</u>.**

40.    That screams of "judicial misconduct" to anyone who takes the time to read this lawsuit and the wealth of honest, detailed declarations I have filed in it, while evaluating the reams of clear and convincing evidence filed alongside my declarations, to further substantiate my claims—to know the truth about what has transpired against my family in Tennessee, both in the precipitating matters, as well as the crimes which continue to take place in this federal lawsuit.

41.    Upon information and belief, **any pretense of the "practice of law" absent honesty, integrity, and ethical conduct is a *"color of law"* crime against the public!**

## 18 U.S. CODE § 666 - THEFT OR BRIBERY CONCERNING PROGRAMS[36] RECEIVING FEDERAL FUNDS (HOPEFULLY LIKE THE COURTS)

> **COURT'S INSTRUCTION NO. 40**
> **FRAUD – GOOD FAITH DEFENSE**
> 1) The good faith of a defendant is a complete defense to the charges contained in Counts Two and Five through Ten because good faith on the part of a defendant is, simply, inconsistent with an intent to defraud.
> 2) A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.
> 3) But a defendant does not act in good faith if, for example, even though he honestly holds a certain opinion or belief, he also knowingly makes materially false or fraudulent pretenses, representations, or promises to others.
> 4) While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

---

[36]   https://www.law.cornell.edu/uscode/text/18/666

Initials:

**FORMER TENNESSEE HOUSE SPEAKER AND HIS CHIEF OF STAFF**[37]
**CONVICTED OF BRIBERY AND KICKBACK CHARGES**

42.    Upon information and belief, the illustration on the prior page is an excerpt from the jury instructions from the recent Glen Casada and Cade Cothren corruption, bribery, and kickback trial brought by the FBI in Nashville, which concluded roughly a month ago.  These instructions give some of the **required** elements and some of the **prohibited** elements for claiming a **good faith defense**.  Importantly, **a dishonest act is never done in "good faith".**

43.    Former Tennessee House Speaker Glen Casada was found guilty on 17 counts, and Cade Cothren was found guilty on all 19 counts.

## A GOOD FAITH DEFENSE

44.    Upon information and belief, according to the Department of Justice in this illustration, a **good faith defense** only applies where the official acts **honestly**.

45.    In the third paragraph of this illustration it specifically states, "While the term "good faith" has no precise definition, it encompasses, among other things, **a belief or opinion honestly held**, an **absence of malice** or ill will, and an **intention to avoid taking unfair advantage of another.**"

46.    Please note in that last paragraph, it says "**an intention to avoid**", this is saying that just because something is done absent of malice, does **not** satisfy the responsibilities for an official to have acted "in good faith".  Due to their oath of office, employment by the people, and the critical need for public trust, officials **also** have a **duty of active** and **intentional care.**

---

[37]    https://www.justice.gov/usao-mdtn/pr/former-tennessee-state-representative-and-his-chief-staff-convicted-bribery-and
https://www.newschannel5.com/news/house-speaker-glen-casada-found-guilty-on-17-of-19-counts-cothren-guilty-on-all-charges
https://www.wsmv.com/2025/05/16/corruption-trial-former-tn-house-speaker-chief-staff-found-guilty/

Initials: _[signature]_

It's not just a matter of avoiding getting caught "doing something wrong", but also whether or not the official is **operating honestly, ethically, and lawfully**, fulfilling the fiduciary duties required of their office.  (Such as honesty, fairness, impartiality, supervising others, correcting, disciplining, and/or reporting attorney and judicial misconduct to the proper authorities, etc.[38])

## CONCLUSIONS ABOUT GOOD FAITH

47.     Upon information and belief, as long as this court continues to leave **false statements**[39] and material misrepresentations standing in the court records as if actual **true** facts, this court, along with the defendants and their counsel, **are operating in bad faith**, misdirecting[40] public resources to strategically and intentionally benefit private criminal interests, wholly repugnant of the rule of law, our state and federal constitutions, and every office of justice.

48.     Certainly, a court and judge who have operated *biasedly* in **bad faith** (as is obvious in this case by the **false statements**[41] written by this court into the **record**, which remain uncorrected to date), denying my critical constitutional rights to due process and equal protection under the law, especially when wrongfully deprived of "constitutionally protected", highly valuable, and needed essential property interests, to have any realistic chance at survival without becoming a significant liability upon government and/or extended family, contrary to the judge's

---

[38]   Tenn. R. Sup. Ct. 2.11(A)(1), Tenn. R. Sup. Ct. 2.12, Tenn. R. Sup. Ct. 2.15, Tenn. R. Sup. Ct. 2.6, Tenn. R. Sup. Ct. 8.3, Tenn. R. Sup. Ct. 8.4

[39]   DOC 238, PID 1505-1568 | https://rico.jefffenton.com/evidence/2025-04-22_objection-to-memorandum-opinion-and-order.pdf

[40]   18 U.S. CODE § 666 - Theft or Bribery Concerning Programs Receiving Federal Funds (If for nothing else, for their government funded counsel to deprive my family of justice, refusing me even ECF filing, which I have repeatedly told the court I need and the only logical reason I can think of for the court to deny my request for ECF filing, is to intentionally making filing as difficult, time consuming, and expensive (unaffordable) for me as possible, obstructing my ability to timely file (due to my disabilities and poverty).  Instead helping the defendants get away with multiple felony crimes while a number of federal offices have been involved in misconduct in this lawsuit, contributing to the coverup with defendant Walker's fraudulent—or at least materially misrepresented—concerns for his alleged safety.)

[41]   DOC 238, PID 1505-1568 | https://rico.jefffenton.com/evidence/2025-04-22_objection-to-memorandum-opinion-and-order.pdf

Initials:

oath of office[42] and the court's ethical canons[43], as I have proven herein and in my Rule 59 Motion[44], has no ethical business declaring in their order[45], **"an appeal from this decision could not be taken in good faith."**

### MY INVESTMENT IN SEEKING JUSTICE THROUGH THIS LAWSUIT TO DATE[46]

49.      As of June 1, 2025, the MIWD docket consisted of **141 primary docket entries**, containing **6,096 pages**.  As of that same date, the TNMD docket contained roughly **114 additional primary docket entries**, containing another **1825 pages**, for an aggregated total of approximately **255 primary docket entries**, containing **7,921 pages filed** in this lawsuit, the majority of which have been drafted, substantiated, evidenced, executed, and filed by me.

50.      I began working full-time on this lawsuit, a little over a year before filing it on October 13, 2023.  That first year, I worked a minimum of *twelve hours* per day, *six days* per week, often seven.  That was a minimum of *three thousand, seven hundred and forty-four* (3,744) hours of work prior to filing on October 13, 2023.

51.      "I maintained that pace for most of the second year also, and I have **never** worked on it less than *ten hours per day*, *six days per week* since.*[47]"

52.      From October 13, 2023, to April 22, 2025, (when I calculated this) is *five hundred and fifty-seven* (557) days in total.  Which divided by seven days per week equals a little over *seventy-nine*

---

[42]    https://www.law.cornell.edu/uscode/text/28/453

[43]    https://www.uscourts.gov/administration-policies/judiciary-policies/ethics-policies/code-conduct-united-states-judges

[44]    DOC 238, PID 1505-1568 | https://rico.jefffenton.com/evidence/2025-04-22_objection-to-memorandum-opinion-and-order.pdf

[45]    DOC 236, PID 1491-1503 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf
         DOC 237, PID 1504 | https://rico.jefffenton.com/3-24-cv-01282/doc/237.pdf
         DOC 245, PID  1824-1825 | https://rico.jefffenton.com/3-24-cv-01282/doc/245.pdf

[46]    DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

[47]    DOC 238-3, PID 1791 | https://rico.jefffenton.com/3-24-cv-01282/doc/238-3.pdf | *This statement was true at the time of writing, which was on April 22, 2025, though I took some time off to clear my head after this court wrongfully dismissed my lawsuit.

Initials:

weeks.  Multiplied by a minimum of *sixty hours* of work per week, equals another *four thousand, seven hundred, and forty* (4,740) hours of work.

53.    Finally, by adding the *three thousand, seven hundred and forty-four* hours of work prior to filing on October 13, 2023, and the *four thousand, seven hundred, and forty* hours of work since that date, equals a minimum of *eight thousand, four hundred and eighty-four* **(8,484) hours of work** I have invested into this lawsuit, to date[48].

54.    To provide some perspective regarding the economic equivalent of my time and work invested into this lawsuit so far, calculated based upon an average pay rate of *thirty dollars* per hour for my labor, this has been a total investment of *two hundred and fifty-four thousand, five hundred and twenty* dollars ($254,520) in my **time** and **labor** invested into this lawsuit, plus over *ten thousand dollars* ($10,000) in cash that I borrowed from family for supplies, software subscriptions, and service, which cost me over six thousand ($6,000) dollars in cash alone.

55.    Completely and entirely wasted by one single careless court order, calling it all "**implausible**" and "**devoid of merit**", without substantiating that claim or conducting a single hearing, despite thousands of pages of evidence and sworn testimony, already filed on court record, **proving** beyond any reasonable doubt that **many** if not the **majority** of my claims are in fact **true**, and cannot be honestly denied or defended by the defendants or their counsel, yet this court chose to intervene on their behalf, claiming that this lawsuit is "**no longer open to discussion**."

56.    I believe that the court's *bias* and *impropriety* in this matter speaks for itself.

---

[48]    As of April 22, 2025, when I researched and calculated this.

Initials:

## HOW MUCH MORE WORK IS REASONABLY REQUIRED
## TO BE TREATED WITH BASIC HUMAN DIGNITY?

57.     **How much more** work *should* the average member of our constitutional republic **need to do** in order to reasonably receive basic protection of their most fundamental natural human rights and constitutional rights in this great nation?  (Like not having my home wrongfully seized and liquidated without one dollar to my benefit[49], with only a five-day notice[50] over a holiday weekend, by two known bad actors who honestly should **never** have been allowed to work **in the same court together**.  Especially under any presumption or guise that either would uphold their ethical and lawful duties to act honesty, impartiality, and fairly, to reasonably protect the public's health, safety, and property from lawless criminal deprivation.)

58.     Now the Court has fraudulently dismissed my lawsuit (writing materially false statements in the court orders, while misapplying case law), literally wasting years' worth of painstaking work and the last funds which I have access to for seeking a remedy in the foreseeable future.

59.     This has been the height of absurdity in judicial misconduct and overreach, which in my view should be directly sanctionable and prima facie evidence of egregious judicial malfeasance, requiring the Court of Appeals and/or the Department of Justice to intervene, in the interests of justice.

---

[49]  ECF 1-12, PID 479-596 | https://rico.jefffenton.com/evidence/2019-10-29_tn-wilco-deed-fraud-ada-financial-exploitation.pdf

[50]  ECF 66, PID 4896 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf
DOC 207, PID 601 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf
DOC 214, PID 928-929 | https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf
DOC 222, PID 1169 | https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf
DOC 238-1, PID 1595 | https://rico.jefffenton.com/3-24-cv-01282/doc/238-1.pdf

Initials:

**SEEKING JUSTICE AT ANY LAWFUL AND PEACEFUL COST**

60.    I'm filing this motion for a 90-day leave of the court, to provide me the time needed to document the crimes committed by the defendants, their counsel in this lawsuit, and the court actors who have actively participated in obstructing justice, fraud on the court, falsifying court records, misappropriating public funds, and hiding evidence of felony crimes in this case.

61.    I need this leave to have time to complete this documentation as well as to reach out to the DOJ and FBI leadership responsible for investigating and convicting Glen Casada and Cade Cothren, since I expect they are familiar with the conduct currently being practiced by corrupt state actors in Middle Tennessee.

62.    I also need time to file ethics complaints against several bad actors in this case, specifically including most if not every judge who has participated in this matter to date, while refusing to leverage their discretion toward the honest interests of justice in this case.

63.    My goal is for **justice**[51], whether through a civil action, state, federal, court, or bar intervention, or criminal charges, arrests, and convictions.

64.    Serious felony crimes are being committed in this lawsuit by judges and attorneys alike, state and federal, who have and continue to commit fraud on the court, with false claims of fact combined with material misrepresentations, while misapplying case law, filing documents for improper purposes, falsifying and obfuscating the court records with the technical equivalent of substantially inapplicable, but legal "sounding" gibberish.

---

[51]    DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

Initials:

## THE PRIMARY SUBSTANCE OF THE DEFENDANT'S PLEADINGS

65.     Bear in mind that I still haven't had time to **read** every motion filed by the powerful defendants against me, since this court has refused to allow me an opportunity to do so before dismissing my lawsuit, certainly without due care.  However, of the filings which I have read so far by the defendants and their counsel, I have not seen **any** which appear to have been **honestly** and **thoroughly** filed in **good-faith**, while satisfying the general purpose of pleadings outlined in case law[52] (on the next page), except for the very first round where most defendants sought an extension of time to respond to my complaint, which I graciously granted to all who asked, without delay.

## THE PURPOSE OF PLEADINGS

**"Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants.**  They should not raise barriers which prevent the achievement of that end.  Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a **just** judgment."  *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938) (emphasis added).

"The federal rules reject the approach *that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome* **and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.**"  The court also cited Rule 8(f) [8(e)] FRCP, which holds that all pleadings shall be construed to do substantial justice. *Conley v. Gibson*, 355 U.S. 41 at 48 (1957) (emphasis added).

---

[52]    DOC 211, PID 704 | https://rico.jefffenton.com/evidence/2025-02-08_objection-to-dispositive-defendant-motions.pdf

Initials:

## TECHNICALITIES CAN'T LAWFULLY GOVERN PRO SE PLEADINGS

**"Pro se pleadings are to be considered without regard to technicality**; pro se litigants' pleadings are not to be held to the same high standards of perfection as lawyers."** *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959); *Picking v. Pennsylvania R. Co.*, 151 Fed 2nd 240; *Pucket v. Cox*, 456 2nd 233 (emphasis added).

66.     Upon information and belief, after the initial extensions of time were granted to the defendants, most of the documents filed by the defendants and their counsel have been peppered with fraud, material misrepresentations, deception, inapplicable case law, and the likes.

67.     I have yet to see **any pleading** filed by a defendant or their counsel seeking to honestly "**serve as a means of arriving at fair and just settlements of controversies between litigants**[53]", or "accomplish the end of a **just** judgment[54]", or to "**facilitate a proper decision on the merits**[55]".

68.     Upon information and belief, this is an ethical violation of misconduct, and I believe also felony crimes of fraud on the court, falsifying court and government records, obstruction of justice, misprision of felony, and racketeering through the court enterprise[56], by most if not every attorney and law firm participating in the defense of the defendants in this lawsuit to date[57].

---

[53]   *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938)

[54]   *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938)

[55]   *Conley v. Gibson*, 355 U.S. 41 at 48 (1957)

[56]   18 U.S.C. §§ 4, 666, 1001, 1506, 1519, 1951, 1962, etc…

[57]   DOC 216, PID 984-1015 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

Initials:

**PURSING JUSTICE THROUGH THE DOJ AND FBI**

69.     In the docket of this lawsuit[58], I have created an *administrative record* documenting much of this misconduct as it happened in real time (or as quickly as I could thereafter), in both federal courts.  **The truth and evidence is immortalized in the court records of this lawsuit**[59], even if the courts continue to hide it from the public, lie about what it says, and refuse to act honestly, ethically, and lawfully regarding it.  The **truth and evidence** I have filed should remain accessible to the DOJ and the FBI, which is where my focus must shift soon in order to try to file **criminal charges** with the FBI **again**.

70.     Hopefully with the recent changes in leadership at both the DOJ and the FBI, coupled by the publicly disclosed corruption our federal government has recently been able to root out, I will be able to find someone interested in **upholding the law to protect the people** from powerful and corrupt state actors, committing crimes against the public through compromised courts.  Hopefully this time I will find someone willing to assist me in filing criminal charges against the elite and unethical court predators, party to this case, to help protect the public good, health and safety, from the lawless racketeering common in Middle Tennessee's courts[60].

---

[58]   Citations are provided on pages two and three of this document.

[59]   DOC 177, PID 240 | https://rico.jefffenton.com/evidence/2024-11-18_fenton-motion-for-alternative-service.pdf
       DOC 238-3, PID 1784 | https://rico.jefffenton.com/evidence/declaration-of-destruction-oppression-ada-interference.pdf

[60]   ECF 102, PID 5391-5468 | https://rico.jefffenton.com/evidence/2024-10-09_concerns-about-transferring-to-tennessee.pdf

Initials: _____

**TWO PRINCIPAL BAD ACTORS — MADE THIS ALL POSSIBLE**

71.     Upon information and belief, this is a case where **two principal bad actors**, former Williamson County Chancery Court **judge Michael W. Binkley** (known to have been arrested in a prostitution sting[61], having his charges dismissed and expunged the same day by corrupt[62] judge Casey Moreland[63], favoring his friends in cases he heard, abusing his office to promote his own private interests—judges and attorneys partying[64] and vacationing[65] together—much like Moreland, threatening and lying to the public[66], and rumored/suspected to have a drug problem[67]) and **Attorney Virginia Lee Story** (the infamous hostess of lake parties/vacations[68] for powerful Tennessee judges, attorneys, and decision makers).

72.     For the record, **no state court or judge** in Tennessee **ever wrote a word** during my appeal to the Tennessee Court of Appeals, or thereafter to the Tennessee Supreme Court, to **validate**, **defend**, or **justify any action or word** by defendants Binkley or Story in Williamson County Chancery Court docket #48419B.  They simply refused to lawfully and ethically intervene, to help the injured party, or to correct and/or report their fraudulent criminal misconduct which I repeatedly reported and evidenced on the record.  Thereby becoming joinders in defendant Binkley's and Story's crimes against my family, while using their publicly funded offices to inappropriately deny me a remedy while covering for their misconduct.

---

[61]  ECF 43, PID 3694-3695 | https://rico.jefffenton.com/evidence/2017-02-01_scene-ethics-complaint-against-two-judges.pdf

[62]  ECF 52, PID 4180-4201 | https://rico.jefffenton.com/evidence/2018-02-28_tn-judge-cason-moreland-fbi-criminal-complaint.pdf

[63]  ECF 54-1, PID 4358 | https://rico.jefffenton.com/evidence/2017-02-01_wsmv-binkley-arrest-expunged-by-moreland.mp4

[64]  ECF 52, PID 4174-4179 | https://rico.jefffenton.com/evidence/2021-03-21_knoxnews-coa-removes-judge-binkley-for-bias.pdf

[65]  ECF 44, PID 3740-3741 | https://rico.jefffenton.com/evidence/2018-09-24_tenn-binkley-defends-partying-with-lawyers.pdf

[66]  ECF 54-1, PID 4368 | https://rico.jefffenton.com/evidence/2021-03-21_knox-news-binkley-threatens-prior-restraints.mp4

[67]  https://www.facebook.com/judgebinkley

[68]  ECF 43, PID 3726-3729 | https://rico.jefffenton.com/evidence/2018-08-30_tennessean-story-hosts-vacations-with-judges.pdf
      ECF 44, PID 3740-3741 | https://rico.jefffenton.com/evidence/2018-09-24_tenn-binkley-defends-partying-with-lawyers.pdf

Initials:

73.    The reason I point this out is because I have been **attacked** and **fraudulently discredited/obstructed** by at least two different federal judges at this point, one Michigan magistrate judge[69] and one Ohio district judge[70]. Where the clearly **false statements** written by both are now immortalized on the record, along with the **self-evidentiary truth**[71] to be discovered one day. Causing the credibility of at least two different federal district courts to be called into question, because they chose to lend the credibility of their offices and the federal courts to protect **known bad state court actors**, with unethical, perverted, and repulsive character traits, practices, and histories, **when even their friends and colleagues in Tennessee's state courts refused to do the same.**

74.    Much of the damage in this case, which continues to exponentially multiply, could have been mitigated **many times over**, if <u>anyone</u> trusted with the administration of justice in this matter, had acted *honestly*, *ethically*, and *lawfully*, in compliance with the court's **codes of conduct**, and each judge's **oath of office**, "without respect to persons", while "do[ing] equal right to the poor and the rich." That's all that I have **ever** hoped for or expected from **any** court which I have submitted to, interacted with, and attempted to defend my rights while seeking justice through; but unfortunately I have yet to ever honestly experience in any meaningful capacity.

---

[69]    ECF 8, PID 2101-2106 | https://rico.jefffenton.com/1-23-cv-01097/ecf/8.pdf
        ECF 55, PID 4378-4384 | https://rico.jefffenton.com/1-23-cv-01097/ecf/55.pdf

[70]    DOC 236, PID 1491-1503 | https://rico.jefffenton.com/3-24-cv-01282/doc/236.pdf
        DOC 245, PID 1824-1825 | https://rico.jefffenton.com/3-24-cv-01282/doc/245.pdf

[71]    DOC 222, PID 1164-1214 | https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf
        DOC 238, PID 1505-1568 | https://rico.jefffenton.com/evidence/2025-04-22_objection-to-memorandum-opinion-and-order.pdf

Initials:

"Each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: "I, ____ ____, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ____ under the Constitution and laws of the United States. So help me God.""[72]"

75.    Public tax dollars in this case are being gravely misallocated to the benefit of bad actors, and the substantial detriment of honest, ethical, and lawful people.  **That's a crime!**

## CONCLUSION

76.    This lawsuit meets the *plausibility standard* by alleging **specific facts** tied to **misconduct**.

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court **must** accept all of the allegations in the complaint as **true**, and construe the complaint **liberally** in **favor** of the **plaintiff**" (emphasis added).  — *Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999).  *See* also *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

77.    In both this case[73] and the precipitating Tennessee matters[74], the courts have allowed bar members to engage in deception and exploit legal proceedings for unethical, dishonest,

---

[72]    https://www.law.cornell.edu/uscode/text/28/453

[73]    DOC 222, PID 1164-1214 | https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

[74]    ECF 1-1, PID 34-47 | https://rico.jefffenton.com/evidence/2022-02-01_fenton-affidavit-of-story-binkley-fraud-on-court.pdf
ECF 33, PID 3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf

Initials:

and predatory purposes, in direct violation of the court's codes of conduct[75]. As a result, my family has suffered financial losses exceeding one million dollars, possibly twice that when considering damages. I was **wrongfully and abruptly evicted** from my cherished Brentwood home[76], leaving me destitute and homeless—without **just cause, fair process, lawful justification, or any compensation whatsoever.** (No defendant has even been willing to argue this fact, so far to date.)

78.     Moreover, the individuals responsible for executing this action did so through a state court, despite federal law (**28 U.S. Code § 1334(e)(1)**) explicitly **prohibiting** state courts from exercising jurisdiction over my property[77]. Under the circumstances—**which were unknowingly created by my ex-wife and her counsel**[78]—the federal courts had **both original and exclusive jurisdiction** over our assets[79], a fact which every bar member involved should have reasonably known. (No defendant has been willing to argue this fact either, so far to date.)

79.     The continued misconduct and improper filings by the defendants and their counsel in this matter, further compound my damage while wrongfully depriving me of any assistance or a remedy, without investigating the abusive fraudulent misuse of our courts or the felony crimes grotesquely committed under "color of law" by the compromised courts, judges, law firms, attorneys, and officials party to this lawsuit, **as the evidence filed in this case unquestionably proves.**

---

[75]    https://www.uscourts.gov/administration-policies/judiciary-policies/ethics-policies/code-conduct-united-states-judges
https://www.tncourts.gov/courts/supreme-court/rules/supreme-court-rules/rule-10-code-judicial-conduct
https://www.tncourts.gov/courts/supreme-court/rules/supreme-court-rules/rule-8-rules-professional-conduct

[76]    ECF 1-12, PID 479-596 | https://rico.jefffenton.com/evidence/2019-10-29_tn-wilco-deed-fraud-ada-financial-exploitation.pdf
ECF 59, PID 4724 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-wilco-rico-deed-fraud-intro.mp4

[77]    ECF 53, PID 4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf

[78]    ECF 19-2, PID 2632-2646 | https://rico.jefffenton.com/evidence/2019-04-26_ausbrooks-story-fraudulent-bk-petition.pdf

[79]    ECF 38, PID 3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf

Initials:

80.    Instead Williamson County, the State of Tennessee, the Tennessee Court System, the United Stated District Courts, and the United States Attorney's Offices in both Michigan and Tennessee, have and/or are misdirecting critical public resources (18 U.S. Code § 666) to defend this elite class of corrupted Tennessee officials and attorneys, who have exploited public trust and resources for private criminal gain, as thoroughly evidenced throughout the record of this lawsuit. Which is being illegally and unethically facilitated by the Federal District Courts in Michigan, Ohio, and Tennessee, in direct contravention of 18 U.S. Code §§ 4, 1001 and 1503, along with the Codes of Conduct for United States Judges[80], the Tennessee Code of Judicial Conduct[81], and the Tennessee Supreme Court's Rules of Professional Conduct[82].  The courts are, in effect, treating the ethical **codes of conduct** as optional and **irrelevant** to the administration of justice, **when nothing could be further from the truth.**

81.    Absent strict adherence to the court's ethical codes of conduct, there is no institution in our nation more capable of causing **substantial harm** to our **republic** and the **people** of the United States of America, than this nations state and federal court systems.

82.    Anyone choosing to exercise power over the lives, rights, and property of the people, does so with both the **responsibility** and the **liability** to do so honestly, ethically, and lawfully.  There is no power to exercise outside those limits, while any attempt to do so is a perverse violation of the oaths of office and trust bestowed upon any public office.

83.    What the courts have done in this matter is not only unconstitutional, but it is dishonest, deceptive, discriminatory, unfair, unjust, defiant of sound reason, historically

---

[80]   https://www.uscourts.gov/administration-policies/judiciary-policies/ethics-policies/code-conduct-united-states-judges

[81]   https://www.tncourts.gov/courts/supreme-court/rules/supreme-court-rules/rule-10-code-judicial-conduct

[82]   https://www.tncourts.gov/courts/supreme-court/rules/supreme-court-rules/rule-8-rules-professional-conduct

Initials:

irresponsible and negligent, as well as careless regarding the well-known flaws common to human nature, witnessed on every continent around the globe, throughout thousands of years, where without exception power exercised without robust systems of transparency and accountability has caused crime and corruption to exponentially grow, while trampling the lives and liberties of the bulk of the people.

84.    No state has the lawful jurisdiction and authority to randomly injure their citizens at will, without consequence.  All sovereignty began with **God**, was given to the **people**, who in turn gave a **portion** of their sovereignty to the **state**, who in turn gave a **portion** of each state's sovereignty to our **federal** government.

85.    Today both state and federal governments in this nation act as if all sovereignty began with them and never trickled down to the people.  **That is both blasphemy and treason, while ALL officials must be held accountable for their crimes against our country.**

86.    This case is not about technicalities—it is about truth, accountability, and the rule of law.  The record before this Court contains sworn declarations, documentary evidence, and legal authority that establish a pattern of misconduct, obstruction, and systemic bias that no honest tribunal can ignore.  I have acted in good faith, under oath, and with relentless diligence to expose these violations—not only to seek justice for myself, but to uphold the integrity of the judicial system itself.  The Court now stands at a crossroads: to either correct the record and restore due process, or to allow injustice to calcify into precedent.  I respectfully urge this Court to choose the former.

Initials:

87.     Therefore, I respectfully move this Court for a 90-day continuance in this appeal, prior to the issuance of a case schedule, so I can document material criminal misconduct by the defendants and court officers, and pursue appropriate filings with the DOJ, the FBI, and relevant ethics authorities.

### PRAYER FOR RELIEF

Plaintiff respectfully prays that this Honorable Court:

### I. IMMEDIATE PROCEDURAL RELIEF

1.     **Grant a 90-day continuance** in this appeal before entering a scheduling order, in order to:

   ➢ Complete documentation of criminal misconduct and ethical violations.

   ➢ Submit complaints and referrals to oversight agencies, including the DOJ and FBI.

   ➢ Prepare ethics filings regarding the conduct of attorneys and judicial officers involved in this matter.

2.     **Permit remote participation and electronic case access** for Plaintiff, including CM/ECF filing privileges, consistent with ADA accommodation standards and F.R.Civ.P. Rule 5.

3.     **Ensure public access to all filings**, including unsealing of any records withheld without procedural justification, to maintain transparency and preserve judicial integrity. (This request includes both MIWD case number: 1:23-cv-01097 and TNMD case number: 3:24-cv-01282.)

Initials: _____

## II.  SUBSTANTIVE RELIEF PRESERVED FOR FURTHER REVIEW

Should the Court determine it appropriate upon further briefing and consideration, Plaintiff further prays:

1.      That this Court **vacate prior dismissal orders**, including DOC 236, 237, and 245, on the grounds of procedural irregularity, judicial bias, and deprivation of rights under Haines v. Kerner, 404 U.S. 519 (1972).

2.      That this action be **restored to the active docket** of the U.S. District Court for the Middle District of Tennessee and pending motions adjudicated on their merits, including those filed under Rule 59(e), 28 U.S.C. §§ 1746 and 455, and F.R.Civ.P. Rules 8(e) and 11(b).

3.      That the Court **issue appropriate sanctions or disciplinary referrals** against any officer of the court found to have obstructed justice, committed fraud on the court, or knowingly filed materially false or misleading statements.

4.      That all prior filings by Defendants not sworn under penalty of perjury be **stricken or compelled for resubmission**, certified per 28 U.S.C. § 1746 and F.R.Civ.P. Rule 11(b).

5.      That Plaintiff be awarded:

> ➤ **Compensatory damages** for deprivation of rights, property loss, and obstruction of access to justice.

> ➤ **Punitive damages** for willful, malicious, or reckless disregard of Plaintiff's federally protected rights.

> ➤ **Reasonable costs, expenses, and attorney's fees**, under 42 U.S.C. § 1988 or other applicable statutes (if counsel is later retained).

6.      That such other and further relief be granted as this Court deems just, equitable, and necessary to preserve the rule of law and protect the public interest.

Initials:

"The exposure and punishment of public corruption is an honor to a nation, not a disgrace. **The shame lies in toleration, not in correction.**"

— *Theodore Roosevelt*

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

All rights reserved.

Executed on July 22, 2025.

_____

**JEFFREY RYAN FENTON, PRO SE**
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

The biggest threat to the freedom and prosperity of the American people,
are state and federal government employees, who are willing to write **lies** into court
and government records, as if the **truth**, while hiding from accountability
behind government **immunity**.
—*Jeffrey Ryan Fenton*

Page **33** of **33**

*I'm a natural man, not a corporation or property.  Please treat my case accordingly.*

# EXHIBIT W

**6TH CIR. DOC. 31-1 — CLERK'S ORDER**

_____

No. 25-5592

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 4, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| JEFFREY RYAN FENTON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| VIRGINIA LEE STORY, individually and in their official capacities, et al., | ) ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Proceeding without counsel, the plaintiff appeals the district court's dismissal of his complaint against various Tennessee and Massachusetts defendants relating to his Tennessee divorce proceedings and related bankruptcy proceedings in the United States Bankruptcy Court for the Middle District of Tennessee. The plaintiff now moves for a 90-day abeyance, electronic filing privileges, and public access to filings.

The plaintiff seeks an abeyance to document alleged misconduct by the defendants and other parties. However, no briefing schedule will issue unless and until the plaintiff is granted leave to proceed on appeal in forma pauperis or pays the $605 appellate filing fee. The plaintiff's pauper status motion is currently pending before the court. Grounds for an abeyance having not been shown, the motion is DENIED WITHOUT PREJUDICE.

The court does not permit pro se litigants to file directly in CM/ECF. The plaintiff may submit permissible documents containing his written signature to the court's designated pro se email box for electronic filing by the court. 6 Cir. R. 25(b)(2)(A), (d)(3). The email box address is CA06_Pro_Se_Efiling@ca6.uscourts.gov. The court's filing of an emailed pro se document

- 2 -

will constitute entry in the docket.  *Id.* at R. 25(e)(1)(B)(ii).  He may otherwise continue to submit signed filings in paper.  The motion for electronic filing privileges is DENIED.

Finally, the plaintiff's motion for public access to all filings is DENIED WITHOUT PREJUDICE.  To the extent the plaintiff seeks to unseal documents filed in the district court, he must first move the district court.  6 Cir. R. 11(c)(2).

The plaintiff's requests for substantive relief are REFERRED to the ultimate merits panel.

ENTERED PURSUANT TO RULE 45(a)
RULES OF THE SIXTH CIRCUIT

Kelly L. Stephens, Clerk

# EXHIBIT X

**6TH CIR. DOC. 42-1 — SINGLE-JUDGE ORDER DENYING PAUPER STATUS**

———————————————————————

No. 25-5592

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 2, 2026
KELLY L. STEPHENS, Clerk

JEFFREY RYAN FENTON,                                )
                                                   )
        Plaintiff-Appellant,                       )
                                                   )
v.                                                 )        O R D E R
                                                   )
VIRGINIA LEE STORY, individually and in their      )
official capacities, et al.,                       )
                                                   )
        Defendants-Appellees.                      )

        Before:  NALBANDIAN, Circuit Judge.

        Pro se Michigan plaintiff Jeffrey Ryan Fenton appeals the district court's judgment dismissing his amended complaint and order denying his Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment.  Fenton moves the court to proceed in forma pauperis (IFP) on appeal.

        Fenton filed a 103-page amended complaint in the district court against a slate of state and federal judges, state agencies, state officers and employees, and private individuals, law firms, and business entities.  Fenton claimed that the defendants conspired to violate and violated his federal constitutional and statutory rights and that they committed various state-law violations and torts during his 2019 Tennessee state-court divorce proceedings and his ex-wife's concurrent federal bankruptcy proceedings.  On motion of the defendants, the district court dismissed Fenton's claims as insufficiently pled and/or barred by the *Rooker-Feldman* doctrine,[1] res judicata, sovereign immunity, absolute judicial immunity, and the applicable statutes of limitations.  The court denied Fenton's Rule 59(e) motion as not demonstrating any grounds warranting relief from the judgment.

---

[1] *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

No. 25-5592
- 2 -

Fenton filed a timely notice of appeal and now moves to proceed IFP.

Under Federal Rule of Appellate Procedure 24(a)(5), a party may apply to proceed IFP in this court.  *Owens v. Keeling*, 461 F.3d 763, 774-75 (6th Cir. 2006).  This court may grant an IFP motion if it determines that an appeal would be taken in good faith and that the plaintiff is indigent. *Id.* at 776.  An appeal is not in good faith if it is frivolous and thus "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Upon review of the record and the district court's orders, the court finds no good-faith grounds for an appeal.  Accordingly, the court **DENIES** Fenton's IFP motion.  Unless Fenton pays the $605 filing fee to the district court within 30 days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk