RECEIVED

AUG 18 2026

KELLY L. STEPHENS, Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT[1]

| | |
|---|---|
| **JEFFREY RYAN FENTON,**<br>PLAINTIFF-APPELLANT<br>V.<br>**VIRGINIA LEE STORY** ET AL.,<br>DEFENDANTS-APPELLEES | **CASE NO. 25-5592** |

# RENEWED EMERGENCY NOTICE AND MOTION FOR IMMEDIATE TEMPORARY STAY OF APPELLANT'S BRIEF DEADLINE PENDING DISPOSITION OF DOCUMENT 50

Plaintiff-Appellant Jeffrey Ryan Fenton respectfully renews his request for an immediate temporary stay of the August 17, 2026, appellant-brief deadline pending disposition of his Combined Motion for Reconsideration and Panel Review at Doc. 50, filed July 28, 2026, including adequate time to review and respond to any opposition concerning Doc. 50 before the Court determines the briefing structure.

[1] This action was filed in the Western District of Michigan ("MIWD") on October 13, 2023, as No. 1:23-cv-01097, and transferred on October 25, 2024, under MIWD ECF 127 to the Middle District of Tennessee ("TNMD") as No. 3:24-cv-01282. MIWD uses "ECF No." and TNMD uses "Document"; both use "PageID" in their electronic file stamps. These are abbreviated ECF, DOC, and PID. Upon appeal, this case was docketed in the Sixth Circuit ("6th Cir.") as No. 25-5592. Internal citations to this lawsuit begin with the court—MIWD, TNMD, or 6th Cir.—omit the case name and number, and then identify the starting ECF or DOC number followed by the full PID range (may span multiple ECFs). Because the 6th Cir. does not use PageID in its file stamps, citations use "6th Cir. Doc." followed by the docket-entry number and standard page abbreviations where applicable. The Notice of Electronic Filing for the transfer to Tennessee is recorded in TNMD DOC 131, at which point the ECF/DOC sequence continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

Doc. 49[2] requires the appellant brief to be mailed by August 17, 2026. Doc. 50[3] expressly requested that this deadline be stayed until the Court resolves the threshold matters that determine the scope and structure of merits briefing, followed by sufficient preparation time after that ruling. See Doc. 50, pp. 4–5, 24–26.

That request remains critical. Meaningful merits briefing is not presently possible before the Court rules on Doc. 50. The underlying record approaches 8,000 pages, the district court dismissed the entire action without claim-specific narrowing, and no appellate order identified by Appellant has established a finite set of claims, defendants, dismissal grounds, or issues that must be addressed in the opening brief.

Preparing the brief before the Court determines that scope would force Appellant either to omit preserved issues and risk forfeiture or attempt to address the entire undifferentiated judgment within the existing briefing limit. That task would be unrealistic for any litigant and is practically impossible for a pro se litigant with significant cognitive and communication disabilities of which the Court has repeatedly been given notice. See Doc. 50, pp. 3, 14, 18–19, 24–25; Doc. 46[4], pp. 17–18, 68–70.

---

2 https://rico.fentonvstory.com/25-5592/doc/49.pdf

3 https://rico.fentonvstory.com/25-5592/doc/50.pdf

4 https://rico.fentonvstory.com/25-5592/doc/46.pdf

Appellant is not abandoning this appeal, refusing to brief, or seeking delay for its own sake. He is prepared to proceed with merits briefing once the Court rules on the pending threshold and briefing-structure requests and identifies the scope under which the brief must be prepared.

It should also be noted that Appellant made substantial efforts to raise these threshold concerns immediately at the outset of this appeal, before merits briefing began, because he understood that meaningful appellate briefing could not fairly proceed while the underlying access, record-integrity, misconduct-preservation, and briefing-structure issues remained unresolved.

On July 23, 2025, Appellant filed Doc. 24[5], titled *Motion for Continuance to Prepare Criminal and Ethics Filings, with Notice of Judicial and Professional Misconduct, and Failure to Enforce Codes of Conduct as Required, to Maintain a Fair and Impartial Tribunal*. That filing was a good-faith effort to raise and resolve the threshold problems at the outset of the appeal so they would not obstruct merits briefing later.

That effort was defeated in two separate stages by two different court actors. First, the Clerk substantially narrowed the filing on the docket by renaming it: "*Appellant MOTION filed by Mr. Jeffrey Ryan Fenton to hold case in abeyance, for electronic filing and motion to unseal.*" That description reduced the filing to

[5] https://rico.fentonvstory.com/25-5592/doc/24.pdf

specific elements of the requested relief while omitting the language clearly identifying the patterns of misconduct, the reasons those concerns require resolution, and their effects throughout the district court actions as well as on the fairness and integrity of the appellate process where Appellant continues to seek relief.

Appellant's contemporaneous statement of the issues he sought to raise on appeal was equally explicit. In his July 22, 2025, Motion for Pauper Status, filed as Doc. 14[6], Appellant answered the Court's form question, "The issues which I wish to raise on appeal are:" as follows:

"If the essence of this lawsuit could be boiled down to one point, that point would be the right to litigate in a court honestly and fairly, without justice being directly or indirectly defeated by attorney and judicial misconduct, of a fraudulent and biased nature. The Court made itself a party to this lawsuit from the beginning, pre-staging it for a premature dismissal through judicial misconduct, dishonesty, denied due process, and fraud. Writing false statements of fact into the record while misapplying case law. The court is required to accept all allegations in my complaint as true, and construe the complaint liberally in favor of the plaintiff. Violations of 18 U.S. Code §§ 4, 666, 1001, and 1503. Judicial Bias and Misconduct, Attorney Misconduct, Fraud on the Court by Officers of the Court, Due Process Violations, Failed Fiduciary Duties: Duty of Integrity and Independence, Impartiality and

[6] https://rico.fentonvstory.com/25-5592/doc/14.pdf

Fairness, Loyalty to Public Interest, Honesty, Diligence, Failure to comply with Codes of Conduct for U.S. Judges, FRCP 11(b), 28 USC §§ 453, 455, 530B, and 1746, as well as TN Codes of Judicial/Pro Conduct." See Doc. 14, p. 1.

Appellant placed that statement before this Court at the very beginning of the appeal because he believes that the opportunity to litigate honestly and fairly, before a tribunal that addresses material facts truthfully and provides meaningful due process, is the minimum every person should be entitled to expect when compelled to submit to, or seek relief through, government-operated court systems.

Furthermore, Appellant believes that every person whose employment is funded by the public owes every member of that public, at an absolute minimum, honesty and good faith in the performance of their duties.

Appellant has pursued exactly that since 2019—nothing more and nothing less—yet after more than six years he remains no closer to justice than when he began. The contrast is stark: the acts that deprived him of property, freedom, and his home were accomplished within days through the coercive power of government, while obtaining meaningful review, accountability, remediation, or relief has consumed more than six years.

Appellant does not contend that every adverse ruling establishes misconduct or entitles him to a particular outcome. He contends only that material facts must be addressed truthfully, governing law applied faithfully, and meaningful due process

provided. Until those foundational requirements are satisfied, proceeding directly to secondary merits issues cannot realistically move this case toward a just resolution.

Second, Judge Nalbandian's subsequent April 2, 2026, order at Doc. 42-1[7] found no good-faith grounds for an appeal and denied Appellant's request to proceed in forma pauperis without addressing or resolving the threshold problems Appellant had previously attempted to place before the Court. Thus, Appellant's single good-faith attempt to prevent the present briefing emergency was first substantially narrowed administratively by the Clerk and later followed by a judicial no-good-faith determination while those threshold barriers remained unresolved. The present emergency is the consequence Appellant attempted to prevent at the beginning of the appeal.

Appellant therefore respectfully requests an immediate temporary stay of the August 17, 2026, briefing deadline while Doc. 50 remains pending, including through any period reasonably necessary for Appellant to review and respond to any opposition concerning Doc. 50 before the Court rules, and thereafter to review the Court's ruling and prepare the opening brief under the scope and structure the Court establishes.

Appellant further requests that no dismissal, default, forfeiture, or other adverse consequence be imposed for failure to file the opening brief during that

[7] https://rico.fentonvstory.com/25-5592/doc/42-1.pdf

unresolved threshold process, and that after the Court determines Doc. 50 and the governing briefing structure, Appellant receive the preparation period requested there or such other reasonable period as the Court determines appropriate.

## CERTIFICATION AND DECLARATION

By signing below, I certify that this motion is submitted in good faith and in the honest pursuit of justice. Consistent with the standards of factual responsibility reflected in Federal Rule of Civil Procedure 11(b), I certify that the factual contentions stated herein have evidentiary support and that this filing is not presented for any improper purpose.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

I expressly reserve all rights, objections, and arguments concerning venue, transfer, jurisdiction, forum access, preservation of claims, and all available remedies.

Executed on August 16, 2026.

**JEFFREY RYAN FENTON**
PRO SE PLAINTIFF-APPELLANT
SIXTH CIRCUIT NO. 25-5592
P.O. BOX 400, LINDEN, MI 48451-0400
NOTICE@FENTONVSTORY.COM
HTTPS://FENTONVSTORY.COM
(P) 615.837.1300
#TNINJUSTICE

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A).

According to the word-count function of Microsoft Word, this document contained 1,416 words at the time this certificate was prepared. Because that unadjusted word count is well below the applicable 5,200-word limit, the motion complies even without deducting any portions allowed to be excluded by Federal Rule of Appellate Procedure 32(f).

This motion was prepared in 14-point Times New Roman, a proportionally spaced serif typeface.

Executed on August 16, 2026.

**JEFFREY RYAN FENTON**
PRO SE PLAINTIFF-APPELLANT
SIXTH CIRCUIT NO. 25-5592
P.O. BOX 400, LINDEN, MI 48451-0400
NOTICE@FENTONVSTORY.COM
HTTPS://FENTONVSTORY.COM
(P) 615.837.1300
#TNINJUSTICE

**DOCUMENTS REGARDING** (CASE: 25-5592):

1. Renewed Emergency Notice and Motion for Immediate Temporary Stay of Appellant's Brief Deadline Pending Disposition of Document 50

## CERTIFICATE OF SERVICE

I certify that on August 16, 2026, I'm serving the foregoing (or above captioned) documents by email upon the persons listed below, at the email addresses shown, by open carbon copy, contemporaneously with their submission to the United States Court of Appeals for the Sixth Circuit.

It is my understanding that counsel of record will also receive electronic notice of this filing through the Court's CM/ECF system after the filing is docketed.

Anyone wishing to add, update, or remove an email address from this service-notification list should direct their request, along with any related questions or concerns, to **notice@fentonvstory.com** for prompt handling.

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**
**POTTER STEWART U.S. COURTHOUSE**
**100 EAST FIFTH STREET, ROOM 540**
**CINCINNATI, OHIO 45202-3988**
**ca06_pro_se_efiling@ca6.uscourts.gov**

MEGAN CALME & SARAH MATHEWS
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVE STE 400
NASHVILLE, TN 37203-1623
megan.calme@wilsonelser.com
sarah.mathews@wilsonelser.com

PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
PO BOX 20207
NASHVILLE, TN 37202-4015
peako.jenkins@ag.tn.gov

KATHRYN LYNN YARBROUGH
223 TOWN CENTER PKWY UNIT 1897
SPRING HILL, TN 37174-3040
kyarbrough@tnlaw.org

LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIR STE 100
FRANKLIN, TN 37064-8039
lcarson@buergerlaw.com

JACQUELYNE FIALA, CAROLINA MARTIN, & COURTNEY WILLIAMS
GORDON & REES SCULLY MANSUKHANI, LLP
4031 ASPEN GROVE DR STE 290
FRANKLIN, TN 37067-2951
jdfiala@grsm.com
cvmartin@grsm.com
ccwilliams@grsm.com

ALEXANDER SERGEY KOVAL
CLARK & WASHINGTON, P.C.
1321 MURFREESBORO PIKE STE 320
NASHVILLE, TN 37217-2858
akoval@alaw.net

ANTHONY NOEL & LAURA BASSETT
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN, PLLC
750 OLD HICKORY BLVD STE 200
BRENTWOOD TN 37027-4567
tony.noel@leitnerfirm.com
laura.bassett@leitnerfirm.com

ANICA CLARISSA JONES
U.S. ATTORNEY'S OFFICE
719 CHURCH ST STE 3300
NASHVILLE, TN 37203-7155
anica.jones@usdoj.gov

HILARY ANN BALLENTINE
PLUNKETT COONEY
38505 WOODWARD AVE STE 100
BLOOMFIELD HILLS, MI 48304-5096
sdensham@plunkettcooney.com

THOMAS E. ANDERSON
1187 OLD HICKORY BLVD STE 125
BRENTWOOD, TN 37027-4248
tommy@auctionzeppelin.com

WILLIAM HICKERSON
LOWE YEAGER & BROWN, PLLC
920 VOLUNTEER LANDING LN STE 200
KNOXVILLE, TN 37915-2584
wsh@lyblaw.net

JAMES ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220
jarheney@spraginslaw.com

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570
bchaness@rlselaw.com

B. GOLDAMMER & D. SUEDEKUM
KAY GRIFFIN, PLLC
222 2ND AVE N STE 340M
NASHVILLE, TN 37201-1649
bg@kaygriffin.com
dgrosko@kaygriffin.com

GEORGE CATE & KIMBERLY INGRAM-HOGAN
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238
gcate@bradley.com
kingram@bradley.com

ERIK HALVORSON
BRADLEY ARANT BOULT CUMMINGS
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238
ehalvorson@bradley.com

## ADDITIONAL ELECTRONIC SERVICE OPTIONS

As an additional resource for the defendants, their counsel, and the public at large, my website maintains three separate electronic court dockets—one for each of the Federal Courts involved to date (6th Cir.[1], TNMD[2], and MIWD[3]). Each electronic docket includes links to view and download the accessible court filings therein. This section can be reached via the "Court Dockets" link, located in the drop-down menu toward the right side of the top navigation bar, or directly at https://rico.fentonvstory.com/index.htm.

Immediately to the left of the "Court Dockets" drop-down menu is the "Defendant Notices" section, which contains many of my core filings listed in reverse chronological order, with my most recent filings listed first for quick and easy discovery. This section also links to an automatically indexed web directory containing the email service notices I sent to the defendants and/or their counsel along with the filings attached. This resource is directly accessible online at https://fentonvstory.com/notices/.

This website also hosts a digital service package for this lawsuit[4], an itemized declaration detailing the contents of that service package[5], an index[6] of documents filed in this federal lawsuit, most of my primary filings since service in a digital format[7], and free docket mirrors[8] styled after PACER for robust accessibility and ease of use.

---

1 https://rico.fentonvstory.com/25-5592/

2 https://rico.fentonvstory.com/3-24-cv-01282/

3 https://rico.fentonvstory.com/1-23-cv-01097/

4 https://fentonvstory.com/digital-service-package-for-lawsuit/

5 https://rico.fentonvstory.com/evidence/3-24-cv-01282_fenton-vs-story-lawsuit-service-pack-details.pdf

6 https://rico.fentonvstory.com/evidence/3-24-cv-01282_fenton-v-story-lawsuit-document-index.pdf

7 https://fentonvstory.com/defendant-notices/fenton-filings-since-service/

8 https://rico.fentonvstory.com/index.htm

For questions about this lawsuit, the related website, or to add, remove, or update your email address for notification about new filings, please email: **notice@fentonvstory.com.**

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

All rights and remedies available under applicable law, equity, and procedural rules are expressly reserved.

Executed on August 16, 2026.

JEFFREY RYAN FENTON
Pro Se Appellant/Plaintiff
Sixth Circuit No. 25-5592
P.O. Box 400
Linden, MI, 48451-0400
Notice@FentonvStory.com
https://FentonvStory.com
(P) 615.837.1300
#TNinjustice
#iAMhuman