RECEIVED

SEP 2 1 2026

KELLY L. STEPHENS, Clerk

**IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**[1]

| | |
|---|---|
| **JEFFREY RYAN FENTON,**<br>PLAINTIFF-APPELLANT<br>v.<br>**VIRGINIA LEE STORY ET AL.,**<br>DEFENDANTS-APPELLEES | **CASE NO. 25-5592** |

## MOTION TO EXTEND TIME TO RESPOND TO DOC NO. 55 AND, IF NECESSARY, ACCEPT RESPONSE OUT OF TIME

Plaintiff-Appellant Jeffrey Ryan Fenton respectfully requests 30 days after entry of an order granting this motion to file and serve his response to Hon. Charles Walker's Emergency Motion to Seal Docket Entry 50, filed August 31, 2026, as 6th Cir. Doc. 55. If the Court determines that the response period has expired, Appellant requests permission to file his response out of time within that period.

[1] This action was filed in the Western District of Michigan ("MIWD") on October 13, 2023, as No. 1:23-cv-01097, and transferred on October 25, 2024, under MIWD ECF 127 to the Middle District of Tennessee ("TNMD") as No. 3:24-cv-01282. MIWD uses "ECF No." and TNMD uses "Document"; both use "PageID" in their electronic file stamps. These are abbreviated ECF, DOC, and PID. Upon appeal, this case was docketed in the Sixth Circuit ("6th Cir.") as No. 25-5592. Internal citations to this lawsuit begin with the court—MIWD, TNMD, or 6th Cir.—omit the case name and number, and then identify the starting ECF or DOC number followed by the full PID range (may span multiple ECFs). Because the 6th Cir. does not use PageID in its file stamps, citations use "6th Cir. Doc." followed by the docket-entry number and standard page abbreviations where applicable. The Notice of Electronic Filing for the transfer to Tennessee is recorded in TNMD DOC 131, at which point the ECF/DOC sequence continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

## GROUNDS FOR ADDITIONAL TIME

On January 2, 2026, Appellant notified this Court of his change of address.[2] The docket entry for 6th Cir. Doc. 41 records that notice and states that his address was updated. Nevertheless, the August 31, 2026, certificate of service on 6th Cir. Doc. 55 identifies his former address: 17195 Silver Parkway #150, Fenton, MI 48430. His current mailing address is P.O. Box 400, Linden, MI 48451-0400. See 6th Cir. Doc. 41; 6th Cir. Doc. 55, p. 3.

On September 16, 2026, at 4:05 p.m., Appellant received an email[3] from Antoinette Macon, the Sixth Circuit case manager assigned to this appeal, providing a readable copy of 6th Cir. Doc. 55. He did not notice the email or review the motion until September 17, 2026. Before Ms. Macon provided that copy, he had not received the motion by U.S. mail or email, and he could not open the restricted document in PACER. See September 18, 2026, email,[4] pp. 1, 3.

The Court has repeatedly been notified of Appellant's significant cognitive and communication disabilities and the additional time he requires to review records and prepare written submissions. See 6th Cir. Doc. 46, p. 18, ¶¶ 5–7; 6th Cir. Doc. 50, pp. 34–35, ¶¶ 12–13. The delayed access and defective service compounded

---

2 https://fentonvstory.com/6/41.pdf

3 https://fentonvstory.com/6/2026-09-16_court-notice-of-motion-to-seal-doc-50.pdf

4 https://fentonvstory.com/6/2026-09-18_notice-of-defective-service-and-objection.pdf

those limitations. Thirty days will allow him to review the motion and affected records and prepare a focused response.

Appellant does not object to narrowly redacting Judge Walker's home address or any other litigant's home address. Over several months, he prepared and submitted redacted pages and digital files in multiple formats to the Michigan[5] and Tennessee[6] district courts and repeatedly sought a workable resolution with Walker's counsel.[7] Those efforts consumed hundreds of hours, yet substantive filings and evidence unrelated to the address remain concealed.[8] That problem now

[5] MIWD ECF 139, PID 5738–5947
MIWD ECF 140, PID 5948–5988
MIWD ECF 141, PID 5989–6096

[6] TNMD DOC 211, PID 689–729 | https://fentonvstory.com/t/211.htm
TNMD DOC 212, PID 730–907 | https://fentonvstory.com/t/212.htm
TNMD DOC 217, PID 1016–1057 (sealed)
TNMD DOC 218, PID 1058–Unknown (sealed)
TNMD DOC 219, PID Unknown–1119 (sealed)
TNMD DOC 222, PID 1164–1214 | https://fentonvstory.com/t/222.pdf

[7] https://fentonvstory.com/m/2024-10_comms-with-usat-about-redactions.pdf
https://fentonvstory.com/t/2024-11_comms-with-usat-about-redactions.pdf

[8] See MIWD ECF 141-1, PID 5995, ¶¶ 20–21 (declaration seeking limited redactions; reproduced in 6th Cir. Doc. 50, p. 139); TNMD DOC 212, PID 737–738, ¶¶ 28–39 (declaration and motion to limit redactions; reproduced in 6th Cir. Doc. 50, pp. 222–223); TNMD DOC 212-1, PID 759–762, 768, 770–778 (correspondence with Walker's counsel in Michigan and Tennessee and Appellant's executed proposed stipulation limiting redactions; reproduced in 6th Cir. Doc. 50, pp. 243–246, 252, 254–262); TNMD DOC 223, PID 1232, ¶ 64 (second motion to extend time for service; reproduced in 6th Cir. Doc. 50, p. 369); and TNMD DOC 224, PID 1340, ¶ 49 (second motion to stay dispositive motions; reproduced in 6th Cir. Doc. 50, p. 488).

extends to this Court through the restriction on the entire 743-page 6th Cir. Doc. 50—the first substantive filing in this appeal not previously narrowed in scope by the Court. Public access to that filing is particularly important because it allows scrutiny of the arguments and supporting evidence Appellant seeks to have considered. Appellant contends that this implementation has weaponized a narrow privacy concern into a substantial obstacle to presenting his case. The accumulated burden, compounded by his documented disabilities and delayed access to 6th Cir. Doc. 55, supports the additional time requested.

Federal Rule of Appellate Procedure 27(a)(3)(A) ordinarily allows a response within 10 days after service and expressly permits the Court to extend that period. Rule 26(b) authorizes an extension for good cause, including permission to act after a prescribed period has expired. Sixth Circuit Rule 26(a)(1) and (3) requires a written extension request explaining the circumstances of a late filing. The incorrect service address, lack of access to the motion, and documented disability-related limitations establish good cause for the relief requested here.

Appellant seeks a meaningful opportunity to respond, and requests that no failure to respond before receiving the motion be treated as consent to sealing. He requests that the Court defer final disposition of 6th Cir. Doc. 55 until it considers his response. He does not request public disclosure of Judge Walker's home address during the additional response period.

## RELIEF REQUESTED

Appellant requests permission to file and serve his response within 30 days after entry of the order granting this motion, including permission to file out of time if necessary under Rule 26(b). This alternative request does not concede proper service, waive his objection to the obsolete address, or concede that the response period began on August 31, 2026.

If the Court has already ruled on 6th Cir. Doc. 55, Appellant alternatively requests a copy and 30 days after entry of the order granting this motion to seek reconsideration, including leave to file out of time if necessary. See Fed. R. App. P. 26(b), 27(b); 6 Cir. R. 27(g), 45(c). Any substantive response or reconsideration motion will be filed separately.

## DECLARATION

I am the Plaintiff-Appellant and have personal knowledge of the following facts.

I notified the Court of my change of address through 6th Cir. Doc. 41 on January 2, 2026.[9] The certificate of service on 6th Cir. Doc. 55 identifies my former address. My current mailing address appears below.

When 6th Cir. Doc. 55 was filed, the Court had not yet enabled automated electronic filing notices for me, so I did not receive an automated notice of the filing.

---

9 https://fentonvstory.com/6/41.pdf

I also never received notice or a copy of that motion from opposing counsel, either by U.S. mail or by email. The document was restricted in PACER, so upon discovery I could not open it.

I received Ms. Antoinette Macon's email[10] providing a readable copy of 6th Cir. Doc. 55 on September 16, 2026, at 4:05 p.m. I did not notice the email or review the motion until September 17, 2026.

With the Court's assistance, I have since configured my account to receive automated electronic filing notices.

My cognitive and communication disabilities substantially slow my review of records and preparation of written submissions. I need the requested additional time to prepare my response.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing factual statements in this declaration are true and correct.

Executed on September 21, 2026.

JEFFREY RYAN FENTON
PRO SE PLAINTIFF-APPELLANT
SIXTH CIRCUIT NO. 25-5592
P.O. BOX 400, LINDEN, MI 48451-0400
NOTICE@FENTONVSTORY.COM
HTTPS://FENTONVSTORY.COM
(P) 615.837.1300
#TNINJUSTICE

[10] https://fentonvstory.com/6/2026-09-16_court-notice-of-motion-to-seal-doc-50.pdf

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A).

Microsoft Word reports a total of 1,482 words for this document, including text boxes, footnotes, and endnotes. That count is below the 5,200-word limit without deducting those portions that may be excluded under Rule 32(f).

The body of this motion was prepared in 14-point Times New Roman, a proportionally spaced serif typeface.

Executed on September 21, 2026.

**JEFFREY RYAN FENTON**
PRO SE PLAINTIFF-APPELLANT
SIXTH CIRCUIT NO. 25-5592
P.O. BOX 400, LINDEN, MI 48451-0400
NOTICE@FENTONVSTORY.COM
HTTPS://FENTONVSTORY.COM
(P) 615.837.1300
#TNINJUSTICE

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| **JEFFREY RYAN FENTON,**<br>PLAINTIFF-APPELLANT<br>V.<br>**VIRGINIA LEE STORY ET AL.,**<br>DEFENDANTS-APPELLEES | **CASE NO. 25-5592** |

# EXHIBIT 1

## SEPTEMBER 18, 2026 EMAIL NOTICE

*Appeal No. 25-5592 — Doc. 55: Sealing Objection, Incorrect Service, and Forthcoming Response*

Outlook

## Appeal No. 25-5592 — Doc. 55: Sealing Objection, Incorrect Service, and Forthcoming Response

**From** FENTON v. STORY ET AL. <notice@fentonvstory.com>
**Date** Fri 2026-09-18 18:04
**To** CA06_Pro_Se_Efiling <CA06_Pro_Se_Efiling@ca6.uscourts.gov>
**Cc** wildasin@usdoj.gov <wildasin@usdoj.gov>

2 attachments (6 MB)
25-5592.pdf; 41.pdf;

**ATTN: Ms. Antoinette Macon**

Hello Ms. Macon,

I'm writing to confirm receipt of the attached "HON. CHARLES WALKER'S EMERGENCY MOTION TO SEAL DOCKET ENTRY 50," docketed in appeal No. 25-5592 on August 31, 2026, as Doc. 55. I received your email providing the motion on September 16, 2026, at 4:05 p.m., but I did not notice the email or review its contents until September 17, 2026. The motion remains locked in PACER, and I received no notice of its filing from opposing counsel. Until you provided me with a copy, I had no access to this filing or its contents.

As I expressed during our telephone conversation on Wednesday afternoon (September 16, 2026), I absolutely object to the overly broad and burdensome scope of this motion and similar prior filings by the U.S. Attorney's Offices in Michigan and Tennessee.

I ask the filing attorney, Mark H. Wildasin, to cooperate with me in preparing a stipulated motion that protects Judge Walker's home address through narrowly targeted redactions without concealing unrelated substantive filings or supporting evidence. Please identify the specific passages requiring protection and explain why precise word- and line-level redactions would be insufficient to protect that information without blocking public access to entire pages or documents.

I am expressly placing Mr. Wildasin and the United States Attorney's Office on notice that I believe their efforts to suppress public access to this evidence constitute active participation in concealing completed federal felony offenses. My lawsuit concerns conduct by Judge Walker and others in bankruptcy case No. 3:19-bk-02693, including alleged bankruptcy fraud under **18 U.S.C. §§ 152 and 157**. Doc. 50, pages 22–23, identifies these issues and supporting records. I believe that this claimed address concern has been leveraged for improper purposes by the defendants and their counsel, as a pretext to conceal critical evidence of felony crimes committed by the defendants. I further believe that their continuing concealment of that evidence constitutes additional criminal conduct.

I request appropriate criminal-enforcement review of these allegations, including whether the subsequent concealment violates **18 U.S.C. § 4 — Misprision of felony**, which provides:

> "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both."

The Sixth Circuit's decision in **Shane Group, Inc. v. Blue Cross Blue Shield of Michigan**, 825 F.3d 299, 305–06 (6th Cir. 2016), states that **"the seal itself must be narrowly tailored to serve that reason."** The party seeking secrecy must overcome the strong presumption of public access with particularized justification. The court must make specific findings explaining why the restriction is necessary and no broader than required. I request that Mr. Wildasin withdraw or narrow the request to seal entire filings and cooperate in seeking appropriate redactions.

During our telephone conversation, you explained that Mr. Wildasin was supposed to mail notice of this filing to me. As I told you, I never received it. The Certificate of Service on page 3 states that notice was mailed to my former address:

Jeffrey Ryan Fenton
17195 Silver Parkway #150
Fenton, MI 48430

I updated my address in this appeal on January 2, 2026, in Doc. 41 (see attached 41.pdf). The docket expressly records: "Address has been updated." My current contact information is:

Jeffrey Ryan Fenton
P.O. Box 400
Linden, MI 48451-0400
Email: notice@fentonvstory.com

I am also providing notice that I will file a formal objection to Doc. 55, together with a motion to extend the response deadline and, to the extent necessary, for leave to file out of time. My response has been delayed because the motion was inaccessible to me in PACER and I did not receive the mailed notice. I first reviewed the motion on September 17, 2026, after noticing the email you had sent the preceding afternoon.

Please confirm whether the Court has ruled on Doc. 55 and provide any resulting order. Please also identify any order governing the current access restrictions on Docs. 50 and 55, together with the legal authority relied upon to impose or maintain those restrictions. Please provide the applicable filing instructions for my response and extension request.

I am copying Mr. Wildasin so that he can correct his service records, use my current address for future mailings, and respond to the concerns and requests stated above. **I also ask Mr. Wildasin to forward this email and its attachments to United States Attorney Braden H. Boucek and First Assistant United States Attorney Robert E. McGuire for supervisory review, and to confirm that he has done so.**

My request for supervisory review also concerns the United States Attorney's bankruptcy-enforcement responsibilities. Under 18 U.S.C. § 158(c) (https://www.law.cornell.edu/uscode/text/18/158), the designated United States Attorney has primary responsibility for carrying out the duties established by 18 U.S.C. § 3057 (https://www.law.cornell.edu/uscode/text/18/3057). Section 3057(b) requires inquiry into the facts and a report to the judge following a report under § 3057(a) by a judge, receiver, or trustee. I request that the evidence identified here be referred to the appropriate criminal-enforcement personnel for assessment and investigation, and that any applicable inquiry and reporting obligations be fulfilled and thoroughly documented.

Thank you for your assistance.

Jeff Fenton

notice@fentonvstory.com
(615) 837-1300

P.O. BOX 400
LINDEN, MI 48451-0400

**Case Name: Fenton v. Story et al.**

**3-MIN Intro Video** about this Federal Lawsuit: https://www.youtube.com/watch?v=sZJmZqxKmZ8

United States Court of Appeals for the Sixth Circuit | Case #25-5592 | Filed 6/20/2025 | Docket: https://rico.fentonvstory.com/25-5592/ | Court Listener

United States District Court for the Middle District of Tennessee | Case #3:24-cv-01282 | Transferred 10/25/2024 | Docket: https://rico.fentonvstory.com/3-24-cv-01282/ | Court Listener

United States District Court for the Western District of Michigan | Case #1:23-cv-01097 | Filed 10/13/2023 | Docket: https://rico.fentonvstory.com/1-23-cv-01097/ | Court Listener

FENTON v. STORY (1:23-cv-1097) http://rico.jefffenton.com/discovery/
https://casetext.com/case/fenton-v-story
Fraud on the Court by Officers of the Court: Williamson County Chancery Court Docket #48419B

**SLAM the GAVEL Podcast Interview** from 8/4/2024 about my RICO Lawsuit with Authors Brian Vukadinovich and Maryann Petri: https://www.youtube.com/watch?v=plg5eEEnVuU

**Brian Vukadinovich** is the author of MOTION for JUSTICE (I Rest My Case), and Rogues in Black Robes (Destroying Lives and Committing Crimes with No True Accountability).

**Maryann Petri** is the author of RAISED BY THESE WOLVES (How Family and Federal Courts are Failing our Children), Dismantling Family Court Corruption (Why Taking the Kids Was Not Enough). Maryann is also the host of SLAM the GAVEL Podcast, focused on all family court topics, trauma, and healing.

**From:** CA06_Pro_Se_Efiling <CA06_Pro_Se_Efiling@ca6.uscourts.gov>
**Sent:** Wednesday, September 16, 2026 4:05 PM
**To:** FENTON v. STORY ET AL. <notice@fentonvstory.com>
**Subject:** 25-5592 Jeffrey Fenton v. Virginia Story, et al

Good afternoon Mr. Fenton,

This is a copy of the Emergency motion to seal docket entry #50.

Thank you,
Antoinette

<u>**DOCUMENTS REGARDING**</u> (<u>CASE: 25-5592</u>):

1. Motion to Extend Time to Respond to DOC No. 55 and, if Necessary, Accept Response Out of Time

## CERTIFICATE OF SERVICE

I certify that on September 21, 2026, I'm serving the foregoing (or above captioned) documents by email upon the persons listed below, at the email addresses shown, by open carbon copy, contemporaneously with their submission to the United States Court of Appeals for the Sixth Circuit.

Pursuant to Sixth Circuit Rule 25(f)(1)(A), the Court's Notice of Docket Activity constitutes service on registered attorneys, and no additional service on those attorneys is required. The direct email copies sent to those attorneys are provided as an additional precaution.

Anyone wishing to add, update, or remove an email address from this service-notification list should direct their request, along with any related questions or concerns, to **notice@fentonvstory.com** for prompt handling. Please include this

address on your approved-sender list (whitelist) and ensure that your email system can receive emails and PDF attachments from that address.

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**
POTTER STEWART U.S. COURTHOUSE
100 EAST FIFTH STREET, ROOM 540
CINCINNATI, OHIO 45202-3988
ca06_pro_se_efiling@ca6.uscourts.gov

MEGAN CALME & SARAH MATHEWS
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVE STE 400
NASHVILLE, TN 37203-1623
megan.calme@wilsonelser.com
sarah.mathews@wilsonelser.com

MARK H. WILDASIN
U.S. ATTORNEY'S OFFICE
719 CHURCH ST STE 3300
NASHVILLE, TN 37203
mark.wildasin@usdoj.gov

KATHRYN LYNN YARBROUGH
223 TOWN CENTER PKWY UNIT 1897
SPRING HILL, TN 37174-3040
kyarbrough@tnlaw.org

LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIR STE 100
FRANKLIN, TN 37064-8039
lcarson@buergerlaw.com

JACQUELYNE FIALA, CAROLINA MARTIN, & COURTNEY WILLIAMS
GORDON & REES SCULLY MANSUKHANI, LLP
4031 ASPEN GROVE DR STE 290
FRANKLIN, TN 37067-2951
jdfiala@grsm.com
cvmartin@grsm.com
ccwilliams@grsm.com

ALEXANDER SERGEY KOVAL
CLARK & WASHINGTON, P.C.
1321 MURFREESBORO PIKE STE 320
NASHVILLE, TN 37217-2858
akoval@alaw.net

ANTHONY NOEL & LAURA BASSETT
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN, PLLC
750 OLD HICKORY BLVD STE 200
BRENTWOOD TN 37027-4567
tony.noel@leitnerfirm.com
laura.bassett@leitnerfirm.com

ANICA CLARISSA JONES
U.S. ATTORNEY'S OFFICE
719 CHURCH ST STE 3300
NASHVILLE, TN 37203-7155
anica.jones@usdoj.gov

HILARY ANN BALLENTINE
PLUNKETT COONEY
38505 WOODWARD AVE STE 100
BLOOMFIELD HILLS, MI 48304-5096
sdensham@plunkettcooney.com

THOMAS E. ANDERSON
1187 OLD HICKORY BLVD STE 125
BRENTWOOD, TN 37027-4248
tommy@auctionzeppelin.com

WILLIAM HICKERSON
LOWE YEAGER & BROWN, PLLC
920 VOLUNTEER LANDING LN STE 200
KNOXVILLE, TN 37915-2584
wsh@lyblaw.net

JAMES ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220
jarheney@spraginslaw.com

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570
bchaness@rlselaw.com

B. GOLDAMMER & D. SUEDEKUM
KAY GRIFFIN, PLLC
222 2ND AVE N STE 340M
NASHVILLE, TN 37201-1649
bg@kaygriffin.com
dgrosko@kaygriffin.com

GEORGE CATE & KIMBERLY INGRAM-HOGAN
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238
gcate@bradley.com
kingram@bradley.com

ERIK HALVORSON
BRADLEY ARANT BOULT CUMMINGS
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238
ehalvorson@bradley.com

---

**WEBSITE PUBLICATION AND SELF-SERVICE RESOURCES**

As an additional resource for the defendants, their counsel, and the public at large, my website maintains three separate electronic court dockets—one for each of the Federal Courts involved to date (6th Cir.,[1] TNMD,[2] and MIWD[3]). Each electronic docket includes links to view and download the accessible court filings therein. This section can be reached via the "Court Dockets" link, located in the drop-down menu toward the right side of the top navigation bar, or directly at https://fentonvstory.com/e/dockets.

1 https://rico.fentonvstory.com/25-5592/

2 https://rico.fentonvstory.com/3-24-cv-01282/

3 https://rico.fentonvstory.com/1-23-cv-01097/

Immediately to the left of the "Court Dockets" drop-down menu is the "Defendant Notices" section, which contains many of my core filings listed in reverse chronological order, with my most recent filings listed first for quick and easy discovery. This section also links to an automatically indexed web directory containing the email service notices I sent to the defendants and/or their counsel along with the filings attached. This resource is directly accessible online at https://fentonvstory.com/notices/.

This website also hosts a digital service package for this lawsuit,[4] an itemized declaration detailing the contents of that service package,[5] an index[6] of documents filed in this federal lawsuit, most of my primary filings since service in a digital format,[7] and free docket mirrors[8] styled after PACER for robust accessibility and ease of use.

For questions about this lawsuit, the related website, or to add, remove, or update your email address for notification about new filings, please email: **notice@fentonvstory.com**.

---

[4] https://fentonvstory.com/digital-service-package-for-lawsuit/

[5] https://fentonvstory.com/e/service-details.pdf

[6] https://fentonvstory.com/e/document-index.pdf

[7] https://fentonvstory.com/e/filings-since-service

[8] https://fentonvstory.com/e/dockets

## CERTIFICATION AND DECLARATION

By signing below, I certify that this document has been executed honestly, in good faith, and in the pursuit of substantial justice.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

All rights and remedies available under applicable law, equity, and procedural rules are expressly reserved.

Executed on September 21, 2026.

**JEFFREY RYAN FENTON**
PRO SE PLAINTIFF-APPELLANT
SIXTH CIRCUIT NO. 25-5592
P.O. BOX 400, LINDEN, MI 48451-0400
NOTICE@FENTONVSTORY.COM
HTTPS://FENTONVSTORY.COM
(P) 615.837.1300
#TNINJUSTICE