No. 25-5592

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 25, 2026
KELLY L. STEPHENS, Clerk

JEFFREY RYAN FENTON,

Plaintiff - Appellant,

v.

VIRGINIA LEE STORY, et al.,

Defendants - Appellees.

O R D E R

Before: COLE, BLOOMEKATZ, and RITZ, Circuit Judges.

Jeffrey Ryan Fenton, proceeding without counsel, appeals the district court's judgment dismissing his amended complaint and order denying relief under Federal Rule of Civil Procedure 59(e). Fenton moves for leave to seek reconsideration of the August 4, 2025 clerk's order out of time, suggesting also that he cannot brief the appeal because other threshold procedural matters are unresolved. He has filed his motion to reconsider and nominally moves to reconsider the order denying him pauper status on appeal.

Fenton did not file a timely motion to reconsider the clerk's order, because, as he says, he was unaware of the 14-day deadline, CA6 R. 50, Mot., at 10-11, and a 14-day period is insufficient in light of his "disabilities [and] pro se status," CA6 R. 46, Mot., at 3. But, it is not clear that his circumstances justify filing ten months late. And, even if we were inclined to grant leave to seek reconsideration out of time, Fenton cannot demonstrate that the clerk overlooked or misapprehended a point of law or fact in her August 4, 2025 order. His motion for leave to seek reconsideration out of time is denied.

We also deny the motions to extend time and to reconsider to the extent they seek other relief. Without citing any authority, Fenton suggests that the court should resolve his other issues—being "forced to carry the entire burden of defending access, service, procedure, truth-certification, and merits preservation without any defendant having filed an honest sworn answer on the merits"—prior to briefing. *Id.* at. 6. But under the Federal Rules of Appellate Procedure (FRAP), a motion "must state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." Fed. R. App. P. 27(2)(A). Fenton may present his arguments about error in the proceedings below in his brief and any appropriate motion under the FRAP.

Finally, the Americans with Disabilities Act does not apply to the federal judiciary. *E.g.*, *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012) ("[T]he ADA does not apply to federal courts."); *United States v. Wishart*, 146 F. App'x 171, 173 (9th Cir. 2005) ("By definition, the ADA does not apply to the federal government."). Although the court provides services to individuals with communications disabilities, these accommodations are generally limited to courtroom proceedings. *See Guide to Judiciary Policy*, Vol. 5, Ch. 2 § 255. And, despite Fenton's adamance that he is disabled, he does not seek specific narrow relief, i.e., a brief extension of time to file his brief or for court-orders to be provided to him in an enlarged font. His various requests for oversized briefs and/or multiple briefs are denied. Fenton may file a single brief up to 13,000 words. Fed. R. App. P. 28.1(e)(2)(i). The clerk is directed not to accept any supplemental briefs or other pleadings, or any brief greater than the limits of the FRAP. Simply put, Fenton is not entitled to the extraordinary relief he seeks.

Accordingly, we wholly DENY Fenton's motions. Fenton has not demonstrated good cause to justify rehearing out of time, and he does not demonstrate that the clerk erred. By failing

to develop argument relating to the denial of pauper status, he has waived the issue. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). However, we offer the following:

- Briefing extensions are disfavored. 6 Cir. R. 26(a)(1), 6 Cir. I.O.P. 26(a). However, the court may grant reasonable extensions for demonstrated good cause. Fed. R. App. P. 26(b). If and as needed, Fenton may seek reasonable extensions from deadlines in accordance with the Rules.
- Fenton may submit documents containing his written signature in PDF format to the court's pro se email box at CA06_Pro_Se_Efiling@ca6.uscourts.gov. 6 Cir. R. 25(b)(2)(A), (d)(3).
- As Fenton proceeds pro se, the clerk will serve him in paper. If Fenton seeks electronic notice of filings, he may register as a "Public Interested Person." Instructions are available on the court's website under the Attorneys tab, the "E-Filing Information" link, and "Receive Notices as an Interested Party."
- Should the court determine that oral argument is necessary, Fenton may contact the clerk in advance to discuss any necessary accommodation.

The clerk will issue a new briefing schedule. Fenton is advised that failure to meet deadlines may result in dismissal of the appeal for want of prosecution.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens

Kelly L. Stephens, Clerk