RECEIVED

OCT 01 2026

KELLY L. STEPHENS, Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**[1]

| | |
|---|---|
| **JEFFREY RYAN FENTON,**<br>PLAINTIFF-APPELLANT<br>V.<br>**VIRGINIA LEE STORY** ET AL.,<br>DEFENDANTS-APPELLEES | **CASE NO. 25-5592** |

## MOTION TO PRESERVE NATIVE, DIGITALLY CREATED PDF FILES, MAINTAIN SEPARATE ATTACHMENTS, AND TO CORRECT OR REPLACE DEGRADED SCANNED DOCKET COPIES

Plaintiff-Appellant Jeffrey Ryan Fenton moves under Federal Rule of Appellate Procedure 27 and Sixth Circuit Rule 25 for an order preserving the native electronic characteristics of digitally created PDF files submitted to the Court, maintaining separately submitted attachments as separate electronic documents, correcting or

[1] This action was filed in the Western District of Michigan ("MIWD") on October 13, 2023, as No. 1:23-cv-01097, and transferred on October 25, 2024, under MIWD ECF 127 to the Middle District of Tennessee ("TNMD") as No. 3:24-cv-01282. MIWD uses "ECF No." and TNMD uses "Document"; both use "PageID" in their electronic file stamps. These are abbreviated ECF, DOC, and PID. Upon appeal, this case was docketed in the Sixth Circuit ("6th Cir.") as No. 25-5592. Internal citations to this lawsuit begin with the court—MIWD, TNMD, or 6th Cir.—omit the case name and number, and then identify the starting ECF or DOC number followed by the full PID range (may span multiple ECFs). Because the 6th Cir. does not use PageID in its file stamps, citations use "6th Cir. Doc." followed by the docket-entry number and standard page abbreviations where applicable. The Notice of Electronic Filing for the transfer to Tennessee is recorded in TNMD DOC 131, at which point the ECF/DOC sequence continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

replacing degraded scanned docket copies of 6th Cir. Docs. 51 and 58 from the verified source files received by the Clerk, and promptly restructuring 6th Cir. Doc. 50 so its component documents can be maintained and, where necessary, restricted individually rather than as an all-or-nothing 743-page filing.[2] The requested relief does not alter substantive content, signatures, filing dates, or existing access restrictions except to permit narrower treatment of individual Doc. 50 components.

**GROUNDS FOR RELIEF**

1. Sixth Circuit Rule 25(a)(2) provides that electronically filed documents must be in PDF format and, when possible, must be in Native PDF format and not created by scanning.[3] Rule 25(b)(2)(A) permits a non-incarcerated pro se party in a civil action to submit permissible documents to the Court's designated email box.[4] Rule 25(e)(1)(B)(ii) addresses the filing by the Court of documents electronically transmitted by a pro se party, and Rule 25(e)(2) makes the electronic version of filed

---

[2] Sixth Circuit Guide to Electronic Filing, "Filing a Motion," Upload Documents (permitting additional documents to be uploaded separately and individually described), available at:

https://www.ca6.uscourts.gov/sites/ca6/files/documents/electronic_case_filing/FilingMotion.pdf

[3] Sixth Circuit Rule 25(a)(2), Form of Electronic Filing, requiring electronically filed documents to be in PDF format and, when possible, in Native PDF format and not created by scanning, available at:

https://www.ca6.uscourts.gov/rules-and-procedures/local-rules-frap-local-rules-iops

[4] Sixth Circuit Notice Regarding Pro Se Filing (confirming that non-incarcerated pro se parties may submit permissible documents to the Court's designated pro se email address for electronic filing), available at:

https://www.ca6.uscourts.gov/filing-without-attorney/notice-regarding-pro-se-filing

documents the official record. Appellant asks that those provisions be applied in a manner that preserves, rather than unnecessarily degrades, the electronic files actually transmitted to the Court.

2. The problem is current and recurring. On September 21, 2026, Appellant electronically transmitted his Motion to Extend Time to Respond to Doc. 55, a supporting exhibit, and a separate certificate of service to the Court's designated pro se filing email address as separate PDF attachments. At 9:18 a.m. he sent a corrected version of the exhibit because the date was not visible in the first version, expressly advising that the remaining files were identical. The Court therefore received discrete electronic source files whose identity and sequence were apparent from the submission itself.

3. The source motion submitted on September 21 was a seven-page digitally created PDF prepared in 14-point Times New Roman. It contains native electronic text and document bookmarks. The copy docketed as 6th Cir. Doc. 58, however, combines the motion, exhibit, and certificate of service into a single 18-page file[5] and visibly presents the filing as a degraded black-and-white scanned copy rather than preserving the appearance and native structure of the digitally created source PDF. The docketed copy has no PDF bookmarks. Appellant requests correction or

[5] https://fentonvstory.com/6/58.pdf

replacement from the verified electronic source files already transmitted to the Court.

4. The same problem is visible in 6th Cir. Doc. 51.[6] The substantive body of that filing appears as degraded black-and-white scanned pages rather than the native, digitally created electronic document Appellant prepared and submitted. It contains no PDF bookmarks or active document navigation comparable to the source-file functionality. Appellant requests correction or replacement from the corresponding signed electronic source after verification against the filed document.

5. This degradation is not merely cosmetic. Searchable native text, legible color, bookmarks, hyperlinks, image quality, and document boundaries are functional review tools. They help the Court and the parties identify headings, citations, exhibits, signatures, referenced evidence, and the relationship among parts of a filing. Converting a digitally created filing into a degraded black-and-white scanned copy makes the document less readable, less navigable, and less faithful to the form actually submitted.

6. 6th Cir. Doc. 50 illustrates why preservation matters. It is a 743-page filing containing a 28-page principal motion, a 13-page supporting declaration, a supporting-document inventory at pages 42–43, and separately identified Exhibits A–X beginning at page 44. The filing is lengthy because it includes substantial

---

[6] https://fentonvstory.com/6/51.pdf

procedural history, record citations, and supporting evidence necessary to support the requested relief, consistent with Federal Rule of Appellate Procedure 27(a)(2)(B). In a filing of that scale, searchable text, bookmarks, working links, color where used, and clear document boundaries materially assist review; they are not decoration.

7. The loss of electronic quality also compounds a recurring problem Appellant has already described in the record. Appellant has repeatedly explained that when prior filings, evidence, and corrective submissions are not substantively addressed or are not reflected in later treatment of the case, he must restate and reconstruct matters already presented. See, e.g., 6th Cir. Doc. 50, pp. 31–32. If the underlying filing is then reduced from the digitally created source to a degraded image-based reproduction, later reviewers encounter a less usable version of the very record Appellant may be required to rely upon again. The cumulative effect is additional time, duplication, and a greater risk that material already in the record will be harder to locate, distinguish, understand, or evaluate.

8. This concern is particularly significant because the Court has repeatedly been given notice of Appellant's cognitive and communication limitations, including difficulty with organization, sequencing, concentration, compression of long written work, task switching, and work under short deadlines. See 6th Cir. Doc. 50, pp. 30,

34–35. Preserving native electronic functionality reduces avoidable navigation and reconstruction burdens and supports meaningful access to the record.

9. Appellant does not ask the Court to enhance his filings, alter their substance, or provide preferential presentation. He asks that the electronic PDFs he actually submits be preserved, where technically permissible, in substantially the same digital form in which they are received. If a technical, security, privacy, or system requirement necessitates conversion, Appellant asks that the least destructive compliant method be used and that he be informed how to supply a compliant source that preserves the greatest available functionality.

10. Separate attachment identity is also important. The Court's electronic-filing instructions allow additional documents to be uploaded and individually described within a filing. The district courts in this litigation have likewise maintained principal filings and supporting exhibits as separately identifiable docket documents. Maintaining separately submitted exhibits and supporting documents as separate PDF attachments improves navigation and permits a particular document or passage to be restricted or redacted without unnecessarily restricting unrelated material. That issue is concrete here because 6th Cir. Doc. 55 seeks sealing of material contained within the 743-page 6th Cir. Doc. 50. The Court need not await final disposition of 6th Cir. Doc. 55 to correct the structural problem. Re-docketing the already-filed components of 6th Cir. Doc. 50 as individual PDF attachments would provide an

immediate practical remedy, preserve the existing filing date and record, and allow any necessary restriction to be confined to the particular document containing protected information rather than the entire filing.

## RELIEF REQUESTED

11. Preserve the original electronic source files and identifying filenames received through the Court's designated pro se filing email address before any conversion, combination, rasterization, or other processing used to create a docket copy.

12. Authorize correction or replacement of 6th Cir. Docs. 51 and 58 using the corresponding verified electronic source files. Preserve native text, available color, bookmarks, hyperlinks, image quality, and other ordinary PDF functionality to the extent present in the submitted files and consistent with Court requirements. Retain the existing degraded docket copies as part of the filing history and identify any corrected or replacement copies by docket notation or cross-reference.

13. Promptly re-docket the component documents comprising 6th Cir. Doc. 50 as individually maintained PDF attachments under the same filing, including the principal motion, supporting declaration, supporting-document inventory, and each separately identified exhibit, while preserving the existing 743-page Doc. 50 as part of the filing history. This is a practical remedy that can be implemented now without waiting for final disposition of 6th Cir. Doc. 55. If the Court determines that Judge

Walker's home address or any other specific information requires protection, Appellant requests that only the particular document, page, or portion containing that information be restricted or redacted, while the remaining components that do not contain protected information remain accessible. The presence of protected information in one component should not require continued restriction of hundreds of unrelated pages where the documents can readily be maintained separately.

14. For future permissible pro se electronic submissions, preserve native PDF characteristics to the extent technically feasible and maintain separately transmitted PDFs as separate attachments unless a Court requirement makes combination necessary.

15. If a technical or security requirement prevents preservation of a submitted electronic file, identify the applicable requirement and provide instructions for supplying a compliant file with the least necessary loss of searchability, color, navigation, links, image quality, or document structure.

16. Preserve existing filing and receipt dates, substantive contents, signatures, and citation references. Treat corrected or replacement electronic copies and separately re-docketed components as corrections to existing filings rather than new substantive submissions. Nothing in this motion asks the Court to prejudge the merits of 6th Cir. Doc. 55; the requested restructuring of 6th Cir. Doc. 50 instead supplies a narrower filing architecture that can be implemented immediately and can

accommodate whatever particular restriction, if any, the Court later determines is warranted.

## CONCLUSION

WHEREFORE, Appellant respectfully requests an order preserving the native electronic characteristics and separate-document identity of digitally created PDF files, correcting or replacing the degraded scanned docket copies identified above from verified source files, promptly re-docketing the component documents of 6th Cir. Doc. 50 as separate PDF attachments under the existing filing so that any necessary restriction can be limited to the specific material requiring protection, and providing any necessary technical instructions for future submissions.

Executed on October 1, 2026.

**JEFFREY RYAN FENTON**
PRO SE PLAINTIFF-APPELLANT
SIXTH CIRCUIT NO. 25-5592
P.O. BOX 400, LINDEN, MI 48451-0400
NOTICE@FENTONVSTORY.COM
HTTPS://FENTONVSTORY.COM
(P) 615.837.1300
#TNINJUSTICE

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A).

A computer-generated count of the caption, title, motion, and signature-block text totals 1,669 words. That count is below the 5,200-word limit without deducting those portions that may be excluded under Rule 32(f).

The body of this motion was prepared in 14-point Times New Roman, a proportionally spaced serif typeface.

Executed on October 1, 2026.

**JEFFREY RYAN FENTON**
PRO SE PLAINTIFF-APPELLANT
SIXTH CIRCUIT NO. 25-5592
P.O. BOX 400, LINDEN, MI 48451-0400
NOTICE@FENTONVSTORY.COM
HTTPS://FENTONVSTORY.COM
(P) 615.837.1300
#TNINJUSTICE

**DOCUMENTS REGARDING (CASE: 25-5592):**

1. Motion to Preserve Native, Digitally Created PDF Files, Maintain Separate Attachments, and to Correct or Replace Degraded Scanned Docket Copies

## CERTIFICATE OF SERVICE

I certify that on October 1, 2026, I'm serving the foregoing (or above captioned) documents by email upon the persons listed below, at the email addresses shown, by open carbon copy, contemporaneously with their submission to the United States Court of Appeals for the Sixth Circuit.

Pursuant to Sixth Circuit Rule 25(f)(1)(A), the Court's Notice of Docket Activity constitutes service on registered attorneys, and no additional service on those attorneys is required. The direct email copies sent to those attorneys are provided as an additional precaution.

Anyone wishing to add, update, or remove an email address from this service-notification list should direct their request, along with any related questions or concerns, to **notice@fentonvstory.com** for prompt handling. Please include this

address on your approved-sender list (whitelist) and ensure that your email system can receive emails and PDF attachments from that address.

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**
POTTER STEWART U.S. COURTHOUSE
100 EAST FIFTH STREET, ROOM 540
CINCINNATI, OHIO 45202-3988
ca06_pro_se_efiling@ca6.uscourts.gov

MEGAN CALME & SARAH MATHEWS
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVE STE 400
NASHVILLE, TN 37203-1623
megan.calme@wilsonelser.com
sarah.mathews@wilsonelser.com

PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
PO BOX 20207
NASHVILLE, TN 37202-4015
peako.jenkins@ag.tn.gov

KATHRYN LYNN YARBROUGH
223 TOWN CENTER PKWY UNIT 1897
SPRING HILL, TN 37174-3040
kyarbrough@tnlaw.org

LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIR STE 100
FRANKLIN, TN 37064-8039
lcarson@buergerlaw.com

JACQUELYNE FIALA & COURTNEY WILLIAMS
GORDON & REES SCULLY MANSUKHANI, LLP
4020 ASPEN GROVE DR STE 500
FRANKLIN, TN 37067-3130
jdfiala@grsm.com
ccwilliams@grsm.com

KATHLEEN WUBKER
GORDON & REES SCULLY MANSUKHANI, LLP
13361 ATLANTIC BLVD
JACKSONVILLE FL 32225-5569
kwuker@grsm.com

CAROLINA MARTIN
QUINTAIROS, PRIETO, WOOD & BOYER
365 NORTHRIDGE RD STE 230
SANDY SPRINGS GA 30350-6100
carolina.martin@qpwblaw.com

ALEXANDER SERGEY KOVAL
CLARK & WASHINGTON, P.C.
1321 MURFREESBORO PIKE STE 320
NASHVILLE, TN 37217-2858
akoval@alaw.net

ANTHONY NOEL & LAURA BASSETT
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN, PLLC
750 OLD HICKORY BLVD STE 200
BRENTWOOD TN 37027-4567
tony.noel@leitnerfirm.com
laura.bassett@leitnerfirm.com

MARK H. WILDASIN
U.S. ATTORNEY'S OFFICE
719 CHURCH ST STE 3300
NASHVILLE, TN 37203
mark.wildasin@usdoj.gov

HILARY ANN BALLENTINE
PLUNKETT COONEY
38505 WOODWARD AVE STE 100
BLOOMFIELD HILLS, MI 48304-5096
hballentine@plunkettcooney.com

THOMAS E. ANDERSON
1187 OLD HICKORY BLVD STE 125
BRENTWOOD, TN 37027-4248
tommy@auctionzeppelin.com

WILLIAM HICKERSON
LOWE YEAGER & BROWN, PLLC
920 VOLUNTEER LANDING LN STE 200
KNOXVILLE, TN 37915-2584
wsh@lyblaw.net

JAMES ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220
jarheney@spraginslaw.com

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570
bchaness@rlselaw.com

GEORGE CATE & KIMBERLY INGRAM-HOGAN
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238
gcate@bradley.com
kingram@bradley.com

BENJAMIN GOLDAMMER
BURR & FORMAN
222 2ND AVE N STE 2000
NASHVILLE TN 37201-1646
bgoldammer@burr.com

ERIK HALVORSON
BRADLEY ARANT BOULT CUMMINGS
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238
ehalvorson@bradley.com

**WEBSITE PUBLICATION AND SELF-SERVICE RESOURCES**

As an additional resource for the defendants, their counsel, and the public at large, my website maintains three separate electronic court dockets—one for each of the Federal Courts involved to date (6th Cir.,[1] TNMD,[2] and MIWD[3]). Each electronic docket includes links to view and download the accessible court filings therein. This section can be reached via the "Court Dockets" link, located in the

---

[1] https://rico.fentonvstory.com/25-5592/

[2] https://rico.fentonvstory.com/3-24-cv-01282/

[3] https://rico.fentonvstory.com/1-23-cv-01097/

drop-down menu toward the right side of the top navigation bar, or directly at https://fentonvstory.com/e/dockets.

Immediately to the left of the "Court Dockets" drop-down menu is the "Defendant Notices" section, which contains many of my core filings listed in reverse chronological order, with my most recent filings listed first for quick and easy discovery. This section also links to an automatically indexed web directory containing the email service notices I sent to the defendants and/or their counsel along with the filings attached. This resource is directly accessible online at https://fentonvstory.com/notices/.

This website also hosts a digital service package for this lawsuit,[4] an itemized declaration detailing the contents of that service package,[5] an index[6] of documents filed in this federal lawsuit, most of my primary filings since service in a digital format,[7] and free docket mirrors[8] styled after PACER for robust accessibility and ease of use.

For questions about this lawsuit, the related website, or to add, remove, or update your email address for notification about new filings, please email: **notice@fentonvstory.com**.

---

4 https://fentonvstory.com/digital-service-package-for-lawsuit/

5 https://fentonvstory.com/e/service-details.pdf

6 https://fentonvstory.com/e/document-index.pdf

7 https://fentonvstory.com/e/filings-since-service

8 https://fentonvstory.com/e/dockets

## CERTIFICATION AND DECLARATION

By signing below, I certify that this document has been executed honestly, in good faith, and in the pursuit of substantial justice.

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

All rights and remedies available under applicable law, equity, and procedural rules are expressly reserved.

Executed on October 1, 2026.

**JEFFREY RYAN FENTON**
PRO SE PLAINTIFF-APPELLANT
SIXTH CIRCUIT NO. 25-5592
P.O. BOX 400, LINDEN, MI 48451-0400
NOTICE@FENTONVSTORY.COM
HTTPS://FENTONVSTORY.COM
(P) 615.837.1300
#TNINJUSTICE