RECEIVED
10/05/2026
KELLY L. STEPHENS, Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT[1]

| | |
|---|---|
| **JEFFREY RYAN FENTON,**<br>PLAINTIFF-APPELLANT<br>V.<br>**VIRGINIA LEE STORY ET AL.,**<br>DEFENDANTS-APPELLEES | **CASE NO. 25-5592** |

**APPELLANT'S COMBINED MOTION FOR RECONSIDERATION AND PANEL REVIEW OF DOCKET ENTRIES 31-1 AND 42-1, THRESHOLD ACCESS REVIEW, STAY AND MODIFICATION OF BRIEFING, AND EXPEDITED CONSIDERATION**

Jeffrey Ryan Fenton, proceeding without counsel, moves under Federal Rules of Appellate Procedure 2, 26(b), 27(b)–(c), and 32(e), and Sixth Circuit Rules 2, 27(g), and 45(c). This single filing presents two distinct requests: reconsideration and

[1] This action was filed in the Western District of Michigan ("MIWD") on October 13, 2023, as No. 1:23-cv-01097, and transferred on October 25, 2024, under MIWD ECF 127 to the Middle District of Tennessee ("TNMD") as No. 3:24-cv-01282. MIWD uses "ECF No." and TNMD uses "Document"; both use "PageID" in their electronic file stamps. These are abbreviated ECF, DOC, and PID. Upon appeal, this case was docketed in the Sixth Circuit ("6th Cir.") as No. 25-5592. Internal citations to this lawsuit begin with the court—MIWD, TNMD, or 6th Cir.—omit the case name and number, and then identify the starting ECF or DOC number followed by the full PID range (may span multiple ECFs). Because the 6th Cir. does not use PageID in its file stamps, citations use "6th Cir. Doc." followed by the docket-entry number and standard page abbreviations where applicable. The Notice of Electronic Filing for the transfer to Tennessee is recorded in TNMD DOC 131, at which point the ECF/DOC sequence continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

judicial review of the clerk's order at 6th Cir. Doc. 31-1[2], and reconsideration and panel review of the single-judge order at 6th Cir. Doc. 42-1[3]. It also seeks clarification concerning the remaining unresolved requests in 6th Cir. Doc. 46[4] and the scope and effect of 6th Cir. Doc. 47[5], together with a finite briefing structure that will permit a claim-, defendant-, and ground-specific opening brief.

This combined motion is filed by the July 27, 2026, due date identified in 6th Cir. Doc. 47. The substantive requests concerning 6th Cir. Docs. 31-1 and 42-1 are presented under the reconsideration and review procedures identified below, and Appellant asks the Court to construe the filing according to its substance.

## RELIEF REQUESTED

Appellant asks the Court to:

1. Treat this filing as one combined request while separately analyzing 6th Cir. Doc. 31-1 as a clerk's order and 6th Cir. Doc. 42-1 as a single-judge order;

2. Construe each request according to its substance under the procedural vehicle the Court determines applies, and grant leave for delayed review to the extent leave is required;

[2] https://rico.fentonvstory.com/25-5592/doc/31-1.pdf

[3] https://rico.fentonvstory.com/25-5592/doc/42-1.pdf

[4] https://rico.fentonvstory.com/25-5592/doc/46.pdf

[5] https://rico.fentonvstory.com/25-5592/doc/47.pdf

3. Review the treatment of 6th Cir. Doc. 24[6] reflected in 6th Cir. Doc. 31-1; reconsider, vacate, or modify the continuing filing and access restrictions or denials, with judicial review and, wherever permitted by the Court's rules, panel review;

4. Reconsider 6th Cir. Doc. 42-1, submit it for panel review, and vacate or modify its no-good-faith determination, or clarify that the determination neither decides nor narrows the merits of the appeal;

5. Clarify which material requests in 6th Cir. Doc. 46 remain unresolved and address this combined filing as seeking review of both 6th Cir. Docs. 31-1 and 42-1;

6. Clarify whether all digital-media, audio, video, sealed, redacted, paper-only, and other nonstandard exhibits filed in MIWD and TNMD have been transmitted and are available to this Court; direct transmission of any omitted record materials necessary for appellate review; and provide instructions concerning any designation or supplementation required;

7. Authorize one opening brief of up to 34,000 words;

8. Appellant emphasizes that 34,000 words is not a substitute for threshold review or meaningful narrowing. Even at that length, briefing the full undifferentiated judgment across a record approaching 8,000 pages, while managing

6 https://rico.fentonvstory.com/25-5592/doc/24.pdf

his documented cognitive and communication limitations, would remain extraordinarily difficult and would improperly shift unresolved trial-court functions into a single appellate brief.

9. Stay the August 17, 2026, opening-brief deadline[7] until a three-judge panel reviews Appellant's documented access barriers[8] and the unresolved threshold[9] matters that determine whether meaningful merits briefing is possible, including electronic and remote access[10], disability-related structure[11], service[12] and nonappearance[13] disputes, truth-certification and record-integrity requests[14], and the scope of the issues requiring briefing[15]; and thereafter provide at least 30 days to prepare the opening brief under the structure authorized by the panel;

---

[7] https://rico.fentonvstory.com/25-5592/doc/49.pdf

[8] https://rico.fentonvstory.com/25-5592/doc/24.pdf

[9] https://rico.fentonvstory.com/25-5592/doc/46.pdf

[10] https://rico.fentonvstory.com/1-23-cv-01097/ecf/5.pdf
https://rico.fentonvstory.com/3-24-cv-01282/197.htm

[11] https://rico.fentonvstory.com/1-23-cv-01097/ecf/32.pdf

[12] https://rico.fentonvstory.com/3-24-cv-01282/177.htm
https://rico.fentonvstory.com/3-24-cv-01282/224.htm

[13] https://rico.fentonvstory.com/3-24-cv-01282/221.htm
https://rico.fentonvstory.com/3-24-cv-01282/223.htm

[14] https://rico.fentonvstory.com/1-23-cv-01097/99.htm
https://rico.fentonvstory.com/1-23-cv-01097/100.htm
https://rico.fentonvstory.com/1-23-cv-01097/101.htm

[15] https://rico.fentonvstory.com/3-24-cv-01282/doc/236.pdf

10. Decide this motion on an expedited, not emergency, basis.

If the Court declines the primary word request, Appellant asks, in descending order, for: (a) two coordinated principal-brief parts totaling no more than 34,000 words; (b) a 25,000-word opening brief plus an expressly authorized supplemental brief of up to 9,000 words; (c) no less than 20,000 words together with sufficient expressly authorized staged or supplemental treatment to prevent omission solely for lack of space; or (d) another administratively preferable structure providing substantially equivalent capacity.

Appellant expressly represents that the ordinary 13,000-word limit is drastically insufficient and would likely require material omission or narrowing of issues not eliminated by any appellate order identified to date, unless the Court authorizes staged briefing, grouped, issue-based briefing, or a substantially similar briefing accommodation.

Appellant requests an immediate temporary stay of the August 17, 2026 briefing deadline pending disposition of this motion, followed by the broader stay or modified briefing schedule requested herein. Filing this motion alone does not suspend the deadline; absent an order, the deadline remains in effect. Because meaningful compliance is no longer realistically possible without court-authorized

---

https://rico.fentonvstory.com/3-24-cv-01282/doc/237.pdf
https://rico.fentonvstory.com/3-24-cv-01282/doc/245.pdf

narrowing, staging, or additional time, Appellant respectfully requests prompt action.

## TIME-SENSITIVE PROCEDURAL BACKGROUND

6th Cir. Doc. 31-1, filed August 4, 2025, denied without prejudice a ninety-day abeyance; denied direct CM/ECF filing privileges while identifying the designated pro se email and paper alternatives; denied public-access relief without prejudice; and referred requests for substantive relief to the ultimate merits panel. 6th Cir. Doc. 31-1, pp. 1–2. The order is signed by the Clerk and states that it was entered under Sixth Circuit Rule 45(a). 6th Cir. Doc. 31-1, p. 2. Appellant therefore treats it as a clerk's order, not a panel or judicial decision.

Appellant further preserves that 6th Cir. Doc. 24 was not limited to an abeyance request; it also provided notice of substantial documented misconduct recurring across every court involved to date, debilitating access barriers, caption and record concerns, and the need for threshold review before merits briefing. It is therefore critical that Appellant receive meaningful threshold relief before merits briefing—the precise reason he filed 6th Cir. Doc. 24 on the same day he notified the Court of his appeal.

6th Cir. Doc. 42-1, filed April 2, 2026, identifies one circuit judge and denies leave to proceed in forma pauperis after stating that the record presented no good-faith ground for an appeal. 6th Cir. Doc. 42-1, pp. 1–2. It is a single-judge order.

Appellant paid the $605 appellate fee; 6th Cir. Doc. 43[16] is the receipt, and 6th Cir. Doc. 44 records the fee status as paid. Appellant does not request another IFP determination or repayment of the fee.

In 6th Cir. Doc. 46, Appellant sought, among other relief, delayed reconsideration of 6th Cir. Docs. 31-1 and 42-1, panel review, access and caption relief, staged or issue-focused briefing, enlargement of the ordinary limit, and additional preparation time. 6th Cir. Doc. 46, pp. 1–4, 6, 15–16. 6th Cir. Doc. 47 advised that "the court" granted an extension through July 27, 2026, to file a petition for rehearing. 6th Cir. Doc. 47, p. 1. 6th Cir. Doc. 48-1[17] made specified caption changes. 6th Cir. Doc. 48-1, p. 1. 6th Cir. Doc. 49[18] reset the opening-brief deadline to August 17, 2026, retained the ordinary 30-page or 13,000-word limit, and set the response brief for September 16, 2026. 6th Cir. Doc. 49, pp. 1–2.

On July 22, 2026, Clerk's Office staff advised Appellant by telephone, in substance, that 6th Cir. Docs. 31-1 and 42-1 could be addressed in one combined filing and that, because Appellant is pro se, the Court would consider the filing's substance rather than reject it solely for an incorrect procedural label or citation. Fenton Decl. ¶¶ 24–26. Appellant reports that guidance only as a procedural

---

[16] https://rico.fentonvstory.com/25-5592/doc/43.pdf

[17] https://rico.fentonvstory.com/25-5592/doc/48-1.pdf

[18] https://rico.fentonvstory.com/25-5592/doc/49.pdf

communication and does not characterize it as an order, merits ruling, binding extension, or legal authority.

The authenticated appellate docket current through 6th Cir. Doc. 49 contains no identified order narrowing the claims, defendants, grounds, or issues to be addressed in the opening brief. The existing opening-brief deadline remains August 17, 2026, unless changed by court order. Fenton Decl. ¶¶ 11, 16.

## REVIEW OF THE CLERK'S ORDER AT 6TH CIR. DOC. 31-1

The public-access ruling directed Appellant back to the district court without acknowledging his extensive prior efforts in both district courts, the unresolved two-court history presented in 6th Cir. Doc. 24, or the additional burden he had expressly identified from repeatedly reconstructing matters already documented. Fenton Decl. ¶ 7.

The order also stated that grounds for an abeyance had not been shown, without identifying or addressing the extensive sworn factual showing, supporting citations, documented misconduct examples, access barriers, and specific pre-briefing purposes presented throughout 6th Cir. Doc. 24.

FRAP 27(b) permits a party adversely affected by procedural action of the Court or Clerk to move to reconsider, vacate, or modify that action. Sixth Circuit Rule 45(c) provides that a party adversely affected by a clerk's order may move for reconsideration by a judge or judges and that "[t]he motion must be filed within 14

days of service of notice of entry of the order." Sixth Circuit Rule 27(g) likewise permits reconsideration of action by the Clerk and panel review of that action.

Appellant acknowledges that the fourteen-day period prescribed by Rule 45(c) expired before he sought review. The delay did not result from abandonment, disregard of the Court, or a tactical decision to withhold an objection. From the beginning of this litigation and appeal, Appellant repeatedly informed the courts that fourteen-day[19] response periods are not meaningfully accessible for objections and other substantial filings because his documented disability-related limitations make legal research, organization, task-switching, drafting, revision, and completion exceptionally slow. He expressly told this Court that fourteen days may be consumed merely determining what must be filed before meaningful research and drafting can begin. 6th Cir. Doc. 46, p. 3 ¶ 11, p. 73 ¶¶ 8–9. Earlier, he requested a minimum thirty-day notice because fourteen days caused panic and did not permit him to learn and respond adequately, and he separately explained that he could not research and understand what he was required to answer within fourteen days. MIWD ECF 16, PID 2261; MIWD ECF 11, PID 2123. His sworn disability declaration[20] and his

[19] https://rico.fentonvstory.com/1-23-cv-01097/ecf/11.pdf → PID 2123
https://rico.fentonvstory.com/1-23-cv-01097/ecf/15.pdf → PID 2232
https://rico.fentonvstory.com/1-23-cv-01097/ecf/16.pdf → PID 2261
https://rico.fentonvstory.com/3-24-cv-01282/doc/222.pdf → PID 1198–1199

[20] https://rico.fentonvstory.com/1-23-cv-01097/ecf/32.pdf

mother's corroborating declaration[21] further document impaired multitasking, repeated restarting after interruption, fragmented concentration under deadlines, and unusually prolonged legal-writing work. MIWD ECF 32, PID 3297–3299; MIWD ECF 1-2, PID 51–52.

Appellant nevertheless attempted to proceed respectfully and in good faith without reflexively objecting to every statement or docket entry, particularly where he did not understand that a separate request for review was procedurally required. When earlier access and procedural requests were narrowed, deferred, or remained unresolved, he was required to devote additional time and resources to preserving and restating matters already presented. The longer delay also resulted from Appellant's reasonable understanding that the appeal would remain effectively paused while his IFP motion was pending. Based on his communications with the assigned clerk, he understood that briefing would not proceed until the Court resolved that motion. That understanding was reinforced by 6th Cir. Doc. 31-1's statement that "no briefing schedule will issue unless and until" the IFP issue was resolved or the appellate fee was paid, together with its immediate denial or deferral of Appellant's access and substantive requests. Appellant understood those actions to mean that no further meaningful relief or participation was then available in this Court until the IFP motion was decided, and he did not realize that separate review

[21] https://rico.fentonvstory.com/1-23-cv-01097/ecf/1-2.pdf

of the clerk's order was available or subject to a fourteen-day deadline. Fenton Decl. ¶ 8.

During that period, he remained fully engaged in pursuing relief: after a brief period away from the litigation following years of continuous work, he resumed extensive legal research, investigated alternative remedies, and devoted substantial time beginning in October 2025 to documenting recurring misconduct and related record concerns. The delay therefore reflected his continued pursuit of relief elsewhere, not abandonment or tactical withholding.

He therefore requests leave, for good cause under FRAP 26(b) and Sixth Circuit Rule 2, to permit delayed review.

The present request is narrower than the ninety-day abeyance originally sought but requires judicial review rather than another fixed extension alone. Appellant asks that a three-judge panel review the documented access barriers and unresolved threshold posture before merits briefing is required. Those matters include access and disability-related structure, unresolved service and nonappearance issues, truth certifications, record integrity, and the scope and format of the opening brief. See 6th Cir. Doc. 46, pp. 72–74 ¶¶ 5–12, pp. 81–87 ¶¶ 45–70; Fenton Decl. ¶¶ 2–6, 15–16, 23, 29.

## PANEL REVIEW OF THE SINGLE-JUDGE ORDER AT 6TH CIR. DOC. 42-1

This request is analytically separate. FRAP 27(c) provides that a circuit judge may act alone on a motion but may not dismiss or otherwise determine an appeal or other proceeding, and that the Court may review a single judge's action. Sixth Circuit Rule 27(g) permits reconsideration and panel review of a single judge's action; the reviewing panel may not include the judge whose action is under review.

The practical fee condition in 6th Cir. Doc. 42-1 has been satisfied, but the order also states a no-good-faith determination after a summary account of the district court's grounds. 6th Cir. Doc. 42-1, pp. 1–2. The appealed judgment is materially broader than that summary: it relied on several alternative grounds and granted ten enumerated defense motions to the extent they sought dismissal under Rule 12(b)(6). TNMD DOC 236, PID 1491–1503. Appellant seeks panel review so that the single-judge screening determination does not operate as an unstated merits limitation or continuing access barrier. He asks the panel to vacate or modify the no-good-faith determination or, at minimum, clarify that it did not decide the appeal, eliminate any claim or defendant, or reduce the issues available for briefing. This motion does not ask the Court to decide the merits of the approximately 30 claims or legal theories identified in Appellant's preparation inventory.

Before the district court certified that an appeal could not be taken in good faith, and before 6th Cir. Doc. 42-1 stated that the record presented no good-faith

ground for appeal, Appellant had already filed sworn, citation-supported objections identifying specific allegedly false or materially misleading factual premises and explaining the federal bankruptcy, property, notice, hearing, fraud-on-the-court, and record-integrity issues omitted from the courts' framing. Appellant later expressly cited the principle that knowingly making materially false or fraudulent representations is inconsistent with good faith. Those factual corrections were not identified or resolved before either adverse good-faith conclusion, and the later-filed good-faith argument was not identified or resolved before 6th Cir. Doc. 42-1. See TNMD DOC 238[22], PID 1509–1550; 6th Cir. Doc. 24, pp. 15–18.

Sixth Circuit Rule 27(g), rather than FRAP 40, directly addresses reconsideration and panel review of a nonjudgment action by a single judge. FRAP 40 concerns rehearing of a panel decision and does not supply the substantive vehicle requested here. If the Court determines another label or vehicle applies, Appellant asks for substance-based treatment under that vehicle.

## CLARIFICATION CONCERNING 6TH CIR. DOCS. 46 AND 47

6th Cir. Docs. 48-1 and 49 resolved parts of 6th Cir. Doc. 46 by changing portions of the caption and extending the briefing schedule. 6th Cir. Doc. 48-1, p. 1; 6th Cir. Doc. 49, pp. 1–2. The docket through 6th Cir. Doc. 49 does not identify a

[22] https://rico.fentonvstory.com/3-24-cv-01282/238.htm

disposition of the requests for combined review of 6th Cir. Docs. 31-1 and 42-1, clarification and narrowing of the record and issues requiring merits treatment, enlarged or staged briefing, a disposition-tied preparation period, or modified filing- and service-confirmation procedures. 6th Cir. Doc. 47 states only that the time to file a rehearing petition was extended through July 27, 2026. 6th Cir. Doc. 47, p. 1. Appellant does not assert that 6th Cir. Doc. 47 is a separate merits decision.

Appellant asks the Court to clarify that this July 27 filing seeks review of both 6th Cir. Docs. 31-1 and 42-1; to identify which material portions of 6th Cir. Doc. 46 remain unresolved; and to treat each component according to its substance. The Supreme Court has repeatedly instructed that a pro se document is liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Appellant does not invoke that principle to avoid deadlines or substantive requirements, but to support substance-over-label treatment where the filing expressly identifies both orders, their different decisionmakers, the requested relief, and the governing alternatives.

**THE APPEAL'S SCOPE HAS NOT BEEN NARROWED**

The district court dismissed a verified amended complaint naming 34 defendants. Its order relied on Rule 12(b)(1), Rule 12(b)(6), Apple v. Glenn, Rooker-Feldman, res judicata, multiple forms of immunity, limitations, and “additional reasons stated by Defendants,” and granted ten enumerated motions insofar as they sought Rule 12(b)(6) dismissal. TNMD DOC 236, PID 1491–1503. Before

judgment, Appellant requested that dispositive-motion responses await service and threshold rulings[23]. TNMD DOC 224, PID 1321–1324. His Rule 59 filing disputed that he had fully answered the motions and reproduced his reservation of motion-specific responses. TNMD DOC 238, PID 1513–1516. The dismissal order itself stated that Appellant's opposition briefs "do not specifically respond to or rebut the legal arguments made by the moving Defendants." TNMD DOC 236, PID 1495. That statement corroborates Appellant's preserved position that he had not yet submitted point-by-point responses; it does not establish that those responses had been completed, waived, or adjudicated. The Rule 59 order denied relief in general terms and relied in part on defendants' opposition papers, which were largely generic boilerplate. TNMD DOC 245, PID 1824–1825.

Before dismissal and again under Rule 59, Appellant specifically disputed the court's statements that his complaint was "virtually impossible to parse," that his filings were "convoluted and unclear" or "virtually incomprehensible," that he had responded to the dispositive motions, and that the source of his injury was clearly state-court rulings. He identified the federal bankruptcy petition, lack of notice and

---

[23] https://rico.fentonvstory.com/1-23-cv-01097/ecf/109.pdf
https://rico.fentonvstory.com/3-24-cv-01282/177.htm
https://rico.fentonvstory.com/3-24-cv-01282/197.htm
https://rico.fentonvstory.com/3-24-cv-01282/223.htm
https://rico.fentonvstory.com/3-24-cv-01282/224.htm

hearing, property ownership, fraud-on-the-court allegations, and defendant-specific claims omitted from those descriptions. TNMD DOC 238, PID 1509–1550. He also objected that requiring him to repeatedly reconstruct the case while disputed factual assumptions and adverse characterizations remained uncorrected was fundamentally unfair. The later adverse framing was entered without identifying or resolving those corrections.

Indeed, the dismissal order[24] itself stated that Appellant's opposition briefs "do not specifically respond to or rebut the legal arguments made by the moving Defendants." TNMD DOC 236, PID 1495. That statement confirms the limited and preliminary nature of those filings rather than establishing that Appellant had completed—or forfeited—motion-specific responses. Before dismissal, Appellant had expressly explained that he had not yet responded to the defendants' motions on a point-by-point basis[25], requested resolution of service and threshold matters first, and reserved the right to provide complete motion-specific responses afterward. TNMD DOC 224, PID 1321–1324; TNMD DOC 238, PID 1513–1516. The court therefore dismissed the entire action while simultaneously recognizing that the moving defendants' legal arguments had not yet received specific responses.

[24] https://rico.fentonvstory.com/3-24-cv-01282/doc/236.pdf

[25] https://rico.fentonvstory.com/3-24-cv-01282/224.htm
https://rico.fentonvstory.com/3-24-cv-01282/238.htm

The persistence of a false Massachusetts framing[26], first introduced by Magistrate Judge Ray Kent in MIWD ECF 8, is especially troubling because it began with four defendants being assigned the same South Dartmouth address[27] in the original complaint—an address-template remnant, not the residence of any actual Massachusetts defendant—continued after Appellant supplied updated addresses[28] and stated that the corrected summons information should control[29], and was repeated even after the record expressly noted that no summonses were being served in Massachusetts. MIWD ECF 16, PID 2265; MIWD ECF 55, PID 4382–4383. Yet the same obsolete description was carried forward by Maloney[30], Gaughan[31], and ultimately the Sixth Circuit[32] as a lawsuit involving Tennessee and Massachusetts defendants. MIWD ECF 72, PID 5046; TNMD DOC 236, PID 1491; 6th Cir. Doc. 31-1, p. 1. This occurred before any defendant had been compelled to appear and before any evidentiary hearing on the merits.

---

26 https://rico.fentonvstory.com/1-23-cv-01097/ecf/8.pdf

27 https://rico.fentonvstory.com/1-23-cv-01097/ecf/1.pdf

28 https://rico.fentonvstory.com/1-23-cv-01097/ecf/16-1.pdf

29 https://rico.fentonvstory.com/1-23-cv-01097/ecf/16.pdf

30 https://rico.fentonvstory.com/1-23-cv-01097/ecf/55.pdf
https://rico.fentonvstory.com/1-23-cv-01097/ecf/72.pdf

31 https://rico.fentonvstory.com/3-24-cv-01282/doc/236.pdf

32 https://rico.fentonvstory.com/25-5592/doc/31-1.pdf

Appellant repeatedly told the district court that the allegations were true despite appearing difficult to believe, invited the court to test any doubt at an in-person hearing[33] in Lansing, and offered to demonstrate the merits before asking only for protection and a fair path to litigate the case. MIWD ECF 15, PID 2213–2218; MIWD ECF 16, PID 2262. The repeated use of a known, correctable address defect as a defining description of the action created a prejudicial threshold narrative that discredited the case before its substantive allegations were heard. Whether deliberate or not, the practical effect was to substitute an inherited geographic caricature for the actual federal bankruptcy, property, notice, hearing, fraud-on-the-court, and constitutional claims presented in the record[34].

Appellant's completed preparation inventory estimates approximately 30 claims or legal theories, 34 defendants, and roughly 580 claim-defendant combinations, and currently identifies about 20 express or incorporated dismissal-ground categories, around 80 preservation issues, and roughly 200 record-source instances. Fenton Decl. ¶¶ 17–18. These figures describe Appellant's structured preparation work; they are not new allegations or judicial findings. No identified

[33] https://rico.fentonvstory.com/1-23-cv-01097/ecf/15.pdf

[34] https://rico.fentonvstory.com/1-23-cv-01097/1.htm
https://rico.fentonvstory.com/1-23-cv-01097/ecf/25.pdf
https://rico.fentonvstory.com/1-23-cv-01097/66.htm

appellate order through 6th Cir. Doc. 49 has narrowed the scope reflected in that preparation inventory.

The request is not permission to add claims, defendants, facts, or evidence. It seeks adequate capacity to address the existing judgment and the grounds already before the Court.

## THE ORDINARY BRIEFING LIMIT IS INADEQUATE

FRAP 32(a)(7)(B) ordinarily permits a 13,000-word principal brief but FRAP 32(e) permits a case-specific order accepting a document outside the ordinary limit. Appellant recognizes that excess-length briefs are seldom permitted. 6 Cir. I.O.P. 28(a). The record-specific problem is that an opening brief must challenge independently sustaining grounds with developed argument and must do so claim by claim and defendant by defendant where the governing rules differ.

In City of Taylor General Employees Retirement System v. Astec Industries, Inc., 29 F.4th 802, 822–23 (6th Cir. 2022) (official slip op. 14–15), this Court held that an unchallenged alternative and independent dismissal basis stood for purposes of the appeal and that skeletal mention did not develop an argument. Island Creek Coal Co. v. Wilkerson, 910 F.3d 254, 256–57 (6th Cir. 2018) (official slip op. 2–4), treats an issue omitted from the opening brief as forfeited even when a party attempted to preserve it earlier. Appellant cites these decisions only to show the concrete omission risk, not to argue any underlying merits issue.

The completed word-budget analysis indicated that a 13,000-word brief would likely require material abandonment or narrowing and that a 20,000-word brief would likely remain inadequate without expressly authorized staging or supplementation. The finite 34,000-word plan appeared capable of providing explicit full, conditional, protective, or exclusion treatment for every target and the dismissal-ground categories currently identified, without intentional duplication. Fenton Decl. ¶¶ 19–20. The Court may, of course, disregard irrelevant or duplicative matter; the request is for capacity, not license to include it.

**DISABILITY-RELATED NEED FOR MODIFIED BRIEFING STRUCTURE**

Appellant has documented cognitive disabilities[35] affecting communication, concentration, organization, sequencing, compression of long written work, task switching, and work under short deadlines. MIWD ECF 32, PID 3297–3299. A corroborating filed declaration describes the practical effects of interruption and multitasking. MIWD ECF 1-2[36], PID 49–53. 6th Cir. Doc. 46[37] again requested one-issue-at-a-time or staged preparation. 6th Cir. Doc. 46, pp. 2–4, 6.

The requested modification is tailored to those functions. Additional but finite words—or expressly authorized coordinated parts—allow one issue to be

[35] https://rico.fentonvstory.com/1-23-cv-01097/ecf/32.pdf

[36] https://rico.fentonvstory.com/1-23-cv-01097/ecf/1-2.pdf

[37] https://rico.fentonvstory.com/25-5592/doc/46.pdf

researched, recorded, and completed at a time. A deadline measured from disposition prevents the preparation period from being consumed while the governing structure remains unknown. The modification changes filing mechanics and organization, not the merits or standard of review.

FRAP 2, 26(b), and 32(e) give the Court authority to tailor procedure for good cause. Appellant does not assert that Title II of the ADA or § 504 of the Rehabilitation Act governs the federal judiciary. He requests reasonable disability-related access measures under Judicial Conference policy, this Court's procedural and case-management authority, and the documented functional record. He cites Tennessee v. Lane, 541 U.S. 509, 531–34 (2004), only for the recognized importance of meaningful access to judicial services and reasonable accommodation in administering justice—not as a separate claim in this motion.

**REQUESTED PANEL REVIEW AND BRIEFING RELIEF**

Appellant's primary request is not additional time or additional words in isolation. He first requests a three-judge panel review of the unresolved access barriers, record-integrity issues, service and nonappearance disputes, and threshold dismissal grounds that determine whether meaningful merits briefing is possible and what issues actually remain for appeal. That review should include, for purposes of defining the scope of merits briefing, whether the district court's jurisdictional and plausibility conclusions, Rooker-Feldman analysis, res judicata analysis, immunity

rulings, and incorporated defense grounds remain operative in light of Appellant's preserved objections and the federal bankruptcy, notice, hearing, property, and fraud-on-the-court claims presented in the record.

MIWD ECF 59[38] and its corresponding three-minute video[39] were specifically prepared and filed in anticipation of the predictable Rule 12(b)(6) argument that Appellant's pro se complaint failed to state any claim. They presented, clearly and concisely, at least one federal claim: that Appellant held a recorded ownership interest in his home[40], that bankruptcy-related[41] relief was sought and obtained affecting that property[42], and that he was deprived of that interest without notice[43], an adversarial proceeding, or a meaningful opportunity to be heard. MIWD ECF 59, PID 4723–4735. Accepted as true and liberally construed, those allegations present at least one facially plausible federal claim arising under federal constitutional and

---

[38] https://fentonvstory.com/e/fenton-v-story-wilco-rico-video-declaration.pdf

[39] https://fentonvstory.com/e/fenton-v-story-wilco-rico-deed-fraud-intro.mp4
https://www.youtube.com/watch?v=sZJmZqxKmZ8

[40] https://fentonvstory.com/e/2011-04-29_sunnyside-premarital-assets-invested.pdf
https://fentonvstory.com/e/2011-04-29_sunnyside-home-deed-brentwood-tn.pdf
https://fentonvstory.com/e/2011-04-29_sunnyside-home-tenancy-by-entirety.pdf
https://fentonvstory.com/e/sunnyside-property-improvement-highlights.pdf
https://fentonvstory.com/e/sunnyside-property-taxes-brentwood-tn.pdf
https://fentonvstory.com/e/2021-01-26_bk-final-account-distribution-report.pdf

[41] https://fentonvstory.com/e/2019-04-26_wifes-ch13-petition-3-19-bk-02693.pdf

[42] https://fentonvstory.com/e/2026-06-17_925k-resale-of-fenton-brentwood-home.pdf

[43] https://fentonvstory.com/e/2022-03-15_ustp-bk-fraud-referral-no-notice.pdf

bankruptcy law. The entire action therefore could not properly be characterized as lacking legal plausibility without a claim-specific explanation addressing that theory and the record materials filed specifically to support it.

Appellant further contends that the record presents facially substantial federal issues[44] concerning the sale of his property through bankruptcy-related proceedings[45] without notice or a meaningful opportunity to be heard; false or materially misleading representations[46] affecting that process; fraud on the court[47] by officers of the court; record-integrity defects; and constitutional claims arising from the asserted deprivation of property[48] and court access. Appellant does not ask the Court to decide those merits in this motion. He asks the panel to clarify, for briefing purposes, which threshold grounds remain operative, which claims and defendants require treatment in the opening brief, and whether any grounds have already been sufficiently answered, narrowed, or rendered inapplicable.

Appellant previously requested clarification whether digital-media, audio, video, sealed, redacted, paper-only, and other nonstandard exhibits filed in MIWD and TNMD were transmitted and made available to this Court. 6th Cir. Doc. 46, pp.

---

[44] https://fentonvstory.com/e/2019-04-26_bankruptcy-crimes-rules-laws-violated.pdf
[45] https://fentonvstory.com/e/2024-03-13_irrefutable-proof-criminal-conspiracy.pdf
[46] https://fentonvstory.com/e/2019-04-26_fraudulent-bankruptcy-petition.pdf
[47] https://fentonvstory.com/e/2019-09-27_bk-order-to-sell-real-property.pdf
[48] https://fentonvstory.com/e/2019-10-29_deed-fraud-ada-financial-exploitation.pdf

84–85 ¶¶ 63–64. Because no appellate order has narrowed the claims, defendants, dismissal grounds, or preservation issues, those materials may remain necessary to review the pleaded claims, preserved objections, and grounds supporting dismissal. Appellant therefore requests confirmation that those materials are available to the panel, transmission of any omitted materials, and instructions concerning any designation or supplementation required.

Appellant has already been required to preserve and defend the entire action without any defendant having filed an answer addressing the operative complaint on the merits. The defendants instead proceeded through technical dispositive motions that substantially repeated threshold defenses, while Appellant's requests for truth certification, completion of service, compelled appearances, and staged treatment remained unresolved or were terminated without substantive rulings. Appellant does not ask the panel to prejudge the merits. He asks the panel to clarify, for briefing purposes, which dismissal grounds remain operative, whether any have been sufficiently answered, narrowed, or rendered inapplicable, which claims and defendants require treatment in the opening brief, and whether his preserved objections have narrowed the issues that must be addressed.

Only after that threshold review can the necessary scope of the opening brief be determined. If the Court does not materially narrow the claims, defendants, dismissal grounds, and preservation issues, Appellant requests permission to file one

opening brief of no more than 34,000 words, with all otherwise applicable formatting and citation rules unchanged. The opening-brief deadline should remain stayed until the panel enters an order establishing meaningful access and identifying the issues and structure governing merits briefing, followed by at least 30 days to prepare the authorized brief.

## ALTERNATIVE RELIEF

If one 34,000-word brief is administratively disfavored, Appellant requests two coordinated principal-brief parts with a combined ceiling of 34,000 words and no duplication. If that is denied, he requests a 25,000-word opening brief plus an expressly authorized supplemental brief of up to 9,000 words, with the order specifying scope and timing. If that is denied, he requests no less than 20,000 words plus enough expressly authorized staged or supplemental treatment to prevent space alone from forcing abandonment. Finally, he requests any other structure the Court considers preferable that provides substantially equivalent capacity. No supplement or second part will be filed unless expressly authorized.

## EXPEDITED CONSIDERATION

Good cause exists for expedited consideration of this motion. The opening brief is due August 17, 2026. 6th Cir. Doc. 49, p. 2. Appellant needs the authorized length and format before he can complete the brief; the proposed structures are not

interchangeable near the end of drafting. Uncertainty consumes the limited preparation period, particularly given the documented need for sequential work.

Appellant requests expedited, not emergency, consideration. He does not seek delay for its own sake. He has already performed extensive factual, preservation, target-selection, and ground-mapping work. Fenton Decl. ¶¶ 16–20. The requested 30 days begins when the Court resolves the structure, permitting that work to be converted into one compliant filing.

## CONCLUSION

Appellant respectfully requests combined but analytically separate review of 6th Cir. Docs. 31-1 and 42-1; clarification concerning 6th Cir. Docs. 46 and 47; confirmation and completion of transmission of the district-court digital-media and other nonstandard record materials; substance-over-label construction; expedited consideration; one opening brief of up to 34,000 words or the descending alternatives stated above; and a stay of the August 17, 2026, opening-brief deadline until a three-judge panel reviews Appellant's documented access barriers and unresolved threshold matters and enters an order establishing an accessible path for merits briefing, followed by an opening-brief deadline at least 30 days after entry of that order.

## CERTIFICATION AND DECLARATION

By signing below, I certify that this motion is submitted in good faith and in the honest pursuit of justice. Consistent with the standards of factual responsibility reflected in Federal Rule of Civil Procedure 11(b), I certify that the factual contentions stated herein have evidentiary support and that this filing is not presented for any improper purpose.

On information and belief, according to Microsoft Word, this motion contains 5,109 words and is within the 5,200-word type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A). This motion was prepared in 14-point Times New Roman, a proportionally spaced serif typeface.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

I expressly reserve all rights, objections, and arguments concerning venue, transfer, jurisdiction, forum access, preservation of claims, and all available remedies.

Executed on July 27, 2026.

**JEFFREY RYAN FENTON**
PRO SE PLAINTIFF-APPELLANT
SIXTH CIRCUIT NO. 25-5592
P.O. BOX 400, LINDEN, MI 48451-0400
NOTICE@FENTONVSTORY.COM
HTTPS://FENTONVSTORY.COM
(P) 615.837.1300
#TNINJUSTICE