# EXHIBIT A

## FENTON FEDERAL ACCESS AND ACCOMMODATION REQUESTS

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 1-A

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| Date Filed | ECF | Filing Title | Date Ruled | Days Pending | Outcome |
|---|---|---|---|---|---|
| 10/13/2023 | M: 1-2 | Affidavit of Marsha Ann Fenton | — | N/A | — |
| 10/13/2023 | M: 1-38 | Request for Modification - ADA Accessibility | — | 530 | NO RULING |
| 10/18/2023 | M: 5 | Pro Se Application for Electronic Filing and Service | 12/13/2023 | 56 | DENIED |
| 10/20/2023 | M: 7 | Motion to Maintain Venue | 01/25/2024 | 97 | DENIED |
| 12/29/2023 | M: 10 | Motion for Extension of Time to File Objection to Report and Recommendation | 01/02/2024 | 4 | GRANTED |
| 12/29/2023 | M: 11 | Declaration [1] in Support of Objection to 12/13/2023 Report and Recommendation | — | N/A | — |
| 01/19/2024 | M: 14 | Objection to This Court's "Report and Recommendation" | 01/25/2024 | 6 | GRANTED IN PART |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 1-B

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| ECF | Relief Requested | Notes |
|---|---|---|
| M: 1-2 | Supporting sworn evidence of disability-related limitations affecting concentration, multitasking, interruption recovery, writing speed, and completion. | Legal writing is exceptionally difficult, requiring numerous rewrites and frequent all-night work for days on end; even a simple letter can take him seven hours or more, while legal work can remain incomplete despite extraordinary efforts. |
| M: 1-38 | Additional time and patience, electronic court communications, and procedural flexibility based on documented disabilities. | Carried into the federal record; later partially renewed in ECF 16, expanded in ECF 32, and repeatedly requested in subsequent filings. |
| M: 5 | Direct CM/ECF filing access and electronic service. | The electronic-filing request was later renewed as disability-related access relief in ECF 16 and repeatedly thereafter. |
| M: 7 | Retain the case in Michigan for geographic accessibility or, if transferred, provide remote participation and electronic access. | Denied without prejudice; the geographic, remote-participation, and electronic-access concerns were materially expanded in ECF 102 and renewed in TNMD DOC 197. |
| M: 10 | Extension of time to complete and file an objection to the Report and Recommendation. | Handwritten filing prepared at court after the mailed R&R arrived only two days before the deadline; the extension was granted by ECF 13. |
| M: 11 | Electronic notice and sufficient time beyond fourteen days to research, organize, and prepare a meaningful objection. | First objection-support declaration, later revised by ECF 15; its electronic-notice and fourteen-day access requests were not expressly decided in ECF 31 and were later repeated in TNMD DOC 222 and presented to the Sixth Circuit in Doc. 46. |
| M: 14 | Reject the recommendation and permit the federal action to proceed rather than be dismissed; consider the access and disability circumstances documented in ECF 15. | ECF 31 rejected the recommended improper-venue dismissal but did not grant all requested relief. |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 2-A

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| Date Filed | ECF | Filing Title | Date Ruled | Days Pending | Outcome |
|---|---|---|---|---|---|
| 01/19/2024 | M: 15 | Declaration [2] in Support of Objection to 12/13/2023 Report and Recommendation (Rev. 1/19/24) | — | N/A | — |
| 01/19/2024 | M: 16 | Motion for 45-Day Extension to Serve Parties … Motion for Prepayment of Service Fees-Service by U.S. Marshals; Motion for ADA Accommodations; Request for Clarification | 07/08/2024 | 171 | GRANTED IN PART |
| 01/19/2024 | M: 17 | Motion for a Protective Order | 07/08/2024 | 171 | DENIED |
| 01/19/2024 | M: 18 | Declaration of Marsha Ann Fenton Regarding Son Jeffrey Ryan Fenton and Tennessee Legal Proceedings | — | N/A | — |
| 03/25/2024 | M: 32 | Fenton Declaration of Disabilities | — | 366 | NO RULING |
| 03/25/2024 | M: 35 | Declaration Regarding Service Fees | — | N/A | — |
| 03/25/2024 | M: 36 | Motion for Prepayment of Service Fees | 07/08/2024 | 105 | DENIED |

| 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 2-B | | |
|---|---|---|
| Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.<br>"ECF" is used in place of "Filing No." for all three courts. | | |
| **ECF** | **Relief Requested** | **Notes** |
| M: 15 | Honor the filed modification request and provide disability-related consideration for communication, multitasking, and concurrent-workload limitations. | Revised declaration replacing ECF 11 and supporting ECF 14; ECF 31 considered the objection but did not expressly decide the accommodation request, including the repeated fourteen-day limitation. |
| M: 16 | Forty-five additional service days; court-funded or USMS-assisted service; ECF access as an accommodation; clarification; and relief from simultaneous procedural demands. | The forty-five-day extension was granted; ECF access, USMS or prepaid service, clarification, and relief from simultaneous procedural demands were not granted. |
| M: 17 | Enjoin new protective/restraining orders and restrict additional litigation outside this matter while the case proceeded. | No timing, sequential-treatment, or comparable protective substitute appears in the order. |
| M: 18 | Third-party support for disability-related time, sequential treatment, impaired multitasking, and relief from simultaneous legal demands. | Later relied upon as third-party support in access, stay, and sequential-treatment requests. |
| M: 32 | Disability-related consideration for exceptionally slow drafting, document compression, multitasking, and deadline limitations, including flexibility to communicate substantial matters through multiple shorter declarations. | Although titled a declaration, ECF 32 expressly requested relief; its documented limitations and requested accommodations were later incorporated into MIWD, TNMD, and Sixth Circuit access filings. |
| M: 35 | Supporting financial evidence that Plaintiff could not prepay service costs and required assisted-service alternatives. | Later service motions sought alternatives and USMS assistance. |
| M: 36 | Court prepayment or USMS-assisted service, with reimbursement after a favorable outcome. | Alternative-service and assisted-service requests continued in TNMD. |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 3-A

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| Date Filed | ECF | Filing Title | Date Ruled | Days Pending | Outcome |
|---|---|---|---|---|---|
| 08/19/2024 | M: 60 | Motion to Recuse Magistrate Judge Ray Kent | 09/12/2024 | 24 | DISMISSED AS MOOT / NO MERITS RULING |
| 08/19/2024 | M: 61 | Motion to Extend Service Deadline | — | 219 | NO RULING |
| 08/19/2024 | M: 62 | Objection to This Court's "Order Regarding Service" | 09/12/2024 | 24 | DENIED |
| 09/25/2024 | M: 89 | Notice, Declaration, and Motion Regarding the Naming and Address of Defendant Thomas Anderson in This Lawsuit | — | 182 | NO RULING |
| 09/27/2024 | M: 90 | Notice, Declaration, and Motion Regarding the Naming and Address of Defendant Bank of America in This Lawsuit | — | 180 | NO RULING |
| 10/10/2024 | M: 99 | Amended Motion for Sanctions | — | 167 | NO RULING |
| 10/10/2024 | M: 100 | Amended Motion to Require All Filings to Include a Certification Stating Their Contents Are Factually True and Compliant with F.R.C.P. Rule 11(b), Sworn to Under the Penalty of Perjury | — | 167 | NO RULING |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 3-B

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| ECF | Relief Requested | Notes |
|---|---|---|
| M: 60 | Recuse Magistrate Judge Kent, remove him from further participation, and protect Plaintiff from continued prejudice affecting service, access, and case administration. | The district judge vacated the referral to Magistrate Judge Kent but expressly dismissed the recusal motion without considering its merits or remedying the substantial harm already caused. |
| M: 61 | Thirty additional days to complete service because equipment failure prevented timely printing. | Remained unresolved through dismissal and was renewed through the TNMD service-relief chain. |
| M: 62 | Review ECF 55, grant a hearing before dismissal, and reconsider denied service, ECF, timing, and access relief. | DOC 222 later explained inability to complete the objection within fourteen days. |
| M: 89 | Correct Thomas Anderson's name and address to support accurate party identification, service, and case administration. | Remained unresolved through dismissal despite directly affecting party identity and service. |
| M: 90 | Correct Bank of America's name and address to identify the intended defendant accurately and support service and case administration. | Remained unresolved through dismissal despite directly affecting party identity and service. |
| M: 99 | Sanctions and corrective action concerning allegedly false filings by Story and counsel, so Plaintiff would not be required to continue expending limited time, resources, and briefing capacity before record-integrity issues were addressed. | Part of the same unresolved threshold-access chain as ECF 100 and ECF 101; later incorporated into the requested threshold-first structure in ECF 109 and TNMD DOC 224. |
| M: 100 | Require factual-truth and Rule 11(b) certification, under penalty of perjury, and an expedited ruling before further responsive work. | Intended to protect record integrity and reduce the time, expense, and briefing capacity consumed responding to allegedly false or misleading filings; later incorporated into ECF 109 and TNMD DOC 224 as a threshold-first request. |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 4-A

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| Date Filed | ECF | Filing Title | Date Ruled | Days Pending | Outcome |
|---|---|---|---|---|---|
| 10/10/2024 | M: 101 | Counter-Affidavit Correcting Story's Allegedly False Claims | — | 167 | NO RULING |
| 10/10/2024 | M: 102 | Amended Declaration Voicing Plaintiff's Concerns About Transferring This Action to Tennessee | 10/25/2024 | 15 | EFFECTIVELY DENIED |
| 10/21/2024 | M: 109 | Motion to Stay All Dispositive Motions Until Service Is Complete, a Ruling Is Made on [ECF 100], and This Case Is Transferred to the Correct Venue | — | 156 | NO RULING |
| 10/21/2024 | M: 110 | Objection to "The Tennessee Defendants' Motion to Dismiss …" | — | 156 | NO RULING |
| 10/21/2024 | M: 111 | Objection to Defendants Virginia Lee Story and Story and Abernathy, PLLP's Motion to Dismiss … | — | 156 | NO RULING |
| 11/25/2024 | T: 177 | Motion for Alternative Service | — | 121 | NO RULING |
| 01/21/2025 | T: 197 | Motion to File Electronically and for Remote Participation | — | 64 | NO RULING |
| 02/25/2025 | T: 211 | First Objection to All Motions to Dismiss, for Summary Judgment, and Motions/Orders to Redact and Seal Documents | — | 29 | NO RULING |

| 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 4-B | | |
|---|---|---|
| Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.<br>"ECF" is used in place of "Filing No." for all three courts. | | |
| **ECF** | **Relief Requested** | **Notes** |
| M: 101 | Correct and rebut Story's allegedly false affidavit so the court would not rely on disputed factual assertions without addressing Plaintiff's sworn counter-evidence. | Core to the same access and record-integrity chain as ECF 99 and ECF 100; Plaintiff sought a reliable factual record before expending limited time, resources, and briefing capacity responding to disputed defense filings. |
| M: 102 | Retain or transfer the case to an accessible location or, if outside Michigan, provide remote participation and direct ECF access. | The case was transferred without granting remote participation or ECF access; TNMD DOC 197 renewed both requests. |
| M: 109 | Stay dispositive motions until service was completed, the truth-certification request was decided, and transfer was resolved, reducing simultaneous burdens. | Renewed and expanded in TNMD DOC 224 as part of a threshold-first, sequential case-management request. |
| M: 110 | Allow time to complete service and respond to one dismissal motion at a time. | DOC 224 expressly requested one-motion-at-a-time scheduling based on disability. |
| M: 111 | Preserve the objection and notify the court that the requested service extension in ECF 61 remained undecided. | Direct evidence that a requested service extension remained outstanding at transfer. |
| T: 177 | Permit alternative service by email or USMS at court expense to overcome service-cost and access barriers. | Renewed in DOC 223. |
| T: 197 | Provide direct electronic filing and remote participation by telephone or video for all relevant pretrial matters, based on disability and cost barriers. | Renewed in DOC 224 and DOC 238 and presented to the Sixth Circuit in Doc. 46. |
| T: 211 | Provide public access and sufficient time to respond after threshold truth-certification and sanctions issues were addressed. | Linked public access and additional response time to prior resolution of the sanctions and truth-certification issues; followed by more specific redaction relief in DOC 212 and scheduling relief in DOC 224. |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 5-A

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| Date Filed | ECF | Filing Title | Date Ruled | Days Pending | Outcome |
|---|---|---|---|---|---|
| 02/26/2025 | T: 212 | Declaration and Motion to Correct and Minimize or Strike and Remove Redactions, While Unsealing All Records | — | 28 | NO RULING |
| 02/27/2025 | T: 214 | Declaration Regarding Finances, Marital Roles, Property, Education, Earning Capacity, Spousal Support, and Fraud (Amended) | — | N/A | — |
| 02/28/2025 | T: 217-219 | Declaration and Motion to File Under Seal Regarding Defendant Walker's Claimed Privacy Concerns | — | 26 | NO RULING |
| 03/04/2025 | T: 220 | Notice Regarding Future Filing Notices for the Defendants | — | 22 | NO RULING |
| 03/04/2025 | T: 221 | Notice, Declaration, and Motion to Amend the Naming of Defendant "Spragins, Barnett & Cobb, PLC" and to Compel Them to Make an Appearance in This Matter | — | 22 | NO RULING |
| 03/07/2025 | T: 222 | Second Objection to All Dispositive Motions, Redacted and Sealed Filings, with Declaration About Judicial Misconduct in Michigan Causing Substantial Delays in Service | — | 19 | NO RULING |
| 03/07/2025 | T: 223 | Second Motion to Extend Time and Assist with Perfecting Service | — | 19 | NO RULING |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 5-B

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| ECF | Relief Requested | Notes |
|---|---|---|
| T: 212 | Unseal filings and replace document-level restrictions with narrow, line-specific redactions. | Incorporated in DOC 238 and described as a threshold public-access issue in Sixth Circuit Doc. 46. |
| T: 214 | Sworn support concerning disability, finances, document-compression burden, and the need for accommodation and access relief. | Repeated and expanded sworn limitations previously stated in MIWD ECF 32 and later relied upon in access and stay requests. |
| T: 217-219 | Permit filing under seal of materials addressing Defendant Walker's claimed privacy and safety concerns while preserving the evidence and record. | Filed as a three-document series and remained unresolved through dismissal. |
| T: 220 | Permit email notices while the ECF request remained pending because repeated physical notice was unaffordable and burdensome. | No ruling was entered before dismissal; the filing documented the financial and logistical burden of continuing physical notice while the ECF-access request remained unresolved. |
| T: 221 | Deem service perfected or identify defects; extend time to cure; permit USMS or alternative re-service; and compel appearance. | Incorporated into the service plan in DOC 223. |
| T: 222 | Preserve and obtain review of access and timing objections, including why fourteen-day periods, paper filing, and unresolved ECF and service barriers were not meaningfully usable. | Repeated prior federal notice that fourteen-day deadlines, paper filing, and unresolved access barriers were not meaningfully usable; later presented directly to the Sixth Circuit in Doc. 46. |
| T: 223 | Extend service until service motions were decided; grant DOC 177; inspect and identify service defects; permit cure or USMS re-service; and defer substantive matters until service was resolved. | Held in abeyance on March 11, 2025 pending pro se initial review; DOC 236 later terminated it without deciding the requested service extension, cure instructions, or service assistance on the merits. |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 6-A

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| Date Filed | ECF | Filing Title | Date Ruled | Days Pending | Outcome |
|---|---|---|---|---|---|
| 03/12/2025 | T: 224 | Second Motion to Stay All Dispositive Motions Until Service Is Completed and the Court Has Ruled on Plaintiff's Outstanding Expedited Motions, with Clarifications About How to Proceed | — | 14 | NO RULING |
| 04/23/2025 | T: 238 | Objection to Memorandum of Opinion and Order, and Judgment Entry, with Declaration and Rule 59 Motion to Alter Judgment or for a New Trial | 05/19/2025 | 26 | DENIED |
| 04/23/2025 | T: 238-3 | Declaration of Unconstitutional Destruction and Oppression with ADA Interference, Coercion, Intimidation, and Retaliation / (in Support of Rule 59 Motion) | — | N/A | — |
| 05/02/2025 | M: 141-1 | First Amendment Right of Access: Objection, Motion, and Declaration ... to Correct & Minimize or Remove Redactions | 05/02/2025 | — | REJECTED / NO MERITS RULING |
| 07/23/2025 | 6: 14 | Motion for Pauper Status | 04/02/2026 | 253 | DENIED |
| 07/23/2025 | 6: 24 | Motion for Continuance to Prepare Criminal and Ethics Filings, with Notice of Judicial and Professional Misconduct, and Failure to / Enforce Codes of Conduct as Required, / to Maintain a Fair and Impartial Tribunal | 08/04/2025 | 12 | GRANTED IN PART |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 6-B

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| ECF | Relief Requested | Notes |
|---|---|---|
| T: 224 | Decide threshold motions first; complete service; narrow the matters requiring response; issue a clear schedule; and allow sufficient time to address one dispositive motion at a time, accounting for mailing, disability, ECF, and remote-participation needs. | No staged, sequential, threshold-first, mailing-adjusted, ECF, or remote-participation structure was provided before dismissal. |
| T: 238 | Alter judgment; narrow the case; grant ECF and remote participation; appoint counsel; provide additional time; and preserve the right to answer each dispositive motion fully. | The Rule 59 motion renewed ECF, remote-participation, narrowing, counsel, additional-time, and motion-specific response requests. DOC 238-2 incorporated the public-access filing, and DOC 238-3 supplied sworn disability support; the order denied DOC 238 without separate treatment of those access requests. |
| T: 238-3 | Supply sworn evidence of exceptionally slow drafting, impaired multitasking, disability-related access interference, and the need for ECF, remote participation, and additional preparation time in support of DOC 238. | Reproduced in substance in Sixth Circuit Doc. 46, pp. 17-63, as sworn support for continuing access and briefing-structure requests. |
| M: 141-1 | Correct or minimize redactions and restore public and record access. | Rejected because the MIWD action had already been transferred; the access request was not adjudicated on the merits. The same document had already been incorporated in TNMD as DOC 238-2. |
| 6: 14 | Waive the appellate filing fee through in forma pauperis status. | Fee was later paid; the no-good-faith/IFP issue was raised again in Doc. 46. |
| 6: 24 | Grant a ninety-day continuance before briefing; provide remote participation, direct CM/ECF access, and public access or unsealing relief. | Pro se email submission was allowed; direct CM/ECF access was denied; abeyance and public-access relief were denied without prejudice; substantive requests were referred to the merits panel. |

| 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 7-A | | | | | |
|---|---|---|---|---|---|
| Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals. "ECF" is used in place of "Filing No." for all three courts. | | | | | |
| **Date Filed** | **ECF** | **Filing Title** | **Date Ruled** | **Days Pending** | **Outcome** |
| 06/17/2026 | 6: 46 | Emergency Motion to Stay or Extend Appellant Brief Deadline; for Leave to File Delayed Objections and Reconsideration of Doc. 31-1 and Doc. 42-1; for Panel Review; and for Threshold ... Relief Before Merits Briefing*; includes pp. 71-87 sworn declaration | 06/26/2026 | 9 to first relief; 29 to briefing reset; 34+ unresolved | GRANTED IN PART |

## 25-5592 Exhibit A - Fenton Federal Access and Accommodation Requests - Page 7-B

Court key: M = Western District of Michigan; T = Middle District of Tennessee; 6 = Sixth Circuit Court of Appeals.
"ECF" is used in place of "Filing No." for all three courts.

| ECF | Relief Requested | Notes |
|---|---|---|
| 6: 46 | Stay or extend briefing; permit delayed review of Docs. 31-1 and 42-1; obtain panel review; resolve access, service, record-integrity, truth-certification, and threshold matters before merits briefing; authorize staged, one-issue-at-a-time, or enlarged briefing; and provide sufficient preparation time. | Docs. 47 and 49 provided timing relief, but delayed review, panel review, threshold-first treatment, staged or one-issue briefing, enlarged briefing limits, and related access and record-integrity requests remained unresolved through the latest authenticated docket. |