# EXHIBIT B

## CHRONOLOGICAL NARRATIVE OF FEDERAL MISCONDUCT, RECORD-INTEGRITY, ACCESS, AND RELATED CORRECTIVE FILINGS

---

# EXHIBIT B

## CHRONOLOGICAL NARRATIVE OF FEDERAL MISCONDUCT, RECORD-INTEGRITY, ACCESS, AND RELATED CORRECTIVE FILINGS

Scope note. This exhibit identifies what Plaintiff reported, asserted, or requested in the cited filings, where those matters appear in the federal record, and the disposition reflected in the available docket. It does not represent that every reported concern was adjudicated or independently established by a court.

### Purpose and Record Context

1. Throughout the federal litigation, Plaintiff filed sworn notices, objections, motions, and supporting declarations reporting alleged attorney misconduct, alleged judicial misconduct, false or materially misleading factual assertions, record-integrity concerns, service interference, public-access restrictions, disability-related access barriers, and failures to address previously reported concerns.

2. The entries below are arranged chronologically so that each filing's identity, record location, reported concern, requested corrective action, and record treatment remain together.

3. The chronology is offered to establish notice, preservation, sequence, and procedural context. It distinguishes matters Plaintiff reported from matters expressly resolved by an order.

### Chronological Filing Narrative

### January 19, 2024 — MIWD ECF 14 — Objection to Report and Recommendation

**Record:** MIWD ECF 14, PID 2181–2187.

**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/14.htm

Plaintiff objected to the recommendation that the federal action be dismissed and placed before the district court concerns about the treatment of his pro se pleadings, access limitations, and failure to address the substance of his claims.

The district court later rejected the recommended improper-venue dismissal, while other access and misconduct concerns were raised more specifically in later filings.

**Record treatment: Objection granted in part as to the recommended disposition; no separate merits ruling on the broader misconduct and access concerns identified here.**

### August 19, 2024 — MIWD ECF 60 — Motion to Recuse Magistrate Judge Ray Kent

**Record:** MIWD ECF 60, PID 4736–4739.

**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/ecf/60.pdf

Plaintiff requested recusal and removal of Magistrate Judge Ray Kent from further participation, asserting that delay, service rulings, access determinations, and record characterizations had caused substantial prejudice.

The district judge later vacated the referral to Magistrate Judge Kent but dismissed the recusal motion as moot rather than adjudicating the asserted grounds for recusal.

**Record treatment: Referral vacated; recusal motion dismissed as moot without a merits determination.**

### August 19, 2024 — MIWD ECF 62 — Objection to Order Regarding Service

**Record:** MIWD ECF 62, PID 4744–4760.

**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/ecf/62.pdf

Plaintiff objected to the service order and reported that delay and handling of summonses had materially impaired service. He also renewed concerns concerning electronic filing access, timing, disability-related limitations, and the effect of prior rulings.

Plaintiff later repeatedly explained that fourteen-day response periods were not meaningfully usable for substantial objections and that the underlying concerns had not been substantively reconciled.

**Record treatment: Objection denied as untimely; the order did not separately adjudicate the asserted misconduct and access concerns.**

### October 4, 2024 — MIWD ECF 96, 96-1, 96-2, and 97 — Initial Truth-Certification, Supporting Exhibit, Counter-Affidavit, and Sanctions Filings

**Record:** MIWD ECF 96, PID 5259–5261; ECF 96-1, PID 5265–5285; ECF 96-2, PID 5286–5291; ECF 97, PID 5295–5298.

**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/96.htm

ECF 96 requested that filings include a certification that their contents were factually true and compliant with Federal Rule of Civil Procedure 11(b), sworn under penalty of perjury. ECF 96-1 documented service attempts to date. ECF 96-2 presented a counter-affidavit disputing factual assertions attributed to Virginia Lee Story. ECF 97 requested sanctions and corrective action concerning allegedly false or misleading assertions.

Plaintiff presented these filings as related safeguards intended to correct the record and prevent further expenditure of time and resources responding to disputed assertions before the requested corrective issues were addressed.

**Record treatment: No separate ruling identified on these initial filings before they were superseded or renewed by the amended filings below.**

### October 10, 2024 — MIWD ECF 99, 100, and 101 — Amended Sanctions, Truth-Certification, and Counter-Affidavit Filings

**Record:** MIWD ECF 99, PID 5328–5333; ECF 100, PID 5343–5350; ECF 101, PID 5375–5390, with supporting attachments.

**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/99.htm

Plaintiff refiled the related sanctions motion, truth-certification motion, and counter-affidavit with the certification language he sought to apply to filings. He asserted that Virginia Lee Story and counsel had made false or materially misleading factual assertions and asked the court to correct the record before requiring further responsive work.

ECF 101 supplied sworn counter-evidence and supporting materials; ECF 99 and ECF 100 requested sanctions, Rule 11(b)-based factual responsibility, and expedited corrective action.

**Record treatment: No separate merits ruling identified before transfer or dismissal.**

### November 25, 2024 — TNMD DOC 176 — Reply Supporting Amended Motion for Sanctions

**Record:** TNMD DOC 176, PID 225–233.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/doc/176.pdf

After transfer, Plaintiff replied concerning the unresolved sanctions and record-integrity issues previously presented in Michigan.

The filing preserved Plaintiff's position that alleged litigation misconduct and disputed factual assertions required judicial supervision and corrective treatment.

**Record treatment: No separate merits ruling identified.**

### November 25, 2024 — TNMD DOC 177 — Reply Concerning Sanctions and Motion for Alternative Service

**Record:** TNMD DOC 177, PID 234–250.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/177.htm

Plaintiff linked the unresolved sanctions and record-integrity concerns to service difficulties and requested alternative service. He explained that cost, disputed service, and procedural obstacles were preventing completion of service.

The filing requested judicial assistance rather than dismissal or dispositive treatment before service problems were resolved.

**Record treatment: No separate merits ruling identified before dismissal.**

### January 21, 2025 — TNMD DOC 197 — Motion to File Electronically and for Remote Participation

**Record:** TNMD DOC 197, PID 458–469.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/197.htm

Plaintiff requested direct electronic filing and remote participation by telephone or video, citing disability, travel, cost, and communication barriers.

The filing also explained that simultaneous physical-filing and litigation demands impaired Plaintiff's ability to address substantial matters and preserve the record.

**Record treatment: No separate ruling identified before dismissal.**

### February 6, 2025 — TNMD DOC 207 — Declaration Explaining Plaintiff's Pursuit of Justice

**Record:** TNMD DOC 207, PID 583–685.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/207.htm

Plaintiff filed an extensive sworn declaration explaining the purpose of the litigation, the time and resources invested, the misconduct he believed had affected the underlying matters and federal proceedings, and the practical harm caused by continued nonresponse.

The declaration provided context for later objections, access requests, misconduct notices, and requests for threshold-first consideration.

**Record treatment: No separate ruling identified.**

### February 24, 2025 — MIWD ECF 139-1 (Post-Transfer) — First Objection to Dispositive, Redacted, and Sealed Filings

**Record:** MIWD ECF 139-1, PID 5739–5887.

**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/139.htm

Plaintiff attempted to file an objection addressing dispositive motions, sealing, redaction, access, and related record-integrity concerns in the transferor court after the case had been transferred.

The filing is relevant to notice and preservation but was not accepted as a merits filing in Michigan.

**Record treatment: Rejected for filing after transfer; no merits ruling.**

### February 25, 2025 — TNMD DOC 211 — First Objection to Dispositive, Redacted, and Sealed Filings

**Record:** TNMD DOC 211, PID 689–723.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/211.htm

Plaintiff objected to dispositive motions and restricted filings before receiving rulings on threshold matters. He asserted that several defense filings relied on technical defenses, mischaracterized his pleadings, or failed to address the merits and reported misconduct.

The objection renewed the position that record integrity, public access, Rule 11(b)-related concerns, and adequate time should be addressed before dispositive adjudication.

**Record treatment: No separate merits ruling identified before dismissal.**

### February 26, 2025 — TNMD DOC 212 — Motion to Correct or Remove Redactions and Unseal Records

**Record:** TNMD DOC 212, PID 730–907.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/212.htm

Plaintiff requested that broad restrictions be replaced with narrow, line-specific redactions and that public access be restored to the remaining record.

He linked public access to record integrity, public scrutiny, and the ability to evaluate the factual basis for later rulings.

**Record treatment: No separate ruling identified before dismissal.**

### February 27, 2025 — MIWD ECF 140-1 (Post-Transfer) — Declaration and Motion to File Under Seal Regarding Defendant Walker

**Record:** MIWD ECF 140-1, PID 5949–5988.

**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/140.htm

Plaintiff attempted to preserve and respond to materials concerning Defendant Walker's asserted privacy and safety concerns while proposing sealed treatment for sensitive material.

The filing is relevant to preservation and Plaintiff's attempt to address secrecy-related assertions without eliminating the underlying evidence.

**Record treatment: Rejected for filing after transfer; no merits ruling.**

### February 28, 2025 — TNMD DOC 216 — Notice Concerning Professional and Judicial Reporting Duties

**Record:** TNMD DOC 216, PID 984–1015.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/doc/216.pdf

Plaintiff served notice identifying record materials that he asserted documented attorney and judicial misconduct and invoked professional and judicial reporting duties.

He asked bar members and court actors to review, address, correct, discipline, or report the alleged misconduct rather than ignore or repeat it.

**Record treatment: No separate ruling identified.**

### February 28, 2025 — TNMD DOCS 217–219 — Walker Privacy and Sealing Filings

**Record:** TNMD DOCS 217–219, filed under seal; related material begins at PID 1058.

Plaintiff filed a declaration and related motions addressing Defendant Walker's asserted privacy and safety concerns. He sought to preserve the evidence while responding to what he described as incomplete or misleading claims supporting secrecy.

These sealed filings were relevant to public access and to Plaintiff's broader position that untested defense assertions were being credited without equivalent consideration of his sworn evidence.

**Record treatment: No separate ruling identified before dismissal; sealed documents are not publicly linked.**

### March 7, 2025 — TNMD DOC 222 — Second Objection and Declaration Concerning Judicial Misconduct in Michigan

**Record:** TNMD DOC 222, PID 1164–1214.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/doc/222.pdf

Plaintiff filed a focused objection describing delay, service prejudice, electronic-filing denial, fourteen-day response barriers, and disputed record characterizations associated with the Michigan proceedings.

He requested review and correction of the continuing effects of those matters rather than allowing them to shape the transferred case without substantive examination.

**Record treatment: No separate merits ruling identified before dismissal.**

### March 7, 2025 — TNMD DOC 223 — Second Motion to Extend Time and Assist with Perfecting Service

**Record:** TNMD DOC 223, PID 1215–1320.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/223.htm

Plaintiff requested additional time, inspection and identification of asserted service defects, cure instructions, alternative service, or United States Marshals Service assistance.

He also requested that substantive proceedings be deferred until service questions were resolved.

**Record treatment: Held in abeyance pending pro se review; later terminated with the case without a separate merits ruling on the requested service assistance.**

### March 12, 2025 — TNMD DOC 224 — Second Motion to Stay Dispositive Motions

**Record:** TNMD DOC 224, PID 1321–1423.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/224.htm

Plaintiff requested a threshold-first sequence requiring the court to address service, outstanding expedited motions, record-integrity concerns, access requests, and case-management expectations before requiring complete responses to each dispositive motion.

He expressly objected to dismissal or release of defendants before those matters were addressed and reserved the opportunity to provide complete motion-specific responses.

**Record treatment: No staged or threshold-first structure was entered before dismissal.**

### March 26, 2025 — TNMD DOC 236 and DOC 237 — Dismissal and Good-Faith Certification

**Record:** TNMD DOC 236, PID 1491–1503; TNMD DOC 237, PID 1504.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/doc/236.pdf

The district court dismissed the action and separately certified that an appeal could not be taken in good faith.

Plaintiff's position is that the dismissal occurred without separate substantive rulings on the sanctions motion, truth-certification motion, sworn counter-affidavit, public-access motions, service requests, misconduct notices, or requested staged response process.

**Record treatment: Action dismissed; good-faith certification entered; multiple component requests were not separately adjudicated.**

### April 23, 2025 — TNMD DOC 238, 238-2, and 238-3 — Rule 59 Objection, Public-Access Materials, and Supporting Declaration

**Record:** TNMD DOC 238, PID 1505–1568; DOC 238-2, PID 1707–1752; DOC 238-3, PID 1753–1798.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/238.htm

Plaintiff moved to alter the judgment or obtain a new trial, challenged factual and legal statements in the dismissal order, renewed public-access and accommodation requests, and supplied sworn evidence concerning the cumulative impact of the proceedings.

The filings reiterated that the action had been dismissed before the court addressed alleged misconduct, record integrity, service, access, and Plaintiff's reserved opportunity to provide complete motion-specific responses.

**Record treatment: Rule 59 relief denied in DOC 245; the component misconduct and access issues were not separately resolved.**

### May 2, 2025 — MIWD ECF 141-1 (Post-Transfer) — First Amendment Right-of-Access Objection, Motion, and Declaration

**Record:** MIWD ECF 141-1, PID 5991–6096.

**Public link:** https://rico.fentonvstory.com/1-23-cv-01097/141.htm

Plaintiff attempted to file a detailed public-access objection and motion asking the Michigan court to correct, minimize, or remove redactions and address the handling of restricted material.

The filing is relevant to preservation of the public-access history later presented to the Sixth Circuit.

**Record treatment: Rejected for filing after transfer; no merits ruling.**

### May 19, 2025 — TNMD DOC 245 — Order Denying Rule 59 Relief

**Record:** TNMD DOC 245, PID 1824–1825.

**Public link:** https://rico.fentonvstory.com/3-24-cv-01282/doc/245.pdf

The court denied Rule 59 relief, described the filing as virtually incomprehensible, and relied in part on defendants' opposition papers.

Plaintiff disputes that characterization and asserts that the order did not identify or resolve the specific factual corrections, misconduct notices, threshold motions, or sworn evidence incorporated into DOC 238.

**Record treatment: Rule 59 relief denied; the order again certified that an appeal could not be taken in good faith.**

### July 23, 2025 — Sixth Circuit Doc. 24 — Motion for Continuance and Notice of Judicial and Professional Misconduct

**Record:** 6th Cir. Doc. 24, pp. 1–33, with additional caption materials docketed with the filing.

**Public link:** https://rico.fentonvstory.com/25-5592/doc/24.pdf

At the outset of the appeal, Appellant requested a ninety-day continuance or abeyance to prepare criminal and ethics filings and gave notice of alleged judicial and professional misconduct, access barriers, caption concerns, public-access problems, and the need for threshold review before merits briefing.

Appellant also explained that repeated nonacknowledgment of prior filings required substantial additional time, resources, and page count to restate matters already placed in the record.

**Record treatment: Sixth Circuit Doc. 31-1 denied the abeyance and certain access requests without prejudice, identified pro se filing alternatives, and referred substantive matters to the ultimate merits panel.**

## Concise Pattern Summary

4. The chronology reflects repeated notice to both district courts and the Sixth Circuit of alleged attorney misconduct, alleged judicial misconduct, disputed factual assertions, record-integrity concerns, unresolved service barriers, public-access restrictions, disability-related access barriers, and requests for active judicial supervision.

5. Principal corrective filings included the sanctions and truth-certification sequence at MIWD ECF 96–101, the public-access filings, TNMD DOC 216 and DOC 222, the service and threshold-first requests at TNMD DOC 223–224, the Rule 59 materials at TNMD DOC 238, and Sixth Circuit Doc. 24.

6. The dismissal and Rule 59 orders resolved the action against Plaintiff but did not separately adjudicate most of those component requests or explain why the requested corrective and supervisory relief was unnecessary.

7. Plaintiff offers this chronology to establish notice, preservation, sequence, and the procedural consequences of entering dispositive orders before the cited matters were substantively addressed.