# EXHIBIT C

## MIWD ECF 99 — AMENDED MOTION FOR SANCTIONS

**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MICHIGAN**

FILED - LN
October 10, 2024 1:41 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: jlg / ____ SCANNED BY: jlg / 10/11/24

**JEFFREY RYAN FENTON,**

PLAINTIFF

v.

**VIRGINIA LEE STORY ET AL.,**

DEFENDANTS

**CASE NO. 1:23-cv-01097**

## AMENDED[1] MOTION FOR SANCTIONS[2]

Plaintiff brings this motion pursuant to F.R.Civ.P. 11(c)(2) for the following reasons. That rule specifically states: "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." F.R.Civ.P. 11(b) states:

> "By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

[1] Plaintiff filed a motion substantially similar to this titled MOTION FOR SANCTIONS on October 4, 2024, in ECF 97, PID.5295-5301, of which this document is the amended version replacing the previous motion in its entirety. The original motion overlooked including a certification which complied with a motion concurrently filed by Plaintiff titled MOTION FOR ALL FILINGS TO BE SUBMITTED UNDER PENALTY OF PERJURY. This motion corrects that oversight.

[2] Citations to the court record in this lawsuit will be notated without the case name or number, using the starting ECF Number, followed by both the beginning and ending Page ID, which is abbreviated as "PID."



Initials: ____

Defendant Story in her affidavit[3] lists provisions in fourteen paragraphs. Of the only four with real significance to this matter, paragraphs eleven through fourteen, three (75 percent) are false as testified to by Plaintiff in his COUNTER-AFFIDAVIT[4] filed in ECF 96-2, PID.5286-5294, on October 4, 2024. As such, defendants Story and Story and Abernathy, PLLP, (hereinafter "SA") and/or their counsel have violated F.R.Civ.P. 11(b)(3) that "factual contentions have evidentiary support." In fact, the evidentiary support shows the exact opposite: that Story's paragraphs 11, 12, and 14 have been proved false in Plaintiff's COUNTER-AFFIDAVIT.[5] One can only presume that the reason for such deceptive and untruthful filings is to take advantage of a disadvantaged plaintiff who has disabilities.[6] Also, filing anything with the court in order "to harass [such a plaintiff], cause unnecessary delay, or needlessly increase the cost of litigation" is a violation of F.R.Civ.P. 11(b)(1).

Several defendants—but Story in particular—have amassed a mountain of lies[7] in this and precipitating actions. Just because a member of the bar "being duly sworn deposes and states" in a filing that certain events are "facts" does not make this so. Nowhere in her "AFFIDAVIT[8]"

---

[3] ECF 76-1, PID.5076-5079 | https://rico.jefffenton.com/evidence/2024-09-16_affidavit-of-virginia-lee-story.pdf

[4] An amended version of this COUNTER-AFFIDAVIT is being filed concurrently with this AMENDED MOTION and is available online at: https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf

[5] ECF 96-2, PID.5286-5294

[6] ECF 1-38, PID.2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf
ECF 32, PID.3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf

[7] ECF 22, PID.2818-2862 | https://rico.jefffenton.com/evidence/2019-08-01_chancery-hearing-transcript.pdf
ECF 19-6, PID.2669-2672 | https://rico.jefffenton.com/evidence/2019-08-01_chancery-court-order-with-counsel.pdf
ECF 33, PID.3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf
ECF 23, PID.2863-2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-transcript-audio-markers.pdf
ECF 23-4, PID.2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-audio-recording.mp3
ECF 19-7, PID.2674-2677 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-court-order-once-pro-se.pdf
ECF 68, PID.5009-5029 | https://rico.jefffenton.com/evidence/2024-08-22_memorandum-of-law-about-void-tn-court-orders.pdf

[8] ECF 76-1, PID.5076-5079 | https://rico.jefffenton.com/evidence/2024-09-16_affidavit-of-virginia-lee-story.pdf



Initials:

does she sign under penalty of perjury. As it stands, there are no repercussions for her falsely making statements in court documents. This must stop.

Because of the fraud, deception, and deliberate violations of local, state, and federal law, litigation has multiplied. Nobody is taking or has taken remedial action on the part of Plaintiff—neither state defendants[9] nor oversight boards[10] in Tennessee. This inaction has compounded Plaintiff's damages.[11] Accordingly, there has to be substantial compensation. Moreover, fraud and the other acts listed at the beginning of this paragraph are what caused this complaint to be filed in the first place. Indeed, that is the reason for this very action! Plaintiff's workload has also multiplied. He has worked a minimum of six days per week, usually seven, no less than ten hours per day for roughly the last year. He would not have needed to do so if not for the aforesaid nefarious actions of the defendants.

Counsel for defendants Story and SA had not only the ability but also the duty to verify their claims that they "never conducted any activity in Michigan." Plaintiff was wrongly evicted from his home on September 3, 2019.[12] Two letters[13] from Story and SA to Plaintiff are shown on pages A4-5[14] and A4-6[15] in the complaint as being dated *after* September 3, 2019. Defendant Story knew Plaintiff would be "be moving to Michigan."[16] In fact, even with the redaction, the letter on

---

9 ECF 1-29, PID.1665-1681 | https://rico.jefffenton.com/evidence/2021-01-19_reported-misconduct-sought-help-tnsc-aoc-bpr.pdf

10 ECF 57-1, PID.4551-4557 | https://rico.jefffenton.com/evidence/2020-12-29_tnsc-bpr-complaint-against-story-binkley-etc.pdf

11 ECF 1-28, PID.1658 | https://rico.jefffenton.com/evidence/2021-01-19_tnsc-immunity-disorder-strike-expunge-op.pdf

12 ECF 19-7, PID.2675

13 ECF 19-8, PID.2679 | https://rico.jefffenton.com/evidence/2019-09-16_story-letter-demanding-two-grand-for-storage.pdf
ECF 19-8, PID.2680-2681 | https://rico.jefffenton.com/evidence/2019-09-26_story-letter-demanding-thirty-five-hundred.pdf

14 See attached exhibit 'A'.

15 See attached exhibit 'B'.

16 ECF 23, PID.2887 | https://rico.jefffenton.com/evidence/2019-09-16_story-letter-demanding-two-grand.pdf



Initials: [signature]

page A4-5[17] shows it being clearly addressed to Marsha Fenton who Story knew lived in Michigan.[18] Moreover, 84 percent of the litigation in which defendants Story and SA were involved occurred while Plaintiff was living in Michigan as pointed out in his COUNTER-AFFIDAVIT.[19]

Story Abernathy & Campbell
PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story*
virginia@tnlaw.org

Joanie L. Abernathy
joanie@tnlaw.org

Neil Campbell*
neil@tnlaw.org

Kathryn L. Yarbrough
kyarbrough@tnlaw.org

Of Counsel:
James E. Story,*
Attorney at Law

Marissa L. Walters
Paralegal/Associate Attorney
marissa@tnlaw.org

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN 37064

OFFICE (615) 790-1778
FAX (615) 790-7468

*Licensed in Kentucky*

September 16, 2019

***Via Email***
Mr. Jeffrey Fenton
**Email**: Jeff@meticulous.tech

***Via First Class Mail***
Ms. Marsha Fenton
[redacted]
Linden, MI 48451

**Re:** ***Fawn [redacted] Fenton vs. Jeffrey Ryan Fenton***
***Williamson County Chancery Court No. 48419B***

Dear Mr. Fenton:

Rather than following the Rules of Professional Conduct, counsel decided to rubber-stamp defendant Story's and SA's lies. This is not how lawyers are supposed to operate. When clients do not behave lawfully or ethically, counsel is supposed to decline or terminate representation. Counsel and defendants Story and SA—in just one affidavit—have already violated rules 1.2(c), 1.16(a), and 3.3(a)(1) of the Rules of Professional Conduct, possibly others.[20]

---

17 See attached exhibit 'A'.

18 ECF 23, PID.2867 | https://rico.jefffenton.com/evidence/2019-09-26_story-letter-demanding-thirty-five-hundred-now.pdf

19 ECF 96-2, PID.5286-5294 | An amended version of this COUNTER-AFFIDAVIT is being filed concurrently with this AMENDED MOTION and is available online at: https://rico.jefffenton.com/evidence/2024-10-08_counter-affidavit-correcting-storys-false-claims.pdf

20 https://www.courts.michigan.gov/498ad6/siteassets/rules-instructions-administrative-orders/rules-of-professional-conduct/michigan-rules-of-professional-conduct.pdf

Because of the magnitude of work defendants have created for Plaintiff, he has no choice but to ask the court to sanction them a minimum of $100,000 to cover legal expenses that he will undoubtedly incur hiring an attorney—or, more likely, a team of attorneys—which he will need in order to counter the frivolous and false filings by defendants and to continue to untangle the mess defendants have created and continue to create. The purpose of the law is not to protect organized crime. It is to protect citizens *from* organized crime. Lastly, members of the bar cannot get a "free pass" to testify falsely while creating extra work for the opposing party.

**CONCLUSION**

Without disincentivizing defendants, specifically Story and SA, individually or through counsel, from unceasingly filing falsified documents, they will continue to file such untruthful documents with the court, thereby causing the plaintiff—with disabilities—to redirect his already limited resources towards deflecting false allegations and thus cause him not to be able to properly prosecute this case on its merits or to meet all deadlines imposed by rule, law, or the court. As such Plaintiff seeks $100,000 in sanctions or, in the alternative, that defendants Story and SA and/or their counsel pay attorney fees that Plaintiff will incur since he will otherwise need to hire counsel in order to fight not only the defendants but their frivolous filings as well.



Initials: ______

## CERTIFICATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 8, 2024

**JEFFREY RYAN FENTON, PRO SE**
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

Story Abernathy & Campbell
PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story*
virginia@tnlaw.org

Joanie L. Abernathy
joanie@tnlaw.org

Neil Campbell
neil@tnlaw.org

Kathryn L. Yarbrough
kyarbrough@tnlaw.org

Of Counsel:
James E. Story,*
Attorney at Law

Marissa L. Walters
Paralegal/Associate Attorney
marissa@tnlaw.org

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN 37064

OFFICE (615) 790-1778
FAX (615) 790-7468

*Licensed in Kentucky

September 16, 2019

***Via Email***
Mr. Jeffrey Fenton
**Email**: Jeff@meticulous.tech

***Via First Class Mail***
Ms. Marsha Fenton
[redacted]

**Re:** ***Fawn [redacted] Fenton vs. Jeffrey Ryan Fenton***
***Williamson County Chancery Court No. 48419B***

Dear Mr. Fenton:

My client was at the house over the weekend and has indicated that you left the house in a mess despite you having known since August 1, 2019 that the property would be auctioned. The costs for cleaning out the house and moving the items that you have tagged per the Court Order to storage will be in excess of $2,000. Please send a check payable to Fawn Fenton noted for moving and clean up to my office address. I will provide you with each invoice so you have an accounting of actual costs.

If I do not receive a check from you in the amount of $2,000 by **Friday, September 20, 2019**, we will have to sell the remaining items in the house and then dispose of the items that cannot be sold. Any proceeds from items sold will be deposited into the Clerk's office for distribution after payment of the costs.

As for the items you have tagged and for which you will send the $2,000 advance by **Friday, September 20, 2019** for the movers and clean up, please make the arrangements for a storage unit. This will need to be done by **Thursday, September 26, 2019**. Send me the name of the storage location and unit number with verification that the amount has been paid in advance so that when the movers arrive there are no snags.

Finally, we did not locate any guns in the house. Please advise where they are located with the contact information or whether you have taken them with you to Michigan. If you have any guns in your possession, please provide an itemized list of all types, manufacturers, and models.

Sincerely,

Virginia Lee Story
Attorney at Law

cc: Ms. Fawn Fenton

Story Abernathy & Campbell
PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story [+]
virginia@tnlaw.org

Joanie L. Abernathy
joanie@tnlaw.org

Neil Campbell [+]
neil@tnlaw.org

Kathryn L. Yarbrough
kyarbrough@tnlaw.org

Of Counsel:
James E. Story,*
Attorney at Law

Marissa L. Walters
Paralegal/Associate Attorney
marissa@tnlaw.org

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN 37064

OFFICE (615) 790-1778
FAX (615) 790-7468

*Licensed in Kentucky

September 16, 2019

***Via Email***
Mr. Jeffrey Fenton
**Email**: Jeff@meticulous.tech

***Via First Class Mail***
Ms. Marsha Fenton
[redacted]
Linden, MI 48451

**Re:** ***Fawn [redacted] Fenton vs. Jeffrey Ryan Fenton***
***Williamson County Chancery Court No. 48419B***

Dear Mr. Fenton:

My client was at the house over the weekend and has indicated that you left the house in a mess despite you having known since August 1, 2019 that the property would be auctioned. The costs for cleaning out the house and moving the items that you have tagged per the Court Order to storage will be in excess of $2,000. Please send a check payable to Fawn Fenton noted for moving and clean up to my office address. I will provide you with each invoice so you have an accounting of actual costs.

If I do not receive a check from you in the amount of $2,000 by **Friday, September 20, 2019**, we will have to sell the remaining items in the house and then dispose of the items that cannot be sold. Any proceeds from items sold will be deposited into the Clerk's office for distribution after payment of the costs.

As for the items you have tagged and for which you will send the $2,000 advance by **Friday, September 20, 2019** for the movers and clean up, please make the arrangements for a storage unit. This will need to be done by **Thursday, September 26, 2019**. Send me the name of the storage location and unit number with verification that the amount has been paid in advance so that when the movers arrive there are no snags.

Finally, we did not locate any guns in the house. Please advise where they are located with the contact information or whether you have taken them with you to Michigan. If you have any guns in your possession, please provide an itemized list of all types, manufacturers, and models.

Sincerely,

Virginia Lee Story
Attorney at Law

cc: Ms. Fawn Fenton

PLAINTIFF'S EXHIBIT
A-2

**The scanned version of this document represents an exact copy of the original as submitted to the Clerk's Office. The original has not been retained.**

Story Abernathy & Campbell
PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story
[illegible]
Joanie L. Abernathy
[illegible]
Neil Campbell
[illegible]

Kathryn L. Yarbrough
[illegible]
Of Counsel
James E. Story,
Attorney at Law
Marissa L. Walters
[illegible]

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN 37064

OFFICE (615) 790-1778
FAX (615) 790-7468

*Licensed in Kentucky

September 26, 2019

***Via First Class Mail and E-Mail***

Mr. Jeffrey Fenton
[redacted]
Jeff@meticulous.tech

**Re:** ***Fawn [redacted] Fenton vs. Jeffrey Ryan Fenton***
***Williamson County Chancery Court No. 48419B***

Dear Mr. Fenton:

To follow up on correspondence sent to you on September 16, 2019, we never received any information on a storage unit you would like to use to store the extensive list of items you wish to retain from the Sunnyside residence. Therefore, Ms. Fenton took it upon herself to obtain a quote from Fox Moving and Storing to have these items packed, moved and stored. **The quote is attached hereto.** As you can see, the cost for packing only your personal items (i.e. remaining clothing, photos, etc.) is $639.00. The cost for moving the larger items and your personal items is $2,895.00. This would include moving the items to Fox's storage facility in Nashville. The cost to store these items in their storage facility would be approximately $495.00 per month. Finally, to have all of these items packed and moved to Michigan, the cost would be over $6,000.00.

At this point, it is our position that moving the items to Michigan is not financially responsible but that is up to you if you want to use any proceeds you received to have your items shipped. It is our position and that of Mr. Anderson's that the entire value of the remaining contents of the home is only approximately $3,000.00, therefore the cost to move and store these items far outweighs their worth. However, if you would like for the items to be packed and stored in the Fox storage facility in Nashville then you will need to send a check to my office in the amount of $3,534.00 no later than next Wednesday, October 2, 2019, made payable to Fawn Fenton and she will schedule the movers and the storage facility for one month until you decide if you want to have the items moved to Michigan. The only other option is to have the remaining property sold and any proceeds will be placed in the Clerk & Masters office for distribution at a later date. We will go ahead and file a Motion with the Court to sell or otherwise get rid of all remaining items in the home in the event that you do not agree to pay the cost for packing, moving and storing the items that you wish to retain.



PLAINTIFF'S EXHIBIT
B

Finally, you still have not disclosed where all of your guns are located. Please advise where they are located with the contact information or whether you have taken them with you to Michigan. If you have any guns in your possession, please provide an itemized list of all guns that you removed, manufacturers, and models.

I thank you in advance for your prompt response to these time sensitive matters.

Sincerely,

Virginia Lee Story
Attorney at Law

Enclosure
cc: Ms. Fawn Fenton



PLAINTIFF'S EXHIBIT
B-2

Story Abernathy & Campbell
PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story*
virginia@tnlaw.org

Joanie L. Abernathy
joanie@tnlaw.org

Neil Campbell*
neil@tnlaw.org

Kathryn L. Yarbrough
kyarbrough@tnlaw.org

Of Counsel:
James E. Story,*
Attorney at Law

Marissa L. Walters
marissa@tnlaw.org

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN 37064

OFFICE (615) 790-1778
FAX (615) 790-7468

*Licensed in Kentucky

September 26, 2019

***Via First Class Mail and E-Mail***

Mr. Jeffrey Fenton
17195 Silver Parkway, #150
Fenton, MI 48430
Jeff@meticulous.tech

**Re:** ***Fawn [redacted] Fenton vs. Jeffrey Ryan Fenton***
***Williamson County Chancery Court No. 48419B***

Dear Mr. Fenton:

To follow up on correspondence sent to you on September 16, 2019, we never received any information on a storage unit you would like to use to store the extensive list of items you wish to retain from the Sunnyside residence. Therefore, Ms. Fenton took it upon herself to obtain a quote from Fox Moving and Storing to have these items packed, moved and stored. **The quote is attached hereto.** As you can see, the cost for packing only your personal items (i.e. remaining clothing, photos, etc.) is $639.00. The cost for moving the larger items and your personal items is $2,895.00. This would include moving the items to Fox's storage facility in Nashville. The cost to store these items in their storage facility would be approximately $495.00 per month. Finally, to have all of these items packed and moved to Michigan, the cost would be over $6,000.00.

At this point, it is our position that moving the items to Michigan is not financially responsible but that is up to you if you want to use any proceeds you received to have your items shipped. It is our position and that of Mr. Anderson's that the entire value of the remaining contents of the home is only approximately $3,000.00, therefore the cost to move and store these items far outweighs their worth. However, if you would like for the items to be packed and stored in the Fox storage facility in Nashville then you will need to send a check to my office in the amount of $3,534.00 no later than next Wednesday, October 2, 2019, made payable to Fawn Fenton and she will schedule the movers and the storage facility for one month until you decide if you want to have the items moved to Michigan. The only other option is to have the remaining property sold and any proceeds will be placed in the Clerk & Masters office for distribution at a later date. We will go ahead and file a Motion with the Court to sell or otherwise get rid of all remaining items in the home in the event that you do not agree to pay the cost for packing, moving and storing the items that you wish to retain.

PLAINTIFF'S
EXHIBIT
**B-3**

Finally, you still have not disclosed where all of your guns are located. Please advise where they are located with the contact information or whether you have taken them with you to Michigan. If you have any guns in your possession, please provide an itemized list of all guns that you removed, manufacturers, and models.

I thank you in advance for your prompt response to these time sensitive matters.

Sincerely,

Virginia Lee Story
Attorney at Law

Enclosure
cc: Ms. Fawn Fenton

PLAINTIFF'S EXHIBIT
**B-4**