**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**[1]

| | |
|---|---|
| **JEFFREY RYAN FENTON,**<br>PLAINTIFF-APPELLANT<br>V.<br>**VIRGINIA LEE STORY ET AL.,**<br>DEFENDANTS-APPELLEES | **CASE NO. 25-5592** |

**DECLARATION OF JEFFREY RYAN FENTON IN SUPPORT OF APPELLANT'S COMBINED MOTION FOR RECONSIDERATION AND PANEL REVIEW, THRESHOLD ACCESS RELIEF, STAY AND MODIFICATION OF BRIEFING, AND EXPEDITED CONSIDERATION**

I, Jeffrey Ryan Fenton, declare under penalty of perjury as follows:

1. I am the Plaintiff-Appellant and am proceeding without counsel. I have personal knowledge of the facts stated in this declaration.

[1] This action was filed in the Western District of Michigan ("MIWD") on October 13, 2023, as No. 1:23-cv-01097, and transferred on October 25, 2024, under MIWD ECF 127 to the Middle District of Tennessee ("TNMD") as No. 3:24-cv-01282. MIWD uses "ECF No." and TNMD uses "Document"; both use "PageID" in their electronic file stamps. These are abbreviated ECF, DOC, and PID. Upon appeal, this case was docketed in the Sixth Circuit ("6th Cir.") as No. 25-5592. Internal citations to this lawsuit begin with the court—MIWD, TNMD, or 6th Cir.—omit the case name and number, and then identify the starting ECF or DOC number followed by the full PID range (may span multiple ECFs). Because the 6th Cir. does not use PageID in its file stamps, citations use "6th Cir. Doc." followed by the docket-entry number and standard page abbreviations where applicable. The Notice of Electronic Filing for the transfer to Tennessee is recorded in TNMD DOC 131, at which point the ECF/DOC sequence continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

2. I have repeatedly informed the district courts and this Court that fourteen-day response periods[2] are not meaningfully accessible[3] to me for substantial filings because of my documented disability-related limitations[4], including difficulty with task-switching, organization, concentration, legal research, drafting, revision, and completion under compressed deadlines. I previously explained that fourteen days may be consumed merely determining what must be filed before I can meaningfully research, organize the record, draft, revise, cite, format, and submit a proper response. See 6th Cir. Doc. 46, p. 3 ¶ 11, p. 73 ¶¶ 8–9; MIWD ECF 16, PID 2261; MIWD ECF 32, PID 3297–3299.

3. I have also repeatedly requested access measures, accommodations, and procedural structure at the outset of proceedings, including additional time, electronic filing access, remote participation[5] by telephone or video for any hearing, conference, oral argument, or other proceeding requiring my appearance, threshold-first consideration[6], and an opportunity to address substantial matters sequentially rather than simultaneously. See TNMD DOC 197, PID 462–463; 6th Cir. Doc. 24, pp. 6, 31; 6th Cir. Doc. 46, pp. 2, 13–15, 84–85.

---

[2] https://rico.fentonvstory.com/25-5592/doc/46.pdf

[3] https://rico.fentonvstory.com/1-23-cv-01097/ecf/16.pdf

[4] https://rico.fentonvstory.com/1-23-cv-01097/ecf/32.pdf

[5] https://rico.fentonvstory.com/3-24-cv-01282/197.htm

[6] https://rico.fentonvstory.com/25-5592/doc/24.pdf

4. When those requests have been narrowed, deferred, or remained unresolved, I have been required to devote additional time and effort to restating, preserving, and clarifying matters already presented to the courts.

5. I am currently working on my opening brief while continuing to seek meaningful access to the Court and a fair opportunity to present the issues before they are adjudicated or otherwise materially resolved.

6. My prior requests for access, accommodations, and procedural structure remain relevant to the present motion. They include the requests filed at 6th Cir. Doc. 24 and renewed or further explained at 6th Cir. Doc. 46. I incorporate those prior factual statements and requests by reference so that the Court may consider the present request together with the access limitations and procedural needs already placed before it. In the Tennessee proceedings, I remained actively engaged after being displaced from my home and forced to obtain emergency shelter and support from my elderly mother in Michigan. I filed extensive sworn testimony, responsive pleadings, objections, and requests for disability-related access; objected that material rulings did not accurately reflect the hearings or my filed responses; promptly attempted to correct the record; and later sought modification, supplementation, and correction of the appellate record. I repeatedly explained that I could not prepare a meaningful appellate brief until the courts addressed the disputed record, reported misconduct, missing or mischaracterized evidence, and

access barriers that determined what I was required to brief. Instead, I was required to proceed through the appeal while those threshold matters remained unresolved. I now face the same practical barrier: being required to brief the merits before receiving a workable ruling on the access, record-integrity, and procedural issues necessary to identify and fairly present the actual case.

7. Before 6th Cir. Doc. 31-1, I had already spent months seeking unsealing, reduced redaction, and meaningful public access in both district courts[7]. TNMD DOCS 217–219 were filed under seal and are unavailable for public linking; see also TNMD DOC 222, PID 1164–1214; TNMD DOC 238-2, PID 1707–1750; MIWD ECF 139–141. In 6th Cir. Doc. 24, I expressly explained[8] that the courts' failure to acknowledge or respond to the bulk of my filings "forces me to devote significant time, resources, and page count to restating the truth again, in hopes of preventing another manifest injustice." 6th Cir. Doc. 24, p. 5 n.12. I had therefore already shown the Court extensive factual grounds for the requested abeyance, including documented misconduct examples, supporting citations, access barriers, and specific reasons for seeking relief before merits briefing. I presented that

---

[7] https://rico.fentonvstory.com/3-24-cv-01282/doc/222.pdf
https://rico.fentonvstory.com/3-24-cv-01282/doc/238-2.pdf
https://rico.fentonvstory.com/1-23-cv-01097/139.htm
https://rico.fentonvstory.com/1-23-cv-01097/140.htm
https://rico.fentonvstory.com/1-23-cv-01097/141.htm

[8] https://rico.fentonvstory.com/25-5592/doc/24.pdf

unresolved two-court history to this Court, yet Doc. 31-1 directed me back to the district court and stated that grounds for an abeyance had not been shown, without identifying or addressing those prior efforts or the factual showing presented in Doc. 24.

8. I understood from 6th Cir. Doc. 31-1's statement that "no briefing schedule will issue unless and until" the IFP issue was resolved or the fee was paid, together with my separate communications with case manager Ryan Orme concerning whether I needed to take any action to transfer the district-court record or satisfy other preliminary appellate obligations, that I was waiting for the IFP decision and that no additional action was then required of me. As I recall, I was advised in substance that the district-court record would transfer automatically, that no additional action was required from me at that time, and that indigent IFP requests were substantially delayed. Because I had no prior experience with clerk-signed orders, I did not understand that I needed to seek separate review promptly to preserve my rights. My understanding was that I had completed what was then required of me and that the appeal was awaiting resolution of the IFP motion.

9. At that point, I believed the Clerk's treatment of 6th Cir. Doc. 31-1 raised additional professional-misconduct concerns, compounding the substantial misconduct I had already documented throughout the Michigan and Tennessee federal records without meaningful acknowledgment or resolution. I brought those

concerns to this Court at the very inception of my appeal in an effort to obtain oversight and accountability before merits briefing began, but 6th Cir. Doc. 31-1 narrowed the treatment of my filing, omitted language about misconduct from the title, referred substantive matters to the merits panel, and otherwise largely denied my requests. Believing that no further action was then available or required in this Court, I redirected my time and energy toward the Circuit Executive's Office and other accountability channels while awaiting the IFP decision. I did not understand that there was anything further I could or should do in the Sixth Circuit until the IFP motion was resolved.

10. 6th Cir. Doc. 45 established the ordinary limit[9] of 30 pages or 13,000 words for my opening brief.

11. 6th Cir. Doc. 49 later reset the deadline[10] for that brief to August 17, 2026, without enlarging the ordinary limit.

12. I have documented functional limitations affecting communication, concentration, organization, sequencing, compression of long written work, switching among demanding tasks, and work under short deadlines. My prior declaration at MIWD ECF 32, PID 3297–3299 accurately describes those limitations and their effect on research and drafting.

---

[9] https://rico.fentonvstory.com/25-5592/doc/45.pdf

[10] https://rico.fentonvstory.com/25-5592/doc/49.pdf

13. These limitations make substantial legal research and drafting exceptionally slow. When excessive compression is required, I may repeatedly rewrite, lose the organizing sequence, or omit material needed to explain an issue. A filed declaration from my mother[11] also described that interruptions can require me to restart written work and that multitasking is difficult. MIWD ECF 1-2, PID 49–53.

14. I have previously stated under penalty of perjury that, by March 2025, I had invested well over six thousand hours of work[12] into this lawsuit, often working at least ten hours per day and at least six days per week. TNMD DOC 224, PID 1350; TNMD DOC 238, PID 1513. I have also explained that misconduct-related responses caused the loss of hundreds of additional hours[13] and that this litigation has consumed years of painstaking work and borrowed money. TNMD DOC 238, PID 1522, 1561–1562. The requested modification is intended to reduce further avoidable loss by allowing me to work sequentially and limiting repeated rewriting. I do not claim a specific amount of lost income in this declaration.

15. Before dismissal, I requested that responses to dispositive motions await service and threshold rulings and explained that I needed those rulings before

[11] https://rico.fentonvstory.com/1-23-cv-01097/ecf/1-2.pdf

[12] https://rico.fentonvstory.com/3-24-cv-01282/224.htm

[13] https://rico.fentonvstory.com/3-24-cv-01282/238.htm

responding to each motion. TNMD DOC 224, PID 1321–1324. After judgment, I disputed the conclusion that I had fully responded and reproduced my reservation to provide more complete motion-specific responses. TNMD DOC 238, PID 1513–1516.

16. I have completed extensive preparation work organizing the federal record, the claims and defendants, the dismissal grounds, preservation, and the issues that may require treatment in the opening brief. No order that I have identified through 6th Cir. Doc. 49 has narrowed that scope.

17. My completed preparation inventory estimates approximately 30 distinct claims or legal theories, 34 defendants, and roughly 580 claim-defendant combinations in the operative pleading.

18. That work currently identifies about 20 express or incorporated dismissal-ground categories, around 80 preservation issues, and roughly 200 record-source instances. These figures describe my structured preparation work; they are not judicial findings.

19. I prepared and reviewed four word-budget models based on the claims, defendants, dismissal grounds, and preservation issues identified during my preparation. The modeling indicated that a 13,000-word brief would require material omission or narrowing. It indicated that a 20,000-word brief would also require material narrowing unless the Court authorizes sufficient staged or supplemental

treatment, and that a 25,000-word brief would remain incomplete unless paired with an authorized supplement of up to 9,000 words. Of the models I reviewed, the 34,000-word model appeared to be the smallest that could provide at least some treatment for every target and dismissal-ground category currently identified.

20. The 34,000-word model does not allocate extensive argument to every claim-defendant combination. It appears to permit each selected, conditional, protective, or legally excluded target to receive explicit treatment while addressing the dismissal-ground categories currently identified without intentional duplication.

21. I therefore request permission to file an opening brief containing no more than 34,000 words. I do not seek unlimited briefing, permission to add claims or facts, or any relaxation of the substantive standards governing the appeal.

22. If the Court prefers another structure, I can organize the same aggregate material in two coordinated principal parts or in a 25,000-word opening brief followed by an authorized supplemental brief of up to 9,000 words. I understand that I may not file a second part or supplemental brief unless the Court expressly authorizes it.

23. These structures are not interchangeable near the end of preparation. Each requires different issue selection, ordering, record organization, and citation work. Preparing several incompatible versions simultaneously is not practical for me. More fundamentally, I cannot meaningfully complete merits briefing until a

three-judge panel reviews my documented access barriers and the unresolved threshold matters that determine what must be briefed and whether I have a fair means to do so.

24. On July 22, 2026, I spoke by telephone with Ryan Orme, the Sixth Circuit case manager[14] identified in 6th Cir. Doc. 1. Mr. Orme explained, in substance, that 6th Cir. Doc. 31-1 was a clerk's order[15] and 6th Cir. Doc. 42-1 was a single-judge order[16].

25. Mr. Orme further explained, in substance, that I could request review of both entries in one combined filing rather than filing separate documents for each entry.

26. Mr. Orme also explained, in substance, that, because I am proceeding pro se, the Court would consider the substance of my filing rather than reject it solely because I used an incorrect procedural label or rule citation. I understood these statements as procedural guidance, not as a judicial order, legal ruling, or extension of time.

27. I possess the Court's instructions authorizing pro se submissions through its designated email address, which Mr. Orme reviewed with me again

[14] https://rico.fentonvstory.com/25-5592/doc/1.pdf

[15] https://rico.fentonvstory.com/25-5592/doc/31-1.pdf

[16] https://rico.fentonvstory.com/25-5592/doc/42-1.pdf

during my July 22, 2026, call with him. That method permits me to transmit my wet-signed filings by email, without direct access to CM/ECF.

28. Mr. Orme explained, in substance, that, when the Court files my emailed submissions, the Court's electronic filing system will notify counsel who have entered appearances in this appeal, so I do not need to manually serve them. He further clarified that I remain responsible for serving any unrepresented appellees and any appellees for whom counsel has not entered an appearance in this appeal.

29. I therefore request that the existing opening-brief deadline be stayed until a three-judge panel reviews my documented access barriers and the unresolved threshold matters affecting meaningful participation. Those matters include disability-related access and procedural structure, electronic and remote participation, service and nonappearance disputes, record integrity, caption accuracy, and the scope and format of the opening brief. After that review and entry of an order establishing an accessible path forward, I request at least thirty days to prepare the brief authorized by the panel.

30. The service and nonappearance matters remain material to the structure of this appeal. I previously informed the courts that defendants and bankruptcy-related actors remained unserved[17], disputed service[18] despite repeated notice or

[17] https://rico.fentonvstory.com/3-24-cv-01282/177.htm

[18] https://rico.fentonvstory.com/3-24-cv-01282/221.htm

service efforts, or failed to appear[19], and I requested assistance, cure instructions, alternative service, and compelled participation. See TNMD DOC 177, PID 234–250; TNMD DOC 221, PID 1129–1163; TNMD DOC 223, PID 1215–1320; 6th Cir. Doc. 46, pp. 81–82 ¶¶ 45–48. Those requests were not substantively resolved before dismissal. I am concerned that requiring merits briefing before panel review of that posture could permit later arguments that I had a fair opportunity to proceed while leaving unresolved whether all necessary parties received notice, appeared, or were afforded an opportunity to participate.

31. Attached as Exhibit A is a chronological inventory of numerous filed requests for meaningful court access, disability-related accommodations, electronic filing and service, remote participation, additional time, service assistance, staged or sequential treatment, record access, and related procedural structure. The exhibit identifies the filing date, requested relief, ruling date where one exists, time outstanding, and result or current status.

32. Attached as Exhibit B is a chronological narrative of filings and related court responses concerning significant attorney misconduct, judicial misconduct, false or materially inaccurate statements, fraud, record-integrity problems, access interference, and related constitutional violations. The narrative identifies where those matters were presented and whether the authenticated record shows that they

[19] https://rico.fentonvstory.com/3-24-cv-01282/223.htm

were substantively addressed. It is included so that the Court may consider the present request together with the prior notices already placed in the record without requiring me to reproduce their full contents again.

## CERTIFICATION AND DECLARATION

By signing below, I certify that this declaration is submitted in good faith and in the honest pursuit of justice. Consistent with the standards of factual responsibility reflected in Federal Rule of Civil Procedure 11(b), I certify that the factual contentions stated herein have evidentiary support and that this filing is not presented for any improper purpose.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 27, 2026.

**JEFFREY RYAN FENTON**
PRO SE PLAINTIFF-APPELLANT
SIXTH CIRCUIT NO. 25-5592
P.O. BOX 400, LINDEN, MI 48451-0400
NOTICE@FENTONVSTORY.COM
HTTPS://FENTONVSTORY.COM
(P) 615.837.1300
#TNINJUSTICE