# EXHIBIT E

## MIWD ECF 101 — AMENDED COUNTER-AFFIDAVIT CORRECTING STORY'S ALLEGEDLY FALSE CLAIMS

**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MICHIGAN**

FILED - LN
October 10, 2024 1:41 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: jlg / ____ SCANNED BY: 10/11/24

**JEFFREY RYAN FENTON,**
PLAINTIFF
v.
**VIRGINIA LEE STORY ET AL.,**
DEFENDANTS

**CASE NO. 1:23-CV-01097**

## AMENDED[1] COUNTER-AFFIDAVIT TO "AFFIDAVIT OF VIRGINIA LEE STORY"[2]

Plaintiff brings this testimony pursuant to 28 U.S. Code § 1746.

I, Jeffrey Ryan Fenton, declare under oath as follows:

1. I am the plaintiff in this federal lawsuit.
2. I am a citizen of the United States of America.
3. I am domiciled in Genesee County, Michigan.
4. Throughout this declaration, when I refer to defendant Story's law firm, "Story and Abernathy, PLLP" (hereinafter "SA"), that will include any prior firms with her as a member operating out of the same office building located at 136 4th Avenue South, Franklin, TN, 37064, regardless of the partnership structure or naming variant used for their law firm during different seasons.

---

[1] I filed a declaration substantially similar to this titled COUNTER-AFFIDAVIT TO "AFFIDAVIT OF VIRGINIA LEE STORY" on October 4, 2024, in ECF 96-2, PID.5286-5294, of which this document is the amended version replacing the previous declaration in its entirety. The original declaration overlooked including a certification which complied with a motion concurrently filed by Plaintiff titled MOTION FOR ALL FILINGS TO BE SUBMITTED UNDER PENALTY OF PERJURY. This declaration corrects that oversight.

[2] Citations to the court record in this lawsuit will be notated without the case name or number, using the starting ECF Number, followed by both the beginning and ending Page ID, which is abbreviated as "PID."



Initials:

5. In paragraph 11 of defendant Story's affidavit referenced in the title, she falsely stated, "I have never conducted any activity in Michigan related to Plaintiff."[3]

6. She similarly falsely stated in paragraph 12 of that same affidavit, "Story and Abernathy, PLLP has never conducted any activity in Michigan related to Plaintiff." This is also contrary to the interactions she and her company have had with me since I've lived in Michigan.

7. While it may be true that she or her firm or any of its members have never *physically* been located in the State or Michigan or *personally* conducted any business there, they still "conducted [much] activity in Michigan related to Plaintiff."

8. The absolutely false aspect of those statements is that from a physical base inside Tennessee, her company and the courts in Tennessee unlawfully committed a plethora of state and federal felonies against me and my family. This was done under the fictitious *color of law*, without even having lawful jurisdiction over the matters they "adjudicated," nor having lawful jurisdiction over my person after they wrongfully evicted me from my home, clearly knowing in advance that would cause me to become geographically dislocated from the State of Tennessee to the State of Michigan where I could have emergency replacement shelter[4] and provisions from my elderly mother who lives in Genessee County Michigan.

9. After dislocating me, defendants Story, SA, Yarbrough, and the Williamson County Chancery Court continued to file fraudulent papers[5] in the court and—with the help of

---

[3] ECF 76-1, PID.5078-5079 | https://rico.jefffenton.com/evidence/2024-09-16_affidavit-of-virginia-lee-story.pdf

[4] ECF 52, PID.4218-4221 | https://rico.jefffenton.com/evidence/2023-04-19_mi-department-of-health-shelter-verification.pdf

[5] ECF 57-1, PID.4394-4404 | https://rico.jefffenton.com/evidence/2019-08-30_emergency-attempt-to-correct-court-order.pdf
ECF 57-1, PID.4405-4413 | https://rico.jefffenton.com/evidence/2019-08-30_notified-story-beeler-false-claims-in-court-order.pdf
ECF 57-1, PID.4459 | https://rico.jefffenton.com/evidence/2019-08-30_story-lied-when-notified-false-claims-in-order.pdf
ECF 57-1, PID.4463-4475 | https://rico.jefffenton.com/evidence/2019-09-26_motion-to-sell-contents-of-marital-residence.pdf



Initials: ________

defendants Binkley, Beeler, and Chancery Court—proceeded to terrorize[6] me and my family[7] under the bad faith fraudulent *color of law* as the evidence on record shows.

10. Two letters from defendants Story and SA sent to me *in Michigan* are shown on pages A4-5[8] and A4-6[9] in the complaint as being dated *after* September 3, 2019, the day I was wrongly evicted from his home.[10] Defendant Story knew I would be "be moving to Michigan."[11] In fact, even with the redaction, the letter on page A4-5[12] shows it being clearly addressed to Marsha Fenton[13] who Story knew lived in Michigan.[14]

11. The preceding paragraph proves on its own that defendants Story and SA had conducted "activity in Michigan" and clearly shows their affidavit to be falsified.

12. Defendant Story doesn't appear to be denying a single merit of this lawsuit in her affidavit, despite how horrifically it accurately portrays her. She merely seems to imply that it is

---

ECF 76-1, PID.5076-5079 | https://rico.jefffenton.com/evidence/2024-09-16_affidavit-of-virginia-lee-story.pdf

[6] ECF 19-8, PID.2679 | https://rico.jefffenton.com/evidence/2019-09-16_story-letter-demanding-two-grand-for-storage.pdf
ECF 19-8, PID.2680-2681 | https://rico.jefffenton.com/evidence/2019-09-26_story-letter-demanding-thirty-five-hundred.pdf
ECF 57-1, PID.4486-4501 | https://rico.jefffenton.com/evidence/2019-tn-wilco-48419b-tech-record-v3-pages-387-402-iied.pdf
ECF 1-31, PID.1794-1873 | https://rico.jefffenton.com/evidence/2019-10-21_order-of-protection-as-illegal-prior-restraint.pdf
ECF 49, PID.4030-4035 | https://rico.jefffenton.com/evidence/2019-11-12_settlement-offer-mitigate-losses-story-refused.pdf
ECF 1-31, PID.1794-1873 | https://rico.jefffenton.com/evidence/2020-09-24_5yr-op-ext-retaliation-no-notice-motion-hearing.pdf

[7] ECF 1-2, PID.48-63 | https://rico.jefffenton.com/evidence/2020-10-13_affidavit-of-mother-marsha-ann-fenton.pdf
ECF 18, PID.2417-2616 | https://rico.jefffenton.com/evidence/2024-01-16_marsha-fenton-sons-tn-legal-proceedings.pdf

[8] See attached exhibit 'A'.

[9] See attached exhibit 'B'.

[10] ECF 19-7, PID.2675

[11] ECF 23, PID.2887

[12] See attached exhibit 'A'.

[13] https://rico.jefffenton.com/evidence/2019-09-16_story-letter-demanding-two-grand.pdf

[14] ECF 23, PID.2867



Initials: [signature]

none of the state court or federal court of Michigan's business, despite me living in Michigan[15], it and its courts having a duty to provide me with equal protection under the law, and her and defendant SA injuring me and causing me damages while I was living in Michigan.

13. Defendants Story and SA did in fact "conducted [much] activity in Michigan related to [me]."

14. "Activity" originated from and/or was primarily caused by, related to, conducted through, or subsequent to the actions of defendants Story and SA after I was no longer a resident of Tennessee.

15. Forgetting for the moment that paragraphs 11 and 12 of defendant Story's affidavit are false, even if paragraphs 11, 12, and 13 were all true, one could not logically deduce that "the substantial part of the events giving rise to the [c]omplaint did not occur in Michigan." Moreover, the crime and corruption arising from the "divorce proceeding" are only a portion of the foundation of the complaint. The crime and corruption born of the bankruptcy comprise the other portion to which defendants Story and SA were certainly connected.

16. Taking this one step further, even if defendant Story had not prevaricated and everything in the affidavit could be taken as true, she is still implying that federal courts in Michigan do not have personal jurisdiction over her or her firm. Such flawed reasoning, if instead true, would negate nearly half of all federal cases brought under diversity of citizenship. The whole purpose of diversity—under which the instant case was brought—is to litigate cases in which no plaintiffs are residents of any of the states of the defendants.

---

[15] Depending upon both Michigan Medicaid and Michigan's Food Assistance Programs due to my poverty, caused by the cruel, careless, and wanton actions of the defendants, without equal or due process of law, in a "fixed" Tennessee case between friends.

 Initials:

17. To clarify based upon time calculations related to defendant Story's and SA's claim, I only lived in Tennessee from June 6, 2019, when defendant Story filed a divorce complaint, through September 3, 2019, when I was wrongfully evicted from my home by four officers of the Williamson County Sheriff's Office.

18. The period in which I lived in Tennessee impacted by the "activity" of defendants Story and SA is from June 6 through September 3, 2019, which is merely 90 days.

19. The period in which I remained in litigation with defendants Story and SA after I began living in Michigan was from September 7, 2019, through April 4, 2021, when the case was closed by the Tennessee Court of Appeals[16]. This is a total of 576 days in litigation.

20. That means I was in litigation with defendants Story and SA 486 days longer while living in Michigan than while living in Tennessee.

21. The computation also means that I only lived in Tennessee for less than 16 percent of the duration during which I actively attempted to defend myself against the malicious and illegal practices of defendants Story and SA with more than 84 percent of the time being while I lived in Michigan.

22. Therefore, "the substantial part of the events giving rise to the [c]omplaint did not occur in Michigan," in paragraph 14 of defendant Story's affidavit is another factually untrue statement.

---

[16] ECF 57-1, PID.4558-4560 | https://rico.jefffenton.com/evidence/2021-04-09_tn-court-of-appeals-case-closed-summary.pdf



Initials: [signature]

23. According to the Tennessee Supreme Court's Rules of Professional Conduct for attorneys, in Tenn. R. Sup. Ct. 1.0 Rule 1.0 - TERMINOLOGY[17], they define "Fraud" or "Fraudulent" as follows:

> ➢ (d) "Fraud" or "fraudulent" denotes an intentionally false or misleading statement of material fact, an intentional omission from a statement of fact of such additional information as would be necessary to make the statements made not materially misleading, and such other conduct by a person intended to deceive a person or tribunal with respect to a material issue in a proceeding or other matter.

24. In my experience, this is defendant Story's *signature* move in literally almost every document filed by her[18] and SA during the preceding matters in Tennessee.....and thus far 100 percent of the time in this matter.

25. If merely a fraction of what I have sworn to *under the penalty of perjury* in my complaint[19] is true, the Department of Justice should be leading an investigation into underlying matters for felony criminal charges against several of the defendants.

---

17 ECF 41, PID.3572

18 ECF 19, PID.2617-2716 | https://rico.jefffenton.com/evidence/2019_tn-court-motions-in-chronological-order.pdf

19 ECF 52, PID.4225-4228 | https://rico.jefffenton.com/evidence/2023-12-13_wcso-racketeering-official-oppression.pdf
ECF 38, PID.3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf
ECF 37, PID.3398-3443 | https://rico.jefffenton.com/evidence/fenton-family-finances-property-education-experience.pdf
ECF 33, PID.3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf
ECF 1-12, PID.479-596 | https://rico.jefffenton.com/evidence/2019-10-29_tn-wilco-deed-fraud-ada-financial-exploitation.pdf
ECF 1-38, PID.2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf
ECF 53, PID.4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf
ECF 68, PID.5009-5029 | https://rico.jefffenton.com/evidence/2024-08-22_memorandum-of-law-about-void-tn-court-orders.pdf



Initials: ________

**CERTIFICATION AND DECLARATION**

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 8, 2024

**JEFFREY RYAN FENTON, PRO SE**
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

Story Abernathy & Campbell
PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story*
virginia@tnlaw.org

Joanie L. Abernathy
joanie@tnlaw.org

Neil Campbell'
neil@tnlaw.org

Kathryn L. Yarbrough
kyarbrough@tnlaw.org

Of Counsel:
James E. Story,*
Attorney at Law

Marissa L. Walters
Paralegal/Associate Attorney
marissa@tnlaw.org

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN 37064

OFFICE (615) 790-1778
FAX (615) 790-7468

*Licensed in Kentucky

September 16, 2019

***Via Email***
Mr. Jeffrey Fenton
**Email**: Jeff@meticulous.tech

***Via First Class Mail***
Ms. Marsha Fenton
[redacted]

**Re:** ***Fawn [redacted] Fenton vs. Jeffrey Ryan Fenton***
***Williamson County Chancery Court No. 48419B***

Dear Mr. Fenton:

My client was at the house over the weekend and has indicated that you left the house in a mess despite you having known since August 1, 2019 that the property would be auctioned. The costs for cleaning out the house and moving the items that you have tagged per the Court Order to storage will be in excess of $2,000. Please send a check payable to Fawn Fenton noted for moving and clean up to my office address. I will provide you with each invoice so you have an accounting of actual costs.

If I do not receive a check from you in the amount of $2,000 by **Friday, September 20, 2019**, we will have to sell the remaining items in the house and then dispose of the items that cannot be sold. Any proceeds from items sold will be deposited into the Clerk's office for distribution after payment of the costs.

As for the items you have tagged and for which you will send the $2,000 advance by **Friday, September 20, 2019** for the movers and clean up, please make the arrangements for a storage unit. This will need to be done by **Thursday, September 26, 2019**. Send me the name of the storage location and unit number with verification that the amount has been paid in advance so that when the movers arrive there are no snags.

Finally, we did not locate any guns in the house. Please advise where they are located with the contact information or whether you have taken them with you to Michigan. If you have any guns in your possession, please provide an itemized list of all types, manufacturers, and models.

Sincerely,

Virginia Lee Story
Attorney at Law

cc: Ms. Fawn Fenton



PLAINTIFF'S EXHIBIT
A

Story Abernathy & Campbell
PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story⁺
virginia@tnlaw.org

Joanie L. Abernathy
joanie@tnlaw.org

Neil Campbell⁺
neil@tnlaw.org

Kathryn L. Yarbrough
kyarbrough@tnlaw.org

Of Counsel:
James E. Story,*
Attorney at Law

Marissa L. Walters
Paralegal/Associate Attorney
marissa@tnlaw.org

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN 37064

OFFICE (615) 790-1778
FAX (615) 790-7468

*Licensed in Kentucky

September 16, 2019

***Via Email***
Mr. Jeffrey Fenton
**Email**: Jeff@meticulous.tech

***Via First Class Mail***
Ms. Marsha Fenton
[redacted]
Linden, MI 48451

**Re:** ***Fawn [redacted] Fenton vs. Jeffrey Ryan Fenton***
***Williamson County Chancery Court No. 48419B***

Dear Mr. Fenton:

My client was at the house over the weekend and has indicated that you left the house in a mess despite you having known since August 1, 2019 that the property would be auctioned. The costs for cleaning out the house and moving the items that you have tagged per the Court Order to storage will be in excess of $2,000. Please send a check payable to Fawn Fenton noted for moving and clean up to my office address. I will provide you with each invoice so you have an accounting of actual costs.

If I do not receive a check from you in the amount of $2,000 by **Friday, September 20, 2019**, we will have to sell the remaining items in the house and then dispose of the items that cannot be sold. Any proceeds from items sold will be deposited into the Clerk's office for distribution after payment of the costs.

As for the items you have tagged and for which you will send the $2,000 advance by **Friday, September 20, 2019** for the movers and clean up, please make the arrangements for a storage unit. This will need to be done by **Thursday, September 26, 2019**. Send me the name of the storage location and unit number with verification that the amount has been paid in advance so that when the movers arrive there are no snags.

Finally, we did not locate any guns in the house. Please advise where they are located with the contact information or whether you have taken them with you to Michigan. If you have any guns in your possession, please provide an itemized list of all types, manufacturers, and models.

Sincerely,

Virginia Lee Story
Attorney at Law

cc: Ms. Fawn Fenton

PLAINTIFF'S EXHIBIT A-2

**The scanned version of this document represents an exact copy of the original as submitted to the Clerk's Office. The original has not been retained.**

Story Abernathy & Campbell
PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story
Joanie L. Abernathy
Neil Campbell
Kathryn L. Yarbrough
Of Counsel
James E. Story,
Attorney at Law
Marissa L. Walters

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
138 Fourth Avenue South
Franklin, TN 37064

September 26, 2019

***Via First Class Mail and E-Mail***

Mr. Jeffrey Fenton
[redacted]
Jeff@meticulous.tech

**Re:** ***Fawn [redacted] Fenton vs. Jeffrey Ryan Fenton***
***Williamson County Chancery Court No. 48419B***

Dear Mr. Fenton:

To follow up on correspondence sent to you on September 16, 2019, we never received any information on a storage unit you would like to use to store the extensive list of items you wish to retain from the Sunnyside residence. Therefore, Ms. Fenton took it upon herself to obtain a quote from Fox Moving and Storing to have these items packed, moved and stored. **The quote is attached hereto.** As you can see, the cost for packing only your personal items (i.e. remaining clothing, photos, etc.) is $639.00. The cost for moving the larger items and your personal items is $2,895.00. This would include moving the items to Fox's storage facility in Nashville. The cost to store these items in their storage facility would be approximately $495.00 per month. Finally, to have all of these items packed and moved to Michigan, the cost would be over $6,000.00.

At this point, it is our position that moving the items to Michigan is not financially responsible but that is up to you if you want to use any proceeds you received to have your items shipped. It is our position and that of Mr. Anderson's that the entire value of the remaining contents of the home is only approximately $3,000.00, therefore the cost to move and store these items far outweighs their worth. However, if you would like for the items to be packed and stored in the Fox storage facility in Nashville then you will need to send a check to my office in the amount of $3,534.00 no later than next Wednesday, October 2, 2019, made payable to Fawn Fenton and she will schedule the movers and the storage facility for one month until you decide if you want to have the items moved to Michigan. The only other option is to have the remaining property sold and any proceeds will be placed in the Clerk & Masters office for distribution at a later date. We will go ahead and file a Motion with the Court to sell or otherwise get rid of all remaining items in the home in the event that you do not agree to pay the cost for packing, moving and storing the items that you wish to retain.

PLAINTIFF'S EXHIBIT
B

Jeffrey Fenton
September 26, 2019
Page 2

Finally, you still have not disclosed where all of your guns are located. Please advise where they are located with the contact information or whether you have taken them with you to Michigan. If you have any guns in your possession, please provide an itemized list of all guns that you removed, manufacturers, and models.

I thank you in advance for your prompt response to these time sensitive matters.

Sincerely,

Virginia Lee Story
Attorney at Law

Enclosure
cc: Ms. Fawn Fenton



PLAINTIFF'S EXHIBIT B-2

Story Abernathy & Campbell
PLLP | AN ASSOCIATION OF ATTORNEYS

Virginia Lee Story*
virginia@tnlaw.org

Joanie L. Abernathy
joanie@tnlaw.org

Neil Campbell*
neil@tnlaw.org

Kathryn L. Yarbrough
kyarbrough@tnlaw.org

Of Counsel:
James E. Story,*
Attorney at Law

Marissa L. Walters
marissa@tnlaw.org

HISTORIC DOWNTOWN
FRANKLIN, TENNESSEE
136 Fourth Avenue South
Franklin, TN 37064

OFFICE (615) 790-1778
FAX (615) 790-7468

*Licensed in Kentucky

September 26, 2019

***Via First Class Mail and E-Mail***

Mr. Jeffrey Fenton
17195 Silver Parkway, #150
Fenton, MI 48430
Jeff@meticulous.tech

**Re:** ***Fawn [redacted] Fenton vs. Jeffrey Ryan Fenton***
***Williamson County Chancery Court No. 48419B***

Dear Mr. Fenton:

To follow up on correspondence sent to you on September 16, 2019, we never received any information on a storage unit you would like to use to store the extensive list of items you wish to retain from the Sunnyside residence. Therefore, Ms. Fenton took it upon herself to obtain a quote from Fox Moving and Storing to have these items packed, moved and stored. **The quote is attached hereto.** As you can see, the cost for packing only your personal items (i.e. remaining clothing, photos, etc.) is $639.00. The cost for moving the larger items and your personal items is $2,895.00. This would include moving the items to Fox's storage facility in Nashville. The cost to store these items in their storage facility would be approximately $495.00 per month. Finally, to have all of these items packed and moved to Michigan, the cost would be over $6,000.00.

At this point, it is our position that moving the items to Michigan is not financially responsible but that is up to you if you want to use any proceeds you received to have your items shipped. It is our position and that of Mr. Anderson's that the entire value of the remaining contents of the home is only approximately $3,000.00, therefore the cost to move and store these items far outweighs their worth. However, if you would like for the items to be packed and stored in the Fox storage facility in Nashville then you will need to send a check to my office in the amount of $3,534.00 no later than next Wednesday, October 2, 2019, made payable to Fawn Fenton and she will schedule the movers and the storage facility for one month until you decide if you want to have the items moved to Michigan. The only other option is to have the remaining property sold and any proceeds will be placed in the Clerk & Masters office for distribution at a later date. We will go ahead and file a Motion with the Court to sell or otherwise get rid of all remaining items in the home in the event that you do not agree to pay the cost for packing, moving and storing the items that you wish to retain.

PLAINTIFF'S EXHIBIT
**B-3**

Finally, you still have not disclosed where all of your guns are located. Please advise where they are located with the contact information or whether you have taken them with you to Michigan. If you have any guns in your possession, please provide an itemized list of all guns that you removed, manufacturers, and models.

I thank you in advance for your prompt response to these time sensitive matters.

Sincerely,

Virginia Lee Story
Attorney at Law

Enclosure
cc: Ms. Fawn Fenton

PLAINTIFF'S EXHIBIT
B-4