# EXHIBIT I

## TNMD DOC 197 — MOTION TO FILE ELECTRONICALLY AND FOR REMOTE PARTICIPATION

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

RECEIVED
JAN 21 2025
US DISTRICT COURT
MID DIST TENN

**JEFFREY RYAN FENTON,**

PLAINTIFF

v.

**VIRGINIA LEE STORY ET AL.,**

DEFENDANTS

**CASE NO. 3:24-cv-01282**

## MOTION TO FILE ELECTRONICALLY AND FOR REMOTE PARTICIPATION[1] (EXPEDITED CONSIDERATION REQUESTED)

Plaintiff brings the electronic filing (hereinafter "CM/ECF") portion of this motion pursuant to F.R.Civ.P. 5(d)(3)(B) and Administrative Order 167-1, Administrative Practices and Procedures for Electronic Case Filing, along with M.D. Tenn[2]. LR5.02 and M.D. Tenn. ECF Procs. § 7. He brings these facts and testimony pursuant to 28 U.S. Code § 1746. He brings the remote participation portion pursuant to the due process clause of the U.S. Constitution.

Plaintiff brings this motion due to his forced geographic displacement and critical economic need, under the circumstances, at no fault of his own. To have a realistic chance at litigating for a desperately needed remedy in a court which he has no physical access to (located

[1] This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (hereinafter "MIWD") as case no. 1:23-cv-01097. On October 25, 2024, MIWD transferred this lawsuit as ordered in ECF 127 to the United States District Court for the Middle District of Tennessee (hereinafter "TNMD") as case no. 3:24-cv-01282. The language used in the file stamps of each page filed is slightly different between the two courts. MIWD uses the term "ECF No." (which Plaintiff abbreviates as "ECF"), while in place of that, TNMD uses the term "Document" (which Plaintiff abbreviates as "DOC"). Both courts use the term "PageID" (which Plaintiff abbreviates as "PID"). Citations to the court record in this lawsuit will be notated without the case name or number, using the starting DOC/ECF number, followed by both the beginning and ending PID. The Notice of Electronic Filing for this transfer is recorded in TNMD DOC 131, at which point the DOC/ECF number from MIWD was retained and continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

[2] https://www.tnmd.uscourts.gov/court-info/local-rules-and-orders/local-rules

562 miles away); absent extraordinary circumstances requiring long-distance travel and lodging, further complicated by debilitating handicaps[3], making long-distance travel much more difficult, time consuming, occasionally implausible without advance notice[4], and expensive—without any funding, income, or savings required for travel or lodging of any kind. As a direct result of crimes committed against Plaintiff by the defendants in this lawsuit[5].

## FACTS AND BACKGROUND

1. Plaintiff has absolutely no income, savings, or real property, after having been forcibly rendered homeless, from a comfortable middle-class lifestyle, almost instantly and driven into poverty, by the cruel and illegal actions[6] by the defendants in this lawsuit spanning state and federal courts in Middle Tennessee[7].

2. Plaintiff remains financially destroyed today, with no realistic means or path toward recovery, short of an intervention or some just remedy ordered by the court.

---

[3] DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf
DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

[4] DOC 1-38, PID 2039 | Such as severe weather or any threat of tornadoes along the route between Michigan and Tennessee, during which Plaintiff will not travel, and at times has almost no notice in advance so he can make alternate plans.

[5] https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf

[6] DOC 53, PID 4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf
DOC 38, PID 3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf

[7] See Plaintiff's "DECLARATION OF FACTS ABOUT FENTON FAMILY FINANCIAL STRUCTURE AND ROLES DURING MARIAGE, ENTIRETY PROPERTY, EDUCATION, VOCATIONAL EXPERIENCE, AND FINANCIAL CAPACITY"

DOC 37, PID 3398-3443 | https://rico.jefffenton.com/evidence/fenton-family-finances-property-education-experience.pdf

See Plaintiff's "DECLARATION REGARDING FINANCES, MARITAL ROLES, PROPERTY, EDUCATION, EARNING CAPACITY, SPOUSAL SUPPORT, AND FRAUD (AMENDED)" planned to be filed soon (hopefully before a judge is assigned to this matter by the Sixth Circuit Court of Appeals.) This will be available at the URL below upon completion.

https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf

## DEFENDANTS HAVE REFUSED TO RELEASE THEIR LAWLESS OPPRESSION

3. Plaintiff has sought a remedy and advocated for relief repeatedly, even relief which was believed not to cost the defendants a dollar[8], by having their fraudulent "order of protection" removed from his person and pre-employment background checks—so that he could move forward, obtain critically needed employment[9], and survive without becoming a financial liability and burden to his elderly mother and the State of Michigan.

4. Unreasonably, several of the defendants in this lawsuit refused to vacate or set aside the bad faith, biased and ultimately void order, executed without notice or hearing. While many more have failed or refused to intervene, help the injured party, report, correct, or discipline egregiously fraudulent and deceptive attorney and judicial misconduct, performed by defendants Story, Yarbrough, Binkley, Beeler, and the Chancery Court, as is *required* by the State of Tennessee's Rules of Judicial and Professional Conduct[10].

## CARELESS, WILLFUL, AND WANTON DISREGARD FOR PLAINTIFF'S LIFE & LIBERTY

5. Many of the defendants have exhibited reckless, willful, and wanton disregard for the impact of this fraudulent "order of protection" upon Plaintiff's life and liberty—while cruelly, irresponsibly, and negligently failing to prioritize Plaintiff's most basic need and natural right to be able to qualify for and obtain suitable employment[11] under the circumstances. That being the best employment which Plaintiff's education, skills, and experience will

[8] DOC 176, PID 227-231 | https://rico.jefffenton.com/evidence/2024-11-08_fenton-reply-to-storys-opposition-to-sanctions.pdf

[9] DOC 1-2, PID 48-63 | https://rico.jefffenton.com/evidence/2020-10-13_affidavit-of-mother-marsha-ann-fenton.pdf

[10] DOC 41, PID 3570-3608 | https://rico.jefffenton.com/evidence/tennessee-rules-of-judicial-and-professional-conduct.pdf

[11] DOC 1-28, PID 1658 | https://rico.jefffenton.com/evidence/2021-01-19_tnsc-immunity-disorder-strike-expunge-op.pdf

support—unmolested; so that Plaintiff might have a realistic chance of being physically capable of surviving their lawless, depriving, and oppressive orders against him.

**PUBLIC HEALTH AND SAFETY DURING COVID-19**

6. Despite a global pandemic, the likes of which had never been seen before in our lifetime, where throughout the country many non-violent prisoners had their prison sentences commuted with early releases in the name of public health and safety due to COVID-19, still the State of Tennessee refused to remove their fraudulent, bad faith, "order of protection" from a non-violent individual with no criminal history whatsoever. Wrongfully interfering with and damaging Plaintiff's vocational potential for over five years, for absolutely no just cause, despite him being a danger to no one, while living almost 600 miles away.

7. Even more egregiously, this bad faith order was levied against Plaintiff after he had been wrongfully evicted from his Brentwood home and essentially driven out of the state, after which the court and counsel falsified the court records to appear as if Plaintiff had voluntarily chosen to relocate to Michigan, sell his home for absolutely nothing in return, and then decided that he no longer wished to defend himself in any way, shape, or form, as the court cast harsh, punitive, default judgments against Plaintiff without motion, notice, or hearing. The defendants even went so far as to disregard hundreds of pages of Plaintiff's sworn testimony, evidence, and pleadings already filed on court record before he left Tennessee, proving the entire fiasco was an act of horrific misconduct by one of the presiding judge's closest personal friends.

8. The State of Tennessee ignored the repeatedly reported, fraud on the court coupled with clear judicial and attorney misconduct, by defendants Binkley and Story, along with Plaintiff's honest critical need and *most basic human right* to be able to qualify for and obtain the

best employment his skills would support, from almost six hundred miles away.

9. Still, that is the need which exists today, with cruel, careless, and inhumane chancery court orders, which have been, always will be, and lawfully can be nothing other than void[12]. Needing to be vacated by this court, as a matter of law, and remedied with post-haste, since everyday Plaintiff's damages continue to exponentially increase, when there was never an honest, lawful, or ethical basis for these orders in the first place.

## WRONGFULLY EVICTED FROM HIS BRENTWOOD TENNESSEE HOME DESPITE RENDERING HIS LIFE UNSUSTAINABLE THEREAFTER

10. Except for during a short period of State and Federally funded financial relief (around the time of COVID-19), Plaintiff has not been able to afford his own shelter, utilities, or even essential toiletries like soap, shampoo, toothpaste or toilet paper since being forcefully rendered homeless from his Brentwood residence, shortly after 12:00 noon on **September 3, 2019**, by the Williamson County Sheriff's Office, during his wrongful eviction[13].

11. This wrongful eviction was caused by excessive fraud on the court, including false claims of both fact and law in open court by defendant Story[14], while defendant Binkley played along with her misconduct and joined in instead of correcting, disciplining, or reporting Story's misconduct, as the State of Tennessee's Rules of Judicial Conduct *require*.

---

[12] DOC 68, PID 5009-5029 | https://rico.jefffenton.com/evidence/2024-08-22_memorandum-of-law-about-void-tn-court-orders.pdf

DOC 33, PID 3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf

[13] See Plaintiff's "DECLARATION OF UNCONSTITUTIONAL DESTRUCTION AND OPPRESSION, WITH ADA INTERFERENCE, COERCION, INTIMIDATION, AND RETALIATION" planned to be filed soon (hopefully before a judge is assigned to this matter by the Sixth Circuit Court of Appeals.) This will be available at the URL below upon completion.

https://rico.jefffenton.com/evidence/declaration-of-destruction-oppression-ada-interference.pdf

[14] DOC 33, PID 3310-3391 | https://rico.jefffenton.com/evidence/2019-08-01_hearing-professional-and-judicial-misconduct.pdf

## DEPRIVING PLAINTIFF OF HIS HOME AND ONLY STREAM OF INCOME

12. Instead, defendant Binkley issued *illegal* court orders[15], wrongfully depriving Plaintiff of **both** his only steam of *income*[16], along with his extremely valuable and critically needed Brentwood *property* interests, without the lawful jurisdiction to hear or dispose of either matter[17], while depriving him of equal and due process of law, and notice by which he could save, mitigate his losses in, or redeem his most essential property interests, as is ***constitutionally guaranteed***.

## PLAINTIFF HAS GEPHYROPHOBIA

13. In addition to not having money to travel back and forth to Tennessee, to litigate for a remedy in this lawsuit, Plaintiff also suffers significantly from a condition known as gephyrophobia[18] (the fear of going over bridges[19]), which requires Xanax (brand name) or Alprazolam (generic) to treat, in order for him to be able to safely drive over the John A. Roebling Bridge in Cincinnati Ohio.

## HEALTHCARE DIFFERENCES BETWEEN TENNESSEE AND MICHIGAN

14. On information and belief, there are some significantly different worldviews in governance and healthcare between Tennessee and Michigan. In Plaintiff's experience Tennessee is far less restrictive in the use of prescription medications to help patients achieve the

[15] DOC 19-6, PID 2669-2672 | https://rico.jefffenton.com/evidence/2019-08-01_chancery-court-order-with-counsel.pdf
DOC 19-7, PID 2674-2677 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-court-order-once-pro-se.pdf
DOC 19-13, PID 2706-2709 | https://rico.jefffenton.com/evidence/2019-10-21_chancery-final-decree-of-divorce.pdf
DOC 1-31, PID 1794-1873 | https://rico.jefffenton.com/evidence/2019-10-21_order-of-protection-as-illegal-prior-restraint.pdf
DOC 1-31, PID 1794-1873 | https://rico.jefffenton.com/evidence/2020-09-24_5yr-op-ext-retaliation-no-notice-motion-hearing.pdf

[16] DOC 45, PID 3800-3807 | https://rico.jefffenton.com/evidence/2019-03-26_fenton-sunnyside-roommate-lease-merriman.pdf
DOC 45, PID 3808-3813 | https://rico.jefffenton.com/evidence/2019-04-09_fenton-sunnyside-roommate-lease-garcia.pdf

[17] DOC 53, PID 4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf

[18] Plaintiff has gephyrophobia as explained in the MOTION TO MAINTAIN VENUE filed on 10/20/2023 in DOC 7, PID 2097.

[19] DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

best quality of life which is reasonably sustainable given their health. Michigan is far more restrictive in the use of prescription medications, especially controlled substances. In stark contrast, recreational marijuana is legal in Michigan and far easier to obtain than prescription medications which aren't even habit forming or prone to abuse, such as anti-depressants.

15. On information and belief, Tennessee and Michigan simply have different worldviews, about what is good and bad for society, while the laws of each state are structured in favor of their viewpoint. Unfortunately, Michigan's viewpoint has never allowed Plaintiff to return to the regimen of medications which worked best for him, for many years, in Tennessee.

## MICHIGAN AUTOMATED PRESCRIPTION SYSTEM (MAPS)

16. On information and belief, Michigan uses a system known as the Michigan Automated Prescription System (hereinafter "MAPS"), to closely monitor the prescribing and usage of controlled substances throughout the state, which places the medical license of prescribing practitioners in jeopardy when they exceed the prescribing tolerances established with the MAPS system.

17. On information and belief, Plaintiff was told that due to the high score assigned in MAPS to his ADHD drug (Vyvanse), the score for that one drug alone is so high, it automatically pushes him over the recommended tolerance per patient, harming the prescribing practitioner's average. Therefore, as long as Plaintiff wants to continue taking Vyvanse to help his brain focus, so that he can write, litigate, and try to articulate complicated matters (to the best of his ability), then they will prescribe him no other controlled substances, for any reason. (Not because of the impact on his health, good or bad, but because of the risk to the prescribing practitioners medical license using the MAPS system.)

18. Therefore, Plaintiff no longer has access to Xanax/Alprazolam. As a result, Plaintiff currently can't do certain activities which required Xanax/Alprazolam for him to safely perform, such as driving over the John A. Roebling Bridge in Cincinnati Ohio, since he has gephyrophobia[20].

## CHANCERY COURT KNEW THIS IN ADVANCE, THREW CAUTION TO THE WIND, AND WRONGFULLY EVICTED PLAINTIFF FROM HIS HOME

19. Plaintiff swears that defendants Chancery Court, Story, and Binkley knew[21] prior to their unlawful August 29, 2019, order[22] wrongfully evicting him from his Brentwood home[23] (and subsequently the state of Tennessee), that Plaintiff has gephyrophobia and can't drive over the Cincinnati Bridge[24] without help[25]. They also knew that as a direct result of the eviction they ordered, he would be displaced to the State of Michigan, to stay with family. They also knew that once he was on the east side of the John A. Roebling Bridge in Cincinnati (the side leading to Michigan), that he didn't have the resources or ability to be physically present in Tennessee's courts thereafter, or to travel back and forth so that he could be physically present to defend himself in Tennessee's courts. This was all well known by the court and counsel prior to them wrongfully evicting Plaintiff from his Brentwood home and forcing him to the east side of the John A. Roebling Bridge in Cincinnati, Ohio, in a desperate attempt to survive their cruel and careless crimes against Plaintiff and his family.

---

20 Plaintiff has gephyrophobia as explained in the MOTION TO MAINTAIN VENUE filed on 10/20/2023 in DOC 7, PID 2097.

21 DOC 23-4, PID 2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-audio-recording.mp3
DOC 23, PID 2863-2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-transcript-audio-markers.pdf

22 DOC 19-7, PID 2674-2677 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-court-order-once-pro-se.pdf

23 DOC 1-12, PID 479-596 | https://rico.jefffenton.com/evidence/2019-10-29_tn-wilco-deed-fraud-ada-financial-exploitation.pdf

24 Officially called the "John A. Roebling Bridge", referred to at times as the "Cincinnati Bridge".

25 DOC 23-4, PID 2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-audio-recording.mp3
DOC 23, PID 2863-2920 | https://rico.jefffenton.com/evidence/2019-08-29_chancery-hearing-transcript-audio-markers.pdf

## PLAINTIFF DID NOT CHOOSE TO RELOCATE THE DEFENDANTS FORCED HIM

20. Plaintiff was wrongfully displaced hundreds of miles away from his home in Tennessee, against his will and strong protest, strictly due to the unlawful and criminal acts of the defendants. They should not gain the added advantage of being able to force Plaintiff to litigate in a court which he does not reasonably have access to (562 miles away), where he cannot be actively present (in person or remotely), to fully participate in every phase of this lawsuit.

## DEFENDANTS OBJECTED TO JURISDICTION IN MICHIGAN

21. Furthermore, the defendants have strongly objected to MIWD having jurisdiction to hear this matter, while that court is reasonably and practically within Plaintiff's reach.

## PLAINTIFF NEEDS ELECTRONIC ACCOMMODATIONS TO PARTICIPATE

22. Therefore, it is only fair that TNMD provide Plaintiff with the accommodations necessary for him to have as much access to that court (remotely via ECF, Zoom, Etc…) as the defendants have to that court, or as is realistically possible given the circumstances.

23. Furthermore, is the issue of cost, for Plaintiff to mail notice of each and every filing of his to the many defendants in this lawsuit. To date Plaintiff and his mother have paid well over *two thousand dollars* directly to the United States Postal Service for postage alone in this lawsuit, both for the purpose of filing documents with the court by mail, as well as to serve notices to the defendants, as required by the court's rules.

## PLAINTIFF CAN'T AFFORD TO NOTICE THE DEFENDANTS WITHOUT ECF

24. On 10/05/2024 Plaintiff spent **$124.48** on postage for mailing notices for DOC 96, 97, and 98 to the defendants or their counsel, at fifteen different addresses, without ECF filing privileges. This also required a full day of labor to create mailing labels, certified mail receipts, to print, collate, staple, stuff envelopes, and prepare for mailing. (See attached "Plaintiff's Exhibit A".)

25. On 10/10/2024 Plaintiff spent **$153.14** on postage for mailing notices for DOC 99, 100, 101, and 102 to the defendants or their counsel, at fifteen different addresses, without ECF filing privileges. This also required a full day of labor to create mailing labels, certified mail receipts, to print, collate, staple, stuff envelopes, and prepare for mailing. (See attached "Plaintiff's Exhibit B".)

26. On 10/22/2024 Plaintiff spent **$107.40** on postage for mailing notices for DOC 109, 110, and 111 to the defendants or their counsel, at fifteen different addresses, without ECF filing privileges. This also required a full day of labor to create mailing labels, certified mail receipts, to print, collate, staple, stuff envelopes, and prepare for mailing. (See attached "Plaintiff's Exhibit C".)

27. As stated in paragraph #1, "Plaintiff has absolutely no income, savings, or real property, after having been forcibly rendered homeless, from a comfortable middle-class lifestyle, almost instantly and driven into poverty, by the cruel and illegal actions[26] by the defendants in

[26] DOC 53, PID 4258-4349 | https://rico.jefffenton.com/evidence/2024-03-13_irrefutable-proof-of-criminal-conspiracy.pdf
DOC 38, PID 3445-3496 | https://rico.jefffenton.com/evidence/2019-04-26_bankruptcy-crimes-rules-and-laws-violated.pdf

this lawsuit spanning state and federal courts in Middle Tennessee[27]."

28. Without ECF, Plaintiff cannot afford to respond to the many outstanding motions against him, which is why expedited consideration is needed in this matter.

29. Many if not all of these motions are frivolous on some level, contain misstated facts and claims, while requesting relief which is **contrary** to the honest "interests of justice".

30. It is extremely unfair to force Plaintiff to borrow and pay roughly a *hundred and fifty dollars* in postage, to respond to *each* frivolous motion to dismiss, by a defendant who has terribly harmed Plaintiff and still to date failed or refused to even *answer his complaint* based on the merits. Instead, many of the defendants are wasting the courts time while further burdening Plaintiff, seeking to overwhelm and defeat him *procedurally*, by needing to correct their false and contorted claims, which they seem to continuously color the court record with. Forcing Plaintiff to repeatedly argue that the merits of the case are significant, constitutional in nature, and contain evidence of egregious court misconduct and multiple felony crimes committed by a group of powerful and influential attorneys, clerks, and judges in Middle Tennessee. Those crimes include in part, real estate deed fraud, civil rights intimidation, falsifying government records, official oppression, ADA interference, coercion, extortion, retaliation, and racketeering by people trusted and sworn to behave far better.

[27] See Plaintiff's "DECLARATION OF FACTS ABOUT FENTON FAMILY FINANCIAL STRUCTURE AND ROLES DURING MARIAGE, ENTIRETY PROPERTY, EDUCATION, VOCATIONAL EXPERIENCE, AND FINANCIAL CAPACITY" DOC 37, PID 3398-3443 | https://rico.jefffenton.com/evidence/fenton-family-finances-property-education-experience.pdf

See Plaintiff's "DECLARATION REGARDING FINANCES, MARITAL ROLES, PROPERTY, EDUCATION, EARNING CAPACITY, SPOUSAL SUPPORT, AND FRAUD (AMENDED)" planned to be filed soon (hopefully before a judge is assigned to this matter by the Sixth Circuit Court of Appeals.) This will be available at the URL below upon completion.

https://rico.jefffenton.com/evidence/fenton-finances-roles-property-education-support-fraud.pdf

## ADHD/OCPD[28] POOR MULTI-TASKING & EXTREME DIFFICULTY FINISHING

### SYMPTOMS AND SIGNS OF OCPD — FROM MERCK MANUALS[29]

> "In patients with obsessive-compulsive personality disorder, preoccupation with order, perfectionism, and control of themselves and situations interferes with flexibility, effectiveness, and openness. Rigid and stubborn in their activities, these patients insist that everything be done in specific ways."
>
> "To maintain a sense of control, patients focus on rules, minute details, procedures, schedules, and lists. As a result, the main point of a project or activity is lost. **These patients repeatedly check for mistakes and pay extraordinary attention to detail.** They do not make good use of their time, often leaving the most important tasks until the end. **Their preoccupation with the details and making sure everything is perfect can endlessly delay completion.** They are unaware of how their behavior affects their coworkers. **When focused on one task, these patients may neglect all other aspects of their life.**"

### ECF IS NECESSARY FOR PLAINTIFF TO BE ABLE TO WORK IN "REAL TIME" WITH THE COURT

32. Due to the costs of mailing notices, Plaintiff must postpone service to the defendants, until he is able to send multiple notices simultaneously, to save on postage costs.

33. This diminishes Plaintiff's ability to timely file papers with the court, as well as his ability to respond to motions and objections by the defendants, in a timely manner.

---

[28] DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf
DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

[29] Obsessive-Compulsive Personality Disorder (OCPD) - Psychiatric Disorders - Merck Manuals Professional Edition
DOC 52, PID 4254-4257 | https://rico.jefffenton.com/evidence/tn-ada-disabilities-exploited-for-advantage-ocpd-merck.pdf

34. Not having ECF privileges prevents Plaintiff from being able to work in "real time" with the court, addressing each issue independently in a timely and cost-efficient manner.

35. Plaintiff's need to group together filings to save money on postage, both when mailing filings to the court (costing about $25-$50 in postage) as well as noticing the defendants (costing about $125 in postage), which makes this task multiple times more difficult for Plaintiff, due to him having ADHD and OCPD[30].

36. To date Plaintiff owes his elderly mother a little over *forty-one thousand dollars* in in legal fees, professional subscriptions, technical tools, printing and postage costs, mailbox dues, personal utilities (phone/internet/websites), personal hygiene and toiletries, clothes, veterinarian bills, healthcare costs (not covered by Michigan Medicaid), pharmaceutical expenses (not covered by Michigan Medicaid), food costs (not covered by Michigan's Food Assistance Program), moving expenses, storage costs, automotive consumables, maintenance, registration, insurance, etc… before assessing any cost to Plaintiff for five-years-worth of housing/shelter, shared electricity, water, and gas in his mother's tiny two bedroom, one bathroom, approximately seven hundred and eighty square foot home, which has an assessed value of under $60,000.

37. Prior to this, Plaintiff had **never** needed financial assistance from either the government or extended family. This was the direct result of cruel and unconscionable Tennessee court orders, combined with ADA interference, coercion, extortion, and retaliation. (Which still outrageously remains uncured.)

---

[30] DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf
DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf
DOC 52, PID 4254-4257 | https://rico.jefffenton.com/evidence/tn-ada-disabilities-exploited-for-advantage-ocpd-merck.pdf

38. Since **finishing** tasks, like drafting documents and filing them with the court in a timely manner, is one of Plaintiff's **most significant challenges** (caused by his disabilities and the massive scope of this case), when he must worry about finishing and filing **multiple** documents at once, ideally related, which he can bundle together for filing and mailing notices to the defendants, this task becomes multiple times more **difficult.** This significantly increases the odds of Plaintiff getting sidetracked, possibly for weeks or longer, while also increasing the odds of him failing to timely finish and file the documents with the court. In which case Plaintiff's failure would have nothing to do with the merits of this case or the honest interests of justice, but rather the overwhelming scope and complexity of his tasks, while trying to communicate with the court and the defendants.

39. Not being able to work in "real time" with the court, worsens Plaintiff's disabilities, making it exponentially more difficult for Plaintiff to complete filings.

40. The improvement to judicial economy and efficiency by Plaintiff being able to file most documents independently, in real time with the court, instead of needing to wait and group together several filings for more economical shipping costs, should be obvious. Reviewing the filings by Plaintiff in this matter should expose the benefit to the court of Plaintiff no longer needing to file five hundred to a thousand pages at once but instead being able to file each document on its own as soon as it is finished.

41. This motion is honestly in the best interest of all involved and should be granted.

## TECHNICAL FACTS

42. Plaintiff is tech savvy and well versed in the use of electronic documents, including the daily use of both Microsoft Word and Adobe Acrobat Pro.

43. Plaintiff has maintained a primarily paperless office, document server, and workflow for most of the past decade.

44. Plaintiff has a PACER account and has downloaded every ECF filing in this case, both from the Western District of Michigan as well as filed to date currently in the Middle District of Tennessee. These documents are stored digitally on Plaintiff's document server, along with his "digitally created PDFs", which he daily works with.

45. Plaintiff spent much of his career running massive commercial printing presses, while also having daily duties in graphic arts and pre-press. In later years, Plaintiff owned a small web development and marketing company.

46. Plaintiff has extensive experience working with all sorts of PDF files, converting headings to bookmarks, creating and using both static and dynamic tables of contents, listed by page numbers and hyperlinked, along with multiple, web-hosted, document and content management systems.

47. Most of Plaintiff's filings are "digitally created PDFs", with optical character recognition enabled, fonts embedded, with headings converted into bookmarks, featuring robust search capabilities. Unfortunately, when Plaintiff is not allowed to file these digitally created PDFs with the court *electronically*, all of the smart features and digital benefits of these documents is lost, by converting them into flat scanned images, which is the technical equivalent of "dumb PDF files", without most of the benefits of "true" digitally created PDFs.

48. Some of Plaintiff's larger documents, such as his AMENDED COMPLAINT[31], also include a hyperlinked table of contents, to make navigation of those documents far more efficient, quick, and easy. Unfortunately, again, unless the court allows Plaintiff to file these documents *electronically*, these digital features are of absolutely no benefit to the court or any of the defendants, making them far less efficient to work with.

49. Plaintiff is willing to perform any remote training recommended or required by the court for the use of their ECF filing system.

50. Plaintiff has friends who are experienced with the ECF filing system used by the federal courts, should he require any assistance.

51. By definition, allowing Plaintiff to file documents *electronically* with the court would *significantly* improve the *efficiency* and cost effectiveness of the action, for **all** involved. Nearly every document filed by Plaintiff would be easier to navigate and more efficient to work with, by the court and every interested party, by an order of magnitude. Saving the court the cost of timely scanning each page, the Plaintiff the costs of printing and postage, at the same time benefitting each defendant who works with the digitally created and delivered files.

[31] DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

## AUTHORITIES

"The purpose of the Federal Rules of Civil Procedure is "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The rules were first adopted by order of the Supreme Court on December 20, 1937, transmitted to Congress on January 3, 1938, and effective September 16, 1938. The Civil Rules were last amended in 2023[32]."

"Efficiently handled electronic filing works to the advantage of all parties and the court[33]."

## THE FEDERAL COURTS' "ELECTRONIC FILING BY PRO SE LITIGANTS" (PAGE 41) FEDERAL JUDICIAL CENTER, 2022[34]

"Electronic filing is governed by the court's Rule 5.02 and the court's Administrative Practices and Procedures: Electronic Case Filing [hereinafter ECF Procs.]. "A party to an action who is not represented by an attorney may, with the Court's permission, register as a [CM/ECF] Filing User solely for purposes of that action." M.D. Tenn. ECF Procs. § 7. The request is made by formal motion to the presiding judge."

"The court does not accept filings by email or fax. There is a drop box outside the building that is available at all hours. Submissions are retrieved first thing in the morning and time stamped for the previous work day."

32 https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure

33 https://www.law.cornell.edu/rules/frcp/rule_5

34 https://www.fjc.gov/sites/default/files/materials/20/FederalCourtProSeECF.pdf

"“In order for a document to be considered timely filed on a deadline date, the filing must be completed on the deadline date before midnight (local time at the Court's location).” M.D. Tenn. ECF Procs. § 6."

## ARGUMENT

The first reason Plaintiff should be allowed CM/ECF is that he is fighting multiple defendants (with counsel) who are filing multiple documents against ***one*** person who—precisely because of their nefarious conduct—has been forced to proceed *pro se*. He should not be penalized and/or disadvantaged because of ***their*** misconduct. Currently, this is essentially a minimum of a sixty-eight-against-one fight, which is clearly lopsided.

Another reason for Plaintiff to have CM/ECF access is that it is not even remotely fair with regard to how things stand now. Defendants can take advantage of filing just before midnight on any given due date. Plaintiff, however, must file at least seven hours before midnight on any similar day by either U.S. mail or in person at the courthouse, the latter of which is unrealistic since he has been forced out of state and more than 500 miles away by the defendants. Before the case was transferred to Tennessee, he could somewhat reasonably drive to the courthouse to deliver papers. This is no longer true.

On November 19, 2024, Plaintiff mailed a package of documents by Priority Mail from Michigan to TNMD, which was stamped received by the United States District Court for the Middle District of Tennessee six days later, on November 25, 2024. (Please see attached "Plaintiff's Exhibit D".) Mail between Tennessee and Michigan often takes up to five days or more. This would be a tremendous disadvantage for any party, let alone a *pro se* party who has significant communication and time management disabilities, as Plaintiff does.

Yet a third reason to allow Plaintiff CM/ECF access is one of judicial economy. Clerks have spent countless hours scanning documents he has filed. With electronic filing capabilities, clerks could then better spend their time on other tasks. It was nonsensical for the Michigan court to proscribe Plaintiff from CM/ECF filing. Moreover, Plaintiff has been forced to spend well over $5,000 on printing and mailing costs alone so far. It is outrageous for an indigent plaintiff to have to spend significantly more on printing and mailing than well-financed defendants who have spent closer to zero!

Still another reason to provide Plaintiff with CM/ECF access is that he is a disadvantaged/disabled litigant[35]. He suffers from several cognitive/mental disorders as already pointed out in his complaint and other court filings. To further burden a plaintiff who requires more time[36] than the average *pro se* litigant to process anything or meet any deadline by robbing him of time as stated two paragraphs above flies in the face of equity, justice, and due process.

Plaintiff also requires the ability to participate in all pretrial activities via phone or Internet, using teleconferencing or video conferencing. This includes, but is not limited to, depositions, meetings, conferences, or any other type of event that would normally require face-to-face interaction. Plaintiff has been dislocated from Tennessee strictly due to the unlawful and criminal acts of the defendants. They should not gain the added advantage of being able to stymie Plaintiff by preventing him to fully litigate this matter by basically blocking his in-person appearance where it would otherwise be required.

---

[35] DOC 32, PID 3296-3309 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-declaration-of-disabilities.pdf
DOC 1-38, PID 2032-2045 | https://rico.jefffenton.com/evidence/2020-07-08_tnsc-coa-ada-request-for-modification.pdf

[36] DOC 52, PID 4254-4257 | https://rico.jefffenton.com/evidence/tn-ada-disabilities-exploited-for-advantage-ocpd-merck.pdf

Case law from across the nation makes perfectly clear that litigants should not benefit from their own misconduct. "'[Equitable estoppel] is wholly independent of the limitations period itself and takes its life, not from the language of the statute, but from the equitable principle that *no man will be permitted to profit from his own wrongdoing* in a court of justice.' (*Battuello*, 64 Cal. App. 4th 842, 847-848, 75 Cal. Rptr. 2d 548 quoting *Bomba v. W.L. Belvidere, Inc.* (7th Cir. 1978) 579 F.2d 1067, 1070.)" *Lantzy v. Centex Homes*, 73 P. 3d 517 (Cal. 2003) (strongest emphasis added).

## CONCLUSION

Plaintiff requests that his motion be granted, i.e., allowing him to file electronically and to participate remotely via phone and/or video conferencing for all relevant matters before and excluding trial *if justice is to be really served*.

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

All rights reserved.

Executed on January 10, 2025

JEFFREY RYAN FENTON, PRO SE
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

**DOCUMENTS REGARDING** (CASE: 3:24-CV-01282):

1. MOTION TO FILE ELECTRONICALLY AND FOR REMOTE PARTICIPATION (with Exhibits A-D)
   - Attached
   - https://rico.jefffenton.com/evidence/2025-01-10_motion-for-ecf-and-remote-participation.pdf

## CERTIFICATE OF SERVICE

I hereby certify that on January 15 or 16, 2025, I mailed the foregoing or above-named papers to the United States District Court for the Middle District of Tennessee, at their address below, for filing in case number 3:24-cv-01282.

I further certify that on January 15 or 16, 2025, I am serving these same documents to the defendants or their counsel by first class or priority mail with postage prepaid at the addresses listed below. If for any reason beyond my control, I am unable to complete either on the date specified, I will do so on the very next business day.

UNITED STATES DISTRICT COURT (TNMD)
719 CHURCH ST
NASHVILLE, TN 37203-6940

MEGAN CALME & SARAH MATHEWS
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVE STE 400
NASHVILLE, TN 37203-1623

PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
PO BOX 20207
NASHVILLE, TN 37202-4015

LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIR STE 100
FRANKLIN, TN 37064-8039

KATHRYN LYNN YARBROUGH
223 TOWN CENTER PKWY UNIT 1897
SPRING HILL, TN 37174-3040
MARY BETH AUSBROOKS AND

JAMES EMBREY & MARCUS SHUTE, JR
GORDON & REES SCULLY MANSUKHANI, LLP
4031 ASPEN GROVE DR STE 290
FRANKLIN, TN 37067-2951

ALEXANDER SERGEY KOVAL
CLARK & WASHINGTON, P.C.
1321 MURFREESBORO PIKE STE 320
NASHVILLE, TN 37217-2858

ANTHONY NOEL & LARUA BASSETT
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN, PLLC
750 OLD HICKORY BLVD STE 200
BRENTWOOD TN 37027-4567

ANICA CLARISSA JONES
U.S. ATTORNEY'S OFFICE
719 CHURCH ST STE 3300
NASHVILLE, TN 37203-7155

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

THOMAS E. ANDERSON
1187 OLD HICKORY BLVD STE 125
BRENTWOOD, TN 37027-4248

GREGORY BROWN & WILLIAM HICKERSON
LOWE YEAGER & BROWN, PLLC
920 VOLUNTEER LANDING LN STE 200
KNOXVILLE, TN 37915-2584

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

B. GOLDAMMER & D. SUEDEKUM
KAY GRIFFIN, PLLC
222 2ND AVE N STE 340M
NASHVILLE, TN 37201-1649

G. CATE & K. INGRAM-HOGAN
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

ERIK HALVORSON
BRADLEY ARANT BOULT CUMMINGS
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

## ELECTRONIC SERVICE OPTIONS

These documents should also be available on the Internet, within the next few days, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 15, 2025

JEFFREY RYAN FENTON, PRO SE
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

1 https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

2 https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

**$124.48 postage receipt from mailing notices for ECF 96, 97, and 98 to the defendants or their counsel, at fifteen different addresses, without ECF filing privileges. This also required a full day of labor to create mailing labels, certified mail receipts, to print, collate, staple, stuff envelopes, and prep for mailing.**

UNITED STATES POSTAL SERVICE

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777
10/05/2024 11:24 AM

| Product | Qty | Unit Price | Price |
|---|---|---|---|

First-Class Mail® 1 $3.43
Large Envelope
Kalamazoo, MI 49007
Weight: 0 lb 7.90 oz
Estimated Delivery Date
Tue 10/08/2024
Certified Mail® $4.85
Tracking #:
70172680000086094026
Total $8.28

First-Class Mail® 1 $3.71
Large Envelope
Livonia, MI 48152
Weight: 0 lb 8.90 oz
Estimated Delivery Date
Mon 10/07/2024
Certified Mail® $4.85
Tracking #:
70172680000086094019
Total $8.56

First-Class Mail® 1 $3.43
Large Envelope
Jackson, TN 38301
Weight: 0 lb 7.80 oz
Estimated Delivery Date
Tue 10/08/2024
Certified Mail® $4.85
Tracking #:
70172680000086093999
Total $8.28

First-Class Mail® 1 $3.43
Large Envelope
Tampa, FL 33634
Weight: 0 lb 7.90 oz
Estimated Delivery Date
Wed 10/09/2024
Certified Mail® $4.85
Tracking #:
70172680000086094002
Total $8.28

First-Class Mail® 1 $3.43
Large Envelope
Goodlettsville, TN 37072
Weight: 0 lb 7.90 oz
Estimated Delivery Date
Tue 10/08/2024
Certified Mail® $4.85
Tracking #:
70172680000086093951
Total $8.28

First-Class Mail® 1 $3.43
Large Envelope
Nashville, TN 37203
Weight: 0 lb 7.90 oz
Estimated Delivery Date
Tue 10/08/2024
Certified Mail® $4.85
Tracking #:
70202450000036716294
Total $8.28

First-Class Mail® 1 $3.43
Large Envelope
Nashville, TN 37204
Weight: 0 lb 7.90 oz
Estimated Delivery Date
Tue 10/08/2024
Certified Mail® $4.85
Tracking #:
70202450000036716461
Total $8.28

First-Class Mail® 1 $3.43
Large Envelope
Thompsons Station, TN 37179
Weight: 0 lb 7.90 oz
Estimated Delivery Date
Tue 10/08/2024
Certified Mail® $4.85
Tracking #:
70202450000036716454
Total $8.28

First-Class Mail® 1 $3.43
Large Envelope
Nashville, TN 37211
Weight: 0 lb 7.90 oz
Estimated Delivery Date
Tue 10/08/2024
Certified Mail® $4.85
Tracking #:
70202450000036716447
Total $8.28

First-Class Mail® 1 $3.43
Large Envelope
Nashville, TN [redacted]
Weight: 0 lb 7.90 oz
Estimated Delivery Date
Tue 10/08/2024
Certified Mail® $4.85
Tracking #:
70202450000036716423
Total $8.28

First-Class Mail® 1 $3.43
Large Envelope
Nashville, TN 37205
Weight: 0 lb 7.90 oz
Estimated Delivery Date
Tue 10/08/2024
Certified Mail® $4.85
Tracking #:
70202450000036716430
Total $8.28

First-Class Mail® 1 $3.43
Large Envelope
Brentwood, TN 37027
Weight: 0 lb 8.00 oz
Estimated Delivery Date
Tue 10/08/2024
Certified Mail® $4.85
Tracking #:
70202450000036716416
Total $8.28

First-Class Mail® 1 $3.43
Large Envelope
Grand Rapids, MI 49504
Weight: 0 lb 8.00 oz
Estimated Delivery Date
Tue 10/08/2024
Certified Mail® $4.85
Tracking #:
70203160000230014384
Total $8.28

First-Class Mail® 1 $3.43
Large Envelope
Norcross, GA 30071
Weight: 0 lb 7.90 oz
Estimated Delivery Date
Tue 10/08/2024
Certified Mail® $4.85
Tracking #:
70203160000230014391
Total $8.28

First-Class Mail® 1 $3.43
Large Envelope
Grand Rapids, MI 49503
Weight: 0 lb 8.00 oz
Estimated Delivery Date
Tue 10/08/2024
Certified Mail® $4.85
Tracking #:
70203160000230014407
Total $8.28

Grand Total: $124.48

Credit Card Remit $124.48
Card Name: VISA
Account #: XXXXXXXXXXXX8359
Approval #: 015042
Transaction #: 009
AID: A0000000031010 Chip
AL: VISA CREDIT
PIN: Not Required

Text your tracking number to 28777 (2USPS) to get the latest status. Standard Message and Data rates may apply. You may also visit www.usps.com USPS Tracking or call 1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,

or call 1-800-410-7420.

UFN: 255460-0451
Receipt #: 840-54930036-1-5582221-2
Clerk: 6

PLAINTIFF'S EXHIBIT
A

# CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2024, I am mailing the foregoing papers to the defendants or their counsel, by first class mail, at the addresses below. If for any reason, beyond my control, I am unable to complete this on the date specified, I will mail them on the very next mailing day.

VALERIE HENNING MOCK
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
17197 N LAUREL PARK DR STE 201
LIVONIA, MI 48152-7901

BRIAN JOSEPH GALLAGHER
LENNON MILLER PLC
151 S ROSE ST STE 900
KALAMAZOO, MI 49007-4719

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

MICHAEL L. GUTIERREZ
BUTZEL LONG PC
300 OTTAWA AVE NW STE 620
GRAND RAPIDS, MI 49503-2308

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BANK OF AMERICA, N.A.
ATTN: OFFICER, MANAGER, OR AGENT
4909 SAVARESE CIR
TAMPA, FL 33634-2413

MARY BETH AUSBROOKS
ROTHSCHILD & AUSBROOKS, PLLC
110 GLANCY ST STE 109
GOODLETTSVILLE, TN 37072-2314

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

CARL A NEUHOFF, JR.
HOSTETTLER, NEUHOFF & DAVIS, LLC
421 E IRIS DR STE 300
NASHVILLE, TN 37204-3140

KATHRYN LYNN YARBROUGH
[redacted]
THOMPSONS STATION, TN [redacted]

ALEXANDER SERGEY KOVAL
[redacted]
NASHVILLE, TN [redacted]

HENRY EDWARD HILDEBRAND III
[redacted]
NASHVILLE, TN [redacted]

CHARLES M. WALKER
[redacted]
NASHVILLE, TN [redacted]

THOMAS E. ANDERSON
[redacted]
BRENTWOOD, TN [redacted]

## ELECTRONIC SERVICE OPTIONS

This document will also be available on the Internet, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

Executed on October 4, 2024

JEFFREY RYAN FENTON, PRO SE
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

1 https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

2 https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

**$153.14 postage receipt from mailing notices for ECF 99, 100, 101, and 102 to the defendants or their counsel, at fifteen different addresses, without ECF filing privileges. This also required a full day of labor to create mailing labels, certified mail receipts, to print, collate, staple, stuff envelopes, and prep for mailing.**

UNITED STATES POSTAL SERVICE.

DOWNTOWN LANSING
315 W ALLEGAN ST STE A
LANSING, MI 48933-1523
(800)275-8777

10/10/2024 02:01 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Large Envelope | 1 | | $4.91 |
| Nashville, TN 37205<br>Weight: 0 lb 12.50 oz<br>Estimated Delivery Date<br>Tue 10/15/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013288 | | | $4.85 |
| Total | | | $9.76 |
| First-Class Mail® Large Envelope | 1 | | $4.91 |
| Goodlettsville, TN 37072<br>Weight: 0 lb 12.70 oz<br>Estimated Delivery Date<br>Tue 10/15/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013363 | | | $4.85 |
| Total | | | $9.76 |
| First-Class Mail® Large Envelope | 1 | | $4.91 |
| Jackson, TN 38301<br>Weight: 0 lb 12.60 oz<br>Estimated Delivery Date<br>Tue 10/15/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013400 | | | $4.85 |
| Total | | | $9.76 |
| First-Class Mail® Large Envelope | 1 | | $4.91 |
| Grand Rapids, MI 49503<br>Weight: 0 lb 12.90 oz<br>Estimated Delivery Date<br>Sat 10/12/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013349 | | | $4.85 |
| Total | | | $9.76 |
| First-Class Mail® Large Envelope | 1 | | $4.91 |
| Grand Rapids, MI 49504<br>Weight: 0 lb 12.80 oz<br>Estimated Delivery Date<br>Sat 10/12/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013332 | | | $4.85 |
| Total | | | $9.76 |
| First-Class Mail® Large Envelope | 1 | | $4.91 |
| Kalamazoo, MI 49007<br>Weight: 0 lb 12.80 oz<br>Estimated Delivery Date<br>Sat 10/12/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013325 | | | $4.85 |
| Total | | | $9.76 |
| First-Class Mail® Large Envelope | 1 | | $4.91 |
| Livonia, MI 48152<br>Weight: 0 lb 13.00 oz<br>Estimated Delivery Date<br>Tue 10/15/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013370 | | | $4.85 |
| Total | | | $9.76 |
| First-Class Mail® Large Envelope | 1 | | $4.91 |
| Brentwood, TN 37027<br>Weight: 0 lb 12.70 oz<br>Estimated Delivery Date<br>Tue 10/15/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013257 | | | $4.85 |
| Total | | | $9.76 |
| First-Class Mail® Large Envelope | 1 | | $4.91 |
| Thompsons Station, TN 37179<br>Weight: 0 lb 12.50 oz<br>Estimated Delivery Date<br>Tue 10/15/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013295 | | | $4.85 |
| Total | | | $9.76 |
| First-Class Mail® Large Envelope | 1 | | $4.91 |
| Nashville, TN 37204<br>Weight: 0 lb 12.70 oz<br>Estimated Delivery Date<br>Tue 10/15/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013301 | | | $4.85 |
| Total | | | $9.76 |
| First-Class Mail® Large Envelope | 1 | | $4.91 |
| Nashville, TN 37203<br>Weight: 0 lb 12.60 oz<br>Estimated Delivery Date<br>Tue 10/15/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013318 | | | $4.85 |
| Total | | | $9.76 |
| First-Class Mail® Large Envelope | 1 | | $4.91 |
| Tampa, FL 33634<br>Weight: 0 lb 12.60 oz<br>Estimated Delivery Date<br>Tue 10/15/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013356 | | | $4.85 |
| Total | | | $9.76 |
| Priority Mail® | 1 | | $11.65 |
| Norcross, GA 30071<br>Weight: 0 lb 13.20 oz<br>Expected Delivery Date<br>Sat 10/12/2024 | | | |
| Insurance<br>Up to $100.00 included | | | $0.00 |
| Certified Mail®<br>Tracking #:<br>70203160000230013387 | | | $4.85 |
| Total | | | $16.50 |
| First-Class Mail® Large Envelope | 1 | | $4.91 |
| Nashville, TN [redacted]<br>Weight: 0 lb 12.50 oz<br>Estimated Delivery Date<br>Tue 10/15/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013264 | | | $4.85 |
| Total | | | $9.76 |
| First-Class Mail® Large Envelope | 1 | | $4.91 |
| Nashville, TN 37211<br>Weight: 0 lb 12.90 oz<br>Estimated Delivery Date<br>Tue 10/15/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013271 | | | $4.85 |
| Total | | | $9.76 |
| Grand Total: | | | $153.14 |
| Credit Card Remit | | | $153.14 |

Card Name: VISA
Account #: XXXXXXXXXXXX8359
Approval #: 310110
Transaction #: 981
AID: A0000000031010 Chip
AL: VISA CREDIT
PIN: Not Required

Text your tracking number to 28777 (2USPS) to get the latest status. Standard Message and Data rates may apply. You may also visit www.usps.com USPS Tracking or call 1-800-222-1811.

Save this receipt as evidence of insurance. For information on filing an insurance claim go to https://www.usps.com/help/claims.htm or call 1-800-222-1811

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,

or call 1-800-410-7420.

UFN: 255272-0204
Receipt #: 840-54930247-3-4433154-2
Clerk: 01

PLAINTIFF'S EXHIBIT
B

# CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, I filed the foregoing papers in person in the United States District Court for the Western District of Michigan, in Lansing Michigan, while also serving a copy of the documents by first class mail to the defendants or their counsel as listed below.

USDC WESTERN DISTRICT OF MICHIGAN
113 FEDERAL BLDG
315 W ALLEGAN ST RM 113
LANSING, MI 48933-1514

VALERIE HENNING MOCK
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
17197 N LAUREL PARK DR STE 201
LIVONIA, MI 48152-7901

BRIAN JOSEPH GALLAGHER
LENNON MILLER PLC
151 S ROSE ST STE 900
KALAMAZOO, MI 49007-4719

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

MICHAEL L. GUTIERREZ
BUTZEL LONG PC
300 OTTAWA AVE NW STE 620
GRAND RAPIDS, MI 49503-2308

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BANK OF AMERICA, N.A.
ATTN: OFFICER, MANAGER, OR AGENT
4909 SAVARESE CIR
TAMPA, FL 33634-2413

MARY BETH AUSBROOKS
ROTHSCHILD & AUSBROOKS, PLLC
110 GLANCY ST STE 109
GOODLETTSVILLE, TN 37072-2314

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

CARL A NEUHOFF, JR.
HOSTETTLER, NEUHOFF & DAVIS, LLC
421 E IRIS DR STE 300
NASHVILLE, TN 37204-3140

KATHRYN LYNN YARBROUGH
[redacted]
THOMPSONS STATION, TN [redacted]

ALEXANDER SERGEY KOVAL
[redacted]
NASHVILLE, TN [redacted]

HENRY EDWARD HILDEBRAND III
[redacted]
NASHVILLE, TN [redacted]

CHARLES M. WALKER
[redacted]
NASHVILLE, TN [redacted]

THOMAS E. ANDERSON
[redacted]
BRENTWOOD, TN [redacted]

## ELECTRONIC SERVICE OPTIONS

This document will also be available on the Internet, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 10, 2024

JEFFREY RYAN FENTON, PRO SE
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

[1] https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2] https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

**$107.40 in postage receipts from mailing notices for ECF 109, 110, and 111 to the defendants or their counsel, at fifteen different addresses, without ECF filing privileges. This also required a full day of labor to create mailing labels, certified mail receipts, to print, collate, staple, stuff envelopes, and prep for mailing.**

UNITED STATES POSTAL SERVICE.

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777
10/22/2024 04:57 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Nashville, TN 37203<br>Weight: 0 lb 3.50 oz<br>Estimated Delivery Date<br>Fri 10/25/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013479 | | | $4.85 |
| Total | | | $7.16 |
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Kalamazoo, MI 49007<br>Weight: 0 lb 3.50 oz<br>Estimated Delivery Date<br>Fri 10/25/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013394 | | | $4.85 |
| Total | | | $7.16 |
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Nashville, TN 37204<br>Weight: 0 lb 3.50 oz<br>Estimated Delivery Date<br>Fri 10/25/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013486 | | | $4.85 |
| Total | | | $7.16 |
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Grand Rapids, MI 49503<br>Weight: 0 lb 3.50 oz<br>Estimated Delivery Date<br>Fri 10/25/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013424 | | | $4.85 |
| Total | | | $7.16 |
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Grand Rapids, MI 49504<br>Weight: 0 lb 3.50 oz<br>Estimated Delivery Date<br>Fri 10/25/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013431 | | | $4.85 |
| Total | | | $7.16 |
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Nashville, TN [redacted]<br>Weight: 0 lb 3.50 oz<br>Estimated Delivery Date<br>Fri 10/25/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013523 | | | $4.85 |
| Total | | | $7.16 |
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Brentwood, TN 37027<br>Weight: 0 lb 3.50 oz<br>Estimated Delivery Date<br>Fri 10/25/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013530 | | | $4.85 |
| Total | | | $7.16 |
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Livonia, MI 48152<br>Weight: 0 lb 3.50 oz<br>Estimated Delivery Date<br>Thu 10/24/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013448 | | | $4.85 |
| Total | | | $7.16 |
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Norcross, GA 30071<br>Weight: 0 lb 3.50 oz<br>Estimated Delivery Date<br>Fri 10/25/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013417 | | | $4.85 |
| Total | | | $7.16 |
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Goodlettsville, TN 37072<br>Weight: 0 lb 3.50 oz<br>Estimated Delivery Date<br>Fri 10/25/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013462 | | | $4.85 |
| Total | | | $7.16 |
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Nashville, TN 37205<br>Weight: 0 lb 3.50 oz<br>Estimated Delivery Date<br>Fri 10/25/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013516 | | | $4.85 |
| Total | | | $7.16 |
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Nashville, TN 37211<br>Weight: 0 lb 3.50 oz<br>Estimated Delivery Date<br>Fri 10/25/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013509 | | | $4.85 |
| Total | | | $7.16 |
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Jackson, TN 38301<br>Weight: 0 lb 3.50 oz<br>Estimated Delivery Date<br>Fri 10/25/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013455 | | | $4.85 |
| Total | | | $7.16 |
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Thompsons Station, TN 37179<br>Weight: 0 lb 3.50 oz<br>Estimated Delivery Date<br>Fri 10/25/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013493 | | | $4.85 |
| Total | | | $7.16 |
| Grand Total: | | | $100.24 |
| Credit Card Remit | | | $100.24 |

Card Name: VISA
Account #: XXXXXXXXXXXX6036
Approval #: 022947
Transaction #: 675
AID: A0000000031010 Chip
AL: VISA CREDIT
PIN: Not Required

UFN: 255460-0451
Receipt #: 840-54930036-3-6834691-2
Clerk: 03

UNITED STATES POSTAL SERVICE.

LINDEN
215 S MAIN ST
LINDEN, MI 48451-9998
(800)275-8777
10/23/2024 01:22 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Bloomfield Hills, MI 48304<br>Weight: 0 lb 3.60 oz<br>Estimated Delivery Date<br>Fri 10/25/2024 | | | |
| Certified Mail®<br>Tracking #:<br>70203160000230013561 | | | $4.85 |
| Total | | | $7.16 |
| Grand Total: | | | $7.16 |
| Credit Card Remit | | | $7.16 |

Card Name: VISA
Account #: XXXXXXXXXXXX8359
Approval #: 213222
Transaction #: 127
AID: A0000000031010 Chip
AL: VISA CREDIT
PIN: Not Required

UFN: 255460-0451
Receipt #: 840-54930036-1-5602843-2
Clerk: 6

PLAINTIFF'S EXHIBIT
C

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2024, I am filing the foregoing papers in person, in the United States District Court in the Western District of Michigan, located in Lansing Michigan. I further certify that on October 22, 2024, I am serving these same documents to the defendants or their counsel, by first class mail, at the addresses below. If for any reason beyond my control, I am unable to complete either, I will do so on the very next business day.

U.S.D.C. WESTERN DISTRICT OF MICHIGAN
113 FEDERAL BLDG
315 W ALLEGAN ST RM 113
LANSING, MI 48933-1514

VALERIE HENNING MOCK
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
17197 N LAUREL PARK DR STE 201
LIVONIA, MI 48152-7901

BRIAN JOSEPH GALLAGHER
LENNON MILLER PLC
151 S ROSE ST STE 900
KALAMAZOO, MI 49007-4719

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

MICHAEL L. GUTIERREZ
BUTZEL LONG PC
300 OTTAWA AVE NW STE 620
GRAND RAPIDS, MI 49503-2308

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

LAURA C. BAUCUS
DYKEMA GOSSETT PLLC
39577 WOODWARD AVE STE 300
BLOOMFIELD HILLS, MI 48304-5086

MARY BETH AUSBROOKS
ROTHSCHILD & AUSBROOKS, PLLC
110 GLANCY ST STE 109
GOODLETTSVILLE, TN 37072-2314

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

CARL A NEUHOFF, JR.
HOSTETTLER, NEUHOFF & DAVIS, LLC
421 E IRIS DR STE 300
NASHVILLE, TN 37204-3140

KATHRYN LYNN YARBROUGH
[redacted]
THOMPSONS STATION, TN [redacted]

ALEXANDER SERGEY KOVAL
[redacted]
NASHVILLE, TN [redacted]

HENRY EDWARD HILDEBRAND III
[redacted]
NASHVILLE, TN [redacted]

CHARLES M. WALKER
[redacted]
NASHVILLE, TN [redacted]

THOMAS E. ANDERSON
[redacted]
BRENTWOOD, TN [redacted]

## ELECTRONIC SERVICE OPTIONS

This document will also be available on the Internet, on my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 21, 2024

JEFFREY RYAN FENTON, PRO SE
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
(P) 615.837.1300

1 https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

2 https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

CERTIFIED MAIL

7020 3160 0002 3001 3592

PRESS FIRMLY TO SEAL

LY TO SEAL

Retail

U.S. POSTAGE PAID
PM
LINDEN, MI 48451
NOV 19, 2024

37203

$17.92

RDC 03

S2324P501513-03

UNITED
POSTAL

FROM:

17195 SILVER PKWY
PMB #150
FENTON, MI 48430-3426

- Expected delivery date spe
- Domestic shipments includ
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com*.
** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

RECEIVED
NOV 25 2024
U.S. District Court
Middle District of TN

TO:

This package is made from post-consumer waste. Please recycle - again.

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED

PS00001000014

EP14F July 2022
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

UNITED STATES DISTRICT COURT
ATTN: CLERK OF THE COURT
719 CHURCH ST
NASHVILLE, TN 37203-6940

**This was mailed via USPS "PRIORITY MAIL" (at a higher expedited rate) and still took <u>6-DAYS</u> from being mailed in Michigan directly from the local Post Office, to being "received" by the United States District Court for the Middle District of Tennessee. This should be considered the minimum amount of time allotted for mailing each way, without ECF privileges.**

PLAINTIFF'S EXHIBIT
D