# EXHIBIT K-1

## TNMD DOC 212-1 — COMMUNICATIONS WITH ASSISTANT U.S. ATTORNEYS RYAN COBB AND ANICA JONES CONCERNING REDACTIONS

(616) 456-2404

PLAINTIFF'S EXHIBIT

A

October 23, 2024, at 2:33 PM

Good afternoon. My name is Ryan Cobb. I'm calling for Jeffrey Fenton.

I'm an assistant United States Attorney in Grand Rapids, Michigan.

I'm calling regarding the lawsuit you've filed in the Western District of Michigan against a host of parties including Judge Walker, who is a bankruptcy judge down in Tennessee.

I'll be representing him and I'm planning on filing a motion to dismiss your claims against him.

Under local rules, I need to try to discuss that with you, which is what I'm doing now, happy to explain the basis for the motion to dismiss. If you want to return my call, my number is 616-456-2404, and then you can just ask to speak to me Ryan Cobb (ryan cobb). Again, 616-456-2404. Thank you.

I don't know how to describe the feeling, when you've been forced to accept the fact that you have been betrayed by your own government, while fighting for years against alleged "public servants" and powerful people who hold offices of public trust, when never was there any basis for trusting them in the first place, let alone placing them in charge of our lives, families, liberty, and property, with almost no meaningful mechanisms of transparency or accountability whatsoever. People who hold their own words higher than those of our creator and our federal constitution.

Then for the first time to get a phone call from a **United States Attorney**, and to think for just a split second that finally someone had seen the evidence in my case, showing the crimes committed against me and my family, under the color of law, by the conspiring Tennessee courts and counsel, and **called in the calvary to protect me**, to help hold the bad actors accountable... finally... better late than never. Only to realize a sentence or two later just how outrageously incorrect my momentary lapse from reality had been.

Instead "our" government had sent in **another attorney**, employed by our tax dollars, **seeking to defeat me and justice**, by dismissing my lawsuit with more frivolous claims. To continue cheating myself and my family out of our lives, liberty, and property, when they never had an ethical or lawful cause for touching any of it in the first place.

Sadly, this is the ***"practice of law"*** in the United States of America today. If truth be known, there is no greater threat to this nation or the people, either foreign or domestic, than those who pretend to ***"practice law"*** in our courts every day, without respect for the inalienable natural rights of every man, woman, and child; many whom have no honest interest, reverence, or concern about real justice.

00:00 00:52

Outlook

**Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)**

**From** Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>
**Date** Fri 10/25/2024 12:34 PM
**To** contact@jefffenton.com <contact@jefffenton.com>

PLAINTIFF'S EXHIBIT
**B**

Mr. Fenton,

I will be representing Judge Walker in this action. I'm writing to seek concurrence in removing Judge Walker's private address from the pleadings filed in this matter. He has privacy and safety concerns about having that address be publicly available and we would like it redacted from the filings. If you concur, I will send you a stipulation to redact it from the filings. If not, I will go ahead and file a motion.

Thank you,
Ryan Cobb

Ryan Cobb
Assistant United States Attorney | Civil Division Chief
United States Attorney's Office, Western District of Michigan
P.O. Box 208, Grand Rapids, Michigan 49501
Ryan.Cobb@usdoj.gov | (616) 456-2404

Outlook

**RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)**

**From** Jeff Fenton
**Date** Sat 10/26/2024 5:24 AM
**To** Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>

PLAINTIFF'S EXHIBIT C

Hello Mr. Cobb,

Unfortunately, I did not receive (or see) this email until after you filed your motion with the court yesterday.

I have absolutely no objection to your client keeping his address confidential, though it was obtained from public sources.

My only concern is the amount of work which your motion proposes taxing me with being overly broad, excessive, unnecessary, and unsustainable currently; unless the court orders a substantial stay (without jeopardizing any timelines) so that I can dig through documents, make the redactions, reprint and refile them… while this could have a very substantial, unforeseen, and difficult to calculate and predict, ripple effect by changing the page citations throughout the entire lawsuit of over 5,000 pages, which would be insane to merely redact a few sentences, which contain his street address on them. That would be extremely overburdensome for the simple outcome desired.

Additionally, the court might want me to serve the redacted documents to the defendants again, which would burden me with thousands of dollars' worth of expenses which I don't have the resources to even consider. That would require significant consideration/compensation/assistance provided by your client, the government, or the court to facilitate.

Another substantial concern is that this whole process could cost me a month of down-time, during a transition between courts, when I have no time to spare. That presents problems on several fronts, including the holding costs of suspending relief in these matters.

I understand that you said your client is concerned about his privacy and safety, though this information was publicly obtained and is readily available through other sources, while I had no idea this concern existed. I am very concerned about my privacy and safety also due to the criminal actions by many of the defendants in this case, which I have been trying to protect myself against, by seeking a protective order (ECF 17), for almost a year now, without relief. Hence, I am sympathetic to the concern and willing to work with you, but in a far less dramatic capacity, without gutting this case or causing citations problems, the full extent of which can't even be meaningfully calculated or understood without significant work.

To my knowledge, defendant Walker's address isn't listed anywhere publicly except on the FAC (literally one line) and summonses (literally two lines), along with some proofs (literally one or two lines) of defendants dodging service or refusing to confirm service by correctly signing their names per the rules for USPS restricted delivery, as required by the court. (They created the last problem themselves.) I don't know of more than a half-dozen pages this involves, out of over a 5,000-page court record currently, while of those roughly six pages, only one or two lines needs to be redacted from each.

Here is what I suggest, if you are willing to work together toward getting this done quickly, rather than arguing over it in motions and objections while waiting for the court to decide:

- If you withdraw your current motion, so we don't need to waste time and resources arguing this before the court, and instead you file a motion asking the court to simply redact his address from the very few pages it is on in the court record.
- Then I am willing to redact his street address from those documents which are available through my websites, while agreeing not to include his address on any documents which I create in the future, either produced for the public or filed in court.
- In my mind this makes far more sense and is a far more productive use of time and resources, than having the court be the arbitrator of this matter. We don't fundamentally have opposing interests, except as to the means of execution.

It would be substantially more efficient to have the court redact that which they have in their files, and I would then be happy to redact that which I provide publicly, without creating a substantial workload for anyone or making this into a major project.

I'm completely willing to cooperate, but I will need to object to your motion as it stands, unless you withdraw it, because it is unreasonably broad and burdensome upon me, while being wholly inefficient and unnecessary. I'd compare your motion to demolishing a city block to kill a fly. It's unreasonably excessive overkill.

Likewise, in the amount of time which I expect I will need to invest in filing my objections in court (with my communication disabilities), I could have already completed the task on the public side, through my website. (In the amount of time I have spent writing you this email, probably a couple of hours, I could have already accomplished a substantial portion of this.) Hence, if that is the route you insist upon proceeding, it will take me substantially longer, because I must prioritize writing my objections first, to protect my greater interests of not being ordered to do something which is overly broad and burdensome by the court, that I simply don't have the time and resources to complete, without necessary provisions and the court making special allowances.

There is no need to restrain me, I am a man of my word. I will agree not to file anything else containing defendant Walker's address, publicly or in this case, while I can think of no need to do so as long as he remains represented in this matter. I have no other interest or care in his address than compelling his appearance in this lawsuit, so that I can proceed with litigating towards a remedy. Again, we have no opposing interests or objectives in this matter, except how to facilitate the very minor changes needed.

Please let me know if you are willing to withdraw your motion and work with me as I have described, or if I need to focus my energy on drafting my objection to your motion while refiling my own motion for a protective order in this matter, in an effort to obtain the same safety for myself and my family as your client seeks. In absence of some confirmation by you, I will assume the later and continue to invest my resources accordingly.

Thanks.
Jeff Fenton

x.com/@tninjustice
[redacted]

17195 SILVER PKWY, #150
FENTON, MI 48430-3426

PLAINTIFF'S EXHIBIT
C-2

Outlook

## RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)

PLAINTIFF'S EXHIBIT
D

**From** Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>
**Date** Mon 10/28/2024 9:58 AM
**To** Jeff Fenton

1 attachment (17 KB)
Stipulation to redact v.1.docx;

Sorry—here is an updated stipulation with one additional page that needs to be redacted.

---

**From:** Cobb, Ryan (USAMIW)
**Sent:** Monday, October 28, 2024 9:11 AM
**To:** Jeff Fenton
**Subject:** RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)

Here is a draft stipulation that would resolve the issues raised in the motion, assuming the court accepts it and agrees to direct the clerk of court to make the redactions.

If it is acceptable to you, please sign it manually, scan it and return it to me (fax or email), and mail the original to me. (The court requires us to keep the original signed version in our file in case there's a question about it.) Once you've sent me the scanned version, I'll file it with the court.

Thanks you,

Ryan Cobb
Assistant United States Attorney | Civil Division Chief
United States Attorney's Office, Western District of Michigan
P.O. Box 208, Grand Rapids, Michigan 49501
Ryan.Cobb@usdoj.gov | (616) 808-2031

Outlook

## RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)

**From** Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>
**Date** Mon 10/28/2024 4:05 PM
**To** Jeff Fenton

PLAINTIFF'S EXHIBIT E

1 attachment (112 KB)
ECF 137 Order restricting access.pdf;

You can disregard. The court entered an order restricting access to those documents today.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLAINTIFF'S EXHIBIT F

JEFFREY RYAN FENTON,

Plaintiff,

v.

VIRGINIA LEE STORY, et al.,

Defendants.
_______________________________________/

Case No: 1:23-cv-01097

Hon. Paul L. Maloney
United States District Judge

Hon Ray Kent
United States Magistrate Judge

**ORDER TO REDACT**

The Court has reviewed Defendant Hon. Charles Walker's expedited Motion for Redaction and Refiling of Documents (ECF No. 131) and finds good cause under Federal Rule of Civil Procedure 5.2(e) to remove Charles Walker's private home address from the publicly available ECF in this action. Accordingly,

**IT IS HEREBY ORDERED**:

The Clerk of Court shall take the steps necessary to ensure that any filings that contain Charles Walker's private home address cannot be publicly accessed. To the extent feasible, the Clerk of Court shall redact the address from pages on which it is found and refile the redacted pages; otherwise, access to these filings shall be restricted. These pages include without limitation the following:

ECF No. 16-1, PageID.2293,
ECF No. 66, PageID.4874,
ECF No. 95-1, PageID.5252 and 5254.

Dated:

_______________________________________
HON. PAUL L. MALONEY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLAINTIFF'S EXHIBIT
G

JEFFREY RYAN FENTON,

Plaintiff,

v.

VIRGINIA LEE STORY, et al.,

Defendants.
_______________________________/

Case No. 1:23-cv-1097

HONORABLE PAUL L. MALONEY

**ORDER**

Pending before the Court is Defendant Hon. Charles M. Walker's motion for redaction and refiling of documents (ECF No. 131). Judge Walker requests the Court remove access to his home address from the public record. Upon due consideration of the motion by the Court,

**IT IS HEREBY ORDERED** that the motion for redaction and refiling of documents (ECF No. 131) is GRANTED IN PART.

**IT IS FURTHER ORDERED** that the Clerk of Court shall restrict access to the attachment to the motion for extension of time (ECF No. 16-1), the amended complaint (ECF No. 66), and the attachment to the summons returned executed (ECF No. 95-1). Access shall be restricted to Plaintiff, counsel for the Defendants, and the Court.

Dated: October 28, 2024

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

Outlook

**RE: Fenton v. Story et al., No. 1:23-cv-1097 (W.D. Mich.)**

PLAINTIFF'S EXHIBIT H

**From** Jeff Fenton
**Date** Wed 10/30/2024 10:26 AM
**To** Cobb, Ryan (USAMIW) <Ryan.Cobb@usdoj.gov>
**Bcc**

This is not acceptable, and in fact, a felony crime by yourself and the court.

Please call me at your soonest convenience at [redacted]

Thanks
Jeff Fenton




PLAINTIFF'S
EXHIBIT
I

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **JEFFREY RYAN FENTON,**<br>PLAINTIFF<br>v.<br>**VIRGINIA LEE STORY ET AL.,**<br>DEFENDANTS | **CASE NO. 3:24-CV-01282** |

| | |
|---|---|
| **EVIDENCE TITLE:** | **2024-10-30_call-with-assistant-united-states-attorney-cobb.mp3** |
| **Internet URL:** | https://rico.jefffenton.com/evidence/2024-10-30_call-with-assistant-united-states-attorney-cobb.mp3 |
| **RELATED DOC:** | https://rico.jefffenton.com/evidence/2024-10_comms-with-usat-ryan-cobb-about-redactions.pdf |
| **ECF LOCATION:** | |

**Description:** Recorded phone call between Plaintiff & Assistant United States Attorney Ryan Cobb, in Michigan, regarding the excessively broad & burdensome redactions proposed by Attorney Cobb and executed by the court, blocking public access to Plaintiff's entire Amended Complaint, to allegedly conceal *four words* in Walker's address.

The .mp3 audio file on this disc is evidence in this federal civil rights, conspiracy, fraud, and racketeering lawsuit.