# EXHIBIT P

## TNMD DOC 236 — MEMORANDUM OF OPINION AND ORDER DISMISSING THE ACTION

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **Jeffrey Ryan Fenton,** | ) | **CASE NO. 3: 24 CV 1282** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN[1]** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Virginia Lee Story, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

**Introduction and Background**

This is a civil action brought by *pro se* Plaintiff Jeffrey Ryan Fenton, a resident of Genessee County, Michigan. Plaintiff filed his original 33-page "Complaint for Tortious Conduct & Injunctive Relief" on October 13, 2023, in the District Court for the Western District of Michigan. *Fenton v. Story, et al*., No. 1: 23-cv-1097 (W.D. Mich.) (Doc. No. 1.) His original complaint pertained to a contentious divorce proceeding involving Plaintiff and his ex-wife in the Williamson County Tennessee Chancery Court, and to a related bankruptcy proceeding in the United States Bankruptcy Court for the Middle District of Tennessee. The complaint named 29 defendants allegedly located in Tennessee and Massachusetts and consisted of 144 paragraphs of allegations, included over 2,000 pages of exhibits, and alleged 11 counts for relief for violations of various Tennessee and federal laws. He sought "declaratory and/or injunctive relief pursuant to 42 U.S.C. § 1983 and the U.S. Constitution," including an order expunging "illegal order(s) of protection issued . . . against [him]" in his state-court divorce

[1]Judge Gaughan was designated to hear this case by the Chief Judge of the Sixth Circuit Court of Appeals. (Doc. No. 208.)

proceeding and compensatory and punitive damages. (Doc. No. 1 at ¶¶ 143-44.)

On August 21, 2024, Plaintiff filed a 103-page "Amended Complaint for Tortious Conduct & Injunctive Relief" in the case (hereinafter "Amended Complaint" or "Complaint"), naming 34 Defendants located in Tennessee, Florida, and Mississippi, including lawyers, law firms, judges, the State of Tennessee, state agencies and courts, and financial institutions. (Doc. No. 66.)

Plaintiff's Amended Complaint is unwieldy and rambling and virtually impossible to parse for cogent specific factual allegations of wrongdoing and claims against each of the 34 Defendants. But like his original complaint, Plaintiff's Amended Complaint clearly pertains to the divorce proceeding initiated in 2019 by his ex-wife in the Chancery Court for Williamson County Tennessee, and to the related bankruptcy proceeding his ex-wife initiated in Bankruptcy Court. (*See id.* at ¶¶ 9-14.) Plaintiff states that the "genesis" of his Complaint is his belief that the "domestic divorce action (with no children) executed in Chancery Court" and the related bankruptcy case were "fraudulent" and "predatory" and designed to "cheat [him] out of his property interests," including his marital home. (*Id*. at ¶¶ 1, 11.) He takes issue with orders issued in the state divorce proceeding, which ultimately resulted in the sale of his marital home, stating his "complaint will prove with undeniable facts and evidence that the outcome in [his] legal battles in the Tennessee and federal court systems were predetermined and thus were some of the several instances of deprivation of his constitutional right to due process." (*Id*. at ¶ 9.) He states his "complaint seeks a cure for [the] two fraudulent predatory actions in Tennessee during 2019, from which flowed [various] court orders" allegedly depriving him of his rights. (*Id*. at ¶ 11.)

Plaintiff's filings indicate that the "court orders" of which he complains are restraining and protection orders entered against him in the Chancery Court divorce case, and an order that his marital home be sold in connection with his divorce. (*See* Doc. No. 1-35 at Pages 27-29, 47-49.) Ultimately, his marital home was sold, and the Bankruptcy Court ordered that proceeds from the sale satisfy liens on the home. (*See* Doc. No. 66, ¶ 14.)]

Plaintiff's Amended Complaint alleges fourteen counts accusing the 34 different Defendants – all apparently having some involvement or connection to the divorce or bankruptcy proceedings or the sale of his home – of engaging in a host of unlawful conduct, including organized racketeering activity, fraud, abuse, disability discrimination, and violations of the Constitution and Tennessee law.[2] The relief he seeks is "declaratory and/or injunctive relief against [Chancellor Michael Binkley who presided in the Chancery Court divorce case], the Chancery Court, and/or any other named defendant with authority by directing them to abide by the law and Constitution and to vacate and expunge the illegal and unconstitutional order(s) of protection issued by them against Plaintiff," and for compensatory and punitive damages. (*Id.*

[2]Plaintiff's Amended Complaint contains the following counts: Count One ("VIOLATION OF T.C.A. § 66-27-123, NOTICE TO TENANT OF INTENT TO CONVERT RENTAL UNITS TO UNITS FOR SALE"); Count Two ("VIOLATION OF T.C.A. § 39-16-507, COERCION OR PERSUASION OF WITNESS"); Count Three ("VIOLATION OF T.C.A. § 39-15-510, OFFENSE OF ABUSE OF ELDERLY OR VULNERABLE ADULT"); Count Four ("VIOLATION OF T.C.A. § 36-4-101, GROUNDS FOR DIVORCE FROM BONDS OF MATRIMONY"); Count Five ("ABUSE OF PROCESS"); Count Six ("INTENTIONAL/ NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS"); Count Seven ("FRAUD/ CONCEALMENT"); Count Eight ("CIVIL CONSPIRACY"); Count Nine ("VIOLATION OF 18 U.S. CODE § 1962(B), RICO"); Count Ten ("VIOLATION OF 18 U.S. CODE § 1962(C), RICO"); Count Eleven ("VIOLATIONS OF 11 U.S. CODE [§ 341]"); Count Twelve ("VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 AND § 1985"); Count Thirteen ("VIOLATION OF CONSTITUTIONAL RIGHTS"); and Count Fourteen ("DISCRIMINATION/VIOLATION OF AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 ET SEQ.").

at ¶¶ 291-92, "Demand for Judgment").

Various Defendants filed motions to dismiss Plaintiff's action in the Western District of Michigan primarily on the grounds of lack of personal jurisdiction and improper venue in Michigan, although several Defendants also moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Doc. No. 76 (Defendants Virginia Lee Story and Story & Abernathy, PLLP's Motion to Dismiss for insufficient service of process, failure to file a motion for leave to file an amended complaint, lack of personal jurisdiction, and improper venue); Doc. No. 78 (Motion to Dismiss of 16 "Tennessee Defendants" for lack of personal jurisdiction and improper venue in Michigan); Doc. No. 86 (Motion to Dismiss of Rubin Lublin TN, PLLC for imperfect service, lack of personal jurisdiction, improper venue, and failure to state a claim); Doc. No. 92 (Motion of Defendants Roy Patrick Marlin and McCarthur Sanders Real Estate to Dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim); Doc No. 126 (Motion to Dismiss of United States Bankruptcy Judge Charles M. Walker for lack of personal jurisdiction, improper venue, insufficient service of process, and judicial immunity). Without expressly resolving any pending motion, other than a motion by Plaintiff to maintain venue in Michigan, the District Court for the Western District of Michigan transferred the action to the Middle District of Tennessee pursuant to 28 U.S.C. § 1406(a). (*See* Doc. No. 127.)

Following the transfer, Defendants filed additional motions to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. of Civ. P. 12(b)(6) on multiple grounds, including for failure to meet basic federal pleading requirements necessary to state a plausible claim in federal court, and because claims he asserts are barred by the statute of limitations and sovereign,

judicial, and governmental immunity. The following motions are pending: Doc. No. 133 (Motion to Dismiss of Defendant Hostettler, Neuhoff & Davis for improper service and failure to state a claim); Doc. No. 169 (Motion of Cadence Bank to Dismiss for failure to state a claim); Doc. No. 171 (Williamson County Tennessee and Williamson County Sheriff's Office Motion to Dismiss for failure to state a claim); Doc. No. 173 (Bank of America's Motion to Dismiss for failure to state a claim); Doc. No. 183 (Elaine Beeler's Motion to Dismiss for imperfect service and failure to state a claim); Doc. No. 185 (Defendant Henry E. Hildebrand's Motion to Dismiss for failure to state a claim); and Doc. No. 190 (Motion of Tennessee State Defendants to Dismiss for failure to state a claim).

Plaintiff has responded to Defendants' motions. On February 25, 2025, he filed a "First Objection to all Motion to Dismiss, for Summary Judgment, and Motions/Order to Redact and Seal Documents." (Doc. No. 211). On March 7, 2025, he filed a "Second Objection to all Dispositive Motions, Redacted and Sealed Filings, with Declaration about Judicial Misconduct in Michigan causing Substantial Delays in Service." (Doc. No. 221).

Plaintiff's opposition briefs are convoluted and unclear and do not specifically respond to or rebut the legal arguments made by the moving Defendants in support of their motions. Instead, in his first "objection," Plaintiff primarily complains that documents have been filed under seal in the case. (*See* Doc. No. 211). His second objection consists of a virtually incomprehensible series of complaints he apparently has about the proceedings in this case, including filings under seal and the time he was afforded to effectuate service of process. (*See* Doc. No. 221).

Plaintiff has filed a number of other motions, declarations, and notices in the case,

including most recently, a "Second Motion to Stay All Dispositive Motions Until Service is Completed and the Court has Ruled on Plaintiff's Outstanding Expedited Motions, with Clarifications about how to Proceed." (Doc. No. 224.)

Given the transfer to this District in Tennessee, all pending motions to dismiss Plaintiff's action on grounds of improper venue and lack of personal jurisdiction in Michigan are denied as moot. Further, the Court will allow Plaintiff's Amended Complaint. Upon its own review and review of the Defendants' pending motions to dismiss, the Court finds that Plaintiff's Amended Complaint warrants dismissal.

**Standard of Review and Discussion**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The purpose of a Rule 12(b)(6) motion to dismiss "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on the motion, the court must "construe the complaint in the light most favorable to the plaintiff, accept its [well-pleaded] allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)

To survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Legal conclusions must be supported by "well-pleaded factual allegations" that "plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679. Unless facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 547. Further, to state a claim in federal court, the allegations in the complaint must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims [against them] are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

In addition, while *pro se* pleadings are generally entitled to liberal construction, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs "has limits." *See e.g., Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* pleadings must still meet the requirements of Rule 12(b)(6) to avoid dismissal, and courts are not required to conjure allegations on their behalf or create claims for them. *See Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Further, even without a motion to dismiss, federal courts are courts of limited jurisdiction and have an independent duty to police the boundaries of their jurisdiction in every case. *See* Fed. R. Civ. P. 12(h)(3). A district court "may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated,

unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). In other words, summary dismissal of even a fee-paid complaint may be appropriate where the plaintiff's claims "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.*

Applying these standards, the Court finds that Plaintiff's action warrants dismissal. For multiple reasons, Plaintiff's Complaint is totally implausible, devoid of merit, and no longer open to discussion.

Neither Plaintiff's Complaint nor his opposition briefs set forth cogent specific facts indicating what he contends *each* Defendant did to violate his rights, or facts sufficient to push any claim against any Defendant over the line from conceivable to plausible. *See, e.g., Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (claims alleging rights violations "cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted . . . rights violation recited in the complaint and what *each* defendant did to violate the asserted right") (emphasis in original). Even according Plaintiff's Complaint the deference to which a *pro se* pleading is entitled, his unwieldy assortment of unclear, conclusory, and generalized assertions and accusations fails to meet the basic requirements necessary to state a plausible claim in federal court. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Plaintiff's Complaint is insufficient to state any plausible claim upon which he may be granted relief in federal court, including for corruption, fraud, discrimination, or any other unlawful conduct under federal or state law in connection with his divorce from his ex-wife and

the disposition of his marital assets.

Further, to the extent his claims against Defendants can be deciphered, they are barred by the doctrines of *Rooker-Feldman* and *res judicata*. The *Rooker-Feldman* doctrine "is a narrow rule based on the idea that federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts." *Durham v. Haslam*, 528 Fed. App'x 559, 563 (6th Cir. 2013). *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indust. Corp*., 544 U.S. 280, 284 (2005). Federal courts do not have jurisdiction over challenges to state court decisions, even if a plaintiff contends that a state court's action was unconstitutional or violated his rights. To determine whether the *Rooker-Feldman* doctrine bars a claim, the court must look to the source of the injury the plaintiff alleges in his federal complaint. *Cunningham v. Dep't of Children's Servs.*, 842 Fed. App'x 959, 963 (6th Cir. 2021). If the source of the injury claimed is a state court judgment, *Rooker-Feldman* applies and the Court lacks jurisdiction. *Id.* The source of the injury is determined by the requested relief. *Id.*

Here, whatever Plaintiff's claims against each of the 34 Defendants specifically are, he clearly indicates in his request for relief (and elsewhere in his Complaint) that the source, or "genesis," of his injury is "illegal and unconstitutional order(s)" of the Tennessee Chancery Court in his divorce proceeding, which he asks the Court to "vacate" and "expunge" and for which he seeks compensatory and punitive damages. (*See* Doc. No. 66 at ¶¶ 291-92, "Demand for Judgment"). The source of his alleged injury is clearly a state court ruling or rulings as to

which *Rooker-Feldman* bars his claims. *See, e.g, Foster v. Brooks*, No. 3: 18-cv-323, 2018 WL 7823052 (M.D. Tenn. Nov. 8, 2018) (Report and Recommendation), *adopted*, 2019 WL 1315975, at *1 (M.D. Tenn. Mar. 22, 2019) (finding federal subject matter jurisdiction lacking where "Plaintiff's claims are, in essence, a request for this Court to overturn the state courts' interpretation of the parties' Marital Dissolution Agreement and divorce decree, which is prohibited by the *Rooker-Feldman* doctrine").

Further, under Tennessee law, the doctrine of *res judicata* "bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012). Accordingly, Plaintiff is collaterally estopped from challenging orders or decisions made by the Tennessee Chancery Court regarding his divorce and the disposition of marital assets, or any issues that he could have raised in the divorce action, in a second action. *Smith v. Dawson-Smith*, 111 Fed. App'x 360, 362 (6th Cir. 2004) (holding that *res judicata* barred a plaintiff's claims challenging decisions and issues that the plaintiff raised or could have raised and litigated in a state court divorce proceeding).

Even if it were not barred by *Rooker-Feldman* and *res judicata*, Plaintiff's Amended Complaint fails to state a claim and is without merit for additional reasons stated by Defendants in their motions to dismiss.

Judges and other judicial officers "enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988), citing *Pierson v. Ray*, 386 U.S. 547, 553 (1967). Absolute judicial immunity shields judicial officers from suit arising out of the performance of their judicial

functions even when they act erroneously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). There are only two sets of circumstances in which a judicial officer is not entitled to immunity: (1) when the judge was not acting as a judge when he or she committed the action giving rise to the complaint; or (2) when the actions were "taken in the complete absence of all jurisdiction" of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12. Plaintiff purports to sue a number of federal and state judges and judicial officers (including United States Bankruptcy Judge Charles Walker; Williamson County Chancery Court Chancellor Michael Weimar Binkley; Tennessee Court of Appeals Judges Frank Clement Jr., William Neal McBrayer, and Andy Dwane Bennett; and Clerk and Master of the Williamson County Chancery Court Elaine Beeler) on the basis of rulings they made, or conduct in which they engaged, during the performance of their official judicial or quasi-judicial functions as to which they are absolutely immune from suit. Plaintiff does not allege cogent facts plausibly suggesting that any judicial Defendant took action falling outside of the scope of his or her absolute judicial immunity. In addition, as Defendant Henry E. Hildebrand, III demonstrates in his motion to dismiss and Plaintiff has not refuted, Plaintiff has not alleged a plausible claim against him as the Chapter 13 Bankruptcy Trustee for Plaintiff's ex-wife's bankruptcy petition. (*See* Doc. No. 185 at 4-5, citing *In re McKenzie*, 716 F.3d 404, 414 (6th Cir. 2013) (bankruptcy trustee has quasi-judicial immunity from suit by a third party for actions taken by the trustee on behalf of the estate and within the scope of his authority)).

In addition, the Eleventh Amendment bars actions in federal court in which a state is named as a defendant, as well as actions "against state agents and state instrumentalities." *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 428 (1997). The Eleventh Amendment

"bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Multiple Defendants are entitled to Eleventh Amendment immunity in this case, including the State of Tennessee, the Tennessee Administrative Office of the Courts, the Tennessee Court of Appeals, the Chancery Court for Williamson County, Tennessee, the Supreme Court of Tennessee, and state employees sued in their official capacities. (*See, e.g.*, Doc. No. 191.) Local governments and local government agencies are also entitled to Eleventh Amendment protection when they "serve as an alter ego or arm of the state" when acting on a particular issue. *Denton v. Bedinghaus*, 40 Fed. App'x 974, 978-79 (6th Cir. 2002); *Brent v. Wayne Cnty. Department of Human Services*, 901 F.3d 656, 681 (6th Cir. 2018). Nothing in Plaintiff's Complaint suggests that Williamson County or the Williamson County Sheriff's Office engaged in conduct for which they are not immune from suit or for which they may otherwise be liable to Plaintiff.

Finally, the moving Defendants have persuasively demonstrated that some of Plaintiff's claims are barred by the statute of limitations. (*See, e.g.,* Doc. Nos. 92 at 18-199; 127; 133 at 7-10; 170 at 4-6; 172 at 3-4; 174 at 4-5; 183 at 4-6; 185 at 5-7; 191 at 67.) Plaintiff does not respond to these arguments or demonstrate that his claims are timely.

**Conclusion**

Accordingly, for all of the foregoing reasons, Plaintiff's Complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) and the Court's authority established in *Apple v. Glenn.* Defendants' pending motions to dismiss are granted to the extent they seek dismissal of

Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[3] In light of this dismissal, the Court need not address the merits of any other remaining pending motion in the case, which will be terminated upon the closing of the case.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court Judge

Dated: 3/26/25

[3]Doc. Nos. 86, 92, 126, 133, 169, 171, 173, 183, 185, and 190.