# EXHIBIT S-1

## TNMD DOC 238-2 — FIRST AMENDMENT RIGHT-OF-ACCESS FILING AND INCLUDED SUPPORTING MATERIALS

PLAINTIFF'S EXHIBIT
B

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **JEFFREY RYAN FENTON,**<br>PLAINTIFF<br>v.<br>**VIRGINIA LEE STORY ET AL.,**<br>DEFENDANTS | **CASE NO. 1:23-cv-01097** |

RECEIVED
APR 23 2025
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

## FIRST AMENDMENT RIGHT OF ACCESS: OBJECTION, MOTION, AND DECLARATION FOR DISTRICT JUDGE PAUL L. MALONEY TO CORRECT & MINIMIZE OR REMOVE REDACTIONS[1]

**(NOT FOR CONSIDERATION BY A MAGISTRATE JUDGE)**

Plaintiff brings this objection, motion, and declaration pursuant to 28 U.S. Code § 1746; Michigan Code of Judicial Conduct, Canons 1, 2, and 3; U.S. Const. amend. I, V, IX, and XIVI; Case Law (6th Cir.); and 18 U.S. Code § 4 - Misprision of felony.

1. I am the Plaintiff in this lawsuit, domiciled in Genesee County, Michigan.

2. I understand that there is no longer an open case in this court.

3. This document is being specifically filed regarding the **local court records** held by the **Western District of Michigan**, not the ongoing lawsuit after it was transferred to Tennessee.

---

[1] This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (hereinafter "MIWD") as case no. 1:23-cv-01097. On October 25, 2024, MIWD transferred this lawsuit as ordered in ECF 127 to the United States District Court for the Middle District of Tennessee (hereinafter "TNMD") as case no. 3:24-cv-01282. The language used in the file stamps of each page filed is slightly different between the two courts. MIWD uses the term "ECF No." (which I abbreviate as "ECF"), while in place of that, TNMD uses the term "Document" (which I abbreviate as "DOC"). Both courts use the term "PageID" (which I abbreviate as "PID"). Citations to the court record in this lawsuit will be notated without the case name or number, using the starting DOC/ECF number, followed by both the beginning and ending PID. The Notice of Electronic Filing for this transfer is recorded in TNMD DOC 131, at which point the DOC/ECF number from MIWD was retained and continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

4. This document, along with those filed with this court during February of 2025, were/are intended to **correct the court record** in this closed Michigan docket (case #1:23-cv-01097) in the United States District Court for the Western District of Michigan. These documents were **not** filed with this court in an effort to impact the ongoing active litigation in the matters transferred to Tennessee, as was wrongfully presumed by Magistrate Judge Ray Kent (hereinafter "Magistrate Judge").

5. The MIWD Magistrate Judge filed an ORDER REJECTING PLEADING on February 24, 2025, in ECF 139, PID 5738, and another on February 27, 2025, in ECF 140, PID 5948, both including the following language:

> "The case was transferred to the Middle District of Tennessee on October 25, 2024. All further questions/inquiries should be directed to said Court."

6. Unfortunately, this order was neither an accurate nor appropriate response to my filings, since I was **not** attempting to impact any matter in the active case which was transferred to the Middle District of Tennessee, through my filings in ECF 139 & 140 in MIWD, but rather how the court records had been redacted by the Western District of Michigan on October 28, 2024, subsequent to a MIWD court order in ECF 137, PID 5736, **after** this lawsuit was transferred to the Middle District of Tennessee on October 25, 2024, in ECF 127, PID 5706-5710.

7. The Middle District of Tennessee has no jurisdiction, authority, or control over the court records **held by the Western District of Michigan** in case #1:23-cv-01097. Those requests must be made directly to the United States District Court for the Western District of Michigan, as I had correctly filed them. (Though there may have been some confusion, which I will explain.)

8. Some of the language in the documents filed in February may have been broader than the scope of simply correcting the court records in Michigan, but that was in an attempt to quickly address substantial misconduct occurring in both courts, by filing nearly identical documents in both courts and cases, for each court to address in matters relevant to and within the jurisdiction of each court.

9. Any language, objections, or requests within the jurisdiction of either court, was intended to be addressed by whichever court has the lawful jurisdiction and authority to make those corrections **while ignoring that which is beyond their jurisdiction and authority**, to hopefully be addressed separately by the other court, in response to filings I made directly with them.

10. I can see how that might have been confusing with how I filed the documents since I tried to bundle my pleadings together, in an effort to expedite addressing so many material issues simultaneously, by bad actors sabotaging my lawsuit and usurping my time and resources in two different federal courts concurrently. For that, I apologize and respectfully resubmit those filings along with this clarification, for direct consideration and action by District Judge Paul L. Maloney (hereinafter "District Judge").

11. Regardless of any language in the documents attached, I am **not** seeking any action by this court that is outside this court's authority or jurisdiction.

12. This document and the prior filings attached are intended for action by the United States District Court for the Western District of Michigan, **only in relation to the records held by that court in case 1:23-cv-01097.**

13. I am not seeking any action by the Western District of Michigan in the ongoing matters in Tennessee or related to case 3:24-cv-01282.

## DOCUMENTS NEEDING CONSIDERATION BY JUDGE PAUL L. MALONEY
### (REGARDING UNREDACTING MY AMENDED COMPLAINT IN MIWD COURT RECORDS)

14. FIRST OBJECTION TO ALL MOTIONS TO DISMISS, FOR SUMMARY JUDGEMENT, AND MOTIONS/ORDERS TO REDACT AND SEAL DOCUMENTS[2].

15. DECLARATION AND MOTION TO CORRECT AND MINIMIZE OR STRIKE AND REMOVE REDACTIONS, WHILE UNSEALING ALL RECORDS[3].

16. DECLARATION AND MOTION TO FILE UNDER SEAL REGARDING DEFENDANT WALKER'S CLAIMED PRIVACY CONCERNS RELATED TO HIS HOME ADDRESS[4].

17. SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE[5].

## OBSTRUCTION OF JUSTICE, JUDICIAL BIAS, AND MISPRISION OF FELONY BY MAGISTRATE JUDGE RAY KENT AND OTHER FEDERAL ACTORS

18. Upon information and belief, I have suffered judicial bias, obstruction of justice, and misconduct by Magistrate Judge Ray Kent, fraudulent and deceptive misconduct by Nashville Bankruptcy Judge Charles M. Walker and his counsel by the United States Attorney's Offices in both Michigan and Tennessee.

19. Nashville Bankruptcy Judge Charles M. Walker's **home address** is clearly and openly listed on the **public record** and was never "private" as falsely claimed.

---

[2] ECF 139-1, PID 5739-5770 | https://rico.jefffenton.com/1-23-cv-01097/ecf/139-1.pdf

[3] ECF 139-1, PID 5771-5887 | https://rico.jefffenton.com/1-23-cv-01097/ecf/139-1.pdf

[4] ECF 140-1, PID 5949-5988

[5] 3:24-cv-01282, DOC 222, PID 1164-1214 | https://rico.jefffenton.com/3-24-cv-01282/doc/222.pdf

20. I have suffered hundreds of hours in damages and a substantial amount of money due to misconduct by court staff and officers in both Michigan and Tennessee.

21. I have acted in good faith and filed documents under seal with both courts to quickly and easily prove this, without compromising defendant Walker or anyone else's privacy.

## BACKGROUND

22. This lawsuit was originally filed on October 13, 2023, in the United States District Court for the Western District of Michigan (MIWD) in case# 1:23-cv-01097.

23. On October 18, 2023, in MIWD, District Judge Jane M. Beckering filed an ORDER OF RECUSAL[6] in ECF 3, PID 2092.

24. On October 18, 2023, in MIWD, the CLERK OF COURT (E. Siskind) filed a NOTICE REGARDING REASSIGNMENT OF CASE[7] in ECF 4, PID 2093, stating as follows:

> "NOTICE is hereby given that this case has been reassigned to District Judge Paul L. Maloney for all further proceedings pursuant to Order (3). Judge Jane M. Beckering is no longer assigned to the case."

25. On October 19, 2023, in MIWD, an ORDER OF REFERENCE[8] was filed by the District Judge to Magistrate Judge Ray Kent in ECF 6, PID 2096.

---

6 ECF 3, PID 2092 | https://rico.jefffenton.com/1-23-cv-01097/ecf/3.pdf

7 ECF 4, PID 2093 | https://rico.jefffenton.com/1-23-cv-01097/ecf/4.pdf

8 ECF 6, PID 2096 | https://rico.jefffenton.com/3-24-cv-01282/doc/6.pdf

26. On August 19, 2024, in MIWD, I filed a MOTION TO RECUSE[9] the Magistrate Judge for judicial misconduct and bias in ECF 60, PID 4736-4739.

27. On August 19, 2024, in MIWD, I also filed a MOTION TO EXTEND SERVICE DEADLINE[10] in ECF 61 & 61-1, PID 4740-4743.

28. On August 19, 2024, in MIWD, I also filed an OBJECTION TO THIS COURT'S "ORDER REGARDING SERVICE[11]" in ECF 62, PID 4744-4760.

29. On September 12, 2024, the MIWD District Judge filed an ORDER VACATING ORDER OF REFERRAL AND DISMISSING MOTION FOR RECUSAL[12] in DOC 71, PID 5045, stating in substantial part as follows:

> "Shortly after Plaintiff Fenton filed this lawsuit, the Court issued an order referring the action to Magistrate Judge Kent (ECF No. 6)… Plaintiff disagreed with the manner in which Magistrate Judge Kent has proceeded and filed a motion for recusal (ECF No. 60) in which he accuses the Magistrate Judge of a lack of impartiality. Without any consideration of the merits of the pending motion for recusal, the Court VACATES the order of referral (ECF No. 6). And, because the Court vacates the order of referral, the Court DISMISSES Plaintiff's motion for recusal as moot (ECF No. 60). IT IS SO ORDERED."

9 ECF 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf

10 ECF 61, PID 4740-4743 | https://rico.jefffenton.com/1-23-cv-01097/ecf/61.pdf | https://rico.jefffenton.com/1-23-cv-01097/ecf/61-1.pdf

11 ECF 62, PID 4744-4760 | https://rico.jefffenton.com/evidence/2024-08-09_objection-to-wdm-order-regarding-service.pdf

12 ECF 71, PID 5045 | https://rico.jefffenton.com/3-24-cv-01282/doc/71.pdf

30. Upon information and belief, this appears to have been a way for the court to remove the Magistrate Judge, in response to my substantive concerns about his bias and misconduct, while "saving face" and not needing to reach a determination about the merits of my motion.

31. Upon information and belief, unfortunately since the court refused to address the **merits** of my MOTION TO RECUSE[13], the court did not provide me with any **consideration** to compensate me for the damages wrongfully caused by the Magistrate Judge.

## FEBRUARY FILINGS WERE INTENDED FOR THE DISTRICT JUDGE

32. Every document I filed with MIWD after District Judge Paul L. Maloney's September 12, 2024, ORDER VACATING ORDER OF REFERRAL AND DISMISSING MOTION FOR RECUSAL[14] in DOC 71, PID 5045, I filed to be heard, considered, and acted upon **directly by District Judge Paul L. Maloney**, since he remains the **only judge assigned** to this matter in the Western District of Michigan, subsequent to his September 12, 2024 order.

33. It, therefore, seems *extremely* **inappropriate** to find the Magistrate Judge *interfering* in this case again, obstructing my rights, hiding crimes and corruption in the court records by the defendants, wasting significant amounts of my time and money, rejecting my filings in this matter, when his involvement in this case was **vacated** by the District Judge, and I can see no honest, ethical, or lawful reason or authority by which he is involved in this case any longer. Especially not without addressing the substantial **merits** of my MOTION TO RECUSE[15] and providing me with **consideration** to compensate for the damages he and the court have improperly caused me.

34. Upon information and belief, I further believe that any involvement in this case by the Magistrate Judge after the date of **September 12, 2024**, has escalated **beyond** judicial bias and

---

[13] ECF 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf

[14] ECF 71, PID 5045 | https://rico.jefffenton.com/3-24-cv-01282/doc/71.pdf

[15] ECF 60, PID 4736-4739 | https://rico.jefffenton.com/3-24-cv-01282/doc/60.pdf

misconduct (including violations of Canons 1, 2, and 3 from Michigan's Code of Judicial Conduct), to **criminal** obstruction of justice, violations of my first, fifth, ninth, and fourteenth amendment civil rights, and misprision of felony.

## THE REAL NEED (IF EVER ONE EXISTED)

35. All that needed to be redacted from my complaint, was the following **four words** containing defendant Walker's:

| | | Example: |
|---|---|---|
| (1) **House Number** | \| | 1234 |
| (2) **Street Name** | \| | Defendant Drive |
| (3) **City** | \| | Nashville |
| (4) **+4 Code** (last four) | \| | 0000 |

36. That's it! Just ***four words***, in *one sentence*, on only *one page* of my complaint!

37. According to Microsoft Word, my amended complaint[16] contains:

- one hundred and thirty-eight pages (138)
- six hundred and ninety-one paragraphs (691)
- two thousand five hundred and sixty-seven lines (2,567)
- thirty-one thousand and fifteen words (31,015)

38. **All** of which has been completely redacted or sealed from the public, for the alleged purpose of concealing those **four words** in defendant Walker's address, despite being **public record** for anyone to easily find (with interactive maps, pictures, and a floorplan of his home), available on the county's website, by any rudimentary Internet search.

39. I do not believe that is a reasonable, responsible, or lawful action, by any party involved.

[16] DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf




40. Above are the results from serving Judge Walker via email, using alternative service[17]. As of December 13, 2024, this email had been viewed by Judge Walker and forwarded repeatedly throughout Washington DC (government channels I'm assuming), Virginia, New York, Tennessee, Ohio, Michigan, and other states, while being viewed at least **336 times**!

[17] DOC 177, PID 234-250 | https://rico.jefffenton.com/evidence/2024-11-18_fenton-motion-for-alternative-service.pdf

## REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS[18]
## OPEN COURTS COMPENDIUM (6TH CIRCUIT)

### THE ROOT OF ACCESS RIGHTS[19]

"Generally, the Sixth Circuit adheres "to a policy of openness in judicial proceedings." Applications of Nat'l Broad. Co., 828 F.2d 340, 343 (6th Cir. 1987) (citing Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1176–81 (6th Cir. 1983)). "Openness in judicial proceedings promotes public confidence in the courts." Id. at 347."

"The Sixth Circuit has traced the roots of the rights of access back to the 19th Century when the D.C. Circuit explained that "[a]ny attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access." In re Knoxville News-Sentinel Co., 723 F.2d 470, (6th Cir. 1983) (quoting Ex Parte Drawbaugh, 2 App. D.C. 404, 407 (1894))."

"Similarly, "[t]hroughout our history, the open courtroom has been a fundamental feature of the American judicial system." Brown & Williamson, 710 F.2d at 1177. "Openness in judicial proceedings promotes public confidence in courts." Applications of NBC, 828 F.2d at 347. The same principles that support access to court rooms also supports access to court records because "court records often provide important, sometimes the only, bases or explanations for a court's decisions." Brown & Williamson, 710 F.2d at 1177."

---

[18] https://www.rcfp.org/open-courts-compendium/6th-circuit/

[19] https://www.rcfp.org/open-courts-compendium/6th-circuit/

"[T]he First Amendment right of access to criminal proceedings is grounded generally in a 'purpose of assuring freedom of communication on matters relating to the functioning of government.'" Indianapolis Star v. United States, 692 F.3d 424, 429 (6th Cir. 2012) (quoting Richmond Newspapers v. Virginia, 448 U.S. 555, 575 (1980)). This right of access extends to more than just a criminal trial, but also generally applies to other criminal proceedings, criminal records, civil proceedings, and civil records. Id. 429–30; Detroit Free Press v. Ashcroft, 303 F.3d 695 n.11 (6th Cir. 2002) (explaining that the Sixth Circuit and all other circuit courts that have addressed the issue have "agreed that the press and public have a First Amendment right to attend civil proceedings…"); Applications of NBC, 828 F.2d at 347 ("the importance of some pretrial proceedings dictates that the rule of openness not be confined to the actual trial"); Brown & Williamson, 710 F.2d at 1177–78 ("The Supreme Court's analysis of the justifications for access to the criminal courtroom apply as well to the civil trial" and the same justifications require that access to judicial records also be subject to the First Amendment right of access)."

"The test for deciding if the First Amendment right of access applies to a particular proceeding or record is the "experience and logic" test: "if (1) that proceeding [or record] has 'historically been open to the press and the general public' and (2) 'public access plays a significant positive role in the function of the particular process in question.'" Indianapolis Star, 692 F.3d at 429 (quoting Press-Enterprise Co. v. Superior Court, 478 US. 1, 8 (1986)). Once the First Amendment right of access attaches, it can only be overcome "where a party can show a compelling reason why

certain documents or portions thereof should be sealed [and] the seal itself [is] narrowly tailored to serve that reason." Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509–11 (1984))."

"In contrast to the First Amendment right of access that applies when the "experience and logic" test is met, "[a] common law right of access generally applies to all public records and documents, including judicial records and documents." In re Morning Song Bird Food Litig., 831 F.3d 765, 777–78 (6th Cir. 2016) (citing Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)). The common law right of access "may be curtailed if, in the exercise of the court's sound discretion, [the court] determines that non-disclosure is warranted." United States v. Dejournett, 817 F.3d 479, 485 (6th Cir. 2016). This discretion "does not, however, imply that the District Court operates without standards." Id. (quoting Brown & Williamson, 710 F.2d at 1177). This discretion must "be exercised in light of the relevant facts and circumstances of the particular case," and must identify the "'relevant facts and circumstances' justifying non-disclosure…" in the case. Id. (quoting Brown & Williamson, 710 F.2d at 1177). For example, the common law right of access "does not reach materials properly submitted to the court under seal or otherwise kept confidential for important policy reasons." In re Morning Song Bird Food Litig., 831 F.3d at 778 (citations omitted)."

**OVERCOMING A PRESUMPTION OF OPENNESS**[20]

"Whether access is sought under the First Amendment or the common law right of access, the party opposing disclosure bears the burden of showing compelling reasons to support confidentiality. In re Morning Song Bird Food Litig., 831 F.3d 765, 772 (6th Cir. 2016) (citations omitted). When the First Amendment right of access applies, the burden on a party seeking closure "is a heavy one: '[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (quoting In re Knoxville News-Sentinel Co., 723 F.2d 470, 476 (6th Cir. 1983)). "[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. Id. at 305 (citing Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1179 (6th Cir. 1983)). The asserted interest in closure may not be based on platitudes, speculation or conjecture, but instead must be identified with specificity. Id. at 307–08. "The proponent of sealing … must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" Id. at 305–06 (quoting Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544 548 (7th Cir. 2002))."

"The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Application of Nat'l Broad. Co., 828 F.2d 340, 343 (6th Cir. 1987) (quoting Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510

[20] https://www.rcfp.org/open-courts-compendium/6th-circuit/

(1984)); see also Rudd Equip. Co. v. John Deere Constr. & Forestry Co., 834 F.3d 589, 593 (6th Cir. 2016) (holding that court records should only be sealed when "there is a compelling reason why certain documents or portions … should be sealed … [and] the seal itself must be narrowly tailored to serve that reason"). In the context of sealed court records, the Sixth Circuit has identified a limited category of interests that may be compelling enough to overcome the presumption of openness: (1) national security; (2) trade secrets; (3) fair trial rights of criminal defendants; (4) privacy rights of participants and third parties, especially innocent third parties; (5) privileged information; and (6) "information required by statute to be maintained in confidence." Id. at 308 (citations omitted); Brown & Williamson, 710 F.2d at 1179."

"The burden is not as great when it is the common law right of access that is being analyzed. The common law right of access "may be curtailed if, in the exercise of the court's sound discretion, [the court] determines that non-disclosure is warranted." United States v. Dejournett, 817 F.3d 479, 485 (6th Cir. 2016). This discretion "does not, however, imply that the District Court operates without standards." Id. (quoting Brown & Williamson, 710 F.2d at 1177). This discretion must "be exercised in light of the relevant facts and circumstances of the particular case," and must identify the "'relevant facts and circumstances' justifying non-disclosure…" in the case. Id. (quoting Brown & Williamson, 710 F.2d at 1177). Moreover, the common law right of access "does not reach materials properly submitted to the court under seal or otherwise kept confidential for important policy reasons." In re Morning Song Bird Food Litig., 831 F.3d 765, 778 (6th Cir. 2016) (citations omitted)."

## ORIGINAL VERSUS AMENDED COMPLAINT

41. In a NOTICE OF INTENT TO TRANSFER ACTION[21], filed in MIWD in ECF 72, PID 5046-5050 on September 12, 2024, District Judge Paul L. Maloney, stated in part:

> "Plaintiff Jeffrey Fenton filed this lawsuit without the benefit of counsel. The initial complaint named almost 30 defendants located in Florida, Massachusetts and Tennessee. The Magistrate Judge issued a report recommending, in part, that the Court dismiss the lawsuit for improper venue. While authority for that course of action exists when a plaintiff proceeds under the in forma pauperis statute, 28 U.S.C. § 1915, Plaintiff had paid the filing fee. Therefore, the undersigned rejected that portion of the report and recommendation."
>
> "Plaintiff recently filed an amended complaint. In the amended complaint, Plaintiff named 35 defendants, all but two of which are located in Tennessee. Plaintiff named Bank of America as a defendant and Plaintiff contends Bank of America is located in Tampa, Florida. Plaintiff also named Cadance Bank as a defendant, which Plaintiff asserts is located Case 1:23-cv-01097-PLM-RSK ECF No. 72, PageID.5046 Filed 09/12/24 Page 1 of 52 in Tupelo, Mississippi. Plaintiff resides in Fenton, Michigan, in Genessee County. Genessee County is located in the United States District Court for the Eastern District of Michigan. Plaintiff continues his efforts to serve the defendants and no defendant has made an appearance in this lawsuit."

[21] ECF 72, PID 5046-5050 | https://rico.jefffenton.com/1-23-cv-01097/ecf/72.pdf

On pages 24 and 25 of my SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE[22], filed in TNMD on March 7, 2025, in DOC 222, PID 1164-1214, the following was stated:

"This lawsuit is against five judges, ten attorneys, five law firms, two real estate firms, two real estate brokers, two banks, three courts, one county, and five state government entities in Tennessee, many of whom have strong relationships rippling through the political, legal, and economic fabric of the Mid-State, with some having connections and influence which exceeds any lawful office of the courts or the state.[23]"

"**PLEASE NOTE:** I never had concerns that the honest interests of justice in my lawsuit would not stand up to any legitimate and honestly impartial screening process."

"I was concerned that the natural and almost inevitable prejudice of the court, or any collective of professionals in a common trade, would grant the *benefit of the doubt* to their peers before I would have enough time to shore up my lawsuit with robust facts, sworn testimony, and evidence, while working the kinks out of my complaint and improving it to the best of my ability with the help and resources within my reach, **to where my lawsuit could stand on its own**, and survive any legitimate, honest, and impartial screening."

[22] DOC 222, PID 1164-1214 | https://rico.jefffenton.com/3-24-cv-01282/doc/222.pdf

[23] DOC 102, PID 5440 | https://rico.jefffenton.com/evidence/2024-10-09_concerns-about-transferring-to-tennessee.pdf

"That goal was reached when I was able to file my FAC[24], which was my hope from the very beginning, as communicated with the court[25], and why I did not bring summonses for the court to execute in Lansing, the day I filed my lawsuit on October 13, 2023."

## THE IMPORTANCE OF SUBSTANTIVE FACTS AND FILINGS IN MY FIRST AMENDED COMPLAINT[26] TO OUR "FIRST AMENDMENT RIGHT OF ACCESS"

42. The public's right to know how the federal courts prioritize and allocate resources for the benefit of different socioeconomic demographics in our country, such as indigent and disabled litigants in this case, far exceeds any legitimate privacy concerns by the defendants, which **the court could easily compensate** for by using **single line-level redactions** to conceal any home addresses without the need to redact any section, full page, or document in this lawsuit.

43. For a better understanding of the challenges I have and continue to face in the Federal Courts and in Tennessee's state courts prior, the level of impropriety by the defendants and their counsel, acting contrary to the honest interests of justice in this matter and others, please read both my DECLARATION EXPLAINING MY PURSUIT OF JUSTICE[27], filed in TNMD on February 6, 2025, in DOC 207, PID 583-619, as well as my NOTICE TO ALL BAR MEMBERS[28] filed in TNMD February 27, 2025, in DOC 216, PID 984-1015.

[24] DOC 66, PID 4870-4972 | https://rico.jefffenton.com/3-24-cv-01282/doc/66.pdf

[25] DOC 54-1, PID 4375 | https://rico.jefffenton.com/evidence/2023-10-11_usdc-wdm-emily-can-file-in-lansing.mp3
DOC 10, PID 2109-2114 | https://rico.jefffenton.com/3-24-cv-01282/doc/10.pdf

[26] DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

[27] DOC 207, PID 583-685 | https://rico.jefffenton.com/evidence/2025-01-20_declaration-explaining-my-pursuit-of-justice.pdf

[28] DOC 216, PID 984-1015 | https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

## 18 U.S. CODE § 4 - MISPRISION OF FELONY[29]

> "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both."
> (June 25, 1948, ch. 645, 62 Stat. 684; Pub. L. 103–322, title XXXIII, §330016(1)(G), Sept. 13, 1994, 108 Stat. 2147.)

## CONCLUSION

44. It is critical that the public, justice advocates, court reform advocates, indigent and *pro se* rights advocates, court watchers, court oversight boards, government and court watchdogs, as well as people involved in numerous state and federal "equal access to justice[30]" programs, along with segments of society interacting with all different tiers of our justice system, have full unfettered access to the filings in this lawsuit. **A government "for the people by the people" cannot fix problems which are hidden from them.**

45. EXPERIENCE AND LOGIC TEST: "The test for deciding **if** the First Amendment right of access applies to a particular proceeding or record is the "experience and logic" test: "if…

> (1) that proceeding [or record] has 'historically been open to the press and the general public' and

[29] https://www.law.cornell.edu/uscode/text/18/4

[30] https://www.acus.gov/ | https://eaja.acus.gov/?action=list&entity=CaseRecord

(2) 'public access plays a significant positive role in the function of the particular process in question.'" Indianapolis Star, 692 F.3d at 429 (quoting Press-Enterprise Co. v. Superior Court, 478 US. 1, 8 (1986)). Once the First Amendment right of access attaches, it can only be overcome **"where a party can show a compelling reason why certain documents or portions thereof should be sealed [and] the seal itself [is] narrowly tailored to serve that reason."** Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509–11 (1984)) (emphasis added).

46. Per the **first prong** of the court's "experience and logic" test (above), **amended complaints** in federal civil rights lawsuits **have** 'historically been open to the press and the general public'.

47. Per the **second prong** of the court's "experience and logic" test (above), **public access** and **transparency** in court proceedings and government operations is **essential** to promoting honest, ethical, fair, and lawful dealings amongst the people.

"Where transparency and accountability are stifled, corruption inevitably thrives." —Jeffrey Ryan Fenton

48. On October 28, 2024, an order was entered by District Judge Maloney in ECF 137, PID 5736, ordering **broad redactions** of entire substantive documents in my lawsuit, including my **First Amended Complaint**[31], instead of yielding to case law by the Sixth Circuit Court of Appeals, stating, **"where a party can show a compelling reason why certain documents or portions**

[31] DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-first-amended-complaint.pdf

**thereof should be sealed [and] the seal itself [is] narrowly tailored to serve that reason."** Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509–11 (1984)) (emphasis added).

49. Everything I have filed, which has been sealed or redacted in this lawsuit to date, in both MIWD and TNMD should be made publicly available again, **except for word-level or line-level redactions which the court can effectuate to address any real privacy concerns**, without redacting, sealing, or restricting from the public any more than is "absolutely necessary".

50. I know of no **honest** compelling reason for redacting **any** document in this lawsuit, but in the event the court found it reasonable to conceal any (or all) of the defendant's home addresses, they could easily do so with **word-level or line-level redactions,** without redacting, sealing, or restricting a substantial portion of any document in this lawsuit.

51. To repeat, "Once the First Amendment right of access attaches, it can only be overcome "where a party can show a compelling reason why certain documents or portions thereof should be sealed [and] the seal itself **[is] narrowly tailored to serve that reason.**" Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016) (citing Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 509–11 (1984)) (emphasis added)."

52. This document has been filed in an attempt to persuade MIWD to correct this oversight, error, or injustice; to be in compliance with the Sixth Circuit case law cited in the previous paragraph.

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

All rights reserved.

Executed on April 8, 2025.

**JEFFREY RYAN FENTON, PRO SE**
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

**DOCUMENTS REGARDING** (CASE: 1:23-CV-01097):

1. FIRST AMENDMENT RIGHT OF ACCESS: OBJECTION, MOTION, AND DECLARATION FOR DISTRICT JUDGE PAUL L. MALONEY TO CORRECT & MINIMIZE OR REMOVE REDACTIONS (NOT FOR CONSIDERATION BY A MAGISTRATE JUDGE)
https://rico.jefffenton.com/evidence/2025-04-08_miwd-first-amendment-right-of-access.pdf

2. SECOND OBJECTION TO ALL DISPOSITIVE MOTIONS, REDACTED AND SEALED FILINGS, WITH DECLARATION ABOUT JUDICIAL MISCONDUCT IN MICHIGAN CAUSING SUBSTANTIAL DELAYS IN SERVICE (3:24-cv-01282 [2025] DOC 222)
https://rico.jefffenton.com/evidence/2025-03-03_objection-judicial-misconduct-in-michigan.pdf

3. NOTICE TO ALL BAR MEMBERS (3:24-cv-01282 [2025] DOC 216)
https://rico.jefffenton.com/evidence/2025-02-24_notice-to-all-bar-members.pdf

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2025, I mailed the foregoing or above-named papers to the United States District Court for the Western District of Michigan, at their address below, for filing in case number 1:23-cv-01097.

I further certify that on or before April 15, 2025, I am serving these same documents to the defendants or their counsel by first class or priority mail with postage prepaid at the addresses listed below. If for any reason beyond my control, I am unable to complete either on the date specified, I will do so on the very next business day.

U.S.D.C. WESTERN DISTRICT OF MICHIGAN
113 FEDERAL BLDG
315 W ALLEGAN ST RM 113
LANSING, MI 48933-1514

RYAN D. COBB
UNITED STATES ATTORNEY'S OFFICE
330 IONIA AVE NW
GRAND RAPIDS MI 49503-2549

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

All rights reserved.

Executed on April 8, 2025.

**JEFFREY RYAN FENTON, PRO SE**
17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

**DOCUMENTS REGARDING (CASE: 3:24-CV-01282):**

1. OBJECTION TO MEMORANDUM OF OPINION AND ORDER, AND JUDGMENT ENTRY, WITH DECLARATION AND RULE 59 MOTION TO ALTER JUDGMENT OR FOR A NEW TRIAL
2. DECLARATION OF UNCONSTITUTIONAL DESTRUCTION AND OPPRESSION WITH ADA INTERFERENCE, COERCION, INTIMIDATION, AND RETALIATION (IN SUPPORT OF MY RULE 59 MOTION TO AMEND JUDGEMENT OR FOR A NEW TRIAL)
3. Plaintiff's Exhibits A, B, C, and D

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, I sent the foregoing or above-named papers to the United States District Court for the Middle District of Tennessee, at their address below, for filing in case number 3:24-cv-01282.

I further certify that on April 23, 2025, I am serving these same documents to the defendants or their counsel by first class or priority mail with postage prepaid at the addresses listed below. If for any reason beyond my control, I am unable to complete either on the date specified, I will do so on the very next business day.

UNITED STATES DISTRICT COURT (TNMD)
719 CHURCH ST
NASHVILLE, TN 37203-6940

MEGAN CALME & SARAH MATHEWS
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
3102 WEST END AVE STE 400
NASHVILLE, TN 37203-1623

PEAKO ANDREA JENKINS
TENNESSEE ATTORNEY GENERAL'S OFFICE
PO BOX 20207
NASHVILLE, TN 37202-4015

KATHRYN LYNN YARBROUGH
223 TOWN CENTER PKWY UNIT 1897
SPRING HILL, TN 37174-3040

LISA M. CARSON
BUERGER, MOSELEY & CARSON, PLC
4068 RURAL PLAINS CIR STE 100
FRANKLIN, TN 37064-8039

CAROLINA MARTIN & COURTNEY WILLIAMS
GORDON & REES SCULLY MANSUKHANI, LLP
4031 ASPEN GROVE DR STE 290
FRANKLIN, TN 37067-2951

ALEXANDER SERGEY KOVAL
CLARK & WASHINGTON, P.C.
1321 MURFREESBORO PIKE STE 320
NASHVILLE, TN 37217-2858

ANTHONY NOEL & LARUA BASSETT
LEITNER, WILLIAMS, DOOLEY, AND NAPOLITAN, PLLC
750 OLD HICKORY BLVD STE 200
BRENTWOOD TN 37027-4567

ANICA CLARISSA JONES
U.S. ATTORNEY'S OFFICE
719 CHURCH ST STE 3300
NASHVILLE, TN 37203-7155

SANDRA J. DENSHAM
PLUNKETT COONEY
333 BRIDGE ST NW STE 530
GRAND RAPIDS, MI 49504-5365

THOMAS E. ANDERSON
1187 OLD HICKORY BLVD STE 125
BRENTWOOD, TN 37027-4248

GREGORY BROWN & WILLIAM HICKERSON
LOWE YEAGER & BROWN, PLLC
920 VOLUNTEER LANDING LN STE 200
KNOXVILLE, TN 37915-2584

ALAN RHENEY
SPRAGINS, BARNETT & COBB, PLC
312 E LAFAYETTE ST
JACKSON, TN 38301-6220

BRET CHANESS
RUBIN LUBLIN, LLC
3145 AVALON RIDGE PL STE 100
PEACHTREE CORNERS, GA 30071-1570

R L MOORE
BANKERS TITLE & ESCROW CORPORATION
3310 WEST END AVE STE 540
NASHVILLE, TN 37203-6802

B. GOLDAMMER & D. SUEDEKUM
KAY GRIFFIN, PLLC
222 2ND AVE N STE 340M
NASHVILLE, TN 37201-1649

G. CATE & K. INGRAM-HOGAN
BRADLEY ARANT BOULT CUMMINGS, LLP
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

ERIK HALVORSON
BRADLEY ARANT BOULT CUMMINGS
1221 BROADWAY STE 2400
NASHVILLE, TN 37203-7238

## ELECTRONIC SERVICE OPTIONS

Many of my filings in this lawsuit are also made publicly available on the Internet, through my list[1] of documents filed by myself in this lawsuit, since the release of my lawsuit service package[2]. I typically try to do this as quickly as I can after filing them in court, depending upon my workload. Not every filing warrants being electronically published in this manner, while my time is extremely limited, therefore I cannot provide any guarantees about which documents will or will not be made available online, or exactly when.

For those interested, these files are usually "true" digitally created PDF files, in full color, often with optical character recognition enabled, sometimes with electronic bookmarks, and occasionally with a built-in table of contents which is hyperlinked for easy and efficient referencing, in my largest and most significant documents, such as my amended complaint[3].

## CERTIFICATION AND DECLARATION

By signing below, I, Jeffrey Ryan Fenton, certify that this document has been executed in good faith, in the honest pursuit of justice, and in strict compliance with F.R.Civ.P. 11(b).

Pursuant to 28 U.S. Code § 1746, I declare under penalty of perjury that the foregoing is true and correct.

All rights reserved.

Executed on April 22, 2025.

**JEFFREY RYAN FENTON, PRO SE**

17195 SILVER PARKWAY, #150
FENTON, MI, 48430-3426
CONTACT@JEFFFENTON.COM
HTTPS://JEFFFENTON.COM
(P) 615.837.1300
#TNinjustice
#iAMhuman

[1] https://jefffenton.com/digital-service-package-for-lawsuit/fenton-filings-since-service/

[2] https://jefffenton.com/digital-service-package-for-lawsuit/
ECF 69, PID.5030-5042 | https://rico.jefffenton.com/evidence/1-23-cv-01097_fenton-vs-story-lawsuit-service-pack-details.pdf

[3] DOC 66, PID 4870-5007 | https://rico.jefffenton.com/evidence/3-24-cv-01282_fenton-vs-story-first-amended-complaint.pdf

FedEx.

Address: 4455 LINDEN CREEK
PARKWAY
FLINT
MI 48507
Location: FNTA
Device ID: -BTC01
Transaction: 940405614275

**FedEx Priority Overnight**
Tracking Number:
287843453246 3.50 lb (S) 108.45
Declared Value 100
Recipient Address:
UNITED STATES DISTRICT CT
ATTN: CLERK OF THE COURT COURT
719 CHURCH STREET
Nashville, TN 37203-6940
8104286500

Scheduled Delivery Date 4/23/2025

Pricing option:
ONE RATE

Package Information:
FedEx Medium Box

Shipment subtotal: $108.45

**Total Due: $108.45**

M = Weight entered manually
S = Weight read from scale
T = Taxable item

Terms and conditions apply, including terms that limit FedEx's liability. The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions and other factors. Shipment-related terms and conditions and details on how shipping charges are calculated are available upon request or at fedex.com/serviceguide.

We value your feedback!
Tell us how we're doing!
fedex.com/fscfeedback

*** Thank you ***

Visit us at: **fedex.com**
Or call 1.800.GoFedEx
1.800.463.3339

Apr 22, 2025 6:38:25 PM




