# EXHIBIT W

## 6TH CIR. DOC. 31-1 — CLERK'S ORDER

No. 25-5592

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 4, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| JEFFREY RYAN FENTON, | ) | |
| Plaintiff-Appellant, | ) | |
| v. | ) | O R D E R |
| VIRGINIA LEE STORY, individually and in their official capacities, et al., | ) | |
| Defendants-Appellees. | ) | |

Proceeding without counsel, the plaintiff appeals the district court's dismissal of his complaint against various Tennessee and Massachusetts defendants relating to his Tennessee divorce proceedings and related bankruptcy proceedings in the United States Bankruptcy Court for the Middle District of Tennessee. The plaintiff now moves for a 90-day abeyance, electronic filing privileges, and public access to filings.

The plaintiff seeks an abeyance to document alleged misconduct by the defendants and other parties. However, no briefing schedule will issue unless and until the plaintiff is granted leave to proceed on appeal in forma pauperis or pays the $605 appellate filing fee. The plaintiff's pauper status motion is currently pending before the court. Grounds for an abeyance having not been shown, the motion is DENIED WITHOUT PREJUDICE.

The court does not permit pro se litigants to file directly in CM/ECF. The plaintiff may submit permissible documents containing his written signature to the court's designated pro se email box for electronic filing by the court. 6 Cir. R. 25(b)(2)(A), (d)(3). The email box address is CA06_Pro_Se_Efiling@ca6.uscourts.gov. The court's filing of an emailed pro se document

will constitute entry in the docket. *Id.* at R. 25(e)(1)(B)(ii). He may otherwise continue to submit signed filings in paper. The motion for electronic filing privileges is DENIED.

Finally, the plaintiff's motion for public access to all filings is DENIED WITHOUT PREJUDICE. To the extent the plaintiff seeks to unseal documents filed in the district court, he must first move the district court. 6 Cir. R. 11(c)(2).

The plaintiff's requests for substantive relief are REFERRED to the ultimate merits panel.

ENTERED PURSUANT TO RULE 45(a)
RULES OF THE SIXTH CIRCUIT

Kelly L. Stephens, Clerk