# EXHIBIT X

## 6TH CIR. DOC. 42-1 — SINGLE-JUDGE ORDER DENYING PAUPER STATUS

No. 25-5592

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 2, 2026
KELLY L. STEPHENS, Clerk

JEFFREY RYAN FENTON,

Plaintiff-Appellant,

v.

VIRGINIA LEE STORY, individually and in their official capacities, et al.,

Defendants-Appellees.

O R D E R

Before: NALBANDIAN, Circuit Judge.

Pro se Michigan plaintiff Jeffrey Ryan Fenton appeals the district court's judgment dismissing his amended complaint and order denying his Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment. Fenton moves the court to proceed in forma pauperis (IFP) on appeal.

Fenton filed a 103-page amended complaint in the district court against a slate of state and federal judges, state agencies, state officers and employees, and private individuals, law firms, and business entities. Fenton claimed that the defendants conspired to violate and violated his federal constitutional and statutory rights and that they committed various state-law violations and torts during his 2019 Tennessee state-court divorce proceedings and his ex-wife's concurrent federal bankruptcy proceedings. On motion of the defendants, the district court dismissed Fenton's claims as insufficiently pled and/or barred by the *Rooker-Feldman* doctrine,[1] res judicata, sovereign immunity, absolute judicial immunity, and the applicable statutes of limitations. The court denied Fenton's Rule 59(e) motion as not demonstrating any grounds warranting relief from the judgment.

[1] *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

Fenton filed a timely notice of appeal and now moves to proceed IFP.

Under Federal Rule of Appellate Procedure 24(a)(5), a party may apply to proceed IFP in this court. *Owens v. Keeling*, 461 F.3d 763, 774-75 (6th Cir. 2006). This court may grant an IFP motion if it determines that an appeal would be taken in good faith and that the plaintiff is indigent. *Id.* at 776. An appeal is not in good faith if it is frivolous and thus "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Upon review of the record and the district court's orders, the court finds no good-faith grounds for an appeal. Accordingly, the court **DENIES** Fenton's IFP motion. Unless Fenton pays the $605 filing fee to the district court within 30 days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk