RECEIVED
10/07/2026
KELLY L. STEPHENS, Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**[1]

| | |
|---|---|
| **JEFFREY RYAN FENTON,**<br>PLAINTIFF-APPELLANT<br>V.<br>**VIRGINIA LEE STORY ET AL.,**<br>DEFENDANTS-APPELLEES | **CASE NO. 25-5592** |

**NOTICE OF INCOMPLETE DOCKETING OF OCTOBER 5, 2026, SUBMISSION AND REQUEST FOR CLERK RESEARCH AND CORRECTION**

Plaintiff-Appellant Jeffrey Ryan Fenton gives notice of a discrepancy between the materials transmitted to the Court on October 5, 2026, and the materials presently shown on the docket as Docs. 62 and 63. This notice seeks only Clerk research into the discrepancy and correction of the docketing record. It does not ask the Court to decide the merits of any pending request.

[1] This action was filed in the Western District of Michigan ("MIWD") on October 13, 2023, as No. 1:23-cv-01097, and transferred on October 25, 2024, under MIWD ECF 127 to the Middle District of Tennessee ("TNMD") as No. 3:24-cv-01282. MIWD uses "ECF No." and TNMD uses "Document"; both use "PageID" in their electronic file stamps. These are abbreviated ECF, DOC, and PID. Upon appeal, this case was docketed in the Sixth Circuit ("6th Cir.") as No. 25-5592. Internal citations to this lawsuit begin with the court—MIWD, TNMD, or 6th Cir.—omit the case name and number, and then identify the starting ECF or DOC number followed by the full PID range (may span multiple ECFs). Because the 6th Cir. does not use PageID in its file stamps, citations use "6th Cir. Doc." followed by the docket-entry number and standard page abbreviations where applicable. The Notice of Electronic Filing for the transfer to Tennessee is recorded in TNMD DOC 131, at which point the ECF/DOC sequence continued, but the PID was reset after DOC 130, PID 5727, to restart at zero.

**VERIFIED TRANSMISSION AND DOCKETING DISCREPANCY**

1. Before the October 5 submission, Appellant spoke by telephone with Case Manager Antoinette Macon about the proposed stipulated replacement of Doc. 50. He explained that he was working with the U.S. Attorney on a stipulated motion and asked whether to provide only the eight pages requiring agreed redactions or resubmit the entire 730-plus-page filing.

2. Ms. Macon explained that she could not add anything to or delete anything from Doc. 50 and that it therefore "would have to be refiled again." Appellant then asked whether he should resend the component documents by email and "resubmit the whole thing"; she answered that it needed to be resubmitted. When Appellant restated his understanding that he should "resubmit the whole filing in order," with the eight pages redacted and the stipulated motion, Ms. Macon confirmed that understanding. The call addressed filing mechanics; Appellant does not characterize it as a judicial order or guarantee of acceptance, but as evidence of his good-faith effort to comply with the Court's filing procedures.

3. On October 5, 2026, Appellant transmitted the complete replacement submission in seven sequential emails[2] because of the package's file sizes. Email 1's subject expressly identified it as "EMAIL 1 of 7," and its body stated that the filing was being split into seven separate emails. Emails 2 through 6 were sequentially

[2] Exhibit B: https://fentonvstory.com/e/doc-50-efiling-substitute.pdf

labeled, and the final message's subject identified it as "EMAIL 7 of 7 FINAL." The seven emails contained 31 PDF attachments totaling 752 pages. The seven emails preserved the same file groupings used when the materials were originally transmitted to the Court,[3] except for the materials in Email 1 that had been changed for the stipulated replacement submission.

4. After transmitting the seven-part submission, Appellant called the Court of Appeals seeking confirmation of receipt and explained that he had just sent the filing to the Court's pro se email address. The staff member explained that the employees who handled that mailbox had left for the day. She advised, in substance, that if Appellant did not receive an email kickback, she would assume the filing was received; that he would receive something back if it did not go through; and that the filing should appear on the docket the next day. No kickback or other failure notice for the seven-part submission has been located in the preserved records to date.

5. Email 1 contained eight attachments totaling 90 pages. All eight are presently reflected across Docs. 62 and 63: seven attachments totaling 88 pages as 6th Cir. Doc. 62-1 through 62-7, and the two-page joint motion separately as 6th Cir. Doc. 63.

[3] Exhibit A: https://fentonvstory.com/e/doc-50-efiling-original.pdf

6. Emails 2 through 7 contained the remaining 23 attachments totaling 662 pages, none of which are presently visible on the docket: Exhibits D, E, F, G, H, I, J, K1, K2, L, M, N, O, P, Q, R, S1, S2, T, U, V, W, and X.

7. The Appendix of Supporting Exhibits filed as 6th Cir. Doc. 62-2, pp. 1–2, identifies Exhibits A through X as components of the submission. The docket includes Exhibits A, B, and C as 6th Cir. Doc. 62-3 through 62-5, but not the 23 files listed in paragraph 6. Exhibits K and S were transmitted as K1/K2 and S1/S2, respectively.

8. The current docket reflects Doc. 62 as 88 pages and Doc. 63 as two pages. No deficiency notice, rejection notice, or other communication explaining the absence of the 23 attachments has been located in the docket, the notices of docket activity for Docs. 62 and 63, or the preserved submission correspondence. Appellant does not speculate about the reason for the discrepancy.

9. Exhibit C provides a compact source-document catalog[4] identifying the underlying filings, source citations, original filenames, and direct public source links for the lettered exhibits to assist the Clerk in determining what remains absent from the docket.

---

[4] Exhibit C: https://fentonvstory.com/e/doc-50-source-catalog.pdf

## REQUEST FOR CLERK RESEARCH AND CORRECTION

Appellant respectfully requests that the Clerk:

10. Research and confirm whether the Court received all seven October 5 submission emails and all 31 attachments;

11. If all materials were received, docket the 23 omitted attachments as components of the October 5 submission and associate them with the appropriate docket entry; if any were not received or cannot be docketed, identify the affected materials and the corrective action Appellant should take; and

12. Preserve October 5, 2026, as the submission date for the materials timely transmitted that day.

## CONCLUSION

Appellant respectfully requests prompt Clerk research and correction so the docket accurately reflects the complete October 5 submission. Appellant further requests that this docketing issue be resolved, if reasonably possible, without requiring additional duplicative submissions or procedural burden, so that his disability-limited time and capacity as a pro se litigant can remain focused on preparing the substance of his opening brief. Appellant preserves all rights concerning the completeness and integrity of the appellate record, including the right to seek further relief or take other corrective action if the omitted materials are not restored.

## CERTIFICATION AND DECLARATION

By signing below, I certify that this notice is submitted honestly, in good faith, and in the pursuit of substantial justice. Consistent with the standards of factual responsibility reflected in Federal Rule of Civil Procedure 11(b), I certify that the factual contentions stated herein have evidentiary support and that this filing is not presented for any improper purpose.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify as aforesaid that I verily believe the same to be true.

I expressly reserve all rights, objections, and arguments concerning venue, transfer, jurisdiction, forum access, preservation of claims, and all available remedies.

Executed on October 7, 2026.

**JEFFREY RYAN FENTON**
PRO SE PLAINTIFF-APPELLANT
SIXTH CIRCUIT NO. 25-5592
P.O. BOX 400, LINDEN, MI 48451-0400
NOTICE@FENTONVSTORY.COM
HTTPS://FENTONVSTORY.COM
(P) 615.837.1300
#TNINJUSTICE

## CERTIFICATE OF COMPLIANCE

I certify that this notice complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A).

A computer-generated count of the caption, title, notice, and signature-block text totals 1,143 words. That count is below the 5,200-word limit without deducting those portions that may be excluded under Rule 32(f).

The body of this notice was prepared in 14-point Times New Roman, a proportionally spaced serif typeface.

Executed on October 7, 2026.

**JEFFREY RYAN FENTON**
PRO SE PLAINTIFF-APPELLANT
SIXTH CIRCUIT NO. 25-5592
P.O. BOX 400, LINDEN, MI 48451-0400
NOTICE@FENTONVSTORY.COM
HTTPS://FENTONVSTORY.COM
(P) 615.837.1300
#TNINJUSTICE